1
2
3
4
5
6
7
8

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   BUNGIE, INC.,

10          Plaintiff,

11     v.

12   AIMJUNKIES.COM; PHOENIX DIGITAL
     GROUP LLC; JEFFERY CONWAY; DAVID
13   SCHAEFER; JORDAN GREEN; AND JAMES
     MAY,
14
15          Defendants.
16
17
18
19
20
21
22
23
24
25
26

No. 2:21-cv-811-TSZ

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS AND/OR REFER TO
MANDATORY ARBITRATION

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ)

155700892.4

1

**TABLE OF CONTENTS**

2
**Page**

3    I.    INTRODUCTION ................................................................................................ 1

4    II.   BACKGROUND ................................................................................................ 1

5    III.  THE COURT SHOULD DENY THE MOTION ............................................... 3

6          A.    Bungie Sufficiently Pleads Copyright Infringement.............................. 4

7          B.    Bungie Sufficiently Pleads Trademark Infringement ............................ 7

8                1.    Bungie's Trademark Infringement Claim Under 15 U.S.C.
                       § 1125(a) Should Not Be Referred to Arbitration ..................... 7
9
10               2.    Bungie Sufficiently Pleads Infringement of Registered and
                       Unregistered Trademarks ............................................................ 8

11         C.    Bungie Sufficiently Pleads Claims Against James May........................ 10

12         D.    Personal Jurisdiction and Venue Are Appropriate in the Western District
                 of Washington......................................................................................... 11
13
14               1.    Defendants Consented to Personal Jurisdiction and Venue Here............ 11

15               2.    Even without the Express Consent in the LSLA, Jurisdiction and
                       Venue in this District Are Proper.............................................. 13

16   IV.   CONCLUSION.................................................................................................... 17

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS – i
(No. 2:21-cv-811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*1-800-411-I.P. Holdings, LLC v. Georgia Injury Ctrs., LLC*,
    71 F. Supp. 3d 1325 (S.D. Fla. 2014) ................................................................11

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*,
    744 F.3d 595 (9th Cir. 2014) ...........................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................4

*Blizzard Entm't, Inc. v. Bossland GmbH*,
    No. SA CV 16-1236-DOC, 2017 WL 7806600 (C.D. Cal. Mar. 31, 2017) ........5, 6

*Bluetooth SIG, Inc. v. FCA US LLC*,
    463 F. Supp. 3d 1169 (W.D. Wash. 2020)..........................................................9

*Brayton Purcell LLP v. Recordon & Recordon*,
    606 F.3d 1124 (9th Cir. 2010), *abrogated on other grounds by Axion Foods,
    Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017).....................................17

*Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*,
    174 F.3d 1036 (9th Cir. 1999) ...........................................................................7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...................................................................................13, 15

*Calder v. Jones*,
    465 U.S. 783 (1984)...........................................................................................13

*Cave Man Kitchens Inc. v. Caveman Foods, LLC*,
    No. 2:18-cv-01274 RAJ, 2019 WL 3891327 (W.D. Wash. Aug. 19, 2019) ........14

*CE Distrib., LLC v. New Sensor Corp.*,
    380 F.3d 1107 (9th Cir. 2004) ...........................................................................16

*Cook Prods., LLC v. Swanicke*,
    No. C16-1844 TSZ, 2017 WL 5665427 (W.D. Wash. Aug. 24, 2017)..................4

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS – ii
(No. 2:21-cv-811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

*Dig. Mentor, Inc. v. Ovivo USA, LLC*,
4
   No. C17-1935-RAJ, 2018 WL 6724765 (W.D. Wash. Dec. 21, 2018) ....................................4

5
*Dole Food Co., Inc. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) ...............................................................................................15
6

*Electronic Arts, Inc. v. Textron Inc.*,
7
   No. C 12-00118 WHA, 2012 WL 3042668 (N.D. Cal. July 25, 2012) .....................................9

8
*Ellison v. Robertson*,
   357 F.3d 1072 (9th Cir. 2004) .................................................................................................4
9

*Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*,
10
   No. 2:19-cv-1458-DWC, 2020 WL 2795198 (W.D. Wash. May 29, 2020) .............................6

11
*Gen. Ins. Co. of Am. v. Fort Lauderdale P'ship*,
   740 F.Supp. 1483 (W.D. Wash. 1990).....................................................................................12
12

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*,
13
   972 F.3d 1101 (9th Cir. 2020) ...............................................................................................13

14
*Gorski v. The Gymboree Corp.*,
   No. 14-CV-01314-LHK, 2014 WL 3533324 (N.D. Cal. July 16, 2014)..................................10
15

*GoTo.com, Inc. v. Walt Disney Co.*,
16
   202 F.3d 1199 (9th Cir. 2000) .................................................................................................7
17

*Horton v. City of Rockford*,
18
   No. 18 C 6829, 2019 WL 3573566 (N.D. Ill. Aug. 6, 2019)...................................................11

19
*JHR Mfg., LLC v. Puffle, Inc.*,
   No. C20-6115 BHS, 2021 WL 2805333 (W.D. Wash. July 6, 2021)................................14, 15
20

21
*Kische USA LLC v. Simsek*,
   No. C16-0168JLR, 2016 WL 7212534 (W.D. Wash. Dec. 13, 2016) .......................................7
22

23
*Menken v. Emm*,
   503 F.3d 1050 (9th Cir. 2007) ...............................................................................................15
24

*MetroPCS Georgia, LLC v. Metro Dealer Inc.*,
25
   No. C18-1476-RAJ, 2019 WL 2409608 (W.D. Wash. June 7, 2019) .................................11, 12

26

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS – iii
(No. 2:21-cv-811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*MOD Super Fast Pizza, LLC v. Chang*,
No. C12-1359 TSZ, 2012 WL 12882910 (W.D. Wash. Nov. 26, 2012) .................................13

