THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-811-TSZ <br><br> [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

THIS MATTER came before the Court for hearing on Plaintiff Bungie, Inc.'s Motion for Preliminary Injunction. Now, having reviewed the parties' briefing, declarations, and exhibits attached thereto, and the argument of counsel, the Court hereby makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. Plaintiff Bungie, Inc. ("Plaintiff" or "Bungie") seeks preliminary injunctive relief to prevent Defendants AimJunkies.com, Phoenix Digital Group LLC, David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively "Defendants") from selling, distributing, providing, or otherwise transferring cheat software developed by or on behalf of Defendants for Bungie's *Destiny 2* video game (the "Cheat Software"), including but not limited to any source

[PROPOSED] ORDER
(No. 2:21-cv-811-TSZ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

156910574.3

code or object code for any version of the Cheat Software, to any third party prior to the final disposition of this case on the merits.

2. Bungie has made the required showing that it is likely to succeed on the merits of its copyright infringement claim, including by showing it is likely to succeed in showing the following:

    a. Bungie is the owner of all rights, title, and interest in the copyrights in the video game *Destiny 2* and *Destiny 2: Beyond Light*,[1] including its computer software and audiovisual works that software creates, which are the subject of four U.S. copyright registrations.

    b. Defendants have created, advertised, and offered for sale Cheat Software that gives its users an unfair advantage in *Destiny 2* by adding certain non-authorized features in the game, including "Extra-Sensory Perception" ("ESP"), "AIMBOT," and "One Position Kill" ("OPK").

    c. To create the Cheat Software with these features, Defendants necessarily copied the *Destiny 2* software code that corresponds to key attributes in the *Destiny 2* video game, including player and combatant positioning. Defendants also needed to reverse engineer certain software code in *Destiny 2*, including the code for rendering functions and the code that calculates the angle deltas for mouse movements. Defendants then incorporated sets of software code designed to manipulate the rendering functions and key attributes into every copy of Defendants' Cheat Software.

    d. The Cheat Software also modifies the *Destiny 2* display and software code while in use, creating an unauthorized derivative work based on *Destiny 2*.

---

[1] For ease of reference, *Destiny 2* and *Destiny 2: Beyond Light* are referred to hereafter as "*Destiny 2*".

[PROPOSED] ORDER
(No. 2:21-cv-811-TSZ) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

156910574.3

e.  The Cheat Software also modifies the audiovisual display of *Destiny 2* by, for example, drawing distinct boxes around other *Destiny 2* characters when the ESP feature is in use.

f.  Defendants also copied Bungie's code whenever Bungie updated the corresponding data structures in the *Destiny 2* software code.

g.  Defendants sold the Cheat Software on the website AimJunkies.com beginning at least as early as April 2019 and through at least December 4, 2020, selling hundreds of copies and generating over $27,000 in revenue. Each sale of the Cheat Software was a distribution of an unauthorized derivative of Bungie's copyright-protected software code.

3.  Bungie has therefore shown that it is likely to succeed on the merits of its direct copyright infringement claim against Defendants based on Defendants' copying, creation of derivative works, and distribution of Bungie's copyrighted materials.

4.  Bungie is also likely to succeed on the merits of its contributory copyright infringement claim. Whenever a purchaser downloads the Cheat Software from Defendants' website, a new unauthorized copy of code derived from Bungie's copyrighted code is created. Defendants, as the developers of the Cheat Software and owners of the AimJunkies.com website, are aware of their purchasers' infringement.

5.  Bungie is also likely to succeed on its vicarious copyright infringement claim against Defendants. Defendants have both the right and practical ability to control their purchasers' infringement and a direct financial interest in the Cheat Software.

6.  Bungie has also shown that it will be irreparably harmed if a preliminary injunction is not issued. While Defendants were distributing their Cheat Software on the AimJunkie.com website, Bungie suffered significant harm to its business reputation and goodwill, receiving over 6,000 reports from non-cheating *Destiny 2* players regarding players that were using the Cheat Software. Any further transfer or distribution of the Cheat Software,

[PROPOSED] ORDER
(No. 2:21-cv-811-TSZ) – 3

156910574.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

whether or not through a sale of the AimJunkies' website to a Ukrainian group of investors, would cause Bungie irreparable harm.

7. The balance of equities tips sharply in Bungie's favor. The irreparable harm that Bungie faces if the Cheat Software is transferred to an unknown, foreign entity is substantial. Given the narrow scope of the preliminary relief sought, the harm to Defendants is minimal.

8. Issuance of a preliminary injunction is in the public interest. The public has a compelling interest in protecting copyright owners' marketable rights to their works, which are threatened here.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over Defendants and the subject matter of this action.

2. A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

3. A plaintiff who cannot establish a likelihood of prevailing on the merits may obtain a preliminary injunction if the plaintiff can show "serious questions going to the merits,"[2] that "'the balance of hardships tips *sharply* in the plaintiff's favor,' and [that] the other two *Winter* factors are satisfied." *See Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 1281, 1291 (9th Cir. 2013)).

4. Based on the Findings set forth above and the legal standards, issuance of a preliminary injunction against Defendants, as provided below, is necessary and appropriate to preserve the status quo pending the final resolution of this action.

5. The Court has discretion to dispense with the security requirement, or to request the party in whose favor a preliminary injunction is entered to post mere nominal security,

---

[2] "Serious questions" are questions that are "substantial, difficult, and doubtful as to make them a fair ground for litigation and thus more deliberative investigation." *Senate of Cal. v. Mosbacher*, 968 F.2d 974, 977 (9th Cir. 1992) (internal quotation marks omitted).

[PROPOSED] ORDER
(No. 2:21-cv-811-TSZ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

156910574.3

where, as here, the likelihood of success on the merits tips in favor of a minimal bond or no bond at all. *California ex rel. Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.3d 1319, 1325–26 (9th Cir.), *amended on other grounds*, 775 F.3d 998 (9th Cir. 1985).

**ORDER OF PRELIMINARY INJUNCTION**

Now, therefore, it is hereby ORDERED as follows:

1. Plaintiff Bungie, Inc.'s motion for preliminary injunction is GRANTED.

2. Defendants AimJunkies.com, Phoenix Digital Group LLC, David Schaefer, Jordan Green, Jefferey Conway, and James May, and all of their officers, agents, servants, employees and attorneys, and persons in active concert or participation with them who receive actual notice of this order are hereby enjoined until resolution of this action, or until further order of this Court, from selling, providing, or otherwise transferring the Cheat Software, including but not limited to any source code or object code for any version of the Cheat Software, to any third party.

3. No bond shall be required.

DATED this _____ day of _____, 2022.

_____
Honorable Thomas S. Zilly
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER
(No. 2:21-cv-811-TSZ) – 5

156910574.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Presented by:

/s/William C. Rava
William C. Rava, WSBA No. 29948
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:          WRava@perkinscoie.com
                     JDini@perkinscoie.com

*Attorneys for Plaintiff Bungie, Inc.*

[PROPOSED] ORDER
(No. 2:21-cv-811-TSZ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

156910574.3