THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Note on Motion Calendar: June 10, 2022** |

Defendants, for the reasons stated herein, oppose Plaintiff Bungie, Inc.'s Motion for Preliminary Injunction (Dkt#35).

## I.     INTRODUCTION

In its Motion for Preliminary Injunction, Bungie, hoping to avoid having to post a bond, clearly and unambiguously states that, "Bungie's requested preliminary injunction is also narrow in scope; *it seeks only to prevent the transfer of the Cheat Software.*" (Bungie's Motion Dkt#35, p. 17, emphasis supplied.)  Bungie's own Proposed Order (Dkt#35-1) is limited in scope and, if granted, would simply enjoin the Defendants, "from selling, providing, or otherwise transferring the Cheat Software, including but not limited to any source code or object code for any version of the Cheat Software, to any third party."

Opposition to Motion for Preliminary Injunction
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

Bungie's motion should and must be denied for the simple reason that it is unnecessary and moot. In point of fact, Defendants never had possession of the "source code" of "object code" for what it calls the "cheat software," and, therefore, cannot transfer it to third parties, even if it wanted to. Also, Phoenix Digital Group LLC's sale of "Aimjunkies.com" to a third-party Ukrainian purchaser has already taken place, and, in fact, had already taken place *before* Bungie filed its motion. Accordingly, Defendants cannot distribute "source code" or "object code" that they do not have, nor is it possible to prevent a sale that has already taken place. In short, there is nothing to enjoin. In legal terms, Bungie has not shown, nor can it show, the necessary element of "immediate irreparable harm."

## II   ARGUMENT

A longstanding, indisputable and fundamental requirement of any preliminary injunction is the party seeking such relief must show the likelihood or threat of "immediate irreparable harm." "At a minimum, a plaintiff seeking preliminary injunctive relief *must demonstrate that it will be exposed to irreparable harm.*" *Caribbean Marine Services Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988) (Emphasis supplied.) This fundamental requirement cannot seriously be challenged, and to establish entitlement to the extraordinary remedy of a preliminary injunction, Bungie *must* demonstrate that it faces "immediate irreparable harm." Under the indisputable facts here, Bungie does not and cannot make such a showing.

In trying to satisfy this necessary requirement for a preliminary injunction, Bungie offers evidence" consisting of (1) its own unsupported suspicions, (2) documents that are almost one year, and in some cases two years, old and (3) declaration testimony as to events that took place more than two years ago. Nowhere has Bungie established that Defendants are presently offering or otherwise distributing the subject software.

The testimony of Mr. Edward Kaiser at paragraph 23 of his Declaration (Dkt#36) purporting to show use of the 'cheat software" is expressly limited to "reports" received "through at least December, 2020." That was one and one-half years ago. Nothing in Mr.

Opposition to Motion for Preliminary Injunction     Page 2
Cause No. 21-CV-0811-TSZ

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

Kaiser's testimony relates to any *current* threat of immediate irreparable harm from Defendants.

Similarly, the testimony of Mr. William Rava in his Declaration (Dkt#37) purporting to show threatened distribution of the "cheat software" includes primarily screenshots that are from December, 2020 (Exhibits 2, 3, 4 & 7), and from August 26, 2021 (Exhibit 9). None of these exhibits evidences any "threat" of immediate irreparable harm that exists at this time and could not have been addressed long before now. In fact, the *only* exhibit that is contemporaneous with the present is Mr. Rava's May 11, 2022 email to Defendants' undersigned counsel that, (1) demands that Defendants respond within two days (i.e., by May 13, 2022) as to whether a sale has occurred and whether Defendants "will be including the AimJunkies Destiny 2 cheat software in the sale of the AimJunkies websites," and (2) gravely informs Defendants' counsel – a lawyer with nearly 40 years of experience in practicing before the Federal Courts – that, "destruction or deletion of any evidence relevant to this matter could have serious legal consequences."[1]

None of this purported evidence shows any immediate threat on the part of Defendants to distribute the alleged "cheat software" beyond what had already occurred before Aimjunkies voluntarily de-listed the software from its site. Nor does this purported evidence show that the sale of the Aimjunkies.com site to Ukrainian purchasers has yet to be completed. What this evidence *does* show is that, should Bungie have perceived any threat of immediate irreparable harm, it could and should have taken action long ago.

The law is clear that injunctions are inappropriate when the action to be enjoined either cannot take place in the first instance, or has already occurred. "Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot." *In Matter of Combined Metals Reduction Co.,* 557

---

[1] On May 11, 2022 when this email was sent, Defendants' undersigned counsel was recovering from ankle replacement surgery less than three weeks earlier. At that time, he was under the influence of pain killers, and was not actively monitoring his emails as efficiently as usual. Even so, Defendants are under no obligation to respond to unilateral demands for competitive business information or false innuendos of unethical practice.

