THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Note on Motion Calendar: July 1, 2022**<br><br>**Oral Argument Requested** |

Defendants, by and through their undersigned counsel, hereby move for partial dismissal of Plaintiff's First Amended Complaint ("Amended Complaint" or "FAC") (Dkt#34).

In particular, Defendants Jeffrey Conway, David Shaefer and Jordan Green move to dismiss this action in its entirety pursuant to Rules 12(b)(2) and 12(b)(3) Fed. R. Civ. P. for lack of personal jurisdiction and improper venue.

In addition, Defendant James May moves to dismiss the First Cause of Action (Copyright Infringement) under Rule 12(b)(6) Fed. R. Civ. P. for failure to state a claim for which relief may be granted.

**I     INTRODUCTION**

The background and purported basis for this action are set out in detail in Defendants' January 10, 2022 Motion to Dismiss (Dkt#28), the Declaration of David Shaefer (Dkt# 28-5)

Motion to Dismiss
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

with the Exhibits attached thereto (Dkt# 28-6) and Defendants' Reply in Support filed February 18, 2022 (Dkt#320), all of which are incorporated as if set forth fully herein.

In its April 27, 2022 Order (Dkt#33) partially granting Defendants' Motion to Dismiss, this Court clearly and unambiguously dismissed all of Plaintiff Bungie, Inc.'s claims for Copyright Infringement for failure to state a claim for which relief can be granted, and dismissed all claims against the individual Defendants  In addition, this Court set out clear requirements for Bungie to follow in the event it elected to file an Amended Complaint.

Among other things, this Court, noting that "Bungie does not clearly assert that any of [the individual defendants] personally participated in the alleged conduct supporting Bungie's claims *or makes clear whether it alleges they are liable solely by nature of their relationship with Phoenix Digital,*" then clearly and unambiguously ordered that, "To sufficiently state its claims, *Bungie must plead facts* clarifying the individual's alleged involvement in the challenged conduct."  (Dkt#33, p. 5, emphasis supplied.)

With respect to Bungie's copyright infringement claim, this Court properly noted that, "Bungie has not plausibly alleged a claim for copyright infringement" and that, "Bungie...has not pleaded sufficient facts to plausibly allege that Aimjunkies and Phoenix Digital copied constituent elements of Bungie's work.  (Dkt#33, pp. 5-6.)  "Notably, Bungie has not pleaded any facts explaining how the cheat software constitutes an unauthorized copy of any of the copyrighted works identified in the complaint."  (Dkt#33, p. 6.)  Accordingly, this Court ordered that, "Bungie's complaint must contain more than a 'formulaic recitation of the elements of a cause of action.'" *Id.*

Finally, in footnote 5 at pages 11 and 12 of its Order (Dkt#33, pp 11, 12) this Court clearly and unambiguously stated that:

> This Court will dismiss all claims against Defendants Jeffrey Conway, David Shaefer, Jordan Gree, and James May for the reasons discussed in this Order. The Court also noted that Bungie has not sufficiently demonstrated that this Court has personal jurisdiction over these defendants.  To the extent Bungie contends that Jeffrey Conway, David Schaefer, Jordan Green, and James May accepted the terms of the LSLA and are bound by the forum-selection clause,

Motion to Dismiss
Cause No. 21-CV-0811-TSZ
Page 2
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

*any amended complaint must allege facts explaining how Bungie knows that these individuals accepted the agreement.*

*Id.,* (emphasis supplied.)

## II    THE ASSERTED CLAIMS

Bungie's First Amended Complaint has now been pared down to three causes of action consisting of, (1) Copyright Infringement against all Defendants, (2) Trademark Infringement against all Defendants except James May, and (3) False Designation of Origin against all Defendants except James May.

## III    APPLICABLE LAW

The applicable law is set out in detail in Defendants' January 10, 2022 Motion to Dismiss (Dkt# 29, pp. 4, 5, 7, & 15-18) and in Defendants' February 18 Reply in Support (Dkt# 32, p. 12).

Additionally, the copyright elements of this case are largely governed by *MDY Industries, LLC v. Blizzard Entertainment, Inc.,* 629 F.3d 928 (9th Cir. 2010) which sets out the limits of copyright infringement in situations similar to this, wherein the owner of a computer game alleges copyright infringement against those, such as Phoenix Digital here, who offer software that enhances the players experience in playing the game.

