THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; JAMES MAY,<br><br>　　　　　Defendants. | No. 2:21-cv-811-TSZ<br><br>**JOINT STATUS REPORT & DISCOVERY PLAN** |

Plaintiff Bungie, Inc. ("Bungie" or "Plaintiff") and Defendants AimJunkies.com, Phoenix Digital Group ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively, "Defendants") hereby submit this Joint Status Report and Discovery Plan pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 7), entered on July 19, 2021, and the Court's Order entered on April 27, 2022 (Dkt. No. 33).

**1.    The Nature and Complexity of the Case.**

　　　**Plaintiff's Statement**

　　　This is a copyright infringement and trademark infringement case in which Bungie claims that Defendants developed, advertised, and sold cheat software that gives players of Bungie's

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-811-TSZ) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

157174998

*Destiny 2* video game an unfair advantage over non-cheating players. Bungie claims that Defendants have infringed Bungie's software code and audiovisual copyrights in its *Destiny 2* video game by, among other things, copying and reverse-engineering certain parts of the *Destiny 2* software code, incorporating code derived from those copied parts into the cheat software, and distributing that code through the website AimJunkies.com. Bungie further claims that Defendants (other than James May) infringed its trademark rights in the DESTINY trademarks by using these trademarks on the AimJunkies.com website to advertise and sell the cheat software.

**Defendants' Position**

Defendants denies all claims in this case and states that none of the named Defendants copied any Bungie product or produced any derivative work based on any Bungie product. Defendants facilitate the sale and distribution of third-party products, much in the manner of Amazon, and for reasons recognized by this and other Courts in shielding Amazon for liability as to third-party created works, is not liable for acts of others in distributing such third-party goods.

Defendants also assert that, unless copyrights trademarks or other intellectual rights are infringed, distributing "cheat" software is not in and of itself unlawfu.

Finally, because Defendants distributed only a limited number of the products at issue here, have voluntarily and permanently ceased distributing them, and received gross revenues of less than $30,000 for their distribution, this case is ripe for early and efficient resolution before the expense and time of full-blown federal litigation are incurred.

The parties conducted their Fed. R. Civ. P. 26(f) conference on June 10, 2022. Bungie's motion for preliminary injunction (Dkt. No. 35) is currently pending before the Court.

**2.   Proposed deadline for the joining of additional parties.**

The parties propose October 14, 2022, as the deadline for joining additional parties.

**3.   Consent to assignment of case to magistrate**

The parties do not consent to referral to a United States Magistrate Judge.

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-811-TSZ) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

157174998

**4.     Proposed discovery plan (Fed. R. Civ. P. 26(f)(3)).**

   **(A)     Initial Disclosures.**

The Fed. R. Civ. P. 26(f) conference took place on June 10, 2022.  The parties will exchange initial disclosures on July 1, 2022 and shall supplement as required under the federal and local rules.

   **(B)     Subjects, Timing, and Potential Phasing of Discovery.**

The parties anticipate discovery of non-privileged and discoverable information relevant to Plaintiff's allegations.  This includes discovery regarding the creation, development, advertising, and distribution of Defendants' alleged *Destiny 2* cheat software, Defendants' use of Plaintiff's trademarks, and Plaintiff's damages, as well as discovery regarding Plaintiff's claimed copyrighted works and the factual bases for the various allegations made in Plaintiff's Amended Complaint.  The parties do not believe that discovery should be conducted in phases or be limited to or focused on a particular issue.

   **(C)     Electronically stored information.**

The parties will negotiate a Protocol for Discovery of ESI, if necessary and utilizing this Court's Model, which may be submitted for the Court's approval at a later date.

   **(D)     Privilege issues.**

The parties agree to redact documents that may be partially privileged. The parties further agree that documents that are responsive to discovery requests but are communications with counsel retained for this litigation that are privileged in their entirety and withheld from production for that reason need not be listed on a privilege log by either side. The parties will negotiate a Stipulated Protective Order for this case utilizing this Court's Model and anticipate that it will include a Fed. R. Evid. 502(d) claw-back provision.

