THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN, JEFFREY CONWAY; AND JAMES MAY, <br><br> Defendants. | No. 2:21-cv-811 <br><br> **PLAINTIFF BUNGIE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION** |

PLAINTIFF'S REPLY ISO
MOT. FOR PRELIM. INJ.
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

157156261.6

## I. INTRODUCTION

The Court should issue the requested preliminary injunction. With the purported sale of AimJunkies.com (one of the named Defendants), Defendants apparently have now provided a purported purchaser the ability to distribute the Cheat Software, while also maintaining such distribution abilities themselves. In this copyright infringement action, that is definitional irreparable harm. Defendants admit by omission that Bungie is likely to succeed on its copyright infringement claim and that the equitable and public interest balancing weighs in Bungie's favor. And Defendants' convoluted and misrepresentative suggestion of untimeliness is belied by the record. The requested injunction should issue. At the least, or even in addition to issuing the injunction, the Court should allow targeted discovery into the purported sale of AimJunkies.com.

## II. ARGUMENT

### A. Defendants Do Not Contest Most of the Elements of a Preliminary Injunction

Defendants oppose Bungie's motion for preliminary injunction (Dkt. No. 35) (hereafter "Motion") on a single, narrow ground: lack of irreparable harm. Defendants do not contest that Bungie is likely to succeed on the merits of its copyright infringement claim; that the balance of equities favors Bungie; and that the public interest supports issuance of a preliminary injunction. By failing to address—much less contest—these issues, Defendants effectively admit that Bungie's arguments on these elements have merit. *See Travelers Cas. and Surety Co. of Am. v. Mastro*, No. C10-033RSL, 2010 WL 11688422, at *2 (W.D. Wash. Sept. 8, 2010) ("Defendant fails to address this portion of plaintiff's motion in her memorandum in opposition to plaintiff's motion" and therefore may be deemed by the Court to be an admission that opposition is without merit); *Fagerlie v. HSBS Bank, NA*, No. C12-2205 RSM, 2013 WL 1914395, at *2 (W.D. Wash. May 8, 2013); *see also* Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

PLAINTIFF'S REPLY ISO
MOT. FOR PRELIM. INJ.
(No. 2:21-cv-811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

157156261.6

**B.      Bungie Is Likely to Suffer Irreparable Harm Absent a Preliminary Injunction**

Because Defendants still have access to and control the means to distribute the Cheat Software to third parties, and now claim to have also sold such access and control to some unnamed third party, Bungie is likely to suffer irreparable harm. Unlike a physical commodity, selling the Cheat Software or any particular Cheat Software distribution channel is no barrier to Defendants' continued access to and distribution of the Cheat Software to additional third parties. Defendants have repeatedly admitted that they have the ability to control the distribution of the Cheat Software. Schaefer PI Decl. at ¶ 3–5; Declaration of David Schaefer ISO Defendants' Mot. to Dismiss (Dkt. No. 28-5) (hereafter "Schaefer MTD Decl.") at ¶¶ 3, 7. Defendants provide their customers with access to the third-party servers where the Cheat Software is stored. Schaefer PI Decl. ¶ 5. Defendants know where the Cheat Software is stored, know how to access those servers, and know how to enable others to access those servers for the purpose of distributing the Cheat Software. *Id.*

Although Defendants now claim that they "[n]ever had or has possession of, or even access to, the source code and/or object code of the…Cheat Software," Schaefer PI Decl. at ¶ 6, that is not (and apparently never has been) a necessary condition to their distribution of the Cheat Software to their purchasers or anyone else, and so it should not prevent a finding of irreparable harm here. Similarly, even if Defendants' "Aimjunkies.com website was sold to a purchaser in the Ukraine" on May 5 (but, as explained below, there is reason to doubt this claim), Defendants can still act as a middleman between the Cheat Software developers' servers and any future purchasers of the Cheat Software. *Id.* at ¶ 9. Indeed, as Bungie has alleged and as shown in the evidence offered by both parties in connection with Bungie's Motion, Defendants continue to control other websites, <mombotcheats.com> and <virtual-advantage.com>, that distribute cheat software. Amend. Compl. (Dkt. No. 34) at ¶ 63; Declaration of William C. Rava ISO Pl.'s Mot. for Prelim. Inj. (Dkt. No. 37-1) ("Rava PI Decl."), Ex. 7; Schaefer PI Decl., Ex. A (Dkt. No. 39-2) (letter from Defendants' prior counsel stating that as of June 2021, "[Phoenix Digital Group] still

