THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>**Note on Motion Calendar:**<br>**July 8, 2022** |

Defendants, by and through their undersigned counsel, hereby move under Rule 26(c) Fed.R.Civ.P for a protective order directing that the information sought from third party PayPal Inc., pursuant to the subpoena (copy attached as Exhibit A) issued by Plaintiff Bungie, Inc., on June 23, 2022 be provided, if at all, only on such terms and conditions as this court may direct.

In support of this motion, Defendants state as follows:

1.   PayPal Inc., is engaged in the business of providing online payment services to its subscribers. Subscribers are able to receive online payments from others such as, for example, when an item is sold online. Similarly, subscribers are able to make payments to others via online transactions facilitated by PayPal. PayPal thus serves much in the manner of a bank wherein subscribers conduct much or all of their financial activities through their services, which transaction can and often do go far beyond simply making purchases on, for

Motion for Protective Order
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

example, eBay.  Information collected and retained by PayPal is just as private and sensitive as private banking information retained by more traditional forms of banks.

2. At one time, Defendant Phoenix Digital Group LLC, along with the remaining Defendants had an maintained accounts with PayPal.  For reasons that remain unknown and unexplained, PayPal, in April 2020, abruptly and unilaterally canceled Defendants' accounts and barred them from accessing their own records.  Upon information and belief, such unilateral action by PayPal was instigated at the behest of Bungie.

3. The subpoena issued by Bungie to PayPal broadly seeks all financial records possessed by PayPal relating not only to the corporate and individual defendants here, but also to the wives and children of the individual defendants.  These documents and records are not limited to information relevant to the issues here, namely the extent of Defendants' distribution of the subject products and the revenues derived therefrom, but include information regarding *all* of Defendants' products and sales far beyond those involved here, which only make up a small fraction of Defendants overall sales and revenues.  There is no legitimate reason for Bungie to receive sensitive business information that does not, and that cannot, have any bearing on the products at issue here, namely those products Bungie identifies as "Destiny 2" "cheat software."

4. Furthermore, because many of the individuals named in the subpoena used PayPal for personal financial transactions, the records, if provided, could disclose sensitive personal information (such as payments to medical, legal or other providers) that have absolutely nothing to do with any of the issues here and which is, for lack of a better term, none of Bungie's business.  This is particularly true in the case of family members who were not involved in any of Defendants' activities but are, nonetheless identified in the subpoena and whose personal information would be released.

5. Similarly, it appears the goal of the subpoena is to identify Defendants' customers as well.  The identities of these customers has nothing to do with any legitimate issue in this case.  Indeed, Defendants have already provided their sales volumes and revenues for the subject products to Bungie and have no objection to discovery into those subjects.  Seeking the names and identities of Defendants' customers is not only highly irrelevant, it appears intended to enable Bungie to harass Defendants' customers by dragging them into this matter with ostensible "third party" discovery.  Given Bungie's admitted goal of, "[putting]

Motion for Protective Order
Cause No. 21-CV-0811-TSZ
Page 2

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

cheaters and those who assist them on notice that Bungie does not and will not tolerate cheating in Destiny 2," (Dkt# 1, Complaint ¶4), obtaining the identity of Defendants' customers by way of the subpoena to PayPal is clearly intended to enable Bungie to do precisely this. As it has by no means been anywhere established that "cheating in Destiny 2" is either unlawful or otherwise a legitimate concern of this Court, allowing discovery via this subpoena to proceed not only serves no legitimate interest of Bungie but clearly compromises the rights and interests of third parties who simply have no bearing on the legitimate issues of this case.

6. To the extent PayPal has relevant information, that information consists of how many of the subject "Destiny 2" "cheat software" products were distributed by Defendants and what revenues were derived therefrom. *Who* these products were sold to has no bearing on either liability or the measure of damages, should liability ever be found. What *other* products were distributed by Defendants are not and cannot be the concern of Bungie in this case, nor can the private financial records of both the Defendants and third parties be of any legitimate concern either.

7. Finally, Defendants' Motion for Partial Dismissal of the Amended Complaint (Dkt#40) remains pending and has not even been fully briefed, much less decided. If granted, the individual Defendants in this case will be dismissed entirely. Given that the subpoena clearly affects the individual Defendants, and given that there is an can be no legitimate claim that time is of the essence, Bungie will not be harmed, and Defendants will avoid considerable harm, if the subpoena is held in abeyance pending a decision on the motion.

8. For all these reasons, compliance with the subpoena, if at all, should be limited to PayPal records sufficient to show the number, if any, of the subject "Destiny 2" "cheat software" products that were distributed by Defendants and what revenues if any, were derived therefrom. Specifically, all inquires into third parties, including but not limited to customers for Defendants' products, should be completely barred as having no legitimate bearing on the issues in this case and, more importantly, to protect them from harm. Finally, all inquiries into products other than the "Destiny 2" "cheat software" products should be barred as having no relationship to the issues in this case and to avoid the disclosure of sensitive business information that is not the legitimate concern of Bungie in this action.

Such action by this Court is respectfully requested.

Motion for Protective Order
Cause No. 21-CV-0811-TSZ
Page 3

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

**CERTIFICATION UNDER RULE 26(C)(1)**

On June 30, 2022 at approximately 8:06 am I sent an email to Plaintiff's counsel raising objections to the subject subpoena, proposing limits thereto, and requesting a conference to discuss them. As of the filing of this motion, I have not heard back from Plaintiff's counsel. Because time is of the essence, Defendants are filing this motion at this time. If Plaintiff's counsel confers with undersigned counsel and a resolution is reached, Defendants will, of course, voluntarily withdraw this motion.

Dated June 30, 2022.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

Motion for Protective Order
Cause No. 21-CV-0811-TSZ

Page 4

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900