THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN, JEFFREY CONWAY; AND JAMES MAY, <br><br> Defendants. | No. 2:21-cv-811-TSZ <br><br> PLAINTIFF BUNGIE, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER <br><br> NOTED: JULY 8, 2022 |

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ)

157394754.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

                                                                **Page**

I. INTRODUCTION ....................................................................................................... 1

II. BACKGROUND AND ARGUMENT ......................................................................... 1

    A. Defendants Failed to Confer with Bungie and Their Motion Should be Denied ................................................................................................................ 2

    B. Defendants Lack Standing ................................................................................ 3

    C. The PayPal Subpoena Seeks Relevant Documents ........................................... 5

    D. Bungie Is Entitled to Its Attorney's Fees .......................................................... 7

III. CONCLUSION ............................................................................................................. 8

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –i
157394754.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*1st Tech. LLC v. Bodog Ent. Grp. S.A.*,
  No. C07-1848RAJ, 2008 WL 11509303 (W.D. Wash. Jan. 22, 2008) ............................. 5, 6, 7

*Anstead v. Virginia Mason Med. Ctr.*,
  No. 221CV00447JCCJRC, 2022 WL 1166440 (W.D. Wash. Apr. 20, 2022) ..................... 3, 4

*Best v. Berryhill*,
  No. C16-6040RAJ, 2017 WL 6016337 (W.D. Wash. Dec. 4, 2017), *aff'd sub
  nom. Best v. Saul*, 808 F. App'x 544 (9th Cir. 2020) ................................................................. 3

*Bodyguard Prods., Inc. v. Doe 1*,
  No. C17-1648 RSM, 2018 WL 2387841 (W.D. Wash. May 25, 2018) ...................................... 3

*Choi v. City of Lakewood*,
  No. 21-5119 RJB, 2022 WL 670898 (W.D. Wash. Mar. 7, 2022) ............................................. 2

*Coalview Centralia*,
  No. 3:18-CV-05639-RBL, 2019 WL 2563851 .............................................................. 3, 4, 5

*Columbia Asset Recovery Grp., LLC v. Phoenix Processor Ltd. P'ship*,
  No. C13-02302RSL, 2014 WL 1669989 (W.D. Wash. Apr. 28, 2014) ................................. 2, 8

*Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*,
  No. 16-0665-RAJ, 2018 WL 3862250 (W.D. Wash. Aug. 14, 2018) ........................................ 2

*Ford Glob. Techs., LLC v. New World Int'l, Inc.*,
  No. C15-1329JLR, 2015 WL 6507151 (W.D. Wash. Oct. 27, 2015) .......................... 3, 4, 6, 7

*Gamble v. State Farm Mut. Auto. Ins. Co.*,
  No. 3:19-CV-05956-RJB, 2020 WL 4901670 (W.D. Wash. Aug. 20, 2020) ........................... 8

*Nat'l Prod., Inc. v. Aqua Box Prod., LLC*,
  No. C12-605 RSM, 2013 WL 142881 (W.D. Wash. Jan. 11, 2013) .......................................... 5

*Stein v. I 5 Exteriors Inc.*,
  No. 3:21-CV-5093-DWC, 2021 WL 4902518 (W.D. Wash. Sept. 15, 2021) ............................ 3

**RULES**

Fed. R. Civ. P. 26(c)(1) ................................................................................................................ 1, 2

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –ii

157394754.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES
(continued)

| | Page(s) |
|---|---|
| Fed. R. Civ. P. 26(c)(3) | 8 |
| Fed. R. Civ. P. 45(a)(4) | 1 |
| LCR 11(c) | 2, 8 |
| LCR 26 | 2 |
| LCR 26(c)(1) | 1, 2, 8 |

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –iii

157394754.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.     INTRODUCTION

The Court should summarily deny Defendants' Motion for Protective Order (Dkt. No. 49, hereafter "Motion") and award Plaintiff Bungie Inc. ("Bungie") its fees for three independently dispositive reasons. First, Defendants filed the Motion without conferring with Bungie, in violation of Fed. R. Civ. P. 26(c)(1) and LCR 26(c)(1). Second, Defendants do not have standing to object to the June 23, 2022 subpoena that Bungie served on PayPal (the "PayPal Subpoena") and do not include any legal citations or evidence that might support such standing. Third, the PayPal Subpoena seeks information related to the Defendants' sale and distribution of cheat software using PayPal services, information that is squarely relevant to this case.

