# EXHIBIT 1

| | |
|---|---|
| **From:** | Dini, Jacob (SEA) |
| **To:** | Phil Mann |
| **Cc:** | Rava, William C. (SEA); Marcelo, Christian W. (SEA) |
| **Bcc:** | 139303_7000__Pre_Adversarial IP Matters Email |
| **Subject:** | Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc. |
| **Date:** | Thursday, June 23, 2022 3:36:28 PM |
| **Attachments:** | Notice of PayPal Subpoena.pdf |

Phil,

Please see the attached, with hard copy to follow by mail.

Best,

**Jacob Dini** | **Perkins Coie LLP**
ASSOCIATE
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3832
F. +1.206.359.4832
E. JDini@perkinscoie.com

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

                 Plaintiff,

    v.

AIMJUNKIES.COM; PHOENIX
DIGITAL GROUP LLC; DAVID
SCHAEFER; JORDAN GREEN;
JEFFREY CONWAY; and JAMES MAY,

                 Defendants.

No. 2:21-cv-811-TSZ

**Date:**   July 15, 2022
**Time:**  10:00 a.m.
**Place:**  Perkins Coie LLP
           505 Howard Street
           Suite 1000
           San Francisco, CA 94105-3204

## NOTICE OF SUBPOENA TO CUSTODIAN OF RECORDS OF PAYPAL, INC.

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff Bungie, Inc., a Washington corporation ("Bungie"), will undertake efforts to

serve a Subpoena in a Civil Case for the production and copying of documents on the Custodian

of Records for PayPal, Inc., in care of its registered agent, CT Corporation System, 711 Capitol

Way S., Ste. 204, Olympia, WA, 98501-1267. A copy of the subpoena is attached hereto.

PLAINTIFF'S NOTICE OF
SUBPOENA TO PAYPAL
(No. 2:21-CV-811-TSZ) –1

157168646.1

1    DATED this 23 day of June 2022

2                                      By:  */s/William C. Rava*
                                       William C. Rava, WSBA No. 29948
3                                      Jacob P. Dini, WSBA No. 54115
                                       **Perkins Coie LLP**
4                                      1201 Third Avenue, Suite 4900
                                       Seattle, WA  98101-3099
5                                      Telephone:  206.359.8000
                                       Facsimile:  206.359.9000
6                                      Email:  WRava@perkinscoie.com
7                                               JDini@perkinscoie.com

8                                      *Attorneys for Plaintiff Bungie, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S NOTICE OF
SUBPOENA TO PAYPAL
(No. 2:21-CV-811-TSZ) –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

157168646.1

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

The undersigned hereby certifies that they served a true and correct copy of the foregoing

4

Plaintiff's Notice of Subpoena to Custodian of Records of PayPal, Inc. to the following via first

5

class mail and the email address below:

6

Philip P. Mann
Mann Law Group PLLC

7

403 Madison Ave. N.
Suite 240

8

Bainbridge Island, WA 98110
Telephone:  206.855.8839

9

Facsimile:  866.341.5140
Email: phil@mannlawgroup.com

10

11

12

*/s/Jacob P. Dini*
Jacob P. Dini

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:21-CV-811-TSZ) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

157168646.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | |
|---|---|
| BUNGIE, INC. | ) |
| *Plaintiff* | ) |
| AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; AND JAMES MAY | ) Civil Action No.  2:21-cv-811-TSZ |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Custodian of Records of PayPal, Inc.
c/o CT Corporation System, 711 Capitol Way S., Ste. 204, Olympia, WA 98501-1267

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Perkins Coie LLP, 505 Howard St., Suite 1000, San Francisco, CA 94105-3204, Attn: William Rava | Date and Time:<br><br>07/15/2022 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/23/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/William C. Rava |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Bungie, Inc.
_____ , who issues or requests this subpoena, are:

William Rava, Perkins Coie LLP, 1201 Third Ave., Suite 4900, Seattle, WA 98101, 206.359.8000,

WRava@perkinscoie.com        **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-811-TSZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

1.      All documents relating to any account(s) or transaction(s) involving any of the following persons or entities, including documents which concern Bungie software, Destiny 2, Destiny 2 VIP Access, or related software:

Phoenix Digital Group LLC

AIMJUNKIES

David Schaefer

Jeffrey Conway

Jordan Green

James May

Warren Apenzeller

2.      All documents relating to any account(s) or transaction(s) involving the merchant NETNOOBS, including documents which concern Bungie software, Destiny 2, Destiny 2 VIP Access, or related software.

3.      All documents relating to any account(s) or transaction(s) involving the phone number 602-526-4956, including documents which concern Bungie software, Destiny 2, Destiny 2 VIP Access, or related software.

4.      All documents relating to any account(s) or transaction(s) involving any of the following email addresses, including documents which concern Bungie software, Destiny 2, Destiny 2 VIP Access, or related software:

admin@aimjunkies.com

aimjunkies@yahoo.com

phoenixdigitalgroup2012@gmail.com

D7958@hotmail.com

D7958@ymail.com

jgweb@hotmail.com

jgweb2000@hotmail.com

sctejeff@hotmail.com

jc1068@yahoo.com

Letstry2ormore@yahoo.com

sammijoconway@gmail.com

Rconway1068@yahoo.com

Roryconway204@yahoo.com

bargras@qwest.net

james.q3abc@gmail.com

netnoobs@gmail.com

nunyabiznizz2020@gmail.com

aj-oldman@qq.com

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC.,

                       Plaintiff(s),

Vs.

AIMJUNKIES.COM; et al.,

                       Defendant(s).

NO.  2:21-CV-811-TSZ

DECLARATION OF SERVICE OF: SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; COVER LETTER DATED JUNE 23RD, 2022.

STATE OF WASHINGTON
COUNTY OF KING

       That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

       That at 10:50 A.M. on June 24th, 2022, at 711 Capitol Way South, Suite 204, Olympia, Washington, I duly served the above-described documents in the above-described matter upon PayPal, Inc., by then and there personally delivering a true and correct copy thereof by leaving the same with Jeff Miner, Representative of CT Corporation System, its Registered Agent.

       I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington, on *June 27, 2022*

| | |
|---|---|
| Process Fee: | 12.00 |
| Prep: | |
| Travel: | 70.00 |
| Bad Address: | |
| SSA: | |
| Wait: | |
| Special Fee: | 140.00 |
| Declaration Fee: | 12.00 |

TOTAL   $234.00

GLEN A. JOHNSON    SNOHOMISH CO. # 2021-39

# EXHIBIT 3

| From: | Phil Mann |
|---|---|
| To: | Dini, Jacob (SEA) |
| Cc: | Rava, William C. (SEA); Marcelo, Christian W. (SEA) |
| Subject: | Re: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc. |
| Date: | Thursday, June 30, 2022 8:07:02 AM |

Hello Will, hope all is well.

We have some objections to the PayPal subpoena you served as well as some general objections to the further discovery you served and would like to discuss them with you as soon as possible.

Basically, with respect to the subpoena, we object to the extent it seeks information beyond that reasonably related to the products at issue, namely, what you refer to as, "Bungie software, Destiny 2, Destiny 2 VIP Access or related software." Although we do not object to the production of such material, we do object to the extent the subpoena requests *"All Documents"* beyond these, which would include products having absolutely nothing to do with Bungie or the subject matter of this suit.

Please let me know if you are agreeable to limiting the subpoena to, "Bungie software, Destiny 2, Destiny 2 VIP Access or related software."

As to the interrogatories and document requests you served, we believe these are premature given that they seek information relating to the individual defendants.  As you know, there is a pending motion that, if granted, will dismiss the individuals from the case.  Until there is a decision on that motion, we do not know if the individual defendants will remain or will not remain in the case.

Please let us know if you are agreeable to a general stay of discovery until the court rules on that motion.  Obviously, if you agree, we will agree to similarly hold in abeyance the discovery we served on Bungie as well.

Please let us know as soon as you can your response to these requests and when we can have a conference to discuss these.  If we cannot reach agreement, it is our intention to file a motion for a protective order.  I am hopeful we can avoid that if possible.

Thanks and all the best,

Phil


On 6/23/22 3:36 PM, Dini, Jacob (SEA) wrote:

Phil,

Please see the attached, with hard copy to follow by mail.

Best,

**Jacob Dini** | **Perkins Coie LLP**
ASSOCIATE
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3832
F. +1.206.359.4832
E. JDini@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Rava, William C. (SEA) |
| **To:** | Phil Mann |
| **Cc:** | Marcelo, Christian W. (SEA); Dini, Jacob (SEA) |
| **Subject:** | RE: ***SPAM*** RE: ***SPAM*** RE: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc. |
| **Date:** | Tuesday, July 5, 2022 7:44:46 PM |

Phil,

Based on your representations, we will attempt to communicate with PayPal about removing the uninvolved family member emails.  Without some agreement on the other subpoena content issues, no, we are not willing to change the response date.

As to customer information, as we have stated, they are relevant to our claims for several reasons, including in response to your jurisdictional arguments and in support of our secondary infringement claims, as to which customers are potential witnesses.  So, yes, we are entitled to customer information.

Are you now dropping your objections related to "personal financial transactions" (motion paragraph 4) and non-Bungie data (what we discussed on Friday)?

As to this and the other issues, we'll discuss further with our client.  Given the timing, however, we have little choice but to plan to file our response tomorrow.  That's why these discussions are meant to be had before any motion gets filed.  Maybe we can reach an agreement thereafter.  If we can't reach an agreement—and we've already laid out our positions several times—we'll need to let the court decide.

Will

**William Rava | <span style="color:red">Perkins Coie LLP</span>**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

---

**From:** Phil Mann <phil@mannlawgroup.com>
**Sent:** Tuesday, July 05, 2022 2:37 PM
**To:** Rava, William C. (SEA) <WRava@perkinscoie.com>
**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>
**Subject:** Re: ***SPAM*** RE: ***SPAM*** RE: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.

Will,

Further to my earlier email, the emails of the family members who are not engaged in the operation or action of Phoenix Digital or Aimjunkies are:

Letstry2ormore@yahoo.com

sammijoconway@gmail.com

Rconway1068@yahoo.com

Roryconway204@yahoo.com

They have no information relevant to any of the issues in the case and should be dropped from the subpoena.

I have repeatedly asked whether you can/will set back the response date for the subpoena and, as you have not answered, can only conclude you are unwilling to do so.

Another alternative we offer is for you to withdraw the subpoena, while we served PayPal with a subpoena of our own with your same search terms.  Once we receive the results from PayPal, we will redact customer names and other sensitive irrelevant information and provide the redacted results to you.  As I mentioned on several occasions, you are entitled to learn the extent of the sales of the relevant products and revenues derived therefrom, and we will in no way impede your access to that information.  Our concern is and remains your insistence on receiving customer names and similar information, which we can only view as being intended to enable harrassment of Phoenix Digital's customers.

Please let us know if you are agreeable to this alternate approach.

Best Regards,

Phil


On 7/5/22 12:57 PM, Rava, William C. (SEA) wrote:

> Phil,
>
> We think we've addressed your concerns in at least 3 ways.  First, we expressly offered to remove family-member-only identifiers from the subpoena, if you confirm which emails those are and that they are not involved in any way in the issues raised in this case.  Second, we proposed a protective order, which, when entered, should address at least some of your confidentiality concerns.  We look forward to your comments on our proposed draft.  Third, we've explained why the sought-after material is relevant to Bungie's claims (and, as we earlier explained, we don't think you have standing to object to the subpoena on relevance grounds in all events).  If you have some other, specific proposal related to adjusting the material that the PayPal subpoena seeks, we are willing to consider it.
>
> Will
>
> **William Rava | Perkins Coie LLP**
> PARTNER

1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

**From:** Phil Mann <phil@mannlawgroup.com>
**Sent:** Tuesday, July 05, 2022 7:42 AM
**To:** Rava, William C. (SEA) <WRava@perkinscoie.com>
**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>
**Subject:** Re: ***SPAM*** RE: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.

Thank you,Wil.

Based on your response as outlined below, it appears you are unwilling to narrow any of the requests made in the subpoena to PayPal.  I was hopeful you would agree to narrow them and/or contact PayPal to see what their intentions are.  As you have not addressed that, I can only assume that you are unable or unwilling to do so.

As we also discussed, if you could push back the response date for the subpoena to sometime after the current July 15, 2022 response date, that would obviate the current time crunch and give us additional time to discuss this and attempt an agreed resolution without court intervention.  Please clarify whether you are able and willing to do so.

As we do not appear to have resolved our differences, we must proceed with our pending motion as the July 15, 2022 response date for the subpoena makes it necessary for us to proceed quickly.

If I have misunderstood your position or if you are willing to make some real concessions regarding the scope of the subpoena, please let me know.

All the best,

Phil


On 7/1/22 1:24 PM, Rava, William C. (SEA) wrote:

> Phil,
>
> Thanks again for the call earlier today.
>
> From that call and your motion, we understand Defendants have concerns about the breadth of the PayPal subpoena and in particular: (1) that PayPal might produce information related to transactions unrelated to Bungie; (2) that PayPal might produce information identifying AimJunkie

customers; (3) that PayPal might produce personal/private information related to the individual defendants; and (4) that PayPal might produce information related to accounts associated with non-defendant family members.

As to ##1-3, we do not know how PayPal maintains account data, what account data PayPal has, and whether/how PayPal is able to separate data based on any of the factors you identified.  In order to ensure that we get all the data related to sales and distribution of the accused product, we need to inquire broadly for information related to accounts, names, phone numbers, or other identifying information that we do know.  Because we don't know if PayPal can delineate a sale of a Destiny 2 cheat from a sale of some other non-Bungie product, for example, we need to ask for all data.  Because we know (from a receipt that we got from PayPal for the purchase of the accused Destiny 2 cheat) that Jeff Conway's personal phone number is used in connection with at least one PayPal account that was used to distribute the accused product, we need to ask about data associated with other such individualized data.  The fact that there is or could be overlap between individual and company business is also directly relevant to the issues, including those raised in your pending motion to dismiss.  Although we don't know what level of detail we will get from PayPal regarding customers, customer identifying information is relevant to our claims.  Among other things, customer location data could help us establish sales in and to Washington to establish personal jurisdiction; and what customers did with the accused product is directly relevant to our contributory liability claims.

Of course, as I said, we aren't interested in doctor payments, entertainment subscriptions, or similar data that PayPal might produce.  Some of that is just standard bycatch in discovery (per above, some is relevant, in our view).  And we've proposed and circulated a Protective Order that should, at least in part, address any such concerns.  We look forward to your feedback on that proposed Protective Order.

As to #4 above, if, in request #4 in the subpoena, we have included email addresses of family members of individual defendants who are not involved in any way in the issues raised in this case, please identify those email addresses.  We are willing to remove them from the subpoena with confirmation from you that the PayPal account(s) in question has not been used in any manner by any of the Defendants.

Will

**William Rava** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099

D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

---

**From:** Phil Mann <phil@mannlawgroup.com>
**Sent:** Friday, July 01, 2022 10:16 AM
**To:** Rava, William C. (SEA) <WRava@perkinscoie.com>
**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>
**Subject:** Re: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.


On a call right now that I hope finishes before 10:30. I'll ping you when I am off.

Thanks,

Phil

On 7/1/22 9:57 AM, Rava, William C. (SEA) wrote:

> Thanks, Phil. If you are open a little earlier, I can call you at 10:30?
>
> **William Rava** | **Perkins Coie LLP**
> PARTNER
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> D. +1.206.359.6338
> F. +1.206.359.7338
> E. WRava@perkinscoie.com
>
> ---
>
> **From:** Phil Mann <phil@mannlawgroup.com>
> **Sent:** Thursday, June 30, 2022 9:30 PM
> **To:** Rava, William C. (SEA) <WRava@perkinscoie.com>
> **Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>
> **Subject:** Re: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.
>
>
> 10:45 works for me.
>
> And as you know, refiling the motion will prevent consideration of it before the subpoena due date runs. So again my question: Are you agreeable to pushing back the response date for the subpoena? A simple "yes" will largely resolve this.

All the best,

Phil

On 6/30/22 8:23 PM, Rava, William C. (SEA) wrote:

Phil,

I'm available to discuss tomorrow, after about 10:45 am.  What's good for you?

The rules require that the parties confer before you file a motion, not after.  So you should withdraw the motion now.  Nothing prevents you from re-filing after we confer.

Will

**William Rava | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

**From:** Phil Mann <phil@mannlawgroup.com>
**Sent:** Thursday, June 30, 2022 5:23 PM
**To:** Rava, William C. (SEA) <WRava@perkinscoie.com>
**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>
**Subject:** Re: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.

Will, as made clear in my motion, I will be happy to withdraw it if we confer and come to an agreement before you need to respond.

When are you free to speak?  I am around all day tomorrow and early next week.  There is plenty of time to speak and reach agreement if possible before you need to respond.

Alternatively, are you willing to postpone

the response date on the subpoena?  That is
why we needed to move quickly on this.
Please advise.

All the best,

Phil


On 6/30/22 5:14 PM, Rava, William C. (SEA)
wrote:

> Phil,
>
> We request that you withdraw the
> motion you just filed.  If we have
> to respond to it, we will seek
> sanctions and/or fees for your
> failure to meet-and-confer in
> good faith per LCR 26.  You sent
> your email just eight hours before
> you filed the motion; you never
> tried to call me (or Jake or
> Christian) (we are all working
> today); and your email didn't say
> that you needed or wanted a
> response today.  Moreover, you
> have had the subpoena in
> question for a week – plenty of
> time to review and confer with us
> before filing the present motion.
>
> Assuming you'll withdraw your
> motion, we'll take a look at your
> suggestions and confer with our
> client.
>
> In the meantime though, can you
> clarify the issue with the
> interrogatories and requests for
> production and how you believe
> they are premature as to the
> individual defendants, or identify
> which specific discovery requests
> you take issue with?  That set of
> discovery requests were served

on Phoenix Digital—not the individual defendants—and Phoenix Digital is not the subject of the pending motion to dismiss. As to the subpoena, to the extent your objection sounds in relevance, as it appears it does, we don't think you have no standing to object.  *See Anstead v. Virginia Mason Med. Ctr.*, 2022 WL 1166440, at *3 (W.D. Wash. Apr. 20, 2022) ("The Court agrees with other district courts in the Ninth Circuit that a party generally lacks standing to object to a subpoena served on a third party on grounds of relevance or undue burden.") (collecting cases).  But maybe we are misunderstanding your objection, something that a call or actual conferral might address.

Will

**William Rava** | **Perkins Coie LLP**
**PARTNER**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

---

**From:** Phil Mann
<phil@mannlawgroup.com>
**Sent:** Thursday, June 30, 2022
8:07 AM
**To:** Dini, Jacob (SEA)
<JDini@perkinscoie.com>
**Cc:** Rava, William C. (SEA)
<WRava@perkinscoie.com>;
Marcelo, Christian W. (SEA)
<CMarcelo@perkinscoie.com>
**Subject:** Re: Bungie, Inc. v.
AimJunkies.com, et al., No. 2:21-
cv-811-TSZ - Notice of Subpoena
to Custodian of Records of PayPal,
Inc.

Hello Will, hope all is well.

We have some objections to the PayPal subpoena you served as well as some general objections to the further discovery you served and would like to discuss them with you as soon as possible.

Basically, with respect to the subpoena, we object to the extent it seeks information beyond that reasonably related to the products at issue, namely, what you refer to as, "Bungie software, Destiny 2, Destiny 2 VIP Access or related software." Although we do not object to the production of such material, we do object to the extent the subpoena requests *"All Documents"* beyond these, which would include products having absolutely nothing to do with Bungie or the subject matter of this suit.

Please let me know if you are agreeable to limiting the subpoena to, "Bungie software, Destiny 2, Destiny 2 VIP Access or related software."

As to the interrogatories and document requests you served, we believe these are premature given that they seek information relating to the individual defendants.  As you know, there is a pending motion that, if granted, will dismiss the individuals from the case.  Until there is a decision on that motion, we do not know if the individual defendants will remain or will not remain in the case.

Please let us know if you are agreeable to a general stay of discovery until the court rules on that motion.  Obviously, if you agree, we will agree to similarly hold in abeyance the discovery we served on Bungie as well.

Please let us know as soon as you can your response to these requests and when we can have a conference to discuss these.  If we cannot reach agreement, it is our intention to file a motion for a protective order.  I am hopeful we can avoid that if possible.

Thanks and all the best,

Phil

On 6/23/22 3:36 PM, Dini, Jacob (SEA) wrote:

Phil,

Please see the attached, with hard copy to follow by mail.

Best,

**Jacob Dini** | **Perkins Coie LLP**
ASSOCIATE
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3832
F. +1.206.359.4832
E. JDini@perkinscoie.com

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately

delete the message and any
attachments without copying
or disclosing the contents.
Thank you.

---

NOTICE: This communication may contain
privileged or other confidential information. If
you have received it in error, please advise the
sender by reply email and immediately delete
the message and any attachments without
copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other
confidential information. If you have received it in error, please
advise the sender by reply email and immediately delete the
message and any attachments without copying or disclosing the
contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential
information. If you have received it in error, please advise the sender by reply email
and immediately delete the message and any attachments without copying or
disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have
received it in error, please advise the sender by reply email and immediately delete the message and
any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error,
please advise the sender by reply email and immediately delete the message and any attachments without copying or
disclosing the contents. Thank you.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Phil Mann |
| **To:** | Rava, William C. (SEA) |
| **Cc:** | Marcelo, Christian W. (SEA); Dini, Jacob (SEA) |
| **Subject:** | Re: ***SPAM*** RE: ***SPAM*** RE: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc. |
| **Date:** | Tuesday, July 5, 2022 1:32:48 PM |

Will, as we discussed, my clients cannot and will not agree to the disclosure of the identity of their customers, etc.  Unless you will agree to back off on at least that, I think we are at an impasse.  Are you insisting on obtaining customer names and/or other identifiers?  Please provide a simple yes or no answer.  Also, were you able to delay the production date for the subpoena?  Again, as simple yes or no is all that is needed.

Also, I have responded to the proposed protective order and have made a counter-proposal more in keeping with the model order and consistent with orders the court has entered int the past.

Best Regards,

Phil


On 7/5/22 12:57 PM, Rava, William C. (SEA) wrote:

> Phil,
>
> We think we've addressed your concerns in at least 3 ways.  First, we expressly offered to remove family-member-only identifiers from the subpoena, if you confirm which emails those are and that they are not involved in any way in the issues raised in this case.  Second, we proposed a protective order, which, when entered, should address at least some of your confidentiality concerns.  We look forward to your comments on our proposed draft.  Third, we've explained why the sought-after material is relevant to Bungie's claims (and, as we earlier explained, we don't think you have standing to object to the subpoena on relevance grounds in all events).  If you have some other, specific proposal related to adjusting the material that the PayPal subpoena seeks, we are willing to consider it.
>
> Will
>
> **William Rava** | **Perkins Coie LLP**
> PARTNER
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> D. +1.206.359.6338
> F. +1.206.359.7338
> E. WRava@perkinscoie.com
>
> ─────────────────────────────
>
> **From:** Phil Mann <phil@mannlawgroup.com>
> **Sent:** Tuesday, July 05, 2022 7:42 AM
> **To:** Rava, William C. (SEA) <WRava@perkinscoie.com>

**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>
**Subject:** Re: ***SPAM*** RE: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.

Thank you,Wil.

Based on your response as outlined below, it appears you are unwilling to narrow any of the requests made in the subpoena to PayPal.  I was hopeful you would agree to narrow them and/or contact PayPal to see what their intentions are.  As you have not addressed that, I can only assume that you are unable or unwilling to do so.

As we also discussed, if you could push back the response date for the subpoena to sometime after the current July 15, 2022 response date, that would obviate the current time crunch and give us additional time to discuss this and attempt an agreed resolution without court intervention.  Please clarify whether you are able and willing to do so.

As we do not appear to have resolved our differences, we must proceed with our pending motion as the July 15, 2022 response date for the subpoena makes it necessary for us to proceed quickly.

If I have misunderstood your position or if you are willing to make some real concessions regarding the scope of the subpoena, please let me know.

All the best,

Phil

On 7/1/22 1:24 PM, Rava, William C. (SEA) wrote:

Phil,

Thanks again for the call earlier today.

From that call and your motion, we understand Defendants have concerns about the breadth of the PayPal subpoena and in particular: (1) that PayPal might produce information related to transactions unrelated to Bungie; (2) that PayPal might produce information identifying AimJunkie customers; (3) that PayPal might produce personal/private information related to the individual defendants; and (4) that PayPal might produce information related to accounts associated with non-defendant family members.

As to ##1-3, we do not know how PayPal maintains account data, what account data PayPal has, and whether/how PayPal is able to separate data

based on any of the factors you identified.  In order to ensure that we get all the data related to sales and distribution of the accused product, we need to inquire broadly for information related to accounts, names, phone numbers, or other identifying information that we do know.  Because we don't know if PayPal can delineate a sale of a Destiny 2 cheat from a sale of some other non-Bungie product, for example, we need to ask for all data.  Because we know (from a receipt that we got from PayPal for the purchase of the accused Destiny 2 cheat) that Jeff Conway's personal phone number is used in connection with at least one PayPal account that was used to distribute the accused product, we need to ask about data associated with other such individualized data.  The fact that there is or could be overlap between individual and company business is also directly relevant to the issues, including those raised in your pending motion to dismiss.  Although we don't know what level of detail we will get from PayPal regarding customers, customer identifying information is relevant to our claims.  Among other things, customer location data could help us establish sales in and to Washington to establish personal jurisdiction; and what customers did with the accused product is directly relevant to our contributory liability claims.

Of course, as I said, we aren't interested in doctor payments, entertainment subscriptions, or similar data that PayPal might produce.  Some of that is just standard bycatch in discovery (per above, some is relevant, in our view).  And we've proposed and circulated a Protective Order that should, at least in part, address any such concerns.  We look forward to your feedback on that proposed Protective Order.

As to #4 above, if, in request #4 in the subpoena, we have included email addresses of family members of individual defendants who are not involved in any way in the issues raised in this case, please identify those email addresses.  We are willing to remove them from the subpoena with confirmation from you that the PayPal account(s) in question has not been used in any manner by any of the Defendants.

Will

**William Rava** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

---

**From:** Phil Mann <phil@mannlawgroup.com>
**Sent:** Friday, July 01, 2022 10:16 AM
**To:** Rava, William C. (SEA) <WRava@perkinscoie.com>
**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob

(SEA) <JDini@perkinscoie.com>
**Subject:** Re: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.

On a call right now that I hope finishes before 10:30.  I'll ping you when I am off.

Thanks,

Phil

On 7/1/22 9:57 AM, Rava, William C. (SEA) wrote:

> Thanks, Phil.  If you are open a little earlier, I can call you at 10:30?
>
> **William Rava** | **Perkins Coie LLP**
> PARTNER
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> D. +1.206.359.6338
> F. +1.206.359.7338
> E. WRava@perkinscoie.com
>
> ---
>
> **From:** Phil Mann <phil@mannlawgroup.com>
> **Sent:** Thursday, June 30, 2022 9:30 PM
> **To:** Rava, William C. (SEA) <WRava@perkinscoie.com>
> **Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>
> **Subject:** Re: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.
>
> 10:45 works for me.
>
> And as you know, refiling the motion will prevent consideration of it before the subpoena due date runs.  So again my question: Are you agreeable to pushing back the response date for the subpoena?  A simple "yes" will largely resolve this.
>
> All the best,
>
> Phil
>
> On 6/30/22 8:23 PM, Rava, William C. (SEA) wrote:

Phil,

I'm available to discuss tomorrow, after about 10:45 am.  What's good for you?

The rules require that the parties confer before you file a motion, not after.  So you should withdraw the motion now.  Nothing prevents you from re-filing after we confer.

Will

**William Rava** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

**From:** Phil Mann <phil@mannlawgroup.com>
**Sent:** Thursday, June 30, 2022 5:23 PM
**To:** Rava, William C. (SEA)
<WRava@perkinscoie.com>
**Cc:** Marcelo, Christian W. (SEA)
<CMarcelo@perkinscoie.com>; Dini, Jacob
(SEA) <JDini@perkinscoie.com>
**Subject:** Re: Bungie, Inc. v. AimJunkies.com, et al., No. 2:21-cv-811-TSZ - Notice of Subpoena to Custodian of Records of PayPal, Inc.

Will, as made clear in my motion, I will be happy to withdraw it if we confer and come to an agreement before you need to respond.

When are you free to speak?  I am around all day tomorrow and early next week.  There is plenty of time to speak and reach agreement if possible before you need to respond.

Alternatively, are you willing to postpone the response date on the subpoena?  That is why we needed to move quickly on this. Please advise.

All the best,

Phil

On 6/30/22 5:14 PM, Rava, William C. (SEA) wrote:

Phil,

We request that you withdraw the motion you just filed.  If we have to respond to it, we will seek sanctions and/or fees for your failure to meet-and-confer in good faith per LCR 26.  You sent your email just eight hours before you filed the motion; you never tried to call me (or Jake or Christian) (we are all working today); and your email didn't say that you needed or wanted a response today.  Moreover, you have had the subpoena in question for a week – plenty of time to review and confer with us before filing the present motion.

Assuming you'll withdraw your motion, we'll take a look at your suggestions and confer with our client.

In the meantime though, can you clarify the issue with the interrogatories and requests for production and how you believe they are premature as to the individual defendants, or identify which specific discovery requests you take issue with?  That set of discovery requests were served on Phoenix Digital—not the individual defendants—and Phoenix Digital is not the subject of the pending motion to dismiss. As to the subpoena, to the extent your objection sounds in relevance, as it appears it does,

we don't think you have no
standing to object.  *See Anstead v.
Virginia Mason Med. Ctr.*, 2022
WL 1166440, at *3 (W.D. Wash.
Apr. 20, 2022) ("The Court agrees
with other district courts in the
Ninth Circuit that a party generally
lacks standing to object to a
subpoena served on a third party
on grounds of relevance or undue
burden.") (collecting cases).  But
maybe we are misunderstanding
your objection, something that a
call or actual conferral might
address.

Will

**William Rava** | <span style="color:red">**Perkins Coie LLP**</span>
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6338
F. +1.206.359.7338
E. WRava@perkinscoie.com

---

**From:** Phil Mann
<phil@mannlawgroup.com>
**Sent:** Thursday, June 30, 2022
8:07 AM
**To:** Dini, Jacob (SEA)
<JDini@perkinscoie.com>
**Cc:** Rava, William C. (SEA)
<WRava@perkinscoie.com>;
Marcelo, Christian W. (SEA)
<CMarcelo@perkinscoie.com>
**Subject:** Re: Bungie, Inc. v.
AimJunkies.com, et al., No. 2:21-
cv-811-TSZ - Notice of Subpoena
to Custodian of Records of PayPal,
Inc.

Hello Will, hope all is well.

We have some objections to the
PayPal subpoena you served as
well as some general objections
to the further discovery you

served and would like to discuss them with you as soon as possible.

Basically, with respect to the subpoena, we object to the extent it seeks information beyond that reasonably related to the products at issue, namely, what you refer to as, "Bungie software, Destiny 2, Destiny 2 VIP Access or related software." Although we do not object to the production of such material, we do object to the extent the subpoena requests *"All Documents"* beyond these, which would include products having absolutely nothing to do with Bungie or the subject matter of this suit.

Please let me know if you are agreeable to limiting the subpoena to, "Bungie software, Destiny 2, Destiny 2 VIP Access or related software."

As to the interrogatories and document requests you served, we believe these are premature given that they seek information relating to the individual defendants.  As you know, there is a pending motion that, if granted, will dismiss the individuals from the case.  Until there is a decision on that motion, we do not know if the individual defendants will remain or will not remain in the case.

Please let us know if you are agreeable to a general stay of discovery until the court rules on that motion.  Obviously, if you agree, we will agree to similarly hold in abeyance the discovery we served on Bungie as well.

Please let us know as soon as you can your response to these requests and when we can have a conference to discuss these. If we cannot reach agreement, it is our intention to file a motion for a protective order. I am hopeful we can avoid that if possible.

Thanks and all the best,

Phil


On 6/23/22 3:36 PM, Dini, Jacob (SEA) wrote:

> Phil,
>
> Please see the attached, with hard copy to follow by mail.
>
> Best,
>
> **Jacob Dini** | <span style="color:red">**Perkins Coie LLP**</span>
> **ASSOCIATE**
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> D. +1.206.359.3832
> F. +1.206.359.4832
> E. JDini@perkinscoie.com
>
> _____
>
> NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without

copying or disclosing the contents. Thank you.



NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT 6

 **PayPal**

Jan 3, 2020 13:38:47 PST
Transaction ID: 3AG03952NY467670N

Hello Martin Zeniu,

**You sent a payment of $34.95 USD to NETNOOBS**
**(netnoobs@gmail.com)**

It may take a few moments for this transaction to appear in your account.

| Merchant | Instructions to merchant |
|---|---|
| NETNOOBS | You haven't entered any instructions. |
| netnoobs@gmail.com | |
| 602-526-4956 | |

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| Destiny 2 VIP Access<br>Item# 5658d7fd8bbe615abc64ff79c60360a3 | $34.95 USD | 1 | $34.95 USD |

|  |  |
|---|---|
| Subtotal | $34.95 USD |
| **Total** | $34.95 USD |
| **Payment** | $34.95 USD |

Charge will appear on your credit card statement as "PAYPAL *AIMJUNKIES"

Payment sent to netnoobs@gmail.com
Payment sent from martinzeniui@gmail.com

**Funding Sources Used (Total)**

| | |
|---|---|
| Visa x-0588 | $34.95 USD |