THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC., a Delaware corporation,

Plaintiff

v.

AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,

Defendants.

Cause No. 2:21-cv-0811 TSZ

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**Note on Motion Calendar: July 8, 2022**

Defendants, in reply to the Opposition of Plaintiff (Dkt# 51) and in further support of their motion for a protective order, hereby state as follows:

**A. Defendants Have Standing To Bring Their Motion**

Bungie's claim that Defendants have no standing to bring their motion is contrary to the holdings of this very Court in similar circumstances.

In *Abu v. Piramco Sea-Tac Inc.*, C08-1167RSL, 2009 WL 279036 (W.D. Wash. Feb. 5, 2009), this Court directly and expressly held that a party to a lawsuit has "standing" to quash a subpoena issued to a third-party when, as here, the subpoena seeks that party's personal or otherwise private information. "As a threshold matter, a plaintiff **has standing to seek to quash a subpoena issued to a third party** where the plaintiff asserts a legitimate privacy interest in the material sought." *Id.* at 1, citing *Maxwell v. Health Ctr. of Lake City*,



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

2006 WL 1627020 (M.D. Fla. 2006).[1] (Emphasis supplied.) See, also, *Allstate Ins. Co. v. Lighthouse Law P.S. Inc.*, No. C15-1976RSL (W.D. Wash. Feb. 7, 2017); *Cannata v. Wyndham Worldwide Corp.,* Case No.: 2:10-cv-00068-PMP-LRL, at *3, 2011 WL 3794254, at *3 (D. Nev. Aug. 25, 2011) ("Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance."); *Leonardo World Corp. v. Pegasus Solutions, Inc.,* No. 5:15-mc-80165-PSG, at *4 (N.D. Cal. Sep. 24, 2015) ("This court has held that any individual with personal rights and privileges with regard to personal email has standing to request an order quashing a third party subpoena"). Indeed, the *only* way a party can object to a subpoena served on a third-party is to move to quash. See, *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash.")

Bungie's claim that Defendants do not have standing to quash a subpoena calling for the disclosure of their private financial and other information is simply contrary to law and established precedent.

Nor can there be any legitimate claim that the information sought from PayPal is not private and protected.

Bungie's June 23, 2022 subpoena to third-party PayPal Inc., on its face calls for PayPal to produce virtually any and all information PayPal might have regarding any of the Defendants. Such information includes, but is not limited to, (1) *all* financial transactions any of the Defendants made through PayPal, (2) *all* products distributed by any of the Defendants, rather than the products actually at issue in this case, and (3) the identity of the various customers for all of Defendants' products.

Courts have long held that financial records are the type of records subject to legitimate claims of privacy. *See, Davis v. Leal,* 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999)

1 Defendants trust that there is no serious dispute that this clear holding should equally apply when it is a Defendant, rather than "Plaintiff," who seeks to quash the third-party subpoena.



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

(“The concept of privacy is extended to financial privacy in litigation, but the privilege is subject to balancing the needs of the litigation with the sensitivity of the information/records sought.”); *Flemming v. Parnell,* No. C13-5062-BHS, at *5 (W.D. Wash. June 26, 2013) (“However, the Court recognizes the privacy concerns associated with the disclosure of personal bank records, as expressed by Parnell,” further ordering that such records be subject to an “attorneys’ eyes only” restriction,); *Bonner v. Normandy Park,* No. C07-962RSM, at *5 (W.D. Wash. Feb. 14, 2008) (“with respect to Mr. Bonner's financial records related to his daughter, the Court finds that this information is too far removed from the merits of the case”).

Courts have similarly held that customer lists and related records are confidential and subject to protection. See, *Telspace, LLC v. Coast to Coast Cellular, Inc.*, No. 2:13-cv-01477 RSM, at *4 2014 WL 4364851, at *4-5 (W.D. Wash. Sep. 3, 2014) (“The Court agrees that the request is overbroad, as by Plaintiff's own admission, the customer list is relevant specifically to help it assess whether C2C provided the same services to customers transitioned from telSPACE software.”); *Stoncor Group, Inc. v. Campton,* No. C05-1225JLR, at *7 (W.D. Wash. Aug. 22, 2005) (“Stonhard's customer files, the pricing information contained in them, and its installer network all likely qualify as trade secrets. Under RCW § 19.108.010”); *A.G. Design Associates v. Trainman Lantern,* No. C07-5158RBL, , 2009 WL 230083 at *4 (W.D. Wash. Jan. 30, 2009) (“A.G.'s customer lists qualify as a trade secret.”).

Because the information sought by the subpoena at issue here clearly includes the type of private information long recognized by the courts as being protected, Defendants, contrary to Bungie’s assertions, have standing to seek to quash the subpoena to the extent it goes beyond the bounds of legitimate discovery.

## B. IRRELEVANCY IS A RECOGNIZED BASIS FOR QUASHING SUBPOENAS

Similarly, Bungie is wrong when it claims relevance is not an adequate basis for a third-party subpoena to be quashed. See, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (“Although irrelevance is not among the litany of enumerated reasons for



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

quashing a subpoena found in Rule 45, **courts have incorporated relevance as a factor when determining motions to quash a subpoena.**")(Emphasis supplied). Although courts do set broad limits when drawing the lines between "relevant" and "irrelevant" discovery, Bungie has cited no authority for its blanket claim that, "Defendants lack standing to assert relevancy objections," or its apparent view that the requirements of Rule 26 (i.e., that the discovery sought be "relevant") somehow go out the window when a third-party subpoena is served. Nor can it. Indeed, the law is to the contrary. (See, *Moon v. SCP Pool Corp., supra.)*

**C. THE SUBPOENA IS OVER-BROAD AND SHOULD BE NARROWED**

Contrary to Bungie's suggestions, Defendants do not claim that the information sought from PayPal should be barred in its entirety. Indeed, Defendants have expressly told Bungie that information regarding the actual products at issue here, namely what Bungie calls the "Destiny 2" "cheat software," is a legitimate area of discovery and that Defendants in no way stand in the way of Bungie's right to establish the sales of such products, the revenues derived therefrom and the dates on which such products were distributed. However, the subpoena actually served on PayPal goes far beyond seeking the level of sales and revenues derived therefrom and, among other things, seeks the sales of *all* products (not just "Destiny 2") distributed by each of the Defendants, seeks the *identity* of *all* customers for Defendants' products, and seeks records of the *personal* financial transactions of the individual Defendants beyond those related to the "Destiny 2" "cheat software" products at issue here.

Defendants, through their counsel, have repeatedly asked whether Bungie would narrow its subpoena so as to (1) avoid requiring production of records beyond the products at issue in this case and (2) avoid requiring identification of Defendants' customers. Despite repeated requests, Bungie has declined to do so and, instead, makes baseless claims that such information is somehow relevant. It is not.

Under the copyright laws, "damages," can include, "any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). In seeking to prove such profits, a party claiming copyright infringement does not need to prove *who* bought the allegedly



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

infringing products but, rather, need only establish the level of sales. *Id.* Courts have recognized this distinction. See, *In re Hulu Privacy Litigation,* No. C 11-03764 LB, 2014 WL 1724344 at *15 (N.D. Cal. Apr. 28, 2014) ("That result makes sense: the case was about discovery to establish copyright damages , not consumers' identities. The consumer identities were not relevant.").

Nor has Bungie established how or why the sales of products *other* than those at issue here are somehow relevant and the subject of legitimate discovery. Indeed, the law is clear that to recover any measure of copyright damages, such damages must be "attributable" to the products accused of infringement, not unrelated products such as those covered by Bungie's overbroad subpoena. "Under § 504(b), actual damages must be suffered 'as a result of the infringement,' and recoverable profits must be 'attributable to the infringement.'" *Polar Bear Prod. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004).

Under the clear holding in *Polar Bear* and other cases, products *that are not even accused of infringement*, much less been demonstrated to infringe, have absolutely no relevance to a claim for copyright or trademark infringement.[2] See, also *Apulent, Ltd. v. Jewel Hopsitality, Inc.*, No. C14-637RSL, at *7 (W.D. Wash. Feb. 12, 2015) ("Finally, plaintiff must establish a causal link between defendant's revenues and the images at issue, and not simply a link between defendant's revenues and its website."). Bungie does not, and cannot establish how information related to products other than those actually at issue are somehow relevant to any of the issues in this case. The simple fact is that it is not.

Given Bungie's continued refusal to agree to limits protecting customer identities and products not at issue here, a legitimate, unaddressed question remains as to what Bungie intends to do with this information if it is provided. Defendants have more than adequate basis to believe that Bungie's intent is (1) to harass Defendants' customers and/or (2) pass information on to other game providers to enable them to put further pressure on Defendants

2 The measure of damages in a claim for trademark infringement are substantially the same and is not related to the sales of good not accused of infringement. See, 15 U.S.C. § 1117.



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

and others they view (incorrectly) as unlawfully "cheating." This is based, in part, on the direct statement made in Bungie's Complaint that Bungie's goal in filing this action is to, "put cheaters and those who assist them on notice that Bungie does not and will not tolerate cheating in Destiny 2." (Dkt# 1, Complaint ¶4). Given Bungie's demonstrated willingness to sue anyone it thinks might be involved in "cheating," Defendants' concerns in this regard are not unfounded. See, https://www.eurogamer.net/bungie-files-lawsuit-against-individuals-behind-false-destiny-copyright-takedowns , https://gamerant.com/bungie-files-lawsuit-destiny-2-youtube-strikes/ .

**D. DEFENDANTS HAVE MET AND CONFERRED**

As noted in Defendants' motion (Dkt# 49, p. 4), Defendants did contact Plaintiff's counsel on June 30, 2022 via email regarding their objections to the subject subpoena and were compelled to file their motion without actually speaking with Plaintiff's counsel due to their need to proceed quickly with their motion. In particular, and because the subpoena had a specified response date of July 15, 2022, under this Court's local rules regarding the noticing of motions, Defendants' motion needed to be filed no later than June 30, 2022 in order to permit consideration before the subpoena's response date. As further noted in Defendants' motion, Defendants intended to speak further with Plaintiff's counsel and were fully prepared and willing to voluntarily withdraw the motion if agreement could be reached.

Defendants' undersigned counsel did speak substantively with Bungie's counsel the next day on July 1, 2022. During the conference, Defendants' counsel expressly stated that Defendants had absolutely no objection to discovery related to the sales and/or revenues of the products at issue here and objected only to (1) the discovery of information unrelated to the products at issue and, in particular, private financial information and products other than those at issue here, (2) the identities of Defendants' customers and (3) discovery regarding Defendants' family members who had, and have, nothing to do with Defendants' business activities. Although Bungie ultimately agreed to forego discovery as to Defendants' family members, Bungie has consistently insisted on pursuing the identity of Defendants' customers



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

and sales of *all* Defendants' products far beyond the limited number of products at issue here. It is for that reason that Defendants have not, and cannot withdraw their instant motion. See Exhibit 4 to Rava Declaration, Dkt# 52-1.

Furthermore, Defendants have proposed a number of ways in which this issue can and could have been resolved without court intervention. In particular, Defendants proposed that Bungie voluntarily set back the response date of the subpoena to remove the time constraint and thereby permit the parties to continue discussions in a less hurried manner. Alternatively, Defendants proposed that any information provided by PayPal be first provided to Defendants to enable them to review them for sensitive information and redact sensitive, irrelevant information. Despite repeated requests, Bungie declined to agree to any of these suggestions. *Id.*

In view of the foregoing, Defendants have made good faith efforts to resolve these matters without court intervention, but given Bungie's continued insistence on receiving customer information and information regarding unrelated and different products, it appears court-intervention is needed in order to set the appropriate limits and conditions upon which Bungie's discovery can proceed. Again, Defendants do not oppose discovery as to the accused products in this case and the revenues derived therefrom. Defendants' objections go to the discovery of information regarding persons and products having nothing to do with this litigation and that Defendants believe is intended for purposes of mischief on the part of Bungie.

**E. ATTORNEYS' FEES ARE NOT WARRANTED HERE**

In what is clearly a thinly disguised threat to forestall a legitimate and vigorous defense on the part of Defendants, Bungie demands attorneys' fees for having to respond to this motion. As this Court is no doubt well aware, attorneys' fees are routinely declined in this Court where motions are "substantially justified or other circumstances make an award of expenses unjust.". See, *Paananen v. Cellco Partnership,* No. C08-1042 RSM, 2009 WL 2057048 at *6 (W.D. Wash. July 14, 2009) ("However, no payment is justified if 'the



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

opposing party's nondisclosure, response, or objection was substantially justified' or if 'other circumstances make an award of expenses unjust.' "). As further held in *Paananen v. Cellco Partnership,* "Substantial justification exists if there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'" *Id.,* citing *Pierce v Underwood*, 487 U.S. 552, 565 .

Here, Defendants' motion is based on sound law and fact and was brought in good faith. Again, Defendants are not seeking to preclude all discovery but, rather, are seeking to avoid over-broad discovery into irrelevant facts, such as products not at issue here and the names of customers, which have, and cannot have, any bearing on any of the legitimate questions at issue here. Furthermore, Defendants' goal in seeking to preclude such irrelevant information is not intended to increase the burden on Bungie but, rather is for the entirely legitimate goal of preventing harassment of others who are not parties to this litigation, have no information critical to this litigation and who, quite clearly, fall into the category of those who Bungie expressly states it intends to "put...on notice...that Bungie does not and will not tolerate cheating in Destiny 2."

**CONCLUSION**

For all the foregoing reasons, Defendants' motion should be granted and the June 23, 2022 subpoena served by Bungie on PayPal should be limited to matters reasonably related to the sales of the subject products and the revenues derived therefrom.

Dated July 8, 2022.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington 98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants