UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM, et al., <br><br> Defendants. | C21-811 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for a protective order, docket no. 49, filed by defendants Aimjunkies.com ("Aimjunkies"), Phoenix Digital Group LLC ("Phoenix Digital"), Jeffrey Conway, David Schaefer, Jordan Green, and James May (collectively the "Defendants") is GRANTED in part and DENIED in part, as follows[1]:

---

[1] On June 23, 2022, plaintiff Bungie, Inc. ("Bungie") notified the Defendants of its subpoena to PayPal, Inc. ("PayPal"). *See* Ex. 1 to Rava Decl. (docket no. 52-1). On June 30, 2022, the Defendants emailed Bungie with objections to the PayPal subpoena. *See* Ex. 3 to Rava Decl. (docket no. 52-1). Although the Defendants' email stated that they intended to file a motion for a protective order if the parties were unable to reach an agreement concerning the objections, *see id.*, the Defendants filed their motion later that day without conferring with Bungie. Pursuant to LCR 26(c)(1), any motion for a protective order must be accompanied by a certification that the movant has engaged in a face-to-face or telephonic meet and confer conference before filing the motion. The Court concludes that the Defendants' certification, *see* Mot. at 4 (docket no. 49), does not comply with LCR 26(c)(1) and the Defendants are REMINDED of their obligation to comply with all local court rules. As provided in LCR 26(c)(1), the Court may deny the motion without addressing the merits of the dispute. The Court, however, will address the merits of the Defendants' motion because the parties met and conferred on July 1, 2022, *see* Reply at 6 (docket no. 53), and continue to disagree about the scope of the PayPal subpoena.

MINUTE ORDER - 1

      a.    The motion for a protective order is GRANTED as it relates to PayPal account information for the Defendants' family members.[2]

      b.    The motion is otherwise DENIED.  "[A] party generally lacks standing to object to a subpoena served on a third party on grounds of relevance or undue burden." *Anstead v. Virginia Mason Med. Ctr.*, No. 21-cv-00447, 2022 WL 1166440, at *3 (W.D. Wash. Apr. 20, 2022).  "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Id.* (quoting *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010)).  Accordingly, the Court concludes that the Defendants do not have standing to challenge the PayPal subpoena solely on the basis of relevance.  The Defendants, however, have standing to challenge a subpoena issued to a third party where they assert "a legitimate privacy interest in the material sought." *See Abu v. Piramco Sea-Tac Inc.*, No. C08-1167, 2009 WL 279036, at *1 (W.D. Wash. Feb. 5, 2009).  To the extent that the subpoena might result in the disclosure of some personal financial records, the Defendants have shown that they have a legitimate privacy interest in those records and therefore have standing to challenge the subpoena.  Given the individual defendants' jurisdictional arguments, *see* 2d Mot. to Dismiss (docket no. 40), the Court concludes that it is reasonable for Bungie to examine the requested records as they might contain relevant information.[3]

      c.    Bungie's request for attorneys' fees is DENIED.  *See* Fed. R. Civ. P. 37(a)(5).  The parties shall bear their own fees and costs.

(2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

---

[2] According to Bungie, it has agreed to limit the scope of the subpoena by removing four accounts belonging to the Defendants' family members who are not engaged in the operation of Phoenix Digital or Aimjunkies. Rava Decl. at ¶ 5 (docket no. 52).

[3] Additionally, the Court disagrees with the Defendants' speculative argument that Bungie intends to harass the Defendants' customers. To the extent that PayPal produces records containing identifying information for Defendants' customers, the Court concludes that such information is relevant given Bungie's allegations that the Defendants are vicariously and/or contributorily liable for their customers' alleged copyright infringement. *See* Am. Compl. at ¶¶ 108–110 (docket no. 34).

Dated this 12th day of July, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 3