THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Note on Motion Calendar:**<br>**July 15, 2022** |

Defendants, in reply to Plaintiff Bungie's Opposition (Dkt# 54) and in further support of their motion for partial dismissal of Plaintiff's First Amended Complaint, hereby state as follows:

**A.  Bungie Glosses Over The Dispositive Nature Of The Ninth Circuit's Holding In *MDY Indus., LLC v. Blizzard*.**

The clear holding of the Ninth Circuit in *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2010) is directly on point and establishes that Bungie did not, and cannot establish copyright infringement under the facts it alleges and given the the undisputed facts established by the declarations of the Defendants. The clear holding of the Ninth Circuit in *MDY* is that the use, by players, of programs to enhance their performance (i.e., "cheat software") does not and *cannot* be a form of copyright infringement. At best, it is a breach of contract terms (i.e., "covenants") subject to different forms and types of remedies than those

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ                Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

available under copyright law. As the sole cause of action in Bungie's First Amended Complaint involving copyrights is indisputably based on copyright infringement, not contract law, the holding in *MDY* compels dismissal of the copyright infringement charge alleged by Bungie.q

The facts in *MDY* are nearly identical to those here. In *MDY,* the program in question (named "Glider") enabled World of Warcraft ("WoW") players to gain advantages in playing World of Warcraft and, thus, advance more quickly through the game than others. In short, the subject program in *MDY* behaved much in the same manner as the "cheat software" at issue here. Blizzard Entertainment, the owner of World of Warcraft, claimed that MDY's distribution of the Glider program constituted "secondary" or "induced" copyright infringement. In particular, Blizzard Entertainment argued that, when World of Warcraft players used the Glider program, they violated the terms of the software license granted to them and that violation of those terms resulted in copyright infringement. The Ninth Circuit soundly rejected that argument, holding that use by players of the Glider program in contravention of the software license was *not* copyright infringement and that any remedy must be pursued, if at all, for tortious interference with contract, a cause of action *not* pleaded by Bungie here.

The direct language of the Ninth Circuit in *MDY* makes this crystal clear:

"To establish secondary infringement, Blizzard must first demonstrate direct infringement." *MDY Industries, LLC v. Blizzard Entertainment, Inc.,* 629 F.3d 928, 937 (9th Cir. 2010)*,* citing *ProCd, Incorporated v. Zeidenberg,* 86 F.3d 1447, 1454 (7th Cir. 1996). "To establish direct infringement, Blizzard must demonstrate copyright ownership and violation of one of its exclusive rights by Glider users. " 629 F.3d 928 at 937. "MDY is liable for contributory infringement if it has 'intentionally induc[ed] or encourag[ed] direct infringement'" *Id.* Thus, under the clear holding in *MDY,* for Bungie to plead a legitimate claim of copyright infringement, it *must* plead sufficient facts to establish that *users* of the

Reply in Support of Motion for Partial Dismissal  
Cause No. 21-CV-0811-TSZ

Page 2

Mann Law Group pllc  
403 Madison Ave. N. Ste. 240  
Seattle, WA  98110  
Phone:  206.436.0900

subject "cheat software" directly infringe one or more of Bungie's purported copyrights. This Bungie cannot do.

Returning to the actual language of *MDY*, "A Glider user commits copyright infringement by playing WoW while violating a [software license] term that is a license condition. *To establish copyright infringement,* then, *Blizzard must demonstrate* that the violated term...is a condition rather than a covenant." 629 F.3d 928 at 939 (emphasis supplied). "Wherever possible, equity construes ambiguous contract provisions as covenants rather than conditions." *Id.* "Applying these principles, [the Software Licenses'] prohibitions against bots and unauthorized third-party software *are covenants rather than copyright-enforceable conditions." Id.* at 40 (emphasis supplied).  "To recover for copyright infringement based on breach of a license agreement, (1) the copying must exceed the scope of the defendant's license and (2) the copyright owner's complaint must be grounded in an exclusive right of copyright (e.g., unlawful reproduction or distribution)" *Id.* "Consistent with this approach, we have held that the potential for infringement exists *only* where the licensee's action (1) exceeds the license's scope (2) in a manner that implicates one of the licensor's exclusive statutory rights." *Id.* (Emphasis supplied.)

Finally, and most importantly, the Ninth Circuit in *MDY* directly held that software license provisions purporting to proscribe such things as reverse engineering, "[disrupting] another player's game experience" and use of "cheat" or other third-party software are "covenants" rather than "conditions," and that engaging in such conduct *does not* constitute copyright infringement. The import of this holding is not insignificant or trivial. In the words of the Court, "*Were we to hold otherwise,* Blizzard — or any software copyright holder — could designate any disfavored conduct during software use as copyright infringement, by purporting to condition the license on the player's abstention from the disfavored conduct." *Id.* at 41 (emphasis supplied). As a result, "This would allow software copyright owners far greater rights than Congress has generally conferred on copyright owners." *Id.*

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ                    Page 3

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

Here, the operative provisions of Bungie's "Limited Software License Agreement" ("LSLA") are functionally the same as those in *MDY*. The operative provision of the "Terms of Use" in *MDY* read:

> You agree that you will not . . . (ii) create or use cheats, bots, 'mods,' and/or hacks, or any other third-party software designed to modify the World of Warcraft experience; or (iii) use any third-party software that intercepts, 'mines,' or otherwise collects information from or through the Program or Service.

*MDY v. Blizzard,*  629 F.3d 928 at 938.  The operative provision of the LSLA that Bungie asserts here reads:

> You agree that you will not do, or allow, any of the following:...(8) hack or modify the Program, or create, develop, modify, distribute, or use any unauthorized software programs to gain advantage in any online or multiplayer game modes; (9) receive or provide "boosting services," to advance progress or achieve results that are not solely based on the account holder's gameplay...

Dkt# 34-1, pp. 19-20.  Functionally, the relevant provisions of the LSLA are the same as those found by the Ninth Circuit in *MDY* to be the type for which a breach is a breach of contract rather than "copyright infringement."  Accordingly and as found by the Court, "Here, WoW players do not commit copyright infringement by using Glider in violation of the ToU. *MDY is thus not liable for secondary copyright infringement, which requires the existence of direct copyright infringement*" MDY Industries, LLC v. Blizzard,  629 F.3d 928, 941 (emphasis supplied).

To the extent Bungie relies on a claim that the "cheat software" at issue here causes users of that software to directly infringe Bungie's copyrights, Bungie has failed to plead sufficient facts to distinguish itself from the clear holding in *MDY*.  Accordingly, this Court, as a matter of law, must dismiss any claim on the part of Bungie for "secondary" or "induced" infringement of copyright.[1]

---

[1]   Although the Ninth Circuit in *MDY* found that Blizzard *could* proceed with its claims for violation of the DMCA and for tortious interference, it is important to remember that, in this case before this Court, Bungie only alleges copyright infringement.  Its claims for violation of the DMCA and for tortious interference are referred to arbitration and no longer before this Court.

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ                         Page 4

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

### B. Bungie Has Not Pleaded Plausible Facts To Show Direct Copyright Infringement On The Part Of The Individual Defendants Currently Or Formerly Affiliated With Phoenix Digital

Each of the individual Defendants currently or formerly affiliated with Phoenix Digital has filed a declaration, signed under oath and subject to penalties of perjury, directly denying creating the "cheat software" at issue here. (See Dkt##s 40-1, 40-2 & 40-3.) None of these individuals has been involved in the creation or development of the subject software and, therefore, could not, and cannot, have "copied" any of the four works identified in Bungie's First Amended Complaint. Furthermore, the unrefuted testimony of Mr. Schaefer is that Phoneix Digital does not and did not create any of the "cheat software" at issue here and, instead, obtained it from a third-party. (See, Dkt# 40-3, ¶¶9-13.) Again, this is supported by the sworn testimony of these individuals, which testimony is already of record.

Against this sworn testimony, Bungie offers *nothing* of evidentiary value and instead relies on its continued vague, conclusory accusations supported by nothing more than, "information and belief." As courts have made crystal clear, where, as here, competent evidence is provided establishing a fact, an opposing party's bald assertion to contrary is insufficient. See, *T-Mobile United States, Inc. v. Huawei Device United States, Inc.,* 115 F. Supp. 3d 1184, 1200 (W.D. Wash. 2015) ("The court need not accept a plaintiff's bare allegations if the defendant controverts them with evidence."). Despite ample opportunity, Bungie has come up with nothing more than attorney argument and bald assertions to contradict the sworn testimony submitted by Defendants. In short, Defendants have provided actual evidence, Bungie has not. Indeed, in the very case Bungie relies on, i.e., *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.,* No. C12-2082JLR, 2013 WL 566949, at *2 (W.D. Wash. Feb. 13, 2013), this Court specifically noted that, "*the parties* have submitted affidavits *both in support and opposition* to the motion." *Id.* (emphasis supplied). Here, Bungie has provided *no* affidavits, declarations or other actual evidence to support its hyperbolic claims.

As expressly noted and established in the declarations of Defendants Schaefer, Conway and Green, *none* of these defendants is, or ever has been personally engaged in

Reply in Support of Motion for Partial Dismissal  
Cause No. 21-CV-0811-TSZ                    Page 5

Mann Law Group pllc  
403 Madison Ave. N. Ste. 240  
Seattle, WA  98110  
Phone:  206.436.0900

developing, writing or otherwise creating software for providing advantages in playing computer games, otherwise referred to by Bungie as "cheat software." See, Dkt# 40-1 ¶¶ 4-5; Dkt# 40-2, ¶¶ 4-5; Dkt# 40-3 ¶¶ 7-8. Against the actual sworn testimony of these defendants that they did not and could not have copied any of Bungie's purported copyrighted works, Bungie has offered *nothing* but wild speculation supported by nothing more than "information and belief." As it is now more than one year after Bungie initially filed this lawsuit, Bungie has had more than ample time to conduct an investigation and find actual evidence, rather than "information and belief," to support its claims. Its failure to do so is telling.

Notably, the claim by Bungie that this case is in the early stages and before Bungie has had an opportunity to conduct discovery rings hollow. Bungie's various and repeated claims that, "Defendants each downloaded, installed, played, copied, and/or used Destiny 2 and therefore accepted the terms of the LSLA," (First Amended Complaint Dkt# 34 at ¶ 49) and that, "In order to develop and distribute the Cheat Software, Schaefer, Conway, Green, and May each downloaded, installed, played, copied, or used Destiny 2," (Dkt# 34 at ¶ 50) would, if true, have left a clear record on Bungie's servers and would provide clear documentary evidence to support Bungies wild claims. However, more than one year after filing this case, Bungie has yet to offer any such evidence and, instead, relies on "information and belief." Nonsense. Bungie does not need either permission from this Court or the cooperation of Defendants to access its *own* servers and see whether any evidence exists that either Phoenix Digital or Defendants Schaefer, Conway or Green *ever* accessed the Bungie servers and downloaded anything. Indeed, the complete failure to provide any such evidence, particularly in light of the Defendants' sworn testimony that they did not access and did not copy Bungie's purported software, strongly suggests that Bungie *cannot* do this, and cannot for the simple reason that Bungie's allegations are simply untrue.

The simple fact remains that, if, as Bungie alleges, the Defendants "accessed" Bugnie's servers and "downloaded" various of Bungie's purported works, such would have

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ        Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

left a clear electronic trail that is fully accessible to Bungie and does not require any "discovery" for Bungie to obtain. Why, at this late stage, Bungie has not provided any such tangible evidence, but instead continues to rely on pure speculation and "information and belief," compels the conclusion that such tangible evidence simply does not exist.

Given this Court's clear directive that, "To sufficiently state its claims, Bungie must plead facts clarifying the individual's alleged involvement in the challenged conduct," (Dkt#33, p. 5), Bungie's utter failure to plead more than it actually has not only defies common sense, it appears to defy this Court's clear directive as well. The clear testimony of Defendants Schaefer, Conway and Green is that they did not create the allegedly infringing "cheat software," that they never had access to the copyrighted works Bungie asserts here, and that they simply did not "copy" "create" or otherwise engage in the supposed copyright infringement Bungie baldly asserts here with no factual basis. Despite ample opportunity to do so, Bungie offers *nothing* to refute the sworn testimony of the individual Defendants.[2]

**C.   The Defendants Did Not "Consent" To Jurisdiction Here**

In blatant disregard for the truth, Bungie continues to repeat the lie that the individual Defendants "consented" to jurisdiction here. The fact is they did not.

Bungie's false claim that the individual Defendants "consented" to jurisdiction here is based on two false arguments. *First,* Bungie claims, with absolutely no evidence whatsoever, that the individual Defendants Schaefer, Conway and Green each "downloaded," and "played" the "Destiny 2" game, and that by so doing, they agreed to the March 6, 2020 "LSLA" upon which Bungie relies. *Second,* Bungie claims that, by pointing out, accurately, that the very terms of the agreement Bungie seeks to enforce *require* that such a claim be heard in arbitration, Defendants thereby consented to be bound by the terms of an agreement

---

[2] Similarly, Bungie's reliance on the Preliminary Injunction (Dkt# 50) entered by this Court as proof that Bungie has sufficiently pleaded a cause of action for copyright infringement is misplaced. Defendants, as is their right, elected to oppose the motion on the ground that Bungie failed to establish the "immediate irreparable harm" needed to grant a proper injunction. In so doing, Defendants *did not* concede for purposes of this entire case that Bungie was likely to succeed in showing copyright infringement. Far from it. See Dkt# 39, p. 5, lines 20-22.

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ         Page 7

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

they had never signed, never agreed to, and, indeed, had never even seen before. Neither argument has factual or legal basis.

As to Bungie's false claim that Defendants have each accessed the Bungie website, downloaded and then played the "Destiny 2" game, Defendants Schaefer, and Conway have each testified under oath that they did no such thing. See, Dkt# 40-1 ¶¶ 3-6; Dkt# 40-3 ¶¶3-6. Bungie has offered absolutely no evidence whatsoever (such as server computer access logs or similar records in Bungie's custody and control) to challenge any of these assertions. Bungie continues to rely on "information and belief" and its own wild speculations rather than offer any evidence at all to refute the clear testimony of Defendants Schaefer and Conway that they never accessed a Bungie website and never downloaded or played "Destiny 2." This relevant testimony by Defendants Schaefer and Conway is and remains wholly unrefuted.

With respect to Defendant Jordan Green, Mr. Green testified that he, "never downloaded, reviewed, read, 'accepted,' 'clicked-on' or otherwise agreed to the "Limited Software License Agreement" that Plaintiff Bungie Inc. asserts in this action,"[3] and that he "never consented to be bound by the terms of the 'Limited Software License Agreement' that Plaintiff Bungie Inc. asserts in this action." See, Dkt# 34-2, ¶¶ 2-3. As it is the very March 6, 2022 agreement that Mr. Green denies ever seeing or agreeing to that Bungie relies on to claim Mr. Green "consented" to jurisdiction here, it is incumbent on Bungie, faced with such clear testimony, to provide refuting evidence if it can. Again, if Mr. Green's testimony is mistaken or otherwise untrue, it should be a simple matter for Bungie to access its *own* server records and demonstrate otherwise. Again, Bungie fails to do this, again, apparently, because *it cannot.*

Based on the foregoing, Bungie has not, and cannot, make a showing that any of Defendants Schaefer, Conway or Green *ever* signed, "clicked on" "downloaded" or otherwise "agreed" to the LSLA that Bungie claims evidences their "consent" to be sued here. Again,

---

[3] Namely, the March 6, 2020 Agreement Bungie asserts in this action, Exhibit 6 to First Amended Complaint, Dkt# 34-1, pp. 18-27.

Reply in Support of Motion for Partial Dismissal  
Cause No. 21-CV-0811-TSZ  
Page 8  

Mann Law Group pllc  
403 Madison Ave. N. Ste. 240  
Seattle, WA 98110  
Phone: 206.436.0900

evidence of such consent should *already* be in the possession of Bungie (again, it should be on Bungie's own servers), and Bungie's conspicuous failure to do so speaks volumes.

As to Bungie's second argument that, by agreeing to voluntarily arbitrate the claims specified as being arbitrable under the LSLA, Defendants somehow "conceded" they had entered into the LSLA, this claim is contrary to fact and unsupported by law. Defendants have *never* conceded they are parties to the LSLA Bungie asserts here and have been careful throughout to simply point out that, *if* Bungie seeks to assert claims under the LSLA, the LSLA *itself* then requires that Bungie bring such claims in arbitration, not Federal Court. (See, Dkt# 32, p. 11, lines 16-27.) As further noted by Defendants, it is for the Arbitrator, not this Court, to determine whether a contract among the parties even exists in the first place. The simple fact is that Defendants had never even seen the LSLA Bungie relies on, much less agreed to it. If Bungie had actual evidence to the contrary, it would be a simple matter for Bungie to identify it and plead it. Again, its failure to do the obvious is telling.

Finally, Bungie's argument that, by pointing out that the LSLA requires arbitration Defendants are somehow estopped from denying they are bound in all respects to the agreement, is contrary to the very case law Bungie cites. In *Mundi v. Union Sec. Life,* 555 F.3d 1042 (9th Cir. 2009), "The question, [was] whether USLIC may enforce the arbitration agreement, even though it is a nonsignatory to the agreement." *Id.* In *Mundi,* the Court held it could not. There was absolutely no indication whatsoever that USLIC was otherwise bound to the contract it did not sign. Rather than support Bungie, the holding in *Mundi* is fully consistent with and supports Defendants' position. Similarly, none of the other cases cited by Bungie holds that a party accurately pointing out that a contract it is accused of breaching requires arbitration means that the party is estopped to deny having ever entered into the contract. None of the cases cited by Bungie so holds, and Defendants are, and remain free, to deny having ever entered into the LSLA Bungie seeks to enforce. Bungie's claim that the Defendants have "consented" to jurisdiction here is simply without factual or legal support.

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ          Page 9

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

**D.  The Individual Defendants Did Not "Personally Participate" In The Supposed "Infringing Activities" Of Phoenix Digital**

At it does throughout its Opposition, Bungie relies on bald, unsupported allegations that each of the individual Defendants "copied," "reverse engineered" and otherwise personally engaged in "copyright infringement."  In so doing, Bungie ignores and fails to rebut the clear testimony of Defendants Schaefer, Conway and Green and, instead, intentionally ignores what each of these Defendants actually says in his sworn testimony.  For example Bungie engages in pure word games when it claims that, "Schaefer, Conway, and Green do not rebut Bungie's allegations that they downloaded and installed Destiny 2, that they copied Destiny 2, and that they used Destiny 2."  (Bungie Opposition, Dkt# 54, p. 7.)  How Bungie can claim this in good faith is difficult to see.  Mr. Schaefer clearly testifies that both he and Phoenix Digital, "never accessed any website owned, operated or controlled by Plaintiff Bungie, Inc."  Dkt# 40-3, ¶3.  He further testifies that both Phoenix Digital and he never, "played or otherwise participated in any computer game offered or otherwise made available by Phoenix Digital Group LLC."  *Id.* at ¶4.  He further testifies that he never did and does not, "personally design, develop write or otherwise create software for providing advantages in playing computer games, otherwise referred to by Bungie as 'cheat software.'"  *Id.* at ¶¶ 8-9.  He further testifies that Phoenix Digital does not and never has actually created any "cheat software" (including such directed to "Destiny 2" or otherwise), but instead markets such software created by third-parties.  *Id.* at ¶¶ 10-11.  Finally, Mr. Schaefer testifies that Phoenix Digital, "does not possess, and has never possessed source code for any game developed by Plaintiff Bungie Inc., including source code for 'Destiny 2,'" and that it, "does not possess, and has never 'reverse engineered' any source code for any game developed by Plaintiff Bungie Inc., including source code for 'Destiny 2.'"  *Id.* at ¶¶ 12-13.  Against this clear testimony, how Bungie can creditably claim that this is not a denial of "copying" Bungie's supposed work is difficult if not impossible to see.  Again, if Bungie had or has any evidence whatsoever that Mr. Schaefer is either lying or mistaken, it is incumbent on Bungie

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ                    Page 10

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

to provide it. Intentionally failing to understand the clear language of Mr. Schaefer's testimony is *not* evidence that Mr. Schaefer personally participated in the supposed "infringing activities" Bungie falsely claims.

Similarly, the testimony of Mr. Conway that he, too, never accessed a Bungie website, never played or otherwise participated in a game offered by Bungie, including "Destiny 2" and has never personally participated in the creation of any "cheat software," (Dkt# 40-1 at ¶¶ 3,4,7&8) makes clear that Mr. Conway did not "copy" any work of Bungie or otherwise personally engage in the "infringing activities" falsely asserted by Bungie.

Finally, the testimony of Mr. Green that he, too, does not, and never did, "design, develop write or otherwise create software for providing advantages in playing computer games, otherwise referred to by Bungie as 'cheat software,'" (Dkt# 40-2 at ¶ 4) and that he, "never personally designed, developed written or otherwise created software for providing advantages in playing the 'Destiny 2' computer game,'" (Dkt# 40-2 at ¶ 5) makes clear to any honest reader that he, too, did not "copy" any claimed work of Bungie. Again, Bungie's apparent argument that Defendants are somehow lying or hiding behind carefully crafted word-games in their sworn declarations is wholly without basis and is no substitute for complying with this Court's clear directive that "Bungie must plead facts clarifying the individual's alleged involvement in the challenged conduct." (Dkt#33, p. 5).

At best, Bungie pleads only that Defendants Schaefer, Conway and Green were at one time owners and operators of Phoenix Digital – something they have never denied. There is and can be no evidence that they ever "copied," "reverse engineered" or otherwise "personally participated" in the "infringing activities" Bungie falsely alleges here. To accept otherwise would be tantamount to holding that Jeff Bezos is somehow *personally* liable, and should be personally named as a co-defendant, each and every time Amazon is accused of selling or distributing a product alleged to infringe a copyright.

Reply in Support of Motion for Partial Dismissal  
Cause No. 21-CV-0811-TSZ  
Page 11  

Mann Law Group pllc  
403 Madison Ave. N. Ste. 240  
Seattle, WA  98110  
Phone:  206.436.0900

### E. Defendants Did Not "Purposefully Direct" Their Activities Toward Washington State Or This District

Similarly, Bungie's claims that the individual defendants purposefully directed their activities toward Washington State is wholly unsupported. At best, Bungie can only credibly claim that Defendants Schaefer, Conway and Green are, or at one time were, owners of Phoenix Digital, again something they have never denied. At best, Bungie can show that Phoenix Digital sold approximately four hundred dollars worth of the subject products in Washington State, (out of a total of approximately $27,000 in gross sales). None of this is evidence that any of these individual defendants "purposefully directed" his activities toward Washington as opposed to the overall worldwide market generally. Given that Bungie cannot show that these individual defendants even participated in the supposed "infringing activities," (which they did not) Bungie cannot credibly plead that by not engaging in these activities, Defendants nevertheless directed such activities toward the State of Washington.

### F  Bungie Fails To Plead A Plausible Claim For Copyright Infringement Against Mr. May

Unlike Defendants Schaefer, Conway and Green who never denied being owners of Phoenix Digital, Defendant James May is not and never has been. Bungie continues to try lumping Mr. May in with the other Defendants with vague, unsupported charges that he "copied" Bungie's works. Again, Bungie hides behind "information and belief" to level its unsupported charges in this regard against Mr. May.

What Bungie apparently *is* able to back up with at least some arguable evidence is that Mr. May did, at one time, download the Destiny 2 game, did play it, and was "kicked off" of "Destiny 2" on several occasions. (Incidentally, Bungie's ability to provide detailed information in this regard demonstrates its ability to review its server records and compile, if it can, information to support its allegations. Its failure to do so in the case of Defendants Schaefer, Conway and Green indicates that Bungie lacks the data to do so.) Based on Bungie's own allegations that it does not tolerate "cheating" in "Destiny2" and that it has implemented measures to identify "cheaters" and deny them playing privileges, all this

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ        Page 12

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

indicates is that Mr. May has been found by Bungie to violate its terms of service. Again, under the clear holding in *MDY v. Blizzard,* this is only a breach of contract matter and *not* an act of copyright infringement. Aside from evidencing that, at one time Mr. May played "Destiny 2" and was on several occasions denied further playing privileges, this *does not* evidence that he somehow created the "cheat software" at issue here or that he "copied" or otherwise directly infringed one or more of Bungie's claimed copyrights. Bungie has alleged no credible facts that he did.

Because Bungie has, at best, alleged that Mr. May breached the terms of Bungie's LSLA, under the clear holding of *MDY v. Blizzard,* this is *not* copyright infringement and, instead, only a matter of contract law. Because this Court only has jurisdiction over any copyright claim Bungie can make (again, the contract matters are now the domain of the selected Arbitrator, not this Court) Bungie's claim for copyright infringement – the only claim Bungie makes against Mr. May in its First Amended Complaint – should and must be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants' motion for partial dismissal should be granted and the individual defendants named in the First Amended Complaint should be dismissed from this action.

Dated July 15, 2022.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington 98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

Reply in Support of Motion for Partial Dismissal
Cause No. 21-CV-0811-TSZ          Page 13

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900