THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN, JEFFREY CONWAY; AND JAMES MAY,<br><br>   Defendants. | No. 2:21-cv-811-TSZ<br><br>**PLAINTIFF BUNGIE, INC.'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

PLAINTIFF'S NOTICE OF
INTENT TO FILE SURREPLY
(No. 2:21-cv-811-TSZ)

157553001.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.   INTRODUCTION

Plaintiff Bungie, Inc. ("Bungie") requests that the Court strike the arguments raised on pages 1–7 §§ A - B of Defendants' Reply in Support of Defendants' Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. No. 56) (hereafter, "Reply") because these are new arguments seeking new relief that were not asserted or requested in Defendants' Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. No. 40) (hereafter, "Motion").  Bungie further requests that the Court strike page 13 of the Reply as exceeding the page limit permitted by this District's local rules.  *See* Local Rules W.D. Wash. LCR 7(e)(3) ("Reply briefs shall not exceed twelve pages.").

## II.   ARGUMENT

It is well-established in this Court that "[a]rguments cannot be raised properly for the first time on reply." *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010); *see also AT & T Mobility LLC v. Holaday-Parks-Fabricators, Inc.*, No. C10-468Z, 2011 WL 5825714, at *2 (W.D. Wash. Nov. 17, 2011) (Zilly, J.) (granting motion to disregard arguments asserted in support of motion to dismiss asserted for the first time in reply); *Nw. Coal. for Alts. To Pesticides v. U.S. E.P.A.*, No. C10-1919 TSZ, 2014 WL 309168, at *4 (W.D. Wash. Jan. 28, 2014) (Zilly, J.) (granting motion to strike "new argument improperly raised for the first time in Intervenors' reply" in support of a motion to dismiss).  In their original Motion, Defendants asserted only two arguments for partial dismissal: (1) "Defendants Jeffrey Conway, David Shaefer [sic] and Jordan Green move to dismiss this action in its entirety pursuant to Rules 12(b)(2) and 12(b)(3) Fed. R. Civ. P. for lack of personal jurisdiction and improper venue;" and (2) "Defendant James May moves to dismiss the First Cause of Action (Copyright Infringement) under Rule 12(b)(6) Fed. R. Civ. P. for failure to state a claim for which relief may be granted."  Mot. at p. 1; *see generally* Mot.  Likewise, in their proposed order, Defendants only requested that the "Motion [be] Granted" and that "Defendants Conway, Schaefer, Green, and May [be] dismissed from this case entirely."

PLAINTIFF'S NOTICE OF
INTENT TO FILE SURREPLY
(No. 2:21-cv-811-TSZ)

157553001.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dkt. No. 40-6. Nowhere did they request dismissal of specific claims. In their Reply, Defendants assert—for the first time—that (1) Bungie's claims for secondary copyright infringement against all Defendants should be dismissed (Reply at p. 1–4 § A) and (2) Bungie's claim for direct copyright infringement against Schaefer, Conway, and Green should be dismissed (Reply at p. 5–7 § B).[1] Both arguments, and the newly-raised requested relief, should be disregarded.

As to the first new argument, Defendants spend four pages of their Reply discussing *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2010) and how it allegedly requires "dismiss[al of] any claim on the part of Bungie for 'secondary' or 'induced' infringement of copyright."[2] Yet nowhere in Defendants' original Motion do they argue that *any* secondary infringement claim should be dismissed, whether on the basis of *MDY* or any other grounds. *Compare* Mot. at p. 9 (arguing that **direct** copyright infringement claim against **May** should be dismissed, citing *MDY*) *with* Reply at p. 1–4 (arguing that **secondary** copyright infringement claims against **all Defendants** should be dismissed).

As to the second new argument, in their Motion, Defendants never raised the issue of whether copyright infringement was adequately pleaded against Schaefer, Conway, or Green. *See generally* Mot. The only basis on which Defendants argued that any claim against Schaefer, Conway, or Green should be dismissed is that the Court does not have personal jurisdiction or venue under Fed. R. Civ. P. 12(b)(2), (3). Mot. at p. 1, 4–8. Now, their Reply asserts the novel argument that Bungie "has not pleaded plausible facts" to show that Schaefer, Conway, and Green are liable for direct copyright infringement, apparently asserting a brand new (and substantively deficient) argument under Fed. R. Civ. P. 12(b)(6). Reply at p. 5.

---

[1] It is unclear under which Federal Rule Defendants move to dismiss these claims because these arguments were not asserted in Defendants' Motion. This issue is exemplifies the problems created by Defendants' improperly-asserted arguments and is one of the myriad issues that, had Defendants asserted them at the appropriate time, Bungie would have an opportunity to raise and address.

[2] It does not. If required to respond to this new argument, Bungie would demonstrate how *MDY* is inapposite here and how Defendants mischaracterize the allegations in Bungie's Amended Complaint.

PLAINTIFF'S NOTICE OF
INTENT TO FILE SURREPLY
(No. 2:21-cv-811-TSZ)

157553001.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Defendants' newly-raised arguments and requested relief, raised for the first time in their Reply, should be stricken.

Finally, the local rules are clear that reply briefs in support of a motion to dismiss "shall not exceed twelve pages." Local Rules W.D. Wash. LCR 7(e)(3). Defendants' thirteen-page Reply exceeds this requirement, and Defendants did not seek or obtain approval from the Court to file an over-length motion, as permitted by the local rules. *Id.* 7(f). This is not the first time Defendants filed an overlength brief without seeking Court approval, nor is it the first time Defendants violated other of this District's local rules. *See* Dkt. Nos. 38, 46 (Defendants filed a Motion for Extension of Time improperly noted and after the deadline passed); Dkt. No. 55 at p. 1 n.1 (noting Defendants' failure to comply with LCR 26(c)(1) and reminding Defendants of their obligation to comply with all local court rules); Dkt. No. 53 (Defendants filed eight-page reply brief in support of its motion for protective order where LCR 7(e)(2) limits reply briefs in support of protective orders to six pages). Despite this Court's recent warning, Defendants continue to flout this District's local rules, and page 13 of their Reply should therefore be stricken.

### III. CONCLUSION

Bungie therefore requests the Court strike pages 1–7 and 13 of Defendants' Reply.

Dated: July 15, 2022

By: */s/ William C. Rava*
William C. Rava, Bar No. 29948
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
JDini@perkinscoie.com

PLAINTIFF'S NOTICE OF
INTENT TO FILE SURREPLY
(No. 2:21-cv-811-TSZ)

157553001.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000