UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., | |
| Plaintiff, | |
| v. | C21-0811 TSZ |
| AIMJUNKIES.COM, et al., | MINUTE ORDER |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) On May 19, 2022, plaintiff Bungie, Inc. ("Bungie") filed an amended complaint in this action, docket no. 34. Defendants Aimjunkies.com, Phoenix Digital Group LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively the "Defendants") now move for dismissal of Bungie's amended complaint. For the following reasons, the motion, docket no. 40, is DENIED.

    a. The Defendants move under Federal Rules of Civil Procedure 12(b)(2) and (3) to dismiss all claims against defendants Jeffrey Conway, David Schaefer, and Jordan Green for lack of personal jurisdiction and improper venue.[1] "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the defendant bases its motion on written materials rather than an

---

[1] Although the Defendants move under Rule 12(b)(3) to dismiss the claims against Conway, Schaefer, and Green for improper venue, they have not addressed venue in their motion or reply brief.

MINUTE ORDER - 1

evidentiary hearing, the plaintiff must make only a prima facie showing of personal jurisdiction. *Id.* The Court must take as true uncontroverted allegations in the complaint and must resolve any conflicts over statements in affidavits in the plaintiff's favor. *Id.* In this case, Bungie contends that the Court has personal jurisdiction over Conway, Schaefer, and Green because they allegedly agreed to Bungie's Limited Software License Agreement ("LSLA"), which contains a forum selection clause. Am. Compl. at ¶ 20 (docket no. 34). By "downloading, installing, playing, copying, or using" Destiny 2, players accept the terms of Bungie's LSLA. *Id.* at ¶ 47; *see also* LSLA, Ex. 6 to Am. Compl. (docket no. 34-1). In support of their motion, Conway, Schaefer, and Green have submitted declarations alleging that they never reviewed the LSLA or consented to be bound by its terms. Conway Decl. at ¶¶ 5–6 (docket no. 40-1); Green Decl. at ¶¶ 2–3 (docket no. 40-2); Schaefer Decl. at ¶¶ 5–6 (docket no. 40-3). Conway, however, is the only defendant who claims that he has never played any computer game offered by Bungie, including Destiny 2. Conway Decl. at ¶ 4. Green and Schaefer do not rebut Bungie's allegation that they downloaded, installed, and/or played Destiny 2.[2] Am. Compl. at ¶ 50. Accordingly, Bungie has a made a prima facie showing of personal jurisdiction as to Green and Schaefer. The Court further concludes that Conway is subject to the specific personal jurisdiction of this Court.[3] Conway has purposefully directed his activities at Washington residents, this litigation arises from those forum-related activities, and the exercise of personal jurisdiction is reasonable. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011). The Defendants sold the cheat software online through the Aimjunkies.com website, Am. Compl. at ¶ 2, and have conceded that three percent (3%) of their overall sales of the cheat software were to Washington residents. Schaefer Decl. at ¶ 8 (docket no. 28-5). Although Conway denies creating the cheat software at issue in this case, *see* Conway Decl. at ¶¶ 7–8, he does not contest Bungie's allegations that he directly participated in selling the cheat software. In fact, Conway does not dispute that he was a managing member of Phoenix Digital, his residence is the listed place of business for Phoenix Digital, he used his personal phone number in connection with service providers to accept payments for the cheat software, or that he shared in profits generated from selling the software.[4] Am. Compl. at ¶¶ 6, 69, & 72.

---

[2] In his declaration, Shaefer contends that he has never "played or otherwise participated in any computer game offered or otherwise made available by Phoenix Digital Group LLC." Schaefer Decl. at ¶ 4 (docket no. 40-3). Schaefer has not clarified whether he intended to refer to Bungie in this statement.

[3] The Court similarly concludes that it has specific personal jurisdiction over Green and Shaefer.

[4] Courts have "found a corporate officer's contacts on behalf of a corporation sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged

MINUTE ORDER - 2

        b.        Defendant James May also moves under Rule 12(b)(6) to dismiss the claim for copyright infringement.  In ruling on a motion to dismiss, the Court must assume the truth of Bungie's allegations and draw all reasonable inferences in its favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in Bungie's complaint sufficiently state a "plausible" ground for relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To establish direct copyright infringement, Bungie must (i) "show ownership of the allegedly infringed material," and (ii) "demonstrate that the alleged infringers violate at least one exclusive right" under the Copyright Act.  *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).  In this case, Bungie has pleaded facts establishing its ownership of all copyrights in Destiny 2, including the game's computer software.  Am. Compl. at ¶ 37.  Bungie has plausibly alleged that May infringed the Destiny 2 copyrights by copying the videogame's software code, "including but not limited to Destiny 2's data structures, reverse-engineering Bungie's computer software code for Destiny 2's camera and player data structures, preparing unauthorized derivative works based on Bungie's Destiny Copyrights, and distributing these unauthorized derivative works without Bungie's permission."  *Id.* at ¶ 105.  Bungie alleges that May personally participated in the development of the cheat software.  *Id.* at ¶ 51.  Bungie further alleges that it identified, between October 3, 2019, and May 13, 2021, "at least 83 unique accounts now believed to be connected to Mr. May contacting Bungie's servers in a suspicious manner consistent with either the use of Defendants' cheat software or operation of detectable reverse-engineering tools that interact with the Destiny 2 game engine."  *Id.* at ¶ 74.  The Court, therefore, concludes that Bungie has plausibly alleged a claim against May for copyright infringement.

        (2)        Bungie's motion to strike, docket no. 58, is GRANTED in part,[5] and the Court will not consider the Defendants' arguments that Bungie's claims for (i) secondary copyright infringement against all Defendants and (ii) direct copyright infringement against Schaefer, Conway, and Green should be dismissed.  The Defendants raised these arguments for the first time in their reply brief, but arguments cannot be raised properly for the first time in a reply.  *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010).

---

wrongdoing or had control of, and direct participation in the alleged activities."  *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009).

[5] Having concluded that Bungie plausibly alleged a claim of copyright infringement against May, the Court will not strike the thirteenth page of the Defendants' reply brief which addresses that claim.  The Defendants, however, are DIRECTED to review and comply with all Local Civil Rules.  *See* LCR 7(e)(3) (limiting a reply brief in support of a motion to dismiss to twelve pages).

MINUTE ORDER - 3

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of August, 2022.

                                                Ravi Subramanian
                                                Clerk

                                                s/Gail Glass
                                                Deputy Clerk

MINUTE ORDER - 4