THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC., a Delaware corporation,

Plaintiff

v.

AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,

Defendants.

Cause No. 2:21-cv-0811 TSZ

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants, by and through their undersigned counsel, hereby hereby answer Plaintiff's First Amended Complaint as follows:

**INTRODUCTION**

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore deny those allegations.

2.     Admitted that Defendants David Schaefer, Jeffrey Conway, and Jordan Green at one time were at one time members of Defendant Phoenix Digital Group LLC ("Phoenix Digital") and that at one time Phoenix Digital operated the website AimJunkies.com. Otherwise Denied. Specifically denied that Defendants ever "copied Bungie's data structures for Destiny 2 and reverse-engineered other components of Destiny 2's software code to develop cheat software."

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

3. Denied.

4. Admitted that at one time Phoenix Digital had three managing members: David Schaefer, Jeffrey Conway, and Jordan Green. Otherwise Denied.

5. Admitted that Defendant David Schaefer is a Director, Officer, and managing member of Phoenix Digital. Otherwise Denied.

6. Admitted that Defendant Jefferey Conway was at one time a managing member of Phoenix Digital. Otherwise Denied.

7. Defendants are not aware of who "Defendant James Green" is and therefore deny the allegations of paragraph 7.

8. Denied.

9. Denied.

10. Denied.

11. Admitted that Bungie brings this action against Defendants but Denied that any of Bungie's claims have merit.

**PARTIES**

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore deny those allegations.

13. Denied.

14. Admitted.

15. Admitted.

16. Admitted that Defendant Jordan Green is a managing member of Phoenix Digital. Denied that he lives at 2839 SW Dickinson Street, Portland, Oregon, 97219.

17. Admitted that Jeffrey Conway was a managing member of Phoenix Digital with a mailing address of 8837 W. Vernon, Phoenix, Arizona, 85037. Otherwise Denied.

18. Admitted.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 2
Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

## JURISDICTION AND VENUE

19. Admitted that this Court has subject matter jurisdiction over the claims asserted in the First Amended Complaint but Denied that any of those claims has merit.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## FACTS AND BACKGROUND

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore deny those allegations.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore deny those allegations.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore deny those allegations.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore deny those allegations.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore deny those allegations.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore deny those allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore deny those allegations.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore deny those allegations.

32. Denied.

33. Denied.

34. Denied.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 3
Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

35. Admitted that software, such at that distributed by Plaintiff Bungie, Inc. may be used to surreptitiously install malware and other harmful software on the computers of those who play Destiny 2. Otherwise Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore deny those allegations. Specifically denied that any software or other product distributed by Defendants performs any such function.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore deny those allegations.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore deny those allegations.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore deny those allegations.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore deny those allegations.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore deny those allegations.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore deny those allegations.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore deny those allegations.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore deny those allegations.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore deny those allegations.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore deny those allegations.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 4
Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore deny those allegations.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore deny those allegations.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore deny those allegations.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore deny those allegations.

55. Denied.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore deny those allegations.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore deny those allegations.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore deny those allegations.

59. Denied.

60. Denied.

61. Denied.

62. Admitted that the Aimjunkies website was acquired by Phoenix Digital in or around June 2016. Denied that Defendant Phoenix Digital, and its three managing members, Mr. Schaefer, Mr. Conway and Mr. Green presently own and control AimJunkies.

63. Denied.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ                    Page 5

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied that Mr. May, "has also used and been involved in the development of Defendants' Destiny 2 cheat software." As to the remaining allegations of this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore deny those allegations.

75. Denied.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore deny those allegations.

77. Denied.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore deny those allegations.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore deny those allegations.

80. Denied.

81. Admitted. Denied that the ESP feature infringes any legitimate right of Bungie.

82. Denied.

83. Denied.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ

Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

84. Admitted.

85. Denied.

86. Admitted, but denied that the "AIMBOT" feature infringes any legitimate right of Bungie.

87. Denied.

88. Denied.

89. Admitted but denied that the "OPK" feature infringes any legitimate right of Bungie.

90. Denied.

91. Denied.

92. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore deny those allegations.

93. Denied.

94. Admitted but denied that this infringes any legitimate right of Bungie.

95. Denied.

96. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and therefore deny those allegations.

97. Denied.

98. Denied. Specifically Denied that Defendants have at any time after December 10, 202 offered or otherwise distributed the products at issue here.

99. Denied.

100. Admitted that Aimjunkies is no longer owned or controlled by any of the Defendants. Otherwise Denied.

## FIRST CAUSE OF ACTION

**(Copyright Infringement, 17 U.S.C. § 501, et seq. -- Against All Defendants)**

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 7

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

101. Admitted that Bungie repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein. Unless as specifically admitted above, Denied that those allegations have merit.

102. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and therefore deny those allegations.

103. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and therefore deny those allegations.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

## SECOND CAUSE OF ACTION

**(Trademark Infringement, 15 U.S.C. § 1114 -- Against AimJunkies.com, Phoenix Digital Group LLC, David Schaefer, Jordan Green, and Jeffrey Conway)**

115. Admitted that Bungie repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein. Unless as specifically admitted above, Denied that those allegations have merit.

116. Denied.

117. Denied.

118. Denied.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 8

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

### THIRD CAUSE OF ACTION

**(False Designation of Origin, 15 U.S.C. § 1125(a) -- Against The Phoenix Digital Defendants)**

125. Admitted that Bungie repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein. Unless as specifically admitted above, Denied that those allegations have merit.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state claims for which relief may be granted.

2. Plaintiff's claims for copyright infringement as set out hereon are barred under the clear holding of the Ninth Circuit Court of Appeals in *MDY Industries, LLC v. Blizzard Entertainment, Inc.,* 629 F.3d 928 (9th Cir. 2010), that, *as a matter of law,* alleged breaches of covenants in a copyright license are *not* acts of copyright infringement.

3. Plaintiff's claims for copyright infringement as set out herein are barred under the clear holding of the Ninth Circuit Court of Appeals in *Lewis Galoob Toys, Inc. v.*

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 9

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

*Nintendo of America,* 964 F.2d 965 (9th Cir. 1992) that, *as a matter of law,* the use of software resident on the computer of a game player to enhance the player's performance of the game does *not* unlawfully create a "derivative work" or otherwise infringe a copyright.

4. All claims for "statutory damages," "enhanced damages," "attorneys' fees" or other relief under 17 U.S.C. §§ 505, 505 are barred under 17 U.S.C. §§ 412 and the clear holding of the Ninth Circuit Court of Appeals in *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696 (9th Cir. 2008) that, "to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement," and that, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412."

5. All use by Defendants of the "DESTINY Marks" as alleged herein was a nominative or descriptive "fair use" of the marks given that such use was only to refer, accurately, to the actual products of Plaintiff Bungie, Inc., and/or to describe, accurately and truthfully, what the products at issue here do.

6. Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through the unauthorized, clandestine accessing and downloading of information contained in private files on the personal computer of Defendant James May.

7. Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through breach of the Terms of Service of Defendant Phoenix Digital Group LLC.

8. Plaintiff is precluded from recovering any damages that could have been avoided through the exercise of reasonable care and due diligence.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ

Page 10

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

# COUNTERCLAIMS

## First Counterclaim of James May For Unauthorized Access With Intent To Defraud 18 U.S.C. § 1030(a)(4)

For his counterclaims, Defendant James May ("Mr. May") alleges as follows:

1. Mr. May incorporates by reference the responses contained in paragraphs 1-131 of Defendants' Answer, and paragraphs 1-8 of Defendants' Affirmative Defenses, as if fully set forth herein.

2. At all relevant times, Mr. May has maintained, used and operated at his home a personal computer on which personal, private and confidential information is stored and maintained in one or more files contained on his personal computer's hard drive.

3. Mr. May protects access to the files on his personal computer by requiring the use of one or more passwords, known only to him, to gain access to the files on his personal computer's hard drive. In addition, Mr. May includes a firewall on his computer to deter and prevent unauthorized access to his computer and the files and data contained thereon.

4. In approximately October or November, 2019, Mr. May accepted the terms of the "Limited Software License Agreement" ("LSLA") then utilized by Counterclaim Defendant Bungie, Inc., to receive access to the Destiny 2 game offered by Bungie, Inc.

5. A copy of the LSLA that governed at all relevant times herein is attached as Exhibit A. A copy of that LSLA that governed at all relevant times herein is also attached as Exhibit 6 (Dkt. #34-1, pp 18-27) to the Amended Complaint filed May 19, 2022 (Dkt. #34-1).

6. The LSLA in effect at all relevant times does not provide Bungie, Inc. with authorization to surreptitiously access files on Mr. May's personal computer and/or download information from those files without the direct knowledge and express authorization of Mr. May.

7. On several occasions between October 2, 2019 and May 25, 2021 Bungie, Inc., without the knowledge and authorization of Mr. May accessed and obtained information from personal files contained on Mr. Mays' personal computer.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 11

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

8.      Attached as Exhibit B is Bungie Production Document BUNGIE_WDWA_0000409, which Bungie, Inc., has produced in the course of this litigation. Exhibit B evidences some one-hundred and four (104) instances in which Bungie, Inc., without the knowledge of, and authorization by, Mr. May accessed Mr. May's personal computer and downloaded information from it. "Column C" of Exhibit B entitled "Evidence" contains multiple listings that identify computer files contained only on Mr. May's computer. Such listings are expressly identified, for example, with the location, "c:\users\james\desktop\reclass\blah64.exe (4D09FFB3B8CFE53A8250D1A112C4CDE3)" which, in fact, is a private file on the "c" drive of Mr. May's computer.

9.      On information and belief, Bungie, Inc. has conducted further unauthorized and clandestine surveillance of private records on the personal computer of Mr. May. Such surveillance was conducted without the knowledge of, and permission of, Mr. May.

10.     Upon information and belief, Bungie, Inc., after fraudulently accessing Mr. May's personal computer, used the information obtained in order to conduct further surveillance on parties that include, but are not limited to, Phoenix Digital and its principals.

11.     Bungie, Inc.'s unauthorized access of Mr. May's confidential and private computer files has caused and will continue to cause Mr. May irreparable injury and damage.

12.     Bungie, Inc.'s activities constitute unauthorized access with intent to defraud in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

13.     Bungie, Inc.'s conduct is intentional, malicious and willful.

14.     Mr. May is entitled to appropriate relief as prayed for hereinafter, including injunctive relief and damages.

### Second Counterclaim of James May For Theft Of Computer Data
### 18 U.S.C. § 1030(a)(2)(C)

15.     Mr. May reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-14 above as though set forth fully herein.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 12
Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

16. Mr. May protects the files and data on his personal computer through such technological means as the use of passwords and firewalls to preclude unauthorized access to the data, files and records thereon.

17. Bungie, Inc.'s unauthorized infiltration of Mr. May's personal computer and its unauthorized surveillance and acquisition of the personal records contained therein has caused and will continue to cause Mr. May irreparable injury and damage.

18. Bungie, Inc.'s activities constitute theft of computer data in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(2)(C).

19. Bungie, Inc.'s conduct is intentional, malicious and willful.

20. Mr. May is entitled to appropriate relief as prayed for hereinafter, including injunctive relief and damages.

**Third Counterclaim of James May For Unauthorized Access**
**18 U.S.C. § 1030(a)(5)(C)**

21. Mr. May reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-20 above as though set forth fully herein.

22. Mr. May protects the files and data on his personal computer through such technological means as the use of passwords and firewalls to preclude unauthorized access to the data, files and records thereon.

23. Bungie, Inc.'s unauthorized infiltration of Mr. May's personal computer and its unauthorized surveillance and acquisition of the personal records contained therein has caused and will continue to cause Mr. May irreparable injury and damage.

24. Bungie, Inc.'s activities constitute unauthorized access in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(5)(C).

25. Bungie, Inc.'s conduct is intentional, malicious and willful.

26. Mr. May is entitled to appropriate relief as prayed for hereinafter, including injunctive relief and damages.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ

Page 13

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

**Fourth Counterclaim of James May For Circumvention of Technological Measures, (17 U.S.C. § 1201(a))**

27. Mr. May reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-26 above as though set forth fully herein.

28. On information and belief, Bungie bypassed, removed, deactivated, and/or impaired one or more of the technological measures Mr. May employed to control access to his computer(s) and the files and data contained thereon without the authority of Mr. May.

29. As a direct result of Bungie's circumvention, Mr. May has been injured, and will continue to be injured.

30. Bungie's actions were and are willful.

31. Bungi'es conduct has caused irreparable harm to Mr. May, and, unless enjoined, will cause further irreparable harm for which Mr. May has no adequate remedy at law.

32. Mr. May is entitled to the relief provided by 17 U.S.C. § 1203, including, but not limited to, injunctive relief, an order for the impounding, modification, or destruction of any device or product in Bungie's custody or control involved in the circumvention of Mr. May's technological measures, actual damages and Defendants' profits or statutory damages, and Mr. May's costs and attorneys' fees.

**First Counterclaim of Phoenix Digital Group LLC For Breach Of Contract**

For its counterclaims, Defendant Phoenix Digital Group LLC ("Phoenix Digital") alleges as follows:

33. In order to gain access to the "cheat software" products at issue here, subscribers to any of the products offered by Phoenix Digital through the "Aimjunkies" website must agree to the Terms of Service required by Phoenix Digital. A true and correct copy of these Terms of Service are attached hereto as Exhibit C.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 14
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

34. Under the terms of the Phoenix Digital Terms of Service, persons obtaining the "cheat software" products at issue here agree, among other things, not to decompile, reverse engineer or otherwise inspect the internal workings of the software.

35. Among other things, the Phoenix Digital Terms of Service provide that, "By accessing our website, you are agreeing to our Terms of Service and Privacy Policy.

36. The Phoenix Digital Terms of Service further provide that, "By making a purchase through this website, you agree to the following: [specified terms]."

37. Among the specified terms to which such purchasers agree are agreements that, "You shall not modify, hack, decompile, disassemble, reverse engineer, derive source code, or create derivative works of our software, in part or in whole. You shall not transmit our software or display the software's object code on any computer screen or to make any hard copy memory dumps of the software's object code."

38. Upon information and belief, Bungie, Inc., on or about January 3, 2020 obtained access to the "cheat software" at issue here. In particular, on or about January 3, 2020 a purchaser using the name, "Martin Zeniu" obtained a license through the aimjunkies website to use the "cheat software" at issue here.

39. Upon information and belief, "Martin Zeniu" is an alias used by an employee or agent of Bungie, Inc., to obtain access to the "cheat software" at issue here.

40. Upon information and belief, Bungie, Inc., decompiled, reverse engineered and otherwise inspected the internal workings of the "cheat software" product obtained from the aimjunkies website by "Martin Zeniu" on or about January 3, 2020, in breach of the Phoenix Digital Terms of Service to which Bungie, Inc., had agreed.

41. Bungie, Inc.'s decompilation, reverse engineering and inspection of the internal workings of the "cheat software" products at issue here constitutes a breach of the Phoenix Digital Terms of Service.

42. Bungie's breach of the express terms of the Phoenix Digital Terms of Service has caused and is continuing to cause harm and damage to Phoenix Digital.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 15
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

### Second Counterclaim of Phoenix Digital For Circumvention of Technological Measures, (17 U.S.C. § 1201(a))

43. Phoenix Digital reasserts and incorporates the allegations set forth in counterclaim paragraphs 33-42 above as though set forth fully herein.

44. On information and belief, Bungie bypassed, removed, deactivated, and/or impaired one or more of the technological measures Phoenix Digital employed to control access to its proprietary programs it uses to distribute the "cheat software" at issue here.

45. In particular, Bungie, without the authorization of Phoenix Digital, improperly gained access to loader software used by Phoenix Digital to distribute the "cheat software" at issue here to its customers. In doing so, Bungie defeated and compromised technological measures implemented by Phoenix Digital to preclude access to its loader software.

46. As a direct result of Bungie's circumvention, Phoenix Digital has been injured, and will continue to be injured.

47. Bungie's actions were and are willful.

48. Bungi'es conduct has caused irreparable harm to Phoenix Digital, and, unless enjoined, will cause further irreparable harm for which Phoenix Digital has no adequate remedy at law.

49. Phoenix Digital is entitled to the relief provided by 17 U.S.C. § 1203, including, but not limited to, injunctive relief, an order for the impounding, modification, or destruction of any device or product in Bungie's custody or control involved in the circumvention of Phoenix Digital's technological measures, actual damages and Defendants' profits or statutory damages, and Phoenix Digital's costs and attorneys' fees.

### **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Counterclaim-Plaintiffs James May and Phoenix Digital Group LLC each demand a trial by jury as to all issues so triable in this action.

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 16

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Claim Plaintiffs Phoenix Digital and James May pray for the following relief:

A. That judgment be entered in Phoenix Digital and Mr. May's favor against Bungie on all their counterclaims.

B. That Bungie and its officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Bungie be preliminarily and permanently enjoined from:

(1) Acquiring access to the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

(2) Inducing, or enabling others to access the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

(3) Circumventing the technological measures used by Phoenix Digital and Mr. May to prevent access to the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

(4) Inducing, or enabling others to circumvent the technological measures used by Phoenix Digital and Mr. May to prevent access to the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein; and

(5) Aiding or assisting another person or entity in any of the activities described in (1) - (4).

C. An order requiring that Bungie immediately transfer copies of any and all files, records, data or other information obtained from the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

D. An order requiring that Bungie then destroy all copies of any and all files, records, data or other information obtained from the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein in their possession or control;

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 17

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

E. An award to Phoenix Digital and Mr. May of restitution and damages, including but not limited to compensatory, statutory (including enhanced statutory damages for willful infringement), punitive damages, and all other damages permitted by law;

F. That Phoenix Digital and Mr. May be awarded pre-judgement and post-judgment interest on all damages awarded against Bungie;

G. An award to Phoenix Digital and Mr. May of their costs incurred in this suit as well as reasonable attorneys' fees; and

H. For such other relief as the Court deems just and proper.

Dated September 16, 2022.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

Answer and Counterclaim
Cause No. 21-CV-0811-TSZ
Page 18

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900