THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY AND JAMES MAY, <br><br> Defendants. | No. 2:21-cv-811 <br><br> **PLAINTIFF BUNGIE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PHOENIX DIGITAL GROUP, LLC'S AND JAMES MAY'S COUNTERCLAIMS WITH PREJUDICE** <br><br> NOTE ON MOTION CALENDAR: October 28, 2022 <br><br> ORAL ARGUMENT REQUESTED |

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

## **TABLE OF CONTENTS**

    **Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT .................................................................................................................. 1

    A.    Counterclaimants' Declarations, Counsel's Declaration, and Associated Exhibits Should Be Disregarded ......................................... 1

    B.    The Counterclaims Should Be Dismissed................................................ 2

        1.    May Fails to State Any CFAA Claims ........................................ 2

        2.    May and Phoenix Digital Fail to State Claims for DMCA Anti-Circumvention.............................................................................. 4

        3.    Phoenix Digital Fails to State a Claim for Breach of Contract.................. 7

    C.    Counterclaimants' Claims Should Be Dismissed with Prejudice .......................... 7

III.  CONCLUSION .............................................................................................................. 9

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alexander v. Chase Bank NA*,
   No. C16-26RSL, 2016 WL 1658286 (W.D. Wash. Apr. 26, 2016) ..............................1, 3, 6, 7

*Allen v. City of Beverly Hills*,
   911 F.2d 367 (9th Cir. 1990) ....................................................................................................7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................................2

*Beijing Zhongyi Zhongbiao Elec. Info. Tech. Co. v. Microsoft Corp.*,
   No. C13-1300-MJP, 2013 WL 6979555 (W.D. Wash. Oct. 31, 2013) .....................................3

*Corbello v. Valli*,
   974 F.3d 965 (9th Cir. 2020) ......................................................................................................5

*D&J Optical, Inc. v. Wallace*,
   No. 1:14cv658-MHT, 2015 WL 1474146 (M.D. Ala. Mar. 31, 2015) .....................................5

*Dacumos v. Toyota Motor Credit Corp.*,
   No. C17-964 RSM, 2018 WL 2059562 (W.D. Wash. May 3, 2018) .......................................1

*FMHUB, LLC v. MuniPlatform, LLC*,
   No. 19-15595 (FLW), 2021 WL 1422873 (D.N.J. Apr. 15, 2021) ............................................6

*nexTUNE, Inc. v. McKinney*,
   No. C12-1974 TSZ, 2013 WL 2403243 (W.D. Wash. May 31, 2013) .....................................3

*Northshore Sheet Metal, Inc. v. Sheet Metal Workers Int'l Assoc., Local 66*,
   No. 15-CV-1349 BJR, 2018 WL 4566049 (W.D. Wash. Sept. 24, 2018) ................................2

*Song fi Inc. v. Google, Inc.*,
   108 F. Supp. 3d 876 (N.D. Cal. 2015) ........................................................................................4

*Sowa v. Ring & Pinion Serv. Inc.*,
   No. 2:21-cv-459-RAF-BAT, 2021 WL 6334930 (W.D. Wash. Sept. 9, 2021) .................1, 6, 7

*Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*,
   315 F. Supp. 3d 1147 (C.D. Cal. 2018) ......................................................................................5

*United Fed'n of Churches, LLC v. Johnson*,
   ___ F. Supp. 3d. ___, 2022 WL 1128919 (W.D. Wash. Apr. 15, 2022) ..................................3

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**STATUTES**

17 U.S.C. § 1201 ............................................................................................................. 4, 5, 6, 7

17 U.S.C. § 1201(a)(3)(A) ....................................................................................................... 6

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

## I. INTRODUCTION

Instead of arguing why their counterclaims are sufficient as pled, Counterclaimants James May and Phoenix Digital Group, LLC ("Phoenix Digital") (collectively, "Counterclaimants") present declarations intended, apparently, to cure the many pleading deficiencies identified in Bungie's Motion to Dismiss (Dkt. No. 64; the "Motion"). The Court cannot consider such extrinsic evidence on a motion testing the sufficiency of a pleading, and even if it could, the newly-asserted facts fail to cure the many fatal flaws in Counterclaimants' pleadings.

For each of these reasons individually, and in combination, Bungie's Motion should be granted, and the counterclaims should be dismissed with prejudice.

## II. ARGUMENT

### A. Counterclaimants' Declarations, Counsel's Declaration, and Associated Exhibits Should Be Disregarded

Counterclaimants improperly rely on their own declaration testimony, rather than the allegations pled in their counterclaims, to oppose Bungie's Motion. The Court cannot consider these statements. On a motion to dismiss, with limited exceptions, the Court considers only the contents of the challenged pleading. *Alexander v. Chase Bank NA*, No. C16-26RSL, 2016 WL 1658286, at *2 (W.D. Wash. Apr. 26, 2016). Self-serving declaration testimony of the party whose pleading is challenged is not among those limited exceptions. "Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice." *Sowa v. Ring & Pinion Serv. Inc.*, No. 2:21-cv-459-RAF-BAT, 2021 WL 6334930, at *2 (W.D. Wash. Sept. 9, 2021). Counterclaimants' declarations and attached exhibits cannot be considered on a motion to dismiss, even if they "form the basis of factual statements and allegations pled in the complaint." *Alexander*, 2016 WL 1658286, at *2; *see also Dacumos v. Toyota Motor Credit Corp.*, No. C17-964 RSM, 2018 WL 2059562, at *3 (W.D. Wash. May 3, 2018) (declining to

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

consider materials outside of the complaint not properly subject to judicial notice and granting motion to dismiss); *Northshore Sheet Metal, Inc. v. Sheet Metal Workers Int'l Assoc., Local 66*, No. 15-CV-1349 BJR, 2018 WL 4566049, at *1 (W.D. Wash. Sept. 24, 2018) (striking declaration submitted in opposition to motion and granting motion to dismiss).

Counterclaimants attempt to remedy the fatal flaws in their counterclaims that Bungie identified in its motion to dismiss with their own declarations. For example, Phoenix Digital relies on the declaration of David Schaefer to add purported facts relating to when the AimJunkies.com Terms of Service were allegedly in effect, the harm Phoenix Digital supposedly suffered, and technological measures Phoenix Digital purports to have implemented on its loader software. Opp'n p. 16–18. James May similarly tries to amend his counterclaims, belatedly claiming copyright protection in his computer files and damages he alleges to have suffered. *Id.* p. 7–8, 12. Indeed, May tries to argue that "[t]he accompanying Declaration of James May is more than adequate to set out a 'plausible' claim…." But the standard on a motion to dismiss is not whether Counterclaimants' *declarations* can state a plausible claim on their face, but whether the *pleadings themselves* do so. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, **a complaint** must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.") (emphasis added, internal quotes omitted). The counterclaims do not, and the fact that Counterclaimants attempted to supplement their pleading with declaration testimony amounts to an admission of their failure to properly plead their claims in the first place. As explained in Bungie's Motion, the counterclaims are bereft of factual support, containing no more than threadbare recitals of the elements of each cause of action. This pleading is insufficient and cannot be resuscitated by after-the-fact declaration testimony. Bungie's Motion should be granted.

**B.     The Counterclaims Should Be Dismissed**

**1.     May Fails to State Any CFAA Claims**

May fails to allege sufficient facts to plausibly claim that Bungie accessed his computer or that May suffered $5,000 in loss as defined by the CFAA. He attempts to remedy these

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

deficiencies with declaration testimony concerning facts not alleged in his counterclaims, which he cannot do. *See Alexander*, 2016 WL 1658286, at *2; *see* Opp'n p. 7–8 (adding facts via May's declaration regarding the location and nature of the files allegedly accessed by Bungie and the nature and amount of damages purportedly suffered). Regardless of what facts May seeks to add in his opposition (or whether those facts would be sufficient to support his claims), the allegations he *actually* asserts in his counterclaims are bare conclusions or unsupported speculation. Counterclaims ¶¶ 8, 11, 17, 23.

May's conclusory allegation that he suffered "damage" without identifying how or in what amount is plainly insufficient to sufficiently state losses to support a CFAA claim, and his CFAA claims should all be dismissed on this basis alone. *United Fed'n of Churches, LLC v. Johnson*, ___ F. Supp. 3d. ___, 2022 WL 1128919, at *6–8 (W.D. Wash. Apr. 15, 2022).

This Court is not required, as Counterclaimants assert, to accept May's unsupported speculation as true. Opp'n p. 7. While the Court must accept reasonable inferences in the counterclaims, it is not required to accept as true "unwarranted deductions of fact, or unreasonable inferences." *nexTUNE, Inc. v. McKinney*, No. C12-1974 TSZ, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013). The Court is thus not required to accept May's speculative interpretation of a spreadsheet that he did not create and does not know how it was created.

Finally, May's CFAA counterclaims should all be dismissed on the independent ground that even if Bungie "accessed" May's computer, such access was authorized. Counterclaimants argue that consideration of the Privacy Policy is improper. Opp'n p. 4. But, unlike Counterclaimants' newly submitted exhibits and testimony, Bungie's Privacy Policy falls within one of the well-recognized exceptions to the rule limiting the materials that can be considered on a motion to dismiss; namely, the incorporation by reference doctrine, which permits parties to rely on documents incorporated by reference into the complaint, including where additional terms are incorporated by reference into those documents. *See Beijing Zhongyi Zhongbiao Elec. Info. Tech. Co. v. Microsoft Corp.*, No. C13-1300-MJP, 2013 WL 6979555, at *3 (W.D. Wash. Oct. 31, 2013);

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

*Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 880 (N.D. Cal. 2015) (considering both the YouTube Terms of Service and the Community Guidelines that were incorporated by reference in the Terms of Service). Additionally, May does not contest that he agreed to the Privacy Policy, nor does he contest the authenticity of the Privacy Policy provided. Bungie's Privacy Policy thus can and should be considered in resolving this motion. *Id.* Doing so provides yet another reason to dismiss these counterclaims.

Through the Privacy Policy, May agreed to allow Bungie to "collect Personal Information about [May] and [his] use of the Bungie Services via automated means." Kaiser Decl., Ex. 1 (Dkt. No. 66-1) ¶ 2(b). It also lists *examples* of the type of information Bungie is allowed to collect, including "actions taken within the Bungie Services" and "device data" needed to "prevent fraudulent use of the Bungie Services," "enforce our Terms of Use [and] our legal rights," and "prevent or address potential or actual injury or interference with our rights, property, operations, users or others who may be harmed or may suffer loss or damage." *Id.* ¶ 2(c). Such clauses clearly cover the information found in Exhibit B to his counterclaims, which shows metadata (such as a file path) of files that May connected to the *Destiny 2* process, one of "Bungie Services". Kaiser Decl. (Dkt. No. 66) ¶ 2.

May admits that he accessed (and therefore used) the *Destiny 2* game offered by Bungie. Counterclaims ¶ 4. May admits repeatedly that the file paths listed in Exhibit B to the counterclaims only "identify computer files contained only on Mr. May's computer," or in other words, his device. Counterclaims ¶ 8. Therefore, even accepting May's allegations as true and considering the information he allowed Bungie to collect while using *Destiny 2*, his CFAA counterclaims fail on their own terms and should be dismissed with prejudice.

### 2.  May and Phoenix Digital Fail to State Claims for DMCA Anti-Circumvention

May and Phoenix Digital both impermissibly attempt to reallege their DMCA counterclaims in the respective declarations of May and Schaefer in a futile attempt to fix the flaws

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

in their pleading that Bungie identified in its Motion. They do not allege that their respective files and software are works protected by copyright, nor do they allege facts sufficient to identify any acts of circumvention committed by Bungie. Phoenix Digital's belated attempt to name supposed technological measures they have implemented for their "cheat loader" software should not be considered for purposes of this motion to dismiss.

With respect to whether their computer files and cheat loader software are protected by copyright, May and Phoenix Digital baldly claim copyright protection and cite a single case to support that proposition. Opp'n p. 11, 16. But this argument is flawed on several levels. First, this allegation is found nowhere in Counterclaimants' counterclaims, and attorney argument in an opposition brief and Counterclaimants' declaration testimony in opposition to a motion to dismiss are no substitute. Second, Counterclaimants do not allege ownership of copyright registrations for any of the files on May's computer or Phoenix Digital's cheat loader software. *See generally* Counterclaims (Dkt. No. 63). Counterclaimants' DMCA claim should be dismissed for this reason alone.

Finally, computer files are not automatically protected by copyright. *See D&J Optical, Inc. v. Wallace*, No. 1:14cv658-MHT, 2015 WL 1474146, at *7 (M.D. Ala. Mar. 31, 2015). There are requirements for anything, computer file or otherwise, to be protected by copyrights and Counterclaimants failed to plead those essential elements. *See, e.g.*, *Corbello v. Valli*, 974 F.3d 965, 973 (9th Cir. 2020) ("Copyright law … protects authors' original expression in their work but does not protect ideas and facts.").

Counterclaimants' lone case citation does not even address the copyrightability of computer files; it assesses the copyrightability of a website. *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1159–60 (C.D. Cal. 2018). And Counterclaimants have alleged no facts (nor do their declarations provide any facts) to suggest that the computer files that Bungie allegedly accessed were protected by copyright. *See id.* (examining the literal, individual non-literal, and dynamic non-literal elements of a website to determine which were protected by

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

copyright).  Indeed, May's declaration does not even identify which, if any, files he is claiming are protected by copyright or what those files are.

On the missing factual allegations as to Bungie's alleged circumvention, the *lone* allegation in Counterclaimants' respective counterclaims related to this element simply regurgitates the language of the DMCA anti-circumvention statute.  *Compare* Counterclaims ¶¶ 28, 44 *with* 17 U.S.C. § 1201(a)(3)(A).  This threadbare recital of the statutory element is insufficient to state a plausible claim for relief.  *FMHUB, LLC v. MuniPlatform, LLC*, No. 19-15595 (FLW), 2021 WL 1422873, at *6 (D.N.J. Apr. 15, 2021).  Yet again, in his opposition, May can only point to "Exhibit B to his counterclaim along with his accompanying declaration [as] provid[ing]…evidence" of Bungie's circumvention.  Opp'n p. 12.  May's declaration testimony cannot be used to defeat a motion to dismiss, and Bungie's Motion should therefore be granted.  *Alexander*, 2016 WL 1658286, at *2; *Sowa*, 2021 WL 6334930, at *2.

Phoenix Digital similarly points to materials not included with its counterclaims in support of its circumvention allegations, apparently to argue that because Dr. Kaiser can describe how Defendants' Cheat Software works, he therefore must have "obtained [that information] through decompiling or reverse engineering."  Opp'n p. 17.  This assertion is nothing more than a speculative leap and in any event is not included in the counterclaims themselves.  Phoenix Digital also relies on a new exhibit introduced through Counterclaimants' counsel's declaration that was not included in its pleading.  *See* Dkt. No. 69 (Declaration of Philip P. Mann and Exhibit A).  As an initial matter, it is not entirely clear what Phoenix Digital intends to prove by attaching this document.  Nor does the document show any action taken that is prohibited by Phoenix Digital's alleged Terms of Service (*see* Counterclaims ¶ 37) or the DMCA anti-circumvention provisions (17 U.S.C. § 1201).  Moreover, not only can this document not be relied upon at this procedural stage, but Phoenix Digital's interpretation of this document as evidence of circumvention is incorrect on its face.  As they did with their counterclaims, Counterclaimants have again blindly

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

attached a document produced by Bungie without *any* context as to who created the document or what it actually shows. Doing so is not sufficient to support their claims.

Finally, again admitting the deficiencies of Phoenix Digital's DMCA anti-circumvention counterclaim, Schaefer attempts to add new evidence to the pleadings regarding Phoenix Digital's supposed technological measures used to protect the loader software. *See* Opp'n p. 16; Dkt. No. 67-2 ¶ 4. Phoenix Digital cannot effectively amend its pleadings through a declaration submitted with its opposition to the Motion, and this claim should be dismissed. *Alexander*, 2016 WL 1658286, at *2; *Sowa*, 2021 WL 6334930, at *2.

### 3. Phoenix Digital Fails to State a Claim for Breach of Contract

Phoenix Digital's arguments regarding its breach of contract counterclaim suffer from the same core defect as all of the other counterclaims: they rely on additional facts not asserted in the counterclaims that are introduced for the first time by the Declaration of David Schaefer. *See* Opp'n p. 15–18. On Phoenix Digital's breach of contract claim, Schaefer attempts to supplement his pleading by now adding that the Phoenix Digital's Terms of Service were in effect at the time Bungie allegedly downloaded the Cheat Software at issue in this case, a fact notably absent from their pleading being challenged by Bungie. Opp'n p. 16; Counterclaims ¶¶ 33–42. Similarly, in arguing that the counterclaims sufficiently state damages that Phoenix Digital suffered as a result of the alleged breach, Phoenix Digital points not to the allegations in the counterclaims, but rather to the declaration of David Schaefer. Opp'n p. 16, 18. To the extent Phoenix Digital's rebuttal relies on Schaefer's declaration testimony, those arguments cannot be considered in this procedural context. *Alexander*, 2016 WL 1658286, at *2; *Sowa*, 2021 WL 6334930, at *2.

### C. Counterclaimants' Claims Should Be Dismissed with Prejudice

As Bungie identified in its initial brief, the five factors that are "frequently used to assess the propriety of a motion for leave to amend" weigh in favor of dismissing the counterclaims with prejudice. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Those factors consist of "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment;

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

and (5) whether plaintiff has previously amended his complaint." *Id*. Counterclaimants do not address any of those factors and the counterclaims should be dismissed for the reasons identified in Bungie's initial brief. *See* Mot. p. 13–14; *c.f.* Opp'n p. 20–21.

In fact, Counterclaimants' response shows a continued disregard for the very factors that weigh in favor of dismissing their claims with prejudice. Counterclaimants do not refute the substance of Schaefer's now-deleted email indicating that he is using allegations "on information and belief" to "get away" with alleging statements that are "not true" in order to "see if it sticks with the judge[.]" Dini Decl., Ex. 3 (Dkt. No. 65-3) (screenshot of email from Schaefer).

Counterclaimants also do not refute that they filed their counterclaims late, ***nor do they offer a reason for doing so***. Instead, they refer to their failures to comply with the federal rules as a "red herring" based on "manufactured procedural grounds." Opp'n p. 20. But this is not the first such failure to comply, or even the second. Counterclaimants have been directed by the Court twice before this late filing to review and comply with the governing rules. *See* Dkt. No. 55 p. 1 n.1; Dkt. No. 61 n.5, 63. Likewise, Counterclaimants offer no rebuttal regarding the prejudice caused by Counterclaimants' disregard for the timing and other requirements of the local and federal rules. Opp'n p. 20–21. For instance, each of the counterclaims likely require expert analysis, and those expert reports are due in less than a month. Dkt. No. 44. But Counterclaimants have yet to produce the necessary discovery to complete such analysis regarding their counterclaims, including for instance, the alleged files that were accessed, an examination of May's computer, the cheat software at issue, or the launcher at issue in the counterclaims. And they do not explain why, despite having had months to conduct discovery, they were (and still are) unable to sufficiently plead their counterclaims.

For these reasons and those stated in Bungie's initial brief, the counterclaims should be dismissed with prejudice.

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3

### III. CONCLUSION

For the foregoing reasons, Bungie respectfully requests that Phoenix Digital's and James May's counterclaims be dismissed with prejudice.

Dated: October 28, 2022

By: */s/William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

*Attorneys for Plaintiff Bungie, Inc.*

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158827490.3