UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

              Plaintiff,

  v.

AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY,

              Defendants.

C21-0811 TSZ

ORDER

THIS MATTER comes before the Court on a motion to dismiss counterclaims, docket no. 64, filed by plaintiff Bungie, Inc. ("Bungie"). Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

Bungie creates and sells videogames, including Destiny 2. It brought this action to prevent Defendants from distributing "cheat software" relating to Destiny 2. Defendant and counterclaimant James May brings four causes of action against Bungie, three for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and one

ORDER - 1

for circumvention of technological measures under 17 U.S.C. § 1201(a).  *See* Countercls. at ¶¶ 1–32 (docket no. 63).  May maintains and operates a personal computer on which he stores private and confidential information.  *Id.* at ¶ 2.  He protects access to the files on his personal computer through the use of one or more passwords and a firewall.  *Id.* at ¶¶ 3, 16, 22.  In October or November 2019, May accepted the terms of Bungie's Limited Software License Agreement ("LSLA") in order to access the Destiny 2 videogame.  *Id.* at ¶ 4; Ex. A to Countercls. (docket no. 63-1).  "On several occasions" between October 2, 2019, and May 25, 2021, Bungie allegedly accessed May's computer and obtained information from his personal files without his knowledge or authorization.  Countercls. at ¶ 7.  On information and belief, May contends that Bungie "bypassed, removed, deactivated, and/or impaired one or more of the technological measures" May used to control access to the device.  *Id.* at ¶ 28.  Although May agreed to the terms of the LSLA, the agreement does not provide Bungie with authorization to "surreptitiously access files" on his personal computer without his authorization.  *Id.* at ¶ 6.  May alleges that Bungie accessed his personal computer and downloaded information from the device on at least 104 occasions.  *Id.* at ¶¶ 8–9; Ex. B to Countercls. (docket no. 63-2).  As a result of Bungie's alleged conduct, May contends that he has suffered "irreparable injury and damage."  Countercls. at ¶¶ 11, 17, 23, 29.

Defendant and counterclaimant Phoenix Digital Group LLC ("Phoenix Digital") brings two causes of action against Bungie, one for breach of contract and another for circumvention of technological measures under 17 U.S.C. § 1201(a).  Phoenix Digital alleges that users of the cheat software at issue in this matter must agree to certain

ORDER - 2

"Terms of Service" in order to access the software through the Aimjunkies.com website. Countercls. at ¶ 33; Ex. C to Countercls. (docket no. 63-3). Under Phoenix Digital's Terms of Service, users agree not to "decompile, reverse engineer or otherwise inspect the internal workings" of the cheat software. Countercls. at ¶¶ 34–37. On information and belief, Phoenix Digital alleges that a Bungie employee or agent obtained a license to the cheat software on or about January 3, 2020, using the alias "Martin Zeniu." *Id.* at ¶ 39. Phoenix Digital contends that, in violation of its terms of service, Bungie decompiled, reverse engineered and/or otherwise inspected the internal workings of the cheat software obtained by Martin Zeniu. *Id.* at ¶¶ 40–41. Phoenix Digital also alleges that Bungie improperly gained access to its proprietary "loader software," which is used to distribute the cheat software to Phoenix Digital's customers. *Id.* at ¶ 45. Phoenix Digital claims that it has suffered injury as a result of Bungie's alleged conduct. *Id.* at ¶¶ 42, 48.

Bungie now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of May's and Phoenix Digital's counterclaims with prejudice.

**Discussion**

**1.     Motion to Dismiss Standard**

Although a pleading challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must indicate more than mere speculation of a right to relief. *See id.* When a pleading fails to adequately state a claim,

such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A counterclaim may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on Bungie's motion to dismiss, the Court must assume the truth of May's and Phoenix Digital's allegations and draw all reasonable inferences in their favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the counterclaims sufficiently state a "plausible" ground for relief. *See Twombly*, 550 U.S. at 570. If the Court considers matters outside the pleading, it must convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). If the Court dismisses the pleading or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Before addressing the merits of the motion to dismiss, the Court must decide whether to consider evidence outside of May's and Phoenix Digital's pleading. Defendants ask the Court to consider declarations from May and defendant David Schaefer, docket nos. 67-1 and 67-2, which provide additional factual matter in support of the counterclaims. The law is well established that, unless the Rule 12(b)(6) motion is treated as brought under Rule 56, the Court may consider only documents referenced in the pleading and evidence subject to judicial notice. *See Alexander v. Chase Bank NA*, No. C16-26, 2016 WL 1658286, at *2 (W.D. Wash. Apr. 26, 2016). Accordingly, the Court will not consider the declarations. Further, May's and Phoenix Digital's reliance on these declarations demonstrates a lack of candor with the Court. The Court notes that

ORDER - 4

substantially all of the factual allegations contained in these declarations constitute facts known to May and Phoenix Digital prior to the filing of their counterclaims.

**2.      Computer Fraud and Abuse Act Claims**

Bungie argues that the Court should dismiss May's three CFAA claims because (i) May does not allege a cognizable loss under the statute, and/or (ii) Bungie did not access May's computer without authorization.  "The CFAA creates criminal and civil liability for 'acts of computer trespass by those who are not authorized users or who exceed authorized use.'" *United Fed'n of Churches, LLC v. Johnson*, -- F. Supp. 3d --, 2022 WL 1128919, at *4 (W.D. Wash. Apr. 15, 2022) (quoting *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1065 (9th Cir. 2016)).  The Ninth Circuit has held that "a person is 'without authorization' under the CFAA 'when the person has not received permission to use the computer for any purpose (such as when a hacker accesses someone's computer without any permission).'" *Facebook*, 844 F.3d at 1066 (quoting *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. 2009)).  "The CFAA authorizes a person damaged by prohibited conduct to bring a civil suit only where the conduct involves one of an enumerated set of factors." *United Fed'n of Churches*, 2022 WL 1128919, at *4 (citing 18 U.S.C. §§ 1030(g)).

May can only bring suit under the statute if Bungie's alleged conduct caused "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I).  Loss is defined in the statute as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior

to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Id.* at § 1030(e)(11).  May alleges in a conclusory fashion that he suffered "irreparable injury and damage," *see* Countercls. at ¶¶ 11, 17, 23, but he does not allege that his loss exceeded $5,000 during a one-year period.  The Court concludes that May has not sufficiently pleaded the requisite loss necessary to pursue a CFAA civil action.

Moreover, May has failed to sufficiently allege that Bungie accessed his personal computer and files without authorization.  To support his allegation that Bungie accessed his personal computer, May relies on a document that Bungie purportedly produced during discovery in this matter.  Countercls. at ¶ 8; Ex. B to Countercls. (docket no. 63-2).  May, however, does not explain what this document is or how it evidences 104 instances in which Bungie allegedly accessed his computer without authorization and downloaded his personal information.  A claim is plausible on its face "when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although detailed factual allegations are not required, *Twombly*, 550 U.S. at 555, additional factual content is necessary.  Thus, May's first, second, and third counterclaims for violation of the CFAA are DISMISSED.

3.     **Anti-Circumvention Claims**

Both May and Phoenix Digital bring causes of action against Bungie under the anti-circumvention provision of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a).  To state a claim under this provision, a claimant must allege that

(i) the work at issue was protected under the Copyright Act, (ii) the copyrighted work was protected by "a technological measure," and (iii) the technological measure was "circumvented" in order to obtain access to the copyrighted work.  *Id.* at § 1201(a)(1)(A). Importantly, neither May nor Phoenix Digital allege that Bungie accessed any copyrighted work.  May, for example, alleges only that Bungie accessed "files on his personal computer's hard drive" without addressing whether any of those files are protected under the Copyright Act.  *See* Countercls. at ¶ 3.  Phoenix Digital contends that Bungie accessed its "loader software," *id.* at ¶ 44, but does not address whether the "loader software" constitutes a copyrighted work.

Further, Phoenix Digital has not pleaded any facts to support that its "loader software" was protected by a technological measure.  Instead, Phoenix Digital merely recites this element of the cause of action.  *See id* at ¶ 45 ("Bungie defeated and compromised technological measures implemented by Phoenix Digital to preclude access to its loader software.").  Phoenix Digital's allegations are insufficient.  To state a claim under the DMCA's anti-circumvention provision, Phoenix Digital must allege additional factual content.[1]  *See*, *e.g.*, *Philips N. Am., LLC v. Summit Imaging Inc.*, No. 19-1745,

---

[1] Similarly, May and Phoenix Digital do not identify how Bungie allegedly circumvented any technological measures.  Instead, the counterclaims contain nothing more than a recitation of the statutory language.  *Compare* Countercls. at ¶ 28 ("Bungie bypassed, removed, deactivated, and/or impaired one or more of the technological measures Mr. May employed to control access to his computer(s) and the files and data contained thereon without the authority of Mr. May."), *and id.* at ¶ 44 ("Bungie bypassed, removed, deactivated, and/or impaired one or more of the technological measures Phoenix Digital employed to control access to its proprietary programs it uses to distribute the 'cheat software' at issue here."), *with* 17 U.S.C. § 1201(a)(3)(A) ("[T]o 'circumvent a technological measure' means to . . . bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner.").

2020 WL 1515624, at *3 (W.D. Wash. Mar. 30, 2020) (denying motion to dismiss where the pleading identified six technological measures used to protect claimant's copyright-protected works).  The Court, therefore, DISMISSES May's fourth cause of action and Phoenix Digital's second cause of action.

**4.     Breach of Contract Claim**

To state a claim for breach of contract, Phoenix Digital must allege (i) "the existence of a valid contract," (ii) "breach of that contract," and (iii) "resulting damages." *Bailey-Medwell v. Hartford Life & Accident Ins. Co.*, No. C17-1697, 2018 WL 5264335, at *3 (W.D. Wash. Oct. 23, 2018) (citing *Storti v. Univ. of Wash.*, 181 Wn.2d 28, 35, 330 P.3d 159 (2014)).  In this case, Phoenix Digital has not sufficiently pleaded damages. Phoenix Digital alleges that Bungie's purported breach of Phoenix Digital's Terms of Service "has caused and is continuing to cause harm and damage." *Id.* at ¶ 42.  "But the court is not bound to accept as true mere conclusions or formulaic recitations of the elements of a claim."  *Bardy v. Cardiac Science Corp.*, No. 13-778, 2014 WL 294526, at *5 (W.D. Wash. Jan. 27, 2014) (citing *Twombly*, 550 U.S. at 555).  Phoenix Digital's conclusory allegation that it has suffered unspecified injury and damage is insufficient, and its first cause of action for breach of contract is DISMISSED.

**5.     Leave to Amend**

Having dismissed May's and Phoenix Digital's counterclaims, the Court must decide whether to grant leave to amend.  The Court considers five factors when assessing "the propriety" of a party's request to amend a pleading:  (i) "bad faith"; (ii) "undue delay"; (iii) "prejudice to the opposing party"; (iv) "futility of amendment"; and

ORDER - 8

(v) whether the party previously amended his or her pleading.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Bungie argues that the first four factors weigh in favor of denying leave to amend.  The Court agrees that Bungie has made a strong showing that the counterclaims should be dismissed with prejudice.  Notably, Defendants make no attempt to explain their delay in filing the answer and counterclaims and do not even attempt to address the above-referenced factors in their response.  The Court, however, is mindful that the current deadline for amending pleadings is November 21, 2022, *see* Minute Order (docket no. 44), and it should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2).  Accordingly, May's and Phoenix Digital's counterclaims are DISMISSED without prejudice and with leave to amend.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Bungie's motion to dismiss, docket no. 64, is GRANTED, and May's and Phoenix Digital's counterclaims, docket no. 63, are DISMISSED without prejudice and with leave to amend.

(2)     Any amended pleading shall be filed on or before November 21, 2022, and any responsive pleading or motion shall be filed on or before December 8, 2022.[2]

---

[2] The Court recognizes that Defendants failed to submit their answer and counterclaims in the time prescribed by Rule 12(a)(4)(A).  Inexplicably, Defendants' Counsel provides no explanation or justification for this delay.  The Court again REMINDS all Defendants of their obligation to comply with federal rules, local rules, and the deadlines imposed by this Court.  This Court's deadlines are not just suggestions and any request for relief from a deadline must be

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of November, 2022.

Thomas S. Zilly
United States District Judge

---

brought in accordance with LCR 7(j).  The Court will consider whether sanctions are appropriate if Defendants continue to disregard applicable deadlines.

ORDER - 10