THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC., a Delaware corporation,

Plaintiff

v.

AIMJUNKIES.COM, a business of unknown
classification; PHOENIX DIGITAL GROUP
LLC, an Arizona limited liability company;
JEFFREY CONWAY, an individual; DAVID
SCHAEFER, an individual; JORDAN GREEN,
an individual; and JAMES MAY, an individual,

Defendants.

Cause No. 2:21-cv-0811 TSZ

**DEFENDANTS' ANSWER
AND AMENDED
COUNTERCLAIMS**

Defendants, by and through their undersigned counsel, hereby hereby answer Plaintiff's First Amended Complaint as follows:

**INTRODUCTION**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore deny those allegations.

2.      Admitted that Defendants David Schaefer, Jeffrey  Conway, and Jordan Green were at one time members of Defendant Phoenix Digital Group LLC ("Phoenix Digital") and that at one time Phoenix Digital operated the website AimJunkies.com.  Otherwise Denied. Specifically denied that Defendants ever "copied Bungie's data structures for Destiny 2 and reverse-engineered  other  components  of  Destiny  2's  software  code  to  develop  cheat software."

3.      Denied.

4.      Admitted that at one time Phoenix Digital had three managing members: David Schaefer, Jeffrey Conway, and Jordan Green.  Otherwise Denied.

5.      Admitted that Defendant David Schaefer is a Director, Officer, and managing member of Phoenix Digital.  Otherwise Denied.

6.      Admitted that Defendant Jefferey Conway was at one time a managing member of Phoenix Digital.  Otherwise Denied.

7.      Defendants are not aware of who "Defendant James Green" is and therefore deny the allegations of paragraph 7.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Admitted that Bungie brings this action against Defendants but Denied that any of Bungie's claims have merit.

## PARTIES

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore deny those allegations.

13.      Denied.

14.      Admitted.

15.      Admitted.

16.      Admitted that Defendant Jordan Green is a managing member of Phoenix Digital.  Denied that he lives at 2839 SW Dickinson Street, Portland, Oregon, 97219.

17.      Admitted that Jeffrey Conway was a managing member of Phoenix Digital with a mailing address of 8837 W. Vernon, Phoenix, Arizona, 85037.  Otherwise Denied.

18.      Admitted.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

## JURISDICTION AND VENUE

19.     Admitted that this Court has subject matter jurisdiction over the claims asserted in the First Amended Complaint but Denied that any of those claims has merit.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

## FACTS AND BACKGROUND

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore deny those allegations.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore deny those allegations.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore deny those allegations.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore deny those allegations.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore deny those allegations.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore deny those allegations.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore deny those allegations.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore deny those allegations.

32.     Denied.

33.     Denied.

34.     Denied.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

35.     Admitted that software, such at that distributed by Plaintiff Bungie, Inc. may be used to surreptitiously install malware and other harmful software on the computers of those who play Destiny 2.  Otherwise Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore deny those allegations.   Specifically denied that any software or other product distributed by Defendants performs any such function.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore deny those allegations.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore deny those allegations.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore deny those allegations.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore deny those allegations.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore deny those allegations.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore deny those allegations.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore deny those allegations.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore deny those allegations.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore deny those allegations.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore deny those allegations.

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore deny those allegations.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore deny those allegations.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore deny those allegations.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore deny those allegations.

55.     Denied.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore deny those allegations.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore deny those allegations.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore deny those allegations.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Admitted that the Aimjunkies website was acquired by Phoenix Digital in or around June 2016.  Denied that Defendant Phoenix Digital, and its three managing members, Mr. Schaefer, Mr. Conway and Mr. Green presently own and control AimJunkies.

63.     Denied.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied that Mr. May, "has also used and been involved in the development of Defendants' Destiny 2 cheat software."  As to the remaining allegations of this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore deny those allegations.

75.     Denied.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore deny those allegations.

77.     Denied.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore deny those allegations.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore deny those allegations.

80.     Denied.

81.     Admitted.   Denied that the ESP feature infringes any legitimate right of Bungie.

82.     Denied.

83.     Denied.

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

84.     Admitted.

85.     Denied.

86.     Admitted, but denied that the "AIMBOT" feature infringes any legitimate right of Bungie.

87.     Denied.

88.     Denied.

89.     Admitted but denied that the "OPK" feature infringes any legitimate right of Bungie.

90.     Denied.

91.     Denied.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore deny those allegations.

93.     Denied.

94.     Admitted but denied that this infringes any legitimate right of Bungie.

95.     Denied.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and therefore deny those allegations.

97.     Denied.

98.     Denied.  Specifically Denied that Defendants have at any time after December 10, 202 offered or otherwise distributed the products at issue here.

99.     Denied.

100.    Admitted that Aimjunkies is no longer owned or controlled by any of the Defendants.  Otherwise Denied.


**FIRST CAUSE OF ACTION**

**(Copyright Infringement, 17 U.S.C. § 501, et seq. -- Against All Defendants)**

Mᴀɴɴ Lᴀᴡ Gʀᴏᴜᴘ ᴘʟʟᴄ
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

101.     Admitted that Bungie repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.  Unless as specifically admitted above, Denied that those allegations have merit.

102.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and therefore deny those allegations.

103.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and therefore deny those allegations.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

## SECOND CAUSE OF ACTION

**(Trademark Infringement, 15 U.S.C. § 1114 -- Against AimJunkies.com, Phoenix Digital Group LLC, David Schaefer, Jordan Green, and Jeffrey Conway)**

115.     Admitted that Bungie repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.  Unless as specifically admitted above, Denied that those allegations have merit.

116.     Denied.

117.     Denied.

118.     Denied.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

**THIRD CAUSE OF ACTION**

**(False Designation of Origin, 15 U.S.C. § 1125(a) -- Against The Phoenix**

**Digital Defendants)**

125.   Admitted that Bungie repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.  Unless as specifically admitted above, Denied that those allegations have merit.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff's Amended Complaint fails to state claims for which relief may be granted.

2.   Plaintiff's claims for copyright infringement as set out herein are barred under the clear holding of the Ninth Circuit Court of Appeals in *MDY Industries, LLC v. Blizzard Entertainment, Inc.,* 629 F.3d 928 (9th Cir. 2010), that, *as a matter of law,* alleged breaches of covenants in a copyright license are *not* acts of copyright infringement.

3.   Plaintiff's claims for copyright infringement as set out herein are barred under the clear holding of the Ninth Circuit Court of Appeals in *Lewis Galoob Toys, Inc. v.*

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

*Nintendo of America,* 964 F.2d 965 (9th Cir. 1992) that, *as a matter of law,* the use of software resident on the computer of a game player to enhance the player's performance of the game does *not* unlawfully create a "derivative work" or otherwise infringe a copyright.

4.    All claims for "statutory damages," "enhanced damages," "attorneys' fees" or other relief under 17 U.S.C. §§ 505, 505 are barred under 17 U.S.C. §§ 412 and the clear holding of the Ninth Circuit Court of Appeals in *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696 (9th Cir. 2008) that, "to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement," and that, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412."

5.    All use by Defendants of the "DESTINY Marks" as alleged herein was a nominative or descriptive "fair use" of the marks given that such use was only to refer, accurately, to the actual products of Plaintiff Bungie, Inc., and/or to describe, accurately and truthfully, what the products at issue here do.

6.    Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through the unauthorized, clandestine accessing and downloading of information contained in private files on the personal computer of Defendant James May.

7.    Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through breach of the Terms of Service of Defendant Phoenix Digital Group LLC.

8.    Plaintiff is precluded from recovering any damages that could have been avoided through the exercise of reasonable care and due diligence.

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 10

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

## AMENDED COUNTERCLAIMS

### First Amended Counterclaim of James May For Unauthorized Access With Intent To Defraud
### 18 U.S.C. § 1030(a)(4)

For his counterclaims, Defendant James May ("Mr. May") alleges as follows:

1.     Mr. May incorporates by reference the responses contained in paragraphs 1-131 of Defendants' Answer, and paragraphs 1-8 of Defendants' Affirmative Defenses, as if fully set forth herein.

2.     At all relevant times, Mr. May has maintained, used and operated at his home a personal computer on which personal, private and confidential information is stored and maintained in one or more files contained on his personal computer's hard drive.

3.     By virtue of being the author of the data and files generated and stored on his personal computer, Mr. May owns and holds copyrights in such data and files pursuant to 17 U.S.C. § 201. ("Copyright in a work protected under this title vests initially in the author or authors of the work.")

4.     In addition, copyrighted works of others are, with the authorization of the owners of such copyrighted works, stored and maintained on Mr. May's personal computer. Such works include, but are not limited to, "loader" software and "driver" software made available to Mr. May with permission by co-defendant Phoenix Digital Group LLC.

5.     Mr. May protects access to the files on his personal computer by requiring the use of one or more passwords, known only to him, to gain access to the files on his personal computer's hard drive.  In addition, Mr. May includes a firewall on his computer to deter and prevent unauthorized access to his computer and the files and data contained thereon.

6.     In approximately October or November, 2019, Mr. May accepted the terms of the "Limited Software License Agreement" ("LSLA") then utilized by Counterclaim Defendant Bungie, Inc., to receive access to the Destiny 2 game offered by Bungie, Inc.

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 11

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

7.     A copy of the LSLA that governed at all relevant times herein is attached as Exhibit A.  A copy of that LSLA that governed at all relevant times herein is also attached as Exhibit 6 (Dkt. #34-1, pp 18-27) to the Amended Complaint filed May 19, 2022 (Dkt. #34-1).

8.     The LSLA that governed at all relevant times herein references Bungie's "Privacy Policy" that purports to form a part of the LSLA.  A copy of the Bungie Privacy Policy that governed at all relevant times herein is attached as Exhibit B.

9.     The LSLA in effect at all relevant times does not provide Bungie, Inc. with authorization to surreptitiously access files on Mr. May's personal computer and/or download information from those files without the direct knowledge and express authorization of Mr. May.  In particular, the LSLA itself makes no mention whatsoever about granting Bungie access to Mr. May's (or anyone else's) personal computer.

10.    The Privacy Policy (Exhbit B) incorporated into the LSLA also does not grant Bungie the authority to surreptitiously access files on Mr. May's personal computer and/or download information from those files without the direct knowledge and express authorization of Mr. May.   In particular Section 2(a) of the Privacy Policy entitled, "Information We Collect," authorized Bungie to collect only, "Contact Data," "Credentials," "Demographic Data," "Billing Data," "Profile Data," "Content," and "Resume Data" from Mr. May.  None of these expressly stated categories includes the personal, private and confidential information stored and maintained in the private and confidential files contained on Mr. May's personal computer's hard drive.

11.    On several occasions between October 2, 2019 and May 25, 2021 Bungie, Inc., without the knowledge and authorization of Mr. May accessed and obtained information from personal files contained on Mr. Mays' personal computer.  Bungie did so by exceeding the authorization provided to it by the  Bungie Privacy Policy.

12.    Attached    as    Exhibit    C    is    Bungie    Production    Document BUNGIE_WDWA_0000409, which Bungie, Inc., produced on or about July 25, 2022 in the course of this litigation.

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 12

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

13.     At the deposition of Bungie's Engineering Lead, Dr. Edward Kaiser conducted October 4, 2022, Dr. Kaiser testified and confirmed that Exhibit C is, in fact, "an export of data from our [Bungie's] database corresponding to the bans of all accounts that we [Bungie] know of being associated with James May."

14.     Exhibit C is, thus, an internal document created by Bungie reflecting information collected by Bungie about Mr. May.

15.     Exhibit C evidences some one-hundred and four (104) instances in which Bungie, Inc., without the knowledge of, and authorization by, Mr. May accessed Mr. May's personal computer and downloaded information from it.

16.     "Column 3" of Exhibit C entitled "Evidence"  contains multiple listings that identify computer files contained only on Mr. May's computer.  Such listings are expressly identified, for example, with the location, "c:\users\james\desktop\reclass\blah64.exe (4D09FFB3B8CFE53A8250D1A112C4CDE3)" which is a private file on the "c" drive of Mr. May's computer, and which file is protected by the passwords and firewall operating on Mr. May's computer to prevent unauthorized access by others to his computer.  Mr. May owns and holds copyrights in this file pursuant to  17 U.S.C. § 201.

17.     The data in "Column 3" of Exhibit C lists several computer file paths that Mr. May recognizes as being files on his own computer and that contain his personal and confidential records and and data.

18.     Column 3 of Exhibit 3 further shows that on December 17, 2019, file "g:\work files\reclass\x64\plugins\reclasskernel64.sys" was identified by Bungie as an AimJunkies related binary. This file, described in Exhibit 3 created by Bungie, is a file that exists on an external hard drive attached to Mr. May's personal computer.  Mr. May holds copyrights in this file pursuant to  17 U.S.C. § 201.

19.     Column 3 of Exhibit C further references the file path "c:\users\james\desktop\ reclass\blah64.exe." This filepath is the location of a file on Mr. May's personal computer representing the default desktop in the Windows operating system for his file, "james," which

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 13

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

contains Mr. May's personal and proprietary files. The randomly named .sys files, such as "c:\ anobx14.sys" in document Exhibit C, are in the root directory of drive C:\ on Mr. May's personal computer and share the same file hash (6E73A01E5DFC8D8DEA4D8A99E9273A04). These files do not attach to or manipulate the Destiny 2 process and have nothing to do with Destiny 2. Mr. May holds copyrights in these files pursuant to 17 U.S.C. § 201.

20. Attached as Exhibit D is Bungie Production Document BUNGIE_WDWA_0000367 dated 2018, which is another document Bungie, Inc., has produced in the course of this litigation and which was generated by or on behalf of Bungie, Inc. This document was first produced by Bungie on July 25, 2022 and first came to the attention of Mr. May on or after July 25, 2022.

21. Exhibit D demonstrates that Bungie also collected data without Mr. May's authorization. In particular, the file "reclasskernel64.sys" referenced in Exhibit D shows a file path "(C:\Users\james\Desktop\ReClass.NET-KernelPlugin-master\bin\ ReClassKernel64.pdb)." File path "(C:\Users\james\Desktop\ReClass.NET-KernelPlugin-master\bin\ReClassKernel64.pdb)." is another file on Mr. May's personal computer. This file is associated with the creation of, but is not necessary in the regular use of (reclasskernel64.sys). A .pdb file describes the specifics of a program's structure which are useful for analysis and debugging but unnecessary for the program to be run by the computer. Mr. May holds copyrights in this file pursuant to 17 U.S.C. § 201.

22. Exhibit D further demonstrates that the file (reclasskernel64.sys) was signed by Phoenix Digital Group LLC. The digital signature for a signed file is stored within the file that is signed. This demonstrates that Bungie was accessing files related to Phoenix Digital Group LLC resident on Mr. May's personal computer.

23. The files ending in the suffix ".sys." accessed and downloaded by Bungie are proprietary files of Phoenix Digital in which Phoenix Digital has copyright pursuant to 17 U.S.C. § 201.

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ
Page 14
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

24.     During the course of the deposition of Dr. Kaiser on October 4, 2022, and the Rule 30(6) Deposition of Bungie conducted October 5, 2022, Dr. Kaiser testified that Bungie obtained  additional information from Mr. May's personal computer and described the nature of files known to VirusTotal by using VirusTotal's search feature to crosscheck files using hashes obtained from metadata available within the Destiny 2 process.

25.     In particular, Bungie, at deposition, testified that the file "reclasskernel64.sys" was crosschecked with "VirusTotal" and was first uploaded to VirusTotal on March 8, 2022. As March 8, 2022 is significantly after the 2018 date of Exhibit D, no "crosscheck" with VirusTotal was not, and could not have been made at that time.

26.     Bungie could have only obtained this string for the ".pdb" file path by obtaining access to, opening and copying the contents of the file ("reclasskernel64.sys") without the authorization of Mr. May.  In particular, when a ".pdb" file is generated, the original path to it is stored within the resulting binary ".sys" file.  Because a ".pdb" file is not executable, the file on Mr. May's computer at the location "C:\Users\james\Desktop\ReClass.NET-KerneIPlugin-master\bin\ReClassKernel64.pdb", which appears in Exhibit C attached, never attaches to the Destiny 2 process at any time, nor can it be started as a Windows process.  Accordingly, Bungie could not have obtained this information without first directly opening and accessing the contents of the file "reclasskernel64.sys" which is a private file resident on Mr. May's personal computer.  Mr. May holds copyrights in this file pursuant to  17 U.S.C. § 201.

27.     The specifics of the digital signature for file "reclasskernel64.sys" could only have been available to Bungie if (1) Bungie had accessed the contents of the file directly on Mr. May's computer, or (2) if Bungie had employed methods to query information about other programs running on the system not directly available from within the Destiny 2 process.

28.     Exhibit D further demonstrates that Bungie further accessed information from Mr. May's  private work folder on his external drive without the authorization of Mr. May.  In

particular, the reference in Exhibit D to the file path "g:\work files\", directs to Mr. May's external drive which contains proprietary technology and trade secrets known only to Mr. May.  Mr. May holds copyrights in these materials pursuant to 17 U.S.C. § 201.

29.     On information and belief, Bungie, Inc. has conducted further unauthorized and clandestine surveillance of private records on the personal computer of Mr. May.  Such surveillance was conducted without the knowledge of, and permission of, Mr. May.  In all cases, such surveillance by Bungie of private records on the personal computer of Mr. May exceeded any authorization provided to Bungie under Bungie's Privacy Policy.

30.     Bungie's actions in surreptitiously accessing Mr. May's private computer files were based on fraud.  In particular, Bungie, through its LSLA and its Privacy Policy represented that Bungie would collect only the information expressly stated in the Privacy Policy.

31.     Mr. May agreed to the  LSLA and Privacy Policy in reliance on Bungie's representation that Bungie would collect only the information expressly stated in the Privacy Policy.  Based on that reliance, Mr. May provided limited authorization for Bungie to collect only the data specified in the Privacy Policy.

32.     By exceeding the scope of the express authorization provided by Mr. May to Bungie, Bungie defrauded Mr. May, who would not have provided Bungie with any access to his personal computer but for reliance on Bungie's representation that it would collect only the information specified in the Privacy Policy.

33.     Bungie fraudulently misrepresented that it would collect only the information specified in the Privacy Policy.  Mr. May relied on Bungie's fraudulent misrepresentation in electing to agree to the Bungie LSLA and Privacy Policy.

34.     Upon information and belief, Bungie, Inc., after fraudulently accessing Mr. May's personal computer, used the information obtained in order to conduct further surveillance on parties that include, but are not limited to, Phoenix Digital and its principals.  This information was, in part, used to bring fraudulent and meritless claims against Mr. May,

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ                                    Page 16

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

Phoenix Digital and the other individual defendants named in this action, causing needless fees, costs, disruptions and emotional distress in an amount to be determined at trial.

35.     Bungie, Inc.'s unauthorized access of Mr. May's confidential and private computer files has caused and will continue to cause Mr. May irreparable injury and damage in excess of $5000 in less than one year.

36.     Mr. May's damages suffered as a result of Bungie's unauthorized access to and retrieval of Mr. May's confidential and private computer files include, but are not limited to, his spending in excess of $2702 to purchase new computers and drives, and spending in excess of 40 hours reviewing files for indication of compromise, cleaning such files when detected,  and getting the new computer set up and ready for work, all incurred at the fair value of his time of at least $75 per hour.  Mr. May has incurred further damages in an amount to be determined at trial.

37.     Bungie, Inc.'s activities constitute unauthorized access with intent to defraud in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

38.     Bungie, Inc.'s conduct is intentional, malicious and willful.

39.     Mr. May is entitled to appropriate relief as prayed for hereinafter, including injunctive relief and damages.

**Second Amended Counterclaim of James May For Theft Of Computer Data
18 U.S.C. § 1030(a)(2)(C)**

40.     Mr. May reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-39 above as though set forth fully herein.

41.     Mr. May protects the files and data on his personal computer through such technological measures and means as the use of passwords and firewalls to preclude unauthorized access to the data, files and records thereon.

42.     Bungie without authorization circumvented and bypassed the various technological measures Mr. May uses to protect the files and data on his personal computer by means including, but not limited to, deceit and subterfuge.  In particular, by falsely

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ                                    Page 17

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

representing that Bungie would collect only the information specified by the Bungie Privacy Policy, Bungie obtained limited access to Mr. May's computer, thereby bypassing the password and firewall technology utilized by Mr. May to protect his files.  By intentionally exceeding the terms of the express authority provided to Bungie by Mr. May, Bungie engaged in theft of Mr. May's private computer data.

43.     Bungie, Inc.'s unauthorized infiltration of Mr. May's personal computer and its unauthorized surveillance and acquisition of the personal records contained therein has caused and will continue to cause Mr. May irreparable injury and damage, as stated in detail in Paragraphs 34, 35 and 36 above.

44.     Bungie, Inc.'s activities constitute theft of computer data in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(2)(C).

45.     Bungie, Inc.'s conduct is intentional, malicious and willful.

46.     Mr. May is entitled to appropriate relief as prayed for hereinafter, including injunctive relief and damages.

**Third Amended Counterclaim of James May For Unauthorized Access**
**18 U.S.C. § 1030(a)(5)(C)**

47.     Mr. May reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-46 above as though set forth fully herein.

48.     Mr. May protects the files and data on his personal computer through such technological measures and means as the use of passwords and firewalls to preclude unauthorized access to the data, files and records thereon.

49.     Bungie without authorization circumvented and bypassed the various technological measures Mr. May uses to protect the files and data on his personal computer by means including, but not limited to, deceit and subterfuge.  In particular, by falsely representing that Bungie would collect only the information specified by the Bungie Privacy Policy, Bungie obtained limited access to Mr. May's computer, thereby bypassing the password and firewall technology utilized by Mr. May to protect his files.  By intentionally

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ
Page 18
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

exceeding the terms of the express authority provided to Bungie by Mr. May, Bungie engaged in theft of Mr. May's private computer data.

50.     Bungie, Inc.'s unauthorized infiltration of Mr. May's personal computer and its unauthorized surveillance and acquisition of the personal records contained therein has caused and will continue to cause Mr. May irreparable injury and damage, as stated in detail in Paragraphs 34, 35 and 36 above.

51.     Bungie, Inc.'s activities constitute unauthorized access in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(5)(C).

52.     Bungie, Inc.'s conduct is intentional, malicious and willful.

53.     Mr. May is entitled to appropriate relief as prayed for hereinafter, including injunctive relief and damages.

**Fourth Amended Counterclaim of James May For Circumvention
of Technological Measures, (17 U.S.C. § 1201(a))**

54.     Mr. May reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-53 above as though set forth fully herein.

55.     Mr. May protects the files and data on his personal computer through such technological measures and means as the use of passwords and firewalls to preclude unauthorized access to the data, files and records thereon.

56.     Bungie without authorization circumvented and bypassed the various technological measures Mr. May uses to protect the files and data on his personal computer by means including, but not limited to, deceit and subterfuge.   In particular, by falsely representing that Bungie would collect only the information specified by the Bungie Privacy Policy, Bungie obtained limited access to Mr. May's computer, thereby bypassing the password and firewall technology utilized by Mr. May to protect his files.   By intentionally exceeding the terms of the express authority provided to Bungie by Mr. May, Bungie engaged in theft of Mr. May's private computer data.

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 19

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

57.     Bungie, Inc.'s unauthorized infiltration of Mr. May's personal computer and its unauthorized surveillance and acquisition of the personal records contained therein has caused and will continue to cause Mr. May irreparable injury and damage, as stated in detail in Paragraphs 34, 35 and 36 above.

58.     Bungie's actions were and are willful.

59.     Bungie's conduct has caused irreparable harm to Mr. May, and, unless enjoined, will cause further irreparable harm for which Mr. May has no adequate remedy at law.

60.     Mr. May is entitled to the relief provided by 17 U.S.C. § 1203, including, but not  limited to, injunctive relief, an order for the impounding, modification, or destruction of any device or product in Bungie's custody or control involved in the circumvention of Mr. May's technological measures, actual damages and Defendants' profits or statutory damages, and  Mr. May's costs and attorneys' fees.

## First Amended Counterclaim of Phoenix Digital Group LLC
## For Breach Of Contract

61.     For its counterclaims, Defendant Phoenix Digital Group LLC ("Phoenix Digital") alleges as follows:

62.     Phoenix Digital reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-60 above as though set forth fully herein.

63.     In order to gain access to the "cheat software" products at issue here, subscribers to any of the products offered by Phoenix Digital through the "Aimjunkies" website must agree to the Terms of Service required by Phoenix Digital.  A true and correct copy of these Terms of Service is attached hereto as Exhibit E.

64.     The Terms of Service contained in Exhibit E were first put in place as early as July 22, 2015, were in place on January 3, 2021, and have continually been in place without change between July 22, 2015, and May, 2022.

65.     Under the terms of the Phoenix Digital Terms of Service, any person obtaining the "cheat software" products at issue here agrees, among other things, not to decompile, reverse engineer or otherwise inspect the internal workings of the software.

66.     Among other things, the  Phoenix Digital Terms of Service provide that, "By accessing our website, you are agreeing to our Terms of Service and Privacy Policy."

67.     The Phoenix Digital Terms of Service further provide that, "By making a purchase through this website, you agree to the following: [specified terms]."

68.     Among the specified terms to which such purchasers agree are agreements that, "You shall not modify, hack, decompile, disassemble, reverse engineer, derive source code, or create derivative works of our software, in part or in whole.  You shall not transmit our software or display the software's object code on any computer screen or to make any hard copy memory dumps of the software's object code."

69.     On or about January 3, 2020, Bungie, Inc., obtained access to the "cheat software" at issue here.  In particular, on or about January 3, 2020 a purchaser using the name, "Martin Zeniu" obtained a license through the aimjunkies website to use the "cheat software" at issue here.

70.     During the deposition of Bungie's Rule 30(b)(6) designee, Dr. Edward Kaiser, Dr. Kaiser testified and confirmed the "Martin Zeniu" is in fact an alias used by an employee or agent of Bungie, Inc., who acted on behalf of Bungie to obtain access to the "cheat software" at issue here.

71.     By purchasing a license to the subject "cheat software" from the aimjunkies website, Bungie, through its agent, "Martin Zeniu" agreed to and was bound by the terms of Phoenix Digital's Terms of Service (Exhibit E) existing on that date as well as before and after.

72.     During the deposition of Bungie's Rule 30(b)(6) designee, Dr. Edward Kaiser, Dr. Kaiser further testified and confirmed that Bungie tested the "cheat software" that it obtained via "Martin Zeniu" acting on behalf of and agent for Bungie.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

73.     Based on the deposition testimony of Bungie's Rule 30(b)(6) designee, Dr. Edward Kaiser, Bungie tested, decompiled, reverse engineered and otherwise inspected the internal workings of the "cheat software" product obtained from the aimjunkies website by its agent, "Martin Zeniu," on or about January 3, 2020, in breach of the Phoenix Digital Terms of Service which were in place on January 3, 2021 and to which Bungie had agreed.

74.     Bungie, Inc.'s decompilation, reverse engineering and inspection of the internal workings of the "cheat software" products at issue here constitutes a breach of the Phoenix Digital Terms of Service.

75.     Bungie's breach of the express terms of the Phoenix Digital Terms of Service has caused and is continuing to cause harm and damage to Phoenix Digital.  Such damages include but are not limited to investigating and responding to inaccurate and factually baseless claims by Bungie, both in and outside of court, that Phoenix Digital has engaged in unlawful conduct when it has not, which accusations have diminished the fair market value of Phoenix Digital's "aimjunkies" website, resulting in Phoenix Digital's sale of the website at a price lower than that that would have been realized had Bungie not breached the applicable Terms of Service and not made false and harmful accusations against Phoenix Digital and its Officers and Directors.

### Second Amended Counterclaim of Phoenix Digital For Circumvention of Technological Measures, (17 U.S.C. § 1201(a))

76.     Phoenix Digital reasserts and incorporates the allegations set forth in counterclaim paragraphs 1-75 above as though set forth fully herein.

77.     Bungie bypassed, removed, deactivated, and/or impaired one or more of the technological measures Phoenix Digital employed to control access to its proprietary programs it uses to distribute the "cheat software" at issue here.

78.     In particular, Bungie, without the authorization of  Phoenix Digital, improperly gained access to "loader" software used by Phoenix Digital to distribute the "cheat software" at issue here to its customers.  This was done, in part, through the actions and activities of

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 22

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone: 206.436.0900

Bungie described in Paragraphs 22, 23, 26, 27 & 30-34 above.  In doing so, Bungie defeated and compromised technological measures implemented to preclude such access to Phoenix Digital's loader software.

79.     As a direct result of Bungie's circumvention, Bungie has caused and is continuing to cause harm and damage to Phoenix Digital.  Such damage includes but is not limited to investigating and responding to inaccurate and factually baseless claims by Bungie, both in and outside of court, that Phoenix Digital has engaged in unlawful conduct when it has not, which accusations have diminished the fair market value of Phoenix Digital's "aimjunkies" website, resulting in Phoenix Digital's sale of the website at a price lower than that that would have been realized had Bungie not breached the applicable Terms of Service and not made false and harmful accusations against Phoenix Digital and its Officers and Directors.

80.     Bungie's actions were and are willful.

81.     Bungie's conduct has caused irreparable harm to Phoenix Digital, and, unless enjoined, will cause further irreparable harm for which Phoenix Digital has no adequate remedy at law.

82.     Phoenix Digital is entitled to the relief provided by 17 U.S.C. § 1203, including, but not  limited to, injunctive relief, an order for the impounding, modification, or destruction of any device or product in Bungie's custody or control involved in the circumvention of Phoenix Digital's technological measures, actual damages and Defendants' profits or statutory damages, and  Phoenix Digital's costs and attorneys' fees.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Counterclaim-Plaintiffs James May and Phoenix Digital Group LLC each demand a trial by jury as to all issues so triable in this action.

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ

Page 23

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Claim Plaintiffs Phoenix Digital and James May pray for the following relief:

A. That judgment be entered in Phoenix Digital and Mr. May's favor against Bungie on all their counterclaims.

B. That Bungie and its officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Bungie be preliminarily and permanently enjoined from:

(1)     Acquiring access to the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

(2)     Inducing, or enabling others to access the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

(3)     Circumventing the technological measures used by Phoenix Digital and Mr. May to prevent access to the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

(4)     Inducing, or enabling others to circumvent the technological measures used by Phoenix Digital and Mr. May to prevent access to the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein; and

(5)     Aiding or assisting another person or entity in any of the activities

described in (1) - (4).

C.     An order requiring that Bungie immediately transfer copies of any and all files, records, data or other information obtained from the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein;

D.     An order requiring that Bungie then destroy all copies of any and all files, records, data or other information obtained from the private computers, computer files of Phoenix Digital and Mr. May and data contained thereon or therein in their possession or control;

Answer and Amended Counterclaims
Cause No. 21-CV-0811-TSZ
Page 24
Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

E.      An award to Phoenix Digital and Mr. May of restitution and damages, including but not limited to compensatory, statutory (including enhanced statutory damages for willful infringement), punitive damages, and all other damages permitted by law;

F.      That Phoenix Digital and Mr. May be awarded pre-judgement and post-judgment interest on all damages awarded against Bungie;

G.      An award to Phoenix Digital and Mr. May of their costs incurred in this suit as well as reasonable attorneys' fees; and

H.      For such other relief as the Court deems just and proper.

Dated November 21, 2022.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants