THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AIMJUNKIES.COM, et al.<br><br>　　　　Defendants. | No.  2:21-cv-811<br><br>**PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE AND JURY TRIAL DATE**<br><br>**WITHOUT ORAL ARGUMENT**<br><br>**NOTED: JANUARY 13, 2022** |

PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159920919.1

## I. INTRODUCTION

Bungie seeks to extend the current case schedule by 60 days to allow for sufficient discovery on Defendants' pending counterclaims and due to unavoidable scheduling conflicts of the current trial date and Bungie's trial counsel. For the reasons explained below, good cause exists for the requested extension.

## II. FACTUAL BACKGROUND

Bungie filed its complaint on June 15, 2021, and its amended complaint on May 19, 2022, asserting claims for trademark and copyright infringement. Dkt. Nos. 1, 34. Defendants belatedly filed their answer to Bungie's Amended Complaint on September 16, 2022. Dkt. No. 63. At the same time, Defendants James May and Phoenix Digital filed several counterclaims alleging violations of the Computer Fraud and Abuse Act, circumvention of technological protections (17 U.S.C. § 1201), and breach of contract. *Id.* The facts alleged in support of the counterclaims are largely distinct from Bungie's trademark and copyright infringement claims. On Bungie's first Motion to Dismiss, the Court dismissed each of the counterclaims. Dkt. No. 71. On November 21, 2022, Counterclaimants filed their amended counterclaims and Bungie again moved to dismiss. Dkt. Nos. 72, 74. Briefing on the motion to dismiss will be completed tomorrow, January 6, 2023.

Also, on December 22, 2022, the parties concluded a four-day arbitration of several related claims, including Bungie's claims that Defendants circumvented Bungie's technological measures in violation of 17 U.S.C. § 1201, trafficked in circumvention technologies, and breached Bungie's Limited Software License Agreement. A decision in that arbitration is expected soon.

Bungie seeks to amend the case schedule as proposed below or as modified by the Court. This is the first request to modify the case schedule.

PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159920919.1

| | Current Deadline | Proposed Deadline |
|---|---|---|
| **JURY TRIAL DATE** | **June 12, 2023** | **August 14, 2023** |
| Length of Trial | 3 to 4 days | 3 to 4 days |
| All motions related to discovery must be filed by and noted on the motion calendar no later than the third Friday thereafter (see LCR 7(d)) | January 12, 2023 | March 13, 2023 |
| Discovery completed by | February 21, 2023 | April 21, 2023 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see LCR 7(d)) | March 23, 2023 | May 22, 2023 |
| All motions related to expert witnesses (*e.g.*, a Daubert motion) must be filed by and noted on the motion calendar no later than the third Friday thereafter (see LCR 7(d)) | March 30, 2023 | May 30, 2023 |
| All motions in limine should be filed by and noted on the motion calendar no later than the Friday before the Pretrial Conference (See LCR 7(d)(4)) | May 11, 2023 | July 10, 2023 |
| Agreed Pretrial Order due | May 26, 2023 | July 24, 2023 |
| Trial Briefs, proposed voir dire questions, and jury instructions due | May 26, 2023 | July 24, 2023 |
| Pretrial conference to be held at **10:00 AM** on | June 2, 2023 | July 31, 2023 |

PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE
(No.  2:21-cv-811) –3

159920919.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### III. ARGUMENT

"Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a case schedule "'may be modified only for good cause and with the judge's consent.'" *Nat'l Prod. Inc. v. Innovative Intelligent Prod., LLC*, No. 2:20-CV-00428-RAJ, 2020 WL 4698767, at *2 (W.D. Wash. Aug. 13, 2020). "The standard for 'good cause' focuses primarily on the diligence of the party seeking the amendment." *Id*. (granting extension of case schedule where party had acted diligently in proceedings, opposing party had not established prejudice, and pleadings had recently been amended) (internal quotes omitted). Here there is good cause for the extension sought by Bungie for two reasons.

First, if any of Counterclaimants' pending counterclaims are allowed to proceed, substantial additional discovery is likely necessary. Currently, the only claims before the Court concern Defendants' development and distribution of their cheat software, and whether those activities infringed Bungie's trademarks and copyrights. Each of the counterclaims, however, involve entirely separate sets of facts with little overlap, for example, the technological measures allegedly implemented by May and Phoenix Digital, the copyrightability of their alleged files and programs, and the creation and existence of Phoenix Digital's Terms of Service, all of which are not implicated in Bungie's claims. If discovery into the counterclaims is required, additional time will be needed to complete discovery. Indeed, Counterclaimants' recently-filed opposition to Bungie's motion to dismiss the amended counterclaims contemplates additional expert discovery being necessary if the counterclaims survive Bungie's motion to dismiss. Dkt. No. 79 p. 14 n.6. And if discovery is not required on those counterclaims, the parties would waste significant resources in pursuing discovery for the dismissed claims. The current discovery deadline does not account for this additional discovery, and Bungie thus requests a modest extension of the discovery and related deadlines. Additionally, because an extension of the discovery deadline would likely not allow for sufficient time to brief and decide any dispositive motions, Bungie also seeks a modest extension of the jury trial date.

PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE
(No. 2:21-cv-811) –4
159920919.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Second, one of Bungie's lead trial counsel recently learned that the current jury trial date conflicts with the due date of his first child. Bungie's request is thus aimed at also alleviating this scheduling conflict to allow Bungie to proceed with its desired counsel at trial.

Bungie's requested extension should also be granted because it will not prejudice Defendants, who declined Bungie's request to consent to the extension. Bungie's requested extension is modest and targeted at improving efficiency in these proceedings. All or many of the counterclaims may be dismissed and the extension will ensure resources are not wasted on unnecessary discovery. Likewise, if any additional discovery is needed, the extension will ensure there is time to complete the necessary discovery in an orderly manner.

## IV.   CONCLUSION

For the reasons provided, Bungie seeks a 60-day extension of the case schedule.

Dated: January 5, 2023

By: */s/William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE
(No.  2:21-cv-811) –5
159920919.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000