THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY AND JAMES MAY,<br><br>            Defendant. | No. 2:21-cv-811<br><br>**PLAINTIFF BUNGIE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PHOENIX DIGITAL GROUP, LLC'S AND JAMES MAY'S AMENDED COUNTERCLAIMS WITH PREJUDICE**<br><br>NOTE ON MOTION CALENDAR:<br>January 6, 2023<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. May Fails to Address the Substance of Bungie's Arguments for Dismissal of His CFAA Claims ..................................................................................... 1

        1. All Three CFAA Claims Fail Because May Again Relies on Speculative Assumption ........................................................................ 1

        2. The Clear Language of Bungie's Privacy Policy Precludes May's CFAA Claims ........................................................................................ 2

        3. May's Allegations Contradict Bungie's Privacy Policy and He Cannot Plead Fraud Sufficient to State an 18 U.S.C. § 1030(a)(4) Claim .................................................................................................... 4

        4. May's 18 U.S.C. § 1030(a)(5)(C) Claim Should Be Dismissed Because May Alleges Only that Bungie "Exceeds Authorized Access" ................................................................................................ 4

    B. May's and Phoenix Digital's Amended DMCA Anti-Circumvention Claims Should Be Dismissed ............................................................................... 5

        1. Phoenix Digital Does Not Allege It Employs Technological Protection Measures ........................................................................... 5

        2. Phoenix Digital and May Fail to Allege They Own Works Protected by Copyright that Bungie Accessed ............................................. 6

        3. Deceit and Subterfuge Do Not Constitute "Circumvention" Under the DMCA ......................................................................................... 7

    C. Phoenix Digital's Breach of Contract Claim Should Be Dismissed ...................... 9

    D. Counterclaimants Do Not Dispute that Their Counterclaims Should Be Dismissed with Prejudice ............................................................................... 10

III. CONCLUSION ............................................................................................................ 11

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – i

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adobe Sys. Inc. v. A & S Elecs., Inc.*,
    WL 13022288 (N.D. Cal. Aug. 19, 2015) ................................................................. 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 6

*Daniels-Hall v. Nat'l Edu. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) ................................................................................... 10

*Dish Network L.L.C. v. World Cable Inc.*,
    893 F. Supp. 2d 452 (E.D.N.Y. 2012) .................................................................. 8, 9

*Drut Techs., Inc. v. Microsoft Corp.*,
    WL 2156962 (W.D. Wash. June 15, 2022) ............................................................... 3

*Egilman v. Keller & Heckman, LLP*,
    401 F. Supp. 2d 105 (D.D.C. 2005) .......................................................................... 9

*Falls v. Soulbound Studios LLC*,
    WL 16732717 (W.D. Wash. Aug 4, 2022) ............................................................... 3

*FMHUB, LLC v. MuniPlatform, LLC*,
    WL 1422873 (D.N.J. Apr. 15, 2021) ........................................................................ 6

*Garner v. Amazon.com, Inc.*,
    WL 1443680 (W.D. Wash. May 6, 2022) ..................................................... 2, 4, 10

*Garrison v. Oracle Corp.*,
    159 F. Supp. 3d 1044 (N.D. Cal. 2016) .................................................................. 10

*Grae-El v. City of Seattle*,
    WL 2952381 (W.D. Wash. July 26, 2022) ..................................................... 3, 4, 10

*Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*,
    497 F. Supp. 2d 627 (E.D. Pa. 2007) ........................................................................ 8

*I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*,
    307 F. Supp. 2d 521 (S.D.N.Y. 2004) ....................................................................... 9

*Joint Stock Co. Channel One Russian Worldwide v. Infomir LLC*,
    WL 696126 (S.D.N.Y. Feb. 15, 2017) ...................................................................... 8

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adobe Sys. Inc. v. A & S Elecs., Inc.*,
    WL 13022288 (N.D. Cal. Aug. 19, 2015) ................................................................. 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 6

*Daniels-Hall v. Nat'l Edu. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) ................................................................................... 10

*Dish Network L.L.C. v. World Cable Inc.*,
    893 F. Supp. 2d 452 (E.D.N.Y. 2012) .................................................................. 8, 9

*Drut Techs., Inc. v. Microsoft Corp.*,
    WL 2156962 (W.D. Wash. June 15, 2022) ............................................................... 3

*Egilman v. Keller & Heckman, LLP*,
    401 F. Supp. 2d 105 (D.D.C. 2005) .......................................................................... 9

*Falls v. Soulbound Studios LLC*,
    WL 16732717 (W.D. Wash. Aug 4, 2022) ............................................................... 3

*FMHUB, LLC v. MuniPlatform, LLC*,
    WL 1422873 (D.N.J. Apr. 15, 2021) ........................................................................ 6

*Garner v. Amazon.com, Inc.*,
    WL 1443680 (W.D. Wash. May 6, 2022) ..................................................... 2, 4, 10

*Garrison v. Oracle Corp.*,
    159 F. Supp. 3d 1044 (N.D. Cal. 2016) .................................................................. 10

*Grae-El v. City of Seattle*,
    WL 2952381 (W.D. Wash. July 26, 2022) ..................................................... 3, 4, 10

*Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*,
    497 F. Supp. 2d 627 (E.D. Pa. 2007) ........................................................................ 8

*I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*,
    307 F. Supp. 2d 521 (S.D.N.Y. 2004) ....................................................................... 9

*Joint Stock Co. Channel One Russian Worldwide v. Infomir LLC*,
    WL 696126 (S.D.N.Y. Feb. 15, 2017) ...................................................................... 8

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

*Navistar, Inc. v. New Balt. Garage, Inc.*,
    WL 4338816 (N.D. Ill. Sept. 20, 2012) ............................................................................ 8

*nexTUNE, Inc. v. McKinney*,
    WL 2403243 (W.D. Wash. May 31, 2013) .................................................................. 1, 9

*Philips N. Am., LLC v. Summit Imaging Inc.*,
    WL 1515624 (W.D. Wash. Mar. 30, 2020) ..................................................................... 6

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*,
    WL 4409434 (E.D.N.Y. Aug. 2, 2013) ......................................................................... 6, 7

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ........................................................................................ 10

*TLS Grp., S.A. v. NuCloud Glob., Inc.*,
    WL 1562910 (D. Utah Apr. 18, 2016) ............................................................................. 8

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,
    630 F.3d 1255 (9th Cir. 2011) ........................................................................................... 6

**STATUTES**

17 U.S.C. § 201 ......................................................................................................................... 6

17 U.S.C. § 1201(a)(3)(A) ........................................................................................................ 8

18 U.S.C. § 1030(a)(2)(C) ........................................................................................................ 5

18 U.S.C. § 1030(a)(4) ........................................................................................................ 4, 5

18 U.S.C. § 1030(a)(5)(C) ................................................................................................... 4, 5

§ 1201(a)(1) .............................................................................................................................. 8

§ 1201(a)(1)(A) ........................................................................................................................ 8

**OTHER AUTHORITIES**

H.R. Rep. No. 105-551, pt. 1, at 19 (1998) ............................................................................. 9

Rule 12(b) .................................................................................................................................. 3

Rule 12(b)(6) ............................................................................................................................. 1

Rule 30(b)(6) .......................................................................................................................... 10

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

## I. INTRODUCTION

The Court should dismiss all the counterclaims with prejudice. Counterclaimants do not meaningfully address Bungie's current arguments for dismissal, instead focusing on the arguments from Bungie's first motion. The arguments Counterclaimants do make are either devoid of legal support, or are just plain wrong. Additionally, they fail to even *address* Bungie's request for dismissal *with prejudice*, apparently acknowledging the prejudice caused by their serial delays. Counterclaimants do not state any claims for relief in their Amended Counterclaims, and they should not be given another chance to try.

## II. ARGUMENT

### A. May Fails to Address the Substance of Bungie's Arguments for Dismissal of His CFAA Claims

Rather than focus on the arguments Bungie has actually asserted in its current Motion to Dismiss, May instead retreads ground from the Court's order dismissing his original counterclaims, regardless of whether those arguments have been reasserted by Bungie. *See, e.g.*, Opp'n p. 5–6 (discussing May's new CFAA damages allegations, which Bungie does not challenge in its present Motion). The reason for this attempted distraction is simple: May cannot rebut the arguments that Bungie actually asserted in its present Motion. Each of May's CFAA claims should be dismissed with prejudice.

#### 1. All Three CFAA Claims Fail Because May Again Relies on Speculative Assumption

Exhibit C and D to the Amended Counterclaims are insufficient to support a CFAA claim, despite May's protestations. As Bungie detailed in its Motion, on a Rule 12(b)(6) motion, the Court must accept reasonable inferences, but the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *nexTUNE, Inc. v. McKinney*, No. C12-1974 TSZ, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) (Zilly, J.) (granting motion to dismiss where trade secret claim was premised on "speculation unsupported by any factual allegation"). Yet unreasonable inferences are what May asks the Court

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

to accept. As to Exhibit D, May's allegations establish only that it is a document produced and created by Bungie. Amend. Counterclaims ¶ 20. He does not explain how it was created or, importantly, how it evidences unlawful access of May's computer by Bungie, instead relying on speculation to arrive at that conclusion. So too with Exhibit C. May does not provide any allegations explaining how a document from Bungie's internal database supports the allegation that information was collected from May by accessing May's computer. May's does not substantively address this issue in his opposition. Thus, his unsupported conclusions need not be accepted by the Court, and May's CFAA claims should be dismissed on this basis alone.

### 2. The Clear Language of Bungie's Privacy Policy Precludes May's CFAA Claims

The terms of Bungie's Privacy Policy itself permit Bungie's alleged access that forms the basis of May's CFAA claims. May's personal commentary on what those terms mean (Amend. Counterclaims ¶ 9) is irrelevant where the actual terms of the Privacy Policy have been attached to the Amended Counterclaims and incorporated by reference into the Amended Counterclaims. *See Garner v. Amazon.com, Inc.*, ___ F. Supp. 3d ___, 2022 WL 1443680, at *1 (W.D. Wash. May 6, 2022) ("We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice…."). Indeed, May's description in the Amended Counterclaims of what information Bungie's Privacy Policy states that Bungie collects is not even correct, as shown on the face of the Privacy Policy attached to the Amended Counterclaims. *Compare* Amend. Counterclaims ¶ 10 (claiming that the Privacy Policy allows Bungie to collect "only" the information in Section 2(a) of the Privacy Policy); *with* Dkt. No. 72-2 p. 3–5 (Section 2(b) of the Privacy Policy which describes additional information that Bungie automatically collects, including "Bungie Services Use Data" and "Device Data," among others).

Here, the terms of Bungie's Privacy Policy are clear and require dismissal of May's CFAA claims. "Contract interpretation is generally a question of law for the Court." *Falls v. Soulbound*
PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

*Studios LLC*, No. C21-922 JCC-TLF, 2022 WL 16732717, at *2 (W.D. Wash. Aug 4, 2022) (applying Washington law and granting motion to dismiss breach of contract claim based on interpretation of contract). And, contrary to Counterclaimant's unsupported conclusions, courts may interpret contracts when deciding Rule 12(b) motions to dismiss. *Id.*; *see also Drut Techs., Inc. v. Microsoft Corp.*, No. 2:21-CV-01653-BJR, 2022 WL 2156962, at *4 (W.D. Wash. June 15, 2022) (considering 12(b)(6) motion to dismiss and interpreting contract that was incorporated by reference in the complaint holding that the license granted in the contract precluded trade secret misappropriation claims).

Here, there is no question Bungie's Privacy Policy is incorporated by reference in the Amended Counterclaims because Counterclaimants cite to and attach the Privacy Policy. *Grae-El v. City of Seattle*, ___ F. Supp. 3d ___, 2022 WL 2952381, at *8 n.8 (W.D. Wash. July 26, 2022) (holding that the Court may consider a deposition transcript attached to a complaint on a motion to dismiss); Dkt. No. 72-2 (Privacy Policy attached to Amended Counterclaims as Exhibit B); Amend. Counterclaims ¶¶ 8, 10 (incorporating and referring to the Privacy Policy). By agreeing to the Privacy Policy, May consented to Bungie's collection of May's "Bungie Services Use Data," and "Device Data." Dkt. No. 72-2 p. 4. These are categories of information that Bungie collects, of which Bungie provides expressly exemplary illustrations. *See id.* ("Bungie Services Use Data" "**includ[es]** information about your use of the Bungie Services, the pages and content that you view, [etc.] and "Device Data" **"includ[es]** information regarding your device, **such as** device type, operating system, [etc.].") (emphasis added). And the information that May repeatedly alleges that Bungie accessed is information about May's personal computer (i.e., his device), such as file paths that exist on a computer he used in connection with *Destiny 2* (i.e., the Bungie Service that May used). Amend. Counterclaims ¶¶ 16, 18, 19, 21, 26.

May's three CFAA counterclaims should therefore all be dismissed because, through Bungie's Privacy Policy, May consented to the collection of the information that he alleges Bungie accessed.

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

### 3. May's Allegations Contradict Bungie's Privacy Policy and He Cannot Plead Fraud Sufficient to State an 18 U.S.C. § 1030(a)(4) Claim

May's arguments in opposition to Bungie's Motion to Dismiss confirm that his 18 U.S.C. § 1030(a)(4) claim rests entirely on May's allegation that Bungie represented that it "would collect **only** the information expressly stated in the Privacy Policy." Opp'n p. 16 (quoting Amend. Counterclaims ¶ 30) (emphasis added); *see also* Amend. Counterclaims ¶¶ 31–32. But again, May's allegations are directly contradicted by the express language of Bungie's Privacy Policy. As explained above and in Bungie's Motion to Dismiss (Dkt. No. 74 p. 14–15), the Privacy Policy provides "categories of information" that Bungie collects, and the expressly listed data types are merely exemplary. *See* Dkt. No. 72-2 p. 4. Thus, the "information expressly stated in the Privacy Policy" is, as expressly defined in the Privacy Policy, exemplary and therefore not the *only* information that Bungie collects. Where, as here, May's allegations "contradict exhibits attached to the Complaint," the Court is "not…required to accept as true" those allegations. *Garner*, 2022 WL 1443680, at *1; *see also Grae-El*, 2022 WL 2952381, at *8 n.8 (holding that the court may consider documents attached to the complaint and need not accept the truth of conclusory allegations that contradict the document). May's opposition refuses to engage with, or even acknowledge the existence of, this argument, and May's CFAA claim under 18 U.S.C. § 1030(a)(4) should be dismissed with prejudice.

### 4. May's 18 U.S.C. § 1030(a)(5)(C) Claim Should Be Dismissed Because May Alleges Only that Bungie "Exceeds Authorized Access"

While May at least acknowledges the existence of Bungie's argument for dismissing his 18 U.S.C. § 1030(a)(5)(C) claim, he does little more. Opp'n p. 15. May does not refer to the statutory text from the CFAA or cite any case law in support of his "argument," instead baldly asserting that "having 'authority' which somehow permits actions *in excess* of that authority is a clear non-sequitur this Court should not accept." *Id.* That's it. But what May labels "sophistry and pedantry" is in fact the plain language of the statute itself. Unlike its neighboring CFAA causes of action that May asserts, 18 U.S.C. § 1030(a)(5)(C) *does not* make it unlawful to

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

"exceed[] authorized access;" instead making unlawful only "access[ing] a protected computer without authorization."  *Compare* 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4) *with id.* § 1030(a)(5)(C).  May can ignore neither the statutory language nor his own allegations, in which he concedes that he authorized Bungie to access his computer.  Amend. Counterclaims ¶ 31 (admitting that May provided "authorization" to collect data from his computer).  Therefore, accepting May's allegations as true, Bungie had authorization to access May's computer and May's 18 U.S.C. § 1030(a)(5)(C) claim should be dismissed with prejudice.

B.   **May's and Phoenix Digital's Amended DMCA Anti-Circumvention Claims Should Be Dismissed**

As with their response to Bungie's CFAA dismissal arguments, Counterclaimants fail to address many of Bungie's arguments for dismissal of their respective DMCA claims.  Their limited arguments are also devoid of legal support and should therefore be disregarded.  Counterclaimants' DMCA claims should be dismissed with prejudice.

1. **Phoenix Digital Does Not Allege It Employs Technological Protection Measures**

First, Phoenix Digital does not address Bungie's argument that Phoenix Digital failed to allege that it employs technological measures to protect its supposedly copyrighted software. Counterclaimants focus only on technological measures that *May* purportedly implemented in his computer (passwords and firewalls). *See* Opp'n p. 9 ("In particular, paragraphs 41 and 48 of the Amended Counterclaims expressly allege that technological measures used **by Mr. May** to prevent unauthorized access…") (emphasis added).  But none of the paragraphs referenced in Counterclaimants' opposition specify *any* technological measures implemented by Phoenix Digital.  *See* Opp'n p. 18.  There are no such allegations in Phoenix Digital's DMCA counterclaims, other than the exact same conclusory allegations that the Court held were insufficient in its order dismissing Phoenix Digital's original DMCA counterclaim.  *See* Amend. Counterclaims ¶¶ 77, 78; Order Dismissing Counterclaims p. 7.  Phoenix Digital's failure to allege it employs technological measures to protect its allegedly copyrighted work is fatal to its DMCA

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

claim, and it should be dismissed with prejudice on this basis alone. *FMHUB, LLC v. MuniPlatform, LLC*, No. 19-15595 (FLW), 2021 WL 1422873, at *6 (D.N.J. Apr. 15, 2021) (granting motion to dismiss); *cf. Philips N. Am., LLC v. Summit Imaging Inc.*, No. C19-1745JLR, 2020 WL 1515624, at *2–3 (W.D. Wash. Mar. 30, 2020) (denying motion to dismiss where plaintiff specifically enumerated the different protection measures implemented).

### 2. Phoenix Digital and May Fail to Allege They Own Works Protected by Copyright that Bungie Accessed

While May and Phoenix Digital recite the bare allegation that "[Counterclaimant] owns and holds copyrights in [their files and programs] pursuant to 17 U.S.C. § 201," this is a *quintessential* legal conclusion that need not be accepted as true by the Court. *See* Amend. Counterclaims ¶¶ 16, 18, 19, 21, 23, 26, 28; Order Dismissing Counterclaims p. 3 ("[the pleading] must offer 'more than labels and conclusions' and contain more than a 'formulaic recitation of the elements of a cause of action'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In most cases involving copyrights, this bare legal conclusion would be supported by the factual allegation that the party owns a copyright registration, thus providing sufficient factual support of validity of the copyright and the facts stated in the certificate. *See United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). But that is not the case here, because Counterclaimants do not claim to own copyright registrations for any of their alleged works.

Thus, in the absence of a registration, Counterclaimants are required to allege sufficient facts demonstrating the copyrightability of the claimed works.[1] *See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-726 (CBA), 2013 WL 4409434, at *17 (E.D.N.Y. Aug. 2, 2013). They have failed to allege such facts.[2]

The only allegations related to copyrightability that May points to concern his alleged authorship of the works, but mere possession does not imply authorship, and authorship of a work

---

[1] To be clear, Bungie is not arguing that registration is a prerequisite to a DMCA anti-circumvention claim. No such requirement exists.

[2] Counterclaimants have not alleged the required factual basis for copyrightability in the files at issue because they cannot do so.

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

alone is insufficient. The unregistered work must possess some degree of creativity, and the copyrightability of the work is further limited by "the exclusion of functional elements, the merger doctrine, and the *scenes a faire* doctrine." *Id.* at *18. May does not describe what he authored, and cannot point to any factual allegations that address the dearth of information about what the files are or by whom they were authored except that he obtained at least some of them from another counterclaimant. And Phoenix Digital alleges even less than May, failing to allege that the supposedly protected program was even created by any author at all. *See* Amend. Counterclaims ¶¶ 4, 23. While copyright registration is not a pre-requisite to a DMCA anti-circumvention claim, "the absence of a registration 'makes it difficult for [a counterclaimant] to succeed on [its] DMCA claim, which is dependent on proof of a valid copyright." *Point* 4, 2013 WL 4409434, at *17. Considering Counterclaimants' unwillingness or inability to identify the authorship or origin of the files at issue, their extremely limited allegations are far from sufficient to meet this burden. Contrary to Counterclaimants' assertion, Bungie is not asking the Court to look beyond the pleadings to determine the copyrightability of the alleged files and programs (Opp'n p. 20); rather, Bungie is asking the Court to consider the deficiencies *in the pleading itself*. Counterclaimants have omitted numerous key factual allegations that are necessary to allege copyrightability of unregistered works. On that basis, Counterclaimants' DMCA anti-circumvention claims should be dismissed in their entirety.

### 3. Deceit and Subterfuge Do Not Constitute "Circumvention" Under the DMCA

Unable to rebut Bungie's argument that deceit and subterfuge are not actionable circumvention under the DMCA, Counterclaimants again attempt to reimagine Bungie's argument into one that they would rather respond to. Opp'n p. 18–19. The problem with Counterclaimants' DMCA circumvention allegations—which Counterclaimants do not address—is that the act that Counterclaimants allege constitutes circumvention—"deceit and subterfuge"—does not meet the legal definition of circumvention in the DMCA. *See* 17 U.S.C. § 1201(a)(3)(A) ("to 'circumvent

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner").  There is ample authority for the proposition that "using deception to gain access to copyrighted material is not the type of 'circumvention' that Congress intended to combat in passing the DMCA." *Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 464 (E.D.N.Y. 2012) (denying plaintiff leave to file second amended complaint with DMCA claim in which plaintiff alleged defendant obtained access to decrypted signals through "fraud and deceit"); *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288 SBA, 2015 WL 13022288, at *8 (N.D. Cal. Aug. 19, 2015) (granting motion to dismiss DMCA claim where only alleged act of circumvention was unauthorized distribution of otherwise genuine software license keys); *TLS Grp., S.A. v. NuCloud Glob., Inc.*, No. 2:15-CV-00533-TC, 2016 WL 1562910, at *9 (D. Utah Apr. 18, 2016) (holding that circumvention "through fraud and deceit…is not a violation of § 1201(a)(1)"); *Joint Stock Co. Channel One Russian Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 WL 696126, at *18 (S.D.N.Y. Feb. 15, 2017) ("Similarly, there is no liability under § 1201(a)(1)(A) where the defendant misuses a password, or otherwise uses 'deceptive' methods (as opposed to its own technology) to circumvention the technology that the copyright owner relies on for protection.").[3]

Despite claiming that deceit and subterfuge "have long been recognized as means for 'bypassing' security measures," Counterclaimants fail to cite a *single case* in support of their bald assertion.  Opp'n p. 10.  And far from supporting their theory, the examples provided in Counterclaimants' brief ("bribing a security guard, posing as an authorized agent, presenting forged documents") only further underline Counterclaimants' mistaken understanding of the DMCA.  The DMCA is aimed at the conduct of those who "decod[e] the encrypted codes

---

[3] *See also Navistar, Inc. v. New Balt. Garage, Inc.*, No. 11-cv-6269, 2012 WL 4338816, at *4 (N.D. Ill. Sept. 20, 2012); *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 645 (E.D. Pa. 2007); *Egilman v. Keller & Heckman, LLP*, 401 F. Supp. 2d 105, 113 (D.D.C. 2005); *I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*, 307 F. Supp. 2d 521, 532 (S.D.N.Y. 2004).

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

protecting copyrighted works," and those who breach the "digital walls" erected by copyright owners. *Dish Network*, 893 F. Supp. 2d at 454 (quoting H.R. Rep. No. 105-551, pt. 1, at 19 (1998)). Numerous courts have held that "deceit and subterfuge" does not amount to circumvention, and Counterclaimants offer no authority to the contrary. Counterclaimants' DMCA anti-circumvention claims should be dismissed with prejudice for this reason alone.

C.   **Phoenix Digital's Breach of Contract Claim Should Be Dismissed**

Phoenix Digital's breach of contract counterclaim should be dismissed for failing to allege that Bungie breached the contract for two, independent reasons. First, Phoenix Digital alleges only that Bungie "tested" the cheat software. Amend. Counterclaims ¶ 72. But testing is *not* prohibited by Phoenix Digital's Terms of Service.[4] *Id.* at ¶ 68. From there, Phoenix Digital jumps to the unsupported conclusion that "testing" means that Bungie "decompiled, reverse engineered, and otherwise inspected the inner workings of" the cheat software, and therefore Bungie breached the Terms of Service. *Id.* at ¶ 73. Such an unsupported conclusion cannot support a claim at the breach of contract. *nexTUNE, Inc. v. McKinney*, No. C12-1974 TSZ, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) (Zilly, J.) (granting motion to dismiss where trade secret claim was premised on "speculation unsupported by any factual allegation").

Second, the Court cannot accept as true Phoenix Digital's allegation that Bungie "decompiled, reverse engineered and otherwise inspected the internal works of" the cheat software, because it is directly contradicted by a document incorporated by reference in and expressly relied upon in the Amended Counterclaims, Bungie's corporate representative's deposition transcript. Phoenix Digital is wrong that Bungie cannot challenge the veracity of this allegation when it is contradicted by a document explicitly incorporated into the Amended Counterclaims. Opp'n p. 20. "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice…."

---

[4] And any such terms—purportedly prohibiting investigations into software that infringes Bungie's and others' intellectual property—are unlikely to be enforceable.

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

*Garner*, 2022 WL 1443680, at *1 (quoting *Daniels-Hall v. Nat'l Edu. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)); *Grae-El*, 2022 WL 2952381, at *8 n.8 (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint")). Phoenix Digital expressly relied upon Dr. Kaiser's Rule 30(b)(6) deposition transcript in support of its breach of contract allegations. Amend. Counterclaims ¶¶ 72–73. Bungie can thus rely on that transcript in its Motion to Dismiss. *Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1061 (N.D. Cal. 2016) (taking judicial notice of deposition testimony on motion to dismiss because it was incorporated by reference in complaint); *see also Grae-El*, 2022 WL 2952381, at *8 n.8. That deposition transcript *directly contradicts* Phoenix Digital's allegations that Bungie breached Phoenix Digital's Terms of Service. Dkt. No. 75-1 p. 12–13 (Dr. Kaiser 30(b)(6) Dep. Tr. at 117:11–118:7). On a motion to dismiss, the Court need not accept as true Counterclaimants' conclusory assertions when those assertions are contradicted by facts contained in a deposition transcript incorporated by reference in a complaint. *Grae-El*, 2022 WL 2952381, at *8 n.8.

Phoenix Digital's breach of contract counterclaim should be dismissed with prejudice.

**D.   Counterclaimants Do Not Dispute that Their Counterclaims Should Be Dismissed with Prejudice**

As they did in their opposition to Bungie's first Motion to Dismiss the counterclaims, Counterclaimants offer no arguments for why their claims should not be dismissed with prejudice. They fail to even mention the five factors that the Court considers, despite the Court's invitation to at least attempt to do so in its order dismissing the original counterclaims. Order Dismissing Counterclaims p. 9.

Counterclaimants do not dispute that their amended counterclaims were brought in bad faith, attempting to leverage a warped understanding of pleading "on information and belief," and offering false testimony in its proceedings against Bungie. Dkt. No. 74 p. 23–24. Counterclaimants do not provide *any* explanation for their delayed filings in this case, nor do they

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5

dispute that their delay has caused Bungie prejudice. *Id.* at p. 24. Nor can they dispute that they have already had their second bite at the counterclaim apple, and therefore they should not be granted a third at this late stage of the proceedings. *Id.* at p. 24.

The Court previously held that Bungie "made a strong showing that the counterclaims should be dismissed with prejudice," and the reasons for dismissing with prejudice are now equally compelling if not more so. Order Dismissing Counterclaims p. 9.

### III. CONCLUSION

For the foregoing reasons, Bungie respectfully requests that Phoenix Digital's and James May's counterclaims be dismissed with prejudice.

Dated: January 6, 2023

By: */s/William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

*Attorneys for Plaintiff BUNGIE, INC.*

PLAINTIFF'S REPLY ISO MOT. TO DISMISS
(No. 2:21-cv-811) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159874173.5