UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

              Plaintiff,

  v.

AIMJUNKIES.COM, et al.,

              Defendants.

C21-0811 TSZ

MINUTE ORDER

      The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

      (1)    The motion to dismiss amended counterclaims of defendants and counterclaimants James May and Phoenix Digital Group LLC ("Phoenix Digital"), docket no. 74, filed by plaintiff and counter-defendant Bungie, Inc. ("Bungie") is GRANTED in part and DENIED in part, as follows:

          a.    The motion is GRANTED as to Phoenix Digital's Second Amended Counterclaim for Circumvention of Technological Measures in violation of 17 U.S.C. § 1201(a), and the counterclaim is DISMISSED with prejudice. The Court previously dismissed Phoenix Digital's counterclaim under the Digital Millennium Copyright Act's anti-circumvention provision because Phoenix Digital failed to allege any facts to support that its "loader software" was protected by a technological measure. *See* Order at 7–8 (docket no. 71). Rather, Phoenix Digital merely recited the elements of the cause of action and failed to identify which of its technological measures Bungie allegedly circumvented. Notably, Phoenix Digital's amended counterclaim suffers from the same deficiency. *Compare* Countercl. at ¶ 44 (docket no. 63) ("On information and belief, Bungie bypassed, removed, deactivated, and/or impaired one or more of the technological measures Phoenix Digital employed to control access to its proprietary programs it uses to

MINUTE ORDER - 1

distribute the 'cheat software' at issue here") *with* Am. Countercl. at ¶ 77 (docket no. 72) ("Bungie bypassed, removed, deactivated, and/or impaired one or more of the technological measures Phoenix Digital employed to control access to its proprietary programs it uses to distribute the 'cheat software' at issue here."). Because Phoenix Digital has failed to cure a deficiency this Court specifically identified in its prior Order, the Court will not grant Phoenix Digital further leave to amend this counterclaim. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir. 2011) (explaining that courts consider factors such as undue delay, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment when deciding whether to grant a party leave to amend its pleading).

      b.    The motion is DENIED as to May's and Phoenix Digital's remaining amended counterclaims. With respect to these counterclaims, May and Phoenix Digital have cured deficiencies the Court previously identified in its earlier Order, docket no. 71, and many of the arguments Bungie raises in its motion to dismiss would be more appropriately presented in a motion for summary judgment or at trial.

(2)    Bungie's motion to amend case schedule, docket no. 80, is GRANTED, and the Court will issue an amended case schedule in this matter. The Court, however, is not available for trial on July 31, 2023, as the parties propose. The parties are DIRECTED, on or before February 13, 2023, to file a Joint Status Report containing the parties' availability for a jury trial September–December 2023.

(3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of February, 2023.

    Ravi Subramanian
    Clerk

    s/Laurie Cuaresma
    Deputy Clerk

MINUTE ORDER - 2