THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; AND JAMES MAY,<br><br>        Defendants. | No. 2:21-cv-811<br><br>PLAINTIFF BUNGIE, INC.'S MOTION TO CONFIRM ARBITRATION AWARD AND DIRECT ENTRY OF JUDGMENT<br><br>NOTE ON MOTION CALENDAR: MARCH 3, 2023 |

PLAINTIFF'S MOT. TO CONFIRM ARB. AWARD
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160723722.2

## I.   INTRODUCTION

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 (the "Act"), Plaintiff Bungie, Inc. ("Bungie") seeks entry of an injunction and monetary judgment against Defendants AimJunkies.com, Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively, "Defendants") resulting from the arbitration of certain claims originally brought in and stayed by this Court. Copies of the final arbitration award and permanent injunction are attached as Exhibits A and B, respectively, to the accompanying Declaration of William C. Rava ("Rava Decl.").

## II.   ARGUMENT

On June 15, 2021, Bungie filed its original complaint in this Court, alleging nine causes of action related to Defendants' development, sale, and distribution of cheat software for Bungie's *Destiny 2* video game. Dkt. No. 1. In response, Defendants moved to compel arbitration of Bungie's fourth through ninth causes of action[1] (the "Arbitration Claims"), citing Bungie's Limited Software License Agreement (the "LSLA"), under which "all claims arising out of or relating to [the LSLA] . . . shall be finally settled by binding arbitration administered by JAMS . . . ." Dkt. No. 34-1 p. 25.[2] Also under the LSLA, the parties agreed that "[t]he arbitrator's award shall be binding on the parties and may be entered as a judgment in any court of competent jurisdiction." *Id.* After Bungie submitted a demand for arbitration to JAMS on February 10, 2022 covering the Arbitration Claims, Dkt. No. 28, this Court stayed its consideration of the Arbitration Claims, pending resolution at arbitration. Dkt. No. 33 p. 13.

JAMS-appointed arbitrator Judge Ronald Cox (Ret.) presided over an evidentiary hearing between December 19, 2022 and December 21, 2022, issuing a preliminary written award on

---

[1] These causes of action were (a) circumvention of technological measures under the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 1201(a)); (b) trafficking in circumvention technology under the DMCA (17 U.S.C. § 1201(a), (b)); (c) breach of contract; (d) tortious interference with a contract; (e) violation of the Washington Consumer Protection Act (RCW 19.86.020); and (f) unjust enrichment.

[2] Intellectual property disputes, among others, are excepted from this arbitration requirement. Dkt. No. 34-1 p. 26.

PLAINTIFF'S MOT. TO CONFIRM ARB. AWARD
(No. 2:21-cv-811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160723722.2

January 13, 2023.  Judge Cox found Defendants liable on all Arbitration Claims, awarding damages and injunctive relief.  After further submissions regarding reasonable attorneys' fees and the appropriate injunction language, Judge Cox issued his Final Award on February 1, 2023, awarding Bungie its requested fees and costs and also entered a Permanent Injunction dated January 31, 2023.  *See* Rava Decl., Exs. A, B.  The total amount of the judgment owed by Defendants to Bungie is $4,396,222.  The arbitration award and injunction have **not** been vacated, modified, or corrected.  *Id*. ¶ 4.

The Act provides that where, as here, the parties have agreed that judgment shall be entered upon an award made in arbitration, any party may, within one year of receiving the arbitration award, apply to the Court for an order confirming the award.  9 U.S.C. § 9.  The Act mandates that the award be confirmed judicially unless it has been vacated, modified, or corrected on the limited grounds permitted by 9 U.S.C. §§ 10 and 11.  *See id.*  A trial court's review of an arbitration award is strictly circumscribed.  *Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*, No. C22-729 TSZ, 2022 WL 3018185, at *2 (W.D. Wash. July 29, 2022) ("The scope of judicial review of arbitration awards under the Federal Arbitration Act ("FAA") is extremely limited . . . .").  Indeed, a court may not "reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract."  *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *see also Astronics Elec. Sys.*, 2022 WL 3018185, at *2 ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute.") (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003)).  Thus, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  *United Paperworkers*, 484 U.S. at 38; *accord Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 564 (2013) ("Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a

PLAINTIFF'S MOT. TO CONFIRM ARB. AWARD
(No. 2:21-cv-811) –3
160723722.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  court's view of its (de)merits.") (quoting *E. Assoc'd Coal Corp. v. United Mine Workers of Am.,*
2  *Dist. 17*, 531 U.S. 57, 62 (2000)).

3        Here, the arbitrator issued his permanent injunction on January 31, 2023 and final award
4  on February 1, 2023.  These have neither been vacated nor modified or corrected, and none of the
5  statutory bases that would support vacation, modification, or correction exist.  Therefore, because
6  this motion to confirm is timely, the Court is required to confirm the award.  *See Kyocera*, 341
7  F.3d at 1000 ("[A] federal court may only review an arbitral decision on the grounds set for the in
8  the [FAA].").

9        This Court has ongoing jurisdiction over this request.  Because the Court had subject matter
10 jurisdiction over these claims when they were originally filed and this Court stayed the claims that
11 were referred to arbitration, "the [Court] retains jurisdiction to confirm . . . the arbitral award."
12 *SmartSky Networks, LLC v. Wireless Sys. Sol'ns, LLC*, ___ F. Supp. 3d ___, 2022 WL 4933117,
13 at *4 (M.D.N.C. Sept. 26, 2022) (quoting *Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12
14 F.4th 1212, 1227 (10th Cir. 2021) (collecting cases)); *see also Jasem v. State Farm Fire & Cas.*
15 *Co.*, No. CV-06-595-PHX-DGC, 2007 WL 1146433, at *3 (D. Ariz. Apr. 18, 2007) (holding that
16 a "court with the power to stay the action under [the FAA] has the further power to confirm any
17 ensuing arbitration award") (quoting *Cortez Byrd Chips, Inc. v. Bill Harbert Construction CO.*,
18 529 U.S. 193, 202 (2000)).

19       Moreover, the Court has jurisdiction over this request pursuant to 28 U.S.C. § 1332,
20 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is
21 complete diversity of citizenship.  A corporation is a citizen of the state where it is incorporated
22 and where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  A limited liability
23 company is considered a citizen of the states in which its owners and members are citizens.
24 *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also 3123*
25 *SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citing *Johnson*, 437 F.3d at 899).  Here,
26 Bungie is incorporated in Delaware and maintains its principal place of business in Washington

PLAINTIFF'S MOT. TO CONFIRM ARB. AWARD
(No. 2:21-cv-811) –4
160723722.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

state. Dkt. No. 34 ¶ 12. Phoenix Digital is a limited liability company whose sole members are (or at all relevant times were) Schaefer, Green, and Conway. Rava Decl., Ex. A p. 3. AimJunkies.com is a website operated by Phoenix Digital. *Id.* Schaefer, Green, Conway, and May are citizens of California, Oregon, Arizona, and Ohio, respectively. *See* Dkt. No. 72 ¶¶ 14–18; Dkt. Nos. 20, 25. Thus, complete diversity exists between Bungie and Defendants. Because Judge Cox awarded Bungie $3,657,500 in damages (exclusive of Bungie's attorneys' fees and costs, which were also awarded), the amount in controversy is well over $75,000, and this Court has subject matter jurisdiction to confirm the award under 28 U.S.C. § 1332.

### III.   CONCLUSION

For the foregoing reasons, Bungie respectfully requests that the Court confirm the permanent injunction of January 31, 2023 and final award of February 1, 2023, and enter judgment accordingly.

Dated: February 16, 2023

By: */s/ William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

PLAINTIFF'S MOT. TO CONFIRM ARB. AWARD
(No. 2:21-cv-811) –5
160723722.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000