THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

                Plaintiff,

    v.

AIMJUNKIES.COM, PHOENIX DIGITAL
GROUP, LLC; DAVID SCHAEFER; JORDAN
GREEN; JEFFREY CONWAY; AND JAMES
MAY,

                Defendants.

No. 2:21-cv-811

PLAINTIFF BUNGIE, INC.'S
OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY
CUTOFF AND DISCOVERY
MOTION DATES

PL.'S OPP'N TO DEFS' MOT. TO EXTEND
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160882265.5

1

**TABLE OF CONTENTS**

2
                                                             **Page**

3    I.      INTRODUCTION ................................................................................................. 1

4    II.      BACKGROUND ................................................................................................... 1

5    III.     Argument ............................................................................................................. 2

6          A.      Defendants' Motion to Extend the Discovery-Related Deadlines Should

7                  Be Denied................................................................................................. 2

         B.      Defendants' Motion to Limit Discovery Topics Should Be Denied....................... 3

8          C.      Bungie Should Be Awarded Its Expenses for Responding to this Motion. ........... 5

9    IV.     CONCLUSION..................................................................................................... 6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PL.'S OPP'N TO DEFS' MOT. TO EXTEND – i
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160882265.5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*,
No. C08-1372 RSM, 2009 WL 10676489 (W.D. Wash. Dec. 18, 2009) ...............................6

*Eagle View Techs., Inc. v. Xactware Sols., Inc.*,
No. C12-1913-RSM, 2013 WL 12071669 (W.D. Wash. July 30, 2013)................................5

*Gamble v. State Farm Mut. Auto. Ins. Co.*,
No., 2020 WL 4901670 (W.D. Wash. Aug. 20, 2020) ........................................................6

*Garner v. Amazon.co, Inc.*,
No. C21-0750RSL, 2022 WL 16553158 (W.D. Wash. Oct. 31, 2022)..............................4, 5

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .............................................................................................2

*Miller v. Sawant*,
No. C18-506 MJP, 2022 WL 17168530 (W.D. Wash. Nov. 22, 2022)................................2

STATUTES

Digital Millennium Copyright Act......................................................................................1, 5

Washington Consumer Protection Act....................................................................................1

RULES

Fed. R. Civ. P. 16(b) .............................................................................................................2

Fed. R. Civ. P. 16(b)(4).........................................................................................................2

Fed. R. Civ. P. 26(c)(1).........................................................................................................4

Fed. R. Civ. P. 26(c)(3).........................................................................................................5

Fed. R. Civ. P. 37(a)(5).........................................................................................................5

Fed. R. Civ. P. 37(a)(5)(B) .................................................................................................5, 6

PL.'S OPP'N TO DEFS' MOT. TO EXTEND – ii
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.     INTRODUCTION

The Court should deny Defendants AimJunkies.com, Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May's (collectively, "Defendants") motion both to extend deadlines and to limit future discovery topics. *See* Dkt. No. 87 (hereafter, "Motion").  First, Defendants' request that certain discovery-related deadlines be extended so that they may conduct discovery on their counterclaims should be denied because Defendants have failed to diligently pursue that discovery prior to the deadline and ample time remains to complete discovery.  Second, Defendants' apparent motion for a protective order to strictly limit the topics of discovery going forward is bereft of citation to *any* legal authority and fails to satisfy their burden under the Federal Rules.  That protective order should be denied, and Bungie should be awarded its expenses, including attorneys' fees, for having to respond to this unsupported motion.

## II.     BACKGROUND

Bungie filed its complaint on June 15, 2021, and its amended complaint on May 19, 2022, asserting claims for trademark and copyright infringement.  Dkt. Nos. 1, 34.  Bungie's non-intellectual property claims—violations of the Digital Millennium Copyright Act, breach of contract, tortious interference with a contract, violation of the Washington Consumer Protection Act, and unjust enrichment—were referred to arbitration with JAMS.  Dkt. No. 33 p. 13.  The parties accordingly conducted discovery in the JAMS proceeding on issues relevant to the arbitration claims and participated in an arbitration hearing, at which Bungie prevailed on all claims. *See generally* Dkt. No. 89-1.

On June 14, 2022, the Court issued a scheduling order, which included a January 12, 2023 deadline to file discovery-related motions and February 21, 2023 deadline to complete discovery. Dkt. No. 44.  On September 16, 2022, over five months before the discovery cutoff previously set by the Court, Defendants filed their answer to Bungie's Amended Complaint, including

PL.'S OPP'N TO DEFS' MOT. TO EXTEND
(No. 2:21-cv-811)

160882265.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

counterclaims asserted by James May and Phoenix Digital.  Dkt. No. 63.  Defendants have not served any discovery requests since filing their original answer and counterclaims (Dkt. No. 63).  Declaration of William C. Rava ("Rava Decl.") ¶ 2.  Meanwhile, starting on December 9, 2022, Bungie has served numerous discovery requests seeking information relevant to the counterclaims.  *Id.*, Ex. A.

On January 5, 2023, Bungie moved to extend the case schedule.  Dkt. No. 80.  Bungie proposed that the discovery-related motions deadline be moved to March 13, 2023, and that the discovery cutoff be extended to April 21, 2023.  *Id.*  Prior to filing its motion, Bungie conferred with Defendants on the case extension, and Defendants refused to agree to extend the case schedule.  After Bungie filed its motion, however, Defendants responded that they "[did] not oppose extending the various pre-trial dates as proposed by Plaintiff," including the discovery-related deadlines, which were eventually adopted by the Court in its current scheduling order.  Dkt. No. 82 ¶¶ 1, 4; Dkt. No. 86.

Now, less than a month before the discovery motion deadline, Defendants move to amend the case schedule to permit additional time for discovery that they could have attempted to initiate many months ago.

### III.    ARGUMENT

**A.    Defendants' Motion to Extend the Discovery-Related Deadlines Should Be Denied.**

Once entered, a Court's schedule may be modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6).  "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  To show good cause, a party must show that, despite its diligence, it could not meet the scheduling order's deadline. *Id.* (collecting cases).  A motion to dismiss filed after the Court sets the discovery deadline and opens discovery does not excuse a party's failure to take discovery prior to the discovery deadline. *Miller v. Sawant*, No. C18-506

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160882265.5

1   MJP, 2022 WL 17168530, at *2 (W.D. Wash. Nov. 22, 2022) (denying motion to extend discovery

2   deadline where movant "fail[ed] to show any diligent efforts to engage in discovery").

3         It is unclear why Defendants did not raise this request to extend deadlines prior to the

4   parties' briefing on Bungie's motion to extend deadlines, and instead *agreed* to the current

5   discovery schedule.  Dkt. No. 82 ¶ 1; *see also* Dkt. No. 86.

6         Additionally, Defendants' unsupported assertion that "Bungie has resisted Defendants'

7   efforts to obtain discovery related to issues other than the copyright infringement and trademark

8   infringement claims" is false.  *See* Mot. ¶ 3.  Defendants already conducted depositions of

9   Bungie's corporate representative and a separate individual deposition of Bungie's expert, Dr.

10  Edward Kaiser.  Indeed, Defendants' counterclaims repeatedly cite to those depositions, and

11  documents produced by Bungie, for support.  *See* Dkt. No. 72 (Amended Counterclaims) at ¶¶ 13,

12  24, 25, 70, 72.  Since filing their counterclaims, however, Defendants have not served a single

13  discovery request nor conducted any depositions.

14        In all events, the time remaining to conduct discovery is sufficient.  Defendants offer no

15  reason why the remaining two months are insufficient, and their apparent failure to diligently

16  conduct discovery on their counterclaims alone is not sufficient reason to extend the case

17  deadlines.  Bungie fully anticipates that the parties will cooperate as necessary to complete

18  discovery within the Court's current deadlines, and, if necessary, they can agree to limited

19  extensions without the Court's intervention (e.g., to conduct depositions after discovery cutoff).

20  **B.   Defendants' Motion to Limit Discovery Topics Should Be Denied.**

21        In a single sentence, Defendants attempt to drastically limit the scope of remaining

22  discovery without a single legal or factual citation in support.  *See* Mot. ¶ 5.  Defendants effectively

23  seek a protective order preventing Bungie from taking discovery on Bungie's claims and limiting

24  future discovery to only topics "reasonably related to the counterclaims."  *Id.*  Defendants provide

25  no valid basis for this extraordinary request, and it should also be denied.

26

PL.'S OPP'N TO DEFS' MOT. TO EXTEND
(No. 2:21-cv-811) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160882265.5

Under Fed. R. Civ. P. 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery."  To meet this "good cause" standard, the movant "must show 'that specific prejudice or harm will result' if the protective order is not granted."  *Garner v. Amazon.co, Inc.*, No. C21-0750RSL, 2022 WL 16553158, at *2 (W.D. Wash. Oct. 31, 2022) (quoting *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not satisfy this standard. *Id.* (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).  Rather, the movant must come forward with "specific facts showing the nature and extent of the burden." *Id.*

Defendants' single sentence falls well short of satisfying this good cause standard. Defendants do not allege that *any* prejudice or harm will result from continued discovery concerning the full range of issues in this case outside of the counterclaims, including Bungie's claims and Defendants' defenses.  And contrary to Defendants' claim that Bungie has conducted "scorched earth" discovery (again, without *any* factual support for this assertion), Bungie has yet to depose the named Defendants in this litigation.  Bungie did depose Defendants in the parallel arbitration proceeding, but the claims and defenses asserted in that proceeding are different from those here.[1]  For example, Defendants' use of Bungie's trademarks (and related trademark issues) was not relevant to any of the claims in the arbitration, and so those topics were not explored in depth, if at all, during the arbitration depositions and hearing.  *See generally* Dkt. No. 89-1 (arbitration Final Award did not include discussion of any trademark-related issues).  And while

---

[1] As Bungie has already represented to Defendants, it acknowledges that there are some issues that overlap between the two proceedings, and Bungie will strive to rely on the testimony elicited in the arbitration proceeding where possible and to approach further discovery in an efficient manner.  Bungie does not expect depositions in this proceeding to require a full day, depending upon the responsiveness of the deponents.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    Bungie's successfully-arbitrated DMCA claims are related to its copyright infringement claims,

2    the elements of the claims differ and so does the necessary discovery.

3         Bungie is entitled to obtain discovery on these issues relevant to the claims and defenses

4    in this litigation, and Defendants have failed to offer any justification otherwise.

5    **C.    Bungie Should Be Awarded Its Expenses for Responding to this Motion.**

6         Where a motion for a protective order is denied, the non-moving party may be awarded its

7    expenses.  Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses.").  Under

8    Rule 37(a)(5)(B), "[i]f the motion [for a protective order] is denied, the court . . . must, after giving

9    an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the

10   party . . . who opposed the motion its reasonable expenses incurred in opposing the motion,

11   including attorney's fees."  The non-moving party's expenses are not awarded only if the motion

12   was "substantially justified or other circumstances make an award of expenses unjust."  *Id.*

13   "Substantial justification has been defined to mean that the discovery request was the subject of a

14   'genuine dispute' or that 'reasonable people could differ' as to the appropriateness of the requested

15   discovery."  *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. C12-1913-RSM, 2013 WL

16   12071669, at *3 (W.D. Wash. July 30, 2013) (quoting *Bonneville v. Kitsap County*, No. 06-5228,

17   2007 WL 895873, at *2 (W.D. Wash. Mar. 22, 2007)).

18        Here, Defendants offer only one sentence in support of their request to limit discovery,

19   claiming that Bungie completed "scorched earth" discovery already.  That is false.  Indeed, Bungie

20   has yet to depose the Defendants in this matter.  Defendants also failed to provide *a single citation*

21   to any authority or rule to support their request.  This haphazard request for such extraordinary

22   relief—cutting off Bungie's ability to conduct discovery into its own claims—fails to meet the

23   relevant standard which requires that they present "specific facts" showing that "specific prejudice

24   or harm" will result without entry of the protective order.  *Garner*, 2022 WL 16553158, at *2.

25   Defendants' motion is not substantially justified, and no other circumstances make an award of

26   expenses unjust.  Bungie should be awarded its expenses for responding to this motion for a

PL.'S OPP'N TO DEFS' MOT. TO EXTEND
(No. 2:21-cv-811) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160882265.5

1   protective order. *See Gamble v. State Farm Mut. Auto. Ins. Co.*, No., 2020 WL 4901670, at \*2–3

2   (W.D. Wash. Aug. 20, 2020) (denying motion for protective order to prevent deposition testimony

3   of witness whose testimony is "clearly relevant to Plaintiff's claims in this action" and awarding

4   non-moving party expenses, including attorneys' fees, under Rule 37(a)(5)(B)); *Campagnolo*

5   *S.R.L. v. Full Speed Ahead, Inc.*, No. C08-1372 RSM, 2009 WL 10676489, at \*3 (W.D. Wash.

6   Dec. 18, 2009) (denying motion for protective order where the information sought in discovery

7   was "highly relevant" to a "central issue" in the case and awarding non-moving party expenses,

8   including attorneys' fees, under Rule 37(a)(5)(B)).

9   ### IV.   CONCLUSION

10      For the foregoing reasons, Bungie respectfully requests that the Court deny Defendants'

11   motion to extend the discovery cutoff and discovery motion dates and for a protective order, and

12   award Bungie its expenses for responding to the motion for a protective order.

16   Dated: February 27, 2023

By: *s/William C. Rava*

William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

PL.'S OPP'N TO DEFS' MOT. TO EXTEND
(No. 2:21-cv-811) –6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160882265.5