# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

              Plaintiff,

    v.

AIMJUNKIES.COM; PHOENIX
DIGITAL GROUP LLC; DAVID
SCHAEFER; JORDAN GREEN;
JEFFREY CONWAY; and JAMES MAY,

              Defendants.

No. 2:21-cv-811-TSZ

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 25–26) TO DEFENDANT JAMES MAY

       Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Bungie, Inc. ("Plaintiff" or "Bungie") hereby requests that Defendant James May produces for inspection and copying the documents and things within his possession, custody, or control falling within the scope of the requests set forth below within thirty (30) days from the date of service hereof, in accordance with the definitions and instructions below.  Please produce all responsive documents and things described herein within Mr. May's possession, custody, or control to the attention of William C. Rava at the law firm of Perkins Coie, LLP located at 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099.  These Requests are continuing.  As such, Mr. May must supplement his responses and produce additional responsive information in a timely manner in accordance with

PLAINTIFF'S SECOND SET OF RFPs TO
JAMES MAY (NOS. 25–26)
(No. 2:21-CV-811-TSZ) –1

159050051.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Federal Rule of Civil Procedure 26(e) as additional or corrective information comes to their counsel's attention.

## DEFINITIONS

The following definitions and instructions shall apply when responding to these requests for production:

1.     "Mr. May," "you," and "your" shall refer to Defendant James May.

2.     "Phoenix Digital" shall mean Phoenix Digital Group LLC and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

3.     "Defendants" shall refer collectively to Phoenix Digital, AimJunkies.com, David Schaefer, Jordan Green, Jeffrey Conway, and James May.

4.     "Bungie" or "Plaintiff" shall mean Bungie, Inc. and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

5.     "Cheat Software" shall mean the *Destiny 2* cheat software offered for sale on Defendants' website, AimJunkies.com.

6.     "Action" refers to the lawsuit filed in the U.S. District Court, Western District of Washington at Seattle, entitled *Bungie, Inc. v. AimJunkies.com, et al.*, Case No. 2:21-cv-811-TSZ, including without limitation all claims, counterclaims, and defenses asserted therein.

7.     "Document" and its plural shall mean anything that would be a writing or recording as defined in Rule 1001(1) of the Federal Rules of Evidence and/or falls within the scope of the term as defined in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which

PLAINTIFF'S SECOND SET OF RFPs TO
JAMES MAY (NOS. 25–26)
(No. 2:21-CV-811-TSZ) –2

159050051.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

8.    "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

9.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and encompasses every medium of information transmittal, including but not limited to written, graphic, and electronic communication.

10.    "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

11.    "Relate to" and "relating to" mean embodying, comprising, referring to, constituting, containing, consisting of, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter either directly or indirectly.

12.    "And" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive, as required by the context, to bring within the scope of these interrogatories any information which might be otherwise deemed outside their scope by any other construction.

13.    "Any" and "each" should be understood to encompass and include "all."

14.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

15.    Bungie's use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission by Bungie.

## INSTRUCTIONS

1.    These requests are to be answered separately and fully, in writing and under oath, within thirty (30) days of the date of service on you.

PLAINTIFF'S SECOND SET OF RFPs TO
JAMES MAY (NOS. 25–26)
(No. 2:21-CV-811-TSZ) –3

159050051.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.      The specificity of any later requests should not be construed to limit the generality or reach of these requests.  Nor should the specificity of these requests be construed to limit the generality or reach of any later requests.

3.      In responding to these requests for production, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your present and former attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control. All Documents that respond, in whole or in part, to any portion of the requests below shall be produced in their entirety, including all attachments and enclosures.

4.      In producing the Documents and writings requested herein, produce them as kept in the ordinary course of business, in their original file folders, if any, or in lieu thereof, attach to the set of Documents produced from a given file a copy of all written or printed material on the original file folder. In addition, the Documents shall be produced in the same sequence as they are contained or found in the original file folder. The integrity and internal sequence of the requested Documents within each folder shall not be disturbed. Documents from one file folder should not be commingled with documents from any other file folder. Documents attached to each other should not be separated.

5.      If you withhold or redact any Document by reason of a claim of privilege, for each of those Documents provide a record in a privilege log containing: (i) a sequential number associated with each privilege log record; (ii) the date of the Document; (iii) the identity of the persons who authored, signed, or otherwise prepared the Document; (iv) the identity of all persons designated as addressees or copyees; (v) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (vi) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vii) the

PLAINTIFF'S SECOND SET OF RFPs TO
JAMES MAY (NOS. 25–26)
(No. 2:21-CV-811-TSZ) –4

159050051.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   Document Numbers corresponding to the first and last page of any withheld or redacted document,

2   if the document has been assigned any such document numbers.

3          6.     If any Document or Thing requested herein has been lost, discarded, or destroyed,

4   each such Document or Thing shall be identified as completely as possible, including, as to each

5   such Document or Thing, its date, general nature (e.g., letter memorandum, telegram, telex,

6   photograph, computer printout, etc.) subject matter, each author or originator, each Person

7   indicated as an addressee or copy recipient or known by you to have received a copy of the

8   Document or Thing, and its former custodian(s). In addition, as to each Document or Thing, the

9   following information shall be supplied: (a) date of disposal, loss, or destruction; (b) manner of

10  disposal, loss, or destruction; (c) the reason(s) for disposal or destruction or an explanation of loss;

11  (d) Persons authorizing the disposal or destruction; (e) Persons having knowledge of the disposal,

12  destruction, or loss; and (f) Persons who destroyed, lost, or disposed of the Document or Thing.

13         7.     Any Document request that refers to a specific Document, group of Documents, or

14  types of Documents within the request, and ask for production of Documents "relating to,"

15  "referring to," or "discussing," or otherwise related to such Document or Documents is to be

16  construed to require production of the specific Document or Documents so referenced in the

17  request except as otherwise noted.

18         8.     If you object to providing some, but not all, of the Documents and Things requested

19  by any Request, state the objection, describe the Document and Things that you are unwilling to

20  provide because of its objection, and describe and provide the Documents and Things that are not

21  subject to the objection.

22         9.     If no responsive Documents exist and reasonable search has been conducted for a

23  requested category of Documents, please so indicate.

24         10.    These requests for production of Documents require your ongoing supplementation

25  in accordance with Federal Rule of Civil Procedure 26(e).

26

PLAINTIFF'S SECOND SET OF RFPs TO
JAMES MAY (NOS. 25–26)
(No. 2:21-CV-811-TSZ) –5
159050051.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## REQUESTS FOR PRODUCTION

**REQUEST NO. 25:**

Produce copies of all programs that you attached or connected to *Destiny 2*, including but not limited to "reclass," "blah64.exe," and any modified version(s) of those programs that you created and/or used in connection with *Destiny 2* (e.g., "renamedreclass.exe")

**REQUEST NO. 26:**

Produce all documents reflecting or relating to the loader software that you downloaded from AimJunkies.com, including but not limited to a copy of the loader software, any instructions provided to consumers regarding the use of the loader software, and any documents or communications referring or relating to the use of the loader software in connection with the Cheat Software.

DATED this 9th day of December, 2022

By:   */s/Jacob P. Dini*
William C. Rava, WSBA No. 29948
Jacob P. Dini, WSBA No. 54115
Christian W. Marcelo, WSBA No. 51193
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  WRava@perkinscoie.com
          JDini@perkinscoie.com
          CMarcelo@perkinscoie.com

*Attorneys for Plaintiff Bungie, Inc.*

PLAINTIFF'S SECOND SET OF RFPs TO
JAMES MAY (NOS. 25–26)
(No. 2:21-CV-811-TSZ) –6
159050051.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that they served a true and correct copy of the foregoing Plaintiff's First Set of Requests for Production to Defendant James May (Nos. 25–26) to the following via the email addresses below:

> Philip P. Mann
> Mann Law Group PLLC
> 403 Madison Ave. N.
> Suite 240
> Bainbridge Island, WA 98110
> Telephone:  206.855.8839
> Facsimile:  866.341.5140
> Email: phil@mannlawgroup.com

EXECUTED at Seattle, Washington, on December 9, 2022.

*/s/Jacob P. Dini*
Jacob P. Dini

PLAINTIFF'S SECOND SET OF RFPs TO
JAMES MAY (NOS. 25–26)
(No. 2:21-CV-811-TSZ) –1

159050051.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

              Plaintiff,

    v.

AIMJUNKIES.COM; PHOENIX
DIGITAL GROUP LLC; DAVID
SCHAEFER; JORDAN GREEN;
JEFFREY CONWAY; and JAMES MAY,

              Defendants.

No. 2:21-cv-811-TSZ

**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 27–33) TO DEFENDANT JAMES MAY**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Bungie, Inc. ("Plaintiff" or "Bungie") hereby requests that Defendant James May produces for inspection and copying the documents and things within his possession, custody, or control falling within the scope of the requests set forth below within thirty (30) days from the date of service hereof, in accordance with the definitions and instructions below.  Please produce all responsive documents and things described herein within Mr. May's possession, custody, or control to the attention of William C. Rava at the law firm of Perkins Coie, LLP located at 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099.  These Requests are continuing.  As such, Mr. May must supplement his responses and produce additional responsive information in a timely manner in accordance with

PLAINTIFF'S THIRD SET OF RFPs TO
JAMES MAY (NOS. 27–33)
(No. 2:21-CV-811-TSZ) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

160180435.3

Federal Rule of Civil Procedure 26(e) as additional or corrective information comes to their counsel's attention.

### DEFINITIONS

The following definitions and instructions shall apply when responding to these requests for production:

1.  "Mr. May," "you," and "your" shall refer to Defendant James May.

2.  "Phoenix Digital" shall mean Phoenix Digital Group LLC and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

3.  "Defendants" shall refer collectively to Phoenix Digital, AimJunkies.com, David Schaefer, Jordan Green, Jeffrey Conway, and James May.

4.  "Bungie" or "Plaintiff" shall mean Bungie, Inc. and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

5.  "Cheat Software" shall mean the *Destiny 2* cheat software offered for sale on Defendants' website, AimJunkies.com.

6.  "Action" refers to the lawsuit filed in the U.S. District Court, Western District of Washington at Seattle, entitled *Bungie, Inc. v. AimJunkies.com, et al.*, Case No. 2:21-cv-811-TSZ, including without limitation all claims, counterclaims, and defenses asserted therein.

7.  "Document" and its plural shall mean anything that would be a writing or recording as defined in Rule 1001(1) of the Federal Rules of Evidence and/or falls within the scope of the term as defined in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which

PLAINTIFF'S THIRD SET OF RFPs TO
JAMES MAY (NOS. 27–33)
(No. 2:21-CV-811-TSZ) –2

160180435.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

8.    "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

9.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and encompasses every medium of information transmittal, including but not limited to written, graphic, and electronic communication.

10.    "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

11.    "Relate to" and "relating to" mean embodying, comprising, referring to, constituting, containing, consisting of, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter either directly or indirectly.

12.    "And" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive, as required by the context, to bring within the scope of these interrogatories any information which might be otherwise deemed outside their scope by any other construction.

13.    "Any" and "each" should be understood to encompass and include "all."

14.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

15.    Bungie's use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission by Bungie.

### INSTRUCTIONS

1.    These requests are to be answered separately and fully, in writing and under oath, within thirty (30) days of the date of service on you.

PLAINTIFF'S THIRD SET OF RFPs TO
JAMES MAY (NOS. 27–33)
(No. 2:21-CV-811-TSZ) –3

160180435.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2.      The specificity of any later requests should not be construed to limit the generality

2    or reach of these requests.  Nor should the specificity of these requests be construed to limit the

3    generality or reach of any later requests.

4

3.      In responding to these requests for production, you are required to furnish all

5    information that is available to you or subject to your reasonable inquiry, including information in

6    the possession of your present and former attorneys, accountants, advisors, representatives, agents,

7    employees, or other persons directly or indirectly employed by or connected with you, and anyone

8    else otherwise subject to your control. All Documents that respond, in whole or in part, to any

9    portion of the requests below shall be produced in their entirety, including all attachments and

10   enclosures.

11

4.      In producing the Documents and writings requested herein, produce them as kept

12   in the ordinary course of business, in their original file folders, if any, or in lieu thereof, attach to

13   the set of Documents produced from a given file a copy of all written or printed material on the

14   original file folder. In addition, the Documents shall be produced in the same sequence as they are

15   contained or found in the original file folder. The integrity and internal sequence of the requested

16   Documents within each folder shall not be disturbed. Documents from one file folder should not

17   be commingled with documents from any other file folder. Documents attached to each other

18   should not be separated.

19

5.      If you withhold or redact any Document by reason of a claim of privilege, for each

20   of those Documents provide a record in a privilege log containing: (i) a sequential number

21   associated with each privilege log record; (ii) the date of the Document; (iii) the identity of the

22   persons who authored, signed, or otherwise prepared the Document; (iv) the identity of all persons

23   designated as addressees or copyees; (v) a description of the contents of the document that, without

24   revealing information itself privileged or protected, is sufficient to understand the subject matter

25   of the document and the basis of the claim of privilege or immunity; (vi) the type or nature of the

26   privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vii) the

PLAINTIFF'S THIRD SET OF RFPs TO
JAMES MAY (NOS. 27–33)
(No. 2:21-CV-811-TSZ) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

160180435.3

Document Numbers corresponding to the first and last page of any withheld or redacted document, if the document has been assigned any such document numbers.

6.      If any Document or Thing requested herein has been lost, discarded, or destroyed, each such Document or Thing shall be identified as completely as possible, including, as to each such Document or Thing, its date, general nature (e.g., letter memorandum, telegram, telex, photograph, computer printout, etc.) subject matter, each author or originator, each Person indicated as an addressee or copy recipient or known by you to have received a copy of the Document or Thing, and its former custodian(s). In addition, as to each Document or Thing, the following information shall be supplied: (a) date of disposal, loss, or destruction; (b) manner of disposal, loss, or destruction; (c) the reason(s) for disposal or destruction or an explanation of loss; (d) Persons authorizing the disposal or destruction; (e) Persons having knowledge of the disposal, destruction, or loss; and (f) Persons who destroyed, lost, or disposed of the Document or Thing.

7.      Any Document request that refers to a specific Document, group of Documents, or types of Documents within the request, and ask for production of Documents "relating to," "referring to," or "discussing," or otherwise related to such Document or Documents is to be construed to require production of the specific Document or Documents so referenced in the request except as otherwise noted.

8.      If you object to providing some, but not all, of the Documents and Things requested by any Request, state the objection, describe the Document and Things that you are unwilling to provide because of its objection, and describe and provide the Documents and Things that are not subject to the objection.

9.      If no responsive Documents exist and reasonable search has been conducted for a requested category of Documents, please so indicate.

10.     These requests for production of Documents require your ongoing supplementation in accordance with Federal Rule of Civil Procedure 26(e).

1

**REQUESTS FOR PRODUCTION**

2

**REQUEST NO. 27:**

3

     All documents showing that Bungie downloaded any information from files on your

4

personal computer and/or external hard drive.

5

6

**REQUEST NO. 28:**

7

     All documents relating to any expenses incurred purchasing new computers and drives as

8

a result of Bungie's alleged access to your computer and/or external hard drive.

9

10

**REQUEST NO. 29:**

11

     Copies of all data and files generated and stored on your personal computer and/or

12

external hard drive that you claim were accessed by Bungie.

13

14

**REQUEST NO. 30:**

15

     All documents related to any technological measures that control access to your data and

16

files on your personal computer and/or external hard drive that you claim were circumvented by

17

Bungie.

18

19

**REQUEST NO. 31:**

20

     All documents showing that Bungie accessed any files on your personal computer and/or

21

external hard drive.

22

23

**REQUEST NO. 32:**

24

     All documents related to any act of circumvention that you allege Bungie performed to

25

access data and files on your personal computer and/or external hard drive.

26

PLAINTIFF'S THIRD SET OF RFPs TO
JAMES MAY (NOS. 27–33)
(No. 2:21-CV-811-TSZ) –6

160180435.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**REQUEST NO. 33:**

2

      All documents relating to all damages claimed by you in this Action.

3

4

DATED this 20th day of January, 2023

5

                                    By:  */s/Jacob P. Dini*

6

                                    William C. Rava, WSBA No. 29948

Jacob P. Dini, WSBA No. 54115

7

                                    Christian W. Marcelo, WSBA No. 51193

**Perkins Coie LLP**

8

                                    1201 Third Avenue, Suite 4900

Seattle, WA  98101-3099

9

                                    Telephone:  206.359.8000

Facsimile:  206.359.9000

10

                                    Email:  WRava@perkinscoie.com

11

                                                JDini@perkinscoie.com

                                              CMarcelo@perkinscoie.com

12

                                    *Attorneys for Plaintiff Bungie, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S THIRD SET OF RFPs TO
JAMES MAY (NOS. 27–33)
(No. 2:21-CV-811-TSZ) –7

160180435.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

## **CERTIFICATE OF SERVICE**

4
      The undersigned hereby certifies that they served a true and correct copy of the foregoing

5
Plaintiff's First Set of Requests for Production to Defendant James May (Nos. 27–33) to the

6
following via the email addresses below:

7
         Philip P. Mann
         Mann Law Group PLLC
8
         403 Madison Ave. N.
         Suite 240
9
         Bainbridge Island, WA 98110
         Telephone:  206.855.8839
10
         Facsimile:  866.341.5140
         Email: phil@mannlawgroup.com

11

12
      EXECUTED at Seattle, Washington, on January 20, 2023.

13

14
                              */s/Jacob P. Dini*
                              Jacob P. Dini
15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S THIRD SET OF RFPs TO
JAMES MAY (NOS. 27–33)
(No. 2:21-CV-811-TSZ) –1

160180435.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

             Plaintiff,

   v.

AIMJUNKIES.COM; PHOENIX
DIGITAL GROUP LLC; DAVID
SCHAEFER; JORDAN GREEN;
JEFFREY CONWAY; and JAMES MAY,

             Defendants.

No. 2:21-cv-811-TSZ

**PLAINTIFF'S SECOND SET OF
INTERROGATORIES (NOS. 6-8) TO
DEFENDANT JAMES MAY**

       Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Bungie, Inc. ("Plaintiff" or "Bungie") hereby requests that Defendant James May respond to the following interrogatories in writing within thirty (30) days from the date of service.

## **DEFINITIONS**

       The following definitions and instructions shall apply when responding to these requests for production:

       1.     Mr. May," "you," and "your" shall refer to Defendant James May.

       2.     "Phoenix Digital" shall mean Phoenix Digital Group LLC and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants,

PLAINTIFF'S SECOND SET OF ROGs TO
JAMES MAY (NOS. 6–8)
(No. 2:21-CV-811-TSZ) –1

160181019.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

3.      "Defendants" shall refer collectively to Phoenix Digital, AimJunkies.com, David Schaefer, Jordan Green, Jeffrey Conway, and James May.

4.      "Bungie" or "Plaintiff" shall mean Bungie, Inc. and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

5.      "Cheat Software" shall mean the Destiny 2 cheat software offered for sale on Defendants' website, AimJunkies.com.

6.      "Action" refers to the lawsuit filed in the U.S. District Court, Western District of Washington at Seattle, entitled *Bungie, Inc. v. AimJunkies.com, et al.*, Case No. 2:21-cv-811-TSZ, including without limitation all claims, counterclaims, and defenses asserted therein.

7.      "Document" and its plural shall mean anything that would be a writing or recording as defined in Rule 1001(1) of the Federal Rules of Evidence and/or falls within the scope of the term as defined in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

8.      "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and encompasses every medium of information transmittal, including but not limited to written, graphic, and electronic communication.

PLAINTIFF'S SECOND SET OF ROGs TO
JAMES MAY (NOS. 6–8)
(No. 2:21-CV-811-TSZ) –2

160181019.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

10.     "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

11.     "Relate to" and "relating to" mean embodying, comprising, referring to, constituting, containing, consisting of, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter either directly or indirectly.

12.     "And" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive, as required by the context, to bring within the scope of these interrogatories any information which might be otherwise deemed outside their scope by any other construction.

13.     "Any" and "each" should be understood to encompass and include "all."

14.     Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

15.     Bungie's use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission by Bungie.

## **INSTRUCTIONS**

1.     Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

2.     You must serve the original answers to the interrogatories on Bungie's counsel within thirty (30) days after the interrogatories are served.

3.     When an interrogatory relates to more than one person or subject, it must be answered as to each such person or subject separately.

4.     Any objection to the interrogatories must be signed by the attorney making the objection.  The objecting party must state the reasons for the objection with specificity and must answer any portion of the interrogatory to which there is no objection.

PLAINTIFF'S SECOND SET OF ROGs TO
JAMES MAY (NOS. 6–8)
(No. 2:21-CV-811-TSZ) –3

160181019.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1      5.      You must furnish all information available to you as of the date of its answers to

2  these interrogatories.  If you are unable to answer any of the interrogatories fully and completely,

3  after exercising due diligence to secure the information necessary to make such full and complete

4  answers, so state, and answer each such interrogatory to the fullest extent possible, specifying the

5  extent of your knowledge and your inability to answer the remainder, setting forth whatever

6  information or knowledge you may have concerning the unanswered portions and the efforts made

7  to obtain the requested information.

8      6.      Whenever you are asked to identify or state the identity of a person, please state:

9  (a) the person's full name; (b) the person's current or last known e-mail address; (c) the person's

10  current business address or last known home and business address; (d) the person's current

11  business telephone number or last known home and business telephone numbers; (e) last known

12  employer; (f) last known title or occupation; and (g) if the person's present whereabouts are

13  unknown, state all information known to you that reasonably may be helpful in locating the person,

14  including but not limited to social media username(s).

15      7.      Whenever you are asked to identify or state the identity of a document (whether or

16  not any claim of privilege is made in respect thereof), please state:  (a) the type of document; (b)

17  the date of creation of the document; (c) the date of communication of the document; (d) the names

18  and identities of the individuals who drafted, authored, or signed the document or a copy thereof

19  was addressed or sent; (e) a summary of the subject matter of the document; (f) the number of

20  pages of the document; (g) the present whereabouts of the document, including without limitation

21  all originals and copies; and (h) the name and address of the present or last-known custodian of

22  the document.

23      8.      These interrogatories call for all information (including information contained in

24  any document or writing) that is known or available to you, including all information in the

25  possession of or available to your attorneys, agents, representatives, any investigators, or any other

26  person acting on behalf of or under the direction or control of you or your attorneys or agents.

PLAINTIFF'S SECOND SET OF ROGs TO
JAMES MAY (NOS. 6–8)
(No. 2:21-CV-811-TSZ) –4

160181019.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

9.      If you withhold information responsive, in whole or in part, to any interrogatory on the basis of privilege or immunity from discovery, identify:  (a) the privilege or immunity asserted; (b) all documents or things which contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) a sufficient description of the information to enable Bungie to assess the applicability of the asserted privilege.

10.      If you object to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

11.      If the answer to an interrogatory requests identification of documents and you are aware that a document or thing, or a group of documents or things, once existed but has been destroyed, then state when the document, thing, or group of documents or things was destroyed, who destroyed it, why it was destroyed, and the circumstances under which it was destroyed.

12.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a duty to promptly amend its responses to these interrogatories if you learn that an answer is incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response to change between the time responses are served and the time of trial, you must state this fact in each response.

## **INTERROGATORIES**

### **INTERROGATORY NO. 6:**

Identify and describe each and every technological measure that you allege Bungie circumvented to access any data and files generated and stored on your computer and/or external hard drive.

### **INTERROGATORY NO. 7:**

Identify each file that you allege Bungie downloaded or accessed on your computer, including but not limited to the author of each file and how you obtained the file.

PLAINTIFF'S SECOND SET OF ROGs TO
JAMES MAY (NOS. 6–8)
(No. 2:21-CV-811-TSZ) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

160181019.2

1

2    **<u>INTERROGATORY NO. 8:</u>**

3           Calculate and provide the basis for each category of your alleged damages, specifying

4    how you reached those calculations, including but not limited to the fair value of your time.

5

6

7    DATED this 20th day of January, 2023

8                                                          By:  */s/Jacob P. Dini*
                                                          William C. Rava, WSBA No. 29948
9                                                         Christian W. Marcelo, WSBA No. 51193
                                                          Jacob P. Dini, WSBA No. 54115
10                                                        **Perkins Coie LLP**
                                                          1201 Third Avenue, Suite 4900
11                                                        Seattle, WA  98101-3099
                                                          Telephone:  206.359.8000
12                                                        Facsimile:  206.359.9000
                                                          Email:  WRava@perkinscoie.com
13                                                                  JDini@perkinscoie.com

14                                                        *Attorneys for Plaintiff Bungie, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S SECOND SET OF ROGs TO                              **Perkins Coie LLP**
JAMES MAY (NOS. 6–8)                                    1201 Third Avenue, Suite 4900
(No. 2:21-CV-811-TSZ) –6                                   Seattle, WA  98101-3099
                                                           Phone:  206.359.8000
160181019.2                                                 Fax:  206.359.9000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that they served a true and correct copy of the foregoing

Plaintiff's Second Set of Interrogatories to James May (Nos. 6–8) to the following via the email

address below:

> Philip P. Mann
> Mann Law Group PLLC
> 403 Madison Ave. N.
> Suite 240
> Bainbridge Island, WA 98110
> Telephone:  206.855.8839
> Facsimile:  866.341.5140
> Email: phil@mannlawgroup.com

**I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on January 20, 2023.

By:  */s/Jacob P. Dini*
Jacob P. Dini

CERTIFICATE OF SERVICE
(No. 2:21-CV-811-TSZ) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

160181019.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

                     Plaintiff,

        v.

AIMJUNKIES.COM; PHOENIX
DIGITAL GROUP LLC; DAVID
SCHAEFER; JORDAN GREEN;
JEFFREY CONWAY; and JAMES MAY,

                     Defendants.

No. 2:21-cv-811-TSZ

## PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 46–57) TO DEFENDANT PHOENIX DIGITAL GROUP, LLC

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Bungie, Inc. ("Plaintiff" or "Bungie") hereby requests that Defendant Phoenix Digital Group, LLC ("Phoenix Digital") produces for inspection and copying the documents and things within his possession, custody, or control falling within the scope of the requests set forth below within thirty (30) days from the date of service hereof, in accordance with the definitions and instructions below.  Please produce all responsive documents and things described herein within Phoenix Digital's possession, custody, or control to the attention of William C. Rava at the law firm of Perkins Coie, LLP located at 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099.  These Requests are continuing.  As such, Phoenix Digital must supplement its responses and produce additional

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 1

160180692.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

responsive information in a timely manner in accordance with Federal Rule of Civil Procedure 26(e) as additional or corrective information comes to their counsel's attention.

**DEFINITIONS**

The following definitions and instructions shall apply when responding to these requests for production:

1. "Phoenix Digital" shall mean Phoenix Digital Group LLC and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

2. "Defendants" shall refer collectively to Phoenix Digital, AimJunkies.com, David Schaefer, Jordan Green, Jeffrey Conway, and James May.

3. "Bungie" or "Plaintiff" shall mean Bungie, Inc. and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

4. "Cheat Software" shall mean the *Destiny 2* cheat software offered for sale on Defendants' website, AimJunkies.com.

5. "Action" refers to the lawsuit filed in the U.S. District Court, Western District of Washington at Seattle, entitled *Bungie, Inc. v. AimJunkies.com, et al.*, Case No. 2:21-cv-811-TSZ, including without limitation all claims, counterclaims, and defenses asserted therein.

6. "Document" and its plural shall mean anything that would be a writing or recording as defined in Rule 1001(1) of the Federal Rules of Evidence and/or falls within the scope of the term as defined in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 2

160180692.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

7.      "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and encompasses every medium of information transmittal, including but not limited to written, graphic, and electronic communication.

9.      "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

10.     "Relate to" and "relating to" mean embodying, comprising, referring to, constituting, containing, consisting of, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter either directly or indirectly.

11.     "And" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive, as required by the context, to bring within the scope of these interrogatories any information which might be otherwise deemed outside their scope by any other construction.

12.     "Any" and "each" should be understood to encompass and include "all."

13.     Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

14.     Bungie's use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission by Bungie.

## INSTRUCTIONS

1.      These requests are to be answered separately and fully, in writing and under oath, within thirty (30) days of the date of service on you.

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 3

160180692.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.      The specificity of any later requests should not be construed to limit the generality or reach of these requests.  Nor should the specificity of these requests be construed to limit the generality or reach of any later requests.

3.      In responding to these requests for production, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your present and former attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control. All Documents that respond, in whole or in part, to any portion of the requests below shall be produced in their entirety, including all attachments and enclosures.

4.      In producing the Documents and writings requested herein, produce them as kept in the ordinary course of business, in their original file folders, if any, or in lieu thereof, attach to the set of Documents produced from a given file a copy of all written or printed material on the original file folder. In addition, the Documents shall be produced in the same sequence as they are contained or found in the original file folder. The integrity and internal sequence of the requested Documents within each folder shall not be disturbed. Documents from one file folder should not be commingled with documents from any other file folder. Documents attached to each other should not be separated.

5.      If you withhold or redact any Document by reason of a claim of privilege, for each of those Documents provide a record in a privilege log containing: (i) a sequential number associated with each privilege log record; (ii) the date of the Document; (iii) the identity of the persons who authored, signed, or otherwise prepared the Document; (iv) the identity of all persons designated as addressees or copyees; (v) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (vi) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vii) the

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 4

160180692.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Document Numbers corresponding to the first and last page of any withheld or redacted document, if the document has been assigned any such document numbers.

6.      If any Document or Thing requested herein has been lost, discarded, or destroyed, each such Document or Thing shall be identified as completely as possible, including, as to each such Document or Thing, its date, general nature (e.g., letter memorandum, telegram, telex, photograph, computer printout, etc.) subject matter, each author or originator, each Person indicated as an addressee or copy recipient or known by you to have received a copy of the Document or Thing, and its former custodian(s). In addition, as to each Document or Thing, the following information shall be supplied: (a) date of disposal, loss, or destruction; (b) manner of disposal, loss, or destruction; (c) the reason(s) for disposal or destruction or an explanation of loss; (d) Persons authorizing the disposal or destruction; (e) Persons having knowledge of the disposal, destruction, or loss; and (f) Persons who destroyed, lost, or disposed of the Document or Thing.

7.      Any Document request that refers to a specific Document, group of Documents, or types of Documents within the request, and ask for production of Documents "relating to," "referring to," or "discussing," or otherwise related to such Document or Documents is to be construed to require production of the specific Document or Documents so referenced in the request except as otherwise noted.

8.      If you object to providing some, but not all, of the Documents and Things requested by any Request, state the objection, describe the Document and Things that you are unwilling to provide because of its objection, and describe and provide the Documents and Things that are not subject to the objection.

9.      If no responsive Documents exist and reasonable search has been conducted for a requested category of Documents, please so indicate.

10.      These requests for production of Documents require your ongoing supplementation in accordance with Federal Rule of Civil Procedure 26(e).

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 5

160180692.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 46:**

All documents showing that the AimJunkies.com Terms of Service described in paragraph 64 of the Amended Counterclaims were put in place on July 22, 2015, and were in place on or about January 3, 2021.

**REQUEST NO. 47:**

All documents showing that Bungie tested, decompiled, reverse engineered, or otherwise inspected the internal workings of the Cheat Software and/or loader software.

**REQUEST NO. 48:**

All documents relating to all damages claimed by you as a result of Bungie's alleged breach of the AimJunkies.com Terms of Service.

**REQUEST NO. 49:**

Copies of all Phoenix Digital programs, including but not limited to the loader software, allegedly accessed by Bungie.

**REQUEST NO. 50:**

All documents related to any technological measures that control access to Phoenix Digital's programs, including but not limited to the loader software, allegedly accessed by Bungie.

**REQUEST NO. 51:**

All documents showing that Bungie accessed any Phoenix Digital programs, including but not limited to the loader software.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2   **REQUEST NO. 52:**

3          All documents related to any act of circumvention that Phoenix Digital alleges Bungie

4   performed to access Phoenix Digital programs, including but not limited to the loader software.

5

6   **REQUEST NO. 53:**

7          All documents related to Phoenix Digital's ownership of any programs that Bungie

8   allegedly accessed, including but not limited to the loader software.

9

10  **REQUEST NO. 54:**

11         All documents related to any transfer of ownership of any programs that Bungie

12  accessed, including but not limited to the loader software, to Phoenix Digital.

13

14  **REQUEST NO. 55:**

15         All communications with the creator and/or author of the loader software, including but

16  not limited to Whitewater, about the loader software.

17

18  **REQUEST NO. 56:**

19         All documents relating to all damages claimed by you in this Action.

20

21  **REQUEST NO. 57:**

22         All documents relating to the fair market value of Phoenix Digital's AimJunkies.com

23  website both before and after the fair market value was allegedly harmed by Bungie's acts

24  alleged in the Amended Counterclaims.

25

26

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 7

160180692.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

DATED this 20th day of January, 2023

2

By: /s/Jacob P. Dini

William C. Rava, WSBA No. 29948

3

Jacob P. Dini, WSBA No. 54115

Christian W. Marcelo, WSBA No. 51193

4

**Perkins Coie LLP**

1201 Third Avenue, Suite 4900

5

Seattle, WA  98101-3099

6

Telephone:  206.359.8000

Facsimile:  206.359.9000

7

Email:  WRava@perkinscoie.com

JDini@perkinscoie.com

8

CMarcelo@perkinscoie.com

9

*Attorneys for Plaintiff Bungie, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 8

160180692.2

1

2

3
## CERTIFICATE OF SERVICE

4
    The undersigned hereby certifies that they served a true and correct copy of the foregoing

5
Plaintiff's Fourth Set of Requests for Production to Phoenix Digital (Nos. 46–57) to the following

6
via the email addresses below:

7
        Philip P. Mann
        Mann Law Group PLLC
8        403 Madison Ave. N.
        Suite 240
9        Bainbridge Island, WA 98110
        Telephone:  206.855.8839
10        Facsimile:  866.341.5140
        Email: phil@mannlawgroup.com

11

12

13
    EXECUTED at Seattle, Washington, on January 20, 2023.

14

15

16        _/s/Jacob P. Dini_____
        Jacob P. Dini

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FOURTH SET OF RFPs TO
PHOENIX DIGITAL (NOS. 46–57)
(No. 2:21-CV-811-TSZ) – 1

160180692.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1        THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8                     AT SEATTLE

9    BUNGIE, INC.,                           No. 2:21-cv-811-TSZ

10                 Plaintiff,

11        v.

12   AIMJUNKIES.COM; PHOENIX
     DIGITAL GROUP LLC; DAVID
13   SCHAEFER; JORDAN GREEN;
     JEFFREY CONWAY; and JAMES MAY,
14

15                 Defendants.

16

17   **PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 8–10) TO**
     **DEFENDANT PHOENIX DIGITAL GROUP LLC**

18        Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Bungie, Inc. ("Plaintiff"

19   or "Bungie") hereby requests that Defendant Phoenix Digital Group LLC ("Phoenix Digital")

20   responds to the following interrogatories in writing within thirty (30) days from the date of

21   service.

22                          **DEFINITIONS**

23        The following definitions and instructions shall apply when responding to these requests

24   for production:

25        1.    "Phoenix Digital" shall mean Phoenix Digital Group LLC and any of its present

26   and former directors, officers, employees, parent organizations, subsidiary organizations,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

2.      "Defendants" shall refer collectively to Phoenix Digital, AimJunkies.com, David Schaefer, Jordan Green, Jeffrey Conway, and James May.

3.      "Bungie" or "Plaintiff" shall mean Bungie, Inc. and any of its present and former directors, officers, employees, parent organizations, subsidiary organizations, predecessors in interest, successors in interest, partners, associates, agents, consultants, representatives, and any other person or entity action on its behalf, under its authority, or subject to its control.

4.      "Cheat Software" shall mean the Destiny 2 cheat software offered for sale on Defendants' website, AimJunkies.com.

5.      "Action" refers to the lawsuit filed in the U.S. District Court, Western District of Washington at Seattle, entitled *Bungie, Inc. v. AimJunkies.com, et al.*, Case No. 2:21-cv-811-TSZ, including without limitation all claims, counterclaims, and defenses asserted therein.

6.      "Document" and its plural shall mean anything that would be a writing or recording as defined in Rule 1001(1) of the Federal Rules of Evidence and/or falls within the scope of the term as defined in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

7.      "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and encompasses every medium of information transmittal, including but not limited to written, graphic, and electronic communication.

PLAINTIFF'S SECOND SET OF ROGs TO
PHOENIX DIGITAL (NOS. 8–10)
(No. 2:21-CV-811-TSZ) –2

160181285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

9.      "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

10.     "Relate to" and "relating to" mean embodying, comprising, referring to, constituting, containing, consisting of, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter either directly or indirectly.

11.     "And" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive, as required by the context, to bring within the scope of these interrogatories any information which might be otherwise deemed outside their scope by any other construction.

12.     "Any" and "each" should be understood to encompass and include "all."

13.     Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

14.     Bungie's use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission by Bungie.

## **INSTRUCTIONS**

1.      Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

2.      Phoenix Digital must serve the original answers to the interrogatories on Bungie's counsel within thirty (30) days after the interrogatories are served.

3.      When an interrogatory relates to more than one person or subject, it must be answered as to each such person or subject separately.

4.      Any objection to the interrogatories must be signed by the attorney making the objection.  The objecting party must state the reasons for the objection with specificity and must answer any portion of the interrogatory to which there is no objection.

PLAINTIFF'S SECOND SET OF ROGs TO
PHOENIX DIGITAL (NOS. 8–10)
(No. 2:21-CV-811-TSZ) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

160181285.2

5.     Phoenix Digital must furnish all information available to it as of the date of its answers to these interrogatories.  If Phoenix Digital is unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of Phoenix Digital's knowledge and Phoenix Digital's inability to answer the remainder, setting forth whatever information or knowledge Phoenix Digital may have concerning the unanswered portions and the efforts made to obtain the requested information.

6.     Whenever Phoenix Digital is asked to identify or state the identity of a person, please state:  (a) the person's full name; (b) the person's current or last known e-mail address; (c) the person's current business address or last known home and business address; (d) the person's current business telephone number or last known home and business telephone numbers; (e) last known employer; (f) last known title or occupation; and (g) if the person's name, present whereabouts, and/or contact information are unknown, state all information known to Phoenix Digital that reasonably may be helpful in locating and contacting the person, including but not limited to social media username(s), screenname(s), other online handle(s), and Discord username(s) and/or server(s).

7.     Whenever Phoenix Digital is asked to identify or state the identity of a document (whether or not any claim of privilege is made in respect thereof), please state:  (a) the type of document; (b) the date of creation of the document; (c) the date of communication of the document; (d) the names and identities of the individuals who drafted, authored, or signed the document or a copy thereof was addressed or sent; (e) a summary of the subject matter of the document; (f) the number of pages of the document; (g) the present whereabouts of the document, including without limitation all originals and copies; and (h) the name and address of the present or last-known custodian of the document.

8.     These interrogatories call for all information (including information contained in any document or writing) that is known or available to Phoenix Digital, including all information

PLAINTIFF'S SECOND SET OF ROGs TO
PHOENIX DIGITAL (NOS. 8–10)
(No. 2:21-CV-811-TSZ) –4

160181285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

in the possession of or available to Phoenix Digital's attorneys, agents, representatives, any investigators, or any other person acting on behalf of or under the direction or control of Phoenix Digital or its attorneys or agents.

9.      If Phoenix Digital withholds information responsive, in whole or in part, to any interrogatory on the basis of privilege or immunity from discovery, identify:  (a) the privilege or immunity asserted; (b) all documents or things which contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) a sufficient description of the information to enable Bungie to assess the applicability of the asserted privilege.

10.      If Phoenix Digital objects to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

11.      If the answer to an interrogatory requests identification of documents and Phoenix Digital is aware that a document or thing, or a group of documents or things, once existed but has been destroyed, then state when the document, thing, or group of documents or things was destroyed, who destroyed it, why it was destroyed, and the circumstances under which it was destroyed.

12.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Phoenix Digital is under a duty to promptly amend its responses to these interrogatories if it learns that an answer is incomplete or incorrect.  If Phoenix Digital expects to obtain further information or expects the accuracy of a response to change between the time responses are served and the time of trial, Phoenix Digital must state this fact in each response.

## **INTERROGATORIES**

### **INTERROGATORY NO. 8:**

Identify each and every Phoenix Digital program that Phoenix Digital alleges Bungie accessed through circumvention of technological measures, including but not limited to the author of each program and how Phoenix Digital obtained the program.

PLAINTIFF'S SECOND SET OF ROGs TO
PHOENIX DIGITAL (NOS. 8–10)
(No. 2:21-CV-811-TSZ) –5

160181285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**INTERROGATORY NO. 9:**

Identify and describe each and every technological measure that Phoenix Digital alleges Bungie circumvented to access any Phoenix Digital programs, including but not limited to the loader software.

**INTERROGATORY NO. 10:**

Calculate and provide the basis for each category of Phoenix Digital's alleged damages, specifying how Phoenix Digital reached those calculations.

DATED this 20th day of January, 2023

By:  */s/Jacob P. Dini*
William C. Rava, WSBA No. 29948
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  WRava@perkinscoie.com
          JDini@perkinscoie.com

*Attorneys for Plaintiff Bungie, Inc.*

PLAINTIFF'S SECOND SET OF ROGs TO
PHOENIX DIGITAL (NOS. 8–10)
(No. 2:21-CV-811-TSZ) –6

160181285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2                    **<u>CERTIFICATE OF SERVICE</u>**

3          The undersigned hereby certifies that they served a true and correct copy of the foregoing

3    Plaintiff's Second Set of Interrogatories to Phoenix Digital (Nos. 8–10) to the following via the

4    email address below:

5

6          Philip P. Mann
           Mann Law Group PLLC
7          403 Madison Ave. N.
           Suite 240
8          Bainbridge Island, WA 98110
           Telephone:  206.855.8839
9          Facsimile:  866.341.5140
           Email: phil@mannlawgroup.com

10

11

12                              */s/Jacob P. Dini*
                                Jacob P. Dini

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:21-CV-811-TSZ) –1

160181285.2