THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD AND DIRECT ENTRY OF JUDGMENT**<br><br>**Note on Motion Calendar:**<br>**March 3, 2023** |

Defendants hereby oppose Bungie Inc.' Motion to Confirm Arbitration Award and Direct Entry of Judgment for two reasons. *First,* under clear Supreme Court precedent, this Court lacks jurisdiction to provide the relief Bungie seeks. *Second,* Bungie's Motion is premature under both the Federal Arbitration Act, 9 U.S.C. § 12, and the Washington State Uniform Arbitration Act, RCW 7.04A.230.

## I. INTRODUCTION

Bungie seeks confirmation of a $4 Million arbitration award based on Defendants' *de minimis* distribution and sales of supposed "cheat software" that (1) Defendants promptly and voluntarily removed from their product list immediately after receiving a "cease and desist" letter from Bungie, and that (2) as confirmed by Bungie's own damages expert, had overall gross sales of approximately $40,000. Defendants are well aware of the available grounds for challenging an arbitrator's award. A challenge to this award is clearly available and will be

Response to Motion To Confirm
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

the subject of a proper motion made by Defendants in a proper proceeding before a proper court. In particular, the award itself, and more importantly the Arbitrator's clear failure to follow the very rules mandated by JAMS itself, evidence either clear bias on the part of the Arbitrator or negligent failure of the Arbitrator to know the very rules he was obligated to follow. Again, such will be the subject of a formal motion to vacate to be filed by Defendants in due course and within the timelines specified by 9 U.S.C. § 12, and RCW 7.04A.230.

## II     ARGUMENT

**A.     This Court Lacks Jurisdiction To Confirm The Arbitration Award**

Unlike in most situations wherein a separate action is filed to confirm an arbitration award, Bungie dispenses with the formalities of establishing jurisdiction, effecting service, allotting proper time for answer,   etc., and simply brings its motion in this existing case. Under clear Supreme Court precedent, Bungie cannot properly do this, and this Court risks engaging in reversible error should it accede to Bungie's antics.

This case is based on an original Complaint (Dkt#1) filed June 15, 2021, and an Amended Complaint (Dkt#34) filed May 29, 2023. In each of these complaints, Bungie's alleges "federal question" as the *sole* basis for establishing the subject matter jurisdiction of this Court. (See, Dkt#1, ¶12, Dkt#34, ¶19.) In particular, and with respect to its Amended Complaint, Bungie alleges that, "This Court has subject matter jurisdiction over Bungie's claims for violations of the Copyright Act and the Lanham Act pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 338(a)." (Dkt#34, ¶19.) As a matter of law, this is insufficient to establish subject matter jurisdiction of this Court over Bungie's effort to confirm the arbitration award.

In the recent Supreme Court case of *Badgerow v. Walters,* 142 S. Ct. 1310 (2022) the Supreme Court resolved a conflict among the circuits and clearly held and established that, federal jurisdiction to confirm or vacate an arbitration award *must* exist independent of the underlying controversy, and it is not sufficient for federal jurisdiction that the underlying claim the parties arbitrated arose under federal law. In particular, the Supreme Court

Response to Motion To Confirm
Cause No. 21-CV-0811-TSZ                                     Page 2

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

expressly rejected the prior "look through" approach, wherein a court "looked through" a pleading to determine whether it was based on a federal question and, instead, required that an action seeking relief under 9 U.S.C. § 9 requires that separate jurisdictional grounds be both pleaded and established.  Here, the sole basis actually pleaded in either Bungie's original Complaint or Amended Complaint is *only* that its claims arise under federal law.  Under the holding in *Badgerow,* this is insufficient.  Accordingly, this Court lacks subject matter jurisdiction to consider Bungie's motion brought under 9 U.S.C. § 9.  *See, Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus,* 608 F.2d 1247, 1249 (9th Cir.1979)) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")

Bungie should either file a separate action in this Court properly establishing federal jurisdiction or should file such an action in the Superior Court for the State of Washington, King County, as Bungie's own "Limited Software License Agreement" so provides.  Bungie's attempt to short-circuit proceedings by "piggy-backing" onto this action, wherein the sole basis for claiming and establishing subject matter jurisdiction is "federal question," should be seen for the procedural short cut that it is and should be rejected.

**B.     Bungie's Motion is Premature**

**1.     Defendants' Deadline For Moving To Vacate The Final Arbitration Award Is Nowhere Near**

The subject Final Arbitration Award was issued February 2, 2023.  Under 9 U.S.C. § 12, Defendants have three months, i.e., until May 2, 2023, to file an action to vacate the award.  We are nowhere near that deadline, and Bungie cannot properly shorten that deadline by filing a hurried motion to confirm the award.  Indeed, 9 U.S.C. § 9, expressly provides that Bungie may file a motion to confirm, "at any time within one year after the award is made any party to the arbitration."  Again, we are nowhere near that deadline either.  Bungie is clearly attempting to get Defendants over a barrel and deny them their rights by improperly seeking to avoid the applicable timetable by filing its motion in this pre-existing case.

Response to Motion To Confirm
Cause No. 21-CV-0811-TSZ                     Page 3

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

Defendants intend to file an action to vacate the Final Arbitration Award in the proper forum, namely the Superior Court for the State of Washington, County of King, well before the three month deadline set by 9 U.S.C. § 12. This Court cannot properly short-circuit Defendants' rights by granting Bungie's motion in this case where proper subject matter jurisdiction has neither been pleaded nor established.

**3.    Substantive Grounds For Vacating The Final Arbitration Award Exist**

Defendants' planned motion to vacate the Final Arbitration Award under both 9 U.S.C. § 10, and RCW 7.04A.230 is based on solid grounds and will neither be frivolous nor for purposes of delay. While this is not the appropriate place to raise and consider the merits of the motion to vacate, the motion will be based at least on the following substantive ground:

The Arbitrator, retired Judge Ronald Cox, in opposition to Defendants' assertion that the arbitration be treated as a "consumer" arbitration, ruled in favor of Bungie, and on une 20, 2022 issued an order that, "The JAMS Comprehensive Arbitration Rules & Procedures shall apply in this proceeding." (Arbitration Scheduling Order No. 1 dated June 20, 2022.)

During the arbitration hearing, and at the very start of Defendants' cross-examination of Bungie's principal witness, Dr. Edward Kaiser, Arbitrator Cox sustained Bungie's objection that Defendants could not use Dr. Kaiser's earlier deposition testimony during the cross-examination. Judge Cox improperly sustained the objection on the purported ground that that deposition was taken in conjunction with this case now pending in this Court, rather than pursuant to a deposition notice captioned with the arbitration proceeding. Not only was Bungie's representation a blatant refutation of an earlier agreement between Bungie and Defendants' counsel that *all* discovery taken in this case could be used in the arbitration and vice versa, Judge Cox sustained the objection without even permitting Defendants' counsel an opportunity to speak or otherwise rebut the objection. The net effect of this was to deny Defendants an opportunity to conduct a meaningful cross-examination, to impeach Dr. Kaiser with prior inconsistent deposition testimony and to point out the very serious, relevant and blatant inconsistencies in Dr. Kaiser's deposition testimony versus his entirely different

Response to Motion To Confirm
Cause No. 21-CV-0811-TSZ                  Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

testimony at the hearing.  This, of course, goes directly to Dr. Kaiser's credibility and is material in that Judge Cox, in his arbitration award, makes specific reference to Dr. Kaiser's supposed credibility.

Not only did Judge Cox blindly accept Bungie's misrepresentation regarding the inadmissibility of Dr. Kaiser's deposition testimony at the arbitration hearing, his doing so is in *direct violation* of the very " JAMS Comprehensive Arbitration Rules & Procedures" that, at Bungie's behest, Judge Cox ordered "shall apply in this proceeding."  In particular, Rule 22 (e) of the JAMS Comprehensive Rules which governs, "The Arbitration Hearing," express provides that, "The Arbitrator *shall receive and consider* relevant deposition testimony recorded by transcript or videotape, provided that the other Parties have had the opportunity to attend and cross-examine."[1]  (Emphasis supplied.)  This language is non discretionary and mandates that the Arbitrator "shall receive and consider" the very deposition testimony he improperly excluded at Bungie's fraudulent behest.  Judge Cox had no authority to sustain Bungie's objection and deny Defendants their opportunity to conduct a meaningful and effective cross-examination.  His blind acceptance of Bungie's baseless objection, combined with his blatant failure *to follow the very rules of the organization that engages him and that he, himself, ordered apply during the arbitration,* demonstrate  either clear bias or indifference to his contractual obligations on the part of Judge Cox.

The failure of Judge Cox to follow the mandates of the very rules he ordered would apply in the arbitration is a recognized ground for vacating an arbitration award.  Defendants relied on the arbitration contract provided by both JAMS and Judge Cox and had every right to believe that the rules and procedures published by JAMS and made part of the arbitration contract would, in fact, be followed.  Again, the applicable JAMS rule, with the clear and direct language, "shall receive and consider," is non discretionary, and Defendants' counsel had every right to believe and expect that Dr. Kaiser's prior, inconsistent deposition testimony

---

[1] There is and can be no dispute that Dr. Kaiser was represented at his deposition by the very counsel that represented Bungie at the arbitration hearing and that the did, in fact, "attend and cross-examine."

Response to Motion To Confirm
Cause No. 21-CV-0811-TSZ                                     Page 5

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

would be received and considered during the cross-examination of Dr. Kaiser. Judge Cox's blatant failure to follow the clear JAMS rule, and his ill-considered acceptance of the misrepresentation Bungie made during its objection, materially affected and tainted the hearing and Final Arbitration Award, particular given Judge Cox's express finding that he found Dr. Kaiser's hearing testimony, "credible."

### 3. Defendants' Right To Prepare And File A Proper Motion To Vacate In The Proper Court Should Not Be Curtailed

Defendants' rights Under 9 U.S.C. § 12 to file a motion to vacate should not, and must not, be compromised by Bungie's rush to file this motion to confirm. Indeed, such a rush on the part of Bungie is likely why Bungie filed its motion in this proceeding rather than file a proper action in a separate proceeding that would involve, among other things, establishing proper subject matter jurisdiction of the court. Defendants need adequate time to prepare a properly supported motion to vacate and to initiate an action to do so in the appropriate court, and Defendants' statutorily provided three month period for doing so should not, and must not, be circumvented by the procedural chicanery Bungie engages in here.

### CONCLUSION

For all the foregoing reasons, this Court should deny Bungie's motion as being beyond the established subject matter jurisdiction of this Court, and, at the very least, should delay confirmation of the award until Defendants' right to file a motion to vacate has been honored.

Dated February 27, 2023.

/s/ Philip P. Mann

Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington 98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

Response to Motion To Confirm
Cause No. 21-CV-0811-TSZ
Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900