THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., | No. 2:21-cv-811 |
| Plaintiff, | PLAINTIFF BUNGIE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO CONFIRM ARBITRATION AWARD AND DIRECT ENTRY OF JUDGMENT |
| v. | |
| AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; AND JAMES MAY, | NOTE ON MOTION CALENDAR: MARCH 3, 2023 |
| Defendants. | |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.     INTRODUCTION

The Court should follow the Federal Arbitration Act ("FAA") and confirm the arbitrator's Final Award and Permanent Injunction against Defendants.  Defendants' Opposition (Dkt. No. 93, hereafter "Opp'n") to Bungie's Motion to Confirm the Arbitration Final Award and Permanent Injunction (Dkt. No. 88, hereafter "Motion") offers no persuasive reason why this Court should not comply with the FAA's requirements.  This Court has subject matter jurisdiction to confirm the award both because it retained jurisdiction to confirm the arbitration award concerning the claims that it referred to arbitration and because it may independently exercise diversity jurisdiction over this confirmation dispute.  Also, that Defendants might intend to file a motion to vacate is no reason to stay confirmation.  Finally, Defendants' "preview" of their arguments to vacate the Final Award is, by their own admission, not appropriate to raise here (Opp'n p. 4).  In any event, as with numerous prior briefs filed by Defendants in this case, their "argument" is bereft of legal or factual citation or supporting documentation, and should be disregarded completely.

## II.     ARGUMENT

### A.     This Court Has Subject Matter Jurisdiction to Confirm the Final Award

This Court has two independent bases to assert subject matter jurisdiction over the confirmation of the Final Award and Permanent Injunction.

#### 1.     The Court Retained Subject Matter Jurisdiction Over Stayed Claims

First, this Court retained subject matter jurisdiction to confirm the arbitration award because it had subject matter jurisdiction over the claims that were arbitrated when they were originally filed, and stayed those claims pending arbitration.  *SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*, ___ F. Supp. 3d ___, 2022 WL 4933117 (M.D.N.C. Sept. 26, 2022).  "[W]hen a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award."  *SmartSky*, 2022 WL 4933117, at *4 (quoting *Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*,

PLAINTIFF'S REPLY ISO MOT. TO CONFIRM
ARB. AWARD
(No. 2:21-cv-811)

161200228.4

1    12 F.4th 1212, 1227 (10th Cir. 2021) (collecting cases)); *see also Ju v. Lacombe*, No. C18-5309
2    BHS, 2019 WL 5294423, at *1 (W.D. Wash. Oct. 18, 2019) (retaining jurisdiction over claims
3    stayed and sent to arbitration and confirming arbitration award); *Jasem v. State Farm Fire & Cas.*
4    *Co.*, No. CV-06-595-PHX-DGC, 2007 WL 1146433, at *3 (D. Ariz. Apr. 18, 2007) (holding that
5    a "court with the power to stay the action under [the FAA] has the further power to confirm any
6    ensuing arbitration award") (quoting *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529
7    U.S. 193, 202 (2000)).  Defendants fail to address this argument or any of the numerous supporting
8    cases confirming that this Court retains jurisdiction over the claims it stayed.

9          Defendants' reliance on *Badgerow v. Walters*, 142 S. Ct. 1310 (2022) is misplaced.  In
10   *Badgerow*, the parties initiated arbitration without first filing a federal court action.  *Id.* at 1314.
11   Following the arbitration, the winning party attempted to remove to federal court an action
12   originally filed by the losing party to vacate the award in state court and simultaneously moved to
13   confirm the award.  After various appeals, the Supreme Court held that the district court could not
14   "look through" the arbitration award to find federal claims in the underlying dispute to support
15   subject matter jurisdiction in an action to confirm or vacate the arbitration award.  *Id.* at 1318.

16         That is not the circumstance here, nor the basis of Bungie's jurisdictional arguments.  To
17   be clear, this Court does not need to "look through" the arbitration award to establish jurisdiction.
18   This Court already had and has established jurisdiction over the claims at issue and maintains
19   jurisdiction because it stayed those claims pending arbitration.  Indeed, Justice Breyer's dissent in
20   *Badgerow* contemplates this exact approach of "using a federal question lawsuit . . . as a
21   jurisdictional anchor" to retain subject matter jurisdiction over claims referred to arbitration and
22   stayed in federal court.  *Badgerow*, 142 S. Ct. at 1326 (Breyer, J., dissenting).  As the *SmartSky*
23   court notes, "[i]t would be a strange interpretation of the FAA that a federal court, which has
24   subject matter jurisdiction over claims that it subsequently refers to arbitration, is deprived of its
25   jurisdiction to confirm or vacate the arbitration award."  *SmartSky*, ___ F. Supp. 3d ___, 2022 WL
26   4933117.  Accordingly, in the wake of *Badgerow*, other courts have reached a similar conclusion

PLAINTIFF'S REPLY ISO MOT. TO CONFIRM
ARB. AWARD
(No. 2:21-cv-811) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  as *SmartSky*. *See Torgerson v. LLC Int'l, Inc.*, No. 16-2495-DDC-TJJ, 2023 WL 1396479, at *8

2  n.7 (D. Kan. Jan. 31, 2023) (holding that the court "retain[ed] jurisdiction to confirm or set aside

3  the arbitral award" after the lawsuit was originally filed in federal court and the lawsuit was then

4  stayed after the claims were referred to arbitration); *Rodgers v. United Servs. Auto. Ass'n*, No. 21-

5  50606, 2022 WL 2610234, at *2 (5th Cir. July 8, 2022) (per curiam) (holding that where district

6  court had subject matter jurisdiction over the original complaint and the case was administratively

7  closed pending the arbitration, the district court thereafter had jurisdiction to review the arbitration

8  award and confirm or vacate it).

9         **2.**    **Defendants Do Not Contest Diversity Jurisdiction**

10        The Court also has subject matter jurisdiction sufficient to confirm the arbitration award

11  under diversity jurisdiction.  Again, Defendants do not address this argument.  Nor do they contest

12  any of the underlying facts supporting diversity jurisdiction. *See* Opp'n p. 2–3.  It is undisputed

13  that there exists complete diversity between the parties and that the amount in controversy exceeds

14  $75,000.  And the assertion of diversity jurisdiction in this case is entirely consistent with

15  *Badgerow*, which holds that "an obvious place" to look for an independent jurisdictional basis in

16  an action to confirm an arbitration award is the "face of the application itself." *Badgerow*, 142 S.

17  Ct. at 1316.  "If it shows that the contending parties are citizens of different States (with over

18  $75,000 in dispute), then [28 U.S.C.] § 1332(a) gives the court diversity jurisdiction." *Id.*  As

19  explained in Bungie's Motion, the parties are citizens of different states, and Bungie was awarded

20  more than $3,000,000 in damages (exclusive of Bungie's attorneys' fees and costs, which were

21  also awarded). *See* Mot. p. 4–5.  Thus, this Court has subject matter jurisdiction to confirm the

22  arbitration award.

23  **B.**    **Defendants' Deadline to Vacate Is Irrelevant**

24        That Defendants claim that they intend to move to vacate the Final Award and Permanent

25  Injunction is immaterial to Bungie's current motion to confirm the award.  The FAA provides that

26  "**at any time within one year after the award is made** any party to the arbitration may apply to

1    the court so specified for an order confirming the award, and thereupon the court **must** grant such

2    an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of

3    this title."  9 U.S.C. § 9 (emphasis added).  Currently, the prerequisites for confirmation of the

4    Final Award and Permanent Injunction are met—neither has been vacated, modified, or corrected.

5    And although it is possible that Defendants move to vacate the award within three months after it

6    is issued, "the FAA does not impose an automatic three-month stay on confirmation." *McLaurin*

7    *v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1240 (11th Cir. 2021).  The FAA does not condition

8    confirmation of an award on the absence of an expected motion to vacate.  *Id.*  Indeed, if

9    Defendants want to stay confirmation, the FAA provides them recourse to do so, but only if they

10   first file a motion to vacate, modify, or correct an award.  9 U.S.C. § 12 ("For the purposes of the

11   motion any judge who might make an order to stay the proceedings in an action brought in the

12   same court may make an order, to be served with notice of the motion, staying the proceedings of

13   the adverse party to enforce the award.").  Defendants have filed no such motion, and their mere

14   intention is insufficient to delay confirmation.

15   **C.    Defendants' Substantive Grounds for Vacating the Final Award and Permanent
           Injunction Are Inappropriate and Unsupported.**

16

17          Although Defendants admit that their response to Bungie's motion to confirm "is not the

18   appropriate place to raise and consider the merits of the motion to vacate," they attempt to make

19   the arguments anyways.  Opp'n p. 4–5.  Because Defendants admit that they are not, through their

20   Opposition, moving to vacate, their argument on this issue should be disregarded.  *Id.*

21          They also fail to articulate any valid basis to vacate the award.  "Judicial review of an

22   arbitration award is 'both limited and highly deferential' and the arbitration award 'may be vacated

23   only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'"  *T-Mobile USA*

24   *Inc. v. Verity Wireless Inc.*, No. 2:21-cv-733-RAJ-BAT, 2021 WL 4295845, at *3 (W.D. Wash.

25   July 22, 2021) (quoting *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir.

26   2009)).  Here, Defendants focus on an alleged refusal by the Arbitrator to consider certain

PLAINTIFF'S REPLY ISO MOT. TO CONFIRM
ARB. AWARD
(No. 2:21-cv-811) –5
161200228.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   evidence.  But "[a]rbitrators enjoy wide discretion . . . to admit or exclude evidence[] how and

2   when they see fit."  *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir.

3   2010).  Accordingly, an award will be vacated only if the arbitrator's refusal to consider the

4   evidence "demonstrate[d] bad faith or [was] so gross as to amount to affirmative misconduct."  *T-*

5   *Mobile USA*, 2021 WL 4295845, at *5 (cleaned up).

6       Defendants fall well short of meeting this demanding standard for vacatur.  They offer no

7   support or reference to the arbitration award other than naked attorney argument, which is

8   insufficient to support an argument to vacate the Final Award and Permanent Injunction.  *See Singh*

9   *v. Rockwell Automation Inc.*, No. C09-597Z, 2011 WL 13192719, at *1 (W.D. Wash. Feb. 24,

10  2011) ("The party seeking to vacate an arbitration award bears a heavy burden because review of

11  an arbitration award is both limited and highly deferential.").  Worse, they patently misrepresent

12  the record.  Defendants were not improperly excluded from presenting evidence, or Dr. Kaiser's

13  deposition transcript.  Their fanciful theory regarding Judge Cox's alleged bias is without any

14  factual support.  Any failure on Defendants' end to conduct thorough discovery, properly elicit

15  testimony during the hearing, or properly enter testimony into evidence is no fault of Judge Cox

16  or Bungie, and it certainly is not a basis to vacate the arbitration award.

17              **III.   CONCLUSION**

18      For the foregoing reasons, Bungie respectfully requests that the Court confirm the

19  permanent injunction of January 31, 2023 and final award of February 1, 2023, and enter judgment

20  accordingly.

21

22      I certify that this memorandum contains 1,726 words, in compliance with the Local Civil

23  Rules.

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

Dated: March 3, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By: */s/ William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

PLAINTIFF'S REPLY ISO MOT. TO CONFIRM
ARB. AWARD
(No. 2:21-cv-811) –7

161200228.4