1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

| | |
|---|---|
| BUNGIE, INC., | |
| Plaintiff, | |
| v. | C21-0811 TSZ |
| AIMJUNKIES.COM, et al., | MINUTE ORDER |
| Defendants. | |

12

13

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

14

15

16

17

18

19

20

21

22

(1)    Plaintiff's motion to confirm arbitration award, docket no. 88, is RENOTED to May 1, 2023.  On April 27, 2022, the Court entered an order referring Plaintiff's fourth through ninth causes of action to binding arbitration in accordance with Plaintiff's Limited Software License Agreement ("LSLA"), and stayed its consideration of the subject claims.  Order (docket no. 33).  On February 1, 2023, the Arbitrator issued his Final Award.  *See* Final Award, Ex. A to Rava Decl. (docket no. 89-1).  On February 16, 2023, Plaintiff filed the present motion to confirm the award.  In their response, Defendants argue that Plaintiff's motion is premature because the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12, provides a party with a three-month limitation period to file a motion to vacate an arbitration award.  The FAA, however, "does not impose an automatic three-month stay on confirmation" and the statute "explicitly authorizes a party to file a motion to confirm at any time during the year immediately following an arbitration award."  *McLaurin v. Terminix Int'l Co.*, 13 F.4th 1232, 1240 (11th Cir. 2021); 9 U.S.C. § 9.  Accordingly, the Court concludes that Plaintiff's motion is not premature.  Nevertheless, Defendants indicate that they intend to move to vacate the arbitration award.  *See* Resp. at 3 (docket no. 93).  To the extent Defendants intend to move to vacate the award, any motion must be filed in this action on or before May 1,

23

MINUTE ORDER - 1

2023, and noted on the motions calendar no later than the third Friday thereafter.  If Defendants do not timely file a motion to vacate the award, the Court will consider Plaintiff's motion after the new noting date.

(2)     Defendants argue that this Court lacks subject matter jurisdiction to confirm the arbitration award, citing the United States Supreme Court's decision in *Badgerow v. Walters*, 142 S. Ct. 1310 (2022).  This argument lacks merit and Defendants' reliance on *Badgerow* is misplaced.  Although the FAA allows a party to an arbitration agreement to petition a federal district court to confirm or vacate an arbitral award, *see* 9 U.S.C. §§ 9– 10, the federal court must have an "independent jurisdictional basis" to resolve the action. *Badgerow*, 142 S. Ct. at 1314 (citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).  This Court has an independent jurisdictional basis to resolve Plaintiff's motion to confirm the arbitration award under its federal question jurisdiction, and the Court retained subject matter jurisdiction over the subject claims when it stayed the claims pending arbitration.  Indeed, a court with authority to stay an action under the FAA "has the further power to confirm any ensuing arbitration award." *Jasem v. State Farm Fire & Cas. Co.*, No. CV-06-595, 2007 WL 1146433, at *3 (D. Ariz. Apr. 18, 2007) (quoting *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000)); *SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*, --- F. Supp. 3d ---, 2022 WL 4933117, at *4 (M.D.N.C. Sept. 26, 2022).  Plaintiff's motion also establishes that the Court has an additional independent jurisdictional basis to confirm the arbitral award because complete diversity exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332; Mot. at 4–5 (docket no. 88).  As the Supreme Court explained in *Badgerow*, "an obvious place" to look for an independent jurisdictional basis "is the face of the application itself," or in this case Plaintiff's motion. *See* 142 S. Ct. at 1316.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 23rd day of March, 2023.


Ravi Subramanian
Clerk


s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 2