THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; AND JAMES MAY, <br><br> Defendants. | No. 2:21-cv-811 <br><br> PLAINTIFF BUNGIE, INC.'S MOTION FOR DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY RESPONSES <br><br> NOTE ON MOTION CALENDAR: APRIL 14, 2023 <br><br> **REDACTED - PUBLICLY FILED VERSION** |

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161629313.8

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................................ 1

II.   BACKGROUND .................................................................................................................. 1

    A.    **Defendants Deleted Key Evidence** ........................................................................ 2

    B.    **Bungie Discovers Additional Spoliation** ............................................................. 4

    C.    **Where Defendants Did Not Destroy Evidence, Defendants Refuse to Produce It** .............................................................................................................. 5

    D.    **Defendants Continue to Obstruct Discovery** ...................................................... 5

III.  ARGUMENT ....................................................................................................................... 7

    A.    **Defendants Deleted Key Evidence** ........................................................................ 7

    B.    **The Appropriate Sanction for Defendants' Spoliation is Entry of an Adverse Inference and Monetary Sanctions** ......................................................... 9

    C.    **Defendants Must Produce the Evidence They Have Not Destroyed** ............... 11

    D.    **Defendants Obstruct Bungie's Legitimate Discovery Efforts** ......................... 12

IV.  CONCLUSION .................................................................................................................. 13

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – i
(No. 2:21-cv-811)

161629313.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*E.E.O.C. v. Fry's Elecs., Inc.*,
  287 F.R.D. 655 (W.D. Wash. 2012) .............................................................................................10

*E.E.O.C. v. Fry's Elecs., Inc.*,
  874 F. Supp. 2d 1042 (W.D. Wash. 2012) ....................................................................................9

*E.E.O.C. v. Pac. Com. Equip., Inc.*,
  No. C04-940Z, 2005 WL 1533104 (Zilly, J.) (W.D. Wash. June 28, 2005) ............................12

*J.C. v. Soc'y of Jesus, Oregon Province*,
  No. C05-1662JLR, 2006 WL 3158814 (W.D. Wash. Oct. 27, 2006) ........................................12

*Knickerbocker v. Corinthian Colleges*,
  298 F.R.D. 670 (W.D. Wash. 2014) ....................................................................................7, 8, 9

*Leon v. IDX Sys. Corp.*,
  464 F.3d 951 (9th Cir. 2006) ......................................................................................7, 9, 10, 11

*Straitshot Commc'ns, Inc. v. Telekenex, Inc.*,
  No. C10-268Z, 2012 WL 727271 (W.D. Wash. Mar. 6, 2012) ..................................................11

*Surfvivor Media, Inc. v. Survivor Prods.*,
  406 F.3d 625 (9th Cir. 2005) ......................................................................................................11

*Tattersalls Ltd. v. Wiener*,
  No. 17CV1125-BTM(KSC), 2020 WL 13518326 (S.D. Cal. June 8, 2020) ............................13

**STATUTES**

Bungie's Lanham Act ........................................................................................................................9

Computer Fraud and Abuse Act (18 U.S.C. § 1030) ........................................................................2

Digital Millennium Copyright Act (17 U.S.C. § 1201(a)) ..................................................1, 2, 5, 9

Washington Consumer Protection Act..............................................................................................1

**RULES**

Fed. R. Civ. P. 26(b)(1)...................................................................................................................11

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – ii
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161629313.8

## TABLE OF AUTHORITIES (continued)

**Page(s)**

Fed. R. Civ. P. 37(e) ...................................................................................................................9

PLAINTIFF'S MOTION TO COMPEL
(No. 2:21-cv-811) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161629313.8

## I.     INTRODUCTION

Throughout this litigation and the related arbitration, Defendants have disregarded their discovery obligations. As Arbitrator Cox held, they "lied in response to" Bungie's letter demanding they preserve evidence, "failed to preserve many of the financial records concerning sales of the cheat," and "deleted records concerning the Aimjunkies website." "**None of this was done innocently**." Defendants' discovery violations have continued and have included (1) additional deletion of relevant information, (2) refusal to produce relevant information that still exists, and (3) improper efforts to frustrate Bungie's legitimate discovery efforts. The pattern of inappropriate behavior is calculated to impede Bungie's ability to identify evidence material to Bungie's claims and Defendant's Counterclaims. Bungie asks that the Court sanction Defendants' egregious conduct and compel Defendants to adequately respond to certain discovery requests.

## II.     BACKGROUND[1]

On June 15, 2021, Bungie filed a complaint in this Court, alleging nine causes of action. Dkt. No. 1. Six causes of action were adjudicated through binding arbitration.[2] Three causes of action remain with this Court -- (1) trademark infringement, (2) copyright infringement, and (3) false designation of origin -- that together address Defendants' development and sale of cheat software (the "Cheat Software") designed to be used with Bungie's copyrighted work, the videogame *Destiny 2*. The Cheat Software infringes Bungie's copyrights in several ways, including by copying and modifying code from within *Destiny 2* and by creating a derivative work. *See* Dkt. No. 36, May 19, 2022 Declaration of Edward Kaiser ("Kaiser Decl.") ¶¶ 11–21. Additionally, Defendants used Bungie's DESTINY 2 trademark and other intellectual property

---

[1] All exhibits are attached to the Declaration of Christian Marcelo ("Marcelo Decl.") unless otherwise identified.

[2] JAMS-appointed arbitrator Judge Ronald Cox (Ret.) presided over an evidentiary hearing between December 19, 2022 and December 21, 2022, issuing his Final Award on February 1, 2023. Dkt. No. 89-1 (Final Award). Judge Cox found Defendants liable for circumventing technological measures under the DMCA and trafficking circumvention technology, breach of contract, tortious interference, and violation of the Washington Consumer Protection Act, awarding damages and injunctive relief. *Id.*

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 1
(No. 2:21-cv-811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161629313.8

without authorization to promote the Cheat Software. Ex. A (screenshot of Aimjunkies.com website). On November 21, 2022, Defendants filed amended counterclaims, alleging that Bungie accessed and acquired data and files on May's computer in violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) ("CFAA") and the Digital Millennium Copyright Act (17 U.S.C. § 1201(a)) ("DMCA"), and that Bungie breached the AimJunkies.com Terms of Service by testing, decompiling, and/or reverse engineering the Cheat Software. *See generally* Dkt. No. 72 ("Amend. Counterclaims").

### A. Defendants Deleted Key Evidence

On November 4, 2020, Bungie's counsel sent a letter to Schaefer, Conway, and Green stating that their distribution of the Cheat Software infringed Bungie's copyrights, breached Bungie's LSLA, and violated other related laws. *See* Exs. B-D (letters to Conway, Green, and Schaefer). Those letters included a detailed admonishment to preserve evidence relating to the Cheat Software:

> "[U]nder applicable law, you are required to maintain any and all electronic or hard copy documents, communications, and electronic data and information which may be relevant to Bungie's claims, including but not limited to hard drives, databases, web pages, server logs, … programming code … and other electronic communications. … Failure to abide by these requirements may result in penalties against you and form the basis of legal claims for spoliation."

*Id.*

After receiving Bungie's November 4, 2020 letter, Defendants understood that they had a duty to preserve evidence at that point. Indeed, Schaefer testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. E (October 28, 2022, Schaefer Dep. Tr.) at 264:7-265:9.

Notwithstanding, Defendants did not preserve evidence. Instead, Defendants deleted ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. F (October 31, 2022

PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL – 2
(No. 2:21-cv-811)
161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Schaefer 30(b)(6) Dep. Tr.) at 104:6-106:4; *see also* Ex. G (Oct. 31, 2022 email from P. Mann to
2  JAMS) ("the loader software used during the relevant period, namely November 2019 to January
3  2021, was not preserved"). Moreover, while this case has been pending, in May 2022, Defendants
4  sold the AimJunkies.com website and thus ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.
5  Ex. F (October 31, 2022 Schaefer 30(b)(6) Dep. Tr.) at 104:6-106:4; Ex. I (Phoenix Digital
6  acquisition announcement).

   Defendants also deleted numerous financial records regarding the Cheat Software. For
7  instance, Schaefer testified ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
9  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. E (October 28, 2022 Schaefer Dep. Tr.)
10 at 163:20-167:24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
11 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12 Defendants also deleted data showing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. H (Conway Dep. Tr.) at 103:23-104:10, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
15 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Ex. E (October 2022 Schaefer Dep. Tr.) at 60:2-61:3.

16  Considering this evidence, Arbitrator Cox held that Phoenix Digital and its members
17 (Schaefer, Green, and Conway) "deleted records of cheat software and destroyed financial records
18 related to the sales of cheats" as well as "information from the Aimjunkies website" which was
19 "automatically deleted, despite the warning stating in [Bungie's] letter." Dkt. No. 89-1 ("Final
20 Award") at 7-8. Because of these deletions, Arbitrator Cox held:

> There can be no serious doubt that Phoenix and its members engaged in spoliation by their actions after receipt of the November 4, 2022, cease and desist letter from Bungie. Specifically, they lied in response to the letter, failed to preserve many of the financial records concerning sales of the cheats, and either deleted records concerning the Aimjunkies website or failed to stop the automatic deletion of those records. None of this was done innocently.

*Id.* at 20.

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 3
(No. 2:21-cv-811)
161629313.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Arbitrator Cox entered "adverse inferences against [Defendants] regarding the missing evidence" and awarded Bungie its attorneys' fees "allocable to dealing with this issue[.]" *Id.*

**B.      Bungie Discovers Additional Spoliation**

In addition to Defendants' spoliation of financial records and records from the AimJunkies.com website, Defendants deleted additional key documents.

***First,*** Phoenix Digital deleted the images used in connection with its marketing of the Cheat Software. Phoenix Digital promoted the Cheat Software through emails to its consumers, commonly using images directly from the Bungie game title page. Ex. J (and below, left). In the marketing emails they produced, however, the Bungie images were missing (below, right), because, as Schaefer explained, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. E at 214:2-218:21.

 

Ex J.

***Second,*** as part of his CFAA and DMCA counterclaims, May alleges that Bungie accessed files on five different computer drives. Ex. K (May Tr.) at 95:8–12. But May completely wiped all files and data from four of those drives and confirmed that all files and data from the wiped drives are now irretrievable. *Id.* at 94:9–95:15. May intentionally destroyed this evidence *even after* he suspected that Bungie had accessed the drives and after Bungie initiated this litigation. *Id.* at 82:1-16 ("I suspected probably right when I got the lawsuit"); *id.* at 95:5-7 (deleted evidence in May 2022).

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 4
(No. 2:21-cv-811)
161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

***Third,*** Phoenix Digital recently confirmed it *continues* to shred all financial records relating to the purported Cheat Software developer, Andreas Banek.  Ex. L (March 20, 2023 Schaefer 30(b)(6) Dep. Tr.) at 124:19-125:2; *see also id.* at 112:19-113:1.  As of March 20, 2023, Phoenix Digital is still processing payments for and paying Banek using Bitcoin wallets.  *Id*. at 108:20-110:2.  Despite Bungie's repeated request for all information related to such Bitcoin wallets, Phoenix Digital admits to routinely shredding such information.  *Id*. at 124:19-125:2; *see also id.* at 112:19-113:1.

**C.     Where Defendants Did Not Destroy Evidence, Defendants Refuse to Produce It**

Defendants are also obstructing Bungie's efforts to collect the relevant documents that still exist, such as Phoenix Digital's, Schaefer's and Banek's Bitcoin wallet information, which Bungie requested on June 23, 2022 and September 7, 2022, including through RFP Nos. 15 and 25 to Schaefer, RFP No. 28 to Phoenix Digital, and Interrogatory No. 7 to Phoenix Digital.  *See* Exs. M-O.  Obtaining a Bitcoin wallet ID might permit Bungie to determine actual sales volume of the Cheat Software sales, whether the purported sale of AimJunkies.com actually occurred and for how much, and whether the website is still under the control of Defendants, and to better ascertain the identity of Banek and identify the original developer of the Cheat Software.

**D.     Defendants Continue to Obstruct Discovery**

Defendants are also intentionally obstructing discovery in other ways.  In fact, Schaefer admitted at Phoenix Digital's corporate deposition in the arbitration ███████████████

███████████████████

███████████ Ex. F (October 2022 Schaefer 30(b)(6) Dep. Tr.) at 50:3-51:8 (regarding Phoenix Digital's alleged acquisition by Banek).  When asked ███████████

████████████████████

████████████████████

*Id.* at 106:5-22.  And when asked ███████████████

███████████████████

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 5
(No. 2:21-cv-811)
161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  ███████████████████████████████████████████████████████████
2  ███████████████████████████████████████████████████████████
3  Ex. E (October 2022 Schaefer Dep. Tr.) at 268:12-270:7.  Instead, ████████
4  ████████████████████ Ex. F (October 2022 Schaefer 30(b)(6) Dep. Tr.) at 56:10-12 ████
5  █████████████████████████████████████████.

It gets worse.  During Schaefer's recent deposition as the Rule 30(b)(6) corporate representative in these proceedings, on March 20, 2023, Defendants engaged in a pattern of harassing and highly unprofessional behaviors designed to frustrate the purpose of the deposition, including: (a) blatant coaching by counsel -- *see* Ex. L (March 20, 2023 Schaefer 30(b)(6) Dep. Tr.) at 72:16-74:5 (defendants' counsel interrupting questioning to suggest answers to witness); *see also* 29:17-30:17 ("**Q.**  You don't recall where you got this document from?  **A.**  Oh, my God.  Ask another question.  **Mr. Mann:**  Dave, just tell him you got it from your lawyer.  **A.**  I got it from my lawyer."); 42:24-43:5 (counsel suggesting response to question); 97:12-98:7 (same);³ (b) argumentative and unprofessional objections -- *id*. at 100:9-17 ("**Mr. Mann:**  No.  Can you read English?  Have you seen us identify anyone as a testifying Expert? … That's a yes or no question, and it can be answered by somebody who can read and understand English."); 121:18-24 ("**Q.**  So, Mr. Schaefer, fair to say you don't know who wrote this post?  **A.**  I have no fucking clue.  **Mr. Mann:**  And he's already asked -- he's already answered that question.  What part of I don't know is difficult to understand, Mr. Marcelo?  You do in fact understand English I trust."); and (c) improper attempts to limit the deposition strictly to questions regarding counterclaims, despite this Court's order *denying* Defendants' request for such a limitation -- *id.* at 114:8-117:16 (claiming scope of depositions was only the counterclaims); 118:24-120:14 ("my objection is what does this have to do with the counterclaims?"); *c.f.* Dkt. No. 96 (denying requested limitations on scope of depositions).  Mr. Schaefer also often refused to answer even basic questions.  *See, e.g.*,

---

³ The document referenced in the last citation is a copy of the AimJunkies.com Terms of Service that Phoenix Digital alleges Bungie has agreed to and breached.  Schaefer's answers concerning the document, provided under advisement of counsel, are directly relevant to Phoenix Digital's counterclaims.

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 6
(No. 2:21-cv-811)

161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Ex. L at 10:10-11:5 ("**Q.** Where are you currently working?  **A.** I'm not going to answer that."); 106:21-107:7 ("**Q.** Mr. Schaefer, do the developers let Phoenix Digital know what they're working on? … **A.** Not relevant.  I'm not answering the question."); 118:24-120:1 ("**Q.** Well, I'm asking you in 2017 who had control of the admin AimJunkies account? … **A.** I'm not answering your question."). The full transcript, attached as Exhibit L to the Marcelo Declaration, is replete with other examples of this same conduct. Such tactics were clearly designed to frustrate Bungie's ability to conduct an effective deposition.

### III. ARGUMENT

#### A. Defendants Deleted Key Evidence

"Spoliation of evidence falls within the court's inherent power to sanction." *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 677 (W.D. Wash. 2014). "Spoliation of evidence is the 'failure to preserve property for another's use as evidence, in pending or future litigation.'" *Id*. "A party's 'duty to preserve evidence is triggered when a party knows or reasonably should know that the evidence may be relevant to pending or future litigation.'" *Id.*

"A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). "In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it." *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. at 677.

Here, Green, Schaefer, and Conway's duty to preserve evidence arose—as confirmed by Arbitrator Cox—at least by November 4, 2020 when they received Bungie's letter, which, among other things, specifically demanded they preserve all evidence related to the Cheat Software including "databases, web pages, server logs," "programming code," and "email and other electronic communications[.]" Exs. B-D.  There is no dispute that Defendants destroyed evidence

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 7
(No. 2:21-cv-811)
161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

after that date. Nor is there any dispute that May destroyed evidence *after* this lawsuit was initiated and thus clearly after his duty to preserve evidence arose.

The evidence that Defendants destroyed is also indisputably relevant.

***First,*** Defendants deleted ▮▮▮▮ that would have evidenced sales volume of the Cheat Software, which is relevant to Defendants' profits and Bungie's damages. Final Award at 20; Ex. H (Conway Dep. Tr.) at 103:23-104:10; Ex. F (October 31, 2022 Schaefer 30(b)(6) Dep. Tr.) at 104:6-106:4.

***Second,*** Defendants deleted ▮▮▮▮ *See* Ex F (Schaefer 30(b)(6) Dep. Tr.) at 104:6-106:4. Documents regarding and relating to the Cheat Software, and the loader used to operate it, are, of course, relevant to Bungie's claims.

***Third,*** Defendants deleted ▮▮▮▮ Ex. J; Ex. E at 214:2-218:21 Defendants commonly copied game title images—including the stylized trademarks associated with various games—in other marketing emails and used such an image in the homepage for the Cheat Software located on the AimJunkies.com website. Ex. A; Ex. E at 249:4-250:4. The scope and frequency of Defendants' use of the DESTINY 2 mark is highly relevant to Bungie's Lanham Act claims.

***Fourth,*** May deleted the files and data on four of the five drives he alleges that Bungie accessed as the basis for both his CFAA and DMCA claims. Ex. K (May Tr.) at 94:9–95:15. These files, and any associated metadata, are essential to his counterclaims and could show, among other things, whether May owned copyrights to the files, whether Bungie in fact accessed the files, whether there was any harm or modifications to those files attributable to Bungie's alleged access, or even whether any files existed in the first place. The files that May alleges Bungie accessed are central to his CFAA and DMCA claims.

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 8
(No. 2:21-cv-811)

161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Defendants' deletion of these relevant documents, occurring after their duty to preserve evidence arose, constitutes spoliation. And, as Arbitrator Cox found, "[n]one of this was done innocently." Final Award at 20.

### B. The Appropriate Sanction for Defendants' Spoliation is Entry of an Adverse Inference and Monetary Sanctions.

Where a party destroys evidence it had a duty to preserve, as here, the appropriate sanction ranges from an adverse inference to default judgment, and includes attorneys' fees related to investigating and litigating the spoliation or other monetary sanctions. *Leon*, 464 F.3d at 961 (9th Cir. 2006) (dismissing claims where plaintiff wiped his computer deleting more than 2,200 files); *Knickerbocker*, 298 F.R.D. at 678 ("[S]poliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.") (citations omitted); *E.E.O.C. v. Fry's Elecs., Inc.*, 874 F. Supp. 2d 1042, 1046 (W.D. Wash. 2012) (adverse inference where defendants destroyed computer hard drives containing evidence); *see also* Fed. R. Civ. P. 37(e) (allowing court to presume or instruct the jury to presume the lost information "was unfavorable to the party" or "dismiss the action or enter default judgment" where party fails to preserve electronically stored information "with the intent to deprive another party of the information's use in the litigation").

Here, just a few weeks after Bungie had specifically admonished Defendants to preserve evidence relating to the Cheat Software, Defendants mass-deleted all records of the Cheat Software, and then continued deleting relevant evidence after this case was initiated. The appropriate sanction for such conduct is entering an adverse inference regarding the deleted evidence from the AimJunkies.com website relating to the Cheat Software and loader, the deleted financial information regarding sales of the Cheat Software, and the deleted files and data on May's computer drives. Defendants also failed to preserve evidence relevant to their own counterclaim, including showing use of any Terms of Service. Until they sold the AimJunkies.com website

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 9
(No. 2:21-cv-811)

161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

approximately one year ago, Defendants claims to have had access to such evidence. *See* Ex. L (March 20, 2023 Schaefer Dep. Tr.) at 121:1-9.

In addition, courts "also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Leon*, 464 F.3d at 961. A party's spoliation constitutes bad faith if "the party has some notice that the documents were potentially relevant to the litigation before they were destroyed." *Id*. at 959. Here, Defendants had express notice from Bungie that information regarding the Cheat Software was relevant and specific instructions to preserve such evidence. Instead, Defendants deleted it almost immediately. And, despite the Arbitrator's express finding of spoliation, Defendants **continue to delete evidence.** Ex. L (March 2023 Schaefer Dep Tr.) 124:19-125:2; *see also id.* at 112:19-113:1.

Defendants' conduct during these proceedings further warrant granting an adverse inference and monetary sanction. Defendants' purposeful attempts to make Bungie's counsel ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. F (Schaefer 30(b)(6) Dep. Tr.) at 50:3-51:8, to ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *id*. at 106:5-22, are the epitome of bad faith and vexatious conduct. A monetary sanction should be entered against Defendants to (a) pay the costs and attorneys' fees Bungie has incurred related to investigating and litigating Defendants' spoliation, to the extent they are not covered by the Final Award, including in connection with this motion and (b) "punish unacceptable behavior as a deterrent to future bad conduct." *See E.E.O.C. v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 682 (W.D. Wash. 2012) (granting $100,000 monetary sanctions "to offset the excess costs caused by defendant's discovery violations, to punish unacceptable behavior and as a deterrent to future bad conduct"); *Leon* , 464 F.3d at 957 (awarding $65,000 in monetary sanctions to cover the "cost of investigating and litigating the spoliation issue"); *Straitshot Commc'ns, Inc. v. Telekenex, Inc.*, No. C10-268Z, 2012 WL 727271, at *6 (W.D. Wash. Mar. 6, 2012) (awarding plaintiff's costs and legal fees in identifying and recovering destroyed documents, including expert fees).

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 10
(No. 2:21-cv-811)

161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### C. Defendants Must Produce the Evidence They Have Not Destroyed

The scope of discovery is broad, encompassing "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

For whatever evidence they did not destroy, Phoenix Digital and Schaefer have refused to produce key documents. Specifically, they have refused to respond to discovery requests concerning their Bitcoin wallets, which have been (and still are being) used to make payments to Andreas Banek, the purported Cheat Software developer, and to make payments among the Defendants. Ex. L (Schaefer Dep. Tr.) at 108:20-110:2; *see also* Ex. N (Answer to ROG 1). Specifically, RFPs 15 and 25 to Schaefer request documents sufficient to show payments by Phoenix Digital to Schaefer (which included Bitcoin payments), including documents showing the accounts owned by Schaefer to process the funds. Ex. O (Schaefer's discovery responses). Similarly, Interrogatory No. 7 to Phoenix Digital asks that it "Identify all bank accounts, financial accounts, payment processor accounts, or other source(s) of funds or accounts owned by Phoenix Digital that are or have been used to process and/or store funds related to the sale of the Cheat Software."[4] Ex. N (Phoenix Digital discovery responses).

Bungie sent letters to Defendants on August 16, 2022 and November 3, 2022 regarding their deficient responses, and held conferences with Defendants' counsel on August 24, 2022 and November 11, 2022—but still, Defendants have not provided any documents or information regarding the relevant Bitcoin wallets or transactions. Exs. P, Q (emails with counsel).

Instead, Schaefer admitted that he continues to pay Banek using a Bitcoin wallet associated with the AimJunkies.com website that he (and only he) has access to. Ex. L (March 20 Schaefer Tr.) at 109:25-111:12. And May confirmed that Schaefer also *still* pays him through Bitcoin on

---

[4] RFP No. 28 to Phoenix Digital also requests documents sufficient to identify these accounts. Ex. M (Phoenix Digital discovery responses).

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 11
(No. 2:21-cv-811)

161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

behalf of AimJunkies.com. Ex. K (May Tr.) at 10:10-11:3. According to Schaefer, he pays Banek via Bitcoin every month through a new Bitcoin wallet that is then destroyed once the payment is completed. Ex. L (March 20 Schaefer Tr.) at 112:19-113:1. Despite Bungie's outstanding discovery requests and Phoenix Digital and Schaefer's ongoing duty to supplement their responses, neither have produced any responsive documents or identified *any* of the Bitcoin wallet IDs used to pay Banek. At a minimum, Defendants must produce at least one Bitcoin wallet ID used to pay Banek for the most recent month, May's Bitcoin wallet ID, and any Bitcoin wallet IDs (or any other payment accounts) used to pay Banek or May in the future. Phoenix Digital and Schaefer should be ordered to provide those responsive documents and supplement their interrogatory response.

**D.     Defendants Obstruct Bungie's Legitimate Discovery Efforts**

Lastly, Defendants' obstructionist deposition conduct was vexatious and in bad faith, and warrants sanctions. *E.E.O.C. v. Pac. Com. Equip., Inc.*, No. C04-940Z, 2005 WL 1533104, at *1 (Zilly, J.) (W.D. Wash. June 28, 2005) (entering monetary sanctions where counsel acted "vexatiously and in bad faith" awarding "attorneys' fees and costs for preparation and attendance at [the deposition]" and requiring counsel to earn continuing legal education ethics credits); *J.C. v. Soc'y of Jesus, Oregon Province*, No. C05-1662JLR, 2006 WL 3158814, at *7 (W.D. Wash. Oct. 27, 2006) (awarding sanctions of attorneys' fees and providing the option to redepose witnesses where counsel obstructed deposition by providing "needlessly argumentative" objections and improper instructions not to answer questions, such as where a question was beyond the scope of the 30(b)(6) topics); *Tattersalls Ltd. v. Wiener*, No. 17CV1125-BTM(KSC), 2020 WL 13518326, (S.D. Cal. June 8, 2020) (noting that improper conduct was obvious from the transcript at it was "difficult to read, because it includes so many unnecessary and/or suggestive speaking objections, long disruptive comments, and obvious delaying tactics").

Here, as in *Tattersalls*, Defendants "impeded, frustrated, and delayed a fair examination" of Schaefer through "unnecessary and/or suggestive speaking objections, long disruptive

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 12
(No. 2:21-cv-811)

161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

comments, and obvious delaying tactics." *Id.* at *11 (sanctioning counsel ordering her to pay over $28,000 in fees expended in connection with the deposition and preparing the sanctions motion). The appropriate sanction is an award of Bungie's attorney's fees expended in preparing for and conducting the deposition.

## IV.   CONCLUSION

Bungie respectfully requests an order:  (1) entering an adverse inference against Defendants regarding the deleted evidence; (2) compelling Phoenix Digital and Schaefer to fully respond to Bungie's discovery requests regarding their bitcoin wallets and transactions; and (3) awarding monetary sanctions for Defendants' spoliation and Schaefer and his counsel's deposition conduct.

I certify that this memorandum contains 3,995 words, in compliance with the Local Civil Rules.

Dated: March 30, 2023

By: *s/William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

PLAINTIFF'S MOTION FOR SANCTIONS AND
TO COMPEL – 13
(No. 2:21-cv-811)
161629313.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000