```
                    UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

BUNGIE, INC., a Delaware            )
corporation,                        )
                                    ) NO. C21-0811-TSZ
                 Plaintiff,         )
                                    ) Seattle, Washington
v.                                  )
                                    ) March 9, 2023
AIMJUNKIES.COM, a business of       )
unknown classification; PHOENIX     ) 11:00 a.m.
DIGITAL GROUP, LLC, an Arizona      )
limited liability company;          ) Status Hearing
JEFFREY CONWAY, an individual;      )
DAVID SCHAEFER, an individual;      ) via Telephone
JORDAN GREEN, an individual; and    )
JAMES MAY, an individual,           )
                                    )
                 Defendants.        )
_____

                 VERBATIM REPORT OF PROCEEDINGS
              BEFORE THE HONORABLE THOMAS S. ZILLY
                  UNITED STATES DISTRICT JUDGE
_____
```

**APPEARANCES:**

| | |
|---|---|
| For the Plaintiff: | CHRISTIAN WILLIAM MARCELO |
| | WILLIAM C. RAVA |
| | Perkins Coie |
| | 1201 3rd Avenue, Suite 4900 |
| | Seattle, WA 98101-3099 |
| | |
| For the Defendants: | PHILIP P. MANN |
| | Mann Law Group, PLLC |
| | 403 Madison Avenue North |
| | Suite 240 |
| | Bainbridge Island, WA 98110 |
| | |
| Reported by: | MARCI E.C. CHATELAIN, CCR, RPR, RMR, CRR, Federal Court Reporter |
| | 700 Stewart Street, Suite 17205 |
| | Seattle, WA 98101 |
| | marci_chatelain@wawd.uscourts.gov |

PROCEEDINGS

---

THE CLERK:  Good morning, Your Honor.

Are you on the line?

THE COURT:  This is Judge Zilly.  Can you hear me?

THE CLERK:  I can, Your Honor.  Can you hear me?  This is Laurie.

(Pause.)

THE COURT:  This is Judge Zilly calling in.  Good morning.

THE CLERK:  Hi, Judge Zilly.  Can you hear me?

THE COURT:  Yes.

THE CLERK:  Okay.

THE COURT:  Want to call the calendar?

THE CLERK:  I will, Your Honor.

United States District Court for the Western District of Washington is now in session, the Honorable Thomas S. Zilly presiding.

We are here on the matter of Bungie, Incorporated versus Aimjunkies.com, et al., case number C21-0811, assigned to this Court.

Counsel, will you please make your appearances for the record?

MR. MANN:  Good morning, Your Honor.

This is Philip Mann for the defendants.

```
                    THE COURT:  Good morning, Mr. Mann.
               Who do we have for the plaintiffs?
                    MR. MARCELO:  Hi.  This is Christian Marcelo from
          Perkins Coie for Plaintiff Bungie.
               I'm joined by co-counsel William Rava from Perkins Coie, as
          well as Bungie's in-house counsel James Barker.
                    THE COURT:  All right.  And when any of the
          plaintiff's lawyers are talking, please identify yourselves so
          the court reporter and I will know who is talking.
               We received a telephone call on, I believe, March 3.  It
          was -- I believe there were lawyers from both sides on the phone
          asking for a telephone conference call with me with regard to
          scope and scheduling matters, so we immediately, within a day or
          two, set this status conference today.
               I fully anticipate that in addition to resolving those
          matters that you called upon, we should have brief discussion
          about the motion to extend discovery, which is Docket 87, which
          is fully briefed and which I'm prepared to rule on today.
               But let's start with the reason the lawyers called and how
          I can help you solve any scheduling issues.
                    MR. MANN:  Thank you, Your Honor.
               This is Philip Mann for the defendants.
               The call was initiated at my direction.  And it's to
          address what I believe is a very narrow issue.  And I'm hoping
          that we can get it resolved quickly.
```

```
11:06:43
```

1    As you know, there are five defendants in this case, four
2  individual defendants, as well as a corporate defendant.  And as
3  you also know, there's a parallel arbitration action that was
4  recently decided, and that's the subject of additional briefing
5  that will not be addressed here today.
6    During the course of discovery, each of the individual
7  defendants was deposed for a whole day.  There were no
8  restrictions on the scope of the deposition.  And we let the
9  deposition run as long as Bungie wanted to run those
10 depositions.
11    In addition, the corporate defendant, Phoenix Visual, was
12 deposed under Rule 30(b)(6), again for a full day; no
13 restrictions on that.
14    The reason we are here is because Bungie now wants to take
15 the depositions of all those witnesses once again.  And although
16 we do not oppose the idea of taking further depositions, we were
17 hopeful that we could get some restrictions on the scope and
18 duration of those depositions.
19    Now, I should point out that the depositions that were
20 conducted earlier were under deposition notices bearing the
21 caption of the arbitration, but I think we have an agreement
22 among counsel that all discovery, whether it's in the
23 arbitration or in the matter before you, Your Honor, would be
24 fair game for all the proceedings.  You know, the idea is it's
25 silly to have to do things twice when we can do it all at once.

11:08:19

1   So our position, Your Honor, is that the witnesses can be
2   deposed.  We have no objection to deposing the witnesses with
3   respect to the counterclaims that were raised.  And again,
4   refreshing recollection, it was in early February that this
5   Court decided that most of the counterclaims can proceed.  We
6   have no objection to the witnesses being questioned about the
7   matters related to the counterclaims.
8       So we would like to have some sort of reasonable
9   restriction on it.  You know, I propose two hours, but that's

11:08:38

10  not something that is written in stone.
11      And we were hopeful that, Judge, you could give us some
12  guidance on what would be an appropriate scope for these
13  depositions and perhaps, more importantly, the duration.
14      As I said, they've all been deposed for a full day.  They

11:08:58

15  were all subjected to examination and cross-examination during
16  the arbitration hearing that was conducted in December.
17      And I hope I framed the question for you well enough, but,
18  if not, I'll be happy to answer any questions you may have.
19          THE COURT:  I think I understand the issue.

11:09:16

20      Let's hear from the plaintiff.
21          MR. MARCELO:  Thank you, Your Honor.
22      This is Christian Marcelo.
23      The first point I want to raise is this is actually an
24  issue that defendant had raised in Docket No. 87.  They answered

11:09:29

25  a single sentence about it, put it in a proposed order, but it's

```
                  been fully briefed.  And this conference call seems to be a
                  runaround trying to get a oral argument when none was requested.
                           But as to the merits of this request, there's two parallel
                  proceedings:  The arbitration, the federal case.  The
11:09:46          arbitration covered entirely different claims than the federal
                  case does.  We -- Bungie has not conducted any depositions of
                  the defendants in this federal case.  And that's all Bungie can
                  do is depose the defendants regarding Bungie's own claims and
                  the counterclaims in this case.
11:10:05               And I want to touch on one point that defendants' counsel
                  made, which is the agreement that discovery could be used from
                  the arbitration in the federal case.  So the agreement was
                  actually that those depositions, that if the testimony could be
                  used in both cases, but as defendants' counsel stated on the
11:10:22          record in that deposition, this is a quote from him, he said,
                  All witnesses called in connection with the federal case may
                  also be re-called in connection with the arbitration.  This goes
                  for you guys, too.
                       So that was defendants' counsel reserving his right to call
11:10:37          a witness both in the federal case and in the arbitration, and
                  that's what the parties agreed to.
                              THE COURT:  Mr. Marcelo, this is the judge.  It's
                  clear, is it not, that the depositions of these parties can be
                  used for all purposes in the federal case and the claims pending
11:11:01          before me, regardless of whether or not, to what extent, you can
```

```
11:11:29
```

1   re-depose the same witnesses.  You would agree that those
2   arbitration depositions, to the extent they're relevant here, in
3   this case, you wouldn't plow the same grounds.
4            MR. MARCELO:  Yes, Your Honor.  And we've made that
5   point to defendants that we intend to be entirely reasonable, we
6   don't intend to retread the same ground and that the testimony
7   from the arbitration depositions can be used in the federal
8   proceeding, but there are --
9                      (Cross talking.)
10           THE COURT:  But they're not --
11           MR. MARCELO:  -- issues --
12           THE COURT:  -- they're not --
13           MR. MARCELO:  -- not covered in the arbitration.
14           THE COURT:  As I recall, certain claims were referred
15  to arbitration, compelled to arbitration, and certain claims
16  remain here.
17      And with respect to the claims that remain here, clearly
18  you haven't had an opportunity to depose the defendants and that
19  opportunity will be given to you.
20      How much time do you need per witness?
21           MR. MARCELO:  Thank you, Your Honor.
22      So Bungie has already -- for Mr. Green and Mr. Conway, we
23  have scheduled half-day depositions and put them on the same
24  day.  And we think that's reasonable for both of them.
25      For Mr. May, we would like the full day available, though

```
                1   we do not know if it will be necessary; and that is largely, in

                2   part, due to the highly technical counterclaims that he has

                3   alleged here.

                4        And our understanding is that Mr. Schaefer is both Phoenix
11:12:52        5   Digital's 30(b)(6) witness and would be doing his own personal

                6   depositions, so we are happy to put that on the same day, if

                7   that understanding is correct.

                8             THE COURT:  All right.  Well, you understand that this

                9   impacts somewhat the motion to extend discovery, Docket 87.
11:13:17       10        How soon could those depositions you've described with that

               11   amount of time be scheduled?  And have you discussed scheduling?

               12             MR. MARCELO:  Yes, Your Honor.  We've requested

               13   availability for defendants on several occasions.  We have not

               14   yet received any dates of availability.
11:13:37       15        And multiple times we have scheduled the depositions.  At

               16   our last scheduling of the depositions, we were informed that

               17   defendants would not appear until this motion was resolved.

               18             THE COURT:  Well, had you noted them up?

               19             MR. MARCELO:  We did, Your Honor.
11:13:55       20             THE COURT:  All right.  Well, here's where I am on the

               21   motion to extend discovery by May 1st, that's Docket 87, we have

               22   some deadlines that are in place now.  The deadline for

               23   discovery motions is now March 13th, which is right about --

               24   almost -- we're on that one.  And the deadline for discovery
11:14:28       25   cutoff is, I believe, April 21.
```

1    I'm inclined to briefly continue both of those deadlines,
2 but not anywhere near the time that the defendant has suggested.
3 But I want to keep the deadline for the dispositive motions, and
4 that deadline is May 22.
5    And so, Mr. Mann, do you have any quarrel with the amount
6 of time and the people that the plaintiffs want to take in
7 connection with the claims in this case?
8    MR. MANN:  In principle, Your Honor, no.
9    I think I did want to have some sort of ground rules in
10 place, and that's why I'm happy we're having this discussion.
11 What I would ask is -- I can make these people available for the
12 times that -- whatever you order, Judge.
13    What I would like, to avoid having bothered you in the
14 future, is can we have an agreement that we will not be going
15 over familiar ground?  In particular, these witnesses were
16 examined extensively over what their connection is with Phoenix
17 Digital, what ownership interest they have, you know, what they
18 did to create the so-called cheats and so forth.
19    If we -- if these questions are directed to truly new
20 matter and is not going over things that have been asked
21 extensively in the past, I don't have a problem.  If it turns
22 into a full day of asking the same questions over and over
23 again, I prefer not to have to bother you again on that issue.
24    I don't know if that's making sense, but that's how we look
25 at it.

|  |  |
|---|---|
| 1 | THE COURT:  Clearly, there may be some slight overlap, |
| 2 | but it would certainly be my intent that these people -- these |
| 3 | folks, when they're deposed again, cover new material with |
| 4 | respect to the different claims.  And there is not a need to go |
| 5 | into some of the background and other matters which have already |
| 6 | been covered in the prior depositions. |
| 7 | Do you have any problem with that, Mr. Marcelo? |
| 8 | MR. MARCELO:  No, Your Honor. |
| 9 | And this is Mr. Marcelo. |
| 10 | No issues with that, and that was Bungie's intent. |
| 11 | THE COURT:  All right.  Well, you know, I -- there're |
| 12 | going to be, I'm sure, some questions that arguably lawyers can |
| 13 | argue about whether it was or was not covered before.  I think |
| 14 | let's get on with life and get these depositions taken. |
| 15 | Now, what I'm inclined to do is this.  Sounds like from the |
| 16 | plaintiffs wanting to take the depositions of the defendants, |
| 17 | you've listed who they are, I tried to write them down, but I'm |
| 18 | not going to limit your depositions in terms of either time or |
| 19 | who you take, but Mr. Mann is obviously going to be able to take |
| 20 | depositions that he wants to take in connection with the |
| 21 | plaintiff's various witnesses. |
| 22 | Is there any need for me to set a time schedule?  In other |
| 23 | words, how much time for -- you said Mr. Green one half day, my |
| 24 | writing is not so good, so give the second witness one half day, |
| 25 | and then Mr. Schaefer you wanted to cover one day.  And you have |

```
            1   maybe someone else that you wanted maybe a full day.  Is that
            2   kind of where you are?
            3           We're going to have a transcript, so you can put it on the
            4   record now and we'll hold you to it.
11:18:33    5           So, once again, from Mr. Marcelo, why don't you make a
            6   record of what you need.
            7                MR. MARCELO:  Certainly, Your Honor.
            8           Mr. Green and Mr. Conway both would be one half day,
            9   whether it's on the same day or separate days.
11:18:52   10           Mr. May would be a full day.
           11           And assuming we're correct that Mr. Schaefer is Phoenix
           12   Digital's corporate representative, then both the Phoenix
           13   Digital and Mr. Schaefer's deposition combined would be one day.
           14                THE COURT:  All right.  You in agreement with that,
11:19:11   15   Mr. Mann?
           16                MR. MANN:  In principle, yes, Your Honor, with the
           17   reservation that if -- and I certainly hope this doesn't happen,
           18   but if it does become abusive, that we would have the right to
           19   come back and see you again.  Once again, I hope that doesn't
11:19:25   20   happen.  But the short answer is, yes, I could live with that.
           21                THE COURT:  I'll look at it and if I agree with you,
           22   I'll order some sort of sanctions or attorneys' fees.
           23           So let's move on.
           24           Mr. Mann, how much discovery do you need to do?  Have you
11:19:44   25   talked with the plaintiff about what you want to do and when you
```

1    want to do it, how much time it's going to take?

2            MR. MANN:  What I would like -- thank you, Judge, this
3    is Philip Mann.

4       What I would like to do is I can do this fairly shortly,
5    I'd like to serve some document requests and interrogatories
6    directed toward the counterclaims.  I would like to take some
7    depositions at some point, you know, immediately thereafter.
8    And I would like to have sufficient time to file a discovery
9    motion, if needed.

10       And again, with the, you know, hope that we won't need to
11   bother you, but I would like to have sufficient time to file a
12   discovery motion if needed.  So if we figure 30 days -- well,
13   maybe if I get these things out next week, we have 30 days
14   thereafter, and then a week or so to decide whether a discovery
15   motion is necessary, something like that would be workable.

16           THE COURT:  Well, Mr. Mann, you've -- these
17   counterclaims were filed on September 16th, last year, Docket
18   63.  How many depositions have you taken so far?

19           MR. MANN:  We've taken one -- well, the counterclaims,
20   we couldn't get the answers.  They've been objecting to anything
21   relating to the counterclaims.  And we took a 30(b)(6)
22   deposition of them last fall.

23      I would like to take one more 30(b)(6) deposition directed
24   to the counterclaim issues.

25           MR. MARCELO:  And, Your Honor, if I may, this is

1  Christian Marcelo, that's not accurate.  The last discovery
2  request the defendant served was in August of 2022.  The last
3  deposition they took was October 2022.  We have heard nothing on
4  our discovery requests for depositions since that time.  It's
5  been six months and there has been nothing on discovery.
6      THE COURT:  All right.  That's what I understand the
7  record to be.
8      Here's what I'm going to do, folks, you work out the
9  details, but with respect to the motion to extend discovery at
10 Docket 87, I'm granting it in part and denying it in part as
11 follows.
12      MR. MARCELO:  Okay.
13      THE COURT:  First, the deadline for discovery motions
14 is extended from March 13 to March 30.  The deadline for
15 discovery is extended from April 21 to May 12.
16      The defendants' request to limit discovery only to the
17 counterclaims is denied.
18      There's a request for attorneys' fees, that is denied as
19 well.
20      Now, having done that and only granted part of the
21 extension that the defense has talked about, I want to ask the
22 plaintiffs whether we can shorten the time that they would need
23 to respond to any requests for production or interrogatories.
24      MR. MARCELO:  Your Honor, I would hesitate to say that
25 we can until we see the discovery requests themselves.  We

```
11:23:13
11:23:32
11:23:55
11:24:05
11:24:16
```

1  haven't been served with any new discovery requests to be able
2  to determine whether it's a burden on Bungie to collect those
3  documents.
4         THE COURT:  I understand.
5     All right.  Well, I think that's all we can do today, I
6  think.  Work it out.
7     The next time, if you have a problem and you haven't been
8  able to work it out, it will be an in-court hearing and someone
9  -- you should both bring your checkbooks, because I'll be
10 unhappy with one or both of you.  This is -- these are the kinds
11 of things that you shouldn't have to have a federal judge tell
12 you when you can take a deposition or how long the deposition
13 is.  You're both experienced -- you're all experienced
14 litigators, and you should be getting along a little better.
15    So I have nothing further to offer you other than a good
16 day.
17    And we'll be in recess.
18         MR. MARCELO:  Okay.  Thank you, your Honor.
19         MR. MANN:  Thank you, Judge.
20    One question, will you be issuing an order to summarize
21 these things or --
22         THE COURT:  We'll have minutes of the hearing.
23         MR. MANN:  Okay.  Thank you.  Thank you, Judge.
24         THE COURT:  All right.  We'll be in recess.
25         THE CLERK:  Thank you, everyone.

1     Court is in recess.
2              (Court recessed at 11:24 a.m.)
3                    C E R T I F I C A T E
4     I certify that the foregoing is a correct transcript from
5     the record of proceedings in the above-entitled matter.
6                    /s/ Marci E.C. Chatelain
7                    Marci E.C. Chatelain, CCR, RPR, RMR, CRR
                     Federal Court Reporter