THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; AND JAMES MAY,<br><br>　　　　Defendants. | No. 2:21-cv-811<br><br>PLAINTIFF BUNGIE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY RESPONSES<br><br>NOTE ON MOTION CALENDAR:<br>APRIL 14, 2023<br><br>**REDACTED - PUBLICLY FILED VERSION** |

REPLY ISO MOTION FOR SANCTIONS AND
TO COMPEL
(No. 2:21-cv-811)

161789543.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT .................................................................................................................. 1

    A.   Defendants' Spoliation .......................................................................................... 1

        1.   Phoenix Digital Defendants' Spoliation ................................................... 2

        2.   May's Spoliation ....................................................................................... 4

    B.   Defendants' Refusal to Produce Bitcoin Transaction Information .................. 5

III.  CONCLUSION ............................................................................................................... 7

REPLY ISO MOTION FOR SANCTIONS AND
TO COMPEL – i
(No. 2:21-cv-811)

161789543.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*,
   300 F. Supp. 3d 1073 (S.D. Cal. 2017) ................................................................................... 4

*E.E.O.C. v. Fry's Elecs., Inc.*,
   874 F. Supp. 2d 1042 (W.D. Wash. 2012) ............................................................................... 2

*E.E.O.C. v. Pac. Com. Equip., Inc.*,
   No. C04-940Z, 2005 WL 1533104 (W.D. Wash. June 28, 2005) ........................................... 5

*Hearne v. HUB Bellevue Props., LLC*,
   No. 16-1010-JCC, 2020 WL 2512872 (W.D. Wash. May 15, 2020) ...................................... 2

*Perez v. United States Postal Serv.*,
   No. C12-315 RSM, 2014 WL 10726125 (W.D. Wash. July 30, 2014) .................................. 2

*Powell v. DEF Express, Inc.*,
   265 F. App'x 672 (9th Cir. 2008) ............................................................................................ 3

*Spivak v. Alphabet Inc.*,
   No. C20-1480 MJP, 2021 WL 535211 (W.D. Wash. Feb. 12, 2021) ...................................... 1

*United States v. $40,955.00 in U.S. Currency*,
   554 F.3d 752 (9th Cir. 2009) ................................................................................................... 3

*United States v. Kitsap Physicians Serv.*,
   314 F.3d 995 (9th Cir. 2002) ................................................................................................... 3

**RULES**

Fed. R. Civ. P. 37(a) ....................................................................................................................... 5

Fed. R. Civ. P. 37(d) ....................................................................................................................... 5

REPLY ISO MOTION FOR SANCTIONS AND
TO COMPEL – ii
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161789543.2

## I. INTRODUCTION

The Court should grant Bungie's motion for sanctions. Defendants have destroyed key evidence related to the sale, promotion, and operation of the Cheat Software, and the basis for James May's counterclaims. Defendants have withheld documents related to transactions between the Defendants and payments to the alleged developer of the Cheat Software and purchaser of the AimJunkies.com website. And Defendants have generally impeded Bungie's attempts to conduct discovery, not even attempting to justify their deposition conduct.

Defendants' actions require sanctions in order to alleviate the prejudice caused to Bungie, and deter future vexatious and bad faith conduct.

## II. ARGUMENT

Bungie requests relief for three related discovery issues: (1) conduct during the March 20, 2023 deposition of Phoenix Digital; (2) spoliation of evidence; and (3) Defendants' failure to produce relevant financial records and information.

Defendants completely ignore the first issue regarding Schaefer and his counsel's deposition conduct. *See* Mot. at 5-7, 12-13; *c.f.* Dkt. No. 107 ("Response"). Their conduct is inexcusable, and their tacit admission is sufficient reason to grant Bungie's Motion on that issue. *See, e.g.*, *Spivak v. Alphabet Inc.*, No. C20-1480 MJP, 2021 WL 535211, at *7 (W.D. Wash. Feb. 12, 2021) ("[I]n opposing [the] motion, [the opposing party] makes no specific response on this issue, which can be construed as evidence [that the moving party's] position has merit.").

The Court should also grant Bungie's requested relief on the other two categories.

### A. Defendants' Spoliation

There is no dispute that Defendants had notice to preserve evidence, that they destroyed or failed to preserve such evidence, that such evidence is relevant, and that they *continue* to destroy evidence. Moreover, as Judge Cox found and as confirmed by Defendants' testimony and conduct,

REPLY ISO MOTION FOR SANCTIONS AND
TO COMPEL
(No. 2:21-cv-811)

161789543.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Defendants' spoliation was not "done innocently." Final Award at 20. Defendants' excuses, largely recycled from the arbitration, fare no better this time around.

### 1. Phoenix Digital Defendants' Spoliation

Schaefer, Conway, and Green—as members of Phoenix Digital—concede they had notice of potential litigation because they received Bungie's November 4, 2020 letter. Resp. at 5; Marcelo Decl., Exs. B-D. The letter expressly demanded that Defendants preserve all evidence related to Bungie's claims and specifically demanded that Defendants "disable any automated system" that would delete such evidence. *Id.* On November 20, 2020, Defendants responded with a letter falsely claiming to have sold the AimJunkies.com website, and threatening to themselves "seek legal relief." Suppl. Marcelo Decl., Ex. R; Final Award at 4 (letter to Bungie "contains the blatantly false statement regarding sale of the Aimjunkes website"). On December 11, 2020, Bungie then sent *another* letter demanding evidence be preserved. Suppl. Marcelo Decl., Ex. S. Defendants thus knew that there was a potential for legal action and that they had a duty to preserve evidence. Marcelo Decl, Ex. E (October 28, 2022, Schaefer Dep. Tr.) at 264:7-265:9. Nonetheless, Defendants destroyed all records relating to the Cheat Software. *Id.*, Ex. F (October 31, 2022 Schaefer 30(b)(6) Dep. Tr.) at 104:6-106:4.

Courts routinely find that similar circumstances, including receipt of a demand letter, create a duty to preserve evidence. *See Hearne v. HUB Bellevue Props., LLC*, No. 16-1010-JCC, 2020 WL 2512872, at *4 (W.D. Wash. May 15, 2020) (holding that letter sent by plaintiff to defendant prior to commencement of legal action with litigation hold language triggered duty to preserve); *Perez v. United States Postal Serv.*, No. C12-315 RSM, 2014 WL 10726125, at *3 (W.D. Wash. July 30, 2014) ("Letters threatening or providing notice of potential litigation can trigger the duty to preserve."); *E.E.O.C. v. Fry's Elecs., Inc.*, 874 F. Supp. 2d 1042, 1044 (W.D. Wash. 2012).

Defendants' cases are inapposite. In both *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752 (9th Cir. 2009) and *United States v. Kitsap Physicians Serv.*, 314 F.3d 995 (9th Cir. 2002), no letter or other communication alleging legal claims or demanding preservation of

REPLY ISO MOTION FOR SANCTIONS AND
TO COMPEL
(No. 2:21-cv-811) –2
161789543.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

evidence was provided. And in *Powell v. DEF Express, Inc.*, 265 F. App'x 672 (9th Cir. 2008), the party did not have possession or control of the destroyed evidence. Here, there is no question that Defendants received the letters and had control of the website and financial records.

The destroyed documents are also plainly relevant. The deleted financial records and website information tracking the sales of the Cheat Software relate to damages. Defendants claim that "[t]he sales figures are not in dispute" because Defendants "never denied receiving approximately $43,000" from the sale of the Cheat Software. That is both wrong and nonsensical. Indeed, the $43,000 figure comes from the records Bungie was able to obtain from third parties, but does not include data from destroyed records (such as the shredded Bitcoin records). Additionally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. H (Conway Dep. Tr.) at 103:23-104:10, but Defendants destroyed that data too. Ex. F (October 31, 2022 Schaefer 30(b)(6) Dep. Tr.) at 104:6-106:4.

Moreover, Defendants have actively obfuscated their financial records and sales, including by withholding financial records, submitting false declarations, and providing incomplete discovery responses. Schaefer submitted a declaration under oath that the "overall sales" of the Cheat Software "were $25,748.00," Dkt. 28-5 ¶ 8, when in fact the sales were at least nearly double that amount. In response to interrogatories, he failed to identify Bitcoin and other payment processors as a source of data regarding sales of and revenue from the Cheat Software. *Compare* Ex. N (Response to Interrogatory No. 7 identifying PayPal and Stripe as payment processors) *with* Ex. E 60:6-13 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).[1] Defendants' deletions of the financial records impair Bungie's ability to determine the exact number of sales of the Cheat Software, and sanctions are appropriate.

---

[1] Judge Cox noted such deceptions, among others, were the basis for finding Schaefer was not a credible witness. Final Award at 4-5.

REPLY ISO MOTION FOR SANCTIONS AND TO COMPEL
(No. 2:21-cv-811) –3
161789543.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1     The other records deleted from AimJunkies.com regarding the Cheat Software (including
2  the loader) are also highly relevant. Despite being on notice of Bungie's legal claims, Defendants
3  deleted everything regarding the Cheat Software. Ex. F (October 31, 2022 Schaefer 30(b)(6) Dep.
4  Tr.) at 104:6-106:4.

5     Defendants struggle mightily to separate the *Destiny 2* cheat software from the loader, but
6  they are a packaged unit. As the Defendants know, the *Destiny 2* cheat cannot operate without the
7  loader, which injects the cheat into the *Destiny 2* process. *See, e.g.*, Dkt. 36 (May 19, 2022 Kaiser
8  Decl.) ¶¶ 15, 18, 21; Suppl. Marcelo Decl., Ex. T (October 28, 2022 Schaefer Dep. Tr.) at 103:9-
9  104:5 ███████████████████████████████████████████████. Defendants
10 had a clear duty to preserve records relating to the Cheat Software and the loader software, and
11 their destruction of such records constitutes spoliation.

12    Finally, Defendants argue that the deleted marketing images used to promote the Cheat
13 Software are irrelevant because Defendants do not dispute "use of the Destiny 2 mark" and are
14 instead asserting a "fair use" defense. A "fair use" defense requires evidence showing *how*
15 Defendants used the DESTINY 2 mark, including how much of the mark was used and whether
16 any other context suggests affiliation with the trademark holder. *Dr. Seuss Enterprises, L.P. v.*
17 *ComicMix LLC*, 300 F. Supp. 3d 1073, 1090 (S.D. Cal. 2017) (finding no fair use where defendant
18 used "the exact font" of the trademark). In these circumstances, Bungie is entitled to an inference
19 that Defendants' admitted use of Bungie's mark (Resp. at 10)—both the amount and context of
20 such use—does not support a finding of fair use.

21    **2.    May's Spoliation**

22    May also destroyed evidence well after he had a duty to preserve it. He wiped four hard
23 drives nearly a year into this litigation because he incorrectly believed that Bungie accessed them.
24 *See* Resp. at 10-11. That alleged "accessing" of May's files is the basis for his pending
25 counterclaims, and Bungie should have been allowed to review May's files and hard drives, and
26 their metadata. While May now claims that he "transferred files" before wiping the hard drives,

REPLY ISO MOTION FOR SANCTIONS AND
TO COMPEL
(No. 2:21-cv-811) –4
161789543.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

his deletions still removed all metadata from those hard drives. Moreover, May has only identified and produced copies of *five* files that were allegedly accessed. Suppl. Marcelo Decl. ¶ 5. To the extent May alleges that Bungie improperly accessed any of the other files on the four drives he irrevocably wiped or the drives themselves, those claims should be precluded.

B.   **Defendants' Refusal to Produce Bitcoin Transaction Information**

Bungie has spent nearly a year attempting to get fulsome responses and document productions regarding Defendants' financial records for the Cheat Software. *See* Marcelo Decl., Exs. M-O. Defendants not only refuse to produce such information but also admit to continuing to "shred" the evidence. Defendants' excuses can be easily dismissed.

Defendants claim that the parties did not confer regarding this issue. Not so. As already explained, "Bungie sent letters to Defendants on August 16, 2022 and November 3, 2022 regarding their deficient responses, and held conferences with Defendants' counsel on August 24, 2022 and November 11, 2022[.]" Mot. at 11; *see also* Marcelo Decl., Exs. P, Q. And, despite Defendants' repeated deposition testimony confirming that such information exists (*see, e.g*, Marcelo Decl., Ex. E (October 28, 2022 Schaefer Dep. Tr.) at 166:14-167:8 (█████████████████████████████████████); Ex. L (March 20, 2023 Schaefer 30(b)(6) Dep. Tr.) at 108:20-111:10), Defendants never produced any such information and claimed "no documents exist." Marcelo Decl., Ex. Q. The parties were thus at an impasse and the requirements of Rule 37 were satisfied.[2]

The withheld documents are also clearly relevant and discoverable. Schaefer, Phoenix Digital, and May each used Bitcoin in connection with cheats distributed on AimJunkies.com.

---

[2] Should Defendants argue that Bungie was required to confer before seeking sanctions, they are wrong. Rule 37 requires a conference regarding motions to compel document production or responses. Fed. R. Civ. P. 37(a), 37(d); LCR 37(a)(1). Sanctions for discovery conduct and spoliation have no such requirement and they are granted under the Court's inherent authority. *See, e.g.*, *E.E.O.C. v. Pac. Com. Equip., Inc.*, No. C04-940Z, 2005 WL 1533104, at *2 (W.D. Wash. June 28, 2005) (granting sanctions for deposition conduct under Court's inherent authority). Moreover, as Defendants have opposed all requested relief, the purpose of conferral is moot Rule 37, 1993 Advisory Notes (conferral requirement meant to avoid expenses "for filing a motion that could have been avoided by conferring with opposing counsel").

REPLY ISO MOTION FOR SANCTIONS AND
TO COMPEL
(No. 2:21-cv-811) –5
161789543.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Marcelo Decl., Ex. K (May Tr.) at 10:10-11:3; Ex. T (October 28, 2022 Schaefer Dep. Tr.) at 65:18-66:6. And consumers purchased the Cheat Software using Bitcoin. Marcelo Decl., Ex. E 60:6-13. Thus, records of Defendants' Bitcoin transactions would evidence sales of the Cheat Software and Defendants' profits—which Defendants concede is relevant. *See* Resp. at 13.

Bitcoin transactions with Andreas Banek are similarly relevant. Defendants claim that Banek was the developer of the Cheat Software, that he was paid 50% of the profits from the sale of the Cheat Software, and that he was paid exclusively in Bitcoin. Marcelo Decl., Ex. L (March 20 Schaefer Tr.) at 109:25-111:12; Ex. T (October 28, 2022 Schaefer Dep. Tr.) at 141:4-16. Moreover, Defendants allegedly sold the AimJunkies.com website to Banek *during this litigation* and have hidden behind that fact as an excuse to avoid producing documents. *See* Marcelo Decl., Ex. T (October 28, 2022 Schaefer Dep. Tr.) at 159:23-161:1. Defendants frame Bungie's demand for this information as an attempt to force "David Schaefer to set up and lure [Banek] into revealing his identity." This argument is inaccurate. Transactions with Banek are relevant to, at a minimum, Defendants' sales of the Cheat Software and profits. Moreover, no "luring" has been requested, nor is it required -- Bungie is simply requesting the production of relevant and responsive documents Schaefer admits are in his possession so that it can investigate Defendants' claims concerning Banek.

Finally, Defendants assert that their profits are irrelevant because sales of the Cheat Software are not in dispute. As discussed above, that is simply false. *See supra* at Section II.A.1. More to the point, the argument makes no sense: any sales using Bitcoin would *add* to the gross revenue and increase potential damages.

Bitcoin transactions are plainly relevant, and Defendants have testified they *still* maintain those wallets; they should be compelled to produce all documents relating to those wallets including the Bitcoin wallet IDs for Schaefer, May, Phoenix Digital and Banek.

REPLY ISO MOTION FOR SANCTIONS AND TO COMPEL
(No. 2:21-cv-811) –6

161789543.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### III.   CONCLUSION

Bungie respectfully requests an order entering an adverse inference against Defendants regarding the deleted evidence, compelling responses to Bungie's discovery requests, and awarding monetary sanctions for Defendants' spoliation and deposition conduct.

I certify that this memorandum contains 2,089 words, in compliance with the Local Civil Rules.

**Civil Rule 37 Certification:**

Counsel for Plaintiff certifies that their counsel held conferences with Defendants' counsel on August 24, 2022 and November 11, 2022 regarding, among other things, Defendants failure to produce Bitcoin-related records. Defendants' counsel stated that no such records exist, and Defendants have not produced any Bitcoin-related records.

Dated: April 14, 2023

By: *s/William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

REPLY ISO MOTION FOR SANCTIONS AND TO COMPEL
(No. 2:21-cv-811) –7
161789543.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000