THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-00811-TSZ <br><br> BUNGIE, INC.'S MOTION FOR PROTECTIVE ORDER <br><br> NOTE ON MOTION CALENDAR: APRIL 28, 2023 |

BUNGIE'S MOT. FOR PROTECTIVE ORDER
(No. 2:21-cv-00811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161867044.2

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................................................. 1

II.    BACKGROUND ............................................................................................................... 1

III.   ARGUMENT ..................................................................................................................... 3

       A.     Legal Standard ....................................................................................................... 3

       B.     John Doe's Name Should Remain Highly Confidential ........................................ 4

IV.    CONCLUSION .................................................................................................................. 7

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – i
(No. 2:21-cv-00811-TSZ)

161867044.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alaska Cmty. Action on Toxics v. Aurora Energy Servs., LLC*,
  No. 3:09-cv-255-TMB, 2012 WL 12537418 (D. Alaska May 7, 2012) ....................... 3, 4, 6, 7

*Bell v. Lee*,
  No. 13-cv-5820-SI, 2017 WL 1316938 (N.D. Cal. Apr. 10, 2017) .......................................... 3

*Everyday Discount, Inc. v. State Farm Gen. Ins. Co.*,
  No. CV 18-902-GW, 2018 WL 11346535 (C.D. Cal. Oct. 30, 2018) ............................... 4, 6, 7

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ............................................................................................... 3

*Geller v. Von Hagens*,
  278 F.R.D. 572 (S.D. Cal. 2011) ........................................................................................... 4

*In re Roman Catholic Archbishop of Portland in Or.*,
  661 F.3d 417 (9th Cir. 2011) ............................................................................................. 3, 4

*Sargent v. City of Seattle*,
  No. C12-1232 TSZ, 2013 WL 1898213 (W.D. Wash. May 7, 2013) ..................................... 3

**RULES**

Fed. R. Civ. P. 26(c) ..................................................................................................................... 3

Fed. R. Civ. P. 26(c)(1)(D) ........................................................................................................... 3

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – ii
(No. 2:21-cv-00811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161867044.2

## I. INTRODUCTION

Bungie seeks an order protecting from Defendants the identity of one member of Bungie's Product Security Team, referred to herein as "John Doe."[1] Bungie does not seek to prevent Defendants from deposing John Doe in this case or from attending that deposition. It simply seeks to restrict disclosure of John Doe's identifying information from Defendants. And John Doe has numerous compelling reasons for wanting to remain anonymous, including that anonymity protects his personal safety and is necessary for his professional responsibilities. John Doe's identity is also entirely irrelevant to any claims or defenses at issue. Indeed, in the parallel arbitration proceeding, Defendants agreed to proceed exactly as this Motion proposes and examined John Doe during the arbitration hearing while maintaining his anonymity, without issue. There is no good reason to now deviate from this previously agreed-upon practice.

## II. BACKGROUND

On June 15, 2021, Bungie filed a complaint in this Court asserting nine causes of action concerning Defendants' distribution and sale of cheat software for Bungie's *Destiny 2* video game (the "Cheat Software"). Dkt. No. 1. After this Court referred six causes of action to binding arbitration on Defendants' request, and after a four-day evidentiary hearing from December 19-21, 2022, Judge Cox found Defendants liable on all six of Bungie's claims. Dkt. No. 89-1 ("Final Award").

John Doe is a member of Bungie's Product Security Team, which, among other things, investigates and prevents malicious use of Bungie's software. Doe Decl. ¶¶ 1, 6. The Product Security team is led by Dr. Edward Kaiser. *Id.* ¶ 2. At his October 4, 2022 deposition, Defendants questioned Dr. Kaiser regarding John Doe's involvement in this case, which is minimal and relates to only one issue: John Doe purchased a subscription to the Cheat Software in January 2020 and operated the Cheat Software as intended to confirm that it was Cheat Software. *Id.* As John Doe's

---

[1] The declaration of John Doe ("Doe Decl.") is attached, will be filed under seal, and is designated as Highly Confidential pending the resolution of this Motion.

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – 1
(No. 2:21-cv-00811-TSZ)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161867044.2

team lead, Dr. Kaiser had been informed of and testified about the relevant information regarding John Doe's involvement and connection to the purchase of the Cheat Software. *Id.* At that time, Bungie designated, and Defendants did not object to, John Doe's identity (and other employees at Bungie) as Highly Confidential[2] under the parties' Stipulated Protective Order in this case.

Defendants also called John Doe as a witness at the arbitration hearing. Final Award p. 2. In that context, Defendants had agreed that Bungie could retain the Highly Confidential designation on John Doe's identity and that he could testify anonymously. The parties agreed to, and Judge Cox approved, the following written stipulation:

> The identity of the witness identified as [John Doe] in Respondents' witness list, if called as a witness, will be shared only with Respondents' counsel and the Arbitrator. The witness will testify by video if called. Respondents may be present for the witness's testimony. If the content of the testimony reveals personally identifiable information of the witness, such as the witness's name, that limited testimony will only be shared with Respondents' counsel and the Arbitrator.

Final Award p. 2.

Defendants examined John Doe with no issues.

On April 6, 2023, Defendants served Bungie with a notice of deposition for John Doe. Bungie again designated the identity of John Doe as Highly Confidential under the parties' Stipulated Protective Order, but did not otherwise object to John Doe's deposition. Declaration of Jacob P. Dini ("Dini Decl."), Ex. A. For the first time since Defendants learned of John Doe, however, Defendants challenged the Highly Confidential designation of John Doe and their identifying information. *Id.* The parties conferred on April 12, 2023 concerning the designation, and while Defendants did not object to a Confidential designation of John Doe's identity, the parties disagreed concerning the Highly Confidential designation. John Doe's deposition is currently set for May 3, 2023. Dini Decl., Ex. B.

---

[2] As relevant here, "Highly Confidential" means "information otherwise meeting the definition of 'Confidential,' the disclosure of which to another party or non-party the disclosing party reasonably believes would likely result in competitive, commercial, financial, or other harm to the disclosing party or its clients or potential clients." Dkt. No. 60 ¶ 2.2. "Highly Confidential" information may not be disclosed to the receiving party itself. *Id.* at ¶ 4.3.

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – 2
(No. 2:21-cv-00811-TSZ)
161867044.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# III. ARGUMENT

## A. Legal Standard

A party from whom discovery is sought may move for a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden and or expense." Fed. R. Civ. P. 26(c)(1)(D). The Court may grant a protective order upon a showing of good cause, "which has been characterized by the Ninth Circuit as 'showing that specific prejudice or harm will result if no protective order is granted.'" *Sargent v. City of Seattle*, No. C12-1232 TSZ, 2013 WL 1898213, at *1 (W.D. Wash. May 7, 2013) (Zilly, J.) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

Courts regularly order that a witness's name may be protected from disclosure completely or designated as "attorneys' eyes only" where the evidence shows that specific prejudice or harm would result from a lesser designation. *Alaska Cmty. Action on Toxics v. Aurora Energy Servs., LLC*, No. 3:09-cv-255-TMB, 2012 WL 12537418, at *3 (D. Alaska May 7, 2012) (granting protective order restricting disclosure of witness names due to potential for "embarrassment or annoyance" likely to result from disclosure); *Bell v. Lee*, No. 13-cv-5820-SI, 2017 WL 1316938, at *1–2 (N.D. Cal. Apr. 10, 2017) (ordering party to disclose documents identifying witnesses under "attorneys' eyes only" designation due to witnesses' fear of retaliation if identified by requesting party). The moving party must come forward with "specific examples or articulated reasoning" to satisfy Rule 26(c). *Alaska Cmty. Action on Toxics*, 2012 WL 12537418, at *2 (quoting *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011)). Factors that the court should consider in such a request include: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – 3
(No. 2:21-cv-00811-TSZ)

161867044.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

(7) whether the case involves issues important to the public." *Id.* (quoting *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d at 424 n.5).

The Court may also consider the requesting party's need for the information sought to be protected. *Id.* (citing *Geller v. Von Hagens*, 278 F.R.D. 572, 575 (S.D. Cal. 2011)). For example, where a plaintiff demonstrated that substantive information redacted from a police report from a witness that requested to remain anonymous was relevant to its claims, the information was ordered disclosed. *Everyday Discount, Inc. v. State Farm Gen. Ins. Co.*, No. CV 18-902-GW (PLAx), 2018 WL 11346535, at *4 (C.D. Cal. Oct. 30, 2018). In contrast, the court ordered that **the name and identifying information of the witness could remain redacted** on the basis of "privacy" because "plaintiff ha[d] not demonstrated its need for the *identity* of the witness." *Id.* (emphasis in original).

Similarly, an order protecting witnesses' identities was upheld because, in part, "Defendants' need for the information [was] minimal" where the defendants' counsel had already inquired about and received answers concerning what the witnesses reported, why they wished to remain anonymous, and what plaintiff's representative did with the information provided by the witnesses. *Alaska Cmty. Action on Toxics*, 2012 WL 12537418, at *4 ("This opportunity was sufficient for Defendants to test [plaintiff's representative's] credibility and explore the circumstances of his observations.").

**B.     John Doe's Name Should Remain Highly Confidential**

John Doe's name should remain Highly Confidential in this case because disclosure to Defendants is likely to result in annoyance, embarrassment, and/or oppression, and John Doe's name has no apparent probative value to Defendants' claims or defenses. Each of the Ninth Circuit's protective order factors favors Bungie.

John Doe has a legitimate privacy interest in remaining anonymous to Defendants. John Doe has taken significant steps to protect their real identity from those who might access it online, including by using an alias and restricting permissions on who, if anyone, may access their

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – 4
(No. 2:21-cv-00811-TSZ)
161867044.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

identifying information. Doe Decl. ¶ 3. Anonymity is also essential to their role at Bungie investigating malicious users of Bungie's software. *Id.* at ¶ 7.

Concrete and immediate personal safety concerns also require anonymity. John Doe has been involved in several investigations where threats were made to other Bungie employees, including voicemails and text messages on the employees' personal phone numbers, as well as the delivery of pizza to one employee's home address without their knowledge or consent in conjunction with unsolicited, racist, and threatening phone calls to the employee and his spouse. Doe Decl. ¶ 6, Ex. A; Dini Decl., Ex. G (*Bungie, Inc., et al. v. TextNow Inc.*, No. CV-22-682808, 2022 ONSC 4181 (CanLII July 15, 2022)). Such threats are not uncommon, unfortunately. As detailed in a Complaint filed by Bungie in this Court last year, a *Destiny 2* user who was banned for using cheat software made threats targeting Bungie and its employees, tweeting about his desire to "burn down" Bungie's office building, and declaring that specific Bungie employees were "not safe" given the defendant's intent to move into their neighborhood. *See* Dini Decl., Ex. C (*Bungie, Inc. v.* ▓▓▓▓, Case No. 2:22-cv-00981-RAJ, Dkt. 1 (Complaint)) ¶¶ 54-64.

John Doe's fears that this privacy interest may be violated by Defendants have been reinforced by Defendants, as follows:

- At his October 31, 2022 deposition in the arbitration, Schaefer threatened to harass John Doe *specifically*, stating: "just wait until we open up your people because then when I go to the guy that bought the cheat and I have my lawyer ask him who his girlfriend might have been or when was or where they rented from at the time or what they did together, let's see what his fucking answers are." Dini Decl., Ex. D (Schaefer Oct. 31, 2022 30(b)(6) Tr.) at 28:12-17.[3]

---

[3] Schaefer's comments occurred when Bungie questioned Schaefer about "Lisa Holliday," (a/k/a "Lisa's Repair" or "Lisa Holly") who appeared on Phoenix Digital's PayPal account transaction history as receiving what appeared to be LLC manager draws, the same as the other owners of Phoenix Digital, Mr. Conway and Mr. Green. Dini Decl., Ex. D (Schaefer October 31, 2022 30(b)(6) Tr.) at 28:1-30:8. As Schaefer's testimony confirmed, Lisa Holliday did receive Schaefer's monthly LLC manager draw from Phoenix Digital. Dini Decl., Ex. F (Schaefer October 28, 2022 Tr.) at 145:17-146:19.

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – 5
(No. 2:21-cv-00811-TSZ)

161867044.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

- Schaefer doubled-down later in the same deposition, testifying that the only reason Defendants want John Doe's name is to facilitate abuse: "see what they got hiding in their closets," because "I know those engineers over there [at Bungie] when we open them up, they're not exactly going to say nice things either." Dini Decl., Ex. D (Schaefer Oct. 31, 2022 30(b)(6) Tr.) at 29:6–11.

- Finally, at a recent deposition in this case, while John Doe's name was still designated Highly Confidential by Bungie, Schaefer was advised by his counsel that Defendants "do not have to play around with any of the faking the names. If you remember the names of the person who did it [accepted AimJunkies.com's Terms of Service], just say it. We're -- enough of this. We're not going to sit here and try and protect the guilty by using fake names." Dini Decl., Ex. E (Schaefer March 20, 2023 30(b)(6) Tr.) at 44:3–8.

Of course, **with Defendants' agreement**, John Doe's name had been designated Highly Confidential since at least October 4, 2022, up to and including John Doe's testimony during the December 2022 arbitration hearing, and Schaefer should not have ever known John Doe's name such that he might "remember" it.

John Doe's name is also not relevant to any issue and is not necessary for any proper purpose. On the other hand, as well illustrated above, Defendants have indicated they want their name and other personal information for an improper purpose; namely, to harass and embarrass John Doe.

As in *Everyday Discount* and *Alaska Cmty. Action on Toxics*, Defendants do not have any need for John Doe's real name and identifying information in this case, which is the *only* information that Bungie seeks to keep protected by a Highly Confidential designation. Defendants have already cross-examined John Doe once during the arbitration hearing, and Bungie is again making John Doe available for a deposition on May 3. Final Award p. 2; Dini Decl., Ex. B. Defendants' counsel will have ample opportunity to ask them questions as relevant to the case,

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – 6
(No. 2:21-cv-00811-TSZ)
161867044.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

"test [their] credibility, and explore the circumstances of [their] observations." *Alaska Cmty. Action on Toxics*, 2012 WL 12537418, at *4. Defendants themselves do not need to know the identity of John Doe in order to effectively litigate these claims. *Everyday Discount, Inc.*, 2018 WL 11346535, at *4.

Each of the remaining Ninth Circuit factors weighs in favor of the Highly Confidential designation. John Doe is not a public official, their identity is not important to the public, and their name and identifying information is entirely unrelated to public health and safety. Moreover, the requested protective order is narrowly tailored to protect only John Doe's legitimate privacy interests, and therefore promotes fairness and efficiency. To be clear, Bungie does not object to or seek an order preventing John Doe's deposition or Defendants' presence during that deposition, aside from any questions that may reveal John Doe's personally identifying information or other Highly Confidential information. John Doe has previously testified under condition of anonymity—pursuant to an agreement with Defendants—in the parallel arbitration proceeding with Defendants present and without issue. Final Award p. 2. Bungie simply seeks a similar order in this case limiting disclosure of only John Doe's real name and identifying information to Defendants' counsel on an "attorneys' eyes only" basis.

## IV.   CONCLUSION

Bungie respectfully requests a protective order designating John Doe's name and other identifying information as Highly Confidential under the parties' Stipulated Protective Order (Dkt. No. 60).

I certify that this memorandum contains 2,390 words, in compliance with the Local Civil Rules.

BUNGIE'S MOT. FOR
PROTECTIVE ORDER – 7
(No. 2:21-cv-00811-TSZ)
161867044.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**LCR 26(c) Certification**

Counsel for Bungie certifies that it held a teleconference with Defendants' counsel on April 12, 2023 regarding maintaining John Doe's name as Highly Confidential under the parties' Stipulated Protective Order (Dkt. No. 60). While Defendants' counsel stated they did not have objections to maintaining John Doe's name as Confidential, the parties disagreed as to the appropriateness of the Highly Confidential designation.

Dated: April 20, 2023

By: *s/ William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

BUNGIE'S MOT. FOR PROTECTIVE ORDER – 8
(No. 2:21-cv-00811-TSZ)
161867044.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000