THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC., a Delaware corporation,

Plaintiff

v.

AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,

Defendants.

Cause No. 2:21-cv-0811 TSZ

**DEFENDANTS' OPPOSITION TO BUNGIE'S MOTION FOR PROTECTIVE ORDER**

**Note on Motion Calendar: April 28, 2023**

Defendants hereby oppose Bungie's Motion for Protective Order (Dkt.# 116) for reasons stated herein.

## ARGUMENT

### A. Bungie Misstates The Issue

The question here is not whether the identity of "John Doe" should be made public (Defendants are and remain willing to treat his name, background and other information as "Confidential"). Rather, it is whether Bungie can properly keep secret from Defendants such things as (1) who John Doe actually is, (2) where he has worked, (3) what experience he has and (4) how, if at all, he has previously interacted with Defendants. By prohibiting disclosure of such information to Defendants, Defendants cannot adequately prepare a defense, cannot locate information that might



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

be material to "John Doe's" credibility or bias, and cannot even determine whether "John Doe" was once affiliated with or otherwise connected with Defendants and/or their business. Indeed, for all they know, "John Doe" may currently be working with Defendants as an affiliate, contractor or otherwise.

**B. "John Doe" Is Not The Type Of Witness Entitled To Anonymity**

Established case law permits keeping the identity of testifying witnesses secret only under limited and well-established circumstances. Such circumstances involve witnesses such as undercover police, criminal informants, prisoners fearing reprisals for giving testimony, members of the special forces, and the like. *See, e.g., United States v. Hernandez,* 608 F.2d 741 (9th Cir. 1979).

"John Doe" apparently is simply just a Bungie employee and *not* a secret government informant, prison inmate, underworld figure, or other person who might conceivably be in actual danger if his name were to be revealed. There is no legitimate reason he should be shielded from the ordinary procedures and obligations that normally apply to any witness testifying in a civil matter filed in open court.[1]

**C. Defendants Are Not Bound By Prior Hearings Or Protective Order**

Rather than support Bungie's arguments, the Arbitration hearing referenced by Bungie demonstrated with real-world experience the unworkability of trying to keep secret the actual identity of "John Doe" at trial. Indeed, this highly unusual procedure restricted Defense counsel's ability to conduct an open, full, and naturally flowing cross-examination by requiring counsel to refer to the witness with a pseudonym rather than his actual name. This also required Defense counsel to be careful in framing questions and choosing words to avoid revealing, in front of Defendants (who obviously had the right to view and participate in their own trial), potentially revealing information that was required to be kept from Defendants.

1 It should not be forgotten that it was Bungie *itself* that filed this case in open court and, thus, voluntarily elected to pursue and resolve this matter in the public arena.



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

Nor does the fact that there is a Protective Order in place in this case control here. Paragraph 6.1 of the Protective Order (Dkt.# 60) expressly provides that, "Any party or non-party may challenge a designation of confidentiality at any time." Defendants have followed the procedures specified under the Protective Order for challenging Bungie's "Highly Confidential" designation of "John Doe's" identity, and there is absolutely no factual or legal basis for Bungie's illusory argument that Mr. Doe's identity must remain "Highly Confidential" simply because Defendants stipulated to entry of the Protective Order. Paragraph 6.1 of the Protective Order itself gives lie to any such claim.

As "John Doe's" testimony is vital and material to the issues in this case and is largely the basis for the claims made against Defendants in this case, Defendants have a right to know who "John Doe" is, what his background is, what experience he has, whether he has compromised his credibility in the industry, whether he is already known to Defendants, whether he has a grievance with Defendants or even whether has previously been associated with Defendants.

**D. "John Doe's" testimony is critical to the issues in this case**

"John Doe's" testimony goes directly to important and critical issues in this case, and Defendants have a right to a full and complete examination of the credibility of his testimony, including who he is and where he lives. See, *Smith v. Illinois*, 390 U.S. 129, 131 (1968):

> [W]hen the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be **to ask the witness who he is and where he lives.** The witness' name and address open countless avenues of in-court examination and out-of-court investigation. **To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.**

*Id.* (Emphasis supplied.)



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

In particular, "John Doe" purports to be a member of Bungie's internal "Product Security Team" and, among other things, is charged with investigating accused "cheaters" such as Defendants. "John Doe" is the Bungie employee who has previously testified that he, using a fictitious name, set up a PayPal account (in violation of PayPal's policy against using fake names) and thereafter acquired the "Cheat Software" at issue here from the Defendants' "Aimjunkies" site.

Not only is "John Doe's" testimony critical in establishing whether Bungie, in fact, ever actually analyzed the subject "Cheat Software" or merely made guesses as to what it is (and whether it infringes any of Bungie's rights), his testimony and credibility are also intimately connected with Defendant Phoenix Digital's counterclaim alleging violation, by Bungie, of Phoenix Digital's Terms of Service. In particular, Bungie repeatedly denies that it ever even saw Defendants' Terms of Service when it acquired the "Cheat Software" from the Aimjunkies site.

Bungie has admitted and has not denied that it only obtained the "Cheat Software" on a single occasion in January, 2021, and that "John Doe," under a fake name, was the *only* one at Bungie to have obtained it from the Aimjunkies site. Defendants have repeatedly and consistently testified and established that their Terms of Service appeared at all time on the Aimjunkies site, and that it was impossible to obtain the "Cheat Software" without agreeing to those Terms. Clearly, and given that it is undisputed that "John Doe" was the *only* one at Bungie to access the Aimjunkies site and obtain the "Cheat Software," his testimony is critical to this issue, given his claim, so far, that he never saw or agreed to the relevant Terms of Service.

**E. Bungie's Cited Case Law Is Inapposite**

The case law Bungie cites is unavailing. The decision in *Sargent v. City of Seattle,* No. C12-1232 TSZ, 2013 WL 8 1898213, at *1 (W.D. Wash. May 7, 2013) (Zilly, J.), cited by Bungie, held that in order to obtain discovery from a "high-ranking government official," it is necessary to show "extraordinary circumstances." *Sargent v. City of Seattle,* at *3 ("As a general rule, high-ranking government officials are not



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

subject to deposition absent extraordinary circumstances"). The limited holding of *Sargent* does not apply here where there is, and can be, no claim that "John Doe" is a "high-rankling government official."

Here, "John Doe" is no different from any other corporate employee of the type that is routinely required to provide testimony and information in a civil matter such a this. Again, given that Bungie initiated this matter and elected to resolve it in the public courts, Bungie should not be heard to complain about having to prove its case openly, in public, and without secrecy absent an extraordinary and compelling reason. Bungie has demonstrated no such compelling reason.

Similarly, *Roman Catholic Archbishop of Portland in Oregon v. Various Tort Claimants*, 661 F.3d 417 (9th Cir. 2011) cited by Bungie militates *against* the protective order Bungie seeks here. As clearly stated by the Ninth Circuit, "As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *Id.* at 424. Furthermore, "The party opposing disclosure has the burden of proving -good cause,' which *requires a showing 'that specific prejudice or harm will result'* if the protective order is not granted." *Id.*, citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (emphasis supplied). Here, Bungie has not demonstrated, and cannot demonstrate the "specific prejudice or harm" that will result if the true name and identity of "John Doe" is disclosed to the Defendants.

**F. Bungie Cannot Pass The Seven Factor Test For Establishing "Extraordinary Circumstances"**

Under the seven factor test the Ninth Circuit has set out in *Roman Catholic Archbishop*, none of the factors weighs in favor of Bungie.

In particular, disclosure of "John Doe's" identity will not violate any legitimate "privacy" interest of either Bungie or "John Doe." Witnesses routinely appear in Federal and State courts to testify openly before the public and to identify exactly who they are. Indeed, the overwhelming majority of cases do not involve closed hearings,



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

witnesses testifying from behind screens with voices scrambled or other such extraordinary measures.

Apparently, both Bungie and "John Doe" do not want Mr. Doe's identity to be revealed because it might make Mr. Doe "uncomfortable," or "afraid." More likely, it is simply because: (1) Bungie wants to keep secret who its undercover band of secret in-house investigators are so that its competitors cannot know when they are being surveilled or otherwise set up for legitimate or illegitimate legal action, and (2) to reassure Bungie's staff that it is "OK" for them to violate the law while investigating competitors and that Bungie will protect them for doing so. These are not legitimate privacy issues the courts should be a part of. Indeed, the stated policy of courts in the Ninth Circuit and elsewhere is that, "As a general rule, the public is permitted access to litigation documents and information produced during discovery." *See, Roman Catholic Archbishop, supra.* Here it is not the public seeking to know "John Doe's" name, *it is the very Defendants themselves.*

Nor is the disclosure here being sought for any improper purpose. Unlike Bungie, Defendants' funds are extremely limited and they cannot engage countless "experts" to receive and analyze information deemed "Highly Confidential." Defendants' undersigned counsel is not an expert in the computer gaming world and cannot, himself, determine what "John Doe's" status is in the gaming industry, who, if anyone, he knows and/or works with in the industry, or if has ever had any known or unknown connection with Defendants. It is for this reason Defendants need to know his true identity so they can determine what biases, prejudices or possibly deceptive acts he may have engaged in, all of which go to enabling Defendants to prepare their defense and test his credibility. Again, because "John Doe" will likely claim he never saw the relevant Terms of Service when he downloaded the "Cheat Software" under a fake name, his credibility is of extreme importance in this case and Defendants have a full right to investigate and test his credibility. Such is not an "improper" purpose.

Furthermore, unless Bungie has engaged in activities it is reluctant to admit, it is difficult to see how disclosure of "John Doe's" real name to Defendants can "cause



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

a party embarrassment." Bungie claims that it has done a full and legitimate investigation into the claims it makes here, and why Bungie (or Mr. Doe) would be "embarrassed" to reveal to Defendants who "John Doe" really is, is difficult to see. Bungie cannot satisfy this factor of the seven part test either.

As to "public health and safety," again, it is difficult to see how this factor carries any weight. At the end of the day, this case involves computer games and a subset of player who think that using "cheat software" in playing such games is somehow unfair. Basically, it is entertainment, and as with all entertainment, it has little if anything to do with "public health and safety."

As to "promot[ing] fairness and efficiency," this factor tilts heavily toward Defendants, not Bungie. As noted, the purpose of revealing the true names to Defendants is to enable Defendants and their counsel to know exactly who "John Doe" is and what his true role is (and has been) in the gaming industry. This, in turn, is to enable Defendants adequately to prepare their defense and enable the Court and/or jury to assess Mr. Doe's credibility. Denying Defendants their right to prepare their case because Bungie and "John Doe" would prefer that he operate secretly (but *not* behind the scenes, given his intent to participate and offer testimony) is the antithesis of promoting fairness and efficiency. Indeed, forcing Defendants and their counsel to use pseudonyms and to take extreme care not to reveal "highly confidential" information during attorney/client conferences is highly inefficient in itself.

As noted above, "John Doe" is not a "public entity or official," and the general rule protecting "high-ranking government official[s]" from discovery "absent extraordinary circumstances" does not come into play here.

Finally, as to whether this case "involves issues important to the public," it is difficult to see why it would be important to the public to keep secret the names of Bungie's private, undercover, "Product Security Team," when the ordinary, near universal rule is that the public has a compelling interest in knowing and seeing what goes on in the courts they pay for. Bungie's "Product Security Team" is not, to Defendants' knowledge, engaged in fighting terrorism, stopping the flow of illegal



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

drugs, investigating organized crime or any of the other activities in which it might legitimately be claimed it is important to the public interest to keep the identities of investigators, informants and operatives secret. Again, at heart, this is a straight-forward business dispute between private parties involving computer games played mostly by minors and young adults. It is not a matter of national security.

**G. Bungie's Claims Of Fear And Threats Are Baseless.**

Bungie's various attempts to claim that Defendants somehow pose a serious threat to the safety of "John Doe" and others are without basis and demonstrate a lack of candor on Bungie's part.

There is no evidence whatsoever that any of the four named individual defendants has ever threatened in any manor "John Doe" or anyone else for that matter. As established by the multiple depositions taken of them, as well as cross-examination at the arbitration hearing, each of the Defendants is a middle-aged or older gentleman who has spent his entire adult life engaged in legitimate, lawful business. None has a criminal record or has ever been accused of engaging in violent or unlawful behavior. Indeed, in the case of Defendant Jeffrey Conway, he is an older retired gentleman suffering from diabetes, partial blindness and partial amputation of his foot. How "John Doe" or anyone else can legitimately claim to be in fear for his life because of him, or any of the other Defendants, is unexplained.

Bungie's citation to a different case, namely *Bungie v. L.L.* pending in this Court under case no. 2:22-cv-0981 RAJ,[2] demonstrates Bungie's hyperbole and paranoia. In that case, Bungie accuses a minor of threats of violence and threats of arson, even though a cursory review of the alleged "threats" show they lack the specificity required by law, are clearly made in jest and are well beyond the means of a minor to carry out anyway. *See* Dkt#18, Case No. 2:22-cv-0981, W.D.W.A.

2 Ironically, after going to great lengths to establish why protecting the identity of adult individuals is of extreme importance, Bungie, in its originally filed Motion, blatantly identified by name the minor defendant in that case even though the caption of the case does not identify the minor by name, and the rules of this Court clearly require redaction of such information.



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

As to Mr. Schaefer's quoted deposition testimony, this testimony was given in the later stages of discovery after Mr. Schaefer had been mercilessly deposed for nearly two days and was frustrated by Bungie's lack of candor, false accusations and gratuitous inquiries into his sex life. Mr. Schaefer was simply expressing that he hoped someday someone, such as this Court, would expose the false accusations made against him, and that the various witnesses testifying against him would be exposed for the liars they are. Expressing such normal and understandable frustration is not a legitimate or serious "death threat" or threat of violence, and Bungie cannot establish that any such legitimate threat was made by any of the Defendants. Indeed, Mr. Schaefer's only "threat" was to, "[G]o to the guy that bought the cheat ["John Doe"} and...have my lawyer ask him who his girlfriend might have been or when was or where they rented from at the time or what they did together." In short, Mr Schaefer "threatened" no more then to have his lawyer investigate the individuals, and ask them the same abusive questions Mr Schaefer had been enduring for hours.[3]

Finally, and significantly, neither Bungie nor "John Doe" has explained *why* someone might legitimately threaten violence or worse against Mr. Doe. Tens of thousands of witnesses testify each year in thousands of civil cases filed in this and other jurisdictions without needing special protection against violence or death. What has "John Doe" done in the past to place him in legitimate fear for his life? Has he infiltrated criminal organizations under an assumed name to bring them to justice? Is he in the Witness Protection Program? Is he a former, now turn-coat member of an international criminal organization that is seeking vengeance against him whatever the cost? Bungie's vague, unsupported claims provide no such potentially legitimate ground. At present, it appears "John Doe" is simply a Bungie employee who was asked to violate PayPal's terms of service and Aimjunkies terms of service under an assumed name and download the "Cheat Software" at issue in this case.[4] How this

3 Quite literally, this came about after Bungie asked several times whether Mr. Schaefer was or had been sleeping with his landlady. What this has to do with any issue in this case remains unexplained.

4 And to deny seeing the relevant "Terms of Service" in the process.



MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

properly puts him in a special class of witness, exempt from the ordinary rules of discovery in an open and public court, remains unexplained.

## CONCLUSION

This Court should now recognize that Bungie's case is a house of cards built largely on its bullying tactics and apparent belief that it can have its way with this Court regardless of the facts and law. "John Doe's" "sealed" declaration[5] does no more than make vague allegations and claims that identifying himself in this case might subject him to ridicule, nasty emails and public comments against him.[6] In this respect, he is no different than the multitude of "ordinary people" who are called upon to testify openly in court every day, even though they may, indeed, genuinely feel uncomfortable doing so.

Neither Bungie nor "John Doe" has established the "extraordinary circumstances" needed to shield him from his ordinary obligation to testify in open court, and Bungie's motion to deviate from the long-standing practices of an open society, and open court system, should be denied.

Dated April 26, 2023.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington 98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 3185 words, in compliance with the Local Civil Rules.

5 Again, how anything contained therein can legitimately constitute "confidential" of "highly confidential" information is difficult to see.

6 Bungie has had no such qualms about publicly smearing Defendants and others in the cases it brings and widely publicizes.