THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-00811-TSZ <br><br> BUNGIE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER |

BUNGIE'S REPLY ISO MOT.
FOR PROTECTIVE ORDER
(No. 2:21-cv-00811-TSZ)

161985877.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 1

    A.    Bungie Seeks a Narrowly-Tailored Protective Order ............................................. 1

    B.    Defendants' Criminal Prosecution Case Law Is Inapplicable ................................ 3

III.  CONCLUSION ................................................................................................................... 4

BUNGIE'S REPLY ISO MOT.
FOR PROTECTIVE ORDER – i
(No. 2:21-cv-00811-TSZ)

161985877.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alaska Cmty. Acton on Toxics v. Aurora Energy Servs., LLC*,
  No. 3:09-cv-255-TMB, 2012 WL 12537418 (D. Alaska May 7, 2012) .......................... 1, 2, 3

*Everyday Discount, Inc. v. State Farm Gen. Ins. Co.*,
  No. CV 18-902-GW, 2018 WL 11346535 (C.D. Cal. Oct. 30, 2018) ........................................ 1

*Lacambra v. City of Orange*,
  No. 8:18-cv-00960-RGK-KES, 2019 WL 6799108 (C.D. Cal. Aug. 16, 2019) ....................... 4

*Perkins v. City of Modesto*,
  No. 1:19-cv-00126-LJO-EPG, 2020 WL 4748273 (E.D. Cal. Aug. 17, 2020) ....................... 3

*Smith v. Illinois*,
  390 U.S. 129 (1968) ............................................................................................................... 4

*United Sates v. Hernandez*,
  608 F.2d 741 (1979) .............................................................................................................. 4

**OTHER AUTHORITIES**

U.S. Const. amend. VI ................................................................................................................. 4

BUNGIE'S REPLY ISO MOT.
FOR PROTECTIVE ORDER – ii
(No. 2:21-cv-00811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

161985877.2

I.   INTRODUCTION

Bungie seeks only narrow relief: an order designating John Doe's name and identifying information as Highly Confidential under the parties' Stipulated Protective Order. Bungie does not seek to restrict Defendants' ability to ask relevant questions in deposition, including about John Doe's job history and his interactions with Defendants and their business. Defendants can readily probe relevant topics, even if only their counsel knows John Doe's name.

Courts routinely grant Bungie's requested protective order in circumstances similar to this, where the *name* of the witness is not material, and there is a real threat and fear of harassment or abuse if the name is released. Bungie respectfully requests that the Court grant its Motion and enter the requested Protective Order to protect the identity of John Doe.

II.   ARGUMENT

A.   **Bungie Seeks a Narrowly-Tailored Protective Order**

Contrary to Defendants' sweeping statements, Bungie's requested protective order would not restrict Defendants' access to information relevant to their claims and defenses. The requested order would only withhold John Doe's name and identifying information from Defendants themselves (not their counsel). Courts routinely restrict disclosure of identifying witness information, particularly where a witness's testimony is otherwise not subject to the protective order, as Bungie is requesting here. *See Everyday Discount, Inc. v. State Farm Gen. Ins. Co.*, No. CV 18-902-GW (PLAx), 2018 WL 11346535, at *3 (C.D. Cal. Oct. 30, 2018) (permitting redaction of the identity of witness from a police report while permitting disclosure of all substantive information from that witness); *Alaska Cmty. Acton on Toxics v. Aurora Energy Servs., LLC*, No. 3:09-cv-255-TMB, 2012 WL 12537418, at *4 (D. Alaska May 7, 2012) (granting protective order preventing disclosure of names and identifying information of witnesses where defendants' counsel inquired about and obtained substantive information about witness's testimony). Defendants' counsel will be able to ask questions about, and Defendants will not be

BUNGIE'S REPLY ISO MOT.
FOR PROTECTIVE ORDER – 1
(No. 2:21-cv-00811-TSZ)

161985877.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

restricted from attending testimony concerning, whatever "critical" testimony Defendants might seek to elicit, including John Doe's analysis of the Cheat Software (if any), whether or not he accepted or even saw AimJunkies.com's Terms of Service, or whether he knows or has a "grievance" with Defendants.

In addition to disregarding this case law protecting witness identifying information from disclosure, Defendants also misapply the Ninth Circuit's factors governing protective orders such as these. *See* Opp'n 5-8; *Alaska Cmty. Acton on Toxics*, 2012 WL 12537418, at *2 (citing *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 n.5 (9th Cir. 2011)). The applicable factors weigh heavily in favor of granting a protective order.

John Doe has a legitimate privacy interest in keeping his identity hidden from Defendants' themselves, particularly given Schaefer's direct threat to "open [him] up" and "ask him who his girlfriend might have been or when was or where they rented from at the time or what they did together, let's see what his fucking answers are," and his further threat to "see what they got hiding in their closets." Dini Decl., Ex. D (Schaefer Oct. 31, 2022 30(b)(6) Tr.) at 28:12-17, 29:6-11.[1] These specific threats targeted at John Doe are far from the "normal and understandable frustration" of a defendant (Opp'n p. 9), but instead evidence a clear intent to harass, embarrass, and/or annoy John Doe, which is more than sufficient to merit a protective order.[2] *See Alaska Cmty. Acton on Toxics*, 2012 WL 12537418, at *4.

Moreover, the requested protective order will promote fairness and efficiency. The requested order withholds a small amount of irrelevant information from disclosure to Defendants, promotes John Doe's legitimate privacy interests, and protects Defendants' ability to inquire

---

[1] To be clear, at no point did Bungie ever ask questions concerning Schaefer's "sex life." Opp'n p. 9. Bungie received documents from PayPal indicating Phoenix Digital made regular payments to Lisa Holliday that were at the same time and in the same amount as payments made to Phoenix Digital's other members, and so Bungie asked whether Ms. Holliday was Schaefer's girlfriend or wife in order to understand why Schaefer's payments were directed to her. *See* Dini Decl., Ex. D at 28:1-30:8, Ex. F at 144:12-146:19.

[2] In addition, since Bungie filed its Motion, Bungie's security team detected, and worked with a third-party platform to remove, a threat believed to be specifically directed at John Doe based on their arbitration testimony and on the identifying letters used in the arbitration.

BUNGIE'S REPLY ISO MOT.
FOR PROTECTIVE ORDER – 2
(No. 2:21-cv-00811-TSZ)

161985877.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

regarding the subjects of this lawsuit.[3]  Contrary to Defendants' mischaracterization, Bungie is not arguing that its requested protective order is compelled by the parties' Stipulated Protective Order (Dkt. No. 60), nor that Defendants are bound by the parties' stipulation in the arbitration that John Doe's name was to be remain Highly Confidential during the evidentiary hearing.  Opp'n p. 2-3.  Rather, these agreements underscore the conclusion that a Highly Confidential designation will cause neither prejudice nor inefficiencies.  Defendants *agreed* to examine John Doe in the arbitration evidentiary hearing under this designation and have taken depositions subject to this designation, without complaint or prejudice to their ability to elicit the factual testimony they have sought.  And they have not provided a compelling reason why the remainder of the case cannot be conducted in a similar manner.

The remaining Ninth Circuit factors also weigh in favor of granting the protective order.  That the information sought to be protected is not a matter of public health and safety; that the information does not involve an issue important to the public; and that that John Doe is not a public entity or official—these factors all weigh *in favor* of the protective order, not against.  *See Alaska Cmty. Acton on Toxics*, 2012 WL 12537418, at *4 (holding that disclosure of witness identity "is not important to . . . [public] health and safety"); *cf. Perkins v. City of Modesto*, No. 1:19-cv-00126-LJO-EPG, 2020 WL 4748273, at *5 (E.D. Cal. Aug. 17, 2020) (the fact that some parties benefiting from protective order are public officials weighs in favor of disclosure).

Under the circumstances, a protective order is warranted and appropriate.

**B.    Defendants' Criminal Prosecution Case Law Is Inapplicable**

Defendants do not address *any* case law cited by Bungie in which courts regularly order that a witness's name may be completely protected from disclosure or designated as "attorneys' eyes only."  *See generally* Opp'n.  Instead, Defendants rely on entirely inapposite cases concerning criminal prosecutions.  Opp'n p. 2, 3 (citing *Smith v. Illinois*, 390 U.S. 129, 131 (1968) and *United*

---

[3] While Bungie filed this case to protect its rights in the "public arena" (Op'n p. 2 n.1), John Doe's testimony was not required nor anticipated for Bungie to prevail on its primary claims.  John Doe's testimony, to the extent relevant in this case, is primarily relevant only to Defendants' dubious counterclaims.

BUNGIE'S REPLY ISO MOT.
FOR PROTECTIVE ORDER – 3
(No. 2:21-cv-00811-TSZ)

161985877.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Sates v. Hernandez*, 608 F.2d 741, 745 (1979)). In *Smith*, the issue before the Court was whether the defendant was denied his Sixth Amendment right of the accused in a *criminal prosecution* to confront the witnesses against him. *Smith*, 390 U.S. at 129. The Sixth Amendment is expressly focused on "criminal prosecutions" and does not govern civil cases. U.S. Const. amend. VI.; *see also Lacambra v. City of Orange*, No. 8:18-cv-00960-RGK-KES, 2019 WL 6799108, at *9 (C.D. Cal. Aug. 16, 2019) (citing *Austin v. United States*, 509 U.S. 602, 608 (1993)). *Hernandez* similarly concerned a criminal prosecution, and even there the court affirmed the district court's pre-trial decision to withhold a prosecution witness's address, finding that "nondisclosure of an informant's address would be justified . . . where the answer might subject the witness to harassment, humiliation, or danger." *Hernandez*, 608 F.2d at 745 (citing *United States v. Harris*, 501 F.2d 1, 9 (9th Cir. 1974)). In this case, Defendants are not subject to criminal prosecution, and their case law therefore provides them no relief.

### III.   CONCLUSION

Bungie respectfully requests a protective order designating John Doe's name and other identifying information as Highly Confidential under the parties' Stipulated Protective Order (Dkt. No. 60).

I certify that this memorandum contains 1,315 words in compliance with the Local Civil Rules.

Dated: April 28, 2023

By: *s/ William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

BUNGIE'S REPLY ISO MOT.
FOR PROTECTIVE ORDER – 4
(No. 2:21-cv-00811-TSZ)

161985877.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000