# EXHIBIT D

# Case No. 21-CV-0817-TSZ

(Exhibit D to Mann Declaration)

JAMS ARBITRATION CASE REFERENCE NO. 5160000075

**Bungie, Inc,**
    **Claimant,**

    and

**Aimjunkies.com, et al.,**
    **Respondents.**

---

REPORT OF PRELIMINARY HEARING
AND SCHEDULING ORDER NO. 1

A preliminary hearing was conducted in this matter on June 3, 2022, pursuant to written notice, and the following order is made respecting the conduct of this arbitration:

1. Parties. The parties to this arbitration are identified in the caption.

2. Counsel:

William C. Rava Esq.
Christian W. Marcelo Esq.
Jacob P. Dini Esq.
Perkins Coie, LLP
1201 Third Ave.
Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-6338
Fax: 206-359-9000
Email: wrava@perkinscoie.com
cmarcelo@perkinscoie.com
JDini@perkinscoie.com
For Claimant Bungie, Inc.

Philip P. Mann Esq.
Mann Law Group
403 Madison Ave N
Suite 240
Bainbridge Island, WA 98110
Tel: 206-855-8839
Fax: 866-341-5140
Email: phil@mannlawgroup.com
For Respondents Aimjunkies.com, et al

3. Arbitrator:
    Judge Ronald E. Cox, (ret.)
    JAMS
    1420 Fifth Ave.
    Suite 1650
    Seattle, WA 98101
    206-292-0441(phone) 206-292-9082(fax)

1

4. <u>Case Manager</u>:
Michelle Nemeth
JAMS
1420 Fifth Ave.
Suite 1650
Seattle, WA 98101
206-292-0441(phone)   206-292-9082(fax)
MNemeth@jamsadr.com

5. <u>Agreement to Arbitrate</u>. The arbitration clause is contained in the Limited Software License Agreement last updated March 6, 2020. Respondents agree to arbitration of this matter, but they claim they did not agree to or enter into the Limited Software License Agreement and reserve all rights to maintain that defense.

6. <u>Pleadings and Arbitrability</u>. The claims are stated in the Demand for Arbitration dated February 10, 2022 and Complaint dated June 15, 2021. Respondent shall file a response not later than June 22, 2022. The claims are arbitrable.

7. <u>Applicable Law and Rules</u>: The substantive law of Washington shall apply in this proceeding. Based on the respective written submissions of the parties, JAMS has determined, by letter to the parties dated May 9, 2022, that the "JAMS Policy on Consumer Arbitration Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness" does not apply to this arbitration proceeding. The undersigned arbitrator adopts that ruling as his own. The JAMS Comprehensive Arbitration Rules & Procedures shall apply in this proceeding. Nevertheless, Respondents maintain their claim that this is a Consumer Arbitration and do not agree that the JAMS comprehensive Arbitration Rules apply. The undersigned arbitrator granted permission for Respondents to again challenge that these latter rules control and to do so as soon as reasonably practicable before the undersigned arbitrator.

8. <u>Discovery and Exchange of Information</u>.

(a) The parties shall provide discovery cooperatively. The arbitrator shall supervise all discovery to the extent necessary. This supervision applies both to discovery involving parties to this arbitration as well as third-persons who are not parties. <u>See</u> RCW 7.04A.170; Federal Arbitration Act § 7; JAMS Arbitration Rules & Procedures.

(b) The parties shall make the following disclosures:

Not later than July 6, 2022 --disclosure of each individual likely to have discoverable information, as described in Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(A)(i);

Not later than July 6, 2022-disclosure of all documents that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, as described in FRCP 26(a)(1)(A)(ii); Documents not so exchanged shall not be admitted;

2

Not later than August 31, 2022 --disclosure of all expert witnesses, together with a curriculum vitae and the subject matter on which the witness will testify;

Not later than September 20, 2022 --disclosure of each expert's report, as described in FRCP 26(a)(2)(B), or the expert's information, as described in FRCP (a)(2)(C).

(c) Each party may propose no more than 10 requests for production, pursuant to FRCP 34. Each party may also propound no more than 20 interrogatories, pursuant to FRCP 33.

(d) Each party may take not more than 5 depositions of fact witnesses, and a deposition of each expert witness, unless authorized by the arbitrator. The parties shall cooperate on scheduling the depositions and completing them before October 21, 2022.

(e) As they become aware of new documents or information, the parties have a continuing obligation to provide all relevant, non-privileged documents and to supplement the identification of witnesses and experts.

(f) If a discovery dispute arises, the parties shall first confer and then advise the Case Manager of the nature of the dispute. The arbitrator may resolve the matter by email exchange, Zoom videoconference, or by order on a written motion. If a written motion is filed, the parties shall follow the following briefing schedule:

   (i)   Motion filed no later than 7 days before the hearing on the motion;
   (ii)  Opposition filed no later than 3 days before the hearing;
   (iii) Reply, if any, no later than 1 day before the hearing.

(g) The parties shall conclude discovery by October 21, 2022, provided they may agree to a limited extension of the cutoff date or may obtain an extension from the arbitrator if good cause is shown.

9. Dispositive Motions.

(a) Counsel shall obtain permission from the arbitrator before filing a dispositive motion. If permission is granted, the arbitrator will set the briefing schedule. Respondents may move as soon as reasonably practicable and without further request to the arbitrator to seek to establish whether or not they entered into the Limited Software License Agreement last updated March 6, 2020.

(b) A request to file a dispositive motion should be made as soon as practicable after the close of discovery.

10. Pre-Hearing Procedures.

(a) The parties shall exchange all documentary evidence they intend to offer at the hearing (excepting only documents to be offered solely for impeachment), including reports of any

experts intended to be offered during the Hearing not later than November 14, 2022. Supplemental documents may be designated and exchanged by November 21, 2022. Documents not so exchanged shall not be admitted, absent good cause.

(b) Counsel shall identify all non-rebuttal percipient and expert witnesses expected to testify at the Hearing and indicate the manner in which each witness is expected to testify (in-person, telephonically or by affidavit or declaration) not later than November 14, 2022. Each party may designate supplemental witnesses by November 21, 2022. Witnesses not so identified shall not be permitted to testify at the hearing, absent good cause. A copy of all witness lists should be filed with the Case Manager.

(c) The arbitrator will conduct a final status conference by Zoom videoconference at 8:00 a.m. Pacific Time on December 12, 2022. The matters to be addressed at that conference shall include the subjects specified at paragraphs 1, 5, 6, 11, 12, and 16 of Appendix A to this order.

11. <u>Hearing Procedure</u>.

(a) The Hearing shall be conducted by Zoom videoconference, commencing on December 19, 2022 at 8:00 a.m. Pacific Time. 3 days have been scheduled for the Hearing.

(b) Prehearing briefs, if any, and a Joint Statement of Evidence shall both be filed no later than December 5, 2022. The briefs should be filed electronically through JAMS Access. All parties should create account on JAMS Access if they have not already done so.

**(c) The Joint Statement of Evidence shall be delivered to the arbitrator by UPS, Federal Express, or other appropriate courier service at the following address: 151 Windrose Drive, Port Ludlow, WA 98365. It shall list each witness expected to testify, a summary of the witness's proposed testimony, and each trial exhibit. Trial exhibits shall be pre-marked with consecutive Arabic numerals. Objections to exhibits shall state who objects and the basis for any objection. Exhibits not objected to shall be deemed admitted at the commencement of the Hearing.**

Separate sets of exhibits shall be provided to the arbitrator, opposing counsel, and the witness.

All exhibits will be discarded 30 days after the issuance of the final award unless a party requests, in writing, that the exhibits be retained or returned.

(d) The parties are encouraged to execute a stipulation of undisputed facts and to submit that document to the arbitrator at the Hearing.

(e) If any party intends to utilize the services of a court reporter, notice thereof shall be given to the other side no later than 30 days prior to the Hearing. The parties are encouraged to agree on any division of cost with respect to the reporter they desire, and to agree that such costs shall or shall not be an allocable cost of this proceeding.

(f)     The award shall state the reasons on which the decision of the arbitrator is based. The award may be bifurcated to address, for example, attorney fees and costs. The award may be served by email or regular mail unless any party requests, in writing, service by another means.

12. Miscellaneous.

(a)     Documents should be served and filed through JAMS Access. The trial exhibits shall be submitted only to the arbitrator.

(b)     Cancellation fee of the arbitrator.  The parties will be requested to deposit fees sufficient to compensate the arbitrator for the scheduled hearing days 37 days in advance of the commencement of the hearing.  If the hearing is cancelled or continued for any reason within 30 days of the commencement of the hearing, the deposit for the cancelled day(s) shall be deemed a cancellation fee and shall be immediately payable to JAMS.  JAMS shall refund fees for any hearing day which is rebooked to the extent of fees earned on that day.

(c)     All deadlines herein shall be strictly enforced.  This Order shall continue in effect unless and until amended by subsequent order of the arbitrator.

Dated:  June 20, 2022         *[signature]*

Judge Ronald E. Cox (Ret.)
Arbitrator

5

## APPENDIX A

The evidentiary hearing shall be conducted via Zoom videoconference and deemed to have taken place at the Seattle office of JAMS.

1. Prior to the hearing, all parties shall be responsible for ensuring that all hearing participants, including witnesses, are able to participate via Zoom videoconference. Technical resources are available through the Zoom website in order to facilitate testing of communications.

2. A JAMS associate with experience in managing virtual hearings will serve as moderator for the hearing. The moderator will provide the following support:

    a. The case manager will send an invitation email to all participants about the date and time for the hearing together with log on information. A separate email will follow with a passcode to protect hearing security.
    b. The case manager will make any necessary break out room arrangements for each side.
    c. The moderator will admit participants to Zoom waiting rooms, beginning 15 minutes prior to the start of the hearing.

If requested, JAMS will provide a practice session for participants before the first day of the hearing. If the parties require further technical support, they may use their own personnel or retain outside support by a technical service provider.

3. The parties and counsel should log on to the hearing no less than fifteen minutes prior to the scheduled start time so that any technological issues can be resolved and the hearing starts on time.

4. Upon joining Zoom, participants will be admitted to a virtual waiting room. The moderator will admit all participants to the hearing.

5. To ensure the privacy and security of the Zoom hearing, no participant shall join the hearing from a public setting or using unsecured, public Wi-Fi.

6. The "chat" and record functions in Zoom are disabled by JAMS.

7. Hearing participants shall make best efforts to ensure clear video and audio transmission during the hearing. Participants shall take appropriate steps to minimize disruptions. Among other things, participants should consider:

    a. Establishing a high-speed internet connection (e.g., if possible, a hard-wired internet connection is generally preferable to a wireless internet connection);

    b. Using the computer microphone with a headset for audio transmission and reserving the optional dial-in number in case of poor quality internet access. If multiple parties are in the same location, each participant should be on a separate laptop for video and all but one microphone in use to eliminate feeback;

    c. Eliminating any background distractions (e.g., barking dogs, etc.,);

    d. Camera positioning and lighting (*e.g.*, avoid sitting near a window) It may be helpful to position a light in front of (not behind) the participant);

e. Obtaining access to Zoom via desktop or laptop rather than by smartphone or tablet; and

f. Ensuring computing devices are adequately charged and that power cables or back-up batteries are available, if necessary.

8. To the extent possible, the webcam should be positioned at face level, relatively close to the participant (e.g., by positioning a laptop on a stack of books). The arbitrator should address with the parties which of them should be on camera at all times (e.g., lead counsel and second chair). The arbitrator shall be on camera at all times.

9. Witnesses may not use a "virtual background." Instead, the remote venue from which they are testifying must be visible to the arbitrator and all counsel.

10. All participants should speak directly to the camera while testifying and avoid making quick movements. Participants should speak slowly, clearly, and with sufficient volume to be easily heard. If any participant is unable to hear, he or she should promptly alert the arbitrator.

11. To avoid delay and difficulty reconnecting, hearing attendees should not disconnect from the Zoom meeting during any recess. However, lines may be muted and video may be turned off during this time or the arbitrator may move participants to break-out and/or virtual waiting rooms.

12. Because coordination of all participants in a Zoom evidentiary hearing is more complex than in an in-person hearing, the parties will jointly develop, and present to the arbitrator at the final status conference before the commencement of the evidentiary hearing, a schedule for each hearing day showing the times at which opening and closing statements will be made, depositions will be played or read (if applicable), and each witness will be called to testify. Changes in the schedule may be made by either agreement of the parties or the arbitrator for good cause shown.

13. For purposes of display of exhibits at the evidentiary hearing, counsel should be      familiar with the "screen share" function of Zoom. Either the examining lawyer or an assisting tech person should utilize this technology to display exhibits during the hearing.

14. From time to time, the arbitrator may use a break out room to facilitate private conversations among case participants as may be appropriate (e.g., upon request, to allow members of a party's team to confer with each other directly, outside of the presence of the arbitrator and witnesses).

15. If a participant is disconnected from the videoconference or experiences some other technical failure and connection cannot be re-established within a 5-minute period:

a. The arbitrator may take steps to pause the hearing, which may include moving participants into the virtual waiting room or one or more separate break-out rooms;

b. Such participant shall e-mail all hearing attendees, the moderator, and case manager , and monitor e-mail for any further instructions from the arbitrator.

c. If it appears that connection cannot be re-established with a testifying witness reasonably promptly, the arbitrator may require a party to call its next witness.

d. The arbitrator will establish at the outset of the evidentiary hearing the rules that apply regarding counsel conferring with witnesses during their testimony. Options include the following:

(i) Counsel may speak with their witnesses at any point during their testimony, or

(ii) Counsel may not speak with their witnesses between commencement and completion of their testimony, or

(iii) Counsel may speak with their witnesses during direct and redirect but not cross, or

(iv) Counsel may speak with their clients, but not other witnesses, throughout their testimony.

16. In the case of a technical failure or if the arbitrator deems that it would be unfair to any party to continue because of the quality of the transmission, the arbitrator may terminate the videoconference at any time and take such other steps as may be necessary to ensure the fairness and integrity of the proceedings.

17. Because recording the Zoom session is not allowed, the parties should consider sharing the expense of providing a qualified court reporter to record and transcribe the hearing. Notice of these arrangements should be made at the same time as notice that a court reported will transcribe the hearing. Prior to the hearing, the parties shall furnish to the reporter the name of the arbitrator, all counsel, witnesses, and persons, places or things likely to be frequently mentioned. A glossary of any technical terms or abbreviations expected to be used shall also be provided to the court reporter.