THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY,<br><br>　　　　　Defendants. | No. 2:21-cv-00811-TSZ<br><br>BUNGIE, INC.'S MOTION TO FILE OVERLENGTH SUMMARY JUDGMENT BRIEF<br><br>NOTE ON CALENDAR:<br>May 4, 2023 |

Pursuant to Local Civil Rule 7(f), Plaintiff Bungie, Inc. ("Bungie") respectfully moves this Court for leave to file an overlength brief in support of its forthcoming motion for summary judgment on all claims and counterclaims in this action. The default word limit for a motion for summary judgment is 8,400 words for the motion and opposition, and the default word limit for reply briefs is 4,200 words. LCR 7(e)(3). Bungie requests 12,600 words for its opening brief and Defendants' opposition, and 6,300 words for Bungie's reply. *See* LCR 7(f)(4) (if motion granted, brief in opposition will automatically be allowed an equal number of additional pages and reply brief shall not exceed one-half the total length of the opposition brief).

BUNGIE'S MOTION TO FILE
OVERLENGTH BRIEF – 1
(No. 2:21-cv-00811-TSZ)

162054105.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Bungie files this motion because it intends to bring a motion for summary judgment concerning highly technical claims and facts that, if granted, would resolve the case in its entirety, including James May's and Phoenix Digital Group, LLC's ("Phoenix Digital") counterclaims.

Bungie asserts three theories of copyright infringement (direct, contributory, and vicarious) and two trademark infringement claims (15 U.S.C. §§ 1114 and 1125(a)).  *See* Dkt. No. 34.  Each of the copyright infringement theories consist of distinct elements, and the trademark infringement claims involve multifactor tests.  Additionally, Bungie expects the summary judgment motion will resolve Bungie's damages claims, attorneys' fees, and requested injunctive relief.

May asserts four counterclaims, including three distinct claims under the Computer Fraud and Abuse Act (18 U.S.C. § 1030) ("CFAA") and a claim for circumvention of technological measures under the Digital Millennium Copyright Act (17 U.S.C. § 1201) ("DMCA").  *See* Dkt. No. 72.  The CFAA and DMCA are complex federal statutes concerning whether access to a "protected computer" was "without authorization" and whether technological measures protecting access to a copyrighted work were "circumvented."  Phoenix Digital also asserts a claim for breach of contract, concerning what (if any) "testing" Bungie performed on Defendants' Cheat Software.  *See id.*  The parties also assert a variety of affirmative defenses to these claims.  *See id*; Dkt. No. 90.

The issues in this case are highly technical.  Bungie's copyright infringement claims concern four registered copyrights for software code and audiovisual works that were infringed by Defendants.  Resolution of these claims involves explanation of the complex functioning of Bungie's *Destiny 2* software code, including, for example, data structures for player positioning, rendering, and angle deltas for mouse movement, and how Defendants' Cheat Software copies, injects itself into, and modifies that *Destiny 2* software code.  *See, e.g.*, Dkt. No. 36 (Declaration of Edward Kaiser explaining cheat software functioning).  Defendants assert similarly technical causes of action against Bungie concerning, among other issues, the operation of *Destiny 2* on a user's computer and its supposed interaction with technological protection measures and files on

BUNGIE'S MOTION TO FILE
OVERLENGTH BRIEF – 2
(No. 2:21-cv-00811-TSZ)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162054105.2

that computer. These counterclaims each contain detailed, specific elements that Counterclaimant must satisfy to meet his burden, and Bungie intends to move for summary judgment on every claim on multiple (if not all) elements of each of the counterclaims. Bungie believes that the parties and Court would benefit from briefing in excess of the normal limit in order to fully explicate the relevant, technical facts at issue in this case and fully address *all* of the legal claims asserted by the parties. Accordingly, Bungie's motion for summary judgment would be case-dispositive, including addressing damages and equitable relief.

Counsel for Bungie corresponded with Defendants' counsel regarding this motion to see if the parties could agree to stipulate to the relief requested. Defendants' counsel advised that Defendants would not agree to an expanded word limit.

I certify that this memorandum contains 588 words, in compliance with the Local Civil Rules.

Dated: May 4, 2023

By: *s/ William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

BUNGIE'S MOTION TO FILE
OVERLENGTH BRIEF – 3
(No. 2:21-cv-00811-TSZ)

162054105.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000