UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

          Plaintiff,

  v.

AIMJUNKIES.COM, et al.,

          Defendants.

C21-0811 TSZ

MINUTE ORDER

      The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    Plaintiff's motion for discovery sanctions and to compel discovery responses, docket no. 99, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

        a.    The portion of the motion seeking an order compelling defendants Phoenix Digital Group LLC ("Phoenix Digital") and David Schaefer to fully respond to Plaintiff's discovery requests regarding Phoenix Digital's Bitcoin wallet ID is GRANTED, and defendants Phoenix Digital and David Schaefer are ORDERED to identify within seven (7) days of this Minute Order all Bitcoin wallet IDs used in connection with Phoenix Digital or AimJunkies.com, to pay Andreas Banek or receive payment from Mr. Banek, or used in connection with the cheat software at issue in this action. Pursuant to Federal Rule of Civil Procedure 26(b)(1), each party is entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In evaluating a disputed discovery request, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

MINUTE ORDER - 1

expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). In this case, Mr. Schaefer has testified that Phoenix Digital accepted payment for the cheat software in Bitcoin. *See* Schaefer Dep. (Oct. 28, 2022) at 60:2–23, Ex. E to Marcelo Decl. (docket no. 102). Although Schaefer has testified that he changes Phoenix Digital's Bitcoin wallet every month, *see id.* at 163:6–7, he does not dispute that he has access to Phoenix Digital's current Bitcoin wallet ID, or that he continues to pay the alleged cheat software developer via Bitcoin, *see id.* at 163:20–167:24. The Court concludes that Plaintiff's request for Phoenix Digital's Bitcoin wallet ID is not unduly burdensome and seeks evidence relevant to the development and sale of the cheat software at issue in this action. All other requested relief concerning Plaintiff's discovery requests is DENIED.[1]

       b.     The remaining portions of the motion seeking spoliation sanctions for defendants' alleged destruction of evidence and monetary sanctions for defendants' conduct at Phoenix Digital's March 20, 2023, Rule 30(b)(6) deposition are DEFERRED.

(2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of May, 2023.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

---

[1] Defendants' motion, docket no. 114, to strike Plaintiff's belated LCR 37 certification is DENIED. Pursuant to LCR 37(a)(1), any motion for an order compelling disclosure or discovery must include a certification that the parties met and conferred in an effort to resolve the dispute. "If the movant fails to include such a certification, the court *may* deny the motion without addressing the merits of the dispute." LCR 37(a)(1) (emphasis added). Although Plaintiff's motion, docket no. 99, does not contain a certification under LCR 37(a)(1), the record reflects that the parties were at an impasse with respect to the discovery requests at issue, *see*, *e.g.*, Ex. Q to Marcelo Decl. (docket no. 101), and the Court has, in its discretion, considered the merits of the parties' dispute.

MINUTE ORDER - 2