1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

              Plaintiff,

    v.

AIMJUNKIES.COM; PHOENIX DIGITAL
GROUP LLC; DAVID SCHAEFER; JORDAN
GREEN; JEFFREY CONWAY; AND JAMES
MAY,

              Defendants.

No. 2:21-cv-811

PLAINTIFF BUNGIE, INC.'S
RESPONSE TO DEFENDANTS'
MOTION FOR RELIEF FROM
DEADLINE

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162069692.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS AND ARGUMENT................................................... 1

    A.  Defendants' Delays............................................................................... 2

    B.  Bungie Would be Prejudiced by Further Delay.................................... 3

    C.  Defendants Have Not Established Good Cause..................................... 4

III.  CONCLUSION..................................................................................................... 5

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE – i
(No. 2:21-cv-811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162069692.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**TABLE OF AUTHORITIES**

**Page(s)**

C ASES

*Bush v. Pioneer Hum. Servs.*,
  No. C09-0518 RSM, 2010 WL 324432 (W.D. Wash. Jan. 21, 2010) ..........................1, 3, 4, 5

*Miller v. Sawant*,
  No. C18-506 MJP, 2022 WL 17168530 (W.D. Wash. Nov. 22, 2022).....................................1

R ULES

Fed. R. Civ. P. 16(b)(4)................................................................................................................1

Fed. R. Civ. P. 26(a)(2) ...............................................................................................................2

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE – ii
(No. 2:21-cv-811)

162069692.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.      INTRODUCTION

The Court should deny Defendants' Motion for Relief from Deadline for Disclosure of Expert Testimony (Dkt. No. 128, hereafter "Motion") which, *just one week before the close of discovery*, requests extending the expert disclosure deadline. Defendants have shown neither good cause for their request nor that they were diligent in seeking the extension. Additionally, the requested extension would cause significant delay and prejudice to Bungie, which is prepared to file its dispositive motion promptly upon the Court's denial of this Motion.

## II.      STATEMENT OF FACTS AND ARGUMENT

"A party seeking to amend a scheduling order must show 'good cause.'" *Bush v. Pioneer Hum. Servs.*, No. C09-0518 RSM, 2010 WL 324432, at *3 (W.D. Wash. Jan. 21, 2010); Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Bush*, 2010 WL 324432, at *3. "Prejudice to the opposing party may supply additional reasons to deny an extension, but the focus of the inquiry is on the moving party's reasons for seeking modification." *Id*. "***If that party was not diligent, the inquiry should end***." *Id*. (emphasis added) (denying motion to extend expert deadline where movant failed to request to extend the deadline when the parties previously agreed to extend the case schedule, delayed in seeking relevant discovery, and delayed in attempting to resolve dispute regarding confidentiality of documents prior to expert deadline).  Indeed, as specifically applicable here, "[a] motion to dismiss filed after the Court sets the discovery deadline and opens discovery does not excuse a party's failure to take discovery prior to the discovery deadline." *Miller v. Sawant*, No. C18-506 MJP, 2022 WL 17168530, at *2 (W.D. Wash. Nov. 22, 2022) (denying motion to extend discovery deadline where movant "fail[ed] to show any diligent efforts to engage in discovery").

Here, as in *Bush* and *Miller*, Defendants did not act diligently and have not shown good cause to extend the expert disclosure deadline. Their Motion should be denied.

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE
(No. 2:21-cv-811)

162069692.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**A.      Defendants' Delays**

Over the past seven months and after they filed their counterclaims, Defendants have had numerous opportunities to prepare expert reports and/or seek an extension of the expert disclosure deadline. They chose not to.

Bungie initiated this litigation nearly two years ago, filing its complaint on June 16, 2021. Defendants filed their initial counterclaims nearly eight months ago on September 16, 2022. Dkt. No. 63. The initial scheduling order set the disclosure of expert testimony under FRCP 26(a)(2) as November 21, 2022, with the close of discovery three months later on February 21, 2023. Dkt. No. 44.

Two weeks before the expert disclosure deadline, on November 8, 2022, Bungie emailed Defendants regarding extending the expert disclosure deadline. Specifically, Bungie stated "***Given the pending potential counterclaims*** which, if they remain, will require expert analysis and reports, we propose agreeing to push the expert report deadline to 30 days after the pleadings are finalized (either after the motion is granted and no amendment is allowed, or after Bungie files its answer to any remaining or amended claims)." Declaration of Christian Marcelo ("Marcelo Decl."), Ex. 1 (emphasis added). Defendants refused this proposal noting they would not agree to extend the expert disclosure deadline or any other discovery deadlines because the "case has been pending for nearly one-and-one-half years [and] . . . [i]t needs to be resolved and brought to a conclusion as quickly as possible." *Id*. Thus, Bungie served its expert reports in accordance with the case schedule on November 21, 2022. Marcelo Decl. ¶ 3.

On January 4, 2023, Bungie again requested to extend the case schedule; Defendants refused and Bungie filed a motion to amend the case schedule. Dkt. No. 80. Then, ten days *after* the Court partially denied Bungie's Motion to Dismiss Defendants' Amended Counterclaims, and at the Court's direction, the parties stipulated to a new case schedule. Dkt. No. 85 (Joint Status Report). In this context too, Defendants did not raise the issue of needing to extend the expert disclosure deadline. *Id.*

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE
(No. 2:21-cv-811) –2

162069692.1

1    The Court entered a new scheduling order on February 14, 2023. Dkt. No. 86.

2    Just two days later, Defendants moved to extend the discovery deadline. Dkt. No. 87. But

3    once again, *Defendants did not mention the expert disclosure deadline*. *Id.* The Court held a

4    hearing on the motion on March 9, 2023 and granted another extension. Dkt. No. 96. Again,

5    Defendants did not raise an issue regarding expert disclosure.

6    In fact, Defendants first raised an expert report issue on March 20, 2023, during the

7    30(b)(6) deposition of Phoenix Digital, in which Schaefer referenced "our expert," but was

8    instructed by counsel not to "get into any of that stuff. That's a non-testifying expert, so I'll

9    caution you not to talk about that." Marcelo Decl., Ex. 2 (March 2023 Schaefer 30(b)(6) Tr.) at

10   50:5-11. Bungie attempted to determine whether Defendants intended that the expert would

11   testify in this case, but was prevented from doing so by Defendants' counsel, who noted that

12   Defendants had not identified any testifying experts as of that date—approximately four months

13   *after* the expert disclosure deadline. *Id.* at 98:22-100:25; Dkt. No. 44.

14   Finally, with just a month left in discovery, for the first time, on April 11, 2023,

15   Defendants raised the issue of extending the expert disclosure deadline. Marcelo Decl., Ex. 3.

16   Defendants further delayed after that. On April 17, 2023, Bungie explained it would not agree to

17   an extension so late in discovery—Defendants then waited nearly three more weeks to bring this

18   motion. *Id.*; Dkt. No. 128.  Defendants have not served any expert reports.

19   Defendants' counterclaims have been pending for nearly eight months, and they had

20   opportunity after opportunity to submit expert reports or request that the scheduling order be

21   modified. They never submitted any expert reports, and they waited until *one week* before the

22   close of discovery to request an extension. That is not acting diligently, there is no good cause,

23   and Defendants' Motion should be denied. *Bush*, 2010 WL 324432, at *3.

24   **B.    Bungie Would be Prejudiced by Further Delay**

25   Defendants' proposed extension of the expert disclosure deadline would cause significant

26   delay and unnecessarily waste resources. Defendants' Motion, if granted, will likely add at least

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE
(No. 2:21-cv-811) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    two months to the case schedule. Defendants seek until May 26 to disclose their expert reports.[1]

2    Bungie would then need time for rebuttal reports and any additional discovery that becomes

3    necessary. And then additional time would be needed for depositions. Those delays are

4    unwarranted and prejudice Bungie, especially after the multiple extensions of the case schedule,

5    the pending close of discovery, and the quickly approaching deadline to file dispositive motions

6    (May 22, 2023). Indeed, if Defendants' Motion is denied, Bungie is prepared to file its summary

7    judgment motion shortly after that order is entered.

8         Moreover, allowing one party to delay over five months (over six, if Defendants' Motion

9    is granted) in complying with an expert disclosure deadline while the other party timely

10   complied is also sufficient prejudice to deny this motion. *See Bush*, 2010 WL 324432, at *4

11   ("More importantly, Plaintiff filed her expert report . . . well before the deadline. It would be

12   unfair for Defendant to have two additional months' time, with Plaintiff's expert report in hand,

13   to file its own report."). That is exactly what has happened here.

14   **C.      Defendants Have Not Established Good Cause**

15        The extremely limited argument Defendants include in their motion does not come close

16   to the "good cause" standard they must meet. In addition to failing to provide any authority or

17   case law to support their motion, they also get many facts wrong.

18        ***First,*** Defendants imply that Bungie somehow delayed in providing responses to

19   discovery requests regarding Defendants' counterclaims or improperly withheld documents.

20   Mot. ¶¶ 5-6. Not so. It was *Defendants* who continued to delay. Even after Defendants sought the

21   latest extension of the close of discovery on February 16, Defendants waited until March 14 and

22   March 31 to serve any additional discovery requests. Marcelo Decl. ¶ 6. Prior to those discovery

23   requests, the only discovery requests Defendants served in this litigation were in ***June and***

24   ***August 2022***, well before they filed their counterclaims. *Id.*

25   _____

26        [1] Although Defendants' counsel represented on April 12, 2023 that the reports could at that time "be
     addressed relatively soon, so as not to affect other deadlines," Marcelo Decl., Ex. 3.

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE
(No. 2:21-cv-811) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162069692.1

1    **Second,** Defendants claim they need to extend the expert disclosure deadline because

2    certain documents are designated as "Highly Confidential." Mot. ¶ 8. But critically, Defendants

3    have made no efforts to try to resolve their putative confidentiality concern with Bungie prior to

4    bringing this Motion or the end of discovery, even though these documents were in their

5    possession as early as July 2022. *Bush*, 2010 WL 324432, at *3 ("Defendant should have

6    diligently negotiated with Plaintiff to agree on a protective order, or if that failed, made the

7    proper motion to this court to resolve the impasse over the protective order.").

8    **Third,** Defendants complain that Bungie served a supplemental expert report, but fail to

9    disclose that the supplemental report merely *rebuts* the (improper) opinion testimony provided

10   by Schaefer during his March 20, 2023 deposition regarding Phoenix Digital's alleged damages.

11   Marcelo Decl., Ex. 2 (March 20, 2023 Schaefer 30(b)(6) Dep. Tr.) at 85:23-87:5. The report does

12   not provide any new evidence and serves only to rebut Schaefer's testimony, to the extent it is

13   admitted.

## III.    CONCLUSION

15   For these reasons, Defendants' Motion should be denied.

17   I certify that this memorandum contains 1,560 words, in compliance with the Local Civil

18   Rules.

19   Dated: May 10, 2023

By: *s/William C. Rava*

William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

BUNGIE'S RESP. TO DEFS.' MOT.
FOR RELIEF FROM DEADLINE
(No. 2:21-cv-811) –5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162069692.1