THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM DEADLINE FOR DISCLOSURE OF EXPERT TESTIMONY**<br><br>**Note on Motion Calendar: May 12, 2023** |

In reply to Plaintiff's Opposition (Dkt#130) and in further support of their motion for relief from the deadline for disclosure of expert testimony, Defendants state as follows:

1. What has changed between the original date for disclosing experts (i.e., November 21, 2022) and now is that it was not until February 3, 2023 that this Court ordered that Defendants' amended counterclaims could proceed (Dkt.# 84). Prior to then, Plaintiff had consistently and systematically opposed discovery into matters relating to the counterclaims on the basis that it did not relate to any matter actually in the case and therefore was irrelevant.

2. On November 8, 2022 when Bungie's counsel first proposed extending expert disclosures on *all* issues (not just counterclaims), Bungie's motion to dismiss the counterclaims was still pending and there was no indication that the counterclaims would go forward. For that reason, Defendants could not agree to a general extension of the date as

Reply, Motion for Relief from Deadline
Cause No. 21-CV-0811-TSZ
Page 1
Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

such would simply grant Bungie more time to prepare its own case while doing nothing about the very real possibility that Defendants' counterclaims would not go forward. Had Bungie offered to drop its opposition to Defendants' counterclaims that, of course, would be a different matter, but Bungie made no such offer or any indication it would agree to such an approach.

3. The deposition testimony submitted by Bungie is a red herring. At the time of the deposition (and indeed, through the present) Defendants had made no disclosure of an expert or his expected testimony. Bungie's impermissible inquiries into what Defendants' litigation plans were and what Defendants intended to do clearly delve into attorney-client communications and attorney work-product matters, and Defendants appropriately objected to answering on the basis of privilege. This is not a general waiver or concession that Defendants' instant motion is without basis. Defendants knew at the time they would need to seek leave from this Court to identify and disclose a testifying expert and have done so with their instant motion.

4. Defendants' April 11, 2023 request to Bungie that it agree to an extension of the date for disclosing expert testimony relating to the counterclaims was specifically conditioned and designed to avoid prejudice to Bungie. Had it been agreed to, sufficient time remained to complete the disclosures and permit expert discovery and rebuttal before any deadlines for filing dispositive motions. Furthermore, and if need be, the deadline for dispositive motions could have been, and still could be, extended without affecting the December 4, 2023 trial date and relevant pre-trial dates. Indeed, given that Defendants voluntarily ceased distribution of the subject software nearly two-and-one-half years ago in January, 2021, and that there is already in place an injunction against their distribution of the subject software, there is no possibility of ongoing damage to Bungie, and time is *not* of the essence to them (unlike Defendants, whose business has now largely been destroyed by this action). In short, even if a further extension of the trial date is needed (and it is not), this will not seriously compromise Bungie's rights.

5. The purpose of the requested extension is to permit Defendants to provide expert testimony that, while not essential to Defendants' counterclaims, would likely be of assistance to this Court in understanding the relevant issues and reaching an informed

Reply, Motion for Relief from Deadline
Cause No. 21-CV-0811-TSZ
Page 2

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

decision going forward. Again, the "prejudice" to Bungie in having the Court receive such potentially helpful expert testimony is minimal, if not non-existent, while the benefit of receiving such testimony, and achieving an informed, just decision, is of benefit to all.

6. Bungie's claim that, "It would be unfair for Defendant to have two additional months' time, with Plaintiff's expert report in hand, to file its own report," is another red herring. Defendants' proposed expert would address *only* matters related to Defendants' counterclaims, not matters raised in Bungie's already served expert reports. Importantly, Defendants do not oppose, and have *never opposed*, granting Bungie a reasonable opportunity to conduct discovery of Defendants' proposed expert and submit rebuttal expert testimony in response to the testimony provided by Defendants' proposed expert. Again, this is another red herring argument on the part of Bungie.

7. As noted by Bungie, this Court has wide discretion to grant or deny Defendants' requested relief. While this Court certainly has discretion to deny Defendants' motion on various grounds, none of the cases cited by Bungie (and no case Defendants are aware of) holds that it would be an abuse of the Court's discretion to grant the relief requested by Defendants herein.

For reasons stated herein, Defendants respectfully request that their motion be granted and that the date for disclosing expert testimony relating to Defendants' Counterclaims be extended from November 21, 2022 to May 26, 2023.

Dated May 12, 2023.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington 98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 786 words, in compliance with the Local Civil Rules.

Reply, Motion for Relief from Deadline
Cause No. 21-CV-0811-TSZ
Page 3

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900