THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., | No. 2:21-cv-811 |
| Plaintiff, | PLAINTIFF BUNGIE, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE FINAL ARBITRATION AWARD OF JUDGE RONALD E. COX |
| v. | |
| AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; AND JAMES MAY, | |
| Defendants. | |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

162077471.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................ 1

III.   ARGUMENT ................................................................................................... 3

   A.   The Standard for Judicial Review of Arbitration Awards Is Extremely High and Extraordinarily Limited ................................................................. 3

   B.   Defendants' Motion Presents No Basis for Vacating the Award ...................... 5

     1.   The Arbitrator Did Not Exceed His Authority .............................. 6

     2.   Defendants' Present No Evidence of Partiality .............................. 8

IV.   CONCLUSION .............................................................................................. 12

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

162077471.6

1
2

**<u>TABLE OF AUTHORITIES</u>**

3

**Page(s)**

C**ASES**

4
5

*Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*,
 No. C22-729 TSZ, 2022 WL 3018185 (W.D. Wash. July 29, 2022) .............................4, 7, 10

6
7

*Bosack v. Soward*,
 No. C07-574Z, C07-1663Z, 2008 WL 544877 (W.D. Wash. Feb. 25, 2008)
 (Zilly, J.)..........................................................................................................................10

8
9

*Budget Blinds Inc. v. LeClair*,
 No. SACV 12-1101 DOC, 2013 WL 183935 (C.D. Cal. Jan. 16, 2013)................................9

10
11

*Cessna Aircraft Co. v. Nabtesco Aerospace, Inc.*,
 No. C06-1643-JCC, 2007 WL 9775591 (W.D. Wash. Feb. 21, 2007)....................................1

12

*Clark Cnty. Pub. Util. Dist. No. 1 v. Int'l Bhd. of Elec. Workers*,
 150 Wash. 2d 237 (2003)........................................................................................................3

13
14

*Comedy Club, Inc. v. Improv W. Assocs.*,
 553 F.3d 1277 (9th Cir. 2009) ...............................................................................................4

15
16

*Coutee v. Barington Cap. Grp., L.P.*,
 336 F.3d 1128 (9th Cir. 2003) .............................................................................................10

17

*Driveline Baseball Enterprises, LLC v. Top Velocity, LLC*,
 No. 2:21-CV-00946-RAJ, 2021 WL 5769399 (W.D. Wash. Dec. 6, 2021).............................3

18
19

*HayDay Farms, Inc. v. FeeDx Holdings, Inc.*,
 55 F.4th 1232 (9th Cir. 2022) ................................................................................................4

20
21

*Int'l Petroleum Prods. & Additives Co. v. Black Gold, S.A.R.L.*,
 418 F. Supp. 3d 481 (N.D. Cal. 2019) ...................................................................................8

22

*Kaliroy Produce Co. v. Pacific Tomato Growers, Inc.*,
 730 F. Supp. 2d 1036 (D. Ariz. 2010) ..................................................................................11

23
24

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
 341 F.3d 987 (9th Cir. 2003) .............................................................................................3, 4

25
26

*Lagstein v. Certain Underwriters at Lloyd's, London*,
 607 F.3d 634 (9th Cir. 2010) .................................................................................................9

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

162077471.6

*Lattimer-Stevens Co. v. United Steelworkers of Am., Dist. 27, Sub-Dist.*
5, 913 F.2d 1166 (6th Cir. 1990) ............................................................................3

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
387 F.3d 522 (6th Cir. 2004) ..................................................................................8

*Lovell v. Harris Methodist Health Sys.*,
No. CIV.A. 3:99CV2809G, 2000 WL 351384 (N.D. Tex. Mar. 10, 2000).............7

*Mainline Rock & Ballast, Inc. v. Barnes, Inc.*,
8 Wash. App. 2d 594, 610 (2019) ..........................................................................4

*Michigan Mut. Ins. v. Unigard Sec. Ins. Co.*,
44 F.3d 826 (9th Cir. 1995) ....................................................................................4

*Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*,
204 Fed. Appx. 40 (2d Cir. 2006) ..........................................................................5

*Northshore Invs., Ltd. v. Directors Guild of Am., Inc.*,
No. CV 80-2059, 1981 WL 27231 (C.D. Cal. May 7, 1981) ...............................6, 8

*Oxford Health Plans LLC v. Sutter*,
569 U.S. 564 (2013) ................................................................................................3

*Phillips Bldg. Co., Inc. v. An*,
81 Wash. App. 696 (1996) ...........................................................................3, 5, 6, 8

*Shaw v. Norm Reeves Honda Superstore*,
No. SACV18786JVSDFMX, 2022 WL 2903161 (C.D. Cal. June 8, 2022) ...........5

*Singh v. Rockwell Automation Inc.*,
No. C09-597Z, 2011 WL 13192719 (W.D. Wash. Feb. 24, 2011).....................4, 8

*T-Mobile USA Inc. v. Verity Wireless Inc.*,
No. 2:21-cv-733-RAJ-BAT, 2021 WL 4295845 (W.D. Wash. July 22, 2021) .......4

*Todd Shipyards Corp. v. Cunard Line Ltd.*,
735 F. Supp. 1463 (N.D. Cal. 1989), aff'd, 943 F.2d 1056 (9th Cir. 1991) ...........4

*U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*,
591 F.3d 1167 (9th Cir. 2010) .............................................................................4, 9

*Unite Here Loc. 19 v. Picayune Rancheria of Chukchansi Indians*,
101 F. Supp. 3d 929 (E.D. Cal. 2015).....................................................................8

*United Paperworkers Int'l Union v. Misco, Inc.*,
484 U.S. 29 (1987) ..................................................................................................4

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

162077471.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**STATUTES**

9 U.S.C. § 10(a) ................................................................................................................3

9 U.S.C. § 10(a)(2) ...........................................................................................................8

9 U.S.C. § 10(a)(3) ...........................................................................................................5

9 U.S.C. § 10(a)(4) ...........................................................................................................5

17 U.S.C. § 1201(a) ...........................................................................1, 2, 6, 8, 11

17 U.S.C. § 1201(b) ...........................................................................................................1

17 U.S.C. § 1203(c)(3)(A) ...............................................................................................11

RCW 7.04A.230(1)(b) ........................................................................................................3

RCW 7.04A.230(1)(c) ........................................................................................................3

RCW 7.04A.230(1)(d) ........................................................................................................3

RCW 19.86.020 .................................................................................................................2

**RULES**

Rule 22(d) ..........................................................................................................................7

Rule 22(e) ..........................................................................................................................5

Rule 30(b)(6) ......................................................................................................................6

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) – iv

162077471.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.   INTRODUCTION

The Court should follow the Federal Arbitration Act ("FAA") and Washington Uniform Arbitration Act ("WUAA"), deny Defendants'[1] Motion to Set Aside Final Arbitration Award of Judge Ronald E. Cox (Dkt. No. 123, hereafter "Motion"), and confirm the arbitrator's Final Award and Permanent Injunction against Defendants.

When parties agree to resolve disputes via arbitration, they agree to forego the right to a jury trial and judicial review of errors of fact and law.  *See Cessna Aircraft Co. v. Nabtesco Aerospace, Inc*., No. C06-1643-JCC, 2007 WL 9775591, at *2 (W.D. Wash. Feb. 21, 2007). Defendants now seek to vacate the results of the very arbitration that they themselves initially demanded.  *See* Dkt. No. 28 p. 12.  Removed of its bluster and *ad hominem* attacks on the arbitrator, Judge Cox, the Motion offers no basis for the Court to deviate from the FAA and WUAA's requirements and falls well short of meeting the demanding standard for vacatur.  Defendants were not improperly prevented from eliciting supposed impeachment evidence by Judge Cox; rather, Defendants abandoned the entire line of questioning after a single objection to the *form of a question* on that topic was sustained.  Defendants never even attempted to admit the testimony they now claim was improperly excluded.  Defendants further ask this Court to re-litigate adverse factual determinations made by Judge Cox, but mere disagreement with the outcome of an arbitration award is insufficient grounds to vacate.  For these reasons, and those set forth below, the Motion should be denied.

## II.   BACKGROUND

In response to Defendants' motion to compel arbitration, Bungie submitted a demand for arbitration on February 10, 2022 to JAMS concerning six claims: (a) circumvention of technological measures under the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 1201(a)); (b) trafficking in circumvention technology under the DMCA (17 U.S.C. § 1201(a), (b));

---

[1] "Defendants" refers collectively to Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May.

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) – 1

162077471.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   (c) breach of contract; (d) tortious interference with a contract; (e) violation of the Washington

2   Consumer Protection Act (RCW 19.86.020); and (f) unjust enrichment.   Dkt. No. 28.   After

3   overseeing a four-day evidentiary hearing during which eight witnesses testified and dozens of

4   exhibits were submitted, arbitrator Judge Cox issued a Final Award and Permanent Injunction on

5   February 1, 2023. Dkt. Nos. 89-1 ("Final Award") and 89-2 ("Permanent Injunction").  Judge Cox

6   found Defendants liable on all claims and awarded Bungie damages, injunctive relief, and its

7   attorneys' fees and costs.  *Id.*

8        Specifically, Judge Cox found that James May, "in concert with and for the benefit of" the

9   remaining Defendants, circumvented Bungie's technological protection measures protecting

10  access to Bungie's *Destiny 2* video game on over 100 occasions in order to reverse engineer

11  *Destiny 2* to help develop a cheat for *Destiny 2* ("Cheat Software") that was sold on Defendants'

12  website, AimJunkies.com.   Final Award p. 11-12.   Judge Cox awarded statutory damages

13  calculated by the number of times May circumvented Bungie's protection measures.   *Id.*

14  Defendants then trafficked in the Cheat Software (which included "loader" software)—a

15  circumvention device—by selling it on AimJunkies.com. *Id.* p. 13-14.  Again, Judge Cox awarded

16  statutory damages under the DMCA based on the number of copies of the Cheat Software sold

17  based on the sales records that were available to Bungie and that had not been destroyed by

18  Defendants.  *Id.* p. 14.  Judge Cox awarded the statutory maximum per violation award under the

19  DMCA because of, among other reasons, Defendants' "ongoing concealment of sales" of the Cheat

20  Software, which Judge Cox also determined Defendants had spoliated, with other evidence.  *Id.* p.

21  14, 19-20.   Based on their development and sale of the Cheat Software, Defendants were also

22  found liable for breach of contract, tortious interference with a contract, and violating the

23  Washington Consumer Protection Act.  *Id.* p. 16-19.

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.     ARGUMENT

**A.     The Standard for Judicial Review of Arbitration Awards Is Extremely High and Extraordinarily Limited**

Defendants move to vacate the arbitration award under both the FAA and the WUAA.[2] Under both Arbitration Acts, the grounds for judicial review of arbitration awards are "extremely limited." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994, 999 (9th Cir. 2003) (discussing the scope of judicial review in connection with the FAA); *Clark Cnty. Pub. Util. Dist. No. 1 v. Int'l Bhd. of Elec. Workers*, 150 Wash. 2d 237, 246 (2003) (discussing the scope of judicial review in connection with the WUAA).  Indeed, review of an arbitration award is "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am., Dist. 27, Sub-Dist.* 5, 913 F.2d 1166, 1169 (6th Cir. 1990).

The FAA sets forth limited, exceptional grounds upon which an arbitration award may be vacated by judicial review: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption by the arbitrator; (3) where the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy, or somehow misbehaved so as to prejudice a party; or (4) where the arbitrator exceeded his powers or scope of authority.  9 U.S.C. § 10(a).  The WUAA sets forth similarly limited statutory grounds[3] upon which an arbitration award may be vacated.[4]

As a result, "courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Driveline Baseball Enterprises, LLC v. Top Velocity, LLC*, No. 2:21-CV-00946-RAJ, 2021 WL 5769399, at *2 (W.D. Wash. Dec. 6, 2021) (quoting *Oxford Health Plans LLC v.*

---

[2] While Defendants move to vacate the arbitration award under both the FAA and the WUAA, the Motion fails to identify any of the specific statutorily enumerated grounds permitting vacatur under the WUAA.  Although Bungie believes that this matter is properly subject to the FAA, Defendants' arguments fail under both the FAA and WUAA.

[3] As with the FAA, the WUAA provides that arbitration awards may be vacated only upon the specific statutorily enumerated grounds set forth in the WUAA.  *Phillips Bldg. Co., Inc. v. An*, 81 Wash. App. 696, 915 (1996).

[4] Like the FAA, the WUAA allows for vacatur where there was:  (i) evident partiality by an arbitrator appointed as a neutral, (ii) an arbitrator refused to hear evidence material to the controversy, or (iii) an arbitrator exceeded the arbitrator's powers.  *See* RCW 7.04A.230(1)(b), (c), (d).

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) –3

162077471.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    *Sutter*, 569 U.S. 564 (2013)).  "Neither erroneous legal conclusions nor unsubstantiated factual

2    findings justify federal court review of an arbitral award under the statute."  *Astronics Elec. Sys.*

3    *Corp. v. MAGicALL, Inc.*, No. C22-729 TSZ, 2022 WL 3018185, at *2 (W.D. Wash. July 29,

4    2022) (quoting *Kyocera Corp.*, 341 F.3d at 994).  Instead, an arbitration award "may be vacated

5    only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'"  *T-Mobile USA*

6    *Inc. v. Verity Wireless Inc.*, No. 2:21-cv-733-RAJ-BAT, 2021 WL 4295845, at *3 (W.D. Wash.

7    July 22, 2021) (quoting *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir.

8    2009)).  In the Ninth Circuit, "'[m]anifest disregard of the law' means something more than just

9    an error in the law or a failure on the parts of the arbitrators to understand or apply the law."

10   *Michigan Mut. Ins. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995).  Rather, "[t]here

11   must be some evidence in the record, other than the result, that the arbitrators were aware of the

12   law and intentionally disregarded it."  *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232,

13   1241 (9th Cir. 2022).

14           As a result of this extremely limited and deferential standard, courts may not "reconsider

15   the merits of an award[,]" *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987),

16   or "re-weigh or re-examine [] evidence[,]" *Todd Shipyards Corp. v. Cunard Line Ltd.*, 735 F. Supp.

17   1463, 1466 (N.D. Cal. 1989), aff'd, 943 F.2d 1056 (9th Cir. 1991).[5]  "The burden of establishing

18   grounds for vacating an arbitration award is on the party seeking it." *U.S. Life Ins. Co. v. Superior*

19   *Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010); *see also Singh v. Rockwell Automation Inc.*,

20   No. C09-597Z, 2011 WL 13192719, at *1 (W.D. Wash. Feb. 24, 2011) ("The party seeking to

21   vacate an arbitration award bears a heavy burden because review of an arbitration award is both

22   limited and highly deferential.").

23

24

25           [5] Washington state law is similar.  A court confirming or vacating an award under the WUAA may not "look
     to the merits of the case", "reexamine evidence", "delv[e] into the substantive merits of the claim" or the "merits of

26   the arbitrator's legal conclusions", or "conduct a trial de novo."  *Mainline Rock & Ballast, Inc. v. Barnes, Inc.*, 8 Wash.
     App. 2d 594, 610 (2019).

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) –4

162077471.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Here, the Motion seeks vacatur on the grounds that Judge Cox refused to consider certain

2    supposed impeachment evidence in violation of the JAMS rules, and that rulings that were

3    unfavorable for Defendants demonstrate Judge Cox's "evident partiality."  Defendants' allegations

4    are baseless; their Motion offers no grounds for the Court to deviate from the FAA's and WUAA's

5    requirements; and the Court should deny Defendants' Motion and confirm the arbitrator's Final

6    Award and Permanent Injunction against Defendants.

7    **B.    Defendants' Motion Presents No Basis for Vacating the Award**

8        As a threshold matter, Defendants' issues are not found on the face of the Final Award and

9    thus cannot be a basis to vacate the arbitration award.  *See Phillips Bldg. Co. v. An,* 81 Wash. App.

10   696, 701 (1996) ("Judicial review of an arbitration award, however, is limited to the face of the

11   award.").  On a motion to vacate an arbitration award, the Court does not attempt to second guess

12   the decisions made by an arbitrator who was present for the evidentiary hearing, reconsider the

13   evidence submitted, or make revised factual findings.  *See, e.g.*, *Shaw v. Norm Reeves Honda*

14   *Superstore*, No. SACV18786JVSDFMX, 2022 WL 2903161, at *3 (C.D. Cal. June 8, 2022) ("The

15   Court's limited role when determining whether to confirm an arbitration award does not give it the

16   power to second-guess the Arbitrator's judgment."); *Nicholls v. Brookdale Univ. Hosp. & Med.*

17   *Ctr.*, 204 Fed. Appx. 40, 43 (2d Cir. 2006) ("[I]t is the arbitrator's role to make factual findings,

18   weigh evidence, and assess the credibility of witnesses, and it is well-settled that a federal court

19   may not conduct a reassessment of the evidentiary record.").  Defendants submitted an extensive

20   set of extrinsic documents and exhibits that not only fail to support their allegations, but also fall

21   well outside the scope of what can be considered on a motion to vacate.  Defendants fail to present

22   a basis from within the Final Award for their Motion, and effectively concede that the Motion is

23   not based on the four-corners of the Final Award.  The Motion fails on that basis alone.

24

25

26

### 1.  The Arbitrator Did Not Exceed His Authority

Defendants contend that Judge Cox refused to permit cross examination based on the two depositions Dr. Kaiser had previously given, and so violated JAMS Rule 22(e) and exceeded his authority under 9 U.S.C. §§ 10(a)(3) and 10(a)(4).  This argument fails for several reasons.

*First*, as discussed above, the issue Defendants complain of does not appear on the face of the award, and they rely on extrinsic evidence (e.g., deposition testimony and the arbitration transcript).  This cannot be a basis to vacate the arbitration award.  *Northshore Invs., Ltd. v. Directors Guild of Am., Inc.*, No. CV 80-2059, 1981 WL 27231, at *3 (C.D. Cal. May 7, 1981) ("The Court may not review the merits of the underlying dispute, but may look only to the face of the Award; and if it represents a plausible interpretation of the contract, judicial inquiry must cease."); *see also Phillips Bldg.,* 81 Wash. App. at 701 ("Judicial review of an arbitration award, however, is limited to the face of the award.").

*Second*, Defendants are simply wrong about what happened at the arbitration.  Judge Cox did not refuse to allow Defendants' counsel to conduct a cross examination of Dr. Kaiser, or to use Dr. Kaiser's deposition testimony.  Nor did Bungie attempt to stop such use.  Bungie objected "to the form of [the] question" because it was misleading.  *See* Mot. at 4; *see also* Dkt. No. 123-8 (Mann Decl., Ex. G).  Specifically, Bungie objected because the Rule 30(b)(6) deposition notice to Bungie did not include a topic on Bungie's technological protection measures, a fact recognized by Defendants' counsel who, during that same deposition noted:  "Well, I realize that, you know, the practical problem is, maybe, Dr. Kaiser could say, with some justification, hey, I wasn't prepared on that stuff [the DMCA issue in the arbitration].  So I would rather talk to him when he is."  Dkt. No. 123-7 (Mann Decl., Ex. F) at 43:5-17.[6]  Bungie thus objected to Defendants' counsel's representation in the question that the deposition covered "all the technological measures that Bungie contends were compromised by Phoenix Digital."  Mot. at 4; Dkt. No. 123-8 (Mann Decl., Ex. G) at 3:14-16.

---

[6] Defendants did not subsequently conduct a deposition of Bungie or Dr. Kaiser in the arbitration.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Critically, after the objection *to the form* of the question was sustained, Defendants

2    abandoned that line of questioning entirely.  *See* Marcelo Decl., Ex. 1 (December 19, 2022 Tr.) at

3    178:2-25 (continuing the excerpt from Mann Decl., Ex. G (Dkt. No. 123-8).  Defendants did not

4    attempt to use Dr. Kaiser's deposition transcripts, did not attempt to read any portion of those

5    transcripts into the record, and did not rephrase the misleading question in a less objectionable

6    form.  They simply moved on to asking about a different exhibit.  *Id.*

7    Judge Cox did not violate a JAMS rule by barring Defendants from entering deposition

8    evidence into the record.  ***Defendants never tried to do so***.

9    There is no doubt Judge Cox had the authority to sustain objections as to the form of a

10   question.  He even invited Defendants to "Ask another question" after sustaining Bungie's

11   objection to form—that is not the same as excluding evidence.  *Id.*  Moreover, in consenting to

12   arbitration, Defendants expressly agreed to the JAMS rules, which provide Judge Cox with

13   significant latitude in considering evidence, including allowing Judge Cox to "limit testimony to

14   exclude evidence that would be immaterial or unduly repetitive, provided that all Parties are

15   afforded the opportunity to present material and relevant evidence."   JAMS Rule 22(d).

16   Defendants were afforded ample opportunity to present evidence from Dr. Kaiser's deposition

17   transcripts, but abandoned the endeavor entirely.  Having consented to the rules, Defendants

18   cannot now complain that Judge Cox merely exercised the discretion afforded to him.  *See Lovell*

19   *v. Harris Methodist Health Sys.*, No. CIV.A. 3:99CV2809G, 2000 WL 351384, at *3 (N.D. Tex.

20   Mar. 10, 2000) ("Because [Plaintiff] agreed to the arbitration rules that gave the arbitrator the

21   discretion to weigh the relevance, materiality, and credibility of all evidence and witnesses,

22   including [Plaintiff's witnesses'] testimony, [Plaintiff] cannot now argue that the arbitrator

23   'misbehaved' by exercising that discretion.").

24   ***Third***, Defendants' argument that their decision not to use Dr. Kaiser's deposition

25   testimony for impeachment purposes prejudiced them can also be quickly dismissed.  Defendants

26   thoroughly cross-examined Dr. Kaiser during the four-day hearing.  Judge Cox was fully capable

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

of determining credibility based on Dr. Kaiser's many hours of testimony. Defendants' disagreement with Judge Cox as to Dr. Kaiser's credibility is not a basis to vacate the Final Award. *See Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*, No. C22-729 TSZ, 2022 WL 3018185, at *5 (W.D. Wash. July 29, 2022) ("arbitral assessments regarding witness credibility are not matters for judicial review[.]") (quoting *Int'l Petroleum Prods. & Additives Co. v. Black Gold, S.A.R.L.*, 418 F. Supp. 3d 481, 489 n.10 (N.D. Cal. 2019)).

### 2.    Defendants' Present No Evidence of Partiality

Defendants contend that Judge Cox displayed "evident partiality or corruption" in allegedly failing to comply with JAMS Rules and making adverse rulings. Mot. p. 9-14; 9 U.S.C. § 10(a)(2). This argument is baseless.

As with Defendants' other argument, this issue is also based on numerous claims outside the scope of the Final Award. Defendants concede this by relying on extrinsic deposition testimony, Defendants' interpretation of exhibits not before this Court, Defendants' view of whether they themselves are credible, and Mr. Guris's expert report. None of these issues are in the Final Award nor can they be properly considered by the Court. *Northshore Invs., Ltd. v. Directors Guild of Am., Inc.*, No. CV 80-2059, 1981 WL 27231, at *3; *see also Phillips Bldg.,* 81 Wash. App. at 701.

Moreover, none of Judge Cox's findings about which Defendants complain evidence partiality. Evident partiality cannot be found simply because the arbitrator issued unfavorable rulings against the complaining party. *Singh*, 2011 WL 13192719, at *2 (Zilly, J.) ("Adverse rulings on motions, standing alone, do not establish evident partiality, and do not warrant vacature of an arbitration award.").

**Bungie Technological Measures.** Defendants ask this Court to re-examine the *merits* of Judge Cox's decision by determining what technological measures were in place by Bungie, how they operate, whether Defendants circumvented those measures, and even whether *Destiny 2* is the

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) –8

162077471.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  subject of copyright filings.[7]  Mot. at 10.  That is far outside the scope of the extremely narrow

2  basis to vacate an arbitration award.  *See Unite Here Loc. 19 v. Picayune Rancheria of Chukchansi*

3  *Indians*, 101 F. Supp. 3d 929, 932-33 (E.D. Cal. 2015) ("Federal courts are not empowered to

4  second-guess an arbitrator's findings, and will enforce an arbitration award if it represents a

5  'plausible interpretation of the contract in the context of the parties' conduct.'") (quoting *U.S. Life*

6  *Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir.2010)).  Indeed, such a

7  reexamination of the merits is expressly prohibited.  *Lagstein v. Certain Underwriters at Lloyd's,*

8  *London*, 607 F.3d 634, 640-41 (9th Cir. 2010) (reviewing the merits of an arbitration award is

9  "beyond the scope" of a federal court's authority under the FAA).  And Defendants even admit

10 that Dr. Kaiser did testify regarding the numerous technological protection measures implemented

11 by Bungie and how Defendants circumvented them.  *See* Mot. p. 10 ("Dr. Kaiser did indeed so

12 testify" about Bungie's "defenses in depth."); *see also* Final Award p. 6 (listing Bungie's

13 technological protection measures).

14  **Role of James May.**  Defendants also take issue with Judge Cox's factual finding that May

15 acted in concert with the other Defendants to develop the Cheat Software.  Mot at 11; *c.f.* Final

16 Award.  Here again, Defendants attempt to re-litigate factual findings made by Judge Cox after the

17 four-day evidentiary hearing. This is improper.  *See, e.g., Budget Blinds Inc. v. LeClair*, No. SACV

18 12-1101 DOC, 2013 WL 183935, at *6 (C.D. Cal. Jan. 16, 2013) (denying motion to vacate and

19 confirming arbitration award where plaintiff sought to "re-litigate the arbitrator's factual findings

20 and weighing of the evidence in a manner that is inconsistent with the limited scope of review for

21 arbitration awards.").  What's more, there is ample factual support within the four corners of the

22 Final Award that explains to Defendants the meaning of "act[ing] in concert with Phoenix", in

23 case there is any confusion.  Judge Cox found, among other things, that May reverse engineered

24

25

26

[7] Strangely, Defendants claim that "the arbitration . . . was not in any way, shape or form concerned with copyright infringement" as a basis to overturn this finding.  Mot. p. 10.  The DMCA requires that a claimant show that the claimant's technological measure controls access *to a work protected by copyright.  See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 550 (6th Cir. 2004).  That Bungie owns copyrighted material was an element of its DMCA claims in the arbitration, and was a finding from the Final Award.

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) –9

162077471.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   *Destiny 2* "a number of times," which "allowed Phoenix to modify and sell through its website,

2   Aimjunkies.com, a beta version of the cheat for *Destiny 2*," and that May further "engaged in the

3   unauthorized access of *Destiny 2* many times" over at least a year thereafter.  Final Award p. 6-7;

4   *see also id.* p. 11-12 (May's connection of reverse engineering tools "help[ed] develop a cheat for

5   *Destiny 2* that Phoenix sold on its website").   Judge Cox also directly addressed Defendants'

6   agency argument in the Final Award, finding that May's violations can be attributed to Phoenix

7   Digital because "he repeatedly attacked the defenses used by Bungie to protect its *Destiny 2*

8   copyrighted property.  And in doing so he used proprietary signature authority of Phoenix to attain

9   his objectives."  Final Award p. 15.

10          **Schaefer's Credibility.**  Determinations of credibility are entrusted to the sound discretion

11   of the arbitrator.  *Astronics Elec.*, 2022 WL 3018185, at *5.  Nevertheless, Defendants urge the

12   Court on review of the arbitrator's Final Award to substitute its own judgment for the arbitrator's.

13   Mot. p. 12-13.  This is well outside the narrow grounds on which to vacate an arbitration award.

14   The Motion also conspicuously omits facts from the Final Award supporting the arbitrator's

15   finding that Schaefer was not a credible witness such as the "blatantly false" representations he

16   made in his letter to Bungie.  *See* Final Award p. 4.

17          **Testimony of Steven Guris.**  Here again, Defendants ask the Court to reassess the

18   evidence presented before Judge Cox to arrive at a different conclusion.  This also falls outside the

19   permissible scope of review of an arbitration award.  *Coutee v. Barington Cap. Grp., L.P.*, 336

20   F.3d 1128, 1136 (9th Cir. 2003) (in reviewing confirmation or vacation of an arbitration award, a

21   court has no authority to re-weigh the evidence).  It is also abundantly clear that Judge Cox fully

22   understood Mr. Guris's testimony at the arbitration hearing as it relates to Defendants' loader

23   software.  Indeed, Judge Cox found that Mr. Guris "explains the process the purchaser of a cheat

24   follows and its impact on the *Destiny 2* software," including that the "cheater downloads and

25   extracts a loader from the Aimjunkies website to a USB flash drive," and then "manipulates [the

26   Windows Firewall] to allow the cheat as an exception afforded by the firewall."  Final Award p.

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) –10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

162077471.6

1    10; *see also* Dkt. No. 123-10 (Expert Report of Steven Guris) ¶¶ 96-101, 111.  Judge Cox fully

2    understood the import of Mr. Guris's testimony and afforded it the appropriate weight in his Final

3    Award.

4         **Amount of the Final Award.**  Even in the context of reviewing the size of arbitration

5    awards, "[i]t is not the Court's role to review the evidence heard by the panel."  *Bosack v. Soward*,

6    No. C07-574Z, C07-1663Z, 2008 WL 544877, at *9 (W.D. Wash. Feb. 25, 2008) (Zilly, J.)

7    (confirming punitive damages in arbitration award); *see also Kaliroy Produce Co. v. Pacific*

8    *Tomato Growers, Inc.*, 730 F. Supp. 2d 1036, 1054-55 (D. Ariz. 2010) (confirming arbitration

9    award in the face of large damages award because the "grounds for the Tribunal's decision can be

10   inferred from the facts of the case and the evidence presented to the Tribunal," including a multi-

11   day evidentiary hearing and final award that discussed relevant "facts, arguments, and legal

12   principles").

13        Judge Cox's award of statutory damages under the DMCA was amply supported by the

14   detailed findings in the Final Award and does not evidence prejudice.  Defendants were found

15   liable on *all claims*.  *See generally* Final Award.  Judge Cox's per-violation award under the

16   DMCA was within the permitted statutory range of up to $2,500 per violation.  *See* 17 U.S.C.

17   § 1203(c)(3)(A).  As Judge Cox found, and as supported by the legal authority cited in the Final

18   Award, the maximum per-violation award was more than warranted in this case.  Final Award p.

19   12, 14.  May's circumvention was "malicious [in] nature," having circumvented Bungie's

20   technological protection measures at least 102 times.  *Id.* p. 12.  May persisted even "after being

21   caught and banned by Bungie several times for doing so," and continued to devise new ways to

22   circumvent Bungie's protection measures.  *Id.* p. 11.  He did so for the benefit and at the direction

23   of Defendants in order to develop the *Destiny 2* cheat software sold on Defendants' website.  *Id.*

24   p. 12.  Judge Cox further found that the statutory damage award for trafficking in circumvention

25   devices was warranted by Defendants' "egregious and willful conduct, including their ongoing

26   concealment of sales." *Id.* p. 14.  Indeed, Defendants were found liable for destroying evidence in

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) –11

162077471.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    bad faith, including evidence related to "financial records concerning sales of the cheats," and that

2    "[n]one of this was done innocently."   Final Award p. 19-20.   Notably, Defendants "failed to

3    present any evidence to the contrary" in response to Bungie's statutory damages request, further

4    supporting Judge Cox's award.  *Id.* p. 12, 14.

5                                             **IV.    CONCLUSION**

6              For the foregoing reasons, Bungie respectfully requests that the Court deny Defendants'

7    Motion and confirm the Permanent Injunction of January 31, 2023 and Final Award of February

8    1, 2023, and enter judgment accordingly.

9

10             I certify that this memorandum contains 4,068 words, in compliance with the Local Civil

11   Rules.

12

13   Dated: May 15, 2023                        By:  *s/ William C. Rava*

14                                                     William C. Rava, Bar No. 29948
                                                       Christian W. Marcelo, Bar No. 51193
                                                       Jacob P. Dini, Bar No. 54115

15                                                     **Perkins Coie LLP**

16                                                     1201 Third Avenue, Suite 4900
                                                       Seattle, Washington 98101-3099

17                                                     Telephone: +1.206.359.8000
                                                       Facsimile: +1.206.359.9000

18                                                     WRava@perkinscoie.com
                                                       CMarcelo@perkinscoie.com

19                                                     JDini@perkinscoie.com

20

21

22

23

24

25

26

PLAINTIFF'S OPPOSITION TO MOT.
TO SET ASIDE ARB. AWARD
(No. 2:21-cv-811) –12

162077471.6