THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE ARBITRATION AWARD OF JUDGE RONALD E. COX**<br><br>**Note on Motion Calendar: May 19, 2023**<br><br>**Oral Argument Requested** |

In further support of their Motion to Set Aside The Arbitration Award Of Judge Ronald E. Cox, Defendants respond as set out herein.

### I.   BUNGIE'S MISDIRECTION

Not surprisingly, Bungie discusses (1) matters that are not in dispute, (e.g., procedural history of the case, what Judge Cox's Order says, etc.), (2) what the relevant statutes are, and (3) arguments Defendants have not made.

Contrary to Bungie's claim that Defendants seek an impermissible *de novo* review of the factual and legal holdings made by Judge Cox, Defendants instead rely on the clear, direct and precise language of the Federal Arbitration Act, 9 U.S.C. § 12, ("FAA") and the Washington Uniform Arbitration Act, RCW 7.04A.230 ("WUAA") which explicitly set out the appropriate grounds under which an arbitration award can properly be vacated. Among these grounds are, (1) "where the arbitrators were guilty of misconduct in...*refusing to hear evidence pertinent and material to the controversy,*" (2) where, "An arbitrator exceeded the arbitrator's powers," (3), where there was, "Evident partiality by an arbitrator appointed as a

Reply in Support Motion to Set Aside
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

neutral," or, (4) "where there was evident partiality or corruption in the arbitrators, or either of them."

Each of the arguments presented by Defendants for setting aside the Arbitration Award falls within one of the enumerated grounds specified by 9 U.S.C. § 10 and RCW 7.04A.230. Bungie's claims that Defendants seek review beyond the grounds permissible under the FAA and WUAA are without basis.

## II   JUDGE COX FAILED TO COMPLY WITH JAMS' RULES

Bungie, in its opposition, tacitly admits Judge Cox was contractually obligated to follow the JAMS Comprehensive Arbitration Rules at the hearing and that these rules *required* that he, "*shall receive and consider* relevant deposition testimony recorded by transcript or videotape…." This is inescapable, and Bungie makes no serious arguement otherwise. Instead, and following the venerable dictum that, "the best defense is a good offense," Bungie tries to blame *Defendants* for Bungie's own false representations and Judge Cox's own failure to follow clear JAMS rules.

Bungie's claim that Defendants somehow were *not* precluded from impeaching Dr. Kaiser with his own prior deposition testimony flies in the face of reality. Defendants had earlier taken the deposition of Dr. Kaiser and questioned him extensively about the "technological measures" that were supposedly put in place by Bungie at the time of Defendants' supposed transgressions. The deposition testimony Dr. Kaiser had provided earlier was at serious odds with what he testified to during direct examination at the arbitration hearing. Although the deposition was conducted pursuant to a deposition notice bearing a caption for this case, the parties had earlier agreed that depositions taken in one case could be used in the other. Bungie's counsel knew this as he is the one who agreed to it on the record at Dr. Kaiser's deposition.

There is no question Judge Cox's ruling precluded use of Dr. Kaiser's deposition for impeaching his testimony as to the identity of, "all the technological measures that Bungie contends were compromised by Phoenix Digital." Dr. Kaiser had testified to this extensively

Reply in Support Motion to Set Aside
Cause No. 21-CV-0811-TSZ
Page 2

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

on his direct examination, and his testimony in this regard was in direct contradiction to what he had testified to earlier in his deposition.

The question posed to Dr. Kaiser, namely, "Do you recall when I asked you to identify all the technological measures that Bungie contends were compromised by Phoenix Digital?" is not improper as to form and is a simple and clear "yes" or "no" question regarding Mr. Kaiser's memory. Although Bungie's objection was couched in terms of "form," the clear substance of the objection was that (1) the deposition was, "taken in the federal court litigation, and (2) "His 30(b)(6) testimony explicitly did not include anything on the DNCA [sic] violation." It was on the basis of these misrepresentations by Bungie's counsel that Judge Cox improperly sustained the objection, thereby precluding cross-examination impeachment of Dr. Kaiser using his earlier deposition testimony.

In making the objection, Bungie's counsel misrepresented that a deposition "taken in the federal court litigation" could not be used in the arbitration, when, in fact, counsel had earlier agreed that it could, and further misrepresented the scope and content of the deposition stating that it did not contain testimony regarding the "technological measures" used by Bungie when, in fact, it did.[1] The "representations" made by Bungie's counsel in his objection were false, and it was expressly on the basis of these false "representations" that Judge Cox sustained the objections and precluded any cross-examination of Dr. Kaiser regarding his earlier testimony as to Bungie's supposed "technological measures."

Contrary to Bungie's claim, the objection was not simply one of "form,"[2] but, rather, was substantive in that it was expressly based on false claims that, (1) deposition testimony from this federal case could not be used in the arbitration, and (2) that Dr. Kaiser had not testified to any "technological measures," when, in fact, he did. By immediately sustaining

---

[1] Indeed, if Dr. Kaiser had *not* earlier provided such testimony, he simply could have answered, "No" in response to the question posed. This, of course, would have resulted in Defendants' counsel pulling up the subject testimony and demonstrating otherwise.

[2] Furthermore, Bungie's counsel never stated a proper objection as to form, e.g., that the question is unclear, argumentative, assumes facts not in evidence, etc., but relied instead on procedural/factual grounds. It was on those grounds that Judge Cox erroneously sustained the objection.

Reply in Support Motion to Set Aside
Cause No. 21-CV-0811-TSZ                    Page 3

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

the objection without providing Defendants' counsel an opportunity to address the objection, Judge Cox clearly indicated that cross-examination of Dr. Kaiser using his prior deposition testimony would not be permitted.

Regardless of the merits of Bungie's objection, Judge Cox breached his duties and obligations under JAMS Comprehensive Rule 22 (e) which *mandates* that he receive and consider the prior deposition testimony.  Even if Bungie's "representations" were accurate (and they were not) Judge Cox was still contractually required to permit use of the depositions in the cross-examination of Dr. Kaiser.  This he failed to do, and by failing to do so, he breached his contractual obligations to Defendants.

Bungie argues that Defendants' counsel erred in not accepting Judge Cox's clear ruling on the objection and, instead, should have continued to press the matter in blatant defiance of the Judge and at the very real risk of antagonizing him.  This essentially boils down to an argument that this Court should *reward* the potentially sharp practices of Bungie and *punish* Defendants' appropriate deference to the rulings, decisions and orders made by a trial judge during an evidentiary hearing.[3]  This turns standards of order, decorum and professionalism on their head.

Although courts and trial judges routinely admonish parties and counsel not to engage in sharp or deceptive practices, many continue to do so for the simple reason that frequently *it works*. This Court should not encourage such tactics by accepting Bungie's argument that Defendants erred by not defiantly thumbing their nose at Judge Cox. This Court should not hold that Bungie's false representations and Judge Cox's failure to follow the very rules he imposed and was contractually obligated to administer were somehow the fault of Defendants.

Bungie's citation to JAMS Rule 22(d) is a clear red herring.  Rule 22(d), which states, in part, that, "The Arbitrator may limit testimony to exclude evidence that would be immaterial or unduly repetitive," has no relevance here.  The question is not whether Dr.

---

3     Citing to the classic trial scenes in *A Few Good Men*, (Columbia Pictures, CA., 1992) is there a legal difference between an "objection" and a "strenuous objection"?  Does failing to complain and argue *after* a ruling on an objection, and in defiance of the court, somehow waive the right to later challenge that ruling?

Reply in Support Motion to Set Aside
Cause No. 21-CV-0811-TSZ
Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

Kaiser's prior deposition testimony was, "immaterial or unduly repetitive," it is whether Judge Cox's refusal to admit and consider the deposition testimony *even once* violates Rule 22(e) which expressly *requires* him to do so.

Bungie further claims, incorrectly, that Judge Cox had discretion to exclude Dr. Kaiser's earlier deposition testimony. Contrary to Bungie's claim, Judge Cox had *no* discretion to ignore his clear obligations under Rule 22(e), and Bungie cites no authority that he did.

In *Lovell v. Harris Methodist Health Sys.*, the issue concerned a claim that the arbitrator, "disregard[ed] the testimony of Lovell's expert witness." Unlike here, there was no question in *Lovell* that the arbitrator actually received the testimony. In *Lovell,* the arbitrator *after receiving the testimony,* exercised his discretion to ignore it or give it lesser weight. Here, Judge Cox never received the deposition testimony despite the mandate of Rule 22(e) that he do so. Again, the decision in *Lovell* is inapposite, and Bungie hopes to bamboozle this Court by misstating facts and pointing to irrelevant law.

Finally, Bungie's argument that Judge Cox's failure to abide by Rule 22(e) is immaterial because, "Defendants thoroughly cross-examined Dr. Kaiser during the four-day hearing," is misguided. Under both JAMS Comprehensive Rule 22(e) and F.R.C.P. 32(a)(2) and 32(a)(3), Defendants had an absolute right, not subject to discretionary refusal by the arbitrator, to impeach Dr. Kaiser with his own prior inconsistent deposition testimony. Bungie's citation to A*stronics Elec. Sys. Corp. v. MAGicALL, Inc.,* is inapposite. In *Astronics,* the claimed transgression was the arbitrator's refusal to "(i) hear evidence concerning what documents would be subject to transfer…, and (ii) reopen the hearing to allow discovery of documents related to [a witness and employee]." *Id.* Unlike here, there was no rule mandating that the arbitrator either hear such "evidence concerning...documents," or "reopen the hearing to allow discovery of documents." Unlike in *Astronics,* Judge Cox was subject to a clear JAMS rule mandating that he, "shall receive and consider relevant

Reply in Support Motion to Set Aside
Cause No. 21-CV-0811-TSZ         Page 5

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

deposition testimony." In short, the arbitrator in *Astronics* had discretion to do what she did, while here Judge Cox did not.

That Defendants were able to cross-examine Dr. Kaiser on other matters does not render the arbitrator's improper refusal to permit a full cross-examination either harmless or non-prejudicial. Indeed, how can it *not* be prejudicial to deny Defendants their clear legal authority and right to impeach Dr. Kaiser with his own prior inconsistent deposition testimony when Dr. Kaiser's "credibility" was an essential factor in the arbitrator's final award?

The issue here is not that Defendants disagree with Judge Cox's finding as to Dr. Kaiser's credibility, it is that Judge Cox improperly *refused to consider* deposition testimony *he was contractually obligated to consider* in making his finding. Bungie's repeated attempts to confuse the issue should be seen for what they are.

## III     EVIDENCE OF PARTIALITY

Bungie incorrectly accuses Defendants of seeking a re-examination of the merits of Judge Cox's factual findings. This is incorrect. Instead, Defendants point to blatantly obvious errors in these factual findings as evidence that Judge Cox either ignored his duties to the parties that hired him or consciously favored Bungie over Defendants. These matters are set out in detail in Defendants' opening memorandum in support of this motion.

Briefly, the findings as to "technological matters" are tainted in that such was established solely by the testimony of Dr. Kaiser who, as outlined above, was never subjected to a meaningful cross examination on those matters.

Similarly, it remains undisputed that Mr. Guris testified and readily admitted that he never examined or analyzed the "cheat software" at issue or any product actually distributed by Defendants. His expert testimony was confined solely to a "loader" product he downloaded from the Aimjunkies website months after the site was under new ownership and more than eighteen months after the subject software ceased being distributed.

Reply in Support Motion to Set Aside
Cause No. 21-CV-0811-TSZ        Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

It was undisputed that Defendant James May had absolutely no interest in Phoenix Digital and played absolutely no role in development or distribution of the subject "cheat software." Nevertheless, Judge Cox found individual liability as to Mr. May on grounds that make no substantive sense and appear to be verbiage designed to obfuscate the lack of any actual evidence against him.

Finally, the amount of the final award – more than 100 times Defendants' *gross* receipts for limited distribution of the subject software – evidences a clear intent to penalize not only the corporate entity, Phoenix Digital, but the three individuals who owned it as well as an innocent bystander who happened to be standing too closely nearby. Defendants do not point to these matters asking that they be reconsidered and decided differently. They point to them as evidence that the Arbitrator demonstrated clear bias, a ground for refusing confirmation of the arbitrators final award under both the FAA as well as the WUAA.

For all the foregoing reasons, Defendants' motion should be granted.

Dated May 19, 2023.

>*/s/ Philip P. Mann*
>
> Philip P. Mann, WSBA No: 28860
> **Mann Law Group PLLC**
> 403 Madison Ave. N. Ste. 240
> Bainbridge Island, Washington 98110
> Phone (206) 436-0900
> phil@mannlawgroup.com
> Attorneys for Defendants

I certify that this memorandum contains 2087 words, in compliance with the Local Civil Rules.

Reply in Support Motion to Set Aside
Cause No. 21-CV-0811-TSZ          Page 7

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900