UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

Plaintiff,

v.

AIMJUNKIES.COM, et al.,

Defendants.

C21-0811 TSZ

ORDER

THIS MATTER comes before the Court on a motion to confirm an arbitration award, docket no. 88, brought by plaintiff Bungie, Inc. ("Bungie"), and a motion to vacate the award, docket no. 123, brought by defendants Aimjunkies.com ("Aimjunkies"), Phoenix Digital Group LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively the "Defendants"). Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following Order.

**Background**

This action concerns Defendants' development, sale, and distribution of cheat software for Bungie's popular Destiny 2 video game. *See* Am. Compl. at ¶ 2 (docket

no. 34). On June 15, 2021, Bungie filed suit against Defendants and asserted nine causes of action: (i) copyright infringement; (ii) trademark infringement; (iii) false designation of origin; (iv) circumvention of technological measures; (v) trafficking in circumvention technology; (vi) breach of contract; (vii) tortious interference; (viii) violation of the Washington Consumer Protection Act ("CPA"); and (ix) unjust enrichment. Compl. at ¶¶ 66–136 (docket no. 1).

On January 10, 2022, Defendants moved to refer Bungie's fourth through ninth causes of action to binding arbitration in accordance with the terms of Bungie's Limited Software License Agreement ("LSLA"). *See* Mot. (docket no. 28). The LSLA provides that all claims arising out of or relating to the agreement shall be "settled by binding arbitration administered by JAMS in accordance with the provisions of its Comprehensive Arbitration Rules or Streamlined Arbitrations Rules, as appropriate." LSLA, Ex. 6 to Am. Compl. (docket no. 34-1 at 25). Bungie did not oppose Defendants' request and, on February 10, 2022, submitted a demand for arbitration for those claims. Rava Decl. at ¶ 2 (docket no. 31). The Court granted Defendants' request to refer Bungie's fourth through ninth causes of action (the "Arbitration Claims") to binding arbitration and stayed its consideration of the Arbitration Claims. Order at 12–13 (docket no. 33). Bungie's claims for copyright infringement, trademark infringement, and false designation of origin remain pending before the Court.

Following an evidentiary hearing held on December 19–21, 2022, a JAMS-appointed arbitrator (the "Arbitrator") issued a preliminary written award on January 13, 2023. The Arbitrator found Defendants liable on all of the Arbitration Claims and

awarded Bungie monetary damages and injunctive relief. On February 1, 2023, after receiving submissions on reasonable attorneys' fees and costs, the Arbitrator issued his Final Award. Final Award, Ex. A to Rava Decl. (docket no. 89-1). The Arbitrator awarded Bungie $3,657,500 in damages, $598,641 in attorneys' fees, $101,800 in expert witness fees, and $38,281 in other expenses for a total monetary award of $4,396,222. *See* Final Award at 15–16, 21–23. On January 31, 2023, the Arbitrator entered a permanent injunction against Defendants, enjoining them from continuing to develop, advertise, and/or sell cheat software for any of Bungie's copyrighted works. *See* Inj., Ex. B to Rava Decl. (docket no. 89-2). Bungie now moves under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the Final Award and direct entry of the injunction and monetary judgment against Defendants on the Arbitration Claims. Defendants move under the FAA, 9 U.S.C. § 12, and the Washington Uniform Arbitration Act, RCW Chapter 7.04A, to vacate the Final Award.

**Discussion**

An arbitration award is binding and enforceable unless the Court finds a basis to vacate it pursuant to 9 U.S.C. § 10. The scope of judicial review of arbitration awards under the FAA is extremely limited, designed to preserve due process, but not to permit unnecessary public intrusion into private arbitration procedures. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute[.]" *Id.* at 994. Defendants bear the "burden of establishing grounds for vacating" the Final Award, *U.S. Life Ins. Co. v. Superior Nat'l*

*Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010), and argue that the Arbitrator (1) allegedly violated a JAMS Comprehensive Arbitration Rule, and (2) acted with evident partiality toward Bungie.

**1. Violation of JAMS Comprehensive Arbitration Rule**

Defendants contend that the Arbitrator denied them a fair hearing and exceeded his authority when he allegedly violated JAMS Rule 22(e), which provides in relevant part that the "Arbitrator shall receive and consider relevant deposition testimony recorded by transcript or videotape[.]" Ex. H to Mann Decl. (docket no. 123-9). Pursuant to 9 U.S.C. § 10(a)(3), a district court may vacate an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." To support vacatur, however, an arbitrator's refusal to consider evidence must demonstrate bad faith or be "so gross as to amount to affirmative misconduct." *United States v. SF Green Clean, LLC*, No. C14-01905, 2014 WL 3920037, at *6 (N.D. Cal. Aug. 8, 2014) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 (1987)). Additionally, a district court may vacate an arbitration award where the arbitrator exceeded his or her power such that the award was not mutual, final, and definite. 9 U.S.C. § 10(a)(4). "Arbitrators exceed their powers . . . when the award is completely irrational, or exhibits a manifest disregard of law." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting *Kyocera*, 341 F.3d at 997).

Defendants argue that the Arbitrator violated JAMS Rule 22(e) during their cross-examination of Dr. Edward Kaiser, one of Bungie's witnesses. Specifically, Defendants contend that the Arbitrator denied them the ability to use Dr. Kaiser's prior deposition testimony for impeachment purposes. A transcript of the evidentiary hearing contains the following exchange:

> Q. [Defendants' Counsel] Now, do you recall when I took your deposition on October 4 and October 5 of this year?
>
> A. [Dr. Kaiser] I believe the dates were October 5th and October 6th, but —
>
> (Simultaneous speaking.)
>
> Q. [Defendants' Counsel] Whatever it is. It's written down, but you do recall when I took your depositions?
>
> A. Yes
>
> Q. I took the deposition of you both personally and as a corporate representative for Bungie?
>
> A. Correct.
>
> Q. Do you recall when I asked you to identify all the technological measures that Bungie contends were compromised by Phoenix Digital?
>
> [Plaintiff's Counsel] Object to the form of this question. Those depositions were taken in the federal court litigation. His 30(b)(6) testimony explicitly did not include anything on the [Digital Millennium Copyright Act] violation.
>
> [Arbitrator] On the basis of the representations, I'll sustain the objection. Ask another question.
>
> Q. [Defendants' Counsel] Okay. Let me put up Exhibit 24 BX100. Okay. Dr. Kaiser, do you have that document in front of you?

Tr. at 178:2–25, Ex. 1 to Marcelo Decl. (docket no. 134-1).

This exchange does not support Defendants' arguments that the Arbitrator denied them a fair hearing and/or exceeded his authority. Rather, the transcript shows that the Arbitrator made an evidentiary ruling after Plaintiff's Counsel objected to the form of a particular question. Arbitrators, however, "enjoy 'wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit.'" *U.S. Life Ins. Co.*, 591 F.3d at 1175 (quoting *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1444 (11th Cir. 1998)). After the Arbitrator sustained the objection to the form of the question, Defendant's Counsel moved onto another line of questioning. Defendants have presented no evidence to suggest that they otherwise attempted to impeach the witness with his prior deposition testimony or that the Arbitrator prevented them from doing so. As such, Defendants have not shown that the Arbitrator refused to consider material evidence or violated JAMS Rule 22(e).

**2. Evident Partiality**

Defendants' arguments regarding the Arbitrator's alleged partiality toward Bungie are also without merit. Pursuant to 9 U.S.C. § 10(a)(2), a district court may vacate an arbitration award where there is "evident partiality or corruption in the arbitrators." In the Ninth Circuit, the legal standard for "evident partiality" requires "facts showing a 'reasonable impression of partiality.'" *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1106 (9th Cir. 2007) (quoting *Schmitz v. Zilveti*, 20 F.3d 1043, 1048 (9th Cir. 1994)). Defendants contend that the Arbitrator demonstrated evident partiality toward Bungie by making specific factual findings regarding (i) the technological measures Bungie used to prevent unauthorized access to its Destiny 2 video

game; (ii) defendant James May's role in the creation and distribution of the subject cheat software; (iii) defendant David Schaefer's credibility; and (iv) the testimony of Steven Guris, one of Bungie's expert witnesses. Defs.' Mot. at 9–13 (docket no. 123). Defendants also argue that the total amount of monetary damages is excessive and demonstrates the Arbitrator's alleged bias. *Id.* at 13–14.

Defendants invite the Court to review the merits of the Final Award. The Court must decline that invitation. *See Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640–41 (9th Cir. 2010) (explaining that § 10 of the FAA does not authorize judicial review of the merits of an arbitration award). Following the evidentiary hearing, the Arbitrator made numerous factual findings regarding Bungie's technological measures, James May's role in the underlying conduct, and Steven Guris's expert testimony. *See*, *e.g.*, Final Award at ¶¶ 8, 11–12, 19–21. The Court cannot reexamine these factual findings. *See Kyocera Corp.*, 341 F.3d at 994. Further, the Court will not evaluate the Arbitrator's credibility assessments because "assessments regarding witness credibility are not matters for judicial review." *Int'l Petroleum Prods. & Additives Co. v. Black Gold*, *S.A.R.L.*, 418 F. Supp. 3d 481, 489 n.10 (N.D. Cal. 2019). Although Defendants disagree with the Arbitrator's assessment of David Schaefer's credibility, the Final Award explains in detail the basis for the Arbitrator's conclusion. *See* Final Award at ¶ 5 (describing how Schaefer made false statements to Bungie regarding the alleged sale of the Aimjunkies website and substantially understated Phoenix Digital's revenue from the sale of the cheat software when answering an interrogatory in the present matter). Finally, the Arbitrator explains his award of statutory damages in the Final

Award, and his factual findings support that award. *See* Final Award at 12–15. Disagreement with the outcome of arbitration does not warrant vacatur of the Final Award, and this case presents no exception. Defendants have failed to show that the Arbitrator acted with evident partiality toward Bungie, and the Court therefore DENIES their motion to vacate the Final Award.[1] Having denied Defendants' motion to vacate the award, Bungie's motion to the confirm the Final Award is GRANTED.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Bungie's motion to confirm the arbitration award, docket no. 88, is GRANTED; the Final Award issued on February 1, 2023, docket no. 89-1, is CONFIRMED and an appropriate partial judgment will be entered.

(2) Defendants' motion to vacate the arbitration award, docket no. 123, is DENIED.

(3) The Clerk is directed to send a copy of this Order to all counsel of record and the Honorable Ronald E. Cox (Ret.), c/o JAMS, 1420 5th Avenue, Suite 1650, Seattle, WA 98101.

---

[1] Aside from a single reference to the Washington Uniform Arbitration Act ("WUAA") on the first page of Defendants' motion, Defendants have failed to include any analysis of the Washington statute and have not explained why the Court should apply the WUAA when the arbitration agreement in Bungie's LSLA is subject to the FAA. *See* LSLA, Ex. 6 to Am. Compl. (docket no. 34-1 at 25). Like the FAA, the WUAA also permits vacatur of an arbitration award if the arbitrator exceeds his or her powers, refuses to hear evidence material to the controversy, or acts with evident partiality. *See* RCW 7.04A.230. Because courts applying Washington law may "not look to the merits of the case" or "reexamine evidence," *see Mainline Rock & Ballast, Inc. v. Barnes, Inc.*, 8 Wn. App. 2d 594, 610, 439 P.3d 662 (2019), the Court concludes that Defendants' arguments fail under both the FAA and WUAA.

IT IS SO ORDERED.

Dated this 13th day of June, 2023.

Thomas S. Zilly
United States District Judge