# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY,<br><br>    Defendants. | PARTIAL JUDGMENT IN A CIVIL CASE<br><br>CASE NO. C21-0811 TSZ |

\_\_\_ **Jury Verdict**. This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

\_X\_ **Decision by Court**. This action came on for consideration before the court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

No just reason for delay exists, *see* Fed. R. Civ. P. 54(b), and partial judgment is hereby entered as follows.  The award issued by arbitrator Ronald E. Cox on February 1, 2023, docket no. 89-1, is CONFIRMED.  Partial judgment is entered in favor of Bungie, Inc. ("Bungie") and against Aimjunkies.com, Phoenix Digital Group LLC, David Schaefer, Jordan Green, Jeffrey Conway, and James May on Bungie's claims for circumvention of technological measures, trafficking in circumvention technology, breach of contract, tortious interference, violation of the Washington Consumer Protection Act, and unjust enrichment in the following amounts:  (i) $3,657,500 in damages; (ii) $598,641 in attorneys' fees; (iii) $101,800 in expert witness fees; and (iv) $38,281 in other expenses, all for a total amount of $4,396,222.

In addition, Aimjunkies.com, Phoenix Digital Group LLC, David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively the "Defendants") and their officers, agents, representatives, servants, employees, heirs, successors, and

assigns, and all others in active concert or participation with Defendants are hereby permanently enjoined, *see* docket no. 89-2, from:

1.      Creating, writing, developing, advertising, promoting, and/or offering for sale or otherwise distributing any technology that circumvents any technological measure that effectively controls access to any Bungie work protected under title 17 of the United States Code or effectively protects a right of Bungie under title 17 of the United States Code in a work or a portion thereof;

2.      Creating, writing, developing, advertising, promoting, and/or offering for sale or otherwise distributing cheat software that bypasses, evades, or avoids detection by technological measures that Bungie employs to prevent the use of cheat software within any Bungie product;

3.      Descrambling, decrypting, avoiding, bypassing, removing, deactivating, or impairing a technological measure that controls access to Bungie's work under title 17 of the United States Code;

4.      Reverse engineering, attempting to reverse engineer, or attaching reverse engineering software to a process in memory of any Bungie product that contains technological measures that Bungie employs to prevent reverse engineering;

5.      Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof that (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a Bungie work protected under title 17 of the United States Code; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a Bungie work protected under title 17 of the United States Code; or (C) is marketed by Defendants or another acting in concert with Defendants with any of Defendants' knowledge for use in circumventing a technological measure that effectively controls access to a Bungie work protected under title 17 of the United States Code;

6.      Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof that (A) is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of Bungie under title 17 of the United States Code in a work or a portion thereof; (B) has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of Bungie under title 17 of the United States Code in a work or a portion thereof; or (C) is marketed by Defendants or another acting in concert with

any of Defendants' knowledge for use in circumventing protection afforded by a technological measure that effectively protects a right of Bungie under title 17 of the United States Code in a work or a portion thereof;

7.      Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof that is marketed by Defendants or another acting in concert with Defendants with any of Defendants' knowledge as cheat software that is undetectable or evades anti-cheat for any Bungie product;

8.      Downloading, installing, and/or using any of Bungie's copyrighted works, including but not limited to *Destiny 2* or any derivative work thereof, including but not limited to any of its expansions, or any other downloadable content associated with *Destiny 2* offered by Bungie;

9.      Reverse engineering, deriving source code, modifying, decompiling, disassembling, and/or creating derivative works of any of Bungie's copyrighted works, including but not limited to *Destiny 2*, in whole or in part;

10.     Hacking or modifying any of Bungie's copyrighted works, including but not limited to *Destiny 2*;

11.     Creating, developing, modifying, distributing, or using any unauthorized software programs to gain advantage in any online or multiplayer game modes in any of Bungie's products; and

12.     Aiding, assisting, or inducing another person or entity in any of the activities described in 1–11, or directly benefiting from another person or entity engaging in any such activities.

Defendants and their officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Defendants are further ordered to:

13.     Destroy all copies of Bungie's copyrighted works, including but not limited to *Destiny 2* or any derivative work thereof, including but not limited to any of its expansions, or any other downloadable content associated with *Destiny 2* offered by Bungie; and

14.     Upon final adjudication of the federal court case captioned *Bungie, Inc. v. Aimjunkies.com, et al.*, No. 2:21-cv-811 (W.D. Wash.) between Bungie and Defendants, destroy all copies of any cheat software for Bungie's copyrighted works, including but not limited to *Destiny 2* or any derivative work thereof,

including but not limited to any of its expansions, or any other downloadable content associated with *Destiny 2* offered by Bungie.

BINDING EFFECT

IT IS FURTHER ORDERED that this Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

Dated this 13th day of June, 2023.


Ravi Subramanian
Clerk


s/Laurie Cuaresma
Deputy Clerk