UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

           Plaintiff,

  v.

AIMJUNKIES.COM, et al.,

           Defendants.

C21-0811 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    The deferred portions of the motion for discovery sanctions, docket no. 99, brought by plaintiff Bungie, Inc. ("Bungie") are GRANTED in part and DEFERRED in part as follows:

    a.    The motion is GRANTED as it relates to Bungie's request for monetary sanctions for defendant David Schaefer's conduct at the March 20, 2023, Federal Rule of Civil Procedure 30(b)(6) deposition of defendant Phoenix Digital Group LLC ("Phoenix Digital").[1]  When a party has acted in bad faith, the Court may sanction that party in the form of attorneys' fees. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).  Having reviewed the entire deposition transcript, *see* Ex. L to Marcelo Decl. (docket no. 101), the Court agrees with Bungie that defendant Shaefer engaged in a pattern of harassing and unprofessional behavior designed to frustrate Bungie's legitimate discovery

---

[1] Notably, despite having an opportunity to be heard on this issue, Phoenix Digital failed to respond to this portion of Bungie's motion.

MINUTE ORDER - 1

efforts.[2]  Under its inherent authority, the Court sanctions defendant Phoenix Digital, and Bungie is AWARDED attorneys' fees and costs for its preparation and attendance at the deposition.  Bungie is DIRECTED to file, on or before July 7, 2023, a declaration setting forth its attorneys' fees and costs.  Defendants may file any response to the declaration on or before July 21, 2023.  No reply shall be filed unless requested by the Court.

      b.      The motion is DEFERRED as it relates to Bungie's request for spoliation sanctions.  Bungie brings this motion against defendants Aimjunkies.com ("Aimjunkies"), Phoenix Digital, David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively the "Defendants") and seeks spoliation sanctions for Defendants' alleged destruction of certain evidence, such as online forum messages relating to the subject cheat software, the cheat software loader, pertinent sales records, and files and data on defendant May's hard drives.  *See*, *e.g.*, Pl.'s Proposed Order (docket no. 99-1).  Bungie's motion seeks entry of an adverse inference for the alleged destruction of electronically stored information ("ESI").  Although Bungie cites Rule 37(e), it focuses primarily on the Court's inherent authority to sanction.  Rule 37(e), however, governs sanctions for the spoliation of ESI.  *See Newberry v. Cnty. of San Bernardino*, 750 F. App'x 534, 537 (9th Cir. 2018); *see also* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment (explaining that Rule 37(e) "forecloses reliance on [the Court's] inherent authority[.]").  Under Rule 37(e), a party seeking sanctions for spoliation of ESI must show, at a minimum, that (i) the evidence at issue qualifies as ESI, (ii) the ESI is "lost" and "cannot be restored or replaced through additional discovery," (iii) the offending party "failed to take reasonable steps to preserve" the ESI, and (iv) the offending party was under a duty to preserve it.  *Gaina v. Northridge Hosp. Med. Ctr.*, No. CV 18-177, 2019 WL 1751825, at *2–3 (C.D. Cal. Feb. 25, 2019).  If these four criteria are met and the Court determines that the moving party is prejudiced from the "loss of the information," the Court may "order measures no greater than necessary to cure the prejudice."  *See* Fed. R. Civ. P. 37(e)(1).  If the Court finds that the offending party "acted with the intent to deprive" the moving party "of the information's use in the litigation," the Court may "presume that the lost information was unfavorable" to the offending party or "instruct the jury that it may or must presume the information was unfavorable."  *See* Fed. R. Civ. P. 37(e)(2).

---

[2] The transcript also reflects that Defendants' Counsel, Philip Mann, engaged in similar unprofessional conduct throughout the deposition.  *See*, *e.g.*, Tr. at 100:9–17, Ex. L to Marcelo Decl. (docket no. 101) ("Can you read English?  Have you seen us identify a testifying expert? . . . I'm asking you a question, and it can be answered by somebody who can read and understand English.").  Such conduct is unacceptable and the Court reminds Defendants' Counsel of his duty to act professionally.

MINUTE ORDER - 2

       c.      The motion, docket no. 99, is RENOTED to July 21, 2023. Bungie is DIRECTED to file, on or before July 7, 2023, a supplemental brief, not to exceed five (5) pages, addressing whether Rule 37(e) governs Bungie's request for spoliation sanctions and whether sanctions are warranted under Rule 37(e)'s framework. Defendants may file a supplemental response, not to exceed five (5) pages, on or before the new noting date. No reply shall be filed unless requested by the Court.

     (2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 23rd day of June, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3