THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM, PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-00811-TSZ <br><br> PLAINTIFF BUNGIE, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF SPOLIATION SANCTIONS UNDER FED. R. CIV. P. 37(E) <br><br> NOTE ON MOTION CALENDAR: July 21, 2023 <br><br> **REDACTED - PUBLICLY FILED VERSION** |

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS
(No. 2:21-cv-00811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162880943.2

**TABLE OF CONTENTS**

**Page**

I. ARGUMENT ................................................................................................................ 1

    A. Spoliated Evidence Is ESI. ............................................................................... 1

    B. Spoliated Evidence Is Irrevocably Lost. ........................................................... 2

    C. Defendants Failed to Take Reasonable Steps to Preserve Lost ESI. ................ 2

    D. Defendants Were Under a Duty to Preserve Lost ESI. ..................................... 3

    E. Monetary Sanctions, an Adverse Inference, and Dismissal Are Appropriate. ....................................................................................................... 3

II. CONCLUSION ........................................................................................................... 5

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – i
(No. 2:21-cv-00811-TSZ)

162880943.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alsadi v. Intel Corp.*,
    No. CV-16-03738-PHX-DGC, 2020 WL 4038169 (D. Ariz. July 17, 2020) ............................ 1

*Burris v. JPMorgan Chase & Co.*,
    566 F. Supp. 3d 995 (D. Ariz. 2021) .................................................................................. 2, 3

*Deerpoint Grp., Inc. v. Agrigenix, LLC*,
    No. 1:18-cv-536-AWI-BAM, 2022 WL 16551632 (E.D. Cal. 2022) ................................ 3, 4

*Hunters Capital, LLC v. City of Seattle*,
    No. C20-0983 TSZ, 2023 WL 184208 (W.D. Wash. Jan. 13, 2023) ......................... 1, 2, 3, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 37(e) .............................................................................................................. 1, 2, 3

Fed. R. Civ. P. 37(e)(1) ................................................................................................................. 3

Fed. R. Civ. P. 37(e)(2) ............................................................................................................. 3, 4

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – ii
(No. 2:21-cv-00811-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162880943.2

# I. ARGUMENT

Rule 37(e) applies where a party fails to preserve electronically stored information ("ESI"). A party seeking sanctions for ESI spoliation must show that "(i) the evidence at issue qualifies as ESI, (ii) the ESI is 'lost' and 'cannot be restored or replaced through additional discovery,' (iii) the offending party 'failed to take reasonable steps to preserve' the ESI, and (iv) the offending party was under a duty to preserve it." *Hunters Capital, LLC v. City of Seattle*, No. C20-0983 TSZ, 2023 WL 184208, at *6 (W.D. Wash. Jan. 13, 2023) (citation omitted). These elements are satisfied, and the Court should impose sanctions commensurate with Bungie's prejudice, including monetary sanctions, and an adverse inference concerning Defendants' spoliated evidence or dismissal of Defendants' counterclaims as they relate to the spoliated ESI.

## A. Spoliated Evidence Is ESI.

ESI "is expansive and includes any type of information that is stored electronically," including "writings . . . images, and other data or data compilations - stored in *any medium*." *Alsadi v. Intel Corp.*, No. CV-16-03738-PHX-DGC, 2020 WL 4038169, at *2 (D. Ariz. July 17, 2020) (citations omitted). Bungie seeks sanctions for Defendants' destruction of the following ESI: (1) financial documents and data on the AimJunkies.com website concerning sales of the Cheat Software; (2) all records relating to the Cheat Software and loader from the AimJunkies.com website, including the AimJunkies.com Terms of Service and forum messages related to the Cheat Software; (3) images promoting the Cheat Software used in Defendants' marketing emails; and (4) the contents of four computer drives that May alleges Bungie accessed. *See* Dkt. No. 100 (hereafter, "Mot.") p. 8; Dkt. No. 100-1 p. 1–2. Documents concerning Phoenix Digital's Bitcoin wallet transactions with the purported Cheat Software developer, which Schaefer routinely shredded, are the only non-ESI for which Bungie seeks sanctions. *See* Ex. L[1] (Dkt. No. 101) (March 20, 2023 Schaefer 30(b)(6) Dep. Tr.) at 124:19–125:2; *see also id.* at 112:19–113:1.

---

[1] Unless otherwise stated, all exhibits referenced herein are from the Declaration of Christian Marcelo In Support of Plaintiff's Motion for Discovery Sanctions and to Compel Discovery Responses (Dkt. No. 101).

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – 1
(No. 2:21-cv-00811-TSZ)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162880943.2

B.     **Spoliated Evidence Is Irrevocably Lost.**

Defendants' ESI is lost and cannot be restored or replaced through additional discovery. *Hunters Capital*, 2023 WL 184208, at *6. With respect to the financial data and information from the AimJunkies.com website, Defendants claimed to have given away exclusive control over the website, website database, and AimJunkies.com cheat loader after they purportedly sold the website in May 2022, and subsequently to have lost access to the information stored therein. Ex. L (Dkt. No. 101) (March 20, 2023 Schaefer 30(b)(6) Dep. Tr.) at 109:4-9. Similarly, Defendants ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. E (Dkt. No. 102) (October 28, 2022 Schaefer Dep. Tr.) at 214:2–218:21. And May admits that he permanently deleted all content on the four drives that he alleges Bungie accessed. Ex. K (Dkt. No. 101) (May Tr.) at 94:9–95:15.

C.     **Defendants Failed to Take Reasonable Steps to Preserve Lost ESI.**

Not only did Defendants fail to take reasonable steps to preserve the lost ESI, they failed to take *any* steps at all. *See* Final Award (Dkt. No. 89-1) p. 20. The Court may consider several factors in assessing the reasonableness of preservation efforts, including whether the loss occurs due to "events outside the party's control," the party's resources, and the good faith operation of an electronic information system. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. The intentional deletion of relevant evidence is unreasonable. *See, e.g.*, *Burris v. JPMorgan Chase & Co.*, 566 F. Supp. 3d 995, 1012, 1016 (D. Ariz. 2021).

Here, Defendants were in full control of the ESI that they intentionally spoliated. Nearly a year after Bungie served Defendants with this lawsuit, Defendants claim to have sold AimJunkies.com to a third party without taking a single step to preserve any data or information on that website or about the Cheat Software. Ex. L (Dkt. No. 101) (Schaefer 30(b)(6) Dep. Tr.) at 104:6–106:4. Even after receiving Bungie's November 2020 letter, which specifically advised Defendants of their obligation to preserve "any and all electronic or hard copy documents" and

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – 2
(No. 2:21-cv-00811-TSZ)
162880943.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1 "electronic data and information" related to the Cheat Software, Defendants ▮▮▮▮
2 ▮▮▮▮▮▮▮▮▮. Ex. E (Dkt. No. 103) (October 28, 2022 Schaefer Dep. Tr.) at 214:2–
3 218:21. Worse still, after he realized he might have a claim, May deleted evidence relevant to that
4 claim. Ex. K (Dkt. No. 101) (May Tr.) at 94:9–95:15.

5 **D.   Defendants Were Under a Duty to Preserve Lost ESI.**

6 Rule 37(e) sanctions are available only if the loss of ESI occurred when litigation was
7 pending or reasonably foreseeable, and the offending party knew or should have known that the
8 ESI was potentially relevant to another party's claim or defense. *See Burris*, 566 F. Supp. 3d at
9 1012, 1013–14. As explained in Bungie's Motion, these requirements are readily satisfied,
10 because Defendants Phoenix Digital, Schaefer, Green, and Conway deleted and failed to preserve
11 ESI after receiving Bungie's November 2020 letter, and May wiped four drives that he alleges
12 Bungie accessed while this lawsuit was pending. *See* Mot. p. 7–8.

13 **E.   Monetary Sanctions, an Adverse Inference, and Dismissal Are Appropriate.**

14 If the Court finds that a party was prejudiced as a result of lost ESI, it "may order measures
15 no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Prejudice exists where
16 the spoliating party's actions impairs another party's ability to go to trial or threatens to interfere
17 with a rightful decision of the case. *Deerpoint Grp., Inc. v. Agrigenix, LLC*, No. 1:18-cv-536,
18 2022 WL 16551632, at *13; *Hunters Capital*, 2023 WL 184208, at *6. Once spoliation is proven,
19 the burden shifts to the spoliating party to prove that the lost information is not prejudicial. *Hunters*
20 *Capital*, 2023 WL 184208, at *6. If the Court finds that the spoliating party "acted with the intent
21 to deprive another party of the information's use in the litigation," the Court may impose additional
22 sanctions. Fed. R. Civ. P. 37(e)(2). Specifically, it may "presume that the lost information was
23 unfavorable to the party," "instruct the jury that it may or must presume the information was
24 unfavorable to the party," or "dismiss the action or enter a default judgment." *Id.*

25 Here, there is no question that the spoliation prejudiced Bungie and warrants at least
26 monetary sanctions. Because Defendants failed to preserve financial records for the Cheat

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – 3
(No. 2:21-cv-00811-TSZ)
162880943.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Software sales and the AimJunkies.com database that would track such sales, it is impossible for Bungie to know the full scope of Defendants' unlawful conduct. Similarly, Bungie's ability to prosecute its case about Defendant's Cheat Software and associated marketing images, or defend itself from a breach of contract claim concerning the AimJunkies.com Terms of Service, is prejudiced by its inability to access related ESI. And of course, Bungie cannot evaluate the merits of May's claims, because May deleted the contents of four drives. Monetary sanctions in the form of Bungie's attorneys' fees incurred in investigating and litigating the spoliation are appropriate here.[2] *See, e.g.*, *Hunters Capital*, 2023 WL 184208, at *10.

An adverse inference under Rule 37(e)(2) is also warranted, because Defendants acted with an intent to deprive Bungie of its use of the spoliated ESI. "Intent may be inferred if a party [was] on notice that documents were potentially relevant and fail[ed] to take measures to preserve it." *Hunters Capital*, 2023 WL 184208, at *6 (citation omitted). Bad faith is not a prerequisite to intent; a finding of conscious disregard is enough for a court to issue an adverse inference. *Deerpoint Grp.*, 2022 WL 16551632, at *15-16.

Here, Defendants' blatant disregard for their preservation obligations prior to and during this litigation warrant an adverse inference. *Immediately after receiving Bungie's November 2020 letter*, which advised them of their preservation obligation, Defendants deleted everything on the AimJunkies.com website related to the Cheat Software and associated marketing images. *While the litigation was pending*, Defendants sold the AimJunkies.com website and failed to take *any* steps to preserve related evidence. *And even though May anticipated a claim against Bungie*, he deleted the contents of the very drives that now form the basis of his claim. Defendants have intentionally frustrated Bungie's attempts at legitimate discovery, and their conduct warrants adverse inferences regarding the spoliated evidence.

---

[2] Bungie seeks an award of those attorneys' fees and costs that are not duplicative of the sanctions imposed in Arbitrator Cox's Final Award (Dkt. No. 89-1).

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – 4
(No. 2:21-cv-00811-TSZ)

162880943.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

   Defendants' spoliation also warrants dismissal of multiple claims.  First, May's CFAA and DMCA counterclaims should be dismissed to the extent they rely on Bungie's alleged access of four drives that May intentionally and irrevocably wiped.  Without this destroyed evidence, it is impossible to evaluate May's claims concerning those drives.  Second, Phoenix Digital's breach of contract counterclaim should be dismissed because, by intentionally disposing of the AimJunkies website and all of its contents, Defendants destroyed the possibility that Bungie could evaluate whether the "2020 AimJunkies Terms of Service" existed *at all* in January 2020.  Phoenix Digital was inexplicably and conveniently able to produce only a scrubbed PDF purported to be a 2020 version of the Terms, but could not say when or by whom it was collected or provide *any* evidence that these Terms were presented to a consumer.  Ex. L (March 20, 2023 Schaefer 30(b)(6) Dep. Tr.) at 28:9-36:2, 97:12-98:21.  While this litigation was pending and without preserving any records, Defendants sold the AimJunkies.com website to a foreign entity, "Blome Entertainment," whose "officers" apparently include the uncontactable foreign developer of the Cheat Software and a deceased individual.[3]  Finally, terminating sanctions are appropriate because Defendants have already indicated that they cannot and will not satisfy any monetary judgment or sanctions.  *See* Ex. L (Dkt. 101) (March 20, 2023 Schaefer 30(b)(6) Dep Tr.) at 121:25-122:12, 83:17-22 (Defendants do not even appear to be paying their counsel's attorney's fees).  In these circumstances, with a *partial* judgment for $4.4 million already entered, any additional monetary award will neither ameliorate the prejudice to Bungie nor meaningfully sanction Defendants.

## II. CONCLUSION

  Bungie respectfully requests an order:  (1) dismissing Phoenix Digital's breach of contract counterclaim; (2) dismissing May's counterclaims to the extent they rely on files in the four deleted drives; (3) entering an adverse inference against Defendants regarding the deleted evidence; and (4) awarding monetary sanctions for Defendants' spoliation.

---

[3] Phoenix Digital ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. F (Dkt. No. 103) (Schaefer 30(b)(6) Dep. Tr.) at 49:2-50:23.

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – 5
(No. 2:21-cv-00811-TSZ)

162880943.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3  Dated: July 7, 2023                    By: s/*William C. Rava*
4                                             William C. Rava, Bar No. 29948
                                              Christian W. Marcelo, Bar No. 51193
                                              Jacob P. Dini, Bar No. 54115
5                                             **Perkins Coie LLP**
                                              1201 Third Avenue, Suite 4900
6                                             Seattle, Washington 98101-3099
                                              Telephone: +1.206.359.8000
7                                             Facsimile: +1.206.359.9000
                                              WRava@perkinscoie.com
8                                             CMarcelo@perkinscoie.com
                                              JDini@perkinscoie.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PL.'S SUPP. BRIEFING ISO
RULE 37(E) SANCTIONS – 6
(No. 2:21-cv-00811-TSZ)

162880943.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000