THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC., a Delaware corporation,

Plaintiff

v.

AIMJUNKIES.COM, a business of unknown
classification; PHOENIX DIGITAL GROUP
LLC, an Arizona limited liability company;
JEFFREY CONWAY, an individual; DAVID
SCHAEFER, an individual; JORDAN GREEN,
an individual; and JAMES MAY, an individual,

Defendants.

Cause No. 2:21-cv-0811 TSZ

**DEFENDANTS' MOTION TO
SUBSTITUTE EXPERT
WITNESS**

**Note on Motion Calendar:
July 21, 2023**

For reasons stated herein, Defendants, by and through their undersigned counsel, respectfully request that the Court grant leave for them to substitute Brad A LaPorte to provide expert testimony relating to Defendants' Counterclaims in place of Scott Kraemer.

This request is made in light of the following:

**BACKGROUND FACTS**

1.      On May 25, 2023, this Court granted Defendants' motion for relief from deadline for disclosure of expert testimony (Dkt#139) and further ordered that Defendants' expert, Scott Kraemer, serve his expert report by June 12, 2023.

2.      On May 31, 2023, Bungie's counsel notified Defendants that Bungie intended to serve a subpoena on Mr. Kraemer seeking, among other things, "Documents related to any training, education, or experience you have received at [his employer] Honeywell relating to developing malware or reverse engineering software (including video games)," and

"Communications with Honeywell regarding the Action and/or [his] role as an expert witness in the Action." **(Exhibit A).**

3.      On June 6, 2023, Mr. Kraemer's counsel, Mr. John Du Wors, emailed the Court's clerk, Mr. Tyler Lichter, requesting a telephonic conference under Local Rule 26(i) in order to address concerns Mr. Kraemer had regarding the subpoena.  **(Exhibit B).**

**4.**      On June 7, 2023, Bungie's counsel, Mr. Christian Marcello, emailed the Court stating that Plaintiff's counsel was unavailable for a telephonic conference and requesting that any such conference be delayed. **(Exhibit C).**

4.      On June 7, 2023, Mr. Lichter advised counsel that a telephonic conference would not be held that day and stated that, "If you are unable to resolve the dispute this afternoon, the Court requests that the parties respond to this email by COB today and provide a short summary of the issues."   **(Exhibit D).**

5.      Later that day (June 7, 2023) Mr. Du Wors advised Mr. Lichter that he and Bungie's counsel had spoken, had not been able to resolve the dispute and, with regard to the issues, stated that:

> Bungie has transmitted a third-party subpoena to Mr. Kraemer seek[ing] certain information relating to Mr. Kraemer's employment with Honywell, which is a United States government defense contractor. Mr. Kraemer feels concern about those portions of Bungie's subpoena for three primary reasons: 1) he worries about confidentiality concerns relating to his employment with Honeywell; 2) he worries that third-party discovery by Bungie either about Honeywell or to Honeywell could negatively impact or interfere with his employment with Honeywell; and 3) Mr. Kraemer worries that Bungie's subpoena to him may be intended to intimidate him from submitting his expert report in this matter, which is due Friday (I communicate this latter point as context, and not as an accusation toward Bungie or its counsel).

 **(Exhibit E).** In response to Bungie's claim that it had no ulterior motive and was simply engaging in, "ordinary litigation diligence,"  Mr. Du Wors further stated that, "Mr. Kraemer replies that he does not have any documents or information responsive to Bungie's inquiries regarding Honeywell because his expert testimony in this matter is entirely extracurricular to

Motion to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 2

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

his employment there, and he has not discussed the proposed expert testimony he will offer with anyone at Honeywell."  *Id.*

6.      Later that day, and in response to Mr. Du Wors' earlier email, Bungie's counsel, Mr. Marcello, responded in part that:

> From the parties' conference, we understand the only item to be at issue is whether Bungie will provide notice to Mr. Kraemer if it decides to serve a subpoena to Honeywell. Bungie agreed that if it determines a subpoena to Honeywell is required, it will provide notice to Mr. Kraemer at the same time notice is provided to Defendants under Fed. R. Civ. P. 45(a)(4).

**(Exhibit F).**

7.      On June 8, 2023, Mr. Lichter reported that, "Having reviewed your emails, the Court will take no further action at this time."  **(Exhibit G).**

8.      On June 12, 2023, Mr. Kraemer served his expert report as directed, and on June 23, 2023 was deposed by Bungie's counsel.  During the course of the deposition, Bungie's counsel repeatedly asked whether Honeywell was aware that Mr. Kraemer was serving as an expert in this case and repeatedly asked whether his doing so was a violation of any policy Honeywell had against, "moonlighting."

9.      On June 27, 2023 at 3:04 pm, Bungie's counsel, Mr. Will Rava, emailed both Mr. Du Wors and undersigned counsel that Bungie intended to serve a subpoena on Honeywell the very next day seeking documents relating to Mr. Kraemer's employment dates with Honeywell, as well as his "role(s) and responsibilities," with Honeywell, and his "promotions," "professional trainings," "professional certificates," "awards," "publications," " training, education, or experience...in anyway connected to Mr. Kraemer relating to reverse engineering software (including video games)," and such.  The subpoena even called for such documents as those relating to, "Honeywell's employee policies related to moonlighting or side jobs."  **(Exhibit H).**

9.      On the evening of June 27, 2023, undersigned counsel, at the request of Mr. Du Wors who was traveling at the time and away from his office, emailed Mr. Lichter requesting a conference under Local Rule 26(i) to address Bungie's intent to serve the subpoena, pointing out, in part, that such late notice violates the spirit of Bungie's prior

Motion to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 3

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

commitment to provide meaningful notice and that the likely effect of even the mere service of the subpoena would likely force Mr. Kraemer to withdraw as a witness and possibly lose his job.  **(Exhibit I).**   Bungie responded on June 28, 2023 that Bungie did not believe a conference was warranted and insisted that it did not intend to threaten Mr. Kraemer's employment with Honeywell.  **(Exhibit J).**

10.   On June 28, 2023, Mr. Lichter advised counsel for the parties, that, "Having reviewed your emails, the Court will take no further action at this time."  **(Exhibit K).**

11.   On June 28, 2023 Bungie served its subpoena on Honeywell.

12.   As predicted and expected, on July 6, 2023, Mr. Rava advised undersigned counsel and Mr. Du Wors that, "Honeywell hired counsel at Adams and Reese regarding the document subpoena who just informed me that they understand that 'Mr. Kraemer will no longer be serving as an expert witness.'"  **(Exhibit L).**

13.   As further predicted and expected, on July 7, 2023, Mr. Du Wors advised counsel that, "I write to report on Scott Kraemer's behalf that he is withdrawing as expert witness for the Defendants in the above-styled matter. Mr. Kraemer will have no further participation in this lawsuit."  **(Exhibit M).**

14.   Later on July 7, 2023, after receiving confirmation that Mr. Kraemer had withdrawn as an expert, Mr. Rava, on behalf of Bungie, emailed counsel for Honewell that, "based on this report [that Mr. Kraemer had withdrawn], Honeywell can consider the subpoena withdrawn."  **(Exhibit N).**

15.   Defendants and their counsel are unable to communicate with Mr. Kraemer who, apparently, now wishes to have nothing further to do with this matter.

16.   On or about July 10, 2023, Defendants retained Mr. Brad LaPorte of HighTide Advisors to serve as Defendants' substitute expert witness in place of Scott Kraemer, who, as predicted, was successfully intimidated by Bungie into withdrawing as Defendants' expert.

Motion to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

1

**ARGUMENT**

2

**A.      Legal Standard**

3
4
5
6
7
8
9
10
11
12

"Courts have applied the 'good cause' standard in [Federal Rule of Civil Procedure] 16(b) to a party's request to designate a new expert after the deadline in the Scheduling Order has expired." *Cross-Fit, Inc. v. Nat'l Strength and Conditioning Assoc.,* Case No. 14-cv-1191-JLS-KSC, 2018 WL 3491854, at *12 (S.D. Cal. Jul. 18, 2018) (citing *Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 308 F.R.D. 649, 652 (S.D. Cal. 2015)).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth  Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Id.*

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Substitution of expert witnesses is routinely granted where, as here, an expert becomes unavailable due to circumstances outside a party's control.  See, e.g., *Meredith v. Overley,* No. 1:12-cv-00455-MJS (PC) (E.D. Cal. Oct. 21, 2015) (Substitution granted where original expert lacked sufficient time to assist with the case); *Livingston v. J. Sanchez,* Case No.: 1:10-cv-01152-BAM PC (E.D. Cal. Sep. 24, 2014) (Substitution granted where original expert did not return phone calls or respond to Plaintiff's requests); CV 11-08140-PCT-FJM (D. Ariz. June 19, 2012) (Substitution granted where expert abruptly quit before trial); *Stone Brewing Co. v. MillerCoors LLC,* Case No.: 3:18-cv-00331-BEN-LL (S.D. Cal. Apr. 5, 2021) (Substitution granted where original expert was uncomfortable testifying in-person given the COVID-19 pandemic);  *In re Northrup Grumman Corp. ERISA Litig.,* No. CV 06-06213-AB (JCx), 2016 WL 6826171, at *4 (C.D. Cal. Apr. 7, 2016) (Substitution granted, even though original expert died four years before request to substitute was made); *Estate of Clifford v. Placer Cnty.,* No. 2:11-cv-02591-MCE-CKD (E.D. Cal. Feb. 6, 2018) (Substitution granted, in part, where expert indicated he was no longer willing to testify); Ward v. Safeco Insurance Company of America, CV 19-133-BLG-SPW (D. Mont. June 9, 2021) (Substitution granted where expert became ill).

27

28

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

**B.      Substitution Is Warranted By The Fact Here**

Under the circumstance here, the substitution of Brad LaPorte for Scott Kraemer is warranted and should be permitted.

*First,* the withdrawal of Mr. Kraemer was clearly prompted by Bungie's threat, and later reality, of dragging Mr. Kraemer's employer, Honeywell, into this action.  Defendants had absolutely nothing to do with bringing those events into existence and even tried twice, unsuccessfully, to avoid having these circumstance take place.  Defendants in no way discharged or chased away Mr. Kraemer and, indeed, have been placed in a precarious legal position due to his abrupt withdrawal, brought about solely by Bungie's actions.  Defendants can in no way be properly accused of seeking the requested substitution for purposes of delay or other chicanery.

*Second,* the requested substitution will not prejudice Bungie.  Indeed, Defendants have retained a new expert and have filed this motion in fewer than seven days after being informed that Mr. Kraemer was withdrawing from this case.  Defendants have in no way been dilatory in finding a substitute expert or in filing this motion.  Indeed, any delay can be attributed to Bungie who, although well aware of Mr. Kraemer and his connection with Honeywell at least as early as May 23, 2023 (see Dkt#137), nevertheless waited more than one month before serving its subpoena on Honeywell on June 28, 2023.

*Finally,* it is anticipated that Mr. LaPorte will not offer new opinions but, rather, will simply confirm and agree with the opinions previously provided by Mr. Kraemer in his June 12, 2023 Expert Report and his June 23, 2023 deposition testimony.  Bungie will not be "caught by surprise" by any new, never before expressed opinions, and Defendants will not oppose reasonable discovery into Mr. LaPorte's opinions should Bungie so desire.  As to what effect, if any, this will have on the current schedule, Defendants will not oppose a reasonable extension of time for the filing of dispositive motions, should the Court so agree and order, and it is difficult to see what effect the substitution might have on the long distant, December 4, 2023 trial date set in this case.  Indeed, to the extent there is any "prejudice," it is to Defendants whose expert has been knowingly chased away by Bungie in the guise of conducting "ordinary litigation diligence," knowing full well that Honeywell had no relevant documents and that the likely result of the subpoena would be witness intimidation.

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

**CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that Mr. Brad LaPorte be substituted for Scott LaPorte as their testifying expert in this matter.   Such action by this Court is respectfully requested.

**CERTIFICATION UNDER RULE 26(C)(1)**

On July 11, 2023, Plaintiff's counsel, Mr. William Rava and I spoke by telephone regarding these issues but, despite our best efforts, were unable to resolve and reach agreement concerning them.

Dated July 12, 2023.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 1991 words, in compliance with the Local Civil Rules.

Motion to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ                    Page 7

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900