# EXHIBIT A

## Case No. 21-CV-0811-TSZ

**(Motion to Substitute Expert Witness)**

**Subject:** Bungie v. AimJunkies.com, et al., No. 2:21-cv-00811 (W.D. Wash.) - Subpoena to Scott Kraemer
**From:** "Dini, Jacob (SEA)" <JDini@perkinscoie.com>
**Date:** 5/31/23, 9:30 AM
**To:** "Phil Mann" <phil@mannlawgroup.com>
**CC:** "Rava, William C. (SEA)" <WRava@perkinscoie.com>, "Marcelo, Christian W. (SEA)" <CMarcelo@perkinscoie.com>

Phil,

Bungie intends to serve the attached subpoena requesting production of documents on Scott Kraemer.  Please let us know if you will accept service of this subpoena on behalf of Mr. Kraemer via this email.

Best,

**Jacob Dini | Perkins Coie LLP**
**ASSOCIATE**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3832
F. +1.206.359.4832
E. JDini@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

─ Attachments: ──────────────────────

2023-05-31 Subpoena to S. Kraemer.pdf                                    258 KB

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| BUNGIE, INC. | ) |
| _Plaintiff_ | ) |
| | ) Civil Action No.   2:21-cv-811-TSZ |
| AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; AND JAMES MAY | ) |
| _Defendant_ | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                     Scott A. Kraemer
                9793 W. Hedge Hog Pl., Peoria, AZ 85383

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Perkins Coie LLP; Attn: Jacob Dini<br>2901 N. Central Avenue, Suite 2000, Phoenix, AZ<br>85012; JDini@perkinscoie.com | Date and Time:<br><br>06/12/2023 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/31/2023

CLERK OF COURT

                                OR

_____          /s/Jacob P. Dini
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Bungie, Inc.
_____ , who issues or requests this subpoena, are:

Jacob Dini, Perkins Coie LLP, 1201 Third Ave., Suite 4900, Seattle, WA 98101, 206.359.8000,

JDini@perkinscoie.com       **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-811-TSZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____      on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**DEFINITIONS**

The following definitions shall apply when responding to these requests:

A.      "You" and "your" shall mean Scott A. Kraemer.

B.      "Action" shall mean the matter titled *Bungie, Inc. v. AimJunkies.com, et al.*, No.
2:21-cv-811 (W.D. Wash.).

C.      "Phoenix Digital" shall mean Phoenix Digital Group LLC and any of its present
and former directors, officers, employees, parent organizations, subsidiary organizations,
predecessors in interest, successors in interest, partners, associates, agents, consultants,
representatives, and any other person or entity acting on its behalf, under its authority, or subject
to its control.

D.      "Defendants" shall refer collectively to Phoenix Digital, AimJunkies.com, David
Schaefer, Jordan Green, Jeffrey Conway, and James May.

E.      "Document" and its plural shall mean anything that would be a writing or
recording as defined in Rule 1001(1) of the Federal Rules of Evidence and/or falls within the
scope of the term as defined in Rule 34(a) of the Federal Rules of Civil Procedure, and includes
any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing
in which information may be embodied, translated, conveyed, or stored. If a draft document has
been prepared in several copies that are not identical, or if the original identical copies are no
longer identical due to subsequent notation, each non-identical document is a separate document.

F.      "Communication" means the transmittal of information (in the form of facts,
ideas, inquiries, or otherwise) and encompasses every medium of information transmittal,

including but not limited to email, text message, direct or private message (e.g., Discord, TeamSpeak, WhatsApp), and any other form of information transmittal.

G.      "Relate to" and "relating to" shall mean embodying, comprising, referring to, constituting, containing, consisting of, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter either directly or indirectly.

## REQUESTS

1.      All communications with Defendants.

2.      All documents that you have reviewed or relied on, or will review or rely on, to form any opinions to be expressed in your expert report in the Action.

3.      Documents related to or identifying any assumptions made by or provided to you in forming your opinions for the Action.

4.      All documents that you have reviewed or relied on, or will review or rely on, to determine that "Bungie reverse engineered the AimJunkies Cheat Loader and process flow, dumped crucial proprietary information on how the AimJunkies Cheat Loader and cheat injector work, and thereby learned the methods and IP addresses of the AimJunkies servers, all in violation of the applicable Terms of Service put in place by Defendant Phoenix Digital Group LLC."

5.      All documents that you have reviewed or relied on, or will review or rely on, to determine that "Bungie conducted a review of Mr. May's computer files beyond the scope authorized by Bungie's Limited Software License Agreement and Privacy Policy" and that "documents produced by Bungie in this action relating to Bungies [sic] 'Findings of James Mays Files,' show and establish that the category 'GameCheats.AimJunkies binary found' was found

- 2 -

outside the games own director by a process other than 'Reverse Engineer Tool Attached,' beyond the scope of the authorization granted by Mr. May."

6.      All documents provided by Defendants to you related to the Action.

7.      All documents related to any payments made by Defendants to you in connection with the Action and/or any work performed by you preparing your expert report in the Action.

8.      Documents sufficient to identify all cases in which you have testified and/or provided an expert report since January 1, 2018.

9.      Documents sufficient to identify all publications you have authored since January 1, 2013.

10.     Documents related to any training, education, or experience you have received at Honeywell relating to developing malware or reverse engineering software (including video games).

11.     Communications with Honeywell regarding the Action and/or your role as an expert witness in the Action.

12.     All documents relating to any version(s) of the AimJunkies.com loader software, including but not limited to a copy of each version of the AimJunkies.com loader software, communications relating to the AimJunkies.com loader software, and documents relating to the AimJunkies.com loader software's function.

13.     All documents relating to any version(s) of the *Destiny 2* cheat software sold by Defendants on AimJunkies.com, including but not limited to a copy of each version of the cheat software, communications relating to the cheat software, and documents relating to the cheat software's function.

- 3 -

14.     Documents relating to the AimJunkies.com servers and IP addresses that you reviewed or relied on, or will review or rely on, to form any opinions to be expressed in your expert report in the Action.