# EXHIBIT J

## Case No. 21-CV-0811-TSZ

**(Motion to Substitute Expert Witness)**

**Subject:** RE: Bungie Inc v. Aimjunkies.com et al -- W.D. WA Case No. 2:21-cv-00811-TSZ -- Request for telephonic hearing pursuant to W.D.WA LR 26(i)
**From:** "Dini, Jacob (SEA)" <JDini@perkinscoie.com>
**Date:** 6/28/23, 9:21 AM
**To:** Tyler Lichter <Tyler_Lichter@wawd.uscourts.gov>
**CC:** "Rava, William C. (SEA)" <WRava@perkinscoie.com>, Chy Eaton <chy@newmanlaw.com>, Alexis Brewer <alexis@newmanlaw.com>, "Marcelo, Christian W. (SEA)" <CMarcelo@perkinscoie.com>, John Du Wors <John@newmanlaw.com>, Phil Mann <phil@mannlawgroup.com>

Mr. Lichter,

Bungie disagrees that a telephonic conference is needed regarding the subpoena that Bungie intends to serve on third-party Honeywell. Defendants identified Mr. Kraemer's past 20+ years of experience at Honeywell as a basis for his expertise. Dkt. No. 137 P. 4. In his expert report, Mr. Kraemer refers to his experience in the "Information Technology field for 25+ years under fortune 500 companies" as part of his "background with respect to the matters at hand." In his deposition (we do not have a transcript yet and are relying on notes and memory), although Mr. Kraemer at one point seemed to deny that his experience at Honeywell in any way informed his opinions, he later testified that his work experience at Honeywell was related to and supported those opinions. At the deposition, Mr. Kraemer's counsel generally instructed him not to answer questions related to Honeywell, including why he was unwilling to discuss the relationship between that job and his opinions.

Mr. Kraemer's accusation that Bungie's subpoena to Honeywell is intended to threaten his employment because it may inform Honeywell of Mr. Kraemer's actions in this case is baseless and false. Bungie is entitled to conduct discovery concerning Mr. Kraemer's technical qualifications and experience that he has relied upon to form his purported expert conclusions. Because Mr. Kraemer has been employed at Honeywell for the last two decades (directly and as a contractor), his primary responsibilities, experience, and trainings that he did (or did not) receive are directly relevant to his qualifications to render opinions in this matter. Also, Mr. Kraemer's involvement in this case and association with Defendants is already a matter of public record, *see* Dkt. No. 137, and discovery into his qualifications and opinions closes in 16 days with an intervening holiday week.

We therefore believe that no telephonic hearing is necessary for this matter.


**Jacob Dini | Perkins Coie LLP**
**ASSOCIATE**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3832
F. +1.206.359.4832
E. JDini@perkinscoie.com

---

**From:** Tyler Lichter <Tyler_Lichter@wawd.uscourts.gov>
**Sent:** Wednesday, June 28, 2023 8:39 AM
**To:** Phil Mann <phil@mannlawgroup.com>
**Cc:** Rava, William C. (SEA) <WRava@perkinscoie.com>; Dini, Jacob (SEA) <JDini@perkinscoie.com>; Chy Eaton <chy@newmanlaw.com>; Alexis Brewer <alexis@newmanlaw.com>; Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>; John Du Wors <John@newmanlaw.com>
**Subject:** RE: Bungie Inc v. Aimjunkies.com et al -- W.D. WA Case No. 2:21-cv-00811-TSZ -- Request for telephonic hearing pursuant to W.D.WA LR 26(i)

Mr. Mann,