THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

                Plaintiff,

    v.

AIMJUNKIES.COM; PHOENIX DIGITAL
GROUP, LLC; DAVID SCHAEFER; JORDAN
GREEN; JEFFREY CONWAY AND JAMES
MAY,

                Defendants.

No. 2:21-cv-811

**PLAINTIFF BUNGIE, INC.'S
UNOPPOSED MOTION TO SEAL**

NOTE ON MOTION CALENDAR:
July 20, 2023

At the request of Defendants AimJunkies.com, Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively, "Defendants"), Plaintiff Bungie, Inc. ("Bungie"), pursuant to LCR 5(g) and the Stipulated Protective Order entered by the Court in this matter (Dkt. No. 60), hereby moves to file under seal Exhibits 7-12, 18, 25, 26, and 36 to the Declaration of William C. Rava in Support of Bungie's Motion for Summary Judgment ("Rava Declaration") and Exhibit 2 to the Declaration of Edward Kaiser in Support of Bungie's Motion for Summary Judgment ("Kaiser Declaration"), and the accompanying references to these exhibits and information in Bungie's Motion for Summary Judgment ("Motion").

A party may file a document under seal without prior court approval "[i]f the party files a motion or stipulated motion to seal the document . . . at the same time the party files the sealed

PLAINTIFF'S MOT. TO FILE UNDER SEAL
(No. 2:21-cv-811) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162979056.2

document." LCR 5(g)(2)(B).  The contemporaneous motion must include a certification that the parties met and conferred about the need to file the document under seal, the ability to minimize the material filed under seal, and the possibility of exploring alternatives to filing under seal.  LCR 5(g)(3)(A).  Where the parties have entered a stipulated protective order, a party wishing to file confidential documents it obtained from another party in discovery may file a motion to seal but need not provide a specific statement of the applicable legal standard and the reasons for keeping a document under seal.  LCR 5(g)(3)(B).

Here, Bungie intends to file under seal (1) excerpts of the deposition transcript of John Doe (Rava Decl., Ex. 26); (2) a document designated by Bungie as Confidential because it contains potentially identifying account identifiers for *Destiny 2* players (Kaiser Decl., Ex. 2); and (3) documents and deposition transcript excerpts designated by Defendants as Confidential or Highly Confidential (Rava Decl., Exs. 7-12, 18, 25, and 36).

With respect to the John Doe deposition transcript (Rava Decl., Ex. 26), sealing is appropriate pursuant to the May 2, 2023 protective order entered by the Court, protecting John Doe's identity.  Dkt. No. 126.  The content of John Doe's deposition excerpts could be used to identify John Doe.  Similarly, Exhibit 2 of the Kaiser Declaration contains account identifiers for *Destiny 2* players, which could be used to potentially identify and contact those players, who are not parties to this lawsuit.

The remaining exhibits that Bungie intends to file under seal (Rava Decl., Exs. 7-12, 18, 25, and 36) consist of documents designated by Defendants as Confidential or Highly Confidential, references to such documents in the expert report and supplemental expert report of Drew Voth, and excerpts of deposition transcripts from Defendants that were taken in the parallel JAMS arbitration proceeding between the same parties and which were designated in their entirety as Confidential by Defendants.  Bungie has an obligation to maintain the confidentiality of this information under the stipulated protective order in this case and the virtually identical order in the arbitration proceeding.

PLAINTIFF'S MOT. TO FILE UNDER SEAL
(No. 2:21-cv-811) –2

162979056.2

1      On July 18-19, 2023, Bungie's counsel notified counsel for Defendants via email of its

2 intent to file Exhibits 7-12, 18, 25, 26, and 36 to the Rava Declaration and Exhibit 2 to the Kaiser

3 Declaration in connection with its Motion, including the specific portions of the deposition

4 testimony to be cited, and asked Defendants to confirm whether they intended to maintain their

5 confidentiality designations over those portions of the transcripts.  Defendants' counsel said that

6 Defendants intended to maintain all Confidential and/or Highly Confidential designations of these

7 documents and deposition transcripts.  Defendants' counsel further said that Defendants do not

8 oppose Bungie filing under seal Exhibit 26 to the Rava Declaration or Exhibit 2 to the Kaiser

9 Declaration.

10      A proposed order accompanies this motion.

11
Dated: July 20, 2023

12

By: */s/William C. Rava*
    William C. Rava, Bar No. 29948
    Christian W. Marcelo, Bar No. 51193

13    Jacob P. Dini, Bar No. 54115
    **Perkins Coie LLP**

14    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099

15    Telephone: +1.206.359.8000
    Facsimile: +1.206.359.9000

16    WRava@perkinscoie.com
    CMarcelo@perkinscoie.com

17    JDini@perkinscoie.com

18    *Attorneys for Plaintiff Bungie, Inc.*

19

20

21

22

23

24

25

26

PLAINTIFF'S MOT. TO FILE UNDER SEAL
(No. 2:21-cv-811) –3

162979056.2