THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO SUBSTITUTE EXPERT WITNESS**<br><br>**Note on Motion Calendar: July 21, 2023** |

## INTRODUCTION

Desperate to dismiss Defendants' meritorious counterclaims and avoid the fallout from having it exposed in court that Bungie unlawfully spies on the players of its computer games, Bungie resorts to what amounts to thinly disguised witness tampering in a transparent, and now successful, effort to intimidate Defendants' expert witness, Scott Kraemer, from testifying on Defendants' behalf. Having successfully chased away Mr. Kraemer through transparent and intentional threats to his employment, Bungie now seeks to prevent *any* expert from testifying on Defendants' behalf. While engaging in such questionable tactics, Bungie brazenly accuses Defendants of somehow creating their own "predicament." Such is not the case.

Similarly, Bungie resorts to sophistry to craft supposed "prejudice" should this Court grant a routine motion to substitute an expert witness when, as here, an existing expert

Reply in Support of Motion
to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

becomes unavailable. No prejudice can or will result from the substitution requested by Defendants.

Finally, and to cover all possibilities, Bungie argues that, should this Court agree with Defendants and permit the requested substitution, Defendants should nevertheless be required to post a bond that they cannot afford and that Bungie well knows would impose an impossible burden on Defendants. Again, Bungie is desperate to avoid the counterclaims and apparently is willing to do anything, legitimate or not, to prevent them from going forward.

As discussed below, the requested substitution of Defendants' expert witness is supported by both fact and law, and any purported "prejudice" to Bungie is illusory. For these reasons, Defendants' motion is meritorious and the requested substitution of Brad A LaPorte in place of Scott Kraemer should be granted.

## ARGUMENT

### A. Bungie's Transparent Attempt To Shift The Blame Is Without Basis

Initially, Bungie seeks a thinly disguised reconsideration of this Court's May 25, 2023 Order (Dkt#139) granting Defendants' motion for relief from the deadline for disclosure of expert testimony.[1] This Court accepted Defendants' stated reasons for seeking such relief, and Bungie's second guessing of the Court's clear order is neither appropriate or timely. Without rehashing all the facts, this Court accepted that Defendants' late discovery of their counterclaims, combined with Bungie's repeated motions to dismiss those counterclaims, precluded Defendants from disclosing an expert by the deadline set by the Court much earlier.

In response to the Court's Order of May 16, 2023 (Dkt# 135), Defendants timely filed their identification of their expert and his expected testimony on May 23, 2023. (Dkt#137.) Defendants have in no way been dilatory or guilty of having not complied with the requests and orders of this Court. Again, Bungie suggests otherwise by suggesting the Court should

---

[1] Bungie's argument that it had earlier offered to extend the expert disclosure deadline ignores the fact that, when those offers were made, Bungie's motion to dismiss the amended counterclaims was pending and there was no assurance whatsoever that the counterclaims would proceed. The "offer" thus benefited only Bungie, not Defendants.

Reply in Support of Motion
to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 2

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

not have issued the orders it did. The deadlines for seeking reconsideration of the Court's clear orders expired months ago, and Bungie's transparent attempt to seek such reconsideration now should be rejected.

Furthermore, it could not be foreseen that Bungie would engage in the highly questionable tactic of subpoenaing Mr. Kraemer's employer, Honeywell, seeking completely irrelevant and pretextual information in a transparent (and successful) attempt to intimidate Mr. Kraemer into withdrawing as Defendants' expert. Bungie even feigns ignorance as to the reasons for Mr. Kraemer's withdrawal despite apparently being in communication with Honeywell's counsel before Mr. Kraemer provided formal notice of his withdrawal.

Mr. Kraemer first expressed reservations only after receiving the subpoena served on him by Bungie's counsel on or about May 31, 2023. After Mr. Kraemer's separate counsel requested a telephonic hearing, and Bungie represented that it would not subpoena Honeywell without first providing meaningful notice of its intent to do so (and permit judicial intervention if needed), Mr. Kraemer was reassured and sat for deposition.

Despite its prior representation regarding meaningful notice, Bungie, on June 27, 2023 at 3:04 pm provided notice that it would serve a subpoena on Honeywell the very next day, which it did. This was insufficient notice to provide meaningful judicial intervention (despite Mr. Kraemer's attempts), and service of the subpoena on Honeywell did have the expected result of intimidating Mr. Kraemer into withdrawing from the case on July 7, 2023. Defendants promptly filed their motion to substitute their expert witness five days later on July 12, 2023. Again, Defendants have not been dilatory with respect to any of these actions.

**B.  The Subpoena To Honeywell Was Not Served In Good Faith**

Bungie argues that the subpoena it served on Honeywell sought "legitimate" discovery and was not served for purposes of threatening and intimidating Mr. Kraemer. This argument lacks merit.

In response to the subpoena served on Mr. Kraemer on or about May 31, 2023, Mr. Kraemer, through his counsel, stated and represented clearly to Bungie's counsel that there

Reply in Support of Motion
to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 3

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

were no "documents" reflecting any "training" Mr. Kraemer received from Honeywell regarding the development of "cheat software" for computer games, the "reverse engineering" of such software, of detecting computer hacking, etc. Nor is there any reasonable basis for believing that Honeywell, a major defense contractor, would be engaged in any such activities or provide any "training" in such activities. This was a pure, disingenuous pretext to drag Honeywell into the case.

At his deposition, Mr. Kraemer testified and acknowledged that he *did not* receive any such specialized training at Honeywell. Such an open admission by Mr. Kraemer would, if anything, reduce his qualifications as an expert, and Bungie would be free to point to the lack of such training from Honeywell as a basis to exclude Mr. Kraemer's testimony under *Daubert*. However, and apparently to *help* Mr. Kraemer and show (in case he forgot) that he *did* receive such training, Bungie expects us to believe it sought information from Honeywell in order to help establish Mr. Kraemer's qualifications, rather than to frighten him away from the case. This is absurd on its face.

## C. There Is No Prejudice To Bungie

Bungie resorts to pure sophistry in attempting to claim that meaningful prejudice will result from the requested substitution of the expert witness.

### 1. Bungie's Claim Regarding Incurred Costs Is Illusory

Bungie argues that, having already analyzed the expert opinion of Scott Kraemer, "The cost of analyzing and responding to a new opinion and deposing a new expert would presumably be similarly substantial." This, however, ignores the clear directive of this Court's May 25, 2023 Order (Dkt#139) that, "Mr. Kraemer's report shall be limited to the opinions described in Mr. Mann's declaration, docket no. 137." Defendants have already indicated and agreed that their new expert, Brad A LaPorte, will so limit his opinions, and no "new" opinions will be provided. Hence, there is no need for Bungie to, "analyz[e] and respon[d] to a new opinion," and its suggestion otherwise is disingenuous.

Reply in Support of Motion
to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 4

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

## 2. There Is No Likely Delay Or Prejudice Associated With The Requested Substitution

As noted, Defendants have moved diligently and promptly to locate a substitute expert and move for his substitution. As further noted, the substitute expert will confirm the opinions already expressed by Mr. Kraemer and will not offer new opinions. There is no surprise to Bungie nor can there be, given that the opinions to be expressed are already known to Bungie. The substitute expert will, of course, be available for deposition should Bungie so request.

There is no reason substitution will cause delay. Bungie has already filed its motion for summary judgment on Defendants' counterclaims and briefing will proceed accordingly. Should either the Court or Bungie request a delay in the December 4, 2023 trial date, such can be accommodated without objection of Defendants. Indeed, it is difficult to see how any "delay" will prejudice Bungie. Bungie already has in place an injunction barring Defendants' further distribution of the subject "cheats" (which is totally redundant given Defendants' voluntary compliance more than two years ago with Bungies "cease and desist" demand). Bungie already has an arbitration award far in excess of any amount Defendants could ever hope to pay. And Bungie long ago milked this case for whatever publicity value it might have. In short, no harm to Bungie can result from any delay in this case, even if Bungie (or the Court) asks or decides to push the trial date (or other remaining dates) back. Again, Bungie engages in sophistry in trying to argue that a delay is needed or that such would be "prejudicial" should the Court order any delay.

## 3. The "Deposition Strategy" Argument Is Specious

Bungie's counsel make the bizarre claim that, armed with Bungie's "deposition strategy," Defendants will have an advantage going forward with a substitute expert. This argument carries no weight.

Undersigned counsel has defended and taken numerous expert depositions over his nearly forty-year career and has likely seen and become familiar with every "deposition

Reply in Support of Motion
to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 5

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

strategy" in existence. Admittedly, counsel has never before seen such a blatant attempt to intimidate and coerce an expert into not testifying as the one Bungie made, but even if Bungie intends to try it again, inquiring into an expert witness' background and employment history is hardly something invented by Bungies' counsel and will not prejudice Bungie, even if Defendants counsel has just now learned, for the very first time in nearly forty years of practice, that deposition questions may go to an expert's experience, background, qualifications, opinions and the grounds for those opinions. Bungie's claim that Defendants' counsel learned secret tricks, tips and tactics from the deposition of Scott Kraemer, and that this gives Defendants an unfair advantage, is specious and does not establish cognizable prejudice.

### D. Steps Have Already Been Taken "To Minimize Prejudice To Bungie"

As noted, the substitute expert, Brad A. LaPorte, will offer no new opinions and will primarily serve as a witness at trial to state, confirm and defend the opinions of Scott Kraemer, which have already been disclosed to Bungie long ago. There will be absolutely no surprise or new opinions offered, and Bungie's disingenuous claims to the contrary are without basis. Arguments nearly identical to Bungie's regarding prejudice were recently rejected by the Northern District of California. *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-CV-02726-TSH, 2022 WL 689000, at *2 (N.D. Cal. Feb. 23, 2022), wherein the plaintiff sought to substitute an expert after the initial expert became unavailable. The Court granted the motion, rejecting any claims of prejudice by limiting the new expert's testimony to the original subject matter disclosed with the first expert. That is exactly the situation here: Defendants do not seek to add an additional expert or a new area, only to replace a now-unavailable witness.

Nor is there any reason to award fees in Bungie's favor. Indeed, it was Bungie's transparent (and successful) attempt to intimidate Mr. Kraemer into not testifying by way of an unnecessary and pretextual subpoena to Honeywell that has created the current situation. Defendants have properly moved for leave to designate an expert, were properly granted such

Reply in Support of Motion
to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ

Page 6

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

leave, promptly identified their expert, timely served his expert report and promptly made him available for deposition when requested.  Going forward (and accepting that Bungie formulated some new, never before seen "deposition strategy") it is difficult to see how major expense will be involved in reviewing opinions that have already been provided and asking the expert questions that have already been formulated.  Again, Bungie is more responsible for Mr, Kraemer's withdrawal than Defendants are, and if anyone should be ordered to pay for unnecessary and needless expense, it should be Bungie, not Defendants.

Similarly, Bungie's demand for a $25,000 cash bond is yet another attempt by Bungie to avoid the counterclaims that threaten it and to deny Defendants their day in court.  Bungie well knows that Defendants are substantially without funds and clearly makes this demand in an attempt to destroy Defendants before they get a chance to present their defenses and counterclaims.  This Court should take heed of Rule 1, Fed.R.Civ.P. and preclude such tactics on the part of Bungie.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to substitute their expert witness should be granted.

Dated July 21, 2023.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 2018 words, in compliance with the Local Civil Rules.

Reply in Support of Motion
to Substitute Expert Witness
Cause No. 21-CV-0811-TSZ
Page 7
Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900