THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' RESPONSE TO DECLARATION OF WILLIAM C. RAVA IN SUPPORT OF BUNGIE, INC.'S REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>**Note on Motion Calendar: July 21, 2023.** |

Defendants, pursuant to this Court's minute order of June 23, 2023 (Dkt#142), hereby respond to the Declaration of William C. Rava in support of Bungie, Inc.'s Request for Attorney's Fees and Costs as follows:

### BACKGROUND[1]

Bungie seeks $17,478.25 in attorneys fees and costs for an unnecessary and redundant deposition that lasted all of two hours, fifty two minutes, resulting in an effective billing rate of $6,133 per hour (or $102 *per minute*) of actual examination and testimony. The deposition was spent largely going over familiar ground already covered in four days of prior deposition testimony given by the deponent, Mr. Schaefer, and, at the end of the day, did not and could not provide Bungie with any information it did not already have.

---

[1] To comply with both the letter and spirit of the Court's direction to limit Defendants' response to five pages, Defendants have not provided declarations and exhibits to support the factual statements made herein. Nevertheless, the facts stated herein are true and correct to the best of Defendants' knowledge and belief and can be supported by sworn statements or otherwise should the Court so request.

Defendants' Response to Rava Declaration
Cause No. 21-CV-0811-TSZ   Page 1

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

Ironically and tellingly, despite four prior depositions and likely millions of dollars in legal fees expended by Bungie for the services billed at what Bungie's counsel self-describe as being at, "[the] high end of hourly rates for large law firms that practice in the Western District of Washington," the fact remains that the coveted information Bungie actually got following its fifth deposition and subsequent motion to compel, namely the "bitcoin wallet addresses" for Aimjunkies and Mr. Banek, was information that had always been freely available at no cost to Bungie (or anyone else) at the respective public websites of both Aimjunkies and Mr. Banek. Despite charging premium rates, Bungie's counsel simply assumed Mr. Schaefer somehow had these bitcoin wallet addresses (which changed on a monthly basis) memorized or recorded somewhere. Importantly, Bungie's high-priced counsel *never asked* Mr. Schaefer, who truthfully testified he did not have the addresses at hand or recorded in any documents, whether he could have obtained them and, if so, where. Obsessed with its mistaken belief that Mr. Schaefer and/or Phoenix Digital improperly destroyed records, Bungie mistakenly assumed the subject bitcoin addresses were recorded in records that had subsequently been intentionally destroyed. Bungie's assumption was wrong.

Blinded by its own assumption that records had been destroyed, Bungie's high-priced counsel, when faced with Mr. Schaefer's truthful testimony that he did not "have" the subject bitcoin addresses, *never asked* the simple, basic and routine question, "Can you get them?" Had Bungie's counsel asked such a question, Mr. Schaefer would have truthfully answered, "yes," and in response to the logical next questions of "how?" and "where?" would have directed counsel to the respective public websites of Aimjunkies and Mr. Banek, where such addresses were openly listed.

Nor can Bungie properly identify any information wrongfully withheld by Mr. Schaefer at either the subject March 20, 2023 deposition or any other deposition. A review of the transcript (Dkt#101, Exhibit L) reveals that only once did Mr. Schaefer's counsel instruct Mr. Schafer not to answer and that was in response to a clearly improper question asking what Defendants' plans were regarding whether it would designate a testifying expert  (see,

Defendants' Response to Rava Declaration
Cause No. 21-CV-0811-TSZ                 Page 2

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

Dkt#101, Exhibit L, p. 98, line 22 – p. 100, line 25.)  Defendants' counsel properly objected that, "This is getting into attorney work product matters and attorney-client privilege," (*Id.* p. 99, lines 6-7) and that, "Mr. Schaefer, you do not have to answer any questions regarding the strategy you are going to follow based on advice you may or may not have received from your counsel."  *Id.*, lines 7-10.  Despite this proper objection, made in professional and respectful terms, Bungie's counsel persisted in pursuing this improper line of questioning, calling into legitimate question whether he was familiar with the Court's Scheduling Order (Dkt#44), which set out a clear deadline for disclosing expert testimony under FRCP 26(a)(2).

Further review of the transcript reveals that, far from hindering the deposition, undersigned counsel repeatedly directed and encouraged Mr. Schaefer to answer Bungie's questions, even though they were clearly irrelevant, highly repetitive (having been answered in four prior deposition sessions) and outside the designated Rule 30(b)(6) categories.

**ARGUMENT**

**A.     The Requested Fees Are Not Reasonable**

It is basic law that attorney's fee awards must be based on both a reasonable hourly rate and only applied to hours reasonably incurred. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). The hours claimed should be reduced if "the documentation of the hours is inadequate"; "if the case was overstaffed and hours are duplicated"; or "if the hours expended are deemed excessive or otherwise unnecessary." *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 17668036, at *2 (W.D. Wash. Dec. 14, 2022)(internal citations omitted). Bungie's requested fees fail all three of these inquiries. Mr. Schaefer had *already* been deposed on four prior occasions. The sole legitimate purpose of this deposition was to investigate Phoenix Digital's counterclaim.

Bungie's requested fees are unreasonable in that they include charges for three separate attorneys to prepare for what turned out to be a three hour deposition, that largely went over previously asked and familiar ground.  As noted, Mr. Schaefer had *already* been deposed on four prior occasions, and it is difficult to see what additional "preparation" would

Defendants' Response to Rava Declaration  
Cause No. 21-CV-0811-TSZ        Page 3

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

be needed to cover the ostensible new grounds for discovery, namely Phoenix Digital's counterclaim.[2]  Bungie's billing records are insufficiently detailed to determine whether the extensive "preparation" engaged in by Bungie's counsel related to the legitimate matters of the counterclaim, or related to a belated and attempted fifth bite at the apple to revisit matters Mr. Schaefer had already testified to.

It is accepted law that "block billing" is insufficient to establish the reasonableness of fees in seeking a fee award. *HDT Bio Corp,* supra, at * 3. As this court recently noted, "billing in this manner makes it impossible to determine the reasonableness of the work" and the Court may strike fee requests that are block-billed entirely. *Id.*  Here, for example, Bungie's billing records includes a single 9.1 hour entry by Attorney Christian Marcelo for "Prepar[ing] for and conduct[ing] deposition of Phoenix Digital," as well as for a "Video conference with J. Barker, W. Rava and J. Dini regarding deposition strategy and planning." This is in *addition* to the 8.6 hours previously billed by Mr. Marcello at the hefty rate of $785 per hour for preparing for the deposition.  Without further detail as to what this "preparation" consisted of, and, more importantly, whether it related to new matters of discovery (i.e., the counterclaims) or, more likely, additional questions relating to old grounds, it is impossible to know that these vaguely described activities were "reasonable" within the standards of the applicable law.

**B.     The hours expended were excessive and unnecessary**

As noted, the bulk of the deposition was devoted to previously examined matters unrelated to the Phoenix Digital Counterclaim.  Indeed, the only new matter to come from the deposition was the identity of the Bitcoin wallet addresses used by Aimjunkies and Mr. Banek.  However, Bungie could have had this information long ago simply by asking basic foundational questions of Mr. Schaefer rather than immediately assuming Mr. Schaefer had destroyed or spoiled discoverable information.  Witnesses are not required to answer

---

[2]   It is important to remember that Defendant James May is not part of Phoenix Digital, that his counterclaim is entirely separate, and that, as this was a Rule 30(b)(6) deposition of Phoenix Digital, Phoenix Digital does not have, and cannot provide, information regarding anyone other than itself.

Defendants' Response to Rava Declaration
Cause No. 21-CV-0811-TSZ                    Page 4

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

questions that are not asked or to volunteer information when a floundering lawyer, for whatever reason, does not ask for it. *Scorpio Music (Black Scorpio) S.A. v. Willis*, No. 11-CV-01557-BTM(RBB), 2016 WL 7438325, at *6 (S.D. Cal. Dec. 27, 2016). Again, had Bungie's counsel simply asked if Mr. Schaefer knew where the Bitcoin addresses could or might be found, Mr. Schaefer would have readily and truthfully told him such information was available (and always had been) at the publicly accessible websites of Aimjunkies and Mr. Banek.

## CONCLUSION

This was an unnecessary deposition. Bungie expended over $17,000.00 in legal fees to find information freely available on the Internet. Although Defendants respectfully disagree with the Court's finding that Mr. Schaefer failed to cooperate in this fifth deposition, Defendants do not challenge that finding here. However Defendants should not be unfairly punished for Bungie's decision to over-lawyer and under-research publicly available information. The Court should limit the fee award to either a nominal amount, or only the deposition time itself.

Dated July 21, 2023.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington 98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 1437 words, in compliance with the Local Civil Rules.

Defendants' Response to Rava Declaration
Cause No. 21-CV-0811-TSZ                    Page 5

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900