The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00811-TSZ<br><br>**DEENDANTS' RESPONSE TO PLAINTIFF BUNGIE, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF SPOLIATION SANCTIONS UNDER FED.R. CIV. P. 37(E)**<br><br>NOTE ON MOTION CALENDAR:<br>JULY 21, 2023 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPL. BRIEF
[Case No.: 2:21-CV-00811-TSZ]

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: (206) 436-0900

# INTRODUCTION[1]

Plaintiff Bungie, Inc. asks this Court to sanction each defendant for alleged spoliation of evidence, asking for the most extreme remedies possible, including a demand that counterclaims be dismissed. But this is a tempest in a teapot. None of the evidence was destroyed intentionally after notice was received that it was material. Much is irrelevant, and nearly all that is relevant Bungie already has or is available through other sources. Bungie's motion should be denied and Defendants' fees awarded.

# ARGUMENT

As Bungie concedes that Rule 37(e) is the only basis for its motion, Bungie must prove (i) that the evidence at issue qualifies as ESI, (ii) that the ESI is lost and cannot be restored or replaced through additional discovery, (iii) that Defendants failed to take reasonable steps to preserve the ESI, and (iv) that Defendants were under a duty to preserve it. *Hunters Capital, LLC v. City of Seattle,* No. C20-0983 TSZ, 2023 WL 184208, at *6 (W.D. Wash. Jan. 13, 2023). Bungie must also prove that Defendants had a culpable state of mind when the evidence was destroyed. *Musse v. King Cnty.,* No. C18-1736-JCC, 2021 WL 4709875, at *4 (W.D. Wash. Oct. 8, 2021). This requires that Defendants actually knew of the duty and either intentionally or negligently destroyed the evidence. *Musse,* supra, at *4.

Bungie has not established that Defendants were under a duty to preserve the supposedly "spoliated" ESI. Nor has Bungie established that the ESI is irretrievably lost. Indeed, Bungie has not established that any of the supposedly deleted ESI is even material, given that Phoenix Digital readily admits that it distributed the subject "cheat" software and collected approximately $60,000 in gross revenues in so doing. Finally, given that the subject "cheat software" stopped being distributed in approximately January 2021, nearly six months *before* this action was filed, Bungie has not established, and cannot establish, that records relating to *different* products routinely deleted *after* distribution of the subject products had already ceased

---

[1] To comply with both the letter and spirit of the Court's direction to limit Defendants' response to five pages, Defendants have not provided declarations and exhibits to support the factual statements made herein. Nevertheless, the facts stated herein are true and correct to the best of Defendants' knowledge and belief and can be supported by sworn statements or otherwise should the Court so request.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPL. BRIEF—1
[Case No.: 2:21-CV-00811-TSZ]

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: (206) 436-0900

are somehow material to the issues in *this* case. Finally, Bungie has not addressed the indisputable fact that Defendant James May *never received* a letter directing him to preserve evidence.

**A.   Defendant May only learned Bungie hacked his computer after litigation started.**

Bungie works itself into a high state of outrage accusing Mr. May of failing to preserve files after the lawsuit began. Bungie's outrage is feigned and based on a fraudulent statement of the facts. Because he is not an owner, operator, officer or even employee of Phoenix Digital, Mr. May never received the cease and desist letter (or any other letter) purportedly ordering him to preserve records. This is beyond dispute and Bungie cannot argue otherwise.

In or about May 2022, Mr. May first noticed that his computer had been hacked. Between May 28 and June 15, 2022, Mr. May purchased a new computer and transferred his files to that computer because he could no longer trust that his prior computer was not compromised by viruses or otherwise. (Dkt. No. 67-1, ¶16). Subsequently, on July 25, 2022, May learned through discovery in this matter who the hacker was: Bungie and its agents. At that point, May had already bought a new computer and transferred his files to it, which was entirely reasonable, given his suspicion—later demonstrated to be true—that someone (i.e., Bungie) had surreptitiously compromised his computer files.

Importantly, the "files" Bungie complains about were not changed in any way in being transferred to the new computer, and Mr. May, at Bungie's request, long ago produced copies to Bungie's counsel. Bungie's claim that Mr. May intentionally "destroyed" his files is nonsense given that, (1) he transferred these files (without change) to a new computer in response to his correct belief his computer had been hacked, (2) he first learned that Bungie was the hacker (thus giving rise to his counterclaims) only *after* the files were transferred, and (3) he has provided copies of these files to Bungie without argument. Notwithstanding Bungie's hyperbole, nothing has been lost and Bungie has it all. Rewarding Bungie by dismissing May's counterclaims would be perverse.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPL. BRIEF—2
[Case No.: 2:21-CV-00811-TSZ]

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: (206) 436-0900

B.  **No information has been irretrievably lost.**

Bungie must prove that the evidence was relevant to Bungie's claims "such that a reasonable trier of fact could find that it would support those claims." *Neely v. Boeing Co.*, No. C16-1791-JCC, 2019 WL 1777680, at *2 (W.D. Wash. Apr. 23, 2019). The evidence must also not be available from any other source. *Trujillo v. Wal-Mart Stores Inc.*, 356 F. Supp. 3d 1068, 1077 (W.D. Wash. 2018) (Finding that information available on lost video evidence was available through cross-examination and therefore spoliation did not apply.) Bungie skips right past this requirement, claiming only that "these requirements are readily satisfied" and referencing its earlier motion. (Bungie's Supp. Brief, Dkt. No. 19, at 3:9-10.) But they are not. Bungie seeks the following information:

- "Financial documents and data on the AimJunkies.com website concerning sales of the Cheat Software."[2]

Bungie seeks not financial records but rather the specific copies of records kept on the website. The fact that sales occurred is not in dispute, and the amount of sales is likewise available from other sources. Bungie already has access to PayPal records, showing nearly all of the transactions. The remaining few are available through AimJunkie's other payment processors such as Stripe and Paymentwall. Defendants have provided all information at their disposal regarding accessing those records.

Defendants did not intentionally delete any material information and had a business practice of deleting individual payment records on a monthly basis. Upon receipt of the cease-and-desist letter accusing them of distributing an infringing product they immediately stopped selling the product. Accordingly, there is no responsive information after January 2021, and what was not maintained was done in the ordinary course of business.

- "All records relating to the Cheat Software and loader from the AimJunkies.com website, including the AimJunkies.com Terms of Service and forum messages related to the Cheat Software."

---

[2] Bungie's Supplemental Response, Dkt. No. 145, at (hereafter, "Supp. Resp.")

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPL. BRIEF—3
[Case No.: 2:21-CV-00811-TSZ]

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: (206) 436-0900

The Terms of Service are for AimJunkie's website and Bungie has a copy. They have no bearing on Bungie's claims but instead are the basis of AimJunkie's counterclaim. The counterclaim arose when, during the process of discovery in this litigation, AimJunkies learned that Bungie accessed AimJunkies' server by pretending to be a user. Accordingly, Defendants were not obligated to preserve the original because they did not know its relevance until later.

The forum messages are communications posted by users commenting or asking questions about the software. Bungie offers no evidence of how this information could possibly be relevant. Bungie next seeks "all records" related to the software and loader. But the material information—whether the software infringes copyrights and trademarks—is available from other sources and Bungie has it. And to the extent Bungie seeks the code itself, Defendants do not have it. Defendants sold consumers access to a Ukraine-based company that held the software on that company's servers. Users were given a link to download the software and Defendants do not have a copy of the code itself. Nor did they ever have such software. The loader is software code that allows software to be installed and useable. Loader code is analogous to a screwdriver or other tool; it is not the allegedly infringing code. One of Bungie's experts now claims otherwise—but that claim only arose in September 2022, when the expert reviewed the then-current code and asked for access to the loader in place in 2020. Finally, a vague "all records" request is insufficient to meet the requirement that Bungie show that the specific information deleted was relevant.

- "Images promoting the Cheat Software used in Defendants' marketing emails."

Bungie objects because specific images from marketing emails were not retained. But the emails themselves are available, so Bungie can demonstrate the nature and extent of marketing. And the appearance of the images is not a mystery: They consist of Bungie's own logo and other artwork, readily available through testimony and Bungie's own records.

- "Phoenix Digital's Bitcoin wallet transactions with the purported Cheat Software developer."[3]

---

[3] This data is not ESI, but Bungie must still prove "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPL. BRIEF—4
[Case No.: 2:21-CV-00811-TSZ]

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: (206) 436-0900

Bungie seeks not information related to all sales not just those of the accused instrumentality. Bungie is not entitled to that information and seeks it only to pursue the developer in other fora. Even if Bungie's request is limited to only transactions related to this case, the fact that sales occurred is not in dispute and the amount available from other sources.

### C. Defendants were under no duty to preserve records.

Overbroad demands that a party preserve all evidence are insufficient to trigger an obligation to preserve specific but unidentified items. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007). Bungie's November 4, 2020 letter requested that Defendants preserve a generic laundry-list of items, such as any email "which may be relevant to Bungie's claims." This broad, generic request is exactly the kind of unenforceable demand held invalid in *Cache La Poudre*.

### D. The extreme sanctions proposed by Plaintiff are inappropriate.

The Court must limit any sanctions to "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Even assuming Bungie can prove spoliation, it has identified little if any prejudice. Bungie asks for an "adverse inference order" but does not explain what it wants or why that would cure prejudice. Bungie also asks for monetary sanctions but has not identified any prejudice that it ameliorated by the motion. Finally, Bungie asks for dismissal of counterclaims. As outlined above, there is no basis for any sanctions at all based on the evidence related to the counterclaims; Defendants did not know of the counterclaims at the time they failed to maintain evidence. Bungie also raises the surprising argument that because Bungie fears it may be unable to collect on its judgment, AimJunkie's counterclaims should be dismissed. This remarkable perversion of the justice system would mean an entity with an as-yet uncollected judgment could crush any claim that it must pay for its own misdeeds by virtue of having the judgment.

## CONCLUSION

Bungie's motion should be denied and fees awarded to Defendants.

---

mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Ghorbanian v. Guardian Life Ins. Co. of Am.*, No. C14-1396RSM, 2017 WL 1543140, at *2 (W.D. Wash. Apr. 28, 2017).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPL. BRIEF—5
[Case No.: 2:21-CV-00811-TSZ]

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: (206) 436-0900

Dated: July 21, 2023                     Respectfully submitted,

<u>s/ Philip P. Mann</u>
Philip P. Mann, WSBA No: 28860
Mann Law Group PLLC
403 Madison Ave. N., Ste. 240
Bainbridge Island, Washington 98110
Telephone: (206) 436-0900
*phil@mannlawgroup.com*

Counsel for Defendants

I certify that this memorandum contains 1,824 words, in compliance with the Local Civil Rules.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPL. BRIEF—6
[Case No.: 2:21-CV-00811-TSZ]

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: (206) 436-0900