1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6

7

8

9

10

11

BUNGIE, INC.,

                    Plaintiff,

          v.

AIMJUNKIES.COM; PHOENIX
DIGITAL GROUP LLC; DAVID
SCHAEFER; JORDAN GREEN;
JEFFREY CONWAY; and JAMES
MAY,

                    Defendants.

C21-0811 TSZ

MINUTE ORDER

12

13

     The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

14

     (1)     The motion for summary judgment, docket no. 156, brought by plaintiff
Bungie, Inc. ("Bungie") is DENIED in part and DEFERRED in part, as follows:

15

16

17

18

19

20

21

22

23

     (a)     The motion is DENIED as it relates to Bungie's copyright
infringement claim against defendants Aimjunkies.com ("Aimjunkies"), Phoenix
Digital Group LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey
Conway, and James May (collectively, the "Defendants").  To prevail on a direct
copyright infringement claim, Bungie must (i) "show ownership of the allegedly
infringed material," and (ii) "demonstrate that the alleged infringers violate at least
one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Disney
Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).  As an initial
matter, the parties do not dispute that Bungie owns multiple copyrights in the
computer software code and audiovisual material for its Destiny 2 videogame.
*See* Exs. 2–5 to Rava Decl. (docket no. 160).  With respect to the second element
of its claim, Bungie alleges that Defendants infringed its copyrights in Destiny 2
by copying certain portions of the videogame's software code to create the cheat
software at issue in this action.  *See* Am. Compl. at ¶ 105 (docket no. 34).  A
Bungie Engineering Lead, Edward Kaiser, Ph.D., contends that the Aimjunkies
cheat software could not function unless Defendants copied certain portions of

MINUTE ORDER - 1

Destiny 2's copyrighted software code.  *See, e.g.*, Kaiser Decl. at ¶¶ 15, 18, 21 (docket no. 158).  Dr. Kaiser's opinion is based on his extensive knowledge of Destiny 2's software code.  *See id.* at ¶ 7.  Dr. Kaiser concedes, however, that Bungie has never examined the software code for the Aimjunkies cheat software.  *See, e.g.*, Kaiser Dep. (Oct. 4, 2022) at 111:20–24, Ex. A to Mann Decl. (docket no. 179) (Q: "Has anyone at Bungie seen any such code in the cheat software that is identical to any such code in the Destiny 2 game?"  A: "No one has looked at the cheat software code, as far as I know."); *see also id.* at 112:24–113:2 (Q: You've already told me nobody at Bungie has actually looked at the cheat software, correct?  A: Nobody has looked at the source code, that's correct.").  Notably, Dr. Kaiser is not certain that Defendants copied portions of Destiny 2's copyrighted software code to create the Aimjunkies cheat software, and he explained during his deposition that, based on the available evidence, his opinion is merely "the most likely conclusion."  *See* Kaiser Dep. (Oct. 5, 2022) at 259:22–260:9, Ex. B to Mann Decl. (docket no. 179-1); *see also* Kaiser Dep. at 112:3–4 (docket no. 179) ("Based on the evidence we have, it is extremely likely this is how [the Aimjunkies cheat software] works.").  Defendants deny that they copied any portions of Destiny 2's software code, and contend that a non-party developer created the Aimjunkies cheat software.  *See, e.g.*, Schaefer Dep. (Oct. 28, 2022) at 119:11–13, Ex. 10 to Rava Decl. (docket no. 164).  The Court concludes that factual disputes preclude summary judgment on Bungie's direct copyright infringement claim.[1]

      (b)     The motion is DENIED as it relates to Bungie's trademark infringement claim against Aimjunkies, Phoenix Digital, Schaefer, Green, and Conway (collectively, the "Phoenix Digital Defendants").  To prevail on a claim for trademark infringement, the plaintiff must show (i) "that it has a protectible ownership interest in the mark," and (ii) "that [a] defendant's use of the mark is likely to cause consumer confusion."  *Air Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014) (citation omitted); *see also Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) (explaining that the "test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks").  Whether a defendant's use of a mark results in a likelihood of confusion "is inherently factual."  *Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1096 (S.D. Cal. 2018) (citing *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1039 (9th Cir. 2010)).  In this case, the parties do not dispute that Bungie registered the DESTINY mark with the United States Patent and Trademark Office, *see* Ex. 1 to Rava Decl. (docket no. 160), or that the Phoenix Digital

---

[1] The same factual disputes preclude summary judgment as to Bungie's copyright infringement claims premised on contributory and vicarious theories of liability.  *See* Am. Compl. at ¶¶ 108, 110 (docket no. 34).

Defendants displayed the DESTINY mark on the Aimjunkies website in connection with their sale of the subject cheat software, *see* Ex. 20 to Rava Decl. (docket no. 160).  With respect to the second element of its trademark infringement claim, Bungie argues that no genuine issue of material fact exists regarding likelihood of confusion because the mark the Phoenix Digital Defendants used is allegedly "counterfeit."  *See Coach, Inc. v. Pegasus Theater Shops*, No. C12-1631, 2013 WL 5406220, at *3 (W.D. Wash. Sep. 25, 2013) ("Numerous courts, including those in the Ninth Circuit, have held if an allegedly infringing mark qualifies as a 'counterfeit' mark, then no genuine issue of fact exists regarding likelihood of confusion and, assuming all other elements are satisfied, the plaintiff is entitled to summary judgment on the defendant's liability for trademark infringement.").  Whether a mark is counterfeit is a question of fact, *id.*, and requires proof that the infringing mark is "(1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was registered for use on the same goods to which the infringer applied the mark," *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011).  Although the parties do not dispute that the Phoenix Digital Defendants used the DESTINY mark in connection with their sale of unauthorized cheat software for the Destiny 2 videogame, factual issues regarding the likelihood of confusion preclude summary judgment on Bungie's trademark infringement claim. Notably, all Destiny 2 players must accept Bungie's Limited Software License Agreement ("LSLA") before playing the videogame.  *See* Am. Compl. at ¶ 47.  By accepting the LSLA, all players agree not to "use any unauthorized software programs to gain advantage in any online or multiplayer game modes."  Ex. 6 to Am. Compl. (docket no. 34-1 at 20).  Unlike the case Bungie cites, involving a handbag, coin purse, and wallet bearing counterfeit reproductions of an accessory designer's registered marks, *see Coach*, 2013 WL 5406220, at *4, in this matter, the mark at issue was used on a product that was different in kind from the one associated with the genuine mark and that Bungie's online and multiplayer customers had contractually agreed not to use.

        (c)      The motion is DEFERRED as it relates to Bungie's request for dismissal of Phoenix Digital's and May's counterclaims.

    (2)      The Clerk is directed to send a copy of this Minute Order to all counsel of record.

    Dated this 7th day of September, 2023.


                                                    Ravi Subramanian
                                                    Clerk

                                                    s/Laurie Cuaresma
                                                    Deputy Clerk

MINUTE ORDER - 3