THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-00811 <br><br> PLAINTIFF BUNGIE, INC.'S MOTION TO STRIKE EXPERT TESTIMONY OF BRAD LAPORTE <br><br> NOTE ON MOTION CALENDAR: October 27, 2023 |

PL.'S MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**Table of Contents**

Page

I. INTRODUCTION ........................................................................................................... 3

II. BACKGROUND ............................................................................................................. 3

III. ARGUMENT ................................................................................................................... 5

    A. LaPorte's Testimony Is Unreliable .................................................................... 5

    B. LaPorte's Opinions that Exceed the Court's Limitations Should Be Stricken ................................................................................................................ 7

IV. CONCLUSION .............................................................................................................. 10

PL.'S MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**Table of Authorities**

Page(s)

CASES

*Bell v. Boeing Co.*,
    No. 20-CV-01716-LK, 2022 WL 1206728 (W.D. Wash. Apr. 22, 2022) .................................4

*Chien Van Bui v. City and County of San Francisco*,
    No. 11-cv-04189-LB, 2018 WL 4957098 (N.D. Cal. Mar. 18, 2018) ..................................5, 7

*Corcoran v. CVS Pharmacy, Inc.*,
    No. 4:15-cv-3504-YGR, 2021 WL 1721056 (N.D. Cal. Apr. 30, 2021) ...................................7

*Daubert v. Merrill Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ..............................................................................................................4

*Hunt v. Cty. of Orange*,
    672 F.3d 606 (9th Cir. 2012) .................................................................................................5

*In re Northrup Grumman Corp. ERISA Litig.*,
    No. CV 06-06213-AB (JCx), 2016 WL 6826171 (C.D. Cal. Apr. 7, 2016) ...........................5

*In re Silicone Gel Breast Implants Prods. Liab. Litig.*,
    318 F. Supp. 2d 879 (C.D. Cal. 2004) ...................................................................................4

*United States v. Spillone*,
    879 F.2d 514 (9th Cir. 1989) .................................................................................................5

*Whisnant v. United States*,
    No. C03-5121 FDB, 2006 WL 2927732 (W.D. Wash. Oct. 11, 2006) ..................................4

RULES

Fed. R. Evid. 702 ............................................................................................................................3

PL.'S MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

Bungie, Inc. ("Bungie") moves to exclude a portion of Defendants' expert Brad LaPorte's testimony as unreliable because he fails to articulate any principles or methods that were used to form certain opinions. Bungie also moves to strike certain opinions that LaPorte offers that exceed the Court's limitations on his opinions. Pursuant to the Court's May 25, 2023 order allowing Defendants to disclose new expert testimony at all, Defendants' expert was limited to providing "the opinions described in Mr. Mann's declaration, docket no. 137." Dkt. No. 139 p. 1. As a further limitation, under the Court's August 10, 2023 order permitting LaPorte to substitute for Kraemer as Defendants' expert, LaPorte's opinions were to be "limited to those expressed in Kraemer's June 12, 2023 Expert Report and June 23, 2023 deposition testimony." Dkt. No. 180. LaPorte, however, offers opinions (1) concerning the validity of certain analysis done by Bungie's expert witness that were not described in counsel's declaration (Dkt. No. 137) and were entirely absent from Kraemer's report and (2) which materially deviate from Kraemer's conclusions regarding the contents of certain files analyzed by Kraemer. These opinions exceed the limitations set by the Court and should be excluded.

## II. BACKGROUND

Defendants originally retained a purported expert witness Scott Kraemer to offer various opinions in support of their counterclaims. On May 25, 2023, the Court authorized Defendants to submit Kraemer's testimony in this case on the condition that his "report shall be limited to the opinions described in Mr. Mann's declaration, docket no. 137." Dkt. No. 139 p.1. Defendants' counsel's declaration stated that Kraemer's testimony would consist of the following:

- With respect to the Counter-Claim of Defendant Phoenix Digital Group LLC, Mr. Kraemer is expected to testimony that, based on his review and analysis of several documents produced by Bungie in this action, including but not limited to Bungie production documents BUNGIE_WDWA_0000410, BUNGIE_WDWA_0000416, BUNGIE_WDWA_0000421, and BUNGIE_WDWA_0000368, these documents

CERTIFICATE OF SERVICE
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

    show and establish that Bungie reverse engineered the AimJunkies Cheat Loader and process flow, dumped crucial proprietary information on how the AimJunkies Cheat Loader and cheat injector work, and thereby learned the methods and IP addresses of the AimJunkies Servers, all in violation of the applicable Terms of Service put in place by Defendant Phoenix Digital Group LLC.  Dkt. No. 137 ¶ 5.

- With respect to the Counter-Claims of Defendant James May, Mr. Kraemer is expected to testify that, based on his review and analysis of several documents, including but not limited to Bungie production document BUNGIE_WDWA_0000409, Bungie conducted a review of Mr. May's computer files beyond the scope authorized by Bungie's Limited Software License Agreement and Privacy Policy.  In particular, Mr. Kraemer is expected to testify, in part, that documents produced by Bungie in this action relating to Bungies [sic] "Findings of James Mays Files," show and establish that the category "GameCheats.AimJunkies binary found" was found outside the games [sic] own directory by a process other than "Reverse Engineer Tool Attached," beyond the scope of the authorization granted by Mr. May.  Dkt. No. 137 ¶ 6.

On June 12, 2023, Defendants served Kraemer's expert report on Bungie. *See* Rava Decl., Ex. 1.  Bungie analyzed Kraemer's report, served discovery requests relevant to Kraemer's purported qualifications and basis for his opinions, and deposed Kraemer on June 23, 2023. Following expert discovery, Kraemer withdrew as an expert witness.

Defendants thereafter moved to substitute Kraemer with a new expert witness, Brad LaPorte.  Dkt. No. 148.  The Court permitted LaPorte to substitute for Kraemer as Defendants' expert and modified the case schedule to permit Bungie to conduct discovery related to LaPorte and his opinions.  Dkt. No. 180.  As a condition to allowing LaPorte to replace Kraemer after Bungie had already deposed Kraemer, the Court ruled that "LaPorte's opinions…shall be limited to those expressed in Kraemer's June 12, 2023 Expert Report and June 23, 2023 deposition

PL.'S MOT. TO STRIKE & EXCLUDE LAPORTE
TESTIMONY
(No. 2:21-cv-00811) –4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

testimony." Dkt. No. 180 p. 1. Defendants provided Bungie with LaPorte's report on August 28, 2023. Rava Decl., Ex. 2. Bungie deposed LaPorte on September 28, 2023.

Defendants offer LaPorte as an expert witness in "digital forensics and incident response, penetration testing, reverse engineering, intrusion analysis, [and] malware analysis." Rava Decl., Ex. 2, p. 4. LaPorte claims to offer opinions concerning his interpretation of certain "forensic evidence" produced by Bungie. *Id.* at 5. Specifically, he was asked to provide testimony regarding "whether forensic evidence appears to support the conclusion that [Bungie] reverse engineered, de-compiled, and/or otherwise analyzed a certain 'loader' software product distributed by Phoenix Digital" and "whether Bungie appears from the evidence [LaPorte] reviewed to have accessed certain private files on the computer of James May." *Id.* at 5. LaPorte's report consists of a discussion of five documents he reviewed that were produced by Bungie in this case, and what he understands those documents to show. *See generally id.* Although neither Kraemer nor LaPorte were designated as rebuttal experts, LaPorte offers opinions concerning opinions offered by Bungie's expert witness Steven Guris. *Id.* at 8.

### III.   ARGUMENT

#### A. LaPorte's Testimony Is Unreliable

LaPorte's testimony concerning BUNGIE_WDWA_0000367 (Exhibit D to Amended Counterclaims) is unreliable, and therefore should be excluded, because he lacks methodology or analysis connecting this document to his conclusions. Among the requirements for the admissibility of expert testimony, Defendants must show that LaPorte's opinions are the "product of reliable principles and methods" and that LaPorte "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Although courts determine the reliability of an expert's testimony based on the particular circumstances of a case, the court may consider the following non-exhaustive factors regarding the expert's reliability: (1) whether the expert's theory can or has been tested; (2) whether the theory or technique has been subjected to peer review and publication;

PL.'S MOT. TO STRIKE & EXCLUDE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  (3) the known or potential rate of error; (4) standards; and (5) general acceptance in the expert's
2  field. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993).

3  In evaluating an expert's opinions, an "expert must bridge the analytic gap with more than
4  bald assertions or his own ipse dixit." *Bell v. Boeing Co.*, No. 20-CV-01716-LK, 2022 WL
5  1206728, at *8 (W.D. Wash. Apr. 22, 2022) (excluding an expert's opinions where the expert's
6  report lacked any description of his methodology or analysis connecting the facts and data to his
7  conclusions). The expert's "bald assurances of validity is not enough," instead, the "party
8  presenting the expert must show that the expert's findings are based on sound science, and this
9  will require some objective, independent validation of the expert's methodology." *Whisnant v.
10 United States*, No. C03-5121 FDB, 2006 WL 2927732, at *3 (W.D. Wash. Oct. 11, 2006) (quoting
11 *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 318 F. Supp. 2d 879, 890 (C.D. Cal. 2004)).
12 For example, a court has excluded an expert's opinion regarding steps that should have been taken
13 in response to air safety reports where the "sole methodology" employed by the expert was "to
14 examine the six incident reports and conclude that the Defendant should have conducted testing
15 for airborne contaminants at an earlier date than the performed remediation." *Id.*

16 While discussing Exhibit D to Defendants' Amended Counterclaims (Dkt. No. 72-4),
17 LaPorte concludes that a particular file "would never be attached to the game and was apparently
18 located by other means undertaken by Bungie." Rava Decl., Ex. 2, p. 8. He then opines on what
19 those "other means" are claiming that "Bungie searched for and accessed these private files and
20 system drivers outside of the Destiny 2 game directory structure and into personal space." *Id.* But
21 LaPorte *concedes* that this is no more than a guess, testifying that he does not "know what means
22 were used to acquire" the information. Rava Decl., Ex. 3 (LaPorte Dep. Tr.) at 185:16-186:11.
23 There is simply no evidence that Bungie "searched for" any files on May's computer. LaPorte's
24 opinion is also lacking any substantive description of the "methodology" he applied, because there
25 is none. Rava Decl., Ex. 2, p. 8. According to LaPorte, the only "methodology" he employed in
26 preparing his report was to read the case documents provided to him. Rava Decl., Ex. 2, p. 6; Rava

PL.'S MOT. TO STRIKE & EXCLUDE LAPORTE
TESTIMONY
(No. 2:21-cv-00811) –6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Decl., Ex. 3 (LaPorte Dep. Tr.) at 65:24-66:4 ("Q. So you didn't conduct an analysis as part of preparing your report in today's case other than reading the materials provided?" A. And my own experience. Q. And you relied on your own experience? A. Correct."). But LaPorte also admits that the document at issue here does not provide enough information to support his opinion. Rava Decl., Ex. 3 (LaPorte Dep. Tr.) at 185:16-186:11 ("It's not exactly explained in this document"). And LaPorte's alleged "experience," without more, is simply not sufficient to sustain his unsupported and non-existent methodologies in reaching his conclusions as to the meaning of BUNGIE_WDWA_0000367, and his opinion on this issue should be excluded.

**B. LaPorte's Opinions that Exceed the Court's Limitations Should Be Stricken**

Because LaPorte's opinions do not comply with the limitations imposed by the Court's May 25 and August 10 orders, those opinions should also be stricken from LaPorte's report and any related testimony should be excluded. District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (internal citation omitted). This includes the "discretion to fashion remedies for the violation of its discovery orders." *United States v. Spillone*, 879 F.2d 514, 522 (9th Cir. 1989). Pursuant to the Court's orders, LaPorte's opinions were to be limited to "the opinions described in Mr. Mann's declaration, docket no. 137" and "to those expressed in Kraemer's June 12, 2023 Expert Report and June 23, 2023 deposition testimony." Dkt. No. 137 p. 1; Dkt. No. 180 p. 1. "The purpose of allowing substitution of an expert is to put the movant in the same position it would have been in but for the need to change experts; it is not an opportunity to designate a better expert." *Chien Van Bui v. City and County of San Francisco*, No. 11-cv-04189-LB, 2018 WL 4957098, at *4 (N.D. Cal. Mar. 18, 2018) (quoting *In re Northrup Grumman Corp. ERISA Litig.*, No. CV 06-06213-AB (JCx), 2016 WL 6826171, at *4 (C.D. Cal. Apr. 7, 2016)).

Nevertheless, Defendants attempt to use LaPorte's substitute expert report to exceed the description of their expert's opinion as set forth in their counsel's declaration and to put themselves

PL.'S MOT. TO STRIKE & EXCLUDE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

in a "better" position than the original Kraemer report. Specifically, the LaPorte report attempts to offer new rebuttal expert testimony regarding Bungie's expert, Steven Guris. LaPorte opines that:

> The Expert Report from Mr. Kraemer states that VirusTotal.com shows this file to contain no detected malware or being flagged for malicious content and that this specific driver file was first submitted to VirusTotal on 2022-03-08. This information is located in the Expert Report of Mr. Steven Guris. I could not find a reference to the date of 2022-03-08, but I was able to find a date of 2022-09-15. It is my expert opinion that there is no way to provide any definitive evidence or conclusion to the results of this analysis conducted by Mr. Guris. Since the file was a .zip file and the origin and validity of the file that was uploaded cannot be verified, there is no way to confirm whether this file is, in fact, the property of the Defendant, who the actual owner is, or if it is in any way malicious:

Rava Decl., Ex. 2, p. 8. This testimony is inconsistent with both of the Court's orders regarding the acceptable scope of LaPorte's expert opinions. First, Defendants' counsel's declaration did not disclose that Defendants' expert witness would rebut or address Mr. Guris' testimony or report. *See* Dkt. No. 137 (Mann Decl.) ¶¶ 5–6. To the contrary, in response to this very concern—that Defendants would use their belatedly disclosed expert to rebut Bungie's expert or address Bungie's claims—Defendants represented the expert testimony would be expressly limited to Defendants' counterclaims and "not matters raised in Bungie's already served expert reports." Dkt. 132 at 3 (Defendants' Reply ISO Motion for Relief from Deadline for Disclosure of Expert Testimony). This testimony, and any other expert opinions regarding Bungie's claims or expert reports, should be excluded.

Second, this testimony should be excluded on the independent basis that Kraemer's report did not attempt to rebut Guris' report. *See generally* Rava Decl., Ex. 1. The *only* instances in which Kraemer even mentions Guris' expert report state that "The Expert Report from Steven Guris lists in detail how he reverse engineered AimJunkies' Cheat Loader on Page 26-30 with images of the loader decompiled and gave analysis of his findings." *Id.* at 2. Unlike LaPorte, Kraemer never offered an opinion on any .zip file analyzed by Guris, the supposed "origin and validity" of a file analyzed by Guris, or the purported ownership of any file analyzed by Guris.

PL.'S MOT. TO STRIKE & EXCLUDE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

LaPorte even admits that "Mr. Kraemer doesn't specifically address Mr. Guris' process and the way that he goes about that." Rava Decl., Ex. 3 (LaPorte Dep. Tr.) at 181:14-182:10; *see also id.* at 182:11-15 ("Q. And the zip file analysis that you offer an expert opinion on in your report on page 8, the fourth paragraph, that second half of that paragraph is not an opinion that Mr. Kraemer expressed in his report, is it?  A. Not explicit[ly]."). LaPorte further admits that his opinions regarding the dates on which any files were submitted to VirusTotal differs from Kraemer's conclusions. *Id.* at 100:1-14.  These opinions offered by LaPorte plainly exceeds the Court's limitations; they should be stricken from LaPorte's report; and Defendants should be prohibited from eliciting such testimony from LaPorte at trial. Dkt. No. 139 p. 1; Dkt. No. 180 p. 1; *see also Corcoran v. CVS Pharmacy, Inc.*, No. 4:15-cv-3504-YGR, 2021 WL 1721056, at *2-3 (N.D. Cal. Apr. 30, 2021) (granting motion to strike substitute expert's opinions that modify or add to original expert's opinions); *Chien Van Bui*, 2018 WL 4957098, at *5 (same).

LaPorte also offers an opinion that is different from an opinion set forth in Kraemer's report regarding the ownership of certain reverse engineering tools used by Defendants to reverse engineer *Destiny 2*.  This opinion should also be excluded.  Specifically, Kraemer opined that certain "System Driver" files listed in Exhibit C to Defendants' Amended Counterclaims (Dkt. No. 72-3) "are Utility Tools used by Phoenix Digital Group." Rava Decl., Ex. 1, p. 5.  In other words, it was Kraemer's opinion that a certain file used by May while he was reverse engineering against *Destiny 2* was attributable to Phoenix Digital.  LaPorte disagrees, opining that "there's no evidence in any of the documentation that was provided that mapped any drivers that were mapped to any utility tools by Phoenix Digital Group." Rava Decl., Ex. 3 (LaPorte Dep. Tr.) at 100:15-101:16.  LaPorte's opinion is therefore the opposite of Kraemer's; namely, it is LaPorte's opinion that the file May used while reverse engineering against *Destiny 2* was not attributable to Phoenix Digital, while Kraemer claims that it was attributable to Phoenix Digital.  This is the exact scenario that the Court's order limiting LaPorte's opinion is intended to prevent, and LaPorte's opinion should be excluded.

PL.'S MOT. TO STRIKE & EXCLUDE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## IV. CONCLUSION

For the foregoing reasons, Bungie respectfully requests that the Court exclude the expert report and testimony of Brad LaPorte concerning BUNGIE_WDWA_0000367, and to strike LaPorte's opinions that exceed the limitations set forth in the Court's May 25, 2023 and August 10, 2023 orders.

I certify that this memorandum contains 2,579 words, in compliance with the Local Civil Rules.

Dated: October 12, 2023

By: s/ William C. Rava
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

PL.'S MOT. TO STRIKE & EXCLUDE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000