THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' OPPOSITION TO BUNGIE'S MOTION TO STRIKE EXPERT TESTIMONY OF BRAD LAPORTE**<br><br>**Note on Motion Calendar: October 27, 2023**<br><br>**Oral Argument Requested** |

Defendants hereby oppose Bungie's Motion To Strike Expert Testimony Of Brad LaPorte (Dkt.# 199) for reasons stated herein.

**INTRODUCTION**

Clearly desperate to avoid a trial on Mr. May's DMCA Counterclaim,[1] Bungie now resorts to filing a baseless motion to exclude the testimony of Mr. May's expert, Brad A. LaPorte, on dubious grounds that are supported neither in law nor fact. In particular, Bungie accuses Mr. LaPorte's testimony of being "unreliable...because he fails to articulate any principles or methods that were used to form certain opinions."

---

1    Mr. LaPorte's expert report and opinions stated therein addressed all counterclaims asserted by Defendants Phoenix Digital Group LLC and James May. On October 16, 2023 this Court (DKT#202) dismissed Phoenix Digital' counterclaim, as well as Mr. May's First, Second and Third Counterclaims, while permitting Mr. May's Fourth Counterclaim to proceed. Without waiver of their right to seek appellate review of these rulings, Defendants herein will address Mr. LaPorte's opinions as they relate to the surviving counterclaim of Mr. May.

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ                    Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA  98110
Phone:  206.436.0900

The Ninth Circuit and this very court have clearly and uniformly ruled that this accusation is *not* the standard for excluding testimony and have clearly and uniformly ruled that an expert may rely on his experience as even the sole basis for his opinion. See *Cypress Ins. Co. v. SK Hynix Am., Inc.,* 2019 WL 634684, *3 (W.D. Wash. Feb. 14, 2019) ("[T]he fact that [his] opinions are based *only* on his knowledge or experience *is not enough* to disqualify him as an expert.") (Emphasis supplied.)

Bungie further accuses Mr. LaPorte of offering, "certain opinions that...exceed the Court's limitations on his opinions." This, too, is a make-weight argument devoid of factual support. As directed by this Court, Mr. LaPorte simply confirms the opinions expressed by Defendants' prior expert, Scott A. Kraemer, who was intimidated by Bungie into withdrawing from the case. Mr. LaPorte's expert report states no new opinions beyond those offered by Mr. Kraemer, and the supposed "new" opinion expressed by Mr. LaPorte is, in fact, simply part of Mr. LaPorte's analysis of the opinion expressed by Mr. Kraemer. There is no "new" opinion expressed by Mr. LaPorte, and Mr. LaPorte's opinion *is not* offered to rebut or challenge any opinion expressed by Bungie's expert, Steven Guris.[2] This is a strawman, non-existent, baseless claim manufactured by Bungie in an attempt to bar Mr. LaPorte's testimony at trial. This Court should not be deceived.

For these reasons, Bungie's last minute, desperate motion should be denied.

**BACKGROUND**

As this Court will recall, Defendants' expert, Brad A. LaPorte, was retained after Bungie succeeded in intimidating Defendants' prior expert, Scott Kraemer, into withdrawing as an expert.[3] In accordance with this Court's August 10, 2023 Order (Dkt#180), Mr. LaPorte served his expert report on August 28, 2023, and appeared for

---

[2] Indeed, given that Phoenix Digital's counterclaims have been dismissed, the issue of what Mr. Guris said with respect to what Bungie did with Phoenix Digitals "loader" software is moot at this time.

[3] Bungie accomplished this by serving an irrelevant, redundant and pretextual subpoena on Mr. Kraemer's employer, Honeywell, Inc., thereby causing Honeywell to threaten termination of Mr. Kraemer's employment and frightening Mr. Kraemer into withdrawing from the matter in its entirety. See Dkt#s 128, 130, 132, 135, 138, 139, 148, 151, 171, 180.

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ                Page 2

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA  98110
Phone:  206.436.0900

deposition on September 28, 2023. Mr. LaPorte has complied in all respects with the Orders of this Court, including, among other things, confining his opinions to those expressed by Defendants' prior expert, Mr. Kraemer.

**A.     Mr. LaPorte's Education, Training and Experience**

Mr. LaPorte's professional qualifications and expertise establishing his credentials to serve as an expert in this case are outlined in detail in Section A of his Expert Report submitted as "Exhibit 2" (Dkt#200-2) to Bungies instant Motion. As outlined therein, Mr. LaPorte is an information security and IT consultant to software companies and is the owner of a boutique consulting firm offering consulting, research and analysis services to software information security and technology companies. He has over eighteen years of experience as a consultant in the cybersecurity industry spanning various industry segments, including but not limited to the following specialties: (i) Security Information and Event Management ("SIEM"), (ii) Security Orchestration, Automation, and Response ("SOAR"), (iii) Threat and Exposure Management, (iv) Vulnerability Management, (v) Pen Testing, (vi) Cloud Security, (v) Managed Security Service Provider ("MSSP"), (vi) Managed Detection and Response ("MDR"), (vii) endpoint protection platforms/endpoint detection and response ("EPP/EDR"), (viii) Extended Detection & Response ("XDR"), (ix) Threat Intelligence, (x) Digital Risk Protection ("DRP"), (xi) Social Media Protection, (xii) Attack Surface Management ("ASM"), (xiii) Digital Forensics and Incident Response ("DFIR").

In addition to the consulting and research experience outlined above, Mr. LaPorte has approximately 18+ years of experience working as an IT and Information Security Leader. During the last 13 of those years, Mr. LaPorte pioneered many solutions in multiple roles. This included roles with corporations such as Dell Secureworks, IBM, Acquia, Kasada as well as experience gained as a veteran of service in the U.S. Army. Mr. Gartner was a  While at Dell, Mr. LaPorte launched the first-ever MDR service and Managed EDR service in 2014, as well as the first

Response to Motion To Exclude Expert Testimony  
Cause No. 21-CV-0811-TSZ                    Page 3

Mann Law Group PLLC  
403 Madison Ave. N. Ste. 240  
Bainbridge Islande, WA  98110  
Phone:  206.436.0900

commercially available on-premise hardware appliance.  Prior to forming High Tide Advisors, Mr. LaPorte served as a high ranking Gartner Research Analyst at Gartner, Inc.

Mr. LaPorte received a Bachelor of Science degree in Business Management from the University of Rhode Island in 2006.  In 2016, he received a Masters in Business Administration from Ithaca College.

Based on the foregoing and more, Mr. LaPorte is well qualified by training and experience to render the opinions he does.  Indeed, appears Bungie, itself, does not seriously question his qualifications as an expert.

### B.    Mr. LaPorte's Retention, Investigation and Opinions

In accordance with this Court's August 10, 2023 Order (Dkt#180) and clear directive that, "[Mr.] LaPorte's opinions, however, shall be limited to those expressed in Kraemer's June 12, 2023 Expert Report and June 23, 2023 deposition testimony." Mr. LaPorte was asked to, and did in fact confine his opinions solely to those expressed in Mr. Kraemer's Expert Report (Dkt#200-1).  As stated by Mr. LaPorte in Section B of his Expert Report, Mr. LaPorte was, "asked to review documents and potentially write one or more reports and/or declarations and to testify as an expert witness in this action with regard to the Counter Claims made by Phoenix Digital and Mr. Schaefer in this matter[.]"   In his Expert Report, Mr. LaPorte details that he was asked to opine on the following matters:

1. "[T]he validity of Expert Report of Scott A. Kraemer ("Mr. Kraemer);"

2. [W]hether forensic evidence appears to support the conclusion that Plaintiff Bungie, Inc. ("Bungie") reverse engineered, de-compiled and/or otherwise analyzed a certain "loader" software product distributed by Phoenix Digital;" and

3. "[W]hether Bungie appears from the evidence I reviewed to have accessed certain private files on the computer of James May ('Mr. May')." (Dkt#200-2, Section B.)

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ                Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA  98110
Phone:  206.436.0900

Matter 1 is entirely consistent with this Court's Order, while matters 2 and 3 are verbatim repetitions of what Mr. Kraemer was tasked with doing in his Expert Report (Dkt#200-1, Section "Background and Introduction"). Contrary to Bungie's claims, Mr. LaPorte was asked to do precisely what this Court directed in its August 10, 2023 Order, and any claim or implication on the part of Bungie to the contrary is without basis.

## ARGUMENT

### A. Standard of Review

The admissibility of expert witness testimony is governed by Federal Rule of Evidence 702, which provides: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed.R.Evid. 702; *Luttrell v. Novartis Pharmaceutical Corp.,* 894 F. Supp. 1234, 1331-1332 (E.D. Wash. 2012); *McClellan v. I-Flow Corp.,* 710 F. Supp. 2d 1092, 1098-1099 (D. Oregon 2010).

Rule 702 should be applied consistent with the "liberal thrust" of the Federal Rules and their "general approach of relaxing the traditional barriers to 'opinion testimony.'" *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (citing *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 169, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988)). Thus, the rules do not require a mechanical application of all of the above factors but rather a flexible approach according to the facts of each case and the particular expert at issue. *Id.* The proponent of expert testimony has the burden of establishing the admissibility of expert testimony by a

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ    Page 5

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900

preponderance of the evidence. *Henricksen v. Conoco Phillips Co.,* 605 F.Supp.2d 1142, 1154 (E.D. Wash. 2009).

In conducting its analysis, the trial court is accorded wide discretion when acting as gatekeeper for the admissibility of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 151–52, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). As an initial matter, the court must determine if a witness has the required expertise, whether it be "knowledge, skill, experience, training, or education" under Rule 702(a). Next, the court turns to the content of the expert's proffered testimony to assess whether the proffered testimony is both relevant and reliable. *Henricksen,* 605 F.Supp.2d at 1153 (citing *Daubert,* 509 U.S. at 589, 113 S.Ct. 2786). This two-step evaluation requires the court to consider whether: (1) the reasoning or methodology underlying the testimony is scientifically valid (the "reliability" prong) and (2) whether that reasoning or methodology can be properly applied to the facts (the "relevancy" prong). *Id.*; see *In re: PPA Products Liability Litigation,* 289 F. Supp. 2d 1230, 1237-1238 (W.D. Wash. 2003). The relevancy bar is low and requires only that the evidence logically advance a material aspect of the proposing party's case. *Messick v. Novartis Pharmaceutical Corp.,* 747 F. 3d 1193, 1196-1197 (9th Cir. 2014).

The Ninth Circuit has made clear that expert testimony need not be based on testable scientific methodology to be reliable. See *Hangarter v. Provident Life and Acc. Ins. Co..* 373 F.3d 998, 1017-18 (9th Cir.2004)(holding that because the reliability of the expert's testimony was not contingent upon a particular methodology or technical framework, the district court did not abuse its discretion in finding the expert's testimony reliable based on his knowledge and experience.) Accordingly, an expert may reach a reliable conclusion by applying his or her experience and specialized knowledge to the facts of the case. *Id.*; see also. Fed. R. Evid. 702 advisory committee notes ("In certain fields, experience is the predominant, if not sole basis for a great deal of reliable expert testimony.); see *In re: PPA Products Liability Litigation,*

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ    Page 6

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA  98110
Phone:  206.436.0900

289 F. Supp.2d at 1240-1241; see also *Messick*, 747 F.3d at 1199; see also *Primiano*, 598 F.3d at 564 at fn 18. Accordingly, the reliability of non-scientific testimony by insurance claims handling and bad faith experts does not rest on the Daubert factors (peer review, publication, potential error rate, etc.) because it depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it. *Hangarter*, 373 F.3d at 1017; see also *Kumho Tire*, 526 U.S. at 150.

Finally, it is well-established that expert testimony concerning an ultimate issue is not per se improper. See *Hangarter,* 373 F.3d at 1016 citing *Mukhtar v. Cal. State Univ., Hayward,* 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002). In fact, Federal Rule of Evidence 704(a) provides that expert testimony that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. See *id.*; see also *Lexington Ins. Co. v. Swanson,* 2007 WL 2463279 (W.D. Wash. 2007); see also *Ramirez-Yanex v. Allstate Ins. Co.,* 2013 WL 1499199 (W.D. Wash. 2013).

**B.     Mr. LaPorte's Opinions are Reliably Based on his Extensive Experience and the Relevant Facts**

Bungie does not attack Mr. LaPorte's exceptional qualifications as an expert in the field of computer security.  Nor does Bungie argue that Mr. LaPorte's education, training and experience are insufficient to qualify Mr. LaPorte as an expert in this field.  Instead, Bungie argues that Mr. LaPorte's opinions are invalid because he allegedly relies only on his experience (and not any supposed "methodology") and because Mr. LaPorte allegedly fails to explain how his experience leads to his opinions. This argument is without merit.

As set forth at length above, under the Ninth Circuit *Daubert* analysis applicable to non-scientific expert testimony, Mr. LaPorte's opinions are reliable and admissible because they are based on his extensive, indeed unchallenged, education, training and experience on matters relating to the handling of insurance claims. In fact,

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ                                Page 7

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900

the Ninth Circuit has expressly denied this type of argument by Bungie. See *Hangarter,* 373 F.3d at 1016. See also *Ledcor Indus., Inc. v. Va. Surety Co.,* 2012 U.S. Dist. LEXIS 8976 at *4 (W.D. Wash. Jan. 26, 2012); see also *August v. Provident Life & Accident Ins. Co.,* 2011 U.S. Dist. LEXIS 146629 at *4 (C.D. Cal. Nov. 15, 2011); see also *Montagne v. Safeco Ins. Co. o/Ill.,* 2008 U.S. Dist. LEXIS 42243 at *14 (D. Alaska May 27, 2008); see also *Lexington Ins. Co. v. Swanson,* 2007 WL 2463279 (W.D. Wash. 2007).

## C. At Deposition, Mr. LaPorte Answered The Questions Posed To Him

On September 28, 2023, Bungie took the deposition of Mr. LaPorte, not for purposes of learning the scope, bases, reasoning and grounds for his opinions, but, rather, to set him up for a motion to strike his testimony. In this regard, Bungie sought only to show that Mr. LaPorte did not employ any *specific* "methodology" in formulating his opinions. Despite Mr. LaPorte's clear testimony that his opinions were formulated after careful review of the relevant documents and application of his general knowledge and experience in the field of computer security, Bungie never followed up with natural, logical questions as to how Mr. LaPorte actually reached his opinions. In particular, when asked, "So you didn't conduct an analysis as part of preparing your report in today's case other than reading the materials provided?" Mr. LaPorte clearly answered, "And my own experience." When then asked, "And you relied on your own experience?" Mr. LaPorte answered, "Correct." Significantly, Bungie never followed up by asking Mr. LaPorte to explain how his experience, combined with his review of the relevant documents and records, led him to his opinions.

Had Bungie done so, Mr. LaPorte was perfectly willing and able to comply. Indeed, on numerous occasions during the deposition, Mr. LaPorte explained that it was his experience and knowledge of computer security that formed the basis for his opinions:

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ    Page 8

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900

Q. So you -- so you didn't perform digital forensics in this case?

A. What I provided was -- or my opinions are derived from my own past experience and reviewing the documents that were provided to me.

Q. And as part of doing that, did you perform any digital forensics?

A. I used my own experience to provide my opinions on the matter, which falls within the realm of the underlying concepts of digital forensics. I did not use digital forensics tools or conduct any civic analysis outside of reading the material.

(LaPorte Deposition, Dkt#200-3, p. 65, lines 12-23.)

Q. Did you -- did your experience with incident response inform any of your opinions in this case?

A. I provided my -- it was included in the expertise that I had that provided to the report that was written.

Q. How is your incident response experience helpful in preparing this report?

A. Primarily the underlying understanding of how Windows systems operate and how one would go about and conducting -- understanding how the overall -- the overall ways that information is gathered and -- and analyzed.

Q. And how is that particularly relevant to your opinions in this case?

A. Analyzing the documents and taking – evaluating and reading the documents, it did leverage my past experiences with how incident response works and how that connects to digital forensics.

(LaPorte Dep. p. 66, line 17 – p. 67 line 8.)

Again, Bungie took the deposition of Mr. LaPorte not to learn what he had to say but, rather, to obtain some sort of "admission" Bungie (incorrectly) believes necessitates precluding Mr. LaPorte's testimony at trial. Again, and as discussed in detail above, it is simply not the law in the Ninth Circuit or elsewhere that failure to

Response to Motion To Exclude Expert Testimony  Page 9
Cause No. 21-CV-0811-TSZ

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA  98110
Phone:  206.436.0900

specify a "methodology" precludes and expert's testimony, and it firmly established here and elsewhere that an expert can, and often does, rely on his experience in forming his opinion. See, *Cypress Ins. Co. v. SK Hynix Am., Inc.,* 2019 WL 634684, *3. Bungie has not, and cannot cite any law to the contrary.

### D.   Mr. LaPorte's Report Provides Detailed Grounds For His Opinion

Nor has Mr. LaPorte offered merely an *"ipse dixit"* opinion. On the contrary, Mr. LaPorte provides a detailed basis in his expert report for his opinions. A simple review of the Expert Report Mr. LaPorte provided (Dkt#200-2) reveals that he did far more than simply state conclusions without any explanation whatsoever as to how they were formed. Indeed, a review of Mr. LaPorte's report indicates that he did exactly what he was asked to do and what this Court required him to do, namely state whether he agrees with the opinions expressed by Defendants' prior expert, Mr. Kraemer. In his detailed analysis, Mr. LaPorte states that he does concur with the opinions expressed by Mr. Kraemer and outlines his reasons for doing so. Desperate to torpedo Mr. LaPorte's testimony and avoid Mr. May's counterclaim, Bungie calls Mr. LaPortes' opinions, *"ispe dixit."* They are not, and no amount of argument to the contrary can deny or change what Mr. LaPorte's report actually says. Ironically, Bungie itself engages in argument without proof by using trite Latin phrases in place of facts and actual reasoned analysis.

### E.   Mr. LaPorte's Opinions Are Within The Scope Permitted By This Court

*1.   The Opinions Expressed By Mr. Kraemer As Well As Mr. LaPorte Are Fully Consistent With This Court's Orders*

Bungie appears to claim that Defendants' prior expert, Mr. Kraemer, somehow expressed opinions beyond those permitted by this Court. This appears to be based on a comparison of Mr. Kraemer's Expert Report (Dkt#200-1) to the May 23, 2023 Declaration of Defendants' Counsel (Dkt#137) filed in accordance with this Court's May 16, 2023 Order (Dkt#135) directing that, "Defendants' Counsel shall file a signed

Response to Motion To Exclude Expert Testimony  
Cause No. 21-CV-0811-TSZ

Page 10

Mann Law Group PLLC  
403 Madison Ave. N. Ste. 240  
Bainbridge Islande, WA 98110  
Phone: 206.436.0900

declaration providing:... (ii) a *brief summary* of the experts' qualifications and anticipated opinions…" (Dkt#135, emphasis supplied). Nowhere did this Court order that Defendants' Counsel was to provide a highly detailed, word-for-word description of exactly what the expert would say, and a comparison of detailed summary actually provided in paragraphs 5 and 6 of Counsel's Declaration to the opinions expressed by Messrs. Kraemer and LaPorte are fully consistent with and do not materially exceed the opinions expressed in summary form in the Declaration. Again, and tellingly, Bungie is attempting to create issues where they do not exist and, indeed, goes as far as trying to put words into this Court's mouth and claim it made orders it never made. Defendants have complied in all respects with this Court's orders as have Messrs. Kraemer and LaPorte.

*2. Mr. LaPorte Is Not Offering New Opinions Or Testimony*

Bungie falsely accuses Mr. LaPorte of offering new opinions beyond those expressed by Mr. Kraemer. He does not.

An review of what Mr. LaPorte actually states in his expert report reveals that he is not now seeking to counter or challenge the testimony of Bungie's expert, Mr. Guris, but, rather, points out that both Mr. Kramer and he note that, in Mr. Guris's Expert Report, Mr. Guris *himself* admits to reverse engineering Phoenix Digital's "loader" software. This is altogether different from challenging or rebutting Mr. Guri's expert opinions, and neither Mr. Kraemer or Mr. LaPorte ever state that Mr. Guris' opinions are wrong, nor will Mr. LaPorte so testify at trial.

In point of fact, both Mr. Kraemer and Mr. LaPorte were asked to opine as to whether evidence developed in this case indicated that Bungie reverse engineered Phoenix Digital's software as alleged in Phoenix Digital's counterclaim. Among the evidence fairly to be considered are documents produced by Bungie, itself, along with expert reports, served by Bungie itself, stating in detail what Bungie's experts did on Bungie's behalf. If Bungie's expert, Mr. Guris, *admits* that in carrying out his duties,

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ　　Page 11

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900

he violated Phoenix Digital's rights, and if Defendants' experts note that such an admission is further evidence bolstering the conclusion that Bungie violated Phoenix Digital's rights, that is *not* challenging Mr. Guriss expert conclusions as to other matters, but is simply a recognition that Bugnie's expert *admits* he violated the Phoenix Digital terms of service.  Again, this is not a challenge to Mr. Guris' expert conclusions but simply an identification of one of the grounds on which Messrs. Kraemer and LaPorte both concluded that Bungie, through its agents, reverse engineered the Phoenix Digital loader.

However, and given that, since the time of Defendants' expert reports, this Court has dismissed in its entirety the counterclaims of Phoenix Digital, this aspect of the reports of Mr. Kraemer and Mr. LaPorte are now moot and have no bearing on the trial of Mr. May's surviving counterclaim, which does not include allegations that Bungie reverse engineered Phoenix Digital's software.

*3. Mr. LaPorte's Expert Report Has No Bearing On Whether Bungie,  Or Its Agents, Created The Documents Showing That Bungie Improperly Accessed Mr. May's Computer*

In its Reply in support of summary judgment filed August 11, 2023, (Dkt#182, p. 17 and Dkt#183) Bungie, for the very first time *now* claims that the damning documents that support Mr. May's counterclaim (i.e., Exhibits C&D, Dkt#s 74-3 & 74-4), *which were produced by Bungie itself,* were actually created by someone other than Bungie.  This last-minute, "I didn't do it, he did" defense is not only untimely but is subject to Defendants' pending surreply (Dkt#187) requesting that the argument and evidence Bungie offers be stricken.  It is on the basis of this last-minute Hail Mary defense that Bungie tries to argue that there is a material difference between the opinion offered by Mr. Kraemer and that offered by Mr. LaPorte.  There isn't.

In formulating his opinion, Mr. Kraemer was provided with the internal documents created by Bungie as was Mr. LaPorte.  By the very terms of their

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ                          Page 12

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone:  206.436.0900

assignment, neither expert was asked to opine as to *who* created the documents, but, rather as to whether the documents showed improper access to Mr. May's computer. Bungie makes the ridiculous claim that Mr. Kraemer opined that Bungie was the party accessing Mr. May's computer, while at deposition, Mr. LaPorte had no opinion as to who accessed Mr. May's computer.

If this Court is inclined to permit Bungie to pursue its untimely defense that it was Bungie's agent, NovaCoast, that was at the controls, this is a matter for cross-examination of any Bungie witness making such a claim and is not a matter of expert testimony. Mr. LaPorte has not been asked to opine as to whether the relevant documents show *who* was at the keyboard when Mr. May's computer was improperly accessed, nor is he being offered to testify as to such at trial. Again, Bungie has manufactured a non-existent straw-man issue in an attempt to improperly bar Mr. LaPorte's testimony at trial.

## CONCLUSION

For all the foregoing reasons, Bungie's motion to bar the testimony of Defendants' expert, Mr. LaPorte, should be denied.

Dated October 23, 2023.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 4177 words in compliance with the Local Civil Rules.

Response to Motion To Exclude Expert Testimony
Cause No. 21-CV-0811-TSZ    Page 13

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA  98110
Phone:  206.436.0900