# EXHIBIT 1

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC., a Delaware corporation,

Plaintiff,

v.

AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,

Defendants.

Cause No. 2:21-cv-0811 TSZ

**DEFENDANTS' [PROPOSED] PRETRIAL ORDER**

Defendants Aimjunkies.com, Phoenix Digital Group LLC, Jeffrey Conway, David Schaefer, Jordan Green and James May present this [Proposed] Pretrial Order.

Defendants accept Plaintiff's statement of jurisdiction.

<u>Defendant's Statement of Counterclaim and Defenses</u>

All Defendants assert the following defenses:

1. No software created, developed, marketed, advertised, sold or otherwise distributed by Defendants infringes any copyright of Bungie, Inc.

2. No software created, developed, marketed, advertised, sold or otherwise distributed by Defendants infringes any trademark of Bungie, Inc.

DEFENDANTS' PROPOSED PRETRIAL ORDER   Cause No. 21-CV-0811-TSZ

Page 1

ANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

3. Defendant James May is not, and never has been, a member, owner, officer, director, employee or otherwise had a controlling interest in Phoenix Digital Group LLC and is not responsible or liable for any activities carried on by Phoenix Digital Group LLC.

4. The software at issue here was created by parties other than Defendants.

5. Defendants did not have access to the software Bungie accuses them of copying.

6. Bungie cannot show "substantial similarity" between any software distributed by Phoenix Digital and the copyrighted works asserted by Bungie in this action.

7. Phoenix Digital Group LLC's distribution of the software at issue in this case did not cause harm or damage to Bungie, Inc.

All Defendants assert the following affirmative defenses:

1. Plaintiff's Amended Complaint fails to state claims for which relief may be granted.

2. Plaintiff's claims for copyright infringement are barred under the clear holding of the Ninth Circuit Court of Appeals in *MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629 F.3d 928 (9th Cir. 2010), that, *as a matter of law,* alleged breaches of covenants in a copyright license are *not* acts of copyright infringement.

3. Plaintiff's claims for copyright infringement are barred under the clear holding of the Ninth Circuit Court of Appeals in *Lewis Galoob Toys, Inc. v. Nintendo of America,* 964 F.2d 965 (9th Cir. 1992) that, *as a matter of law,* the use of software resident on the computer of a game player to enhance the player's performance of the game does *not* unlawfully create a "derivative work" or otherwise infringe a copyright.

4. All claims for "statutory damages," "enhanced damages," "attorneys' fees" or other relief under 17 U.S.C. §§ 505, 505 are barred under 17 U.S.C. §§ 412 and the clear holding of the Ninth Circuit Court of Appeals in *Derek Andrew, Inc. v. Poof Apparel Corp.,*

528 F.3d 696 (9th Cir. 2008) that, "to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement," and that, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412."

5. All use by Defendants of the "DESTINY Marks" as alleged was a nominative or descriptive "fair use" of the marks given that such use was only to refer, accurately, to the actual products of Plaintiff Bungie, Inc., and/or to describe, accurately and truthfully, what the products at issue here do.

6. Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through the unauthorized, clandestine accessing and downloading of information contained in private files on the personal computer of Defendant James May.

7. Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through breach of the Terms of Service of Defendant Phoenix Digital Group LLC.

8. Plaintiff is precluded from recovering any damages that could have been avoided through the exercise of reasonable care and due diligence.

## UNDISPUTED FACTS

Proposed undisputed facts 3, 5, 6 and 7 are undisputed. All others are not admitted by Defendants and are subject to proof by Plaintiff.

## ISSUES OF LAW

Plaintiff has requested various forms of injunctive relief. Whether the requested injunction(s) should issue is a question of law.

Plaintiff has also requested various forms of enhanced damages beyond actual damages to be proven at trial. Whether such enhanced damages should be awarded is a question of law.

All parties are seeking attorneys fees and costs in this action. Whether such fees and/or costs should be awarded is a question of law.

## DEFENDANTS' WITNESSES

**Expert Witness:**

1. Brad A. LaPorte (*will testify*)
    331 Zenith Lane
    Juno Beach, FL 33408
    (706) 726-1502

Mr. LaPorte will testify as to the opinions stated in his Expert Report served August 28, 2023 as well as the grounds and other bases for those opinions.

**Fact Witnesses:**

1. David Schaefer (*will testify*)
    c/o Philip P. Mann
    Mann Law Group PLLC
    403 Madison Ave. N. Ste. 240
    Bainbridge Island, WA 98110
    (206) 436-0900

Mr. Schaefer is a named defendant and President of Defendant Phoenix Digital Group LLC. He will testify as to the operation of Phoenix Digital Group including its business model. He will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He will further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused

harm to Phoenix Digital. Mr. Schaefer will also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

    2.    James May (*will testify*)
          c/o Philip P. Mann
          Mann Law Group PLLC
          403 Madison Ave. N. Ste. 240
          Bainbridge Island, WA 98110
          (206) 436-0900

Mr. May is a named defendant. Mr. May will testify that he is not and has never been a part of Phoenix Digital and had nothing to do with the alleged, "cheat" software that is the subject matter of this lawsuit, including, but not limited to, the creation, development and/or distribution of the software. Mr. May will testify that he has never received any of the proceeds from distribution or sale of the subject software. Mr. May will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that he helped develop or otherwise "created" the subject software. Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He will further testify as to how Bungie, without his authorization, unlawfully accessed his private computer files and caused harm to him. Mr. May will also testify as to all accusations that may be made against him at trial by Bungie.

    3.    Jordan Green *(possible witness only)*
          c/o Philip P. Mann
          Mann Law Group PLLC
          403 Madison Ave. N. Ste. 240
          Bainbridge Island, WA 98110
          (206) 436-0900

Mr. Green is a named defendant and a member of Defendant Phoenix Digital Group LLC. He may testify as to the operation of Phoenix Digital Group including its business model. He will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He may further

testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused harm to Phoenix Digital.  Mr. Green may also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

    4.     Jeffrey Conway *(possible witness only)*
         c/o Philip P. Mann
         Mann Law Group PLLC
         403 Madison Ave. N. Ste. 240
         Bainbridge Island, WA 98110
         (206) 436-0900

Mr. Conway is a named defendant and former member of Defendant Phoenix Digital Group LLC.  He may testify as to the operation of Phoenix Digital Group including its business model.  He will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks.  He may further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused harm to Phoenix Digital.  Mr. Conway may also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

    5.     Donald McGowan (*will testify*) (Adverse Witness)
         c/o William Rava
         PERKINS COIE
         1201 Third Avenue,
         Seattle, WA. 98101
         Telephone:  (312) 206-5162

Mr. McGowan will testify as to public statements he has made on behalf of Bungie concerning Bungie's desire and efforts to combat "cheating" in Destiny 2.

    6.     [REDACTED] (aka, "John Doe") (*will testify*) (Adverse Witness)
         550 106th Avenue NE, Suite 207
         Bellevue, WA 98004-5088

Mr. Doe will testify as to his acquisition of software from the "Aimjunkies" website, including but not limited to his use of an assumed name in doing so and his agreement to the Aimjunkies/Phoenix Digital Terms of Service in so doing. Mr. Doe will also testify as to the circumstances under which he was instructed or otherwise induced to perform these acts on behalf of Bungie.

    7.    Dr. Edward Kaiser  (*will testify*) (Adverse Witness)
           550 106th Avenue NE, Suite 207
           Bellevue, WA 98004-5088

Dr, Kaiser will testify that he never saw, used, analyzed or otherwise inspected the software at issue in this action.

    8.    Mr. Steve Guris  *(possible witness only)* (Adverse Witness)
           550 106th Avenue NE, Suite 207
           Bellevue, WA 98004-5088

Mr, Guris may testify that he never saw, used, analyzed or otherwise inspected the software at issue in this action.

Defendants may also call any witness identified on Plaintiff's Witness list. Defendants reserve the right to call additional witnesses who may not be identified here.

## DEFENDANTS' EXHIBITS

| Exhibit # | Description | AS[1] | AS/AD[2] | AD[3] | A[4] |
|---|---|---|---|---|---|
| 200 | Expert Report – Brad LaPorte | | | | |
| 201 | Brad LaPorte Resume | | | | |
| 202 | Brad LaPorte Publications | | | | |
| 203 | Amended Answer and Counterclaim (DKT#72) | | | | |

1  Admissibility Stipulated.
2  Authenticity Stipulated/Admissibility Disputed.
3  Authenticity Disputed.
4  Admitted.

DEFENDANTS' PROPOSED PRETRIAL ORDER  Cause No. 21-CV-0811-TSZ

Page 7

ANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

| | | | | | |
|---|---|---|---|---|---|
| 204 | BUNGIE_WDWA_0000409.XLSX | | | | |
| 205 | Bungie Privacy Policy (DKT#66-1) | | | | |
| 206 | Bungie LSLA (Dkt#34-1) | | | | |
| 207 | BUNGIE_WDWA_0000367 | | | | |
| 208 | Phoenix Digital Terms of Service (DKT#75-2) | | | | |
| 209 | BUNGIE_WDWA_0000468 | | | | |
| 210 | BUNGIE_WDWA_0000413 | | | | |
| 211 | BUNGIE_WDWA_0000415 | | | | |
| 212 | BUNGIE_WDWA_0000464 | | | | |
| 213 | BUNGIE_WDWA_0000465 | | | | |
| 214 | BUNGIE_WDWA_0000466 | | | | |
| 215 | BUNGIE_WDWA_0000467 | | | | |
| 216 | BUNGIE_WDWA_0000479 | | | | |
| 217 | BUNGIE_WDWA_0000481 | | | | |
| 218 | BUNGIE_WDWA_0000482 | | | | |
| 219 | BUNGIE_WDWA_0000516-7 | | | | |
| 220 | BUNGIE_WDWA_0000539 | | | | |
| 221 | BUNGIE_WDWA_0000540 | | | | |
| 222 | BUNGIE_WDWA_0000541 | | | | |
| 223 | BUNGIE_WDWA_0000368 (AEO) | | | | |
| 224 | BUNGIE_WDWA_0000410 (AEO) | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 225 | BUNGIE_WDWA_0000412 (AEO) | | | | |
| 226 | BUNGIE_WDWA_0000416 (AEO) | | | | |
| 227 | BUNGIE_WDWA_0000417 (AEO) | | | | |
| 228 | BUNGIE_WDWA_0000419 (AEO) | | | | |
| 229 | BUNGIE_WDWA_0000420 (AEO) | | | | |
| 230 | BUNGIE_WDWA_0000421 (AEO) | | | | |
| 231 | BUNGIE_WDWA_0000463 (AEO) | | | | |
| 232 | BUNGIE_WDWA_0000606-7 | | | | |
| 234 | Mann Declaration Exhibit A  (DKT#191-1) | | | | |
| 235 | Mann Declaration Exhibit B  (DKT#191-2) | | | | |
| 236 | Mann Declaration Exhibit C  (DKT#191-3) | | | | |
| 237 | Mann Declaration Exhibit D  (DKT#191-4) | | | | |
| 238 | Kaiser Declaration (DKT#36) | | | | |
| 239 | Kaiser Declaration (DKT#66) | | | | |
| 240 | Kaiser Declaration (DKT#158) | | | | |
| 241 | Kaiser Declaration Exhibit 2 (AEO) (DKT#159) | | | | |
| 242 | Kaiser Declaration (DKT#183) | | | | |
| 243 | BUNGIE_JAMS_0000060 | | | | |
| 244 | BUNGIE_JAMS_0001026 | | | | |
| 245 | BUNGIE_JAMS_0001059 | | | | |
| 246 | BUNGIE_JAMS_0001061-2 | | | | |

DEFENDANTS' PROPOSED PRETRIAL ORDER  Cause No. 21-CV-0811-TSZ

Page 9

ANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

| | | | | | |
|---|---|---|---|---|---|
| 247 | BUNGIE_JAMS_0001153 | | | | |
| 248 | BUNGIE_JAMS_0001383 | | | | |
| 249 | BUNGIE_JAMS_0000720 | | | | |
| 250 | BUNGIE_JAMS_0000060 | | | | |
| 251 | BUNGIE_JAMS_0000060 | | | | |
| 252 | BUNGIE_JAMS_0000060 | | | | |
| 253 | Arbitration Exhibit PDG0004 | | | | |
| 254 | Arbitration Exhibit PDG0006 | | | | |
| 255 | Arbitration Exhibit PDG0014a | | | | |
| 256 | Arbitration Exhibit PDG0014b | | | | |
| 257 | Arbitration Exhibit PDG0015 | | | | |
| 258 | Arbitration Exhibit PDG0018 | | | | |
| 259 | Arbitration Exhibit PDG0066 | | | | |
| 260 | Arbitration Exhibit PDG0087 | | | | |
| 261 | | | | | |
| 262 | | | | | |
| 263 | | | | | |
| 264 | | | | | |
| 265 | | | | | |
| 266 | | | | | |
| 267 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 268 | | | | | |
| 269 | | | | | |
| 270 | | | | | |

Defendants reserve the right to supplement their list of exhibits if Plaintiff is allowed to identify and introduce any exhibits at trial in this matter.  To avoid unnecessary duplication, Defendants reserve the right to use any exhibit listed on Plaintiff's exhibit list.  To the extent Plaintiff removes exhibits from its previously served exhibit list, Defendants reserve the right to subsequently add such removed exhibits to their exhibit list.  Defendants reserve the right to present exhibits, the need to which cannot be reasonably foreseen prior to trial and the presentation of Plaintiff's case.  Defendants reserve the right to use demonstrative and illustrative exhibits whether or not designated as a trial exhibit in this Pretrial Statement or in the Pretrial Order.  Defendants reserve the right to use any exhibit for impeachment purposes, whether or not designated as a trial exhibit in this Pretrial Statement or in the Pretrial Order. Defendants reserve the right to designate additional exhibits for rebuttal purposes or otherwise for admission at trial.  Defendants reserve the right to use any exhibits listed in Plaintiff's preliminary list of trial exhibits.

Dated October 20, 2023.    Respectfully submitted,

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
107 Spring St.
Seattle, Washington  98104
Phone (206) 436-0900
Fax (866) 341-5140
phil@mannlawgroup.com

Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, I caused the foregoing document to be electronically mailed to counsel of record as follows:

WRava@perkinscoie.com

JDini@perkinscoie.com

CMarcelo@perkinscoie.com

                                              *s/ Philip P. Mann*

DEFENDANTS' PROPOSED PRETRIAL ORDER  Cause No. 21-CV-0811-TSZ

Page 12

ANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

# EXHIBIT 2
# FILED UNDER SEAL

# EXHIBIT 3
# FILED UNDER SEAL

# EXHIBIT 4
# FILED UNDER SEAL

# EXHIBIT 5
# FILED UNDER SEAL

# EXHIBIT 6
# FILED UNDER SEAL