THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation, | Cause No. 2:21-cv-0811 TSZ |
| Plaintiff | **DEFENDANTS' MOTIONS IN LIMINE** |
| v. | **Note on Motion Calendar: November 17, 2023** |
| AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual, | |
| Defendants. | |

Defendants Aimjunkies.com, Phoenix Digital Group LLC, Jeffrey Conway, David Schaefer, Jordan Green and James May (collectively, "Defendants"), by and through undersigned counsel, hereby submit these motions in limine to limit the evidence and testimony to be entered by Plaintiff Bungie, Inc., ("Bungie") at trial.

Pursuant to Local Civil Rule 7(d)(4), counsel for the Parties met and conferred via Zoom on October 24, 2023  prior to filing the following motions in limine in an attempt to limit the issues presented therein.  Despite good faith efforts on the part of all parties, agreement was not reached with respect to the motions that follow.

Defendants' Motions In Limine
Cause No. 21-CV-0811-TSZ

Page 1

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

**MOTIONS IN LIMINE**

**1.     Motion To Preclude Reference At Trial To The Arbitration Proceedings And Arbitration Award**

Reference to the Arbitration Award and arbitration proceedings between the parties should be barred under Federal Rules of Evidence 401, 403 and 404(b).  Such matters are irrelevant to the issues here, and reference to the arbitration proceedings and arbitration award would be unfairly prejudicial and confusing to the jury.

The issues at trial here are narrow and focused.  In particular, the questions to be decided by the Jury here are: (1) does the software distributed by Defendants infringe the copyrights asserted by Bungie?, and (2) have Defendants infringed Bungie's claimed trademark in the name, "Destiny 2"?[1]  Neither of these issues was raised or decided during the prior arbitration.[2]  Defendant Phoenix Digital does not claim that it did not distribute the software at issue here and is fully prepared to stipulate as to both the number of subscriptions it distributed as well as the revenues and profits derived therefrom.  Again, there was no issue decided during the arbitration that is relevant to any of the issues before this Court.  Reference to the Arbitration Award and arbitration proceedings is not relevant and should be barred under Rule 401 Fed.R.Evid.

In addition, disclosure of the Arbitration Award to the Jury would be highly prejudicial and confusing, while having no probative value whatsoever as to the issues actually to be decided by the jury here.  Indeed, and based on Bungie's own proposed exhibits and proposed motions in limine, it is clear Bungie intends a smear campaign against the Defendants as a substitute for actually proving its copyright and trademark claims, which again, were in no way part of the arbitration proceedings.  Under Rule 403 Fed.R.Civ.P., such

---

1.     A third issue to be decided by the Jury is whether Bungie violated Defendant James May's rights under the DMCA.  This issue too has nothing to do with any of the issues raised during the arbitration.

2     Furthermore, whether the Arbitration Award was properly confirmed by this Court is the subject of a pending appeal before the Ninth Circuit and is not a "final determination" required under applicable provisions relating to issue and claim preclusion.

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

"evidence," which has no relevance here and is not probative of any issue actually before this Court, should be excluded as creating a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Bungie has not articulated, nor can it articulate any reasonable basis as to why reference to the arbitration proceedings is necessary to decide any of the issues to be presented to the jury in *this* case.  Indeed, pointing to the different issues present in the arbitration is likely to confuse the jury as to what, exactly, the jury is to decide here. Directing testimony to the arbitration, and the resulting cross-examination, will needlessly add time to the trial, and to the extent such reference is intended to establish who the Defendants are, what business activities they have engaged in, and how they are related to each other, such is not in serious dispute and would simply be cumulative.   However, Bungie's transparent attempt to claim that, because Defendants were found liable in the arbitration, they must be liable here, is not only a logical fallacy barred under Rule 404(b), it is clear that Bungie seeks to introduce this highly irrelevant "evidence" for the very purpose of prejudicing the jury before the jury has even heard any purported evidence of copyright and/or trademark infringement, i.e., the very issues to be decided here.

For all these reasons, this Court should rule, in limine, that no reference should be made at trial to either the Arbitration Award or the arbitration proceedings.

**2.    Motion To Preclude Reference To Pre-Trial Discovery Matters Including Motions For Sanctions And Sanctions Awards**

Similarly, it is clear that Bungie intends to introduce at trial this Court's discovery rulings that, in part, sanction Defendants.  Again, what relevance this has to any of the issues to be presented to the jury here has not been shown and cannot be shown.  Again, the clear purpose behind Bungie's trying to introduce such "evidence" is to smear Defendants and impugn their character.

As with the Arbitration Award and proceedings, the various discovery disputes generated over the course of more than two years of heated litigation are not relevant to any of the issues to be decided in this case under Rule 401, and reference at trial to any of these discovery matters is improper under Rules 403 and 404(b) Fed.R.Civ.P.  See, *Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC,* No. 14-cv-03953-BLF, 2015 U.S. Dist. LEXIS 100551, at *27-28 (N.D. Cal. July 30, 2015) ("The later order imposing monetary sanctions must be excluded because the unfair prejudice to Defendants outweighs its probative value. Fed. R. Evid. 403").  See also, *Barrett v. Negrete,* No. 02-cv-2210-L (CAB), 2010 U.S. Dist. LEXIS 52258, at *15-16 (S.D. Cal. May 25, 2010) ("Although defendant Negrete's conduct has been sanctioned in this court, it is at best marginally relevant to his acts in the underlying action. Further, the imposition of sanctions here would be inadmissible character evidence [citing Federal Rule of Evidence 404(a)]").

For all these reasons, this Court should rule, in limine, that no reference should be made at trial to any of the discovery disputes in this case or to any of the rulings this Court has made in their regard.

**3.      Motion To Preclude Reference To "Cheat" Software**

Throughout this case, the parties have used the term, "Cheat software" to describe the software product actually at issue in this case.  Such was done primarily for convenience and in accordance with common parlance in the industry.  As Defendants have argued throughout this case, there is no law against "cheating" in computer games, and there is no law against making, selling or using "cheat" software, unless that software infringes some legally recognized right such as patent or copyright rights.

Although there is nothing legally improper in making, selling or using "cheat" software as such, absent a clear instruction to that effect from this Court, it is questionable whether the jury will understand this fact, and it is more than possible that hearing the word, "cheat" used in connection with the subject software will unfairly prejudice the jury into thinking that any "cheat" software must be legally improper.  See, *Kowalski v. Anova Food,*

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

*LLC*, No. 11-00795HG-RLP, 2015 U.S. Dist. LEXIS 34521, at *8 (D. Haw. Feb. 18, 2015) (prohibiting party from referring to carbon monoxide as "poison gas" or "suicide gas" because the inflammatory nature of that language risks unfairly prejudicing the jury).

For the foregoing reasons, Defendants move for an order in limine precluding the use of the word "cheat" or variation thereof in referring to the software product at issue here. Such software can be referred to instead as, "subject software," "the accused software," "Defendants' software," etc. without prejudice to Bungie's ability to present its case and without the likelihood of prejudice likely to result from hearing the word, "cheat" used in connection with the subject software.  Accordingly, this Court should rule, in limine, that no reference should be made at trial to "cheat" or variation thereof in connection with the software at issue in this case.

**4.    Motion To Preclude Expert Testimony That Goes Beyond Scope Of Expert Reports Or Deposition Testimony**

In its Proposed Pretrial Order, Bungie indicates that it may or will call three expert witnesses as follows:

1.    Dr. Edward Kaiser

2.    Mr. Steven Guris

3.    Mr. Drew Voth

On November 21, 2022, the deadline ordered by this Court for expert disclosure (Dkt#44), Messrs. Guris and Voth each served Expert Reports as required by Rule 26(a)(2)(B) Fed.R.Civ.P.

Dr. Kaiser, who is an employee of Bungie, has been disclosed pursuant to Rule 26(a)(2)(C) Fed.R.Civ.P., and has not provided an expert report.

Pursuant to Rule 26(a)(2)(B),  the expert reports submitted by Messrs. Guris and Voth were and are required to state, in part, "a complete statement of all opinions the witness will express and the basis and reasons for them."

Pursuant to Rule 26(a)(2)(C),  Dr. Kaiser was required to state, in part, "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  In its Expert Disclosure served November 21, 2022, Bungie stated that Dr. Kaiser was "expected to present evidence" under Federal Rules of Evidence 702, 703 or 705 regarding the following topics:

- In order to create and/or update Defendants' Cheat Software, the developer(s) had to access Destiny 2, create a copy of the object code of Destiny 2, and modify or reverse-engineer the code.

- To use the Cheat Software, the cheat user runs an authentic copy of Destiny 2 on their computer while also running a copy of the Cheat Software.

- In order for the Cheat Software features to work while playing Destiny 2, the Cheat Software injects into (i.e., runs its software code inside) the Destiny 2 engine. For certain cheat features, the injected code extracts information to which the cheat user does not ordinarily have access. For certain other cheat features, the injected code modifies the Destiny 2 data structures.

- Cheat software, such as Defendants' Cheat Software, has had a significant negative impact on the perceived fairness of Destiny 2, impacting player retention, and Bungie has banned numerous users for use of Defendants' Cheat Software.

- Opinions and testimony concerning matters discussed in the Declaration of Edward Kaiser in Support of Plaintiff's Motion for Preliminary Injunction (Dkt. No. 36).

On October 4-5, 2022, Defendants took the deposition of Dr. Kaiser wherein he was examined extensively as to why he believed that cheat software distributed by Defendants infringed any copyright(s) of Bungie.  He was also examined as to the grounds for the facts expressed in his Declaration in Support of Plaintiff's Motion for Preliminary Injunction (Dkt. No. 36).

Dr. Kaiser has never sought leave to amend his disclosure of these topics of expected testimony.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

Given the expert disclosures made by Bungie, and given that leave to amend these disclosures has neither been sought by Bungie or granted by this Court, Defendants move in limine for an order confining any expert testimony by these experts to the opinions stated in their Expert Reports and, in the case of Dr. Kaiser, Bungie's November 21, 2022 Expert Disclosures.

Motions to exclude undisclosed expert opinions are routinely granted by the courts. See, *United States v. Mailoto,* No. 2:17-CR-0148-TOR, 2018 WL 2090195, at *3 (E.D. Wash. May 4, 2018) ("Defendant seeks to preclude undisclosed expert testimony. The Court grants Defendant's motion precluding undisclosed expert testimony."); *Hastings v. Ford Motor Co.,* No. 19-cv-02217-BAS-MDD, 2022 U.S. Dist. LEXIS 51516, at *12 (S.D. Cal. Mar. 22, 2022) ("The Court sustains Ford's objection to Hastings's witness Albert Shanefield's opinion on whether a vehicle presenting diagnostic trouble code P2201 will not pass a smog check in California, on the ground that it is undisclosed expert witness testimony."); *Whitmire v. Wal-Mart Stores Inc.,* 359 F. Supp. 3d 761, 786 (D. Ariz. 2019) ("The Court concludes that exclusion of Ms. Vaughn's expert testimony in paragraphs 13 and 14 of her Declaration...'is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).'"); *Party Animal, Inc. v. Dog,* No. 2:17-cv-03422-MEMF(FFMx), 2023 U.S. Dist. LEXIS 145853, at *17-20 (C.D. Cal. Apr. 27, 2023) ("To the extent that the Pet Food Defendants sought to exclude expert opinions not previously disclosed separate and apart from expert opinions foreclosed by the original scope of the Oral MiL Order, that request is GRANTED. Party Animal is precluded from presenting previously undisclosed expert opinions at trial.").

For all these reasons, this Court should rule, in limine, that no expert testimony will be received regarding opinions not previously disclosed.

Defendants' Motions In Limine
Cause No. 21-CV-0811-TSZ

Page 7

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

**5.      Motion To Preclude Testimony Of Undisclosed Or Late Disclosed Expert(s)**

In its Expert Disclosure served November 21, 2022, Bungie, pursuant to 26(a)(2)(C) Fed.R.Civ.P., disclosed another purported expert, Clinton Hodgson, an employee of Bungie, Inc., who was expected to provide expert testimony regarding the following topics:

- Cheat software, such as Defendants' Cheat Software, has had a significant negative impact on the perceived fairness of Destiny 2, impacting player retention and the popularity of Destiny 2.

- To use the Cheat Software, the cheat user runs an authentic copy of Destiny 2 on their computer while also running a copy of the Cheat Software.

In its Preliminary Pretrial Report materials served on Defendants on October 10, 2023, Bungie, for the very first time, indicated that it would be calling Nate Buckmiller to provide expert testimony.  Mr. Buckmiller was never previously disclosed as a possible expert in this case, and the very first time he was disclosed to Defendants was sixteen days before the date of this motion and nearly one year after the November 21, 2022 deadline ordered by this Court for the disclosure of experts.

Because Bungie has neither sought nor received leave to name Mr. Buckmiller, permitting this last-minute disclosure of him as a possible expert makes a mockery of this Court's clear orders and directives and should not be permitted.  Accordingly, Defendants move for an order in limine precluding testimony of the heretofore never identified Mr. Buckmiller.  Again, case law is clear that failure to comply with the expert disclosure requirements Fed.R.Civ.P. properly precludes such testimony at trial.  See, *United States v. Mailoto; Hastings v. Ford Motor Co.; Whitmire v. Wal-Mart Stores Inc.* and *Party Animal, Inc. v. Dog,* above.

**6.      Motion To Preclude Reference To Bungie Lawsuits Against Others**

Over the past few years, Bungie has filed lawsuits against other providers of software that operates to give players an advantage in playing Destiny 2.  The complaints in those actions are similar to the Complaints Bungie has filed here and make similar histrionic and unsubstantiated claims as those made here.  The defendants in these cases are in some cases

minors, and in others individuals of limited means who cannot fight back, and in still others, defendants who never respond and are ultimately hit with a default judgment. These cases have resulted in "Judgments" in favor of Bungie, which Bungie has touted loudly in the press and uses in its self-admitted campaign to, "put cheaters and those who assist them on notice that Bungie does not and will not tolerate cheating in Destiny 2."  (Dkt#1, ¶4.)

Significantly, *none* of these supposed "victories" by Bungie have been a result of a full-blown trial on the merits, much less one that has undergone appellate review.  Indeed, it is unclear whether Bungie has actually collected on any of the supposed judgments it has obtained.  Most importantly, *all* of these other cases have involved parties and software other than that at issue here, and *none* of these prior cases have any bearing on the issues presented here.

Although it is unclear whether Bungie intends to refer to or otherwise mention these supposed "victories" at trial, Defendants request an order in limine precluding Bungie from referring to or otherwise mentioning these other cases at trial here.  Such is clearly irrelevant under Rule 401, and would be highly prejudicial under Rule 403,  of the Rules of Evidence. See, *Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 690 (9th Cir. 2001) (Admission of evidence about other lawsuits "would create a significant danger that the jury would base its assessment of liability on remote events involving other employees, instead of recent events concerning Plaintiffs.").

For all these reasons, this Court should rule, in limine, that no reference should be made at trial to litigation Bungie has had against other parties.

**7.      Motion To Exclude Reference To, Or Admission Of, Bungie Source Code Not Produced In Discovery**

On   June 23, 2022, Defendants served their First Requests for Production of Documents on Bungie requesting, in part:

1.   A true and correct copy of the source code for the "Destiny 2" work identified in Copyright Registration No. TX 8-933-655.

2. A true and correct copy of the source code for the "Destiny 2: Beyond Light" work identified in Copyright Registration No. TX 8-933-658.

3. To the extent not provided in response to Request No. 1 above, a true and correct copy of the source code for the "Destiny 2" audiovisual work identified in Copyright Registration No. PA 2-282-670.

4. To the extent not provided in response to Request No. 2 above, a true and correct copy of the source code for the "Destiny 2: Beyond Light" audiovisual work identified in Copyright Registration No. PA 2-280-030.

On July 25, 2022, Bungie responded to requests Nos. 1 and 2 as follows:

"Subject to and without waiving its General Objections, Bungie will produce non-privileged documents responsive to this Request that are in Bungie's possession, custody, or control, if any, that are located after a reasonably diligent search."

On July 25, 2022, Bungie responded to requests Nos. 3 and 4 as follows:

"In addition to its General Objections, Bungie objects to this Request as vague and ambiguous, specifically as to the meaning of "source code" in connection with an "audiovisual work.""

"Subject to and without waiving these objections, Bungie offers to meet and confer regarding this Request."

On September 16, 2022, Bungie supplemented its responses to these requests as follows:

"Pursuant to the parties' September 7, 2022 meet and confer, Bungie will produce non-privileged documents sufficient to show the portions of the object code of the "Destiny 2: Beyond Light" work identified in Copyright Registration No. TX 8-933-655 that were copied that are in Bungie's possession, custody, or control, if any, that are located after a reasonable search." (Request No. 1.)

"Pursuant to the parties' September 7, 2022 meet and confer, Bungie will produce non-privileged documents sufficient to show the portions of the object code of the "Destiny 2:

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

Beyond Light" work identified in Copyright Registration No. TX 8-933-658 that were copied that are in Bungie's possession, custody, or control, if any, that are located after a reasonable search." (Request No. 2.)

"Pursuant to the parties' September 7, 2022 meet and confer, Bungie will produce non-privileged documents sufficient to show the copyrighted work covered by Copyright Registration No. PA 2-282-670 that are in Bungie's possession, custody, or control, if any, that are located after a reasonable search." (Request No. 3.)

"Pursuant to the parties' September 7, 2022 meet and confer, Bungie will produce non-privileged documents sufficient to show the copyrighted work covered by Copyright Registration No. PA 2-280-030 at are in Bungie's possession, custody, or control, if any, that are located after a reasonable search." (Request No. 4.)

After making these responses to Defendants' document requests, Bungie made a limited production of its source code that it designated as "Attorneys Eyes Only" and that clearly does not comprise the entirety of the source code for the subject "Destiny 2" game.

Given Defendants' requests and Bungie's responses thereto, Bungie should be precluded from introducing at trial any code that has not previously been produced to Defendants.   Under Fed.R.Civ.P. 37(c)(1), a party that fails to provide information or supplement previously disclosed information in accordance with its discovery obligations is precluded from using that information at trial, unless the failure was substantially justified or harmless, and the Court may proactively limit the information and testimony that the sanctioned party is permitted to use at trial.   It is well settled that such undisclosed information cannot be used at trial.  "If a party fails to provide information . . . as required [*2]  by Federal Rule of Civil Procedure 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."...In addition or instead of this sanction, a court may order payment of the reasonable expenses caused by the failure, may inform the jury of the party's failure, or may impose other appropriate sanctions." *Wang v. Ehang Holdings*, No. 20-cv-00569-BLF, 2022 U.S. Dist.

Defendants' Motions In Limine
Cause No. 21-CV-0811-TSZ

Page 11

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

LEXIS 41228, at *1-2 (N.D. Cal. Mar. 8, 2022).  See also, *Merch. Transaction Sys. v. Nelcela, Inc.,* No. CV 02-1954-PHX-MHM, 2009 U.S. Dist. LEXIS 64150, at *1 (D. Ariz. July 24, 2009) ("Defendants had failed to disclose the entirety of the system, disclosing instead only a small segment of the source code. Defendants were precluded from introducing the entirety of the system as the failure to disclose was neither substantially justified nor harmless.")

For all these reasons, this Court should rule, in limine, that at trial, Bungie cannot rely on any source code not previously produced in discovery.

**8.     Motion To Preclude Theories Of Liability Based On "Loader" Rather Than The Software Actually Alleged In Original And Amended Complaint**

Bungies initial Complaint (Dkt#1) alleging, in part, copyright infringement and trademark infringement, was dismissed by this Court in its Order of April 27, 2022 (Dkt#33) with leave for Bungie to file an amended complaint.

On May 19, 2022, Bungie filed its Amended Complaint (Dkt#34).

In both its initial Complaint (Dkt#1) Bungie identifies the software product at issue here as, "a software cheat that purports to give players an unfair advantage in Destiny 2," (Dkt#1, ¶2),  as "cheat software, including for Destiny 2," (Dkt#1, ¶49), as "Destiny 2 Hacks," (Dkt#1, ¶50), as "the Destiny 2 cheat software," (Dkt#1, ¶52), and as "Defendants' cheat," (Dkt#1, ¶53).  Thereafter, Bungie's initial Complaint refers solely to, "the Destiny 2 cheat software" as the product accused of copyright infringement.  Significantly, the word "loader" or any variant thereof appears *nowhere* in Bungie's initial Complaint.

Similarly, neither the word "loader" nor any variant thereof appears *anywhere* in Bungie's Amended Complaint (Dkt#33) either.  Nowhere in either of its Complaints has Bungie made any accusation against any "loader" software created, sold, distributed or otherwise used by Defendants.

Nor did Dr. Kaiser mention to word "loader" or variant thereof when he was examined at deposition, both individually and as Bungie's Rule 30(b)(6) corporate designee, regarding

the grounds and bases for Bungie's accusation that Defendants' were infringing Bungie's copyrights.

Nor does Dr. Kaiser in his Expert Disclosure served November 21, 2022 make any mention of a "loader" or equivalent thereof in his identification of expected areas of testimony.  Again, the word "loader" appears *nowhere* in the Expert Disclosures Dr. Kaiser makes.

Nor has Bungie *ever* moved for leave to amend the pleadings to assert claims against Defendants' "Loader," which is neither a "cheat" program tailored for use with "Destiny 2" or any other Bungie product.

Nor was Defendants' "Loader" ever identified as a supposedly infringing product when Bungie was asked in discovery to provide the grounds and factual support for its claims that Defendants had infringed Bungie's copyrights in Destiny 2.

Based on the foregoing, Bungie's clear intent to assert at trial that it is not the "Destiny 2 cheat software" that is at issue here, but, rather, a never before pleaded or identified "loader" that is the real subject of concern, should not be permitted by this Court.  See, *Accentra Inc. v. Staples, Inc.,* No. CV 07-5862 ABC (RZx), 2010 U.S. Dist. LEXIS 144330, at *17-18 (C.D. Cal. Sep. 22, 2010) (precluding new theories of infringement not disclosed in complaint); *Dream Games of Ariz., Inc. v. PC Onsite,* 561 F.3d 983, 995-96 (9th Cir. 2009) ("If Dream Games had intended to assert a theory of secondary liability, it should have done so either in the original or an amended complaint, following proper procedure.").

In view of the foregoing, an Order in limine barring claims at trial directed to any supposed "loader" product, rather than the "Destiny 2 cheat software" actually specified in Bungie's two complaints and subsequent disclosures should be granted.

**9.     Motion To Preclude Introduction Of Irrelevant, Prejudicial Deposition Video And/Or Transcript**

Throughout this case, Bungie has sought to create discovery disputes and has come crying to this Court whenever its apparently sensitive and delicate attorneys encountered what

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

1   they deemed, "inappropriate" or "unprofessional" conduct on the part of Defendants'
2   witnesses and counsel.  (See Dkt#s 99, 100 and exhibits submitted by Bungie in connection
3   therewith.)

4        In its Preliminary Pretrial Report, Bungie indicates that it seeks to introduce at trial
5   excerpts of the October 28, 2022, October 31, 2022 and March 20, 2023 depositions of David
6   Schaefer (previously submitted to this Court as Exhibits E, F and L to the Declaration of
7   Christian W. Marcelo, Dkt#101).  These deposition excerpts, which are completely redundant
8   and irrelevant given that Mr. Schaefer will testify at trial, have no bearing on any issue
9   actually to be decided by the jury in this case and are clearly intended merely to show Mr.
10   Schaefer in a bad light.  Gratuitous introduction of these deposition extracts is clearly
11   intended to prejudice the jury and is clearly barred under Rules 401, 403 and 404(b) of the
12   Federal Rules of Evidence.

13        The issues in this case are whether the "Destiny 2 cheat software" distributed by
14   Phoenix Digital Group infringes any copyright owned by Bungie and whether, in marketing
15   such software, Phoenix Digital infringed any trademark rights of Bungie.  Whether Mr.
16   Schaefer used less than delicate language in responding to such important and pressing
17   questions as whether he is sleeping with his landlady, has no more bearing on the actual issues
18   present here than does the sex lives, or other such private matters, of any of the other
19   participants in this case.   Mr. Schaefer's demeanor and language in responding to such
20   clearly irrelevant and indeed abusive inquiries have no bearing on the actual issues and can
21   only be offered for the precise reasons mentioned in, and proscribed by, Rules 403 and 404(b)
22   of the Federal Rules.  See *Wolfgang v. Mid-America Motorsports, Inc.,* 111 F.3d 1515, 1526
23   (10th Cir. 1997) (holding that District Court did not err in excluding video tapes ruling that,
24   "they would be unfairly prejudicial because they went to Mr. Wolfgang's comparative fault,
25   an issue not in the case.")

26

27

28

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

According, an Order in limine barring the introduction at trial of the deposition extracts of Mr. Schaefer's testimony that Bungie has specified in its Preliminary Pretrial Report should be granted.

## CONCLUSION

For the forgoing reasons, Defendants' Motions in limine should be granted in their entirety.

Dated October 26, 2023.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 4680 words in compliance with the Local Civil Rules.

Defendants' Motions In Limine
Cause No. 21-CV-0811-TSZ

Page 15

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900