THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-00811 <br><br> PLAINTIFF BUNGIE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXPERT TESTIMONY OF BRAD LAPORTE <br><br> NOTE ON MOTION CALENDAR: October 27, 2023 |

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811)

164277056.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**Table of Contents**

Page

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT .......................................................................................................... 1

    A. Defendants and LaPorte Concede That Certain LaPorte Opinions Are Not Relevant to the Only Remaining Counterclaim ......................................... 1

    B. Defendants' Overbroad Arguments Ignore Bungie's Targeted Challenge to Specific Opinions ........................................................................................ 3

        1. LaPorte's Opinions Regarding BUNGIE_WDWA_0000367 Should Be Excluded as Unreliable ........................................................ 4

        2. LaPorte's Opinions that Exceed the Court's Limitations Should Be Excluded ............................................................................................ 4

III. CONCLUSION ....................................................................................................... 6

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) – i

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164277056.3

## I. INTRODUCTION

Bungie, Inc. ("Bungie") moved to exclude certain portions of Brad LaPorte's expert opinions because some lacked any description of the methodology he used and others exceeded the limitations set by the Court. While Defendants broadly characterize LaPorte's testimony, they utterly fail to address the specific portions of LaPorte's report that Bungie seeks to exclude. Thus, Bungie's motion (Dkt. No. 199, hereafter "Motion") should be granted.

More significantly, after Bungie filed its motion to exclude portions of LaPorte's testimony, the Court dismissed Phoenix Digital Group, LLC's ("Phoenix Digital") breach of contract counterclaim and May's Computer Fraud and Abuse Act ("CFAA") counterclaims with prejudice. Dkt. No. 201. The only remaining counterclaim is May's Digital Millennium Copyright Act ("DMCA") counterclaim. *Id.* LaPorte himself admits that he was not asked to provide any expert opinions regarding whether Bungie circumvented May's technological protection measures, and that he did not in fact analyze whether *Destiny 2* did circumvent any technological measures. Based on the Court's recent decision—and LaPorte's unequivocal testimony—nothing at all remains in LaPorte's opinions and testimony that has relevance to the sole remaining counterclaim and they should be excluded in their entirety.[1]

## II. ARGUMENT

**A. Defendants and LaPorte Concede That Certain LaPorte Opinions Are Not Relevant to the Only Remaining Counterclaim**

As Defendants concede at the outset of their opposition, the status quo in this case has changed since Bungie filed its Motion to exclude certain portions of LaPorte's expert opinions. *See* Dkt. No. 202 ("Opp'n") p. 1 n.1. In particular, after Bungie filed its Motion, the Court issued an order dismissing Phoenix Digital's breach of contract counterclaim and May's CFAA counterclaims with prejudice. *See generally* Dkt. No. 201. As a result, only May's DMCA

---

[1] Because the Court dismissed Defendants' counterclaims after Bungie filed its Motion regarding LaPorte, Bungie could not have included this argument in its original Motion. Bungie would not oppose a request by Defendants to file a surreply limited to addressing this new argument.

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811)

164277056.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

counterclaim remains.

Defendants admit, as they must, that at least some of LaPorte's opinions are irrelevant to this sole remaining counterclaim. Specifically, Defendants admit that LaPorte's opinion regarding Bungie's expert Steven Guris is "moot" and "ha[s] no bearing on the trial of Mr. May's surviving counterclaim, which does not include allegations that Bungie reverse engineered Phoenix Digital's software." Opp'n at 12; *see also id.* at 2 ("Indeed, given that Phoenix Digital's counterclaims have been dismissed, the issue of what Mr. Guris said with respect to what Bungie did with Phoenix Digitals [sic] 'loader' software is moot at this time."). Because Defendants have conceded that LaPorte's opinions regarding Steven Guris are not relevant to any remaining issues in this case, those opinions should be excluded and LaPorte should not be allowed to testify about them at trial.

Moreover, while Defendants claim that LaPorte's expert opinions relate to May's remaining DMCA counterclaim, LaPorte testified otherwise, and his **entire** report and testimony should be excluded on this basis. *See Dasho v. City of Federal Way*, 101 F. Supp. 3d 1025, 1035 (W.D. Wash. 2015) ("Relevancy [of an expert's opinion] requires that the testimony logically advance a material aspect of the party's case."). LaPorte admits that he was not asked to provide opinions about circumvention:

> Q. Were you asked to provide any expert opinions regarding whether Bungie circumvented any of May's technological protection measures to access any files on his computer?
> A. No.

Supp. Rava Decl., Ex. 4 (LaPorte Dep. Tr.) at 94:12-16.

And he freely admits that he did not actually analyze *Destiny 2* to see whether it did in fact circumvent technological protection measures:

> Q. Have you ever analyzed *Destiny 2* to determine whether it circumvents any technological protection measures when it's on a user's computer?
> A. I have not.

*Id.* at 91:21-24.

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164277056.3

In fact, LaPorte was not even engaged by May to provide any opinions. *Id.* at 86:17-19 ("Q. Were you engaged by James May to provide any opinions at all? A. No."). LaPorte never spoke to May, looked at May's computer, or remotely accessed May's computer, nor did he know the specifications of May's machine. *Id.* at 166:8-23. LaPorte's admissions are entirely consistent with his report, which does not mention any technological protection measures that May claims to have employed, or whether or how Bungie purportedly circumvented those measures. *See generally* Dkt. No. 200-2 (LaPorte Report).

LaPorte was not retained by and never spoke to May, he never examined May's computer, unequivocally stated that he was not asked by the other Defendants to provide opinions regarding May's DMCA counterclaim, and said that he never analyzed *Destiny 2* to determine whether it circumvents any technological protection measures. LaPorte's opinions are therefore irrelevant to the lone remaining counterclaim and his report and testimony should be excluded in their entirety.

**B.    Defendants' Overbroad Arguments Ignore Bungie's Targeted Challenge to Specific Opinions**

In Bungie's original motion, it sought to exclude only specific opinions offered by LaPorte, specifically:

- LaPorte's opinions and testimony concerning a specific document, BUNGIE_WDWA_0000367 (*i.e.*, Exhibit D to Defendants' Amended Counterclaims) because his opinions on this document are unreliable. *See* Mot. p. 5-7; Dkt. No. 200-2 (LaPorte Report) p. 8.

- LaPorte's opinions and testimony regarding Bungie's expert Steven Guris because they exceed the limitations on LaPorte's report and testimony set by the Court. *See* Mot. p. 7-9; Dkt. No. 200-2 (LaPorte Report) p. 8.

- LaPorte's opinions and testimony regarding whether certain reverse engineering tools used by May to reverse engineer *Destiny 2* were attributable to Phoenix Digital because they directly contradict Defendants' prior expert's opinions in violation of the limitation set by the Court. *See* Mot. p. 9; Dkt. No. 200-3 (LaPorte

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164277056.3

Dep. Tr.) at 100:15-101:16.

In response, Defendants ignore these focused arguments, instead making sweeping generalizations about the entirety of LaPorte's report. *See* Opp'n p. 7-13.

### 1. LaPorte's Opinions Regarding BUNGIE_WDWA_0000367 Should Be Excluded as Unreliable

LaPorte's opinions regarding BUNGIE_WDWA_0000367 (*i.e.*, Exhibit D to Defendants' Amended Counterclaims) should be excluded as unreliable because LaPorte fails to articulate any methodology or analysis supporting his conclusions. *See* Mot. p. 5-7. Bungie challenged this opinion on the ground that it was nothing more than a guess because the document itself does not provide enough information to support his opinion. Dkt. No. 200-3 (LaPorte Dep. Tr.) at 65:24-66:4, 185:16-186:11.

In their Opposition, Defendants do not address Bungie's targeted challenge, instead apparently relying on the supposed sufficiency of LaPorte's experience alone. *See* Opp'n p. 7-10. But reliance only on an expert's experience is insufficient where the expert's testimony is "devoid of any discernable methodology." *Li v. Northeastern University*, No. 2:22-CV-00444-LK, 2023 WL 3722227, at *23 (W.D. Wash. May 30, 2023) (citing *Rhine v. Buttigieg*, No. 2:20-CV-01761-RAJ-BAT, 2022 WL 7729817, at *3 (W.D. Wash. Sept. 15, 2022) (expert "employed no discernable methodology in reaching his opinions" and instead "relied upon his experience and read the materials and offered his opinions")). Contrary to Defendants' contentions, even an entirely qualified non-scientific expert with supposedly "impressive credentials" (like the "ADA expert" in *Li*), must provide "an explanation of his methodology and how he applied it to reach his conclusions." *Id.* This "indispensable component" is missing from LaPorte's opinions concerning BUNGIE_WDWA_0000367, and his opinions about this document must be excluded. *Id.*

### 2. LaPorte's Opinions that Exceed the Court's Limitations Should Be Excluded

Bungie seeks to exclude two opinions because they exceed those disclosed in Defendants' counsel's declaration and those expressed by Kraemer. Dkt. Nos. 139, 180. Defendants'

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE
TESTIMONY
(No. 2:21-cv-00811) –4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164277056.3

arguments miss the mark entirely.

First, as to LaPorte's opinions about the analysis conducted by Steven Guris (*see* Dkt. No. 200-2 p. 8), although Defendants argue that LaPorte is not "offering new opinions beyond those expressed by Mr. Kraemer," (Opp'n p. 11), LaPorte himself **expressly contradicted** Defendants' claim, testifying that "Mr. Kraemer doesn't specifically address Mr. Guris' process and the way that he goes about that," and that Kraemer did not express the opinions offered by LaPorte on Guris' .zip file analysis. Dkt. No. 200-3 (LaPorte Dep. Tr.) at 181:14-182:15. Defendants' attempt to limit this LaPorte opinion to "whether evidence developed in this case indicated that Bungie reverse engineered Phoenix Digital's software" is misplaced. Opp'n at 11. LaPorte's opinion goes further, critiquing the analysis of Bungie's expert and attempting to undermine any of Guris' conclusions regarding the "origin and validity" of a file analyzed by Guris, the date it was uploaded to VirusTotal.com, and who the owner of the file is. Dkt. No. 200-2 (LaPorte Report) p. 8. This portion of LaPorte's opinion far exceeds the limits set by both of the Court's orders and should be excluded. Dkt. Nos. 139, 180. In any event, Defendants now agree that these opinions and testimony are "moot" and irrelevant to the only remaining counterclaim in this case, and these opinions should be excluded on that basis too. Opp'n p. 2, 12.

Second, LaPorte's opinion that "there is no evidence…that mapped any drivers that were mapped to any utility tools by Phoenix Digital Group" should be excluded because it directly contradicts the opinion of Kraemer that certain "System Driver" files listed in Exhibit C to Defendants' Amended Counterclaims "are utility tools used by Phoenix Digital Group." *Compare* Dkt. No. 200-3 (LaPorte Dep. Tr.) at 100:15-101:16 *with* Dkt. No. 200-1 (Kraemer Report) p. 5. Defendants fail to address this argument **at all** in their opposition. *See* Opp'n p. 12-13. Instead, in response to this contradictory testimony between LaPorte and Kraemer, Defendants claim that Bungie argued in its reply brief in support of its motion for summary judgment that Exhibits C and D to Defendants' Amended Counterclaims (Dkt. Nos. 72-3 and 72-4) were created by someone other than Bungie. Opp'n p. 12-13. This has **absolutely nothing** to do with Bungie's arguments

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –5

164277056.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

in the instant motion to exclude portions of LaPorte's testimony that differ from Kraemer's opinions.[2] Kraemer opined that "System Drivers" listed in Exhibit C to Defendants' Amended Counterclaims "are Utility Tools used by Phoenix Digital." Dkt. No. 200-1 (Kraemer Report) p. 5. LaPorte opined that there was "no evidence…that mapped any drivers that were mapped to any utility tools by Phoenix Digital Group." Dkt. No. 200-3 (LaPorte Dep. Tr.) at 100:15-101:16. The Court plainly limited LaPorte's opinions to "those expressed in Kraemer's June 12, 2023 Expert Report and June 23, 2023 deposition testimony." Dkt. No. 180 p. 1. Put simply, LaPorte's opinions on this issue obviously differ from Kraemer's, and they should be excluded on that basis.

### III.   CONCLUSION

Bungie respectfully requests that the Court exclude Brad LaPorte's testimony entirely because he did not offer opinions regarding Defendants' only remaining counterclaim. In the alternative, Bungie respectfully requests that the Court exclude the expert report and testimony of Brad LaPorte concerning BUNGIE_WDWA_0000367, and to strike and exclude his opinions that exceed the limitations set forth in the Court's May 25, 2023 and August 10, 2023 orders.

I certify that this memorandum contains 1,847 words, in compliance with the Local Civil Rules.

---

[2] Defendants are also wrong as a matter of fact. While Bungie stated that certain documents relied upon by Kraemer were not created by Bungie (*see* Dkt. No. 182 p. 23; Dkt. No. 183 ¶ 4), it has never argued that Exhibits C and D to Defendants' Amended Counterclaims were not created by Bungie.

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –6

164277056.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | |
|---|---|
| Dated: October 27, 2023 | By: s/ *William C. Rava*<br>William C. Rava, Bar No. 29948<br>Christian W. Marcelo, Bar No. 51193<br>Jacob P. Dini, Bar No. 54115<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Telephone: +1.206.359.8000<br>Facsimile: +1.206.359.9000<br>WRava@perkinscoie.com<br>CMarcelo@perkinscoie.com<br>JDini@perkinscoie.com |

PL.'S REPLY ISO MOT. TO STRIKE LAPORTE TESTIMONY
(No. 2:21-cv-00811) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164277056.3