THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERT TESTIMONY OF BRAD LAPORTE** |

For reasons stated herein, Defendants, by and through their undersigned counsel, respectfully request that the Court strike the supplemental declaration of William Rava (DKT#214) and Exhibit 4 attached thereto (DKT#214-1). Defendants further request that this Court strike Bungie's argument at pages 1-3 of its Reply Brief (Dkt#213) that, "Defendants and LaPorte Concede That Certain LaPorte Opinions Are Not Relevant to the Only Remaining Counterclaim."

**INTRODUCTION**

Admitting that its Reply raises new arguments not raised in its initial motion, Bungie hopes to gloss over this undeniable fact with a footnote stating, "Because the Court dismissed Defendants' counterclaims after Bungie filed its Motion regarding LaPorte, *Bungie could not have included this argument in its original Motion.* Bungie would not oppose a request by Defendants to file a surreply limited to addressing this new argument." (Emphasis supplied.) This is nonsense and the Court should neither be fooled nor permit Bungie to engage in such

Surreply in Opposition to Motion to Strike Expert
Testimony of Brad LaPorte
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

blatant sophistry and dishonesty. There is absolutely no reason these new arguments could not have been raised in Bungie's opening brief, and it purported excuse is baseless.

In point of fact, the *only* thing that changed as a result of this Court's rulings on the counterclaims is that Mr. May's first three counterclaims were dismissed. His remaining fourth counterclaim has been part of this case since it was filed nearly one year ago on November 21, 2022 and has not changed since then. *Nothing* in this Court's order dismissing Mr. May's first three counterclaims changes *anything* in Mr. May's remaining fourth counterclaim, and there is absolutely no reason whatsoever the new arguments made by Bungie in its Reply could not have been made earlier. Mr. LaPorte served his expert report and appeared for deposition within the time frame specified by this Court and well before this Court's October 12, 2023 deadline for challenging Mr. LaPorte's testimony as an expert.

Bungie's statement that it will not oppose a surreply on the part of Defendants does not, and cannot change the fact that Bungie was ordered by this Court to file *all* challenges to Mr. LaPorte's testimony by October 12, 2023. Again, Bungie had all information needed to make the very arguments that it admits it made for the first time in its Reply. Permitting Bungie to maintain these clearly untimely arguments in view of its calculated and cynical "gracious" offer to permit a surreply not only increases the effort and expense imposed on Defendants but thumbs its nose at this Court by effectively extending the deadline the Court imposed for filing all challenges to expert testimony.

It is telling that after reliably informing this Court that, "It is well-established in this Court that '[a]rguments cannot be raised properly for the first time on reply,'" citing *Amazon.com LLC v. Lay,* 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010); *AT & T Mobility LLC v. Holaday-Parks-Fabricators, Inc.,* No. C10-468Z, 2011 WL 5825714, at *2 (W.D. Wash. Nov. 17, 2011) (Zilly, J.), Bungie has now twice engaged in the very conduct for which it once demanded this Court sanction Defendants. Bungie's blatant demands for a double standard are strong and clear.

Surreply in Opposition to Motion to Strike Expert Testimony of Brad LaPorte
Cause No. 21-CV-0811-TSZ
Page 2

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

## ARGUMENT

Bungie's argument that Mr. LaPorte was not retained to provide expert testimony on Mr. May's behalf is baseless.

In Section B of his report entitled, "Scope of Engagement," Mr. LaPorte states that he was retained, in part, "to review documents and potentially write one or more reports and/or declarations and to testify as an expert witness in this action with regard to … (3) whether Bungie appears from the evidence I reviewed to have accessed certain private files on the computer of James May ("Mr. May")." Bungie's claim that, "Defendants and LaPorte Concede That Certain LaPorte Opinions Are Not Relevant to the Only Remaining Counterclaim." is not only unsupported, it is false.

Mr. May's fourth counterclaim, which specifically "reasserts and incorporates the allegations set forth in [the preceding] counterclaim paragraphs," further specifically alleges that, "By intentionally exceeding the terms of the express authority provided to Bungie by Mr. May, Bungie engaged in theft of Mr. May's private computer data." Mr. LaPorte's stated and expected testimony goes directly to whether the data admittedly accessed by Bungie[1] concerns private computer data resident on Mr. May's computer. As such, his testimony, which restates and agrees with the prior testimony of Defendants' earlier expert, Mr. Scott Kraemer, is neither new nor irrelevant. There has been no "concession" by *anyone* that Mr. LaPorte's testimony is not relevant to the remaining counterclaim of Mr. May. And again, there is absolutely no reason the challenges raised for the first time by Bungie in its Reply could not have been raised before. Bungie is again attempting a blatant end run around clearly established applicable rules.

---

[1] Again, this comes directly from a document produced by Bungie itself identifying, in part, more than one-hundred files Bungie, or someone acting on Bungie's behalf, accessed and downloaded from Mr. May's personal computer.

Surreply in Opposition to Motion to Strike Expert Testimony of Brad LaPorte
Cause No. 21-CV-0811-TSZ
Page 3

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900

Bungie's claim that it is only seeking to limit parts of Mr. LaPorte's testimony is equally baseless and deceptive.² Indeed, Bungies' Proposed Order (DKT#199-1) at Paragraph A and C expressly seeks to bar, "Any opinions or testimony" from Mr. LaPorte regarding exhibits C and D of Mr. May's amended counterclaim, which documents are themselves central to to Mr. May's remaining counterclaim.  Furthermore, and despite Bungie's claim in its Reply that Defendants somehow misunderstood Bungie's motion (they did not) and failed to recognize that Bungie sought only to bar *parts* and not *all* of Mr. LaPorte's testimony, Bungies' Reply states, in no uncertain terms, that, "Bungie respectfully requests that the Court exclude Brad LaPorte's testimony *entirely…*" (DKt#213, p. 5, emphasis supplied.)   Such transparent chicanery should neither be accepted nor condoned by this Court.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Supplemental Declaration of William Rava and Exhibit 4 attached thereto be stricken along with the arguments made at pages 1-3 of its Reply Brief (Dkt#213).  Such action by this Court is respectfully requested.

Dated November 2, 2023.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 1267 words, in compliance with the Local Civil Rules.

---

² To the extent Mr. LaPorte attempts to testify at trial regarding irrelevant matters or beyond the scope permitted by this Court, such can be addressed by way of appropriate objections.  Neither Defendants nor Mr. LaPorte intend to introduce any improper testimony at trial.

Surreply in Opposition to Motion to Strike Expert Testimony of Brad LaPorte
Cause No. 21-CV-0811-TSZ
Page 4

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900