THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

              Plaintiff,

    v.

AIMJUNKIES.COM; PHOENIX DIGITAL
GROUP, LLC; DAVID SCHAEFER; JORDAN
GREEN; JEFFREY CONWAY; and JAMES
MAY,

              Defendants.

No. 2:21-cv-00811

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS

Plaintiff Bungie, Inc. ("Bungie" or "Plaintiff") and Defendants AimJunkies.com, Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively, "Defendants") jointly submit the joint statement of disputed jury instructions and special verdict forms.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –1

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

I.      **DISPUTED INSTRUCTION NO. 1:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. V.1*

**(Claims and Defenses)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

~~The plaintiff asserts that~~ Plaintiff Bungie, Inc. ("Bungie" or "Plaintiff") asserts that Defendants[1] infringed Bungie's copyrights associated with its *Destiny 2* video game in connection with Defendants' development, sale, distribution, and advertising of certain cheat software for Bungie's *Destiny 2* and *Destiny 2: Beyond Light*[2] video games (the "Cheat Software"), which it has the burden of proving:

- Direct, vicarious, and contributory copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.*, due to Defendants' or their agents' development, sale, and distribution of the Cheat Software, and by the operation of the Cheat Software.

Bungie also brought claims against Defendants for: (1) circumvention of technological measures that effectively controls access to a work protected under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a); (2) trafficking in circumvention technology that effectively controls access to a work protected under the DMCA, 17 U.S.C. §§ 1201(a)–(b); (3) breach of contract; (4) tortious interference; (5) violation of the Washington Consumer Protection Act, specifically RCW 19.86.020; and (6) unjust enrichment (the "Arbitration Claims").   At Defendants' request, these claims were referred to binding arbitration in accordance with the terms of Bungie's Limited Software License Agreement ("LSLA").  Following an evidentiary hearing, a JAMS-appointed arbitrator found Defendants liable on all of the Arbitration Claims, awarded

---

[1] "Defendants" shall refer collectively to Aimjunkies.com, Phoenix Digital Group, LLC (together, "Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May.

[2] Unless otherwise specified, collectively hereafter referred to as, "*Destiny 2*."

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:+1.206.359.8000
Fax: +1.206.359.9000

Bungie a total monetary award of $4,396,222, and entered a permanent injunction against Defendants.  Because I have confirmed the arbitration award, it is considered to be a final judgment of this Court.  As a result, the findings of the arbitrator are now entitled to a preclusive effect.  You must decide whether Bungie has met its burden of proof on its claim for copyright infringement.

The Defendants ~~denies those claims and also contends that~~ deny infringing Bungie's copyrights.

**Authority**: Ninth Circuit Model Instruction 1.5 (modified).

This instruction is appropriate pursuant to the Ninth Circuit Model Instruction 1.5.  The instruction accurately describes Bungie's claim as well as the relevant procedural history that explains the binding preclusive effect that certain factual findings relevant to this case are entitled to.

**Defendants' Alternative Language (if any):**

This is premature as being subject to Defendants' pending motion in limine seeking to bar reference to prior arbitration.

**Authority:**

JOINT STATEMENT OF DISPUTED INSTRUCTIONS (No. 2:21-cv-00811) –3

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**II.    DISPUTED INSTRUCTION NO. 2:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. V.2*

**(Preliminary Instruction—Copyright)**

<u>Bungie</u> claims ownership of a copyright and seeks damages against <u>D</u>efendants for <u>copyright infringement</u>.  Defendant<u>s</u> deny <u>infringing Bungie's copyright</u>.  To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION AND FUNCTION OF A COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.  <u>Video games and many of the individual elements of video games – music, art, images, code, etc. – are copyrightable.</u>

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**HOW COPYRIGHT IS OBTAINED**

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, Bungie contends that Defendants have infringed Bungie's copyrights in *Destiny 2* and all expansions, including *Destiny 2: Beyond Light*, including without limitation, in its computer software and the audiovisual works that software creates (collectively, the "Destiny 2 Copyrighted Works"). The parties have stipulated, and you are instructed to find, that Bungie owns copyrights in the Destiny 2 Copyrighted Works. Additionally, Bungie has the burden of proving by a preponderance of the evidence that the Defendants copied original expression from the copyrighted work or works. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that Defendants copied the Destiny 2 Copyrighted Works, Bungie may show that the Defendants had access to the Destiny 2 Copyrighted Works and that there are substantial similarities between the Defendants' Cheat Software and the Destiny 2 Copyrighted Works. You are instructed to find that in order for the Cheat Software to operate, it necessarily creates unauthorized copies of the *Destiny 2* code.

## LIABILITY FOR INFRINGEMENT

One who reproduces, publicly distributes, publicly performs, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright. Copyright may also be infringed vicariously or contributorily.

## VICARIOUS INFRINGEMENT

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2        A person is liable for copyright infringement by another if the person has profited directly

3   from the infringing activity and had the right and ability to supervise or control the infringing

4   activity, whether or not the person knew of the infringement.

5

6

7                            **CONTRIBUTORY INFRINGEMENT**

8        A person is liable for copyright infringement by another if the person knows or should have

9   known of the infringing activity and induces or materially contributes to the activity.

10       **Authority**: Ninth Circuit Model Instruction 17.1. (modified); *Lilith Games (Shanghai)*

11  *Co. v. UCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 5591612, at *5 (N.D. Cal. Sept. 23, 2015)

12  (explaining that "video games, are protected under copyright law as literary works" as including

13  "both literal and non-literal elements.").

14       Bungie's proposed instruction regarding copyright is appropriate because it largely tracks

15  the relevant portions of the Ninth Circuit Model Instruction 17.1, with only minor modifications

16  made to account for the stipulations of the parties and the binding effect of the Final Award (Dkt.

17  No. 89-1), which is the subject of one of Bungie's Motions *in Limine*.  If Bungie's Motion *in*

18  *Limine* regarding Judge Cox's finding that the Cheat Software necessarily creates unauthorized

19  copies of the *Destiny 2* code is denied, Bungie would withdraw this modification.  The

20  modification made to describe video games as protectable under copyright law is supported by

21  *Lilith Games (Shanghai) Co. v. UCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 5591612, at *5

22  (N.D. Cal. Sept. 23, 2015) (explaining that "video games, are protected under copyright law as

23  literary works" as including "both literal and non-literal elements.").

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –6

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Defendants' Alternative Language (if any):**

This is premature as being subject to Defendants' pending motion in limine seeking to bar reference to prior arbitration.

**Authority:**

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –7

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**III.**   **DISPUTED INSTRUCTION NO. 3:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. V.3*

**(Copyright - Defined)**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

[1.]   reproduce the copyrighted work in copies;

[2.]   prepare derivative works based upon the copyrighted work; <u>and</u>

[3.]    distribute copies of the copyrighted work to the public by sale or other transfer of ownership.

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

It is the owner of a copyright who may exercise these exclusive rights.  ~~The term "owner" includes [the author of the work] [an assignee] [an exclusive licensee].~~  In general, copyright law protects against reproduction, adaptation, <u>and</u> public distribution of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement

<u>**Authority**</u>: Ninth Circuit Model Instruction 17.2 (modified).

Bungie's proposed instruction is appropriate because the only modification made to the Ninth Circuit's Model Instruction 17.2 was to remove the definition of "owner," because Bungie's ownership of the Destiny 2 Copyrighted Works has been stipulated to by the parties.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –8

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**Defendants' Alternative Language (if any):**

Definition of owner should be retained per model instruction.  Has implications for Mr. May's counterclaim.

**<u>Authority:</u>**

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

IV.     **DISPUTED INSTRUCTION NO. 4:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. V.4*

**(Copyright Infringement—Elements—Ownership and Copying)**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On <u>Bungie</u>'s copyright infringement claim, <u>there are two elements that must be proven:</u> ~~has the burden of proving by a preponderance of the evidence that:~~

1.      <u>Bungie</u> is the owner of a valid copyright; and

2.      the <u>D</u>efendants copied original expression from the <u>Destiny 2 Copyrighted Works</u>.

<u>The parties have stipulated, and you are instructed to find, that Bungie owns copyrights in the Destiny 2 Copyrighted Works.</u>

<u>Bungie has the burden of providing by a preponderance of the evidence that the Defendants copied original expression from the Destiny 2 Copyrighted Works.</u>

<u>In connection with this claim, you are instructed that the Phoenix Digital Defendants deleted (1) records relating to the Cheat Software and the Cheat Software loader, (2) access to the Cheat Software, and (3) the Cheat Software loader.  You may draw an adverse inference regarding their deletion of this evidence.</u>

If you find that <u>Bungie</u> has proved both of these elements, your verdict should be for <u>Bungie</u>.  If, on the other hand, you find that <u>Bungie</u> has failed to prove either of these elements, your verdict should be for the <u>D</u>efendants.

**Authority**: Ninth Circuit Model Instruction 17.5 (modified); Dkt. No. 216, November 1, 2023 Order granting Motion for Discovery Sanctions.

Bungie's proposed instruction is appropriate because it largely tracks the language of the Ninth Circuit Model Instruction 17.5.  The only changes to the instruction reflect the parties'

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –10

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:+1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5
6
7

stipulation that Bungie owns copyrights in the Destiny 2 Copyrighted Works.  The additional

modifications to the proposed instruction are supported by the Court's November 1, 2023 Order

granting Bungie an adverse inference concerning evidence that was spoliated by Defendants that

the jury "may presume that the records and information deleted, destroyed, or otherwise rendered

inaccessible by Defendants' actions after their duty to preserve evidence arose were unfavorable

to Defendants."  Dkt. No. 216 at 19.

8
9
10
11
12

**Defendants' Alternative Language (if any):**

Reference to "spoliated" evidence improper in this instruction.  As per Court's Order, a

separate instruction regarding spoliated evidence is to be given.  Premature as it is not yet clear

how any purported "spoliated" evidence is relevant.

**Authority:**

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

V.      **DISPUTED INSTRUCTION NO. 5:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. V.5*

**(Copyright Interests—Derivative Work)**

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.  You are instructed to find that in order for the Cheat Software to operate, it necessarily creates unauthorized copies of the *Destiny 2* code and unauthorized derivative works.

**Authority**: Ninth Circuit Model Instruction 17.15.

Bungie's proposed instruction regarding copyright is appropriate because it largely tracks the relevant portions of the Ninth Circuit Model Instruction 17.1, with the only addition made to account for the binding effect of the Final Award (Dkt. No. 89-1), which is the subject of one of Bungie's Motions *in Limine*.  If Bungie's Motion *in Limine* on this issue is denied, Bungie would withdraw this modification.

**Defendants' Alternative Language (if any):**

This is premature as being subject to Defendants' pending motion in limine seeking to bar reference to prior arbitration. Further improper as it blatantly instructs the Jury to find in favor of Bungie.  Why have a trial?

**Authority:**

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164418887

1    **VI.**    **DISPUTED INSTRUCTION NO. 6:**

2        **Bungie's Proposed Language:**

3             ***INSTRUCTION NO. V.6***

4            **(Copyright Infringement—Copying—Access Defined)**

5        As part of its burden in Instruction V.3, <u>Bungie</u> must prove by a preponderance of the

6 evidence that <u>Defendants</u> had access to the <u>Destiny 2 Copyrighted Works</u>. You may find that

7 <u>Defendants</u> had access to the <u>Destiny 2 Copyrighted Works</u> if <u>Defendants</u> had a reasonable

8 opportunity to view or copy the <u>Destiny 2 Copyrighted Works</u> before the <u>Cheat Software</u> was

9 created<u>, including by accessing, downloading, and playing the *Destiny 2* video game</u>.

10        <u>In particular,</u> access may be shown by:

11        (1)     a chain of events connecting the <u>Destiny 2 Copyrighted Works</u> and the <u>Defendants'</u>

12 opportunity to view or copy the <u>Destiny 2 Copyrighted Works</u> before the <u>Cheat Software</u> was

13 created<u>, including by accessing, downloading, and playing the *Destiny 2* video game;</u> or

14        (2)     the <u>Destiny 2 Copyrighted Works</u> being widely disseminated<u>, including by mass</u>

15 <u>distribution of the *Destiny 2* video game;</u>

16        (3)     a similarity between the <u>Destiny 2 Copyrighted Works</u> and the <u>Cheat Software</u> that

17 is so "striking" that it is highly likely the works were not created independent of one another.

18        <u>You are instructed to find that Defendant May, acting in concert with and for the benefit</u>

19 <u>of the Phoenix Digital Defendants, reverse engineered *Destiny 2* in order to help develop the Cheat</u>

20 <u>Software that the Phoenix Digital Defendants sold on their website.</u>

21

22 **Authority**: Ninth Circuit Model Instruction 17.18 (modified); *Lucky Break Wishbone Corp. v.*

23 *Sears Roebuck & Co.*, 528 F. Supp. 2d 1106, 1122 (W.D. Wash. 2007).

24        Bungie's proposed instruction is appropriate because it largely tracks the language of the

25 Ninth Circuit Model Instruction 17.18. Bungie's addition to the jury instruction that "accessing,

26 downloading, and playing the *Destiny 2* video game" constitutes "access" is supported by *Lucky*

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Break Wishbone Corp. v. Sears Roebuck & Co.*, which held that "[d]irect access is shown if there is proof that defendant actually viewed, read, or heard the work at issue." 528 F. Supp. 2d 1106, 1122 (W.D. Wash. 2007) (citation omitted). It necessarily follows that if Bungie shows that Defendants accessed, downloaded, or played the *Destiny 2* video game, they actually "viewed, read, or heard the work at issue." Bungie's proposed modification regarding May acting in concert with and for the benefit of Phoenix Digital is the subject of one of Bungie's Motions *in Limine*. If Bungie's Motion *in Limine* on this issue is denied, Bungie would withdraw this modification.

**Defendants' Alternative Language (if any):**

This is premature as being subject to Defendants' pending motion in limine seeking to bar reference to prior arbitration. Further improper as it blatantly instructs the Jury to find in favor of Bungie. Why have a trial?

**Authority:**

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**VII.   DISPUTED INSTRUCTION NO. 7:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. V.7*

**(Secondary Liability—Vicarious Infringement—Elements and Burden of Proof)**

Bungie also contends that Defendants are liable under the Copyright Act for the infringing acts of (a) the developer of the Cheat Software and (b) the users of Defendants' Cheat Software. You must determine whether Defendants are vicariously liable for the infringing acts of (a) any cheat developers hired by, contracted with, or otherwise working for Defendants to develop and distribute the infringing Cheat Software or (b) any users of Defendants' Cheat Software. Bungie has the burden of proving each of the following elements by a preponderance of the evidence:

(1)     Defendants directly benefitted financially from the infringing acts of (a) any cheat developers hired by, contracted with, or otherwise working for Defendants to develop and distribute the infringing Cheat Software or (b) any users of Defendants' Cheat Software;

(2)     Defendants had the right and ability to supervise and control the infringing acts of (a) any cheat developers hired by, contracted with, or otherwise working for Defendants to develop and distribute the infringing Cheat Software or (b) any users of Defendants' Cheat Software;

(3)     the defendant failed to exercise that right and ability.

You are instructed to find that defendant May, acting in concert with and for the benefit of the Phoenix Digital Defendants, reverse engineered *Destiny 2* in order to help develop the Cheat Software that the Phoenix Digital Defendants sold on their website. You are further instructed to find that in order for the Cheat Software to operate, it necessarily creates unauthorized copies of the *Destiny 2* code and unauthorized derivative works.

If you find that Bungie has proved each of these elements, your verdict should be for Bungie if you also find that Defendants infringed Bungie's Destiny 2 Copyrighted Works. If, on the other hand, Bungie has failed to prove any of these elements, your verdict should be for the Defendants.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –16

164418887

1

2
**Authority**: Ninth Circuit Model Instruction 17.20 (modified).

3
Bungie's proposed jury instruction on this issue is appropriate because it largely follows

4
the language proposed in the Ninth Circuit's Model Instruction 17.20.  Bungie's modifications

5
serve only to identify the direct infringers that form the basis for Bungie's vicarious infringement

6
theories.  Bungie's proposed modifications regarding May acting in concert with and for the

7
benefit of Phoenix Digital and the operation of the Cheat Software are the subject of one of

8
Bungie's Motions *in Limine*.  If Bungie's Motion *in Limine* on this issue is denied, Bungie would

9
withdraw this modification.

10

11
**Defendants' Alternative Language (if any):**

12
This is premature as being subject to Defendants' pending motion in limine seeking to

13
bar reference to prior arbitration. Further improper as it blatantly instructs the Jury to find in

14
favor of Bungie.  Why have a trial?

15
**Authority:**

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –17

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## VIII.   DISPUTED INSTRUCTION NO. 8:

**Bungie's Proposed Language:**

### *INSTRUCTION NO. V.8*

**(Secondary Liability—Contributory Infringement—Elements and Burden of Proof)**

A defendant may be liable for copyright infringement engaged in by another if <u>it</u> knew or had reason to know of the infringing activity and intentionally <u>materially contributed to</u> that infringing activity.

<u>Bungie also contends that Defendants are liable under the Copyright Act for the infringing acts of (a) the developer of the Cheat Software and (b) the users of Defendants' Cheat Software. You must determine whether Defendants are contributorily liable for the infringing acts of (a) any cheat developers hired by, contracted with, or otherwise working for Defendants to develop or distribute Defendants' Cheat Software or (b) any users of Defendants' Cheat Software.</u>   Bungie has the burden of proving both of the following elements by a preponderance of the evidence:

1.      <u>Defendants</u> knew or had reason to know of the infringing activity of <u>either (a) any cheat developers hired by, contracted with, or otherwise working for Defendants to develop or distribute Defendants' Cheat Software or (b) any users of Defendants' Cheat Software</u>; and

2.      <u>Defendants</u> intentionally <u>materially contributed to</u> <u>the infringing acts of either (a) any cheat developers hired by, contracted with, or otherwise working for Defendants to develop or distribute Defendants' Cheat Software or (b) any users of Defendants' Cheat Software.</u>

<u>You are instructed to find that defendant May, acting in concert with and for the benefit of the Phoenix Digital Defendants, reverse engineered *Destiny 2* in order to help develop a cheat for *Destiny 2* that the Phoenix Digital Defendants sold on their website.  You are further instructed to find that in order for the Cheat Software to operate, it necessarily creates unauthorized copies of the *Destiny 2* code and unauthorized derivative works.</u>

If you find that <u>Defendants</u> infringed the <u>Destiny 2</u> Copyrighted Works, or that users of the <u>Cheat Software infringed the Destiny 2 Copyrighted Works,</u> and you also find that <u>Bungie</u> has

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

proved both of these elements, your verdict should be for <u>Bungie</u>.  If, on the other hand, <u>Bungie</u> has failed to prove either or both of these elements, your verdict should be for the <u>Defendants</u>.

**Authority**: Ninth Circuit Model Instruction 17.21 (modified).

Bungie's proposed jury instruction on this issue is appropriate because it largely follows the language proposed in the Ninth Circuit's Model Instruction 17.21.  Bungie's modifications serve only to identify the direct infringers that form the basis for Bungie's contributory infringement theories.  Bungie's proposed modifications regarding May acting in concert with and for the benefit of Phoenix Digital and the operation of the Cheat Software are the subject of one of Bungie's Motions *in Limine*.  If Bungie's Motion *in Limine* on this issue is denied, Bungie would withdraw this modification.

**Defendants' Alternative Language (if any):**

This is premature as being subject to Defendants' pending motion in limine seeking to bar reference to prior arbitration. Further improper as it blatantly instructs the Jury to find in favor of Bungie.  Why have a trial?

**Authority:**

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**IX.    DISPUTED INSTRUCTION NO. 9:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. ___*

**(Damages—Proof)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for <u>May on May's DMCA counterclaim</u>, you must determine <u>the measure of</u> damages <u>May</u> is entitled to receive.  <u>May</u> has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate <u>May</u> for any injury you find was caused by <u>Bungie</u>.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

<u>**Authority**</u>: Ninth Circuit Model Instruction 5.1 (modified).

Bungie's proposed jury instruction on this issue is appropriate because it largely follows the language proposed in the Ninth Circuit's Model Instruction 5.1.  Bungie's modifications serve only to narrow the jury instruction to Defendant May's counterclaim.

**Defendants' Alternative Language (if any):**

This is acceptable, subject to modification in view of actual testimony and issues raised.  Also, Mr. May is entitled to Bungie's profits which must be addressed and stated in instruction.

<u>**Authority:**</u>

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**X.      DISPUTED INSTRUCTION NO. 10:**

**Bungie's Proposed Language:**

*INSTRUCTION NO. ___*

**(Defenses to Defendant May's DMCA Counterclaim—Unclean Hands)**

Bungie contends that, even if Defendant May could prevail on his DMCA counterclaim, Defendant May is not entitled to any recovery or relief on that claim under what is known as the doctrine of unclean hands.  The doctrine of unclean hands bars a party from benefiting when its own conduct in connection with the same matter has been unconscientious, unjust, marked by a lack of good faith, or violates the principles of equity and righteous dealing.

Bungie bears the burden of proving that Defendant May has unclean hands by a preponderance of the evidence.  Bungie must show that Defendant May's conduct is inequitable and that his conduct relates to the subject matter of Defendant May's DMCA counterclaim that Defendant May has asserted against Bungie.  Bungie also must show that it has been harmed by Defendant's conduct and that these wrongs cannot be corrected without applying the doctrine of unclean hands.


**Authority**: *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir.1987); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007).

Bungie's proposed jury instruction on this issue is appropriate because it accurately describes the elements of the unclean hands defense under Ninth Circuit law, with modifications that reflect the specifics of Defendant May's counterclaim.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –21

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:+1.206.359.8000
Fax: +1.206.359.9000

**Defendants' Alternative Language (if any):**

As Defendants have raised an unclean hands defense, this instruction should be mutual and not one-sided in Bungie's favor.

**Authority:**

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    **XI.    DISPUTED INSTRUCTION NO. 11:**

2         **Bungie's Proposed Language:**

3                          *INSTRUCTION NO. ___*

4         **(Defenses to Defendant May's DMCA Counterclaim—Consent)**

5         <u>Defendant James May alleges that Bungie unlawfully accessed his computer and personal

6    files, in violation of the Digital Millennium Copyright Act's anti-circumvention provisions, 17

7    U.S.C. § 1201(a).  Defendant May has the burden of proof on this counterclaim.  You should find

8    for the Plaintiff, however, if you determine that Defendant May—in downloading Bungie's

9    Destiny 2 video game onto his computer and/or by consenting to Bungie's LSLA—granted Bungie

10   sufficient permission to access Defendant May's computer.</u>

11

12        **Authority**: *Chamberlain Grp., Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1194 (Fed.

13   Cir. 2004).

14        Bungie's proposed jury instruction on this issue is appropriate because it accurately

15   reflects existing case law that the DMCA only prohibits circumvention that is performed without

16   consent—in particular, the DMCA defines circumvention as an activity undertaken "without the

17   authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A). The plain language of the statute

18   therefore requires a plaintiff alleging circumvention to prove that the defendant's access was

19   unauthorized.

20

21        **Defendants' Alternative Language (if any):**

22        Should also instruct to find in Mr. May's favor if Bungie fails to show its documents

23   granted it sufficient authority.

24        **Authority:**

25

26

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    **XII.    DISPUTED INSTRUCTION NO. 12:**

2         **Bungie's Proposed Language:**

3                                  *INSTRUCTION NO. ___*

4              **(Defenses to May's Counterclaims—Mitigation of Damages)**

5         Defendant May has a duty to use reasonable efforts to mitigate damages.  To mitigate

6    means to avoid or reduce damages.  Bungie claims that Defendant May failed to mitigate his

7    damages.  Bungie the burden of proving this affirmative defense by a preponderance of the

8    evidence:

9         (1)    Defendant May failed to use reasonable efforts to mitigate damages; and

10        (2)    the amount by which damages would have been mitigated.

11

12        **Authority**: Ninth Circuit Model Instruction 5.3 (modified).

13        Bungie's proposed jury instruction on this issue is appropriate because it largely follows

14   the language proposed in the Ninth Circuit's Model Instruction 5.3.  Bungie's modifications

15   serve only to narrow the jury instruction to Defendant May's counterclaim.

16

17        **Defendants' Alternative Language (if any):**

18        Mitigation of damages applies to all parties and such an instruction should be mutual as

19   to obligation and effect.

20        **Authority:**

21

22

23

24

25

26

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    **XIII.   DISPUTED INSTRUCTION NO. 13:**

2         **Defendant James May's Proposed Language:**

3              **DIGITAL MILLENNIUM COPYRIGHT ACT – 17 U.S.C. § 1201(A)(1)(A)**

4         James May claims that Bungie violated Section 1201(a)(1)(A) of the Digital Millennium

5    Copyright Act by circumventing a technological measure which effectively controlled access to a

6    protected work.

7         James May must prove the following by a preponderance of the evidence:

8         1)  He used a technological measure which effectively controlled access to a

9             copyright protected work; and

10        2)  Bungie circumvented his technological measure.

11        A technological measure "effectively controls access to a work" if the measure, in the

12   ordinary course of its operation, requires the application of information, or a process or a

13   treatment, with the authority of the copyright owner, to gain access to the work.

14        To "circumvent a technological measure" means to descramble a scrambled work, to

15   decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a

16   technological measure, without the authority of a copyright owner. Bungie has circumvented a

17   technological measure if Bungie has done so directly or indirectly by inducing, causing,

18   encouraging, or materially contributing to the circumvention of a technological measure of Mr.

19   May.

20        **Statement of Legal Authority:** 17 U.S.C. § 1201(a)(1)(A); (a)(3); *Metro-Goldwyn-*

21   *Mayer Studios, Inc. v. Grokster*, 6545 U.S. 913, 125 S.Ct. 2764 (2005). This is an instruction

22   proposed and used by the District Court for the Central District of California in *Echostar*

23   *Satellite, et al v. NDS Group PLC, et al,* Case No. 8:03-cv-00950-DOC-JTL, C.D. CA, 2003,

24   which addressed a claim under 17 U.S.C. § 1201(A)(1).

25

26

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**Bungie's Alternative Language:**

2

*INSTRUCTION NO. __*

3

**(17 U.S.C. § 1201(A)(1)(A)—Elements & Burden of Proof)**

4

Defendant James May alleges that Bungie unlawfully accessed his computer and personal

5

files, in violation of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention

6

provisions, 17 U.S.C. § 1201(a)(1)(A).  Defendant May has the burden of proving each of the

7

following: (1) Defendant May employs one or more technological measures that effectively

8

control access to; (2) a valid work protected under the Copyright Act; and (3) that Bungie

9

circumvented those technological measure(s).

10

A technological measure "effectively controls access to a work" if the measure, in the

11

ordinary course of its operation, requires the application of information, or a process or a

12

treatment, with the authority of the copyright owner, to gain access to the work.  To "circumvent

13

a technological measure" means to descramble a scrambled work, to decrypt an encrypted work,

14

or otherwise to avoid bypass, remove, deactivate, or impair a technological measure, without the

15

authority of the copyright owner.

16

Now that you have been instructed on what it means to "circumvent a technological

17

measure," it is important to understand what "circumvention" of a technological measure is not.

18

Misleading a copyright holder or using deception in order to gain access to a copyright-protected

19

work does not constitute "circumvention" under the DMCA.  The mere accessing of files alone is

20

not "circumvention of technological measures"; rather, it is the defeating of digital measures

21

guarding copyrighted material.

22

You should find for Bungie if you determine that Defendant May has failed to prove any

23

of these claims.

24

**Authority**: 17 U.S.C. § 1201(a)(1)(A); 17 U.S.C. § 1201(a)(3)(A); *Syntek Semiconductor*

25

*Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); *Dish Network L.L.C. v. World*

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –26

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5

*Cable Inc.*, 893 F. Supp. 2d 452, 464 (E.D.N.Y. 2012); *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288, 2015 WL 13022288, at *8 (N.D. Cal. Aug. 19, 2015); *I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*, 307 F. Supp. 2d 521, 532 (S.D.N.Y. 2004); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-726, 2013 WL 4409434, at *17-18 (E.D.N.Y. Aug. 2, 2013).

6
7
8
9
10
11
12
13
14

Defendants' proposed jury instruction on this issue is inappropriate because it omits crucial details about what is and what is not a "circumvention" of technological measures under the DMCA. As Bungie's proposed instruction makes clear, misleading a copyright holder or using deception in order to gain access to a copyright-protected work would not constitute a "circumvention" under the DMCA, and the mere accessing of files alone is not "circumvention of technological measures." Instead, it is only the defeating of digital measures guarding copyrighted material that exposes a party to liability. In addition, Defendants manufacture a theory of indirect liability for circumvention of technological measures by citing to a case solely dealing with copyright infringement.[3]

15
16
17
18
19
20
21
22
23
24
25
26

---

[3] Bungie also objects to all of May's proposed jury instructions on any DMCA issues as untimely under Local Rule 51(a). Pursuant to this rule, Defendants were responsible for submitting proposed instructions on any issue on which they bear the burden of proof twenty-one days before jury instructions were due. LCR 51(a). Defendants were therefore required to serve their proposed DMCA jury instructions on Bungie on October 19, 2023. Defendants did not serve any proposed jury instructions on Bungie until November 7, 2023.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –27

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

XIV.  **DISPUTED INSTRUCTION NO. 14**

**James May's Proposed Language:**

<u>**DIGITAL MILLENNIUM COPYRIGHT ACT – 17 U.S.C. § 1201(A)(1)(A)**</u>

<u>**COPYRIGHTED WORK**</u>

A "copyrighted work" is an original work of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, or a derivative work of the same. This includes computer software or code.

**Statement of Legal Authority:**

This is an instruction proposed and used by the District Court for the Central District of California in *Echostar Satellite, et al v. NDS Group PLC, et al,* Case No. 8:03-cv-00950-DOC-JTL, C.D. CA, 2003, which addressed a claim under 17 U.S.C. § 1201(A)(1).


**Bungie's Alternative Language:**

*INSTRUCTION NO. __*

**(17 U.S.C. § 1201(A)(1)(A)—Work Protected By Copyright)**

<u>Because none of the works that Defendant May alleges Bungie accessed are registered with the U.S. Copyright Office, Defendant May is not entitled to a presumption of validity, and therefore must show that the work(s) Bungie allegedly accessed are protected by the Copyright Act.  In order to do so, Defendant May must show by a preponderance of the evidence that the work(s) are original work(s) of authorship falling within the categories of copyrightable subject matter set forth in 17 U.S.C. § 102(a).  Under Section 102(a) of the Copyright Act, copyright protection extends to original works of authorship, fixed in a tangible medium of expression, including in the following categories:</u>

<u>(1) literary works;</u>

<u>(2) musical works, including any accompanying words;</u>

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

(3) dramatic works, including any accompanying music;

(4) pantomimes and choreographic works;

(5) pictorial, graphic, and sculptural works;

(6) motion pictures and other audiovisual works;

(7) sound recordings; and

(8) architectural works.

While an original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others with the owner's permission, only the original parts of that work are protectable.  It is not enough for Defendant May to show that he (or another person or entity) independently created a certain number of lines of code in order to prove that the works allegedly accessed by Bungie were protected by the Copyright Act. Defendant may must show that the original parts were independently developed by the work's author (and not copied from another work) and involve at least some minimal amount of creativity.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.  And if an idea and the expression of that idea merge, the expression will only be protected by copyright law if the alleged copying of that expression is "nearly identical."  Similarly, when similar features are, as practical matter, indispensable, or at least standard, in treatment of given idea, they are treated like ideas and are not protected by copyright.

**Authority**: 17 U.S.C. § 102(a), (b); Ninth Circuit Model Instructions 17.3, 17.6, 17.8, & 17.14; *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435 (9th Cir. 1994); *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985).

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Defendant May's proposed jury instruction on this issue is inappropriate principally because of what it omits—that absent a copyright registration, Defendant May bears the burden of showing he holds a valid copyright, including that his purported copyright is an original work of authorship falling within the categories of copyrightable subject matter set forth in 17 U.S.C. § 102(a).  On the other hand, Bungie's proposed jury instruction on this issue follows the language proposed in the Ninth Circuit's Model Instructions 17.3, 17.6, 17.8, and 17.14 with instructions for identical issues in copyright infringement actions; namely, the subject matter of copyright, ownership of a valid copyright, authorship of a copyrighted work, and originality necessary for a work to copyrightable. To the extent necessary, Bungie also cites established Ninth Circuit case law on the merger doctrine and scènes à faire in order to explain what types of materials are not protected by copyright law.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   **XV.     DISPUTED INSTRUCTION NO.15**

2   **James May's Proposed Language:**

3   **DIGITAL MILLENNIUM COPYRIGHT ACT – 17 U.S.C. § 1201(A)(1)(A)**

4   **DAMAGES – ACTUAL DAMAGES AND DEFENDANTS' PROFITS**

5   Mr. May is entitled to recover actual damages as a result of any violation of the Digital

6   Millennium Copyright Act, 17 U.S.C. § 1201 (a)(1)(A). In addition to actual damages, Mr. May

7   is also entitled to any profits of Bungie attributable to any violations of 17 U.S.C § 1201(a)(1)(A)

8   that are not taken into account in computing the actual damages.

9   **Statement of Legal Authority:** 17 U.S.C. § 1203(c)(1)(A).  This is an instruction

10  proposed and used by the District Court for the Central District of California in *Echostar*

11  *Satellite, et al v. NDS Group PLC, et al,* Case No. 8:03-cv-00950-DOC-JTL, C.D. CA, 2003,

12  which addressed a claim under 17 U.S.C. § 1201(A)(1).

13

14

15  **Bungie's Alternative Language:**

16  *INSTRUCTION NO. __*

17  **(17 U.S.C. § 1203(c)(3)(A)—Damages—Actual Damages)**

18  If you find for May on May's DMCA counterclaim, you must determine May's damages.

19  May is entitled to recover the actual damages suffered by May as a result of the violation of the

20  DMCA.  In addition, May is also entitled to recover any profits of Bungie that attributable to the

21  violation of the DMCA and are not taken into account in computing May's actual damages.

22  **Authority**:  17 U.S.C. § 1203(c)(2).

23  Defendant May's proposed jury instruction on this issue is mistaken because it suggests

24  that Defendant May is entitled to recover actual damages without proving the merits of his

25  counterclaim.  Bungie's proposed jury instruction, on the other hand, accurately reflects that the

26

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

jury must find Bungie liable for Defendant's DMCA claim before the jury may determine

Defendant May's damages.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   **XVI.   DISPUTED INSTRUCTION NO.16**

2   **James May's Proposed Language:**

3   **<u>DIGITAL MILLENNIUM COPYRIGHT ACT – 17 U.S.C. § 1201(A)(1)(A)</u>**

4   **<u>DAMAGES – STATUTORY DAMAGES</u>**

5        Instead of actual damages and Defendants' profits, Mr. May may elect statutory damages

6   based on the number of violations of the Digital Millennium Copyright Act, 17 U.S.C. §

7   1201(a)(1)(A), for which you find Bungie liable.

8        You must determine the total number of violations of this statute for which you found

9   Bungie liable. Each act of circumvention is a separate violation of the statute.

10       **Statement of Legal Authority:** 17 U.S.C. § 1203(c)(1)(B), (3).  This is an instruction

11  proposed and used by the District Court for the Central District of California in *Echostar*

12  *Satellite, et al v. NDS Group PLC, et al,* Case No. 8:03-cv-00950-DOC-JTL, C.D. CA, 2003,

13  which addressed a claim under 17 U.S.C. § 1201(A)(1).

14

15

16       **Bungie's Alternative Language:**

17       *INSTRUCTION NO. __*

18       **(17 U.S.C. § 1203(c)(3)(A)—Damages—Statutory Damages)**

19       <u>If you find for Defendant May on May's DMCA counterclaim, you must determine</u>

20  <u>May's damages.  Instead of actual damages and Bungie's profits, Defendant May may elect to</u>

21  <u>recover statutory damages.  The amount you may award as statutory damages is not less than</u>

22  <u>$200, nor more than $2,500, per act of circumvention.  If you find for Defendant May on May's</u>

23  <u>DMCA counterclaim, you must determine both the number of acts of circumvention committed</u>

24  <u>by Bungie, and the award per act of circumvention.</u>

25       <u>**Authority**</u>:  17 U.S.C. § 1203(c)(3)(A).

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –33

164418887

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

        Defendant May's proposed jury instruction on this issue is mistaken because it does not

allow for the jury to make a determination on the amount of damages per violation to award.

Bungie's proposed jury instruction accurately reflects that this issue is to be determined by jury.

3

4

5

6

7

8

9   Dated: November 9, 2023

10  By: *s/Jacob P. Dini*                          By: *s/Philip P. Mann*
    William C. Rava, Bar No. 29948               Philip P. Mann, WSBA No. 28860
11  Christian W. Marcelo, Bar No. 51193          **Mann Law Group PLLC**
    Jacob P. Dini, Bar No. 54115                 403 Madison Ave., Ste 240
12  **Perkins Coie LLP**                         Bainbridge Island, Washington 98110
    1201 Third Avenue, Suite 4900                Phone (206) 436-0900
13  Seattle, Washington 98101-3099               phil@mannlawgroup.com
    Telephone: +1.206.359.8000
14  Facsimile: +1.206.359.9000                   *Attorneys for Defendants*
    WRava@perkinscoie.com
15  CMarcelo@perkinscoie.com
    JDini@perkinscoie.com
16
    *Attorneys for Plaintiff Bungie, Inc.*
17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(No. 2:21-cv-00811) –34

164418887