THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| BUNGIE, INC., | No. 2:21-cv-00811 |
| Plaintiff, | JOINT JURY INSTRUCTIONS |
| v. | |
| AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, | |
| Defendants. | |

Plaintiff Bungie, Inc. ("Bungie" or "Plaintiff") and Defendants AimJunkies.com, Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively, "Defendants") jointly submit the following jury instructions attached hereto.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

Dated: November 9, 2023

3    By: *s/Jacob P. Dini*                          By: *s/Philip P. Mann*
     William C. Rava, Bar No. 29948                 Philip P. Mann, WSBA No. 28860
4    Christian W. Marcelo, Bar No. 51193            **Mann Law Group PLLC**
     Jacob P. Dini, Bar No. 54115                   403 Madison Ave., Ste 240
5    **Perkins Coie LLP**                           Bainbridge Island, Washington 98110
     1201 Third Avenue, Suite 4900                  Phone (206) 436-0900
6    Seattle, Washington 98101-3099                 phil@mannlawgroup.com
     Telephone: +1.206.359.8000
7    Facsimile: +1.206.359.9000                     *Attorneys for Defendants*
     WRava@perkinscoie.com
8    CMarcelo@perkinscoie.com
     JDini@perkinscoie.com
9
     *Attorneys for Plaintiff Bungie, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 2

## INDEX OF INSTRUCTIONS

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| **I.   INSTRUCTIONS ON THE TRIAL PROCESS** | | | | |
| Instruction No. I.1 | Duty of the Jury | Ninth Circuit Model Instructions 1.2 | 5 | Plaintiff |
| Instruction No. I.2 | Burden of Proof—Preponderance of the Evidence | Ninth Circuit Model Instructions 1.6 | 6 | Plaintiff |
| Instruction No. I.3 | What is Evidence | Ninth Circuit Model Instructions 1.9 (modified) | 7 | Plaintiff |
| Instruction No. I.4 | What is Not Evidence | Ninth Circuit Model Instructions 1.10 (modified) | 8 | Plaintiff |
| Instruction No. I.5 | Evidence For a Limited Purpose | Ninth Circuit Model Instructions 1.11 | 9 | Plaintiff |
| Instruction No. I.6 | Direct and Circumstantial Evidence | Ninth Circuit Model Instructions 1.12 | 10 | Plaintiff |
| Instruction No. I.7 | Ruling on Objections | Ninth Circuit Model Instructions 1.13 | 11 | Plaintiff |
| Instruction No. I.8 | Credibility of Witnesses | Ninth Circuit Model Instructions 1.14 | 12-13 | Plaintiff |
| Instruction No. I.9 | Conduct of the Jury | Ninth Circuit Model Instructions 1.15 | 14-15 | Plaintiff |
| Instruction No. I.10 | Publicity During Trial | Ninth Circuit Model Instructions 1.16 | 16 | Plaintiff |
| Instruction No. I.11 | No Transcript Available to the Jury | Ninth Circuit Model Instructions 1.17 | 17 | Plaintiff |
| Instruction No. I.12 | Taking Notes | Ninth Circuit Model Instructions 1.18 (modified) | 18 | Plaintiff |
| Instruction No. I.13 | Bench Conferences and Recesses | Ninth Circuit Model Instructions 1.20 (modified) | 19 | Plaintiff |
| Instruction No. I.14 | Outline of Trial | Ninth Circuit Model Instructions 1.21 (modified) | 20 | Plaintiff |
| **II.   INSTRUCTIONS ON TYPES OF EVIDENCE** | | | | |
| Instruction No. II.1 | Stipulations of Fact | Ninth Circuit Model Instructions 2.2 (modified) | 22-23 | Plaintiff |
| Instruction No. II.2 | Depositions in Lieu of Live Testimony | Ninth Circuit Model Instructions 2.4 (modified) | 24 | Plaintiff |
| Instruction No. II.3 | Impeachment Evidence—Witness | Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 105.04 (6th ed.) | 25 | Plaintiff |
| Instruction No. II.4 | Expert Opinion | Ninth Circuit Model Instructions 2.13 (modified) | 26 | Plaintiff |
| Instruction No. II.5 | Charts and Summaries Not | Ninth Circuit Model Instruction 2.14 (modified) | 27 | Plaintiff |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| | Received in Evidence | | | |
|---|---|---|---|---|
| Instruction No. II.6 | Charts and Summaries Received in Evidence | Ninth Circuit Model Instruction 2.15 (modified) | 28 | Plaintiff |
| **III.     INSTRUCTIONS CONCERNING DELIBERATIONS** | | | | |
| Instruction No. III.1 | Duty to Deliberate | Ninth Circuit Model Instruction 3.1 | 30 | Plaintiff |
| Instruction No. III.2 | Consideration of Evidence— Conduct of the Jury | Ninth Circuit Model Instruction 3.2 | 31-32 | Plaintiff |
| Instruction No. III.3 | Communication with Court | Ninth Circuit Model Instruction 3.3 | 33 | Plaintiff |
| Instruction No. III.4 | Return of Verdict | Ninth Circuit Model Instruction 3.5 | 34 | Plaintiff |
| Instruction No. III.5 | Additional Instruction | Ninth Circuit Model Instruction 3.6 | 35 | Plaintiff |
| Instruction No. III.6 | Deadlocked Jury | Ninth Circuit Model Instruction 3.7 | 36 | Plaintiff |
| Instruction No. III.7 | Continuing Deliberations After Juror is Discharged | Ninth Circuit Model Instruction 3.8 | 37 | Plaintiff |
| Instruction No. III.8 | Post-Discharge Instructions | Ninth Circuit Model Instruction 3.9 (modified) | 38 | Plaintiff |
| **IV.     INSTRUCTIONS CONCERNING AGENCY** | | | | |
| Instruction No. IV.1 | Corporations and Partnerships—Fair Treatment | Ninth Circuit Model Instruction 4.1 (modified) | 40 | Plaintiff |
| **V.     SUBSTANTIVE INSTRUCTIONS** | | | | |
| <span style="color:red">**DISPUTED**</span> | | | | |
| **VI.     INSTRUCTIONS ON DAMAGES** | | | | |
| Instruction No. VI.1 | Damages—Proof | Ninth Circuit Model Instruction 5.1 (modified) | 43 | Plaintiff |
| Instruction No. VI.2 | Copyright— Damages | Ninth Circuit Model Instruction 17.32 (modified) | 44 | Plaintiff |
| Instruction No. VI.3 | Copyright— Damages—Actual Damages | Ninth Circuit Model Instruction 17.33 (modified) | 45 | Plaintiff |
| Instruction No. VI.4 | Copyright— Damages— Defendants' Profits | Ninth Circuit Model Instruction 17.34 (modified) | 46 | Plaintiff |

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### I.   *INSTRUCTIONS ON THE TRIAL PROCESS*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

***INSTRUCTION NO. I.1***

**(Duty of the Jury)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected, and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Authority**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit ("Ninth Circuit Model Instructions") 1.2.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*INSTRUCTION NO. I.2*

**(Burden of Proof—Preponderance of the Evidence)**

When a party has the burden of proving any claim <u>or affirmative defense</u> by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim <u>or affirmative defense</u> is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.


**<u>Authority</u>**: Ninth Circuit Model Instructions 1.6.

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

***INSTRUCTION NO. I.3***

**(What is Evidence)**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that are admitted into evidence;

(3)     any facts to which the lawyers have agreed; and

(4)     any facts that I <u>may instruct</u> you to accept as proved.

<u>**Authority**</u>: Ninth Circuit Model Instructions 1.9 (modified).

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

***INSTRUCTION NO. I.4***

**(What is Not Evidence)**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     **Arguments and statements by lawyers are not evidence**.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     **Questions and objections by lawyers are not evidence**.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     **Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered**.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     **Anything you may see or hear when the court was not in session is not evidence**.  You are to decide the case solely on the evidence received at the trial.

__Authority__: Ninth Circuit Model Instructions 1.10 (modified).

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### *INSTRUCTION NO. I.5*

### (Evidence For a Limited Purpose)

Some evidence may be admitted only for a limited purpose.  When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Authority**: Ninth Circuit Model Instructions 1.11.

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### *INSTRUCTION NO. I.6*

### (Direct and Circumstantial Evidence)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority**: Ninth Circuit Model Instructions 1.12.

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*INSTRUCTION NO. I.7*

**(Ruling on Objections)**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority**: Ninth Circuit Model Instructions 1.13.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

***INSTRUCTION NO. I.8***

**(Credibility of Witnesses)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2       The weight of the evidence as to a fact does not necessarily depend on the number of

3    witnesses who testify.  What is important is how believable the witnesses were, and how much

     weight you think their testimony deserves.

4

5    **Authority**: Ninth Circuit Model Instructions 1.14.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

***INSTRUCTION NO. I.9***

**(Conduct of the Jury)**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it [,although I have

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**Authority**: Ninth Circuit Model Instructions 1.15.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*INSTRUCTION NO. I.10*

**(Publicity During Trial)**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Authority**: Ninth Circuit Model Instructions 1.16.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*INSTRUCTION NO. I.11*

**(No Transcript Available to the Jury)**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.


__Authority__: Ninth Circuit Model Instructions 1.17.

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *INSTRUCTION NO. I.12*

### (Taking Notes)

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the <u>jury room</u>.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

<u>**Authority**</u>: Ninth Circuit Model Instructions 1.18 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*INSTRUCTION NO. I.13*

**(Bench Conferences and Recesses)**

From time to time during the trial, it <u>may become</u> necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury <u>is</u> present in the courtroom, or by calling a recess.  Please understand that while you <u>are</u> waiting, we <u>are</u> working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we <u>will do</u> what we <u>can</u> to keep the number and length of these conferences to a minimum.  I <u>may</u> not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**<u>Authority</u>**: Ninth Circuit Model Instructions 1.20 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### *INSTRUCTION NO. I.14*

### **(Outline of Trial)**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline of the evidence to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiff Bungie will then present evidence, and counsel for the defendant may cross-examine.  Then the Defendants may present evidence, and counsel for Bungie may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments.  Closing arguments are not evidence.  After that the closing arguments and instructions, you will go to the jury room to deliberate on your verdict and reach a verdict in the case.

**Authority**: Ninth Circuit Model Instructions 1.21 (modified).

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6              ***II.     INSTRUCTIONS ON TYPES OF EVIDENCE***

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*INSTRUCTION NO. II.1*

**(Stipulations of Fact)**

The parties have agreed to certain facts [to be placed in evidence as Exhibit [___]] [that will be read to you].  You must therefore treat these facts as having been proved:

1.  *Destiny 2* is a shared-world first-person shooter video game created and owned by Bungie.

2.  *Destiny 2* was released in September 2017 and has an estimated player base of over 30 million players.

3.  Bungie owns all rights, title, and interest in the copyrights to *Destiny 2* and *Destiny 2: Beyond Light*, including U.S. copyright registrations for the computer software (Reg. Nos. TX 8-933-655 and TX 8-933-658) and audiovisual works (Reg. Nos. PA 2-282-670 and PA 2-280-030).

4.  *Destiny 2* was first published on September 9, 2017.  Bungie's copyright registration TX 8-933-655 was registered on February 9, 2021, and Bungie's copyright registration PA 2-282-670 was registered on March 23, 2021.

5.  *Destiny 2: Beyond Light* was first published on November 10, 2020.  Bungie's copyright registration TX 8-933-658 was registered on February 9, 2021, and Bungie's copyright registration PA 2-280-030 was registered on February 10, 2021.

6.  Schaefer, Green, and Conway formed and became equal 1/3 owners of Phoenix Digital in 2012.

7.  Schaefer, Green, and Conway each had full control and authority to manage Phoenix Digital while they were members.

8.  Schaefer personally controlled every aspect of the sale of cheat software, including communicating with cheat software developers, deciding whether to sell a cheat, allocating profits from sales, and deciding when to stop selling a cheat.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

9.      On or around December 17, 2019, Phoenix Digital began distributing the first version of the Cheat Software with only the "Extra-Sensory Perception" ("ESP") feature.

10.     On or around December 23, 2019, Phoenix Digital began distributing a second full version of the Cheat Software with new features, including "AIMBOT" and "One Position Kill" ("OPK").

11.     The Cheat Software's ESP feature allows users to see other *Destiny 2* players and non-player characters through solid walls by displaying a distinct box around the other players, displaying the players' names, and the distance between the cheating and non-cheating players.

12.     The Cheat Software's AIMBOT feature allows cheaters to automatically aim at other *Destiny 2* player and non-player characters with little to no input (i.e., movement of the mouse and/or joystick) by the cheater.

13.     The Cheat Software's OPK feature allows cheaters to either respawn at or move (teleport) to the same space in *Destiny 2* so that the cheater's abilities would be more effective at defeating those opponents, accelerate the rate at which cheaters accumulate rewards and accolades.

14.     May accepted Bungie's Limited Software License Agreement ("LSLA") in October 2019 and the Bungie's Privacy Policy that applies to his access to and use of *Destiny 2*, and agreed to each subsequent version of Bungie's LSLA in effect between October 2019 and May 2021.

15.     May does not own U.S. copyright registrations for any files on his computer that were allegedly accessed by Bungie.

16.     During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000409.

17.     During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000367.

**Authority**: Ninth Circuit Model Instructions 2.2 (modified).

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*INSTRUCTION NO. II.2*

**(Depositions in Lieu of Live Testimony)**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial and in other circumstances, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Authority**: Ninth Circuit Model Instructions 2.4 (modified).

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 24

*INSTRUCTION NO. II.3*

**(Impeachment Evidence—Witness)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:** Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 105.04 (6th ed.).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

***INSTRUCTION NO. II.4***

**(Expert Opinion)**

You <u>will hear</u> testimony from <u>individuals</u> who <u>testified</u> to opinions and the reasons for his or her opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>**Authority**</u>: Ninth Circuit Model Instructions 2.13 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*INSTRUCTION NO. II.5*

**(Charts and Summaries Not Received in Evidence)**

Certain charts and summaries not admitted into evidence <u>may be</u> shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>**Authority**</u>: Ninth Circuit Model Instruction 2.14 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*INSTRUCTION NO. II.6*

**(Charts and Summaries Received in Evidence)**

Certain charts and summaries <u>may be</u> admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Authority</u>: Ninth Circuit Model Instruction 2.15 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5         ***III.    INSTRUCTIONS CONCERNING DELIBERATIONS***
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 29

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### *INSTRUCTION NO. III.1*

### (Duty to Deliberate)

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority**: Ninth Circuit Model Instruction 3.1.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *INSTRUCTION NO. III.2*

### (Consideration of Evidence—Conduct of the Jury)

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    These rules protect each party's right to have this case decided only on evidence that has

2  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy

3  of their testimony is tested through the trial process.  If you do any research or investigation outside

4  the courtroom, or gain any information through improper communications, then your verdict may

5  be influenced by inaccurate, incomplete or misleading information that has not been tested by the

6  trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide

7  the case based on information not presented in court, you will have denied the parties a fair trial.

8  Remember, you have taken an oath to follow the rules, and it is very important that you follow

9  these rules.

10    A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any

11  juror is exposed to any outside information, please notify the court immediately.

12

13  **Authority**: Ninth Circuit Model Instruction 3.2.

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 32

***INSTRUCTION NO. III.3***

**(Communication with Court)**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority**: Ninth Circuit Model Instruction 3.3.

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 33

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### *INSTRUCTION NO. III.4*

### **(Return of Verdict)**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Authority**: Ninth Circuit Model Instruction 3.5.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*INSTRUCTION NO. III.5*

**(Additional Instruction)**

At this point I will give you an additional instruction.  By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you.  You must consider this instruction together with all of the other instructions that were given to you.

You will now retire to the jury room and continue your deliberations.

**Authority**: Ninth Circuit Model Instruction 3.6.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *INSTRUCTION NO. III.6*

### (Deadlocked Jury)

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors.  During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now return to the jury room and continue your deliberations.


**Authority**: Ninth Circuit Model Instruction 3.7.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*INSTRUCTION NO. III.7*

**(Continuing Deliberations After Juror is Discharged)**

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations.  You should not speculate about the reason the [juror is] [jurors are] no longer present.  You should continue your deliberations with the remaining jurors.  Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating.  All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**Authority**: Ninth Circuit Model Instruction 3.8.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

***INSTRUCTION NO. III.8***

**(Post-Discharge Instructions)**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose <u>except for any portion that you were instructed by during the trial were to remain confidential</u>.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

<u>If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.  Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.  If you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.</u>


**<u>Authority</u>**: Ninth Circuit Model Instruction 3.9 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4
###### IV.   INSTRUCTIONS CONCERNING AGENCY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*INSTRUCTION NO. IV.1*

**(Corporations and Partnerships—Fair Treatment)**

All parties are equal before the law and a <u>corporation</u> is entitled to the same fair and conscientious consideration by you as any party.

**Authority**: Ninth Circuit Model Instruction 4.1 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4

### *V.    SUBSTANTIVE INSTRUCTIONS*

5
6

**DISPUTED**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

***VI.     INSTRUCTIONS ON DAMAGES***

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

***INSTRUCTION NO. VI.1***

(**Damages—Proof**)

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Bungie on Bungie's copyright infringement claim, you must determine the measure of damages Bungie is entitled to receive.  Bungie has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Bungie for any injury you find was caused by Defendants.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**: Ninth Circuit Model Instruction 5.1 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*INSTRUCTION NO. VI.2*

**(Copyright—Damages)**

If you find for Bungie on Bungie's copyright infringement claim, you must determine Bungie's damages.  Bungie is entitled to recover the actual damages suffered as a result of the infringement.   In addition, Bungie is also entitled to recover any profits of the Defendants attributable to the infringement.  Bungie must prove damages by a preponderance of the evidence.


**Authority**: Ninth Circuit Model Instruction 17.32 (modified).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

*INSTRUCTION NO. VI.3*

2

**(Copyright—Damages—Actual Damages)**

3

The copyright owner is entitled to recover the actual damages suffered as a result of the

4

infringement.  Actual damages mean the amount of money adequate to compensate the copyright

5

owner for the reduction of the fair market value of the copyrighted work caused by the

6

infringement.  The reduction of the fair market value of the copyrighted work is the amount a

7

willing buyer would have been reasonably required to pay a willing seller at the time of the

8

infringement for the actual use made by Defendants of Bungie's Destiny 2 Copyrighted Works.

9

That amount also could be represented by the lost license fees Bungie would have received for the

10

Defendants' unauthorized use of Bungie's Destiny 2 Copyrighted Works.

11

12

**Authority**: Ninth Circuit Model Instruction 17.33 (modified).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*INSTRUCTION NO. VI.4*

**(Copyright—Damages—Defendants' Profits)**

In addition to actual damages, the copyright owner is entitled to any profits of the Defendants attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of Defendants' profits only if you find that Bungie showed a causal nexus between the infringement and the profits generated indirectly from the infringement or the Defendants' gross revenue.

Defendants' profit is determined by subtracting all expenses from Defendants' gross revenue.

Defendants' gross revenue is all of the Defendants' receipts from the sale of the Cheat Software. Bungie has the burden of proving the Defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the Defendants' gross revenue. Defendants have the burden of proving the Defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the Cheat Software is attributable to factors other than use of the Destiny 2 Copyrighted Works, all of the profit is to be attributed to the infringement. Defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringement the Destiny 2 Copyrighted Works.

You are instructed to find that the Phoenix Digital Defendants deleted financial records that would demonstrate the total sales of the Cheat Software. You may draw an adverse inference regarding this deletion of evidence.

**Authority**: Ninth Circuit Model Instruction 17.34 (modified).

JOINT INSTRUCTIONS
(No. 2:21-cv-00811) – 46