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004) ................................................................................................12

*Nat. Thoughts, Inc. v. Performance Touch, LLC*,
No. 3:17-cv-02148-BEN-JMA, 2018 WL 3618315 (S.D. Cal. July 30, 2018) ........................8

*New Kids on the Block v. News Am. Publ'g, Inc.*,
971 F.2d 302 (9th Cir. 1992) ....................................................................................................9

*Pace v. Daniel*,
No. C20-1455JLR, 2021 WL 662658 (W.D. Wash Feb. 19, 2021) .........................................12

*Perry v. Brown*,
791 F. App'x 643 (9th Cir. 2019) ...........................................................................................13

*Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co., Ltd.*,
No. 2:18-cv-01032-TSZ, 2019 WL 1572675 (W.D. Wash. Apr. 11, 2019) ...........................15

*Radiant Glob. Logistics, Inc. v. Drummond*,
C18-1063JLR, 2018 WL 5276581 (W.D. Wash. Oct. 24, 2018) .............................................12

*Rearden LLC v. Walt Disney Co.*,
293 F. Supp. 3d 963 (N.D. Cal. 2018) ......................................................................................9

*Robles v. City of Chicago*,
354 F. Supp. 3d 873 (N.D. Ill. 2019) .......................................................................................11

*Rolex Watch U.S.A., Inc. v. Agarwal*,
No. CV 12-06400 MMM, 2012 WL 12886444 (C.D. Cal. Dec. 17, 2012) ..............................9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .............................................................................................13, 15

*SGII, Inc. v. Martin*,
No. SACV 19-00541 JVS (KESx), 2019 WL 6840788 (C.D. Cal. July 1,
2019) .......................................................................................................................................17

*Take-Two Interactive Software, Inc. v. Zipperer*,
No. 18 Civ. 2608 (LLS), 2018 WL 4347796 (S.D.N.Y. Aug. 16, 2018) .....................4, 6, 12

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS – iv
(No. 2:21-cv-811-TSZ)

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Usher v. City of Los Angeles*,
  828 F.2d 556 (9th Cir. 1987) ..................................................................................4

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.*,
  704 F.3d 668 (9th Cir. 2012), *abrogated on other grounds as recognized by*
  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ...........14

STATUTES

15 U.S.C. § 1114......................................................................................................1

15 U.S.C. § 1125(a)..................................................................................................1

17 U.S.C. § 106.........................................................................................................4

17 U.S.C. § 501 *et seq.*.............................................................................................1

17 U.S.C. § 1201.......................................................................................................1

28 U.S.C. § 1391(b)(2)............................................................................................17

28 U.S.C. § 1400(a)................................................................................................16

RULES

Fed. R. Civ. P. 8(b)..................................................................................................11

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS – v
(No. 2:21-cv-811-TSZ)

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.   INTRODUCTION

Defendants created and distributed video game cheat software for Bungie's Destiny 2 video game.  By admittedly signing on to the Limited Software License Agreement that sets the rules for use of Destiny 2, however, Defendants agreed that they would not create or distribute software programs to gain advantage in any online or multiplayer game modes.  In other words, Defendants agreed that they would not do what they have done; they agreed that cheating in Destiny 2 is prohibited and unlawful.  And Congress made unlawful everything Defendants did to create and sell their cheat software.  The Copyright Act, 17 U.S.C. § 501 *et seq.*, bars any copying, distributing, and creating derivative works from, or displaying copyrighted works without authorization of the copyright owner—all of which Bungie alleges Defendants did.  The Lanham Act, 15 U.S.C. §§ 1114, 1125(a), prohibits use of someone else's registered or unregistered trademarks to advertise and sell products in a manner likely to deceive consumers—which Bungie alleges Defendants did.  And the Digital Millennium Copyright Act, 17 U.S.C. § 1201, illegalizes the use of and trafficking in tools that get around security measures that prevent unauthorized access to and modification of protected software, like video game code—which Bungie alleges Defendants also did.

Defendants' motion to dismiss is a futile effort to evade the consequences of their illicit actions.  For the reasons explained below, it should be denied in its entirety.

## II.   BACKGROUND

Defendants develop, advertise, use, and distribute cheat software that infringes Bungie's copyrights and trademarks, and gives cheat users an unfair advantage in Bungie's popular Destiny 2 video game in violation of Bungie's Limited Software License Agreement ("LSLA").  Dkt. #1 at ¶¶ 1–2.  Bungie owns four copyrights in the software code and audiovisual works that cover its Destiny 2 video game (the "Destiny Copyrights"), as well as a federal trademark registration and numerous unregistered iterations of the DESTINY trademark in connection with its Destiny video game franchise (the "DESTINY Marks").  *Id.* at ¶¶ 31–39.  Throughout the complaint, Bungie

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 1

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    details Defendants' infringement of the Destiny Copyrights, including that Defendants "copied"

2    Destiny 2 to create their cheat software, "modif[ied]" the Destiny Copyrights to create "derivative

3    works," "distributed" their Destiny 2 cheat software using their website (AimJunkies.com), and

4    made unauthorized "display[s]" of Destiny 2 by altering the visual appearance of Destiny 2 for

5    cheat users—allowing them to, for example, see other players and items through walls. *Id.* at

6    ¶¶ 49–50, 53, 55, 70–71. Defendants' cheat software also attempts to evade Bungie's detection

7    by bypassing or avoiding cheat detection and prevention measures implemented by Bungie. *Id.* at

8    ¶¶ 56–57.

9    Bungie also alleges, and Defendant David Schaefer (an Officer and Director of Defendant

10    Phoenix Digital Group LLC, which owns AimJunkies.com) admits, that Defendants' cheat

11    software is sold on the AimJunkies.com website and is available nationwide. *Id.* at ¶¶ 49–52; Dkt.

12    #28-5 at ¶¶ 3, 8. Defendants claim that a certain portion of their sales, $416.22, is directly

13    attributable to sales to Washington State residents. Dkt. #28-5 at ¶ 8. As Mr. Schaefer states, on

14    November 4, 2020, Bungie sent a cease-and-desist letter to Defendants, explaining how

15    Defendants were violating Bungie's rights and demanding that sales of Defendants' Destiny 2

16    cheat software cease. *Id.* at ¶ 6; *see also* Dkt. #28-6. Although Defendants claim to have stopped

17    selling the cheat as of November 12, 2020 (Dkt. #28-5 at ¶ 7), Bungie identified a toolset connected

18    with Defendants' cheat software on its Destiny 2 servers in or around June 2021, indicating that

19    Defendants were continuing to develop their Destiny 2 cheat software immediately before the

20    complaint was filed. Dkt. #1 at ¶ 65.

21    Thus, on June 15, 2021, Bungie filed its complaint against Defendants, seeking to

22    safeguard the integrity of the Destiny 2 gameplay experience, protect Destiny 2 players who do

23    not cheat from those who do, and defend its intellectual property and contractual rights. On

24    January 10, 2022, Defendants filed the instant motion to dismiss. Dkt. #28. Defendants also

25    moved to refer the case to arbitration pursuant to the LSLA, implicitly if not expressly conceding

26

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 2

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  that they had each agreed to and were bound by the LSLA (or else the arbitration provision therein

2  would not compel arbitration). *See id.* at 12–13.

3       Although Bungie originally chose to file a consolidated complaint in federal court for

4  judicial efficiency and so as not to waste the parties' resources by avoiding parallel proceedings,

5  on February 10, 2022, Bungie obliged Defendants' request and submitted a demand for arbitration

6  for its fourth through ninth causes of action. *See* Declaration of William C. Rava ("Rava Decl.")

7  at ¶ 2.

8              **III.    THE COURT SHOULD DENY THE MOTION**

9       Defendants' motion to dismiss under Rule 12 should be denied on all grounds.  Bungie

10  sufficiently states claims for copyright infringement and for trademark infringement for both

11  registered and unregistered marks.  Bungie's claim for infringement of unregistered trademarks

12  (the third cause of action, under 15 U.S.C. § 1125(a)) should not be referred to arbitration because,

13  pursuant to the LSLA, "trademark infringement" claims are excepted from arbitration.  Bungie

14  also sufficiently states claims against Defendant James May, identifying which actions he is

15  alleged to have committed (along with the other Defendants) that give rise to Bungie's causes of

16  action.  Defendants' motion to dismiss for lack of personal jurisdiction and venue should also be

17  denied, both because Defendants consented to jurisdiction and venue in this District and because

18  Bungie's allegations, along with the additional evidence helpfully volunteered by Mr. Schaefer,

19  show that Defendants have sufficient contacts with Washington to support personal jurisdiction

20  and venue.  Finally, because Bungie has voluntarily initiated arbitration on its fourth through ninth

21  causes of action,[1] Defendants' motion to refer those claims to arbitration is moot and should be

22  denied.

23

24

25       [1] Because Bungie has voluntarily submitted these claims to arbitration, Bungie does not address Defendants'
argument that Bungie's fourth and fifth causes of action for violations of the Digital Millennium Copyright Act (17

26  U.S.C. § 1201) should be dismissed for failure to state a claim.  In so doing, Bungie does not admit that it would be
proper for those claims to be dismissed for failure to state a claim.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

A.   **Bungie Sufficiently Pleads Copyright Infringement**

Defendants' motion to dismiss Bungie's copyright infringement claim should be denied, because Bungie sufficiently alleges that Defendants violated at least four exclusive rights in the Destiny Copyrights.  On a motion to dismiss under Rule 12(b)(6), a plaintiff need only allege facts sufficient to state a claim for relief that is plausible on its face.  *Cook Prods., LLC v. Swanicke*, No. C16-1844 TSZ, 2017 WL 5665427, at *1 (W.D. Wash. Aug. 24, 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007)).  "A claim has facial plausibility when the pleaded factual content allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  On a Rule 12(b)(6) motion, the court must accept the complaint's factual allegations as true and draw "all reasonable inferences in favor of the nonmoving party," here, Bungie.  *Id.* (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)).

To state a copyright infringement claim, Bungie must allege (1) ownership of a valid copyright and (2) that Defendants violated Bungie's exclusive rights under the Copyright Act. *Dig. Mentor, Inc. v. Ovivo USA, LLC*, No. C17-1935-RAJ, 2018 WL 6724765, at *9 (W.D. Wash. Dec. 21, 2018) (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)).  Defendants do not dispute the first element, Bungie's ownership of the four copyrights identified in the complaint.  *See* Dkt. #1 at ¶ 31.  As to the second element, the copyright holder owns the exclusive right to, among other things, reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work, and display the copyrighted work publicly.  17 U.S.C. § 106.

In another copyright infringement case involving video game cheat software, a court held that the plaintiff adequately pled copyright infringement where it alleged that the defendant "created and distributed computer programs which are alternative versions of [plaintiff's video game] based on [plaintiff's video game], i.e., derivative works, without [plaintiff's] authorization." *Take-Two Interactive Software, Inc. v. Zipperer*, No. 18 Civ. 2608 (LLS), 2018 WL 4347796, at

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*2 (S.D.N.Y. Aug. 16, 2018); *see also Blizzard Entm't, Inc. v. Bossland GmbH*, No. SA CV 16-1236-DOC (KESx), 2017 WL 7806600, at *4–5 (C.D. Cal. Mar. 31, 2017) (granting motion for default judgment against defendant cheat creator and distributor, where plaintiff alleged that defendant engaged in acts of "unauthorized reproduction, adaption, and/or distribution" of plaintiff's video games in the process of creating or maintaining their cheat software).

Bungie's complaint contains more than enough allegations that Defendants have violated many of Bungie's exclusive copyright-related rights.   Bungie alleges that Defendants "**copied**…Bungie's copyrighted works in order to reverse engineer, disassemble, decompile, decrypt, and modify these works without Bungie's authorization."   Dkt. #1 at ¶ 55 (emphasis added); *see also id.* at ¶ 70 ("Defendants' cheat software infringes Bungie's Destiny 2 Copyrights by **copying**…Destiny 2 publicly all without Bungie's permission.") (emphasis added); *id.* at ¶ 71 ("Defendants' **copies** [and] reproductions…are identical or substantially similar to the copyrighted works.") (emphasis added).   Bungie also alleges that Defendants "created, advertised, sold, and **distributed** cheat software, including for Destiny 2," a distribution of Destiny 2 publicly without Bungie's permission.   *Id.* at ¶¶ 49, 71 (emphasis added); *see also id.* at ¶ 55 ("Defendants…**distributed** Bungie's copyrighted works in order to reverse engineer, disassemble, decompile, decrypt, and modify those works without Bungie's authorization.") (emphasis added).[2] Bungie further alleges that Defendants "infringe[d] Bungie's Destiny Copyrights by…preparing unauthorized **derivative works** from…Destiny 2 all without Bungie's permission" by "modify[ing] those works without Bungie's authorization." *Id.* at ¶¶ 55, 70 (emphasis added); *see also id.* at ¶ 71.   Finally, Bungie alleges that Defendants violated Bungie's right to "display" the Destiny Copyrights, because the cheat software's "ESP" feature "allows the cheat user to see players and items through walls," thus modifying the visual appearance of Destiny 2 and displaying this modified visual of Destiny 2 without Bungie's authorization.   *Id.* at ¶¶ 53, 70–71.

---

[2] Defendant David Schaefer even admits Defendants distributed and sold the alleged cheat software by "offer[ing it] to the public at least as early as April 2019" and admitting to at least $27,748 in revenue from sales of the cheat software.  Dkt. #28-5 at ¶¶ 3, 7–9.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 5

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Bungie therefore alleges that Defendants violated at least four distinct rights in the Destiny

2    Copyrights, more than enough to survive a motion to dismiss. *See Take-Two Interactive Software*,

3    2018 WL 4347796, at *2.

4        Defendants' reliance on *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, No.

5    2:19-cv-1458-DWC, 2020 WL 2795198 (W.D. Wash. May 29, 2020) is misplaced. Dkt. #28 at 4.

6    In that case, the court held that the plaintiff's allegations, which included embedded images of the

7    flowcharts that it claimed defendant infringed, were "*sufficient* to show 'copying;'" the court did

8    not hold that providing images was the *only* way to allege copying or that the images or

9    descriptions were *necessary* to state a copyright infringement claim. *Id.* at *4 (emphasis added).

10   Indeed, other courts assessing the adequacy of copyright infringement allegations relating to cheat

11   software have held that allegations that defendants engaged in acts of "unauthorized reproduction,

12   adaption, and/or distribution" of the plaintiff's software were sufficient to state a copyright

13   infringement claim. *Blizzard Entm't*, 2017 WL 7806600, at *4–5; *Take-Two Interactive Software*,

14   2018 WL 4347796, at *2. Like *Enter. Mgmt.*, those cases also do not require images.

15       Bungie's complaint also sufficiently alleges that Defendants had access to *all* the Destiny

16   Copyrights. In particular, Bungie alleges that Defendants had access to and infringed the Destiny

17   2: Beyond Light copyrights (TX 8-933-658 and PA 2-280-030) by alleging that Defendants

18   continuously maintained and modified the cheat software (Dkt. #1 at ¶ 54) and sold it at least

19   through December 4, 2020, nearly a month after Destiny 2: Beyond Light was first published on

20   November 10, 2020 (Dkt. #1 at ¶¶ 31, 52).[3] These allegations are sufficient with respect to

21   Defendants' access to Destiny 2: Beyond Light and infringement of those copyrights. Defendants'

22   motion to dismiss Bungie's copyright infringement claim should be denied.

23

24       [3] Although on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the Court may only consider the allegations in the complaint and any reasonable inferences drawn in Plaintiff's favor, Defendant David Schaefer admits that, at a

25   minimum, the Destiny 2 cheat was sold at least through November 12, 2020—two days after the Destiny 2: Beyond Light copyrights were first published. Dkt. #28-5 at ¶ 7. Defendants' motion to refer this case to arbitration pursuant

26   to the LSLA, which is accepted by downloading, installing, and/or playing Destiny 2 (Dkt. #1 at ¶¶ 41–42), further indicates that Defendants had access to Destiny 2.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**B.      Bungie Sufficiently Pleads Trademark Infringement**

Bungie asserts two trademark infringement claims: infringement of a federally registered trademark under 15 U.S.C. § 1114 and infringement of unregistered trademarks under 15 U.S.C. § 1125(a).  Because these claims are substantively identical and Bungie must satisfy the same elements to prove these claims, other than the registration status of the asserted marks, neither should be referred to arbitration.  Bungie alleges sufficient facts to survive a motion to dismiss on both trademark infringement claims.

**1.      Bungie's Trademark Infringement Claim Under 15 U.S.C. § 1125(a) Should Not Be Referred to Arbitration**

There is no basis for separating Bungie's two trademark infringement claims.   As Defendants note, the LSLA arbitration provision excepts certain claims from arbitration, including "copyright infringement…[and] trademark infringement."  Dkt. #1-1 at 22.  Both of Bungie's trademark infringement claims—the one for infringement of a registered trademark (15 U.S.C. § 1114) and the other for infringement of unregistered trademarks (15 U.S.C. § 1125(a))—fall under the LSLA's arbitration exception for "trademark infringement," because they are comprised of virtually identical elements.  To state a claim for trademark infringement of a registered trademark, a plaintiff must allege facts to show (1) it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.  *Kische USA LLC v. Simsek*, No. C16-0168JLR, 2016 WL 7212534, at *7 (W.D. Wash. Dec. 13, 2016) (quoting *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014)).  It is well-established in the Ninth Circuit that "'the same standard' applies to [infringement of] both registered and unregistered trademarks."  *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 n.3 (9th Cir. 2000) (holding that even though the parties disputed whether plaintiff's trademark was registered or unregistered, the standard applied to the infringement of either under the Lanham Act was the same); *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999) ("The same standard [for

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  infringement of registered trademarks under 15 U.S.C. § 1114(1)] is embodied in [15 U.S.C.

2  § 1125(a)], which applies to both registered and unregistered trademarks."); *see also Nat.*

3  *Thoughts, Inc. v. Performance Touch, LLC*, No. 3:17-cv-02148-BEN-JMA, 2018 WL 3618315, at

4  *3 (S.D. Cal. July 30, 2018) ("The elements for a false designation of origin claim under 15 U.S.C.

5  § 1125(a) are identical to the…elements of registered trademark infringement under 15 U.S.C.

6  § 1114, except that the plaintiff's trademark need not be registered.").

7         As explained more fully below, Bungie sufficiently alleges claims for infringement of both

8  registered and unregistered trademarks. *See, e.g.*, Dkt. #1 at ¶¶ 38, 76–85 (registered); *id.* at ¶¶ 32–

9  37, 86–92 (unregistered).  Because the LSLA excepts claims for "trademark infringement,"

10  without specifying the registration status of the asserted trademarks, and because the elements of

11  Bungie's claims under §§ 1114 and 1125(a) are essentially the same, Bungie's claim under

12  § 1125(a) should not be referred to arbitration.

13         **2.      Bungie Sufficiently Pleads Infringement of Registered and Unregistered**
                **Trademarks**

14         For both claims, Bungie alleges facts to show that it owns rights in the Destiny-related

15  trademarks (registered and unregistered) and that Defendants' use of those marks is likely to cause

16  confusion.  Defendants do not challenge the sufficiency of Bungie's allegations that it owns both

17  the federally registered DESTINY (& design) trademark (U.S. Reg. No. 4,321,315) and

18  protectable rights in the DESTINY, DESTINY (& design), DESTINY 2, DESTINY 2:

19  LIGHTFALL, DESTINY 2: BEYOND LIGHT, and DESTINY 2: THE WITCH QUEEN

20  trademarks. Dkt. #1 at ¶¶ 32–39.  Instead, Defendants appear to dispute the likelihood of confusion

21  element by asserting the affirmative defense of nominative fair use, *see* Dkt. #28 at 8–9, which

22  requires showing that (1) the product in question is not readily identifiable without use of the

23  plaintiff's trademark; (2) only so much of the mark may be used as is reasonably necessary to

24  identify the product or service; and (3) the user must not suggest sponsorship or endorsement by

25

26

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

1  the trademark holder, *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir.

2  1992).

3      This argument fails for two reasons.  First, courts in this Circuit routinely hold that a motion

4  to dismiss is not the proper time to decide mixed questions of law and fact necessary to resolve the

5  nominative fair use defense.  *See, e.g.*, *Rolex Watch U.S.A., Inc. v. Agarwal*, No. CV 12-06400

6  MMM (MRWx), 2012 WL 12886444, at *7 (C.D. Cal. Dec. 17, 2012) ("Moreover, even were the

7  defense applicable, courts have stated that 'nominative fair use analysis typically involves

8  questions of law and fact, and determination on a motion dismiss is premature.'") (collecting

9  cases); *Electronic Arts, Inc. v. Textron Inc.*, No. C 12-00118 WHA, 2012 WL 3042668, at *5–6

10 (N.D. Cal. July 25, 2012); *c.f. Bluetooth SIG, Inc. v. FCA US LLC*, 463 F. Supp. 3d 1169 (W.D.

11 Wash. 2020) (denying motion for summary judgment on nominative fair use issue because it

12 presented genuine disputes of material fact).  Here, it would be premature for the Court to attempt

13 to resolve any factual disputes and therefore address this nominative fair use defense.  Thus,

14 Defendants' motion to dismiss the trademark infringement claims should be denied on this basis

15 alone.

16     Even if the Court were to address the merits of the as-yet-unpled nominative fair use

17 defense at this preliminary stage of the case (and Bungie argues that it should not), the nominative

18 fair use defense fails on the merits, because Bungie's complaint sufficiently alleges that

19 Defendants' use suggests sponsorship or endorsement by Bungie.[4]  In *Rearden LLC v. Walt Disney*

20 *Co.*, 293 F. Supp. 3d 963, 977 (N.D. Cal. 2018), the court denied defendant's motion to dismiss

21 plaintiff's trademark infringement claim based on a nominative fair use defense because plaintiff

22 alleged that its trademark was "exclusively associated with [plaintiff,]…[and thus] it [was]

23 plausible that a viewer" who saw plaintiff's mark in the credits of defendant's movie "might

24

---

25     [4] Bungie also disputes that Defendants can satisfy the first two elements of the nominative fair use defense.
   As discussed above, it is premature to address any factual disputes, including whether the product in question is readily
26 identifiable without the use of the DESTINY Marks, and whether Defendants used only so much of the DESTINY
   Marks as was reasonably necessary.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

believe that [plaintiff] endorsed [defendant's movie] after watching the film's credits and seeing [plaintiff's mark]."  Similarly, in *Gorski v. The Gymboree Corp.*, No. 14-CV-01314-LHK, 2014 WL 3533324, at *6–7 (N.D. Cal. July 16, 2014), the court denied defendant's motion to dismiss plaintiff's trademark infringement claim on nominative fair use grounds where plaintiff alleged that defendant's use of plaintiff's mark "will create a likelihood that a false and unfair association will be made between" defendant's goods and plaintiff's goods, and that "purchasers associate the [plaintiff's mark] only with [plaintiff's] goods."

In this case, Bungie alleges that Defendants' use of the DESTINY Marks suggests sponsorship or endorsement by Bungie.  As in *Rearden*, Bungie specifically alleges that due to its longstanding use of the DESTINY Marks, its growing player base of more than 30 million players, and its nationwide use and promotion of the DESTINY Marks, the marks have come to be associated with Bungie and Bungie has developed strong rights in those marks. Dkt. #1 at ¶¶ 33–39, 78, 87.  Bungie also alleges that Defendants have used the DESTINY Marks not only in the title of their cheat software, but also in the features of the cheat, such as "Destiny 2 Aimbot" and "Destiny 2 No Recoil," and that such use is likely to cause confusion.  *Id.* at ¶¶ 50, 53, 79–80, 88.  These allegations are more than sufficient to withstand a motion to dismiss on nominative fair use grounds, and Defendants' motion to dismiss Bungie's trademark infringement claims should be denied.

**C.    Bungie Sufficiently Pleads Claims Against James May**

Bungie sued Defendant James May because, through his alleged participation in the development, maintenance, advertising, and sale of the Destiny 2 cheat software on the AimJunkies website, Mr. May infringed Bungie's copyrights and trademarks, violated the anti-circumvention provisions of the Digital Millennium Copyright Act, breached his contract with Bungie, tortiously interfered with Bungie's contracts with Destiny 2 players who use the AimJunkies cheat, and violated the Washington Consumer Protection Act.  Bungie alleges that Mr. May advertised and sold cheat software (Dkt. #1 at ¶¶ 49–50), created, maintained, and

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 10

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    modified cheat software (*id.* at ¶ 54), copied and distributed Bungie's copyrighted works (*id.* at

2    ¶ 55), incorporated technology that circumvents Bungie's technological protection measures (*id.*

3    at ¶ 56), and accepted and breached the LSLA (*id.* at ¶¶ 42, 117).  Mr. May is included in the

4    definition of the term "Defendants" in the very first paragraph of Bungie's complaint, and each of

5    the nine causes of action in the complaint are alleged against all "Defendants."  *Id.* at ¶¶ 66–136.[5]

6    To the extent Mr. May disputes his involvement in these acts, he may deny those allegations when

7    he answers the complaint.  *See* Fed. R. Civ. P. 8(b).  But Bungie's complaint against Mr. May

8    should not be dismissed.

9    **D.    Personal Jurisdiction and Venue Are Appropriate in the Western District of Washington**

10            Personal jurisdiction and venue are proper under two independently sufficient bases.  First,

11   Defendants consented to personal jurisdiction and venue in King County, Washington by agreeing

12   to the LSLA, which contains a forum selection clause.  Second, even without the forum selection

13   clause, personal jurisdiction and venue would be proper in this District.

14   **1.    Defendants Consented to Personal Jurisdiction and Venue Here**

15            Defendants consented to personal jurisdiction and venue in a federal court in King County,

16   Washington when they accepted the LSLA, which contains a forum selection clause.[6]  Forum

17   selection clauses are presumptively valid and "should be honored absent some compelling and

18   countervailing reason."  *MetroPCS Georgia, LLC v. Metro Dealer Inc.*, No. C18-1476-RAJ, 2019

19

20       [5] Although Bungie was unable to locate Ninth Circuit authority on this issue, other federal courts have held
     that referring to defendants collectively—as Bungie does here—is permitted and that the subsequent allegations are
21   "construed as pertaining to each defendant individually."  *1-800-411-I.P. Holdings, LLC v. Georgia Injury Ctrs., LLC*,
     71 F. Supp. 3d 1325, 1330 (S.D. Fla. 2014) (denying motion to dismiss defendants that asserted group pleading
22   argument); *Robles v. City of Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019) (same); *Horton v. City of Rockford*,
     No. 18 C 6829, 2019 WL 3573566, at *3 (N.D. Ill. Aug. 6, 2019) (same).

23       [6] The copy of the LSLA attached to the complaint as Exhibit 6 (Dkt. #1-1 at 17–23) contains a notification
     banner at the bottom of each page regarding Bungie's "Cookie Policy" and "Privacy Policy."  This inclusion was
24   inadvertent and mistakenly obscured the forum selection clause in the MISCELLANEOUS section of the LSLA.  *See
     id.* at 22.  Bungie has submitted a copy of the LSLA with the forum selection clause visible concurrently with this
25   opposition brief.  *See* Rava Decl., Ex. A.  In any event, Defendants were aware of this provision through their
     acceptance of the LSLA, and through Bungie's allegation in the complaint reproducing the forum selection clause
26   verbatim: "you agree to submit to the personal jurisdiction of any federal or state court in King County, Washington."
     Dkt. #1 at ¶ 14.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 11

155700892.4

1   WL 2409608, at *4 (W.D. Wash. June 7, 2019) (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d

2   1133, 1140 (9th Cir. 2004)); *see also Pace v. Daniel*, No. C20-1455JLR, 2021 WL 662658, at *3

3   (W.D. Wash Feb. 19, 2021) (denying motion to dismiss on lack of personal jurisdiction due to

4   forum selection clause); *Gen. Ins. Co. of Am. v. Fort Lauderdale P'ship*, 740 F.Supp. 1483, 1487–

5   88 (W.D. Wash. 1990) (Zilly, J.).   The court need not engage in a minimum contacts analysis

6   where the defendants consented to the court's exercise of personal jurisdiction in the forum.

7   *MetroPCS Georgia*, 2019 WL 2409608, at *4 (citing *Radiant Glob. Logistics, Inc. v. Drummond*,

8   C18-1063JLR, 2018 WL 5276581, at *4 (W.D. Wash. Oct. 24, 2018) (collecting cases)).   Indeed,

9   in a similar case against a defendant alleged to have created and sold cheat software, the court

10  enforced the forum selection clause in the video game's license agreement.   *Take-Two Interactive*

11  *Software*, 2018 WL 4347796, at *3–4.

12        Here, Defendants agreed to jurisdiction and venue in this District.   By seeking to enforce

13  the LSLA's arbitration provision, Defendants necessarily concede that they have accepted the

14  LSLA.   *See* Dkt. #28 at 12–13.   And, as alleged in the complaint, the LSLA contains a forum

15  selection clause: "you agree to submit to the personal jurisdiction of any federal or state court in

16  King County, Washington."   Dkt. #1 at ¶ 14; Rava Decl., Ex. A.   Defendants mistakenly rely on

17  the "Location" paragraph within the Arbitration section of the LSLA to claim that they have

18  consented to jurisdiction only "at any reasonable location within the United States convenient for

19  you."   But this sentence by its own express terms applies only to arbitration.   *See* Dkt. #1-1 at 22

20  ("If you are a resident of the United States, **arbitration** will take place at any reasonable location

21  within the United States convenient for you.") (emphasis added); Rava Decl., Ex. A (same).   The

22  "MISCELLANEOUS" paragraph of the LSLA, where the forum selection clause is located,

23  applies to the LSLA in its entirety and provides for jurisdiction in "any federal or state court in

24  King County, Washington."   Rava Decl., Ex. A; *see also* Dkt. #1 at ¶ 14.   Personal jurisdiction and

25  venue are therefore appropriate in this District because Defendants consented to this Court, and

26  Defendants' motion to dismiss the complaint on this basis should be denied for this reason alone.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 12

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**2.      Even without the Express Consent in the LSLA, Jurisdiction and Venue in this District Are Proper**

Setting aside that Defendants expressly consented to the Court, personal jurisdiction and venue over Defendants would still be proper here.  To defeat a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), plaintiff "is only required to make a prima facie showing of jurisdictional facts." *MOD Super Fast Pizza, LLC v. Chang*, No. C12-1359 TSZ, 2012 WL 12882910, at *2 (W.D. Wash. Nov. 26, 2012).  The plaintiff makes a prima facie showing by producing admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction.  *Id.*  "Where not directly controverted, the court will take plaintiff's version of the facts as true for a 12(b)(2) motion to dismiss." *Id.*

Personal jurisdiction in this case is proper if (1) Defendants purposefully directed their activities at Washington; (2) the lawsuit arises out of or relates to Defendants' forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020).  Where a plaintiff establishes the first two elements, the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).  Bungie satisfies each of these elements.

**a.      Defendants Purposefully Directed Their Conduct at Washington**

With respect to the first element, a defendant purposefully directs its conduct towards a forum state when the defendant (a) commits an intentional act, (b) expressly aimed at the forum state, and (c) causing harm that defendant knows is likely to be suffered in forum state. *See Perry v. Brown*, 791 F. App'x 643, 646 (9th Cir. 2019); *see also Calder v. Jones*, 465 U.S. 783 (1984).

The "intentional act" element simply requires that the defendant commit an intentional act in the real world. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Here, Bungie alleges that Defendants created, advertised, sold, and distributed cheat software that infringes Bungie's intellectual property rights.  Dkt. #1 at ¶¶ 49–56.  Defendant David Schaefer

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  even admits that the "cheat software" was "created" and "offered to the public."  Dkt. #28-5 at ¶ 4.

2  Thus, the intentional act element is satisfied.

3       Courts in this District have held that the "expressly aimed" element is satisfied where the

4  defendants operated an interactive website, sold products to Washington-based consumers through

5  that website, and received a cease-and-desist letter from the resident plaintiff demanding that

6  defendant cease its infringement.  *JHR Mfg., LLC v. Puffle, Inc.*, No. C20-6115 BHS, 2021 WL

7  2805333, at *3–4 (W.D. Wash. July 6, 2021) (denying motion to dismiss for lack of personal

8  jurisdiction in an intellectual property infringement case where defendants sold infringing waffle

9  makers through their interactive website to twenty-three Washington consumers); *Cave Man*

10  *Kitchens Inc. v. Caveman Foods, LLC*, No. 2:18-cv-01274 RAJ, 2019 WL 3891327, at *5–7 (W.D.

11  Wash. Aug. 19, 2019) (denying motion to dismiss for lack of personal jurisdiction where defendant

12  sold products through its website into Washington and a Washington-resident plaintiff sent a cease

13  and desist letter to defendant).  In addition, "it is well-settled in the Ninth Circuit that a defendant

14  who infringes a copyright directs their conduct at the forum where the economic loss occurs or

15  where the holder of the copyright is located."  *JHR Mfg.*, 2021 WL 2805333, at *4 (citing *Wash.*

16  *Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678–79 (9th Cir. 2012), *abrogated on other*

17  *grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir.

18  2017)).  Bungie's allegations, combined with Defendants' volunteered declaration, provide ample

19  support for this element.  Bungie alleges that Defendants operate an interactive website,

20  AimJunkies.com, where they sold the Destiny 2 cheat software.  Dkt. #1 at ¶ 50.  Defendants also

21  admit that they sold the accused cheat software to Washington-based consumers, accounting for

22  $416.22, or approximately 3% of Defendants' admitted sales of the cheat software.  Dkt. #28-5 at

23  ¶ 8.  Defendants also admit that they received a cease-and-desist letter on November 4, 2020 in

24  which Bungie asserted that they were infringing on Bungie's rights and causing harm to Bungie.

25  *Id.* at ¶ 6; Dkt. # 28-6.  Moreover, Bungie—the owner of the copyrights and trademarks that

26

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

1  Defendants are alleged to have infringed—is headquartered in Washington within this District.

2  Dkt. #1 at ¶ 5.  Defendants have expressly aimed their conduct at Washington.

3  Finally, Bungie needs to show that Defendants caused harm that Defendants knew was

4  likely to be felt in Washington.  In an infringement action such as this, it is foreseeable that harm

5  suffered by the trademark or copyright owner will be felt in its home state.  *JHR Mfg.*, 2021 WL

6  2805333, at *4 (citing *Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co., Ltd.*,

7  No. 2:18-cv-01032-TSZ, 2019 WL 1572675, at *4 (W.D. Wash. Apr. 11, 2019)).  Bungie's home

8  state is Washington.  *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1113 (9th Cir. 2002) ("A

9  corporation can suffer economic harm…where the corporation has its principal place of

10 business."); Dkt. #1 at ¶ 5.  Bungie therefore meets all of the elements for the purposeful direction

11 analysis for personal jurisdiction.

12      **b.      Bungie's Claims Arise Out of Defendants' Washington-Related
              Activities**

13

14      The Ninth Circuit employs a "but for" causation analysis to determine whether claims arose

15 out of defendants' forum-related contacts.  *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

16 That analysis is straightforward here.  But for Defendants' creation, advertisement, sale, and

17 distribution of the cheat software through their AimJunkies.com website that infringed Bungie's

18 (a Washington resident) intellectual property and was sold to Washington residents, Bungie would

19 not have suffered harm.

20      **c.      The Exercise of Jurisdiction Is Reasonable**

21      Because Bungie has met the first two elements on the specific personal jurisdiction test,

22 the burden is on Defendants to present a "compelling case" that other considerations would render

23 jurisdiction unreasonable.  *Burger King*, 471 U.S. at 477; *Schwarzenegger*, 374 F.3d at 802.

24 Courts in the Ninth Circuit consider seven factors: (1) the extent of the defendants' purposeful

25 interjection into the forum state's affairs; (2) the burden on the defendant of defending in the

26 forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

155700892.4

1    interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6)

2    the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the

3    existence of an alternative forum.  *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112

4    (9th Cir. 2004).

5         None of these factors weigh in Defendants' favor, let alone present a "compelling case"

6    for the Court to not exercise personal jurisdiction.  As discussed extensively above, Defendants

7    have infringed a forum resident's intellectual property through the creation and sale of cheat

8    software and sold that software into Washington.  *See supra* Section III.D.2.a.  Defendants,

9    themselves in different states, would suffer no greater burden here than either (a) litigating together

10   in a different forum, or (b) each individual defendant litigating this case in their own home state.

11   Defendants have pointed to no conflict with the sovereignty of Defendants' states, and certainly

12   Washington has an interest in adjudicating a dispute focused on infringement of a Washington-

13   based corporation's intellectual property sold into Washington.  Litigating this case in Washington

14   with all Defendants in a single forum is also the most efficient judicial resolution of this matter, as

15   Bungie's evidence of copyright and trademark ownership is located within this state, and the

16   claims with respect to each Defendant will almost certainly entail overlapping if not identical

17   evidence.  Although alternative forums may exist (and at Defendants' invitation Bungie has

18   initiated arbitration for arbitrable claims), no forum is more convenient for all Defendants in this

19   case.

20        Bungie satisfies the elements for personal jurisdiction, and Defendants' motion to dismiss

21   for lack of personal jurisdiction should be denied.

22          **d.**    **Venue Is Appropriate in this District**

23        Venue is appropriate because, as discussed above, Defendants consented to venue in

24   federal court in King County, Washington and a substantial part of the events or omissions giving

25   rise to the claim occurred here.  Venue is proper in copyright infringement actions in "the district

26   in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  Courts in the

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 16

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Ninth Circuit have interpreted this provision as allowing venue in any judicial district defendant would be subject to personal jurisdiction. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010), *abrogated on other grounds by Axion Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). Personal jurisdiction is proper here because Defendants directed action at and caused harm to a corporation headquartered in this District. Therefore, venue is appropriate here for Bungie's copyright infringement claim. For Bungie's trademark infringement claims, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In these cases, courts have held that this statutory requirement is met in any district where consumers are likely to be confused by the accused goods. *SGII, Inc. v. Martin*, No. SACV 19-00541 JVS (KESx), 2019 WL 6840788, at *6 (C.D. Cal. July 1, 2019) (collecting cases). Because Defendants admit that sales were made to Washington consumers using trademarks that belonged to Bungie, who is located in this District, venue is appropriate in this District. Dkt. #28-5 at ¶ 8. Venue is therefore proper in this District both because Defendants consented to venue here, and because venue is independently appropriate.

## IV.   CONCLUSION

For the reasons stated above, Bungie respectfully requests that the Court deny Defendants' motion to dismiss Bungie's claims for copyright infringement, trademark infringement under 15 U.S.C. § 1114, and trademark infringement under 15 U.S.C. § 1125(a); deny Defendants' motion to dismiss James May as a defendant; and deny Defendants' motion to dismiss the entire complaint against all Defendants for lack of personal jurisdiction and venue.

Bungie further requests that the Court deny Defendants' motion to refer Bungie's claim under 15 U.S.C. § 1125(a) to arbitration. Bungie has voluntarily submitted a demand for arbitration in connection with its fourth through ninth causes of action, and therefore requests that the Court deny that portion of Defendants' motion to refer to arbitration as moot.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 17

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Dated: February 10, 2022

By: /s/William C. Rava
William C. Rava, Bar No. 29948
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
WRava@perkinscoie.com
JDini@perkinscoie.com

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOTION TO DISMISS
(No. 2:21-cv-811-TSZ) – 18

155700892.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000