Opposition to Motion for Preliminary Injunction
Cause No. 21-CV-0811-TSZ
Page 3

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

F.2d 179 (9th Cir. 1977)," *citing Friends of the Earth, Inc. v. Bergland,* 576 F.2d 1377, 1379 (9th Cir. 1978)  *See also, TDBBS LLC v. Ethical Prods. Inc.,* No. CV-19-01312-PHX-SMB, at *13 (D. Ariz. Mar. 18, 2019) (" Since there can be no future use of an outdated pricing list, the harm has already occurred , if at all. Preliminary injunctions are not meant to remedy past harms but to prevent future use of trade secret information. ");  *Edge Games, Inc. v. Electronic Arts, Inc.,* 745 F. Supp. 2d 1101, 1118 (N.D. Cal. 2010) ("Edge Games has not shown why issuing a preliminary injunction now would prevent any irreparable harm to its marks beyond the "harm" that has already occurred.");  *In Def. of Animals v. United States Dep't of the Interior,* 648 F.3d 1012, 1013 (9th Cir. 2011) ("The posture of this case is similar to that in *Animal Legal Defense Fund v. Shalala,* 53 F.3d 363 (D.C.Cir.1995), where the action that the plaintiff sought to preliminarily enjoin had already occurred.")

Here, and as established by the accompanying Declaration of Defendant David Schaefer, the indisputable facts are (1) that none of the Defendants *ever had* the "source code" of "object code" for the purported "cheat software," and (2) that the sale of Aimjunkies.com to a Ukrainian purchaser not only has already taken place but had already taken place *before* Bungie filed its motion for preliminary injunction.  Accordingly, there is nothing this Court can properly enjoin, either preliminarily or permanently.  Because the Defendants do not have, and have never had, the actual source code or object code for the alleged, "cheat software," it is impossible for them to sell, provide or otherwise transfer it as requested in the proposed injunction.  In short, Bungie is seeking to enjoin something that simply cannot take place.

Similarly, and as established by the accompanying Declaration of Mr. Schaefer, Defendants, upon receiving a "cease and desist" letter from Bungie on November 4, 2020 immediately and permanently de-listed the alleged "cheat software" from the Aimjunkies.com site and it has remained de-listed continuously since November 12, 2020.  Again, the proposed injunction seeks to enjoin activities that are not taking place and will not take place.

Opposition to Motion for Preliminary Injunction
Cause No. 21-CV-0811-TSZ
Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

1    Finally, and as established by the accompanying Declaration of Mr. Schaefer, the sale of the Aimjunkies.com site to Ukrainian purchasers has already taken place and took place before Bungie filed its motion for preliminary injunction. Furthermore, the impending sale of the Aimjunkies.com site was disclosed to Bungie and its counsel at least as early as June 26, 2021 and Bungie had ample time before now to seek injunctive relief had it thought such was necessary. It is again well settled law that delay in seeking a preliminary injunction is itself strong grounds for denying such relief. *See, Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action .") Here, Bungie not only slept on its rights, it apparently waited until *after* the sale of the Aimjunkies.com site before even filing its motion to enjoin it.

Based on the foregoing, Bungie has not established, and cannot establish, the essential element needed for preliminary injunctive relief, namely that it faces a threat or likelihood of "immediate irreparable harm." There is no such threat and there can be no such threat given that Defendants (1) do not posses, and have never possessed the "source code" or "object code" of the "cheat software," and (2) the sale of Aimjunkies.com to Ukrainian purchasers has already taken place and, as known to Bungie, had taken place prior to Bungie's filing its motion.

Based on the foregoing, and without admission that Bungie has otherwise satisfied the exacting requirements for the extraordinary remedy of a preliminary injunction (it has not), this motion should be denied as being untimely, frivolous and completely unnecessary. Given that Defendants had permanently ceased distributing the alleged "cheat software" since November 12, 2020, i.e., *more than one and one-half years before Bungie filed its motion,* Bungie has had more than ample time to determine whether Defendants have, indeed, de-listed the software. Without any evidence whatsoever that the software is still being distributed by Defendants, Bungie still moves for injunction seeking to enjoin what simply is

Opposition to Motion for Preliminary Injunction
Cause No. 21-CV-0811-TSZ      Page 5

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

not taking place.  This smacks of tactical gamesmanship rather than a genuine attempt to seek an available equitable remedy.

Without a clear, factually based showing by Bungie that Defendants have somehow misrepresented facts and are somehow still offering the alleged "cheat software," (which they are not) Bungie should be held responsible for the attorneys' fees and costs incurred by Defendants in responding to this completely unnecessary, baseless and indeed moot motion.

Similarly, and given that Bungie knew at least as early as June 26, 2021 that the Aimjunkies.com site was to be sold to Ukranian purchasers, Bungie had ample time before now to seek an injunction, should it have genuinely felt such relief was needed.

Moving to enjoin what has *already taken place* makes no rational sense and, again, suggests that the timing of Bungie's motion is simply to burden Defendant's counsel with additional work over a period that includes the long-established, well-known, Memorial Day weekend.  Such childish tactics should not be endorsed by this Court.

For these additional reasons, Bungie should be sanctioned for filing its unneeded, indeed moot motion to enjoin what either cannot take place or has already taken place.

### III    CONCLUSION

For all the reasons stated herein, Bungie's motion for a preliminary injunction should be denied.

Dated June 6, 2022.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

Opposition to Motion for Preliminary Injunction
Cause No. 21-CV-0811-TSZ
Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900