In *MDY v. Blizzard,* the Ninth Circuit, following a detailed analysis of how computer games work and are licensed, concluded that it is not an act of copyright infringement for computer game players to use third party software to gain an advantage in playing the game. As explained by the Ninth Circuit in *MDY v. Blizzard,* "A copyright owner who grants a nonexclusive, limited license ordinarily waives the right to sue licensees for copy-right infringement, and it may sue only for breach of contract." *Id.* At 939.  This is significant because to make a claim for induced copyright infringement as Bungie does here, it is necessary to establish the existence of a direct infringer.  *See, Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement,")

Motion to Dismiss
Cause No. 21-CV-0811-TSZ
Page 3
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

# IV. ARGUMENT

## A. Bungie Has Failed To Establish That Any Of Defendants Schaefer, Conway or Green Agreed To The Limited Software License Agreement Bungie Relies On

In its April 27, 2022 Order (Dkt#33) this Court clearly and directly ordered that, "To the extent Bungie contends that Jeffrey Conway, David Schaefer, Jordan Green, and James May accepted the terms of the LSLA and are bound by the forum-selection clause, *any amended complaint must allege facts explaining how Bungie knows that these individuals accepted the agreement.*" (*Id.* Emphasis supplied.) In its Amended Complaint, Bungie fails to make this showing as to Defendants Conway, Schaefer and Green. Accordingly, Defendants Conway, Schaefer and Green should be dismissed in their entirety from this action.

In its Amended Complaint, Bungie apparently relies on its "Limited Software License Agreement (Last updated March 6, 2020)" (hereinafter "LSLA") as the basis for asserting personal jurisdiction and venue over the four individual defendants in this case. However, in contravention of this Court's clear directive that Bungie, "must allege facts explaining how [it] knows these individuals accepted the agreement," Bungie alleges no such facts but relies on wholly unsupported false accusations.

With respect to Defendants Conway, Schaefer and Green, Bungie nowhere states when, where or how these defendants ever accessed a Bungie website or server or ever "clicked on" or otherwise agreed to the LSLA. On the contrary, Bungie's makes blanket allegations that, "in developing the cheats at issue, Defendants each downloaded, installed, played, copied, and/or used Destiny 2 and therefore accepted the terms of the LSLA." (FAC ¶ 49), that they, "downloaded, installed played, copied, or used Destiny 2," (FAC ¶ 50), and that they, "reverse engineered and copied the software code for Destiny 2" (FAC ¶ 51). Bungie provides absolutely no detail as to when, where and how any of these defendants allegedly took these actions. Given that it is virtually certain that Bungie's servers automatically log and retain information as to who and/or from what IP downloads,

Motion to Dismiss
Cause No. 21-CV-0811-TSZ

Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

installations, copies or use was made or requested, Bungie's failure to provide any detail regarding these supposed actions on the part of the individual defendants is telling.

In the accompanying Declarations of Defendants Conway, Schaefer, and Green, each Defendant states under oath that he, "never downloaded, reviewed, read, "accepted," 'clicked-on' or otherwise agreed to the 'Limited Software License Agreement' that Plaintiff Bungie Inc. asserts in this action." Each Defendant further states that he, "never consented to be bound by the terms of the 'Limited Software License Agreement' that Plaintiff Bungie Inc. asserts in this action."

In addition, Defendants Conway and Schaefer each further affirmatively asserts that he "never accessed any website owned, operated or controlled by Plaintiff Bungie, Inc.," and that he, "never played or otherwise participated in any computer game offered or otherwise made available by Bungie Inc., including 'Destiny 2.'"

Defendants Conway, Schaefer and Green further state that they "do not personally design, develop write or otherwise create software for providing advantages in playing computer games, otherwise referred to by Bungie as 'cheat software.'" Defendants Conway and Schafer further assert that they, "have never personally designed, developed written or otherwise created software for providing advantages in playing computer games, otherwise referred to by Bungie as 'cheat software,'" while Defendant Green states that he, "never personally designed, developed written or otherwise created software for providing advantages in playing the 'Destiny 2' computer game."

With respect to these defendants, Bungie has provided no evidence or plausible basis for claiming otherwise. Given that Bungie almost certainly maintains records of who accesses their servers on any given date and time, it should be a simple matter for Bungie to provide at least some plausible basis for claiming that Defendants Conway, Schaefer and Green accessed a Bungie server and agreed to the LSLA. Bungie's failure to allege such basic information is telling.

Motion to Dismiss
Cause No. 21-CV-0811-TSZ
Page 5

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

Bungie further claims at Paragraph 52 of its Amended Complaint that:

> In addition, Mr. Schaefer, Mr. Conway, Mr. Green and Mr. May have conceded that they accepted and are bound by the LSLA. Among other things, Mr. Schaefer, Mr. Conway, Mr. Green and Mr. May cited and relied on the terms of the LSLA and demanded arbitration of certain claims that Bungie alleged in its first complaint. That LSLA-driven arbitration has commenced; and Mr. Schaefer, Mr. Conway, Mr. Green, and Mr. May have not contested jurisdiction.

(FAC ¶ 52.)

In point of fact, *none* of the Defendants ever made any such concession and have, in fact, raised as a defense in the co-pending arbitration that they have *not* agreed to the LSLA and are not bound by the LSLA.

Reference to Defendants' Motion to Dismiss filed January, 10, 2022 (Dkt# 28, pp.12-13) shows that *nowhere* did Defendants ever admit they agreed to the LSLA, but rather that, *if* Bungie were to assert claims under the LSLA, the LSLA *itself* requires that such claim be submitted to mandatory arbitration. This was emphasized again in Defendants' in their February 18, 2022 Reply in Support of Motion to Dismiss wherein, at page 11 they argued and established that, "Defendants Did Not 'Consent' To Jurisdiction Here." (Dkt# 32, p.11.)

Agreeing to have the claims heard in arbitration is *not* tantamount to agreeing that a binding contract was formed in the first place, and Defendants *nowhere* conceded that they agreed to the LSLA, Bungie's claims to the contrary notwithstanding. Indeed, in their March 3, 2022 letter to JAMS' submitted pursuant to JAMS Comprehensive Arbitration Rule 9(c) (Exhibit A to accompanying Mann Declaration) Defendants affirmatively stated that they, "reserve their right to submit a response, affirmative defenses, jurisdictional challenges and, if appropriate, counterclaims," and that they, "further reserve all rights to submit procedural and substantive motions when necessary." It is elementary law that a defense to a claim of breach of contract is that the alleged contract was never entered into in the first place. *See, Gomez v. J. Jacobo Farm Labor Contractor, Inc.,* 188 F. Supp. 3d 986, 1001 (E.D. Cal. 2016) ("Moreover, because Plaintiff acknowledges that no contract existed between the parties...all

Motion to Dismiss
Cause No. 21-CV-0811-TSZ
Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

of the 'breach of contract related' affirmative defenses will be stricken and Plaintiff will not be permitted to recover under any breach of contract theory.")  Defendants have specifically reserved that right and have never conceded or otherwise admitted they are bound by the LSLA.  It is up to Bungie to prove otherwise and Defendants call upon Bungie to do so.

**B.   Bungie Has Failed To Establish That Any Of The Defendants Purposely Directed Any Of Their Activities Toward The State Of Washington**

Defendants reincorporate and reassert their arguments at pp. 15-18 of their January 10, 2022 Motion to Dismiss (Dkt# 28) and p. 12 of their February 18, 2022 Reply in Support of Motion to Dismiss (Dkt#32).

As established in Respondents' earlier filed Motion to Dismiss and Reply in Support (Dkt## 28 & 32), there is no evidence whatsoever that any of the individual Defendants Conway, Schaefer, Green or May had any contacts with the State of Washington or that they directed any of their activities toward the State of Washington.  That fact remains true today. The accompanying Declarations of Defendants Conway, Schaefer Green and May each states that, "I do not own property in the State of Washington, nor do I have any personal or business accounts in the State of Washington," and that, "I conduct no business in the State of Washington."

Defendants, in an earlier filed Declaration of Mr. Schaefer (Dkt# 28-5, ¶8), further established that Corporate Defendant Phoenix Digital Group LLC's total gross sales in the State of Washington amounted to only $416.22.  That fact also remains true today.

In its Amended Complaint, Bungie attempts to side step these inconvenient facts by engaging in hyperbole and dramatic statements – based only on "information and belief" -- that, the individual defendants, "actively recruit[ed] and hir[ed] developers for the specific purpose of copying game engine structures and reverse engineering new video games and circumventing anti-cheat technologies in video games," live in a residence that, "is the listed place of business for Phoenix Digital," that they were each, "an active moving force behind, the infringement of the Destiny 2 software," and so forth.  Again, nowhere does Bungie plead

Motion to Dismiss
Cause No. 21-CV-0811-TSZ                                     Page 7

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

any specific facts beyond that Defendants Conway, Schaefer and Green were other than owners and employees of Phoenix Digital.  Bungie has not pleaded (nor can it) that any of these individuals actually "copied" any protected work of Bungie or otherwise violated Bungie's legitimate rights.  The Declarations of these Defendants expressly state that they did not.

Furthermore, Bungie's citation to and quotation of Defendant Schaefer's comments were taken directly from a November 21, 2021 communication Mr. Schaefer had with Bungie's counsel, Mr. Rava, in an effort to settle this matter (See Exhibit A to accompanying Declaration of David Schaefer.)  As a settlement communication, Federal Rule of Evidence 408 clearly precludes reliance on such a communication for purposes of trying to establish liability, which Bungie is clearly trying to do here.  (Including it a formal Complaint should be adequate to remove all doubt as to that point.)  At best, Mr. Schaefer's statements in his November 21, 2021 email to Mr. Rava are to establish his familiarity with distributing cheat software and are not "admissions" that he "copied" or "reverse engineered" anything.  In any event, as a clearly protected settlement communication, Bungie cannot properly rely on Mr. Schaefer's statements in his November 21, 2021 settlement communication to establish liability.  Such is protected under Fed.R.Evid. 408 and Bungie places improper reliance on it.

Because Bungie has failed to establish personal jurisdiction as to any of the individual defendants in the State of Washington, all claims of the Amended Complaint directed to Defendants Conway, Schaefer, and Green should be dismissed with prejudice as to refiling here.

**C.   Bungie Has Failed To Plead Any Plausible Claim For Copyright Infringement Against Defendant James May**

Finally, as to Defendant May, Bungie again fails to identify any credible connection between him and Phoenix Digital Group LLC.  Significantly, Bungie has pleaded no facts giving rise to a plausible claim for copyright infringement against Mr. May.

Motion to Dismiss
Cause No. 21-CV-0811-TSZ

Page 8

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

The only specific allegations against Mr. May are made on "information and belief," not on any solid facts alleged by Bungie. For example, at Paragraph 8 of the Amended Complaint Bungie alleges that, "Defendant James May has also used Defendants' Destiny 2 cheat software on Bungie's servers for Destiny 2, and, on information and belief, contributed to the development of the Destiny 2 cheat software." As to using "cheat software on Bungie's servers," even if true (which Bungie has not established) such is not "copyright infringement," the sole accusation being made against Mr. May in the Amended Complaint. *See, MDY v. Blizzard, supra.*

As to his supposed "contribution" to the development of the software, this also is made solely on the basis of "information and belief." What the basis is for such "information and belief" is nowhere stated. At present, the sole basis is apparently nothing more than suspicion on the part of Bungie, not articulable facts.

Similarly, in its allegations at Paragraphs 51 and 52 of the Amended Complaint, Bungie alleges that Mr. May was, "a moving and driving force behind the creation of the cheat software for Destiny 2," whatever that means, and that, "on information and belief" he "reverse engineered and copied the software code for Destiny 2." Again, the specific allegations against Mr. May either do not (and cannot) amount to the "copyright infringement" he is accused of, or are based solely on unsupported "information and belief." Again, there are no specific allegations tying Mr. May to Phoenix Digital Group LLC or showing any contacts whatsoever with the State of Washington. Furthermore, there are no specific allegations – not based on "information and belief" – setting out a "plausible" claim of copyright infringement against Mr. May.

As Bungie pleads no plausible facts showing that Mr. May engaged in the supposed Copyright Infringement alleged the First Cause of Action, the First Cause of Action should be dismissed as to Mr. May. In addition, because the First Cause of Action is the only remaining cause of action asserted as to Mr. May, and as the remaining causes of action two and three

Motion to Dismiss
Cause No. 21-CV-0811-TSZ
Page 9

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

are not asserted against Mr. May, Mr. May should be dismissed from this case entirely with prejudice to its being re-filed here.

## CONCLUSION

For all the reasons stated herein, this action should be dismissed as to the individual Defendants Conway, Schaefer, Green and May.

Dated June 9, 2022.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

Motion to Dismiss
Cause No. 21-CV-0811-TSZ
Page 10
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900