   **(E)     Proposed limitations on discovery.**

The parties do not believe any limitations on discovery are necessary or appropriate at this time, other than the limits imposed by the Federal Rules of Civil Procedure and the Local Civil

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-811-TSZ) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

157174998

Rules. Neither party waives the right to seek leave to exceed these limits if necessary as this case proceeds. The parties agree that any issues regarding numerical limits on interrogatories shall be resolved in accordance with the law applicable at the time the issue arrives.

**(F)    The need for any discovery related orders.**

The parties will negotiate a Stipulated Protective Order and a Protocol for Discovery of ESI, if necessary and utilizing this Court's Model, which may be submitted for the Court's submission at a later date.

**5.    The parties' view on all items set forth in Local Civil Rule 26(f)(1)**

**(A)    Prompt case resolution.**

**Plaintiff's Position**

The parties have discussed, and continue to discuss, the possibility of promptly resolving the case. Plaintiff believes that certain discovery would be beneficial prior to the scheduling of mediation, but is amenable to considering mediation once that certain discovery is completed.

**Defendants' Position**

Defendants believe that because the potential remedies in this case are extremely limited and because Defendants have, at Plaintiff's request, voluntarily and permanently ceased distributing the goods at issue, the case is ripe for a prompt, agreed resolution. Defendants propose, therefore, that the Court order prompt referral of this matter to a settlement judge for early exploration as to whether an early, agreed resolution is possible.

**(B)    Alternative dispute resolution.**

**Plaintiff's Position**

The parties have discussed the possibility of pursuing alternative dispute resolution methods. Plaintiff believes that certain discovery would be beneficial prior to the scheduling of mediation, but is amenable to considering mediation once that certain discovery is completed.

**Defendants' Position**

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-811-TSZ) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

157174998

Defendants believe that an early, court-ordered mediation session with a settlement magistrate of judge would be beneficial and likely to resolve the matter in its entirety.

**(C)** **Related cases.**

The parties have initiated arbitration before JAMS on some of the claims asserted in Plaintiff's original Complaint (Dkt. No. 1). The action is titled *Bungie, Inc. v. Aimjunkies.com, et al.*, Ref #5160000075 (JAMS). The arbitration concerns causes of action 4–9 in Plaintiff's original Complaint in this matter, which were stayed by this Court's Order (Dkt No. 33 at p. 13) on April 27, 2022.

**(D)** **Discovery management.**

Before any production of electronically stored information ("ESI"), the parties agree to confer with each other regarding the nature and type of ESI to be produced, including the form of production and to do so promptly to ensure production of ESI within the time allowed under the Federal Rules of Civil Procedure and Local Civil Rules. The parties will negotiate a Protocol for Discovery of ESI, if necessary.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of discovery-related pleadings may be made effective via email to the parties' respective counsel of record at the email addresses on file in this matter with the Court's electronic-filing system.

**(E)** **Anticipated discovery sought.**

The parties expect that subjects of discovery will include all issues identified in the pleadings.

**(F)** **Phasing motions.**

The parties do not believe that phased motions are necessary at this time.

**(G)** **Preservation of discoverable information.**

**Plaintiff's Position**

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-811-TSZ) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

157174998

As Plaintiff explained in its motion for preliminary injunction (Dkt. No. 35), Plaintiff is concerned that Defendants may transfer or otherwise dispose of the *Destiny 2* cheat software that is the subject of this dispute and central to resolution of this case to an unknown Ukrainian entity.

**Defendants' Position**

As noted in Defendants' Opposition to Motion for Preliminary Injunction filed June 6, 2022 (Dkt#39), the sale to the Ukrainian purchaser has already taken place and had taken place before the Motion for Preliminary Injunction was filed. As further noted in Defendants' Opposition, Defendants do not have, and have never had, access to Plaintiff's source code and have not made, and cannot make, any transfer of such to anyone.

**(H)    Privilege issues**

Please see entry for Section 4(D) above, which is incorporated by reference.

**(I)    Model Protocol for Discovery of ESI.**

The parties will negotiate a Protocol for Discovery of ESI, if necessary.

**(J)    Alternatives to Model Protocol**

The parties will negotiate a Protocol for Discovery of ESI, if necessary.

**6.  Completion of discovery.**

The parties believe fact discovery can be completed by January 31, 2023.

**7.  Bifurcation.**

The parties agree that bifurcation is not necessary.

**8.  Pretrial Statements and Pretrial Order**

The parties do not agree to dispense with the Pretrial Statements and Pretrial Order under the Local Rules.

**9.  Suggestions for shortening or simplifying the case.**

**Plaintiff's Position**

Plaintiff does not have any other suggestions for simplifying or shortening the case, but intends to cooperate towards that end. Plaintiff believes that certain discovery would be beneficial

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-811-TSZ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

157174998

prior to the scheduling of mediation, but is amenable to considering mediation once that certain discovery is completed.

**Defendants' Position**

Again, Defendants believe this case can and should be settled before significant waste and expense are incurred, and believe an early court-ordered mediation would be most cost effective in achieving that end.

**10.   Date case will be ready for trial.**

The parties believe that the case will be ready for trial by July 11, 2023.

**11.   Whether the trial will be jury or non-jury.**

The parties have demanded a trial by jury as to all issues so triable.

**12.   The number of trial days required.**

The parties anticipate the trial of this matter will require three to four days.

**13.   The names, addresses, and telephone numbers of all trial counsel.**

**For Plaintiff**:

> William C. Rava
> Jacob P. Dini
> Perkins Coie LLP
> 1201 Third Avenue, Suite 4900
> Seattle, WA 98101-3099
> Telephone: 206.359.8000
> Facsimile: 206.359.9000
> Email: WRava@perkinscoie.com
> Email: JDini@perkinscoie.com

**For Defendant**:

> Philip P. Mann
> Mann Law Group PLLC
> 403 Madison Ave. N.
> Suite 240
> Bainbridge Island, WA 98110
> Telephone: 206.855.8839
> Facsimile: 866.341.5140
> Email: phil@mannlawgroup.com

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-811-TSZ) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

157174998

1  **14.**   **The dates on which the trial counsel may have conflicts.**

2       The parties' counsel do not currently have any conflicts for a trial date in June 2023.

3  **15.**   **Service on Defendant.**

4       All Defendants have been served.

5  **16.**   **Scheduling Conference.**

6       <u>**Plaintiff's Position**</u>

7       Plaintiff does not believe that a scheduling conference is necessary at this time, but would

8  defer to the Court's preference.

9       <u>**Defendants' Position**</u>

10      Defendants are more than happy to participate in a scheduling conference should the Court

11 believe it would be helpful.

12 **17.**   **Corporate Disclosure statements.**

13      Plaintiff Bungie filed its corporate disclosure statement on June 15, 2021.  Dkt. No. 2.

17 DATED: June 10, 2022

18 By:  */s/William C. Rava*  
William C. Rava, WSBA No. 29948  
Jacob P. Dini, WSBA No. 54115  
**Perkins Coie LLP**  
1201 Third Avenue, Suite 4900  
Seattle, WA  98101-3099  
Telephone:  206.359.8000  
Facsimile:  206.359.9000  
Email:  WRava@perkinscoie.com  
Email:  JDini@perkinscoie.com  

*Attorneys for Plaintiff Bungie, Inc.*

By:  */s/Philip P. Mann*  
Philip P. Mann, WSBA No. 28860  
Mann Law Group PLLC  
403 Madison Ave. N.  
Suite 240  
Bainbridge Island, WA 98110  
Telephone: 206.855.8839  
Facsimile:  866.341.5140  
Email: phil@mannlawgroup.com  

*Attorney for Defendants*

JOINT STATUS REPORT & DISCOVERY PLAN  
(No. 2:21-cv-811-TSZ) – 8

**Perkins Coie LLP**  
1201 Third Avenue, Suite 4900  
Seattle, WA  98101-3099  
Phone:  206.359.8000  
Fax:  206.359.9000

157174998