PLAINTIFF'S REPLY ISO
MOT. FOR PRELIM. INJ.
(No. 2:21-cv-811) –3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

157156261.6

owns and operates the subject websites today," where the subject websites include <aimjunkies.com>, <mombotcheats.com>, and <virtual-advantage.com>). There is no evidence suggesting that these other cheat distribution websites were included in the purported sale of AimJunkies.com. *See* Opp'n; Schaefer PI Decl. at ¶ 9. Put simply: Defendants can still distribute the Cheat Software, and the purported sale shows they are willing to do so. This is exactly what Bungie's requested preliminary injunction seeks to prohibit. *See* Dkt. No. 35-1 at p.5 (proposed order that Defendants be "enjoined…from selling, providing, or otherwise transferring the Cheat Software."). Bungie is therefore likely to suffer irreparable harm, and its Motion should be granted.

C. **Bungie's Motion Is Timely**

In their Opposition, Defendants present a muddied, unsubstantiated, and inconsistent narrative of events, which should be accorded little weight, if any. For purposes of this Motion, here are the relevant facts.

On November 4 and 9, 2020, Bungie sent demand letters to Defendants Jeffrey Conway and David Schaefer, informing Defendants of their unlawful activity. Declaration of William C. Rava ISO Pl.'s Reply ("Rava Reply Decl."), Ex. 1.

On November 20, 2020, Mr. Conway responded, claiming that Defendant Phoenix Digital sold the AimJunkies.com and related websites to the "CallofDutyHacks.RU site owners some time ago." *Id.*, Ex. 2.

On December 11, 2020, Bungie responded to Mr. Conway, requesting evidence to support the alleged sale of AimJunkies.com to the new owners and explaining that it appeared that Phoenix Digital still owned the AimJunkies.com website. *Id.*, Ex. 3. At that time, it did not appear that the Cheat Software was available on the AimJunkies.com website, at least not on those publicly-accessible portions of the AimJunkies.com website. *See* Schaefer PI Decl. at ¶ 4.

On June 15, 2021, having not received any response from Defendants, Bungie filed its original complaint in this action. Dkt. No. 1.

PLAINTIFF'S REPLY ISO
MOT. FOR PRELIM. INJ.
(No. 2:21-cv-811) –4

157156261.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

On June 29, 2021, Defendants sent a letter to Bungie explaining that the sale of AimJunkies.com described in their November 20, 2020 letter "ultimately did not go through," despite Mr. Conway's representation that it had occurred "some time ago." Schaefer PI Decl., Ex. A. Defendants further explained that "[Phoenix Digital Group] still owns and operates the subject websites today."[1]  Id.  At that time, it still appeared that, consistent with Defendants' representation, the Cheat Software was not still listed on the public-facing portions of the AimJunkies.com website. Id.

On April 27, 2022, the Court issued an order on Defendants' motion to dismiss.

On April 28, 2022, an article located at torrentfreak.com primarily reporting on the Court's order also noted that Defendants "did stress that they are in the final stages of selling the AimJunkies websites to a Ukrainian group of investors." Rava PI Decl., Ex. 5. This was the first time since November 2020 that there was any suggestion that the Cheat Software, or the means of accessing and distributing it, could be transferred to or shared with any third party.

On May 11, 2022, concerned about the possible sale and a change in the status quo with respect to the Cheat Software, Bungie emailed Defendants, asking to confirm whether the sale had been completed and if it included the Cheat Software. Rava PI Decl., Ex. 4. Defendants never responded. Rava PI Decl. at ¶ 7.

On May 19, 2022, having received no response to its May 11 inquiry, Bungie filed the Motion. Dkt. No. 35.

On May 23, 2022, Defendants issued a "press release" reporting that a company called "Blome Entertainment" had acquired AimJunkies.com. Rava Reply Decl., Ex. 4.[2]

---

[1] In their Opposition, Defendants claim the letter stands for the exact opposite; namely, that "the Aimjunkies.com site was to be sold to Ukrainian purchasers." Opp'n at 6. The letter does not mention Ukrainian purchasers, and states that Defendants *still own and operate* AimJunkies.com.

[2] This "press release" mirrors a press release announcing Sony's acquisition of Bungie in January 2022, copying Bungie's press release word-for-word in many instances. *Compare* Rava Reply Decl., Ex. 4 *with id.*, Ex. 5. The similarity is not accidental. Metadata of the AimJunkies.com / BME press release contained the following title: "Sony Interactive Entertainment to Acquire Leading Independent Videogame Developer, Bungie," (the title of the Sony / Bungie press release) and the following author: "Dave" (presumably, David Schaefer). *See* Rava Reply Decl., Ex. 6.

PLAINTIFF'S REPLY ISO
MOT. FOR PRELIM. INJ.
(No. 2:21-cv-811) –5
157156261.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

On June 6, 2022, in a declaration in support of Defendants' opposition to the Motion, Defendant David Schaefer offers a single sentence relating to the purported sale. Schaefer PI Decl. ¶ 9. Mr. Schaefer did not specify to whom the AimJunkies.com website was sold, any terms or conditions of the sale agreement (or, indeed, even the existence of a written agreement), or *any* details regarding the sale. *See id.*

As is clear from this record, Bungie did not delay in bringing the Motion, but instead moved expeditiously as soon as the situation concerning the Cheat Software changed. Bungie also moved responsibly, not bringing the Motion before first attempting to engage with Defendants about the purported sale. Only after Bungie had attempted to exhaust non-judicial means to confirm the details of the purported sale did it seek the Court's intervention. Bungie's Motion was timely, and Defendants' unsupported request for attorneys' fees and costs on the basis that this Motion is "unnecessary, baseless, and indeed moot" is therefore unwarranted and should be denied.

To the extent there are still open questions regarding the purported sale, Bungie requests limited and focused discovery into the sale, including discovery related to the identity of the buyer (to date, Bungie has been unable to find any evidence supporting the existence of Blome Entertainment), the sale price, and the assets sold. There are several reasons why there could be open questions concerning the sale, including Defendants' affirmative misrepresentation regarding the content of their June 29, 2021 letter (*see supra* n.1), Defendants' issuance of a largely copied press release more than 2 weeks after the purported sale (*see supra* n.2), Defendants' failure to provide any details regarding the purported sale in opposition to the Motion (*compare* Schaefer PI Decl. at ¶ 9 *with* Rava Reply Decl., Ex. 4), and Defendants' failure to respond to a simple inquiry before Bungie filed the Motion (Rava PI Decl. at ¶ 7, Ex. 4). If the Court decides that there is any question whether irreparable harm is likely based on the current record, Bungie respectfully requests that limited, expedited discovery into the purported sale be permitted before the Court rules on the Motion.

PLAINTIFF'S REPLY ISO
MOT. FOR PRELIM. INJ.
(No. 2:21-cv-811) –6

157156261.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### III. CONCLUSION

For the foregoing reasons, Bungie respectfully requests that its motion for a preliminary injunction be granted.

Dated: June 10, 2022

By: /s/ William C. Rava
William C. Rava, Bar No. 29948
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
JDini@perkinscoie.com

PLAINTIFF'S REPLY ISO
MOT. FOR PRELIM. INJ.
(No. 2:21-cv-811) –7

157156261.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000