The Motion should be denied and Bungie should be awarded its fees.

## II.    BACKGROUND AND ARGUMENT

On June 23, 2022, pursuant to Fed. R. Civ. P. 45(a)(4), Bungie provided notice to Defendants of its intent to serve the PayPal Subpoena, as well as a copy of the subpoena. Declaration of William Rava ("Rava Decl."), Ex. 1. Bungie served the subpoena on PayPal later that day. *Id.*, Ex. 2.

On June 30, 2022, at 8:07 a.m., Defendants emailed Bungie, noting that they had "some objections to the Paypal subpoena" but not indicating that they planned to file a motion that day. *Id.*, Ex. 3. Before Bungie responded, without any warning, and without otherwise attempting to confer with Bungie, at 4:30 p.m. *that same day*, Defendants filed their Motion. *Id.* at ¶ 4. When notified that their Motion was improper due to their lack of conferral, Defendants refused to withdraw their Motion unless Bungie would agree to Defendants' proposed revisions regarding the scope of the subpoena.

On July 1, 2022, the day *after* Defendants filed their Motion, the parties conferred and Bungie agreed to narrow the scope of the PayPal Subpoena to the extent Defendants identified

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –1

157394754.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

which family member's account information was purportedly sought by the PayPal Subpoena and confirmed those accounts were not used by Defendants. Rava Decl., Ex. 4.

On July 5, 2022, Defendants identified those email addresses (four of them), and Bungie agreed to revise the PayPal Subpoena to remove those four accounts. *Id.* at ¶ 5.

A.  **Defendants Failed to Confer with Bungie and Their Motion Should be Denied**

Both Federal Rule of Civil Procedure 26(c)(1) and Local Civil Rule 26(c)(1) have specific meet-and-confer obligations regarding moving for a protective order. Under LCR 26, the movant must "engage[] in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action," requiring that the conference be "a face-to-face meeting or a telephone conference." Where a party fails to confer prior to bringing a motion, the party or their attorney may "in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate." LCR 11(c). Courts routinely dismiss motions where a movant fails to first confer when required by the civil rules. *Choi v. City of Lakewood*, No. 21-5119 RJB, 2022 WL 670898, at *2 (W.D. Wash. Mar. 7, 2022) (denying motion to compel where parties exchanged emails but did not confer face-to-face or by telephone); *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, No. 16-0665-RAJ, 2018 WL 3862250, at *1 (W.D. Wash. Aug. 14, 2018) (denying motion where movant failed to confer prior to filing); *Columbia Asset Recovery Grp., LLC v. Phoenix Processor Ltd. P'ship*, No. C13-02302RSL, 2014 WL 1669989, at *1 (W.D. Wash. Apr. 28, 2014) (denying motion to compel because party failed to confer prior to filing pursuant to local rules).

There is no question that Defendants failed to confer prior to filing their Motion. The single email sent *the same day they filed their Motion* is not enough to satisfy the conference requirement. On that basis alone, the Court should deny Defendants' Motion.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –2

157394754.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### B. Defendants Lack Standing

Setting aside the threshold issue of Defendants' failure to confer, their Motion should be denied because they lack standing to assert relevancy objections to the PayPal Subpoena.

Because the PayPal Subpoena was not directed to Defendants, they "lack[] standing to object to a subpoena served on a third party on grounds of relevance or undue burden." *Anstead v. Virginia Mason Med. Ctr.*, No. 221CV00447JCCJRC, 2022 WL 1166440, at *3 (W.D. Wash. Apr. 20, 2022). A party does not have standing to object to the scope of a third-party subpoena, unless the subpoena concerns attorney-client privileged or otherwise protected materials. *Id.* at *3 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."); *see also Ford Glob. Techs., LLC v. New World Int'l, Inc.*, No. C15-1329JLR, 2015 WL 6507151, at *3 (W.D. Wash. Oct. 27, 2015). The party seeking the protective order has the burden to establish that the information sought is "privileged" or is otherwise protected. *Stein v. I 5 Exteriors Inc.*, No. 3:21-CV-5093-DWC, 2021 WL 4902518, at *1 (W.D. Wash. Sept. 15, 2021) ("The party seeking to quash or modify a subpoena bears the burden of showing that the subpoena should be quashed or modified.").

Here, Defendants did not even try to meet this burden. Their Motion does not contain *any* legal authority or evidentiary support but instead relies only on argument from counsel. Of course, "counsel's argument in a brief is not evidence." *Best v. Berryhill*, No. C16-6040RAJ, 2017 WL 6016337, at *5 (W.D. Wash. Dec. 4, 2017), *aff'd sub nom. Best v. Saul*, 808 F. App'x 544 (9th Cir. 2020). **This is fatal to their Motion.** *See Bodyguard Prods., Inc. v. Doe 1*, No. C17-1648 RSM, 2018 WL 2387841, at *2 (W.D. Wash. May 25, 2018) (denying motion to quash subpoena where movant "failed to show that the subpoena at issue requires disclosure of privileged or otherwise protected information"); *Coalview Centralia*, No. 3:18-CV-05639-RBL, 2019 WL 2563851, at *3 (magistrate recommendation to deny motion to quash subpoena where movant provided only "speculative" and "conclusory" allegations, and failed to provide "evidence or

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –3

157394754.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  particularized argument showing the scope of documents will impede on any [protected] right or
2  privilege").

3      Not only did Defendants not present *any* legal or evidentiary support for their objections,
4  they also do not have standing to assert the objections they bring in their Motion. Defendants list
5  only three objections to the PayPal Subpoena, identified in Paragraphs 3–5 of their Motion. Each
6  of those objections are based on the purported relevancy of the documents sought by the PayPal
7  Subpoena. *See* Mot. at ¶ 3(objecting that the subpoena seeks "documents and records [that] are
8  not limited to information relevant to the issues here"); ¶ 4 (objecting that the subpoena seeks
9  information regarding persons that "have absolutely nothing to do with any issues here"); ¶ 5
10 (objecting that the subpoena seeks information regarding customers that have "nothing to do with
11 any legitimate issue in this case"). Indeed, in their Motion, Defendants concede that their
12 objections are grounded in relevancy, seeking to limit the scope of the subpoena based on their
13 (incorrect) assertion that "[t]o the extent PayPal has relevant information, that information consists
14 of how many of the subject 'Destiny 2' 'cheat software' products were distributed by Defendants
15 and what revenues were derived therefrom." *Id.* ¶ 6. It is black letter law, however, that
16 Defendants have no standing to assert relevancy objections to third party subpoenas like the PayPal
17 Subpoena, and thus Defendants' Motion should be denied. *Anstead*., No. 221CV00447JCCJRC,
18 2022 WL 1166440, at *3; *Coalview Centralia*, No. 3:18-CV-05639-RBL, 2019 WL 2563851, at
19 *2; *Ford Glob. Techs., LLC v. New World Int'l, Inc.*, No. C15-1329JLR, 2015 WL 6507151, at *3.

20     To the extent Defendants attempt to ground some of their objections in connection with
21 speculative concerns regarding the production of Defendants' financial information, and to the
22 extent Defendants assert that protecting such information gives them standing, those objections
23 should also be dismissed. Defendants assert—with no evidentiary support—that documents
24 produced in response to the PayPal Subpoena ***could*** disclose personal financial information. They
25 do not assert that such information is privileged or otherwise protected, nor do they provide any
26 authority for such an assertion. Mot. at ¶¶ 3–6. And their speculation that the subpoena "could"

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –4

157394754.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

result in the production of personal financial information is not sufficient to meet Defendants' burden. *See Coalview Centralia*, No. 3:18-CV-05639-RBL, 2019 WL 2563851, at *3 ("Plaintiff's arguments that the subpoena may disclose trade secrets or other proprietary information are speculative and contain only conclusory allegations that the subpoena could produce this type of information. Plaintiff provides no evidence or particularized argument showing the scope of documents will impede on any such right or privilege."). Courts have determined that bank records and similar financial documents are not protected materials sufficient to convey standing for a protective order. *Id.* (holding banking records did not constitute privileged or protected materials).

Because Defendants lack standing to assert relevancy objections, and do not present competent argument or evidence that the information sought by the PayPal Subpoena is privileged or otherwise protected, Defendants' Motion should be denied.

C.   **The PayPal Subpoena Seeks Relevant Documents**

Even if Defendants have a protected interest in the documents sought by the PayPal Subpoena sufficient to confer standing (they do not, and did not assert that they do), their Motion should still be denied because the information sought by the PayPal Subpoena is relevant and any potential harm from the disclosure of confidential information can be alleviated by Defendants designating the materials as "confidential" under protective order.[1]

"The Federal Rules of Civil Procedure allow for broad discovery in civil actions." *Nat'l Prod., Inc. v. Aqua Box Prod., LLC*, No. C12-605 RSM, 2013 WL 142881, at *1 (W.D. Wash. Jan. 11, 2013). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id.* Where a party establishes that a third-party subpoena seeks privileged or protected information, the Court weighs the injury of disclosure to the movant against the need for the information. *1st Tech. LLC v. Bodog Ent. Grp. S.A.*, No. C07-1848RAJ, 2008 WL 11509303, at *2 (W.D. Wash. Jan. 22, 2008). The potential harm from the disclosure of protected information can be alleviated by

---

[1] The parties are currently negotiating a protective order for this matter. Rava Decl. ¶ 6.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –5

157394754.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

designating documents as confidential under a protective order. *Id.*; *see also Ford Global Technologies,* No. C15-1329JLR, 2015 WL 6507151, at *3 (denying motion to quash or modify subpoena where movant's "personal interest and legitimate privacy interest" would be protected by a protective order). Here, the scope of the PayPal Subpoena is well within the boundaries of discovery, seeks relevant information, and will not harm Defendants.

First, the subject matter of the information requested by the PayPal Subpoena is relevant. As Defendants concede, they used PayPal's services in connection with their sale and distribution of their cheat software regarding Bungie's videogame, *Destiny 2*. Mot. at ¶¶ 2, 6. Such records are clearly relevant. To the extent those records provide identifying information for Defendants' customers, that information is also relevant because Bungie has asserted multiple theories of secondary liability for copyright infringement against Defendants, including on the basis that Defendants are vicariously and/or contributorily liable for their customers' infringement and also that Defendants induced the infringing acts of their customers. *See* Amend. Compl. (Dkt. No. 34) at ¶¶ 108–110; *see also* Dkt. No. 50 at p. 7–8 (holding that Bungie has raised serious questions as to the merits of its vicarious and contributory liability theories). The existence, identity, and testimony of these potential witnesses are all relevant to these issues. The PayPal Subpoena also seeks relevant account information. Bungie has a good faith belief that each of the parties, email addresses, and the phone number listed in the PayPal Subpoena are connected to Defendants and their sale of the cheat software. Defendants' unsupported and conclusory statements that some unrelated third parties *might* be affected by the subpoena is not sufficient basis to quash the subpoena. Moreover, Bungie has already agreed to remove from the scope of the PayPal Subpoena the four accounts which Defendants represented belonged to family members unrelated to this matter. *See* Rava Decl. ¶ 5.

Second, Defendants' objections as to the potential production of financial information unconnected to the cheat software is also misplaced. Defendants object that such information "could" contain personal financial information. Mot. ¶ 4. But that personal financial information

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –6

157394754.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

is relevant.  The individual Defendants have asserted that this Court lacks jurisdiction over them, attempting to hide behind their company (Phoenix Digital Group, LLC) that distributed the cheat software.  *See* Dkt. No. 40 (Defendants' Mot. to Dismiss) at p. 7–8.  But at least one phone number associated with at least one PayPal account used by the Defendants to distribute the cheat software is the personal phone number of one of the individual Defendants.  Rava Decl., Ex. 6; *see also* Dkt. No. 25 (Jeffrey Conway's ECF registration with the same phone number shown in AimJunkies PayPal receipt).  If individual Defendants are in fact mixing personal and company business, that fact is relevant to their personal involvement in distributing the cheat software and to their jurisdictional arguments.  (The customer data is also relevant to Defendants' jurisdictional arguments.)  And even if certain transactions or even accounts might be irrelevant, Defendants propose no method that PayPal can distinguish between transactions or accounts related to the *Destiny 2* cheat software and other transactions or accounts.

Third, Defendants are free to seek a protective order to designate as "confidential" any information disclosed in response to the PayPal Subpoena.  Defendants have not identified any information that would not be adequately protected by such designations.  Thus, there is no risk of harm to Defendants through the disclosure of information in response to the PayPal Subpoena, and even if some minimal harm exists, it is strongly outweighed by relevance of the information sought.  *1st Technology*, No. C07-1848RAJ, 2008 WL 11509303, at *2; *Ford Global Tecnologies*, No. C15-1329JLR, 2015 WL 6507151, at * 3.

**D.     Bungie Is Entitled to Its Attorney's Fees**

Where a motion for a protective order is denied, the Court must require that "the movant, the attorney filing the motion or both" pay the party "who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was "substantially justified or other circumstances make an award of expenses unjust."  *See* Fed. R. Civ. P. 26(c)(3) (noting that "Rule 37(a)(5) applies to the award of expenses"); *Gamble v. State*

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –7

157394754.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Farm Mut. Auto. Ins. Co.*, No. 3:19-CV-05956-RJB, 2020 WL 4901670, at *3 (W.D. Wash. Aug. 20, 2020) (denying motion for protective order and awarding attorney's fees to opposer).

Likewise, where a party "fails to confer in good faith" prior to filing a motion for a protective order, the Court may require an attorney or party "to satisfy personally such excess costs" and the party or attorney "may be subject to such other sanctions as the court may deem appropriate." LCR 11(c); LCR 26(c)(1); *Columbia Asset Recovery Grp., LLC v. Phoenix Processor Ltd. P'ship*, No. C13-02302RSL, 2014 WL 1669989, at *2 (W.D. Wash. Apr. 28, 2014) (granting attorney's fees to party opposing motion where movant failed to confer pursuant to requirement of civil rules).

Mounting a zealous defense does not entitle Defendants to file premature or meritless motions, nor to force Bungie to incur related expenses. Although Defendants' Motion lacked a single citation, contained no evidence, and violated the civil rules when filed without conference, it will cost Bungie more than $10,000 in attorneys' fees to respond. Rava Decl. at ¶ 8. Considering the fatal substantive and procedural flaws in Defendants' Motion, and Defendants' violation of the Federal and Local Rules, Bungie requests it be awarded at least $5,000 in fees, which reflects a material discount on the actual fees it incurred in responding to the Motion. At the Court's discretion, Bungie can provide a declaration supporting an award of the fees it actually incurred. Rava Decl. at ¶ 8; *see also Gamble v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-CV-05956-RJB, 2020 WL 4901670, at *3; *Columbia Asset Recovery Grp., LLC v. Phoenix Processor Ltd. P'ship*, No. C13-02302RSL, 2014 WL 1669989, at *2.

### III.   CONCLUSION

Defendants' Motion for a Protective Order—which is bereft of legal or evidentiary support—should be denied and Bungie should be awarded its reasonable fees expended in connection with responding to their Motion.

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –8

157394754.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: July 6, 2022

By: */s/ William C. Rava*
William C. Rava, Bar No. 29948
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
JDini@perkinscoie.com

*Attorneys for Plaintiff Bungie, Inc.*

PLAINTIFF'S OPP'N TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-811-TSZ) –9

157394754.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000