THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., | No. 2:21-cv-00811 |
| Plaintiff, | PRETRIAL ORDER |
| v. | [PROPOSED] |
| AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, | PUBLIC VERSION |
| Defendants. | |

Plaintiff Bungie, Inc. ("Bungie" or "Plaintiff") and Defendants AimJunkies.com, Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively, "Defendants") submit the following Pretrial Order.

## I.      JURISDICTION

Jurisdiction is vested in this court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and is based on the fact that this action arises under the Copyright Act (17 U.S.C. § 501, *et seq.*).

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –1

164435028

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II.    CLAIMS AND DEFENSES

Bungie will pursue the following claims for relief at trial:

1.      Direct, vicarious, and contributory copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.*, due to Defendants' development, sale, and distribution of certain cheat software for Bungie's *Destiny 2* and *Destiny 2: Beyond Light*[1] video games (the "Cheat Software").

Defendant James May will pursue the following counterclaim at trial:

2.      Circumvention of Technological Measures under 17 U.S.C. § 1201(a) due to Bungie's unauthorized access to Mr. May personal beyond limits permitted by Mr. May.

Defendants will pursue the following defenses at trial:

3.      No software created, developed, marketed, advertised, sold or otherwise distributed by Defendants infringes any copyright of Bungie.

4.      Defendant James May is not, and never has been, a member, owner, officer, director, employee or otherwise had a controlling interest in Phoenix Digital and is not responsible or liable for any activities carried on by Phoenix Digital.

5.      The software at issue here was created by parties other than Defendants.

6.      Defendants did not have access to the software Bungie accuses them of copying.

7.      Bungie cannot show "substantial similarity" between any software distributed by Phoenix Digital and the copyrighted works asserted by Bungie in this action.

8.      Phoenix Digital's distribution of the software at issue in this case did not cause harm or damage to Bungie.

---

[1] Unless otherwise specified, collectively hereafter referred to as, "*Destiny 2*."

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –2

164435028

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Defendants will pursue the following affirmative defenses at trial:

9.     Plaintiff's Amended Complaint fails to state claims for which relief may be granted.

10.     Plaintiff's claims for copyright infringement are barred under the clear holding of the Ninth Circuit Court of Appeals in *MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629 F.3d 928 (9th Cir. 2010), that, *as a matter of law*, alleged breaches of covenants in a copyright license are *not* acts of copyright infringement.

11.     Plaintiff's claims for copyright infringement are barred under the clear holding of the Ninth Circuit Court of Appeals in *Lewis Galoob Toys, Inc. v. Nintendo of America*, 964 F.2d 965 (9th Cir. 1992) that, *as a matter of law*, the use of software resident on the computer of a game player to enhance the player's performance of the game does *not* unlawfully create a "derivative work" or otherwise infringe a copyright.

12.     All claims for "statutory damages," "enhanced damages," "attorneys' fees" or other relief under 17 U.S.C. §§ 505, 505 are barred under 17 U.S.C. §§ 412 and the clear holding of the Ninth Circuit Court of Appeals in *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008) that, "to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement," and that, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412."

13.     Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie through the unauthorized, clandestine accessing and downloading of information contained in private files on the personal computer of Defendant James May.

14.     Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through breach of the Terms of Service of Defendant Phoenix Digital Group LLC.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

15.     Plaintiff is precluded from recovering any damages that could have been avoided through the exercise of reasonable care and due diligence.

Bungie will pursue the following defenses at trial:

16.     None of the works allegedly accessed by Bungie are works protected by copyright, pursuant to 17 U.S.C. § 1201(a)(1)(A).

17.     Bungie did not circumvent any of May's technological measures that protect any files on his computer as defined in 17 U.S.C. § 1201(a)(3)(A).

Bungie will pursue the following affirmative defenses at trial:

18.     By accepting Bungie's Limited Software License Agreement ("LSLA") and Privacy Policy, May authorized Bungie to collect information about his use of the Bungie Services, actions taken within the Bungie Services, and his device, including his computer. The information that May alleges Bungie collected from May's device is the type of information that May authorized Bungie to collect. May consented to Bungie's alleged access of May's computer, files, information, data, and/or copyrighted work(s).

19.     By accepting Bungie's Limited Software License Agreement ("LSLA") and Privacy Policy, May authorized Bungie to collect information about his use of the Bungie Services, actions taken within the Bungie Services, and his device, including his computer. The information that May alleges Bungie collected from May's device is the type of information that May authorized Bungie to collect. May granted Bungie a license to access May's computer, files, information, data, and/or copyrighted work(s).

20.     In the Final Award (Dkt. No. 89-1), Counterclaimants were found to have violated the DMCA (17 U.S.C. §§ 1201(a), 1201(b)(1)) and the Washington Consumer Protection Act (RCW 19-86-020), and were found liable for breach of contract and tortious interference with a contract in connection with their development, sale, and distribution of Defendants' Cheat

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

1  Software.  The actions that form the basis of May's counterclaim—including May's surreptitious

2  attempts to reverse engineer *Destiny 2* using reverse engineering tools provided and signed by

3  Phoenix Digital—arise from May's development, sale, and distribution of Defendants' Cheat

4  Software and Bungie's subsequent investigation of May's unlawful conduct.  May's counterclaim

5  is barred by the doctrine of unclean hands.

### III.    ADMITTED FACTS

The following facts are admitted by the parties:

1.      *Destiny 2* is a shared-world first-person shooter video game created and owned by Bungie.

2.      *Destiny 2* was released in September 2017 and has an estimated player base of over 30 million players.

3.      Bungie owns all rights, title, and interest in the copyrights to *Destiny 2* and *Destiny 2: Beyond Light*, including U.S. copyright registrations for the computer software (Reg. Nos. TX 8-933-655 and TX 8-933-658) and audiovisual works (Reg. Nos. PA 2-282-670 and PA 2-280-030).

4.      *Destiny 2* was first published on September 9, 2017.  Bungie's copyright registration TX 8-933-655 was registered on February 9, 2021, and Bungie's copyright registration PA 2-282-670 was registered on March 23, 2021.

5.      *Destiny 2: Beyond Light* was first published on November 10, 2020.  Bungie's copyright registration TX 8-933-658 was registered on February 9, 2021, and Bungie's copyright registration PA 2-280-030 was registered on February 10, 2021.

6.      Schaefer, Green, and Conway formed and became equal 1/3 owners of Phoenix Digital in 2012.

7.      Schaefer, Green, and Conway each had full control and authority to manage Phoenix Digital while they were members.

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

8.      Schaefer personally controlled every aspect of the sale of cheat software, including communicating with cheat software developers, deciding whether to sell a cheat, allocating profits from sales, and deciding when to stop selling a cheat.

9.      On or around December 17, 2019, Phoenix Digital began distributing the first version of the Cheat Software with only the "Extra-Sensory Perception" ("ESP") feature.

10.      On or around December 23, 2019, Phoenix Digital began distributing a second full version of the Cheat Software with new features, including "AIMBOT" and "One Position Kill" ("OPK").

11.      The Cheat Software's ESP feature allows users to see other *Destiny 2* players and non-player characters through solid walls by displaying a distinct box around the other players, displaying the players' names, and the distance between the cheating and non-cheating players.

12.      The Cheat Software's AIMBOT feature allows cheaters to automatically aim at other *Destiny 2* player and non-player characters with little to no input (i.e., movement of the mouse and/or joystick) by the cheater.

13.      The Cheat Software's OPK feature allows cheaters to either respawn at or move (teleport) to the same space in *Destiny 2* so that the cheater's abilities would be more effective at defeating those opponents, accelerate the rate at which cheaters accumulate rewards and accolades.

14.      May accepted Bungie's Limited Software License Agreement ("LSLA") in October 2019 and the Bungie's Privacy Policy that applies to his access to and use of *Destiny 2*, and agreed to each subsequent version of Bungie's LSLA in effect between October 2019 and May 2021.

15.      May does not own U.S. copyright registrations for any files on his computer that were allegedly accessed by Bungie.

16.      During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000409.

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –6

164435028

17.     During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000367.

## IV.     ISSUES OF LAW

### A.     Agreed Issues of Law

The following are the issues of law to be determined by the court:

1.     Which findings of fact and law as found by Judge Cox in the Final Award (Dkt. No. 89-1), as confirmed and entered by this Court, are binding in this proceeding?  These findings include but are not limited to the following:

    a.   *Destiny 2* is Bungie's copyrighted work.  Final Award at 11.

    b.   Defendants obtained unauthorized access to the *Destiny 2* software.  *Id*. at 17.

    c.   To operate, the Cheat Software necessarily creates unauthorized copies of *Destiny 2* code and unauthorized derivative works.  *Id.* at 13.

    d.   The cheat loader distributed by Defendants was designed to circumvent protections of *Destiny 2* by injecting code into the *Destiny 2* program without detection.  *Id.* at 14.

    e.   May connected reverse engineering tools to the *Destiny 2* game engine in order to reverse engineer *Destiny 2* and develop the Cheat Software that was sold on AimJunkies.com.  May did so in concert with and for the benefit of the Phoenix Digital Defendants, and was the agent of these Defendants.  *Id.* at 12.

    f.   Defendants' violations of the DMCA anticircumventiuon statute were willful.

    g.   Defendants sold at least 1,316 copies of the Cheat Software.

    h.   May breached Bungie's Limited Software License Agreement by reverse engineering *Destiny 2*.

2.     Does Bungie's purported circumvention of May's technological protection measures by "misleading" May legally constitute circumvention as defined in 17 U.S.C. § 1201(a)(3)(A)?

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

3.      Is Bungie entitled to its actual damages and any of Defendants' profits from their infringement not taken into account in computing actual damages under 17 U.S.C. § 504?

4.      Is Bungie entitled to its requested permanent injunctive relief under 17 U.S.C. § 502?

5.      Is any party entitled to recover their reasonable attorneys' fees as the "prevailing party" under 17 U.S.C. § 505?

**B.      Defendants' Proposed Issue of Law**

6.      Whether violation of the Bungie LSLA for use of "cheat" software constitutes copyright infringement under Ninth Circuit law.

## V.      EXPERT WITNESSES

Bungie shall be limited to the following four expert witnesses, and each will or may testify concerning the following issues:

1.      Dr. Edward Kaiser, 550 106th Avenue NE, Suite 207, Bellevue, WA 98004-5088, will testify as an expert witness concerning Bungie's *Destiny 2* software code, the *Destiny 2* game engine, the creation and operation of Defendants' Cheat Software, users of Defendants' Cheat Software, complaints from non-cheating players about Defendants' Cheat Software, and Bungie's harm, as is more particularly set forth in Bungie's Rule 26(a)(2) disclosures, and as a fact witness regarding Bungie's purchase and operation of Defendants' Cheat Software, and Bungie's intellectual property rights in *Destiny 2*.

2.      Steven Guris, 134 Summer Crest Pl. SW, Marietta, GA 30060, will testify concerning the operation and his analysis of Defendants' cheat loader software and the harm to Bungie caused by cheat software, as is more particularly set forth in Bungie's Rule 26(a)(2) disclosures and the written report prepared by Mr. Guris.

3.      Drew E. Voth, 1111 3rd Avenue, Suite 2450, Seattle, WA 98101, will testify concerning Defendants' profits from sales of the Cheat Software and rebut the testimony of David

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Schaefer regarding the value of Phoenix Digital, as is more particularly set forth in Bungie's Rule

2   26(a)(2) disclosures and the written reports prepared by Mr. Voth.

3         4.     Nate Buckmiller, Bungie's Director of Financial Systems & Reporting, 550 106th

4   Avenue NE, Suite 207, Bellevue, WA 98004-5088, may testify (possible witness only) regarding

5   the significant negative effect of cheat software, including Defendants' Cheat Software, on the

6   gameplay of *Destiny 2* and the impact on player retention, as well as the harm caused by cheat

7   software, including Defendants' Cheat Software, to Bungie.

8

9        Defendants shall be limited to one expert witness, who will testify concerning the following

10  issues:

11        1.     Brad A LaPorte, 331 Zenith Lane, Juno Beach, FL 33408, will testify as to the

12  opinions stated in his Expert Report served August 28, 2023 as well as the grounds and other bases

13  for those opinions.

14               **VI.    OTHER WITNESSES**

15       The names and addresses of witnesses, other than experts, to be used by each party at the

16  time of trial and the general nature of the testimony of each are:

17       **On behalf of Bungie:**

18        1.     David Schaefer, 5669 Snell Ave., #433, San Jose, California 95123, will testify,

19  including as the corporate representative of Phoenix Digital, concerning Defendants' creation,

20  development, advertising, distribution, and sale of the Cheat Software, Defendants' direct and

21  secondary infringement of Bungie's copyrights in *Destiny 2*, Defendants' revenue and profits from

22  the sale of the Cheat Software, Defendants' spoliation of evidence in this matter, and other matters

23  pertinent in this action, including those set forth in his depositions.

24        2.     Jordan Green, 2839 SW Dickinson Street, Portland, Oregon 97219, may testify

25  (possible witness only) concerning Defendants' creation, development, advertising, and sale of the

26  Cheat Software, Defendants' direct and secondary infringement of Bungie's copyrights in *Destiny*

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –9

164435028

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    *2*, Defendants' revenue and profits from the sale of the Cheat Software, Defendants' spoliation of

2    evidence in this matter, and other matters pertinent in this action, including those set forth in his

3    depositions.

4          3.      Jeffrey Conway, 8837 W. Vernon, Phoenix, Arizona 85037, may testify (possible

5    witness only) concerning Defendants' direct and secondary infringement of Bungie's copyrights

6    in *Destiny 2*, Defendants' revenue and profits from the sale of the Cheat Software, Defendants'

7    spoliation of evidence in this matter, and other matters pertinent to this action, including those set

8    forth in his depositions.

9          4.      James May, 2217 Polo Park Drive, Dayton, Ohio 45439, will testify concerning

10   Defendants' creation, development, advertising, and sale of the Cheat Software, Defendants' direct

11   and secondary infringement of Bungie's copyrights in *Destiny 2*, Defendants' revenue and profits

12   from the sale of the Cheat Software, Mr. May's computer and files allegedly accessed by Bungie,

13   Mr. May's consent to Bungie's purported access to his computer, Defendants' spoliation of

14   evidence in this matter, and other matters pertinent to this action, including those set forth in his

15   depositions.

16         5.      Jason Hahn, 1745 Juniper Hammock Street, Winter Garden, Florida 34787-2215,

17   may testify (possible witness only, via deposition), regarding Defendants' business, documents he

18   produced in response to Bungie's subpoena to him, and other matters pertinent to this action,

19   including those set forth in his deposition.

20         6.      Ronita Murray, 7700 Eastport Parkway, La Vista, Nebraska 98128, may testify

21   (possible witness only) regarding documents produced by PayPal, Inc. in response to Bungie's

22   subpoena to PayPal, Inc.

23         7.      Stripe Inc. representative, physical address unknown, may testify (possible witness

24   only) regarding documents produced by Stripe Inc. in response to Bungie's subpoena to Stripe Inc.

25         Bungie may also call any witness identified on Defendants' witness list.

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Bungie reserves the right to call additional witnesses who may not be identified here for

2   purposes of rebuttal or impeachment.

3

4       **On behalf of Defendants:**

5       1.      David Schaefer, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave.

6   N. Ste. 240, Bainbridge Island, WA 98110, will testify as to the operation of Phoenix Digital

7   including its business model. He will deny the various unfounded accusations made by Bungie in

8   this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital

9   "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He will

10  further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and

11  caused harm to Phoenix Digital. Mr. Schaefer will also testify as to all accusations that may be

12  made against him and/or Phoenix Digital at trial by Bungie.

13      2.      James May, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave. N.

14  Ste. 240, Bainbridge Island, WA 98110, will testify that he is not and has never been a part of

15  Phoenix Digital and had nothing to do with the alleged, "cheat" software that is the subject matter

16  of this lawsuit, including, but not limited to, the creation, development and/or distribution of the

17  software. Mr. May will testify that he has never received any of the proceeds from distribution or

18  sale of the subject software. Mr. May will deny the various unfounded accusations made by Bungie

19  in this case, including but not limited to Bungie's unfounded accusations that he helped develop

20  or otherwise "created" the subject software. Phoenix Digital "copied" any copyrighted materials

21  of Bungie and/or infringed Bungie's trademarks. He will further testify as to how Bungie, without

22  his authorization, unlawfully accessed his private computer files and caused harm to him. Mr. May

23  will also testify as to all accusations that may be made against him at trial by Bungie.

24      3.      Jordan Green, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave. N.

25  Ste. 240, Bainbridge Island, WA 98110, may testify (possible witness only) as to the operation of

26  Phoenix Digital Group including its business model. He will deny the various unfounded

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –11

164435028

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He may further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused harm to Phoenix Digital. Mr. Green may also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

4.      Jeffrey Conway, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave. N. Ste. 240, Bainbridge Island, WA 98110, may testify (possible witness only) as to the operation of Phoenix Digital Group including its business model. He will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He may further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused harm to Phoenix Digital. Mr. Conway may also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

5.      Donald McGowan, c/o William Rava, Perkins Coie LLP, 1201 Third Ave., Suite 4900, Seattle, WA 98101, will testify as to public statements he has made on behalf of Bungie concerning Bungie's desire and efforts to combat "cheating" in Destiny 2.

6.      John Doe,[2] 550 106th Avenue NE, Suite 207, Bellevue, WA 98004, will testify as to his acquisition of software from the "Aimjunkies" website, including but not limited to his use of an assumed name in doing so and his agreement to the Aimjunkies/Phoenix Digital Terms of Service in so doing. John Doe will also testify as to the circumstances under which he was instructed or otherwise induced to perform these acts on behalf of Bungie.

7.      Dr. Edward Kaiser (will testify) (Adverse Witness) 550 106th Avenue NE, Suite 207, Bellevue, WA 98004-5088.  Dr. Kaiser will testify that he never saw, used, analyzed or otherwise inspected the software at issue in this action.

---

[2] "John Doe" refers to the individual whose identifying information is protected from disclosure pursuant to the Court's May 2, 2023 Order granting Bungie's motion for protective order. Dkt. No. 126.  The continued protection of John Doe's identifying information is the subject of Bungie's Motion in Limine.  Dkt. No. 204.

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –12

164435028

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1      8.      Mr. Steven Guris (possible witness only) (Adverse Witness) 550 106th Avenue NE,

2    Suite 207, Bellevue, WA 98004-5088.  Mr. Guris may testify that he never saw, used, analyzed or

3    otherwise inspected the software at issue in this action.

4        Defendants may also call any witness identified on Plaintiff's Witness list.

5        Defendants reserve the right to call additional witnesses who may not be identified here for

6    purposes of rebuttal or impeachment.

7                  **VII.    EXHIBITS**

8        Bungie's exhibit list, including Defendants' stipulations, and authenticity and/or

9    evidentiary objections are attached hereto as **Appendix A**.

10        Defendants' exhibit list, including Bungie's stipulations, and authenticity and/or

11    evidentiary objections are attached hereto as **Appendix B**.

12        Bungie's deposition designations are attached as **Appendix C**.

13             **VIII.   ACTION BY COURT**

14    (a)      This case is scheduled for trial before a jury on December 4, 2023, at 9:00 a.m.

15    (b)      Trial briefs shall be submitted to the Court on or before November 9, 2023.

16    (c)      Jury instructions requested by either party shall be submitted to the Court on or

17    before November 9, 2023.  Suggested questions of either party to be asked of the jury by the Court

18    on voir dire shall be submitted to the Court on or before November 9, 2023.

19

20

21

22        This order has been approved by the parties as evidenced by the signatures of their counsel.

23    This order shall control the subsequent course of the action unless modified by a subsequent order.

24    This order shall not be amended except by order of the Court pursuant to agreement of the parties

25    or to prevent manifest injustice.

26

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –13

164435028

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

Dated: November 9, 2023

2

By: *s/Jacob P. Dini*                                    By: *s/Philip P. Mann*
3      William C. Rava, Bar No. 29948                Philip P. Mann, WSBA No. 28860
       Christian W. Marcelo, Bar No. 51193        **Mann Law Group PLLC**
4      Jacob P. Dini, Bar No. 54115                    403 Madison Ave., Ste 240
       **Perkins Coie LLP**                                 Bainbridge Island, Washington 98110
5      1201 Third Avenue, Suite 4900               Phone (206) 436-0900
       Seattle, Washington 98101-3099           phil@mannlawgroup.com
6      Telephone: +1.206.359.8000
       Facsimile: +1.206.359.9000                   *Attorneys for Defendants*
7      WRava@perkinscoie.com
       CMarcelo@perkinscoie.com
8      JDini@perkinscoie.com

9      *Attorneys for Plaintiff Bungie, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] PRETRIAL ORDER
(No. 2:21-cv-00811) –14

164435028

# APPENDIX A

Bungie v. AimJunkies.com
USDC Western District of Washington-Seattle Case No. 2:21-cv-811

**BUNGIE, INC.'S TRIAL EXHIBIT LIST - NOVEMBER 9, 2023**

| TX No. | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 1 | Bungie Destiny 2: Audiovisual Copyright Registration & Deposit Materials re U.S. Copyright Registration Number: PA 2-282-670 | | | X | | Stipulate to authenticity and admissibility of U.S. Copyright Registration Number TX 8-933-655.  Remaining documents subject to authenticity and admissibility challenge at trial. |
| 2 | Bungie Destiny 2: Software Code Copyright Registration & Deposit Materials re U.S. Copyright Registration Number: TX 8-933-655 | | | X | | Stipulate to authenticity and admissibility of U.S. Copyright Registration Number TX 8-933-655.  Remaining documents subject to authenticity and admissibility challenge at trial. |
| 3 | Bungie Destiny 2: Beyond Light Audiovisual Copyright Registration & Deposit Materials  re U.S. Copyright Registration Number: PA 2-280-030 | | | X | | Stipulate to authenticity and admissibility of U.S. Copyright Registration Number TX 8-933-655.  Remaining documents subject to authenticity and admissibility challenge at trial. |
| 4 | Bungie Destiny 2: Beyond Light Software Code Copyright Registration & Deposit Materials  re U.S. Copyright Registration Number: TX 8-933-655 | | | X | | Stipulate to authenticity and admissibility of U.S. Copyright Registration Number TX 8-933-655.  Remaining documents subject to authenticity and admissibility challenge at trial. |
| 5 | Bungie Destiny 2:  Beyond Light Copyright Registration & Deposit Materials - video file titled: Beyond_Light_Launch_B_Roll_16x9_1080p30_H264.mp4 | | | X | | Stipulate to authenticity and admissibility of U.S. Copyright Registration Number TX 8-933-655.  Remaining documents subject to authenticity and admissibility challenge at trial. |
| 6 | Trademark Registration Certificate for DESTINY (& design) (U.S. Reg. No. 4,321,315) | | X | | | Relevance |
| 7 | DESTINY (& design) mark | | X | | | Relevance |
| 8 | Destiny design mark | | X | | | Relevance |
| 9 | USPTO TSDR report re mark: Destiny 2: Beyond Light | | X | | | Relevance |
| 10 | USPTO TSDR report re mark: Destiny 2: The Witch Queen | | X | | | Relevance |
| 11 | USPTO TSDR report re mark: Destiny 2: Lightfall | | X | | | Relevance |
| 12 | Screenshot of Destiny 2 trailer | | X | | | Relevance |
| 13 | Screenshot of Destiny 2 trailer | | X | | | Relevance |
| 14 | 2020-11-02 Video advertising cheat software | | | x | | Also, Relevance |
| 15 | 2020-11-02 Screenshot TikTok page with video | | | X | | Also, Relevance |
| 16 | Screenshots of cheat | | | X | | Also, Relevance |
| 17 | D2 Base (v1.0.5.0) Object Code.zip | | | X | | |
| 18 | D2 BeyondLight  (v3.0.0.1) Object Code.zip | | | X | | |
| 19 | Bungie LSLAs from January 2019 – August 24, 2021 | | X | | | Relevance |
| 20 | March 6, 2020 LSLA | X | | | | |
| 21 | Phoenix Digital Group, LLC Agreement (January 2016) | | X | | | Relevance |
| 22 | Entity Information re Phoenix Digital Group LLC | | X | | | Relevance |
| 23 | 2019 Phoenix Digital Group 1065 Tax Form | X | | | | |
| 24 | 2020 Phoenix Digital Group 1065 Tax Form | X | | | | |
| 25 | 7837 PayPal Account Information Sheet | | X | | | Relevance |
| 26 | 7837 PayPal Account Transaction Sheet | | X | | | Relevance |
| 27 | 7837 PayPal Account Transaction Sheet | | X | | | Relevance |
| 28 | 7837 PayPal Account Transaction Sheet | | X | | | Relevance |
| 29 | J. May PayPal Account Information Sheet | | X | | | Relevance |
| 30 | J. May PayPal Account Transaction Sheet | | X | | | Relevance |
| 31 | J. May PayPal Account Transaction Sheet | | X | | | Relevance |
| 32 | `7697 PayPal Account Information Sheet (AimJunkies.com account) | | X | | | Relevance |
| 33 | Excel Spreadsheet filename: Transactions for PayPal Account 1609691869551427696.xlsx *(AimJunkies.com account)* | | X | | | Relevance |
| 34 | 3990 PayPal Account Information Sheet | | X | | | Relevance |

USDC Western District of Washington-Seattle Case No. 2:21-cv-811

**BUNGIE, INC.'S TRIAL EXHIBIT LIST - NOVEMBER 9, 2023**

| TX No. | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 35 | 3990 PayPal Account Transaction Sheet | | X | | | Rellevance |
| 36 | PayPal Account Information Sheet 1924158087678175184 | | X | | | Relevance |
| 37 | '1346 PayPal Account Information Sheet (Virtual Advantage Account) | | X | | | Relevance |
| 38 | '1346 PayPal Account Transaction Sheet (Virtual Advantage Account) | | X | | | Relevance |
| 39 | PayPal Account Information Sheet | | X | | | Relevance |
| 40 | '0031 PayPal Account Information Sheet (PDG Business account) | | X | | | Relevance |
| 41 | '0031 PayPal Account Transaction Sheet (PDG Business account) | | X | | | Relevance |
| 42 | '0031 PayPal Account Transaction Sheet (PDG Business Account) | | X | | | Relevance |
| 43 | 0761 PayPal Account Information Sheet (Mombot Account) | | X | | | Relevance |
| 44 | 0761 PayPal Account Transaction Sheet (Mombot Account) | | X | | | Relevance |
| 45 | '3104 PayPal Account Information Sheet (Velocity Cheats account) | | X | | | Relevance |
| 46 | '3104 PayPal Account Transaction Sheet (Velocity Cheats account) | | X | | | Relevance |
| 47 | PayPal Account Information Sheet 1546337061400041990 (Jeff Conway) | | X | | | Relevance |
| 48 | PayPal Account Information Sheet 1967548227410947364 (Robin Conway) | | X | | | Relevance |
| 49 | Spreadsheet re:Transactions for PayPal Account 1967548227410947364  (Jeff Conway) | | X | | | Relevance |
| 50 | PayPal Account Information Sheet 1594988406934926036 (Robin Conway) | | X | | | Relevance |
| 51 | Transactions for PayPal Account 1594988406934926036 (Jordan Green) | | X | | | Relevance |
| 52 | Purchase receipt | | | X | | |
| 53 | Screenshot from AJ website re Destiny 2 - Cheat Information | | X | | | |
| 54 | Aimjunkies.com screenshot - Thread: Destiny 2 - Cheat Information | | X | | | |
| 55 | Aimjunkies.com Subscription Information page for Destiny 2 VIP Access cheat.  Payment page. | | X | | | |
| 56 | Aimjunkies.com screenshot - Subscription Information - Destiny 2 VIP Access | | X | | | |
| 57 | Screenshot from AJ website support forum thread | | X | | | |
| 58 | Screenshot from AJ website support forum | | X | | | |
| 59 | Screenshot from AJ website | | X | | | |
| 60 | Screenshot from AJ website support forums | | X | | | |
| 61 | Screenshot from AJ website support forums | | X | | | |
| 62 | Screenshot from AJ website support forums | | X | | | |
| 63 | Screenshot of Virtual Advantage website | | | | | |
| 64 | Screenshot from AJ website | | X | | | |
| 65 | Screenshot of Wayback Machine archived page re AJ website | | X | | | |
| 66 | Screenshot of archive.today historical web page re AJ website | | | X | | |
| 67 | Screenshot of AJ website | | | x | | |
| 68 | AimJunkies web page captured on December 20, 2022 | | x | | | Relevance |
| 69 | 2019-10-12 User report | | | X | | |
| 70 | Weekly Game Security Reports | | | X | | |
| 71 | 2020-01-31 Email re Preparing PR/Community response to cheating in Trials (with attachment) | | | X | | |
| 72 | November 2019 - January 2020 emails from AimJunkies.com to Schaefer | | X | | | Relevance |
| 73 | 2019-12-07 Email from Admin@aimjunkies.com to Schaefer. | | X | | | Relevance |
| 74 | 2019-12-17 Email from Admin@aimjunkies.com to Schaefer. | | X | | | Relevance |

USDC Western District of Washington-Seattle Case No. 2:21-cv-811

**BUNGIE, INC.'S TRIAL EXHIBIT LIST - NOVEMBER 9, 2023**

| TX No. | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 75 | 2019-12-31 Email from Admin@aimjunkies.com to Schaefer. | | X | | | Relevance |
| 76 | 2020-01-03 Email from Admin@aimjunkies.com to Schaefer. | | X | | | Relevance |
| 77 | December 2019 emails from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 78 | 2019-12-17 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 79 | 2019-12-20 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 80 | 2019-12-21 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 81 | 2019-12-22 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 82 | 2019-12-23 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 83 | 2019-12-24 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 84 | 2019-12-25 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 85 | 2019-12-26 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 86 | 2019-12-27 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 87 | 2019-12-28 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 88 | 2019-12-29 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 89 | 2019-12-30 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 90 | 2019-12-31 Email from AimJunkies to ssjasongaming.com | | X | | | Relevance |
| 91 | J. May login notifications | | | X | | |
| 92 | PayPal receipt for purchase of cheat | X | | | | |
| 93 | 2020-01-03 Email from Bungie Network Operations Center RE: Incoming Ban Wave | | | X | | |
| 94 | 2020-01-07 Email from Bungie re Internal DPS Email: CHEATING REPORT | | | X | | |
| 95 | 2020-01-07 Cheat report from Bungie.net user Gladiator | | | X | | |
| 96 | 2020-02-14 Email RE: 860792 - Analyze the aim junkies crash dumps to determine how it works | | | X | | |
| 97 | 2020-02-05 GST team update | | | X | | |
| 98 | 2020-02-05 GST team update | | | X | | |
| 99 | 2020-10-14 Teams message | | | X | | |
| 100 | 2020-10-14 Emails | | | X | | |
| 101 | 2020-10-29 Teams message | | | x | | |
| 102 | 2020-10-30 Email re AimJunkies | | | X | | |
| 103 | 2020-11-04 Letter from M. Humphrey to J. Conway (Conway DX 13) | X | | | | |
| 104 | 2020-11-04 Letter from M. Humphrey to J. Conway (Schaefer DX 43 ) | X | | | | |
| 105 | 2020-11-08 Proof of Service of Letter to J. Conway | X | | | | |
| 106 | 2020-11-09 MSK Email to J. Green with  letter attached | X | | | | |
| 107 | 2020-11-09 Email from MSK to Schaefer with letter attached | X | | | | |
| 108 | 2020-11-11 Email re banned accounts | | | X | | |
| 109 | 2020-11-11 Email re Swify association with AimJunkies | | | X | | |
| 110 | 2020-11-20 Email re DNS for AimJunkies | | | X | | |
| 111 | AimJunkies Twitter | | | X | | |
| 112 | Screenshot of 2020-11-11 Tweet by AimJunkies account | | | X | | |
| 113 | 2020-11-20 LTR Conway to Humphrey | | X | | | Relevance |

USDC Western District of Washington-Seattle Case No. 2:21-cv-811

**BUNGIE, INC.'S TRIAL EXHIBIT LIST - NOVEMBER 9, 2023**

| TX No. | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 114 | 2020-12-11 Email from V. Salinas (Perkins Coie) to J. Conway | | X | | | Relevance |
| 115 | 2020-12-11 LTR Simpkins to Conway | | X | | | Relevance |
| 116 | 2021-01-11 Email re Special action | | | X | | |
| 117 | 2021-02-24 Email to GST | | | X | | |
| 118 | 2021-02-25 Email re AimJunkies | | | X | | |
| 119 | 2021-02-25 Email re AimJunkies | | | X | | |
| 120 | 2021-02-25 Email re AimJunkies | | | X | | |
| 121 | 2021-02-25 Email re J. May, Phoenix Digital Group | | | X | | |
| 122 | 2021-02-25 Email re Phoenix Digital Group | | | X | | |
| 123 | 2021-02-25 Email re swify | | | X | | |
| 124 | March 7, 2021 Resignation Letter from PDG | X | | | | |
| 125 | 2021-04-22 Email re Aimjunkies | | | X | | |
| 126 | 2021-06-15 Email re Aimjunkies | | | X | | |
| 127 | 2021-06-29 Letter from K. Martin (prior counsel) to H. Simpkins | X | | | | |
| 128 | 2021-08-26 Email sent by D. Schaefer to Bungie's CEO, Pete Parsons | | X | | | Relevance |
| 129 | 2022-01-31 Press Release "Sony Interactive Entertainment to Acquire Leading Independent Videogame Developer, Bungie"<br><br>https://www.sie.com/en/corporate/release/2022/220201.html (captured on June 9, 2022) | | X | | | Relevance |
| 130 | Screenshot of the metadata associated with the .pdf file located at https://torrentfreak.com/images/BME-to-Acquire-.pdf (captured on June 9, 2022) | | | X | | |
| 131 | 2022-04-28 Article:  "Court Dismisses Bungie's Copyright Claims Against Cheat Seller AimJunkies, for Now"<br><br>https://torrentfreak.com/court-dismisses-bungies-copyright-claims-against-cheat-seller-aimjunkies-for-now-220528/ (captured on May 16, 2022) | | X | | | Relevance, Prejudice |
| 132 | Website Asset Purchase Agreement. | X | | | | |
| 133 | "Press release" from PDG / Blome | X | | | | |
| 134 | 2022-05-23 Article:"Bungie Takes Another Shot at Cheat Seller AimJunkies in Court"<br><br>https://torrentfreak.com/bungie-takes-another-shot-a-cheat-seller-aimjunkies-in-court-220523/ | | X | | | Relevance, Prejudice |
| 135 | 2022-05-19 Exhibits to W. Rava Declaration in Support of Plaintiff's  Motion for Preliminary Injunction (Dkt. No. 37-1) | X | | | | |
| 136 | Banned player spreadsheet | | | X | | Relevance, Prejudcice |
| 137 | Banned player appeal spreadsheet | | | X | | Relevance, Predudice |
| 138 | James May ban history | | | X | | Relevance, Prejudice |
| 139 | Spreadsheet: 2022 09 15 Bungie - In Game Cheater Reports  Oct 2019 through Feb 2021.csv | | | X | | |
| 140 | Stripe sales records produced by Defendants in first document production. October 2020 through January 2021 | | | X | | |
| 141 | Stripe Spreadsheet | | | X | | |
| 142 | Spreadsheet: List of Stripe accounts | | | X | | |
| 143 | Spreadsheet: List of transactions associated with all Stripe accounts from STRIPE_0000001 | | | X | | |
| 144 | Spreadsheet: Additional list of transactions associated with all Stripe accounts | | | X | | |
| 145 | 2022-01-10 Declaration of David Schaefer in Support of Defendants' Motion to Dismiss and/or Refer to Mandatory Arbitration   (Dkt 28-5, 28-6) | | X | | | Relevance, Prejudice |
| 146 | 2022-06-06 Declaration of David Schaefer in Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt 39-1, 39-2) | | X | | | Relevance, Prejudice |

USDC Western District of Washington-Seattle Case No. 2:21-cv-811

**BUNGIE, INC.'S TRIAL EXHIBIT LIST - NOVEMBER 9, 2023**

| TX No. | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 147 | 2022-06-09 Declaration of David Schaefer in Support of Defendants' Motion to Dismiss  (Dkt 40-3) | | X | | | Relevance, Prejudice |
| 148 | 2022-10-24 Declaration of David Schaefer in Support of Defendants' Motion to Dismiss  (Dkt 67-2) | | X | | | Relevance, Prejudice |
| 149 | 2023-04-10 Declaration of David Schaefer in Opposition to Plaintiff's Motion for Sanctions and to Compel Discovery (Dkt 107-4) | | X | | | Relevvance, Prejudice |
| 150 | 2022-06-09 Declaration of James May in Support of Defendants' Motion to Dismiss  (Dkt 40-4) | | X | | | Relevance, Prejudice |
| 151 | 2022-10-24 Declaration of James May in Support of Defendants' Motion to Dismiss  (Dkt 67-1) | | X | | | Relevance, Prejudice |
| 152 | 2023-08-07 Declaration of James May in Opposition to Plaintiff's Motion for Summary Judgment (Dkt 175) | | X | | | Relevance, Prejudice |
| 153 | 2022-06-09 Declaration of Jeffrey Conway in Support of Defendants' Motion to Dismiss  (Dkt 40-1) | | X | | | Relevance, Prejudice |
| 154 | 2022-06-09 Declaration of Jordan Green in Support of Defendants' Motion to Dismiss  (Dkt 40-2) | | X | | | Relevance, Prejudice |
| 155 | 2022-07-25 Defendant Phoenix Digital Group LLC's Responses to Plaintiff's First Set of Interrogatories Nos. 1-7 | | X | | | Relevance, Prejudice |
| 156 | 2022-09-02 Defendant Phoenix Digital Group LLC's Responses to Plaintiff's First Set of Interrogatories Nos. 2, 6, 7 | | X | | | Relevance, Prejudice |
| 157 | 2022-10-10 Defendant James May's Responses to Plaintiff's First Set of Interrogatories Nos. 1-5 | | X | | | Relevance, Prejudice |
| 158 | 2022-10-10 Defendant Phoenix Digital Group LLC's Responses to Plaintiff's Second Set of Requests for Production Nos. 31 - 43 | | X | | | Relevance, Prejudice |
| 159 | 2023-03-03 Defendant James May's Responses to Plaintiff's Second Set of Interrogatories Nos. 6-8 | | X | | | Relevance, Prejudice |
| 160 | 2023-03-14 Defendant James May's Supplemental Response to Plaintiff's Interrogatory No. 8 | | X | | | Relevance, Prejudice |
| 161 | 2023-03-15 Defendant Phoenix Digital Group LLC's Supplemental Response to Plaintiff's Interrogatory No. 10 | | X | | | Relevance, Prejudice |
| 162 | Declaration of Custodian of Records of PayPal, Inc. with Objections and Responses to Subpoena attached | | X | | | Relevance |
| 163 | 2022-02-10 Bungie's Demand for Arbitration | | X | | | Relevance, Prejudice |
| 164 | 2022-06-22 Respondents Response to Demand for Arbitration | | X | | | Relevance |
| 165 | 2022-10-10 Respondents' Responses to Claimants First Set of Interrogatories Nos.1-11 | | X | | | Relevance |
| 166 | 2022-10-10 Respondents' Responses to Claimants First Set of Requests for Production Nos. 1-8 | | X | | | Relevance |
| 167 | Compilation of court orders: 2023-06-13 Order confirming Arbitration Award (Dkt 140); 2023-02-16 Final Arbitration Award (Dkt. 89-1); 2023-06-13 Partial Judgment (Dkt. No. 141) | | X | | | Relevance |
| 168 | 2023-06-23 Minute Order re Bungie's Sanctions Motion (Dkt 142) | | X | | | Relevance |
| 169 | Expert CV of Steven Guris | X | | | | |
| 170 | Screenshot filename: aimjunkies-install-instructions-1.png | | | X | | |
| 171 | Screenshot filename: aimjunkies-install-instructions-2.png | | | x | | |
| 172 | Screenshot filename: destiny2-ads-1.png | | | X | | |
| 173 | Screenshot filename: destiny2-ads-2.png | | | X | | |
| 174 | Screenshot filename: destiny2-guardian.png | | | X | | |
| 175 | Screenshot filename: destiny2-hud.png | | | x | | |
| 176 | Screenshot filename: destiny2-ingame-store.png | | | X | | |

USDC Western District of Washington-Seattle Case No.  2:21-cv-811

**BUNGIE, INC.'S TRIAL EXHIBIT LIST - NOVEMBER 9, 2023**

| TX No. | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 177 | Screenshot filename: destiny2-silver-packages.png | | | X | | |
| 178 | Screenshot filename: virustotal-aimjunkies-loader-archive.png | | | X | | |
| 179 | Screenshot filename: virustotal-aimjunkies-loader-executable.png | | | X | | |
| 180 | Virustotal screenshot | | | X | | |
| 181 | Expert CV of Drew Voth | X | | | | |
| 182 | Bungie GST guidelines | | | X | | |
| 183 | Data Ingestion Pipeline | | | X | | |
| 184 | 2020-10-14 Email Re: Bungie + CheckPoint/NovaCoast sync | X | | | | |
| 185 | 2021-01-06 Email Re: Bungie + CheckPoint/NovaCoast sync (with attachment) | X | | | | |
| 186 | 2023-10-16 Order (Dkt 201) granting in part and denying in part Plaintiff Bungie, Inc.'s motion for summary judgment | | X | | | Relevance |
| 187 | 2023-11-01 Order (Dkt 216) granting the derred portion of Plaintiff's motio for discovery sanctions docket no. 99. | | x | | | Relevance |

# APPENDIX B

BungieVRumbleries.com

USDC Western District of Washington-Seattle Case No. 2:21-cv-811

**TABLE OF DEFENDANTS' TRIAL EXHIBITS - NOVEMBER 9, 2023**

| Exhibit # | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 200 | Expert Report – Brad LaPorte | | X | | | Hearsay (801). Prejudicial (403). Relevance (401). |
| 201 | Brad LaPorte Resume | X | | | | |
| 202 | Brad LaPorte Publications | | | X | | Hearsay (801). Relevance (401). Authenticity. |
| 203 | Amended Answer and Counterclaim (DKT#72) | | X | | | Hearsay (801). Relevance (401). |
| 204 | BUNGIE_WDWA_0000409.XLSX | X | | | | |
| 205 | Bungie Privacy Policy (DKT#66-1) | X | | | | |
| 206 | Bungie LSLA (Dkt#34-1) | X | | | | |
| 207 | BUNGIE_WDWA_0000367 | X | | | | |
| 208 | Phoenix Digital Terms of Service (DKT#75-2) | | | X | | Authenticity. Hearsay (801). Relevance (401). |
| 209 | BUNGIE_WDWA_0000468 | | X | | | Hearsay (801). Foundation. Relevance (401). |
| 210 | BUNGIE_WDWA_0000413 | X | | | | |
| 211 | BUNGIE_WDWA_0000415 | X | | | | |
| 212 | BUNGIE_WDWA_0000464 | X | | | | |
| 213 | BUNGIE_WDWA_0000465 | X | | | | |
| 214 | BUNGIE_WDWA_0000466 | X | | | | Same as TX 92 |
| 215 | BUNGIE_WDWA_0000467 | X | | | | |
| 216 | BUNGIE_WDWA_0000479 | | X | | | Hearsay (801). |
| 217 | BUNGIE_WDWA_0000481 | X | | | | |
| 218 | BUNGIE_WDWA_0000482 | X | | | | |
| 219 | BUNGIE_WDWA_0000516-7 | | X | | | Relevance (401). |
| 220 | BUNGIE_WDWA_0000539 | X | | | | |
| 221 | BUNGIE_WDWA_0000540 | X | | | | |
| 222 | BUNGIE_WDWA_0000541 | X | | | | |
| 223 | BUNGIE_WDWA_0000368 (AEO) | X | | | | |
| 224 | BUNGIE_WDWA_0000410 (AEO) | X | | | | |
| 225 | BUNGIE_WDWA_0000412 (AEO) | X | | | | |
| 226 | BUNGIE_WDWA_0000416 (AEO) | X | | | | |
| 227 | BUNGIE_WDWA_0000417 (AEO) | X | | | | Same as Ex. 224 |
| 228 | BUNGIE_WDWA_0000419 (AEO) | X | | | | Same as Ex. 225 |
| 229 | BUNGIE_WDWA_0000420 (AEO) | X | | | | |
| 230 | BUNGIE_WDWA_0000421 (AEO) | X | | | | Same as Ex. 223 |
| 231 | BUNGIE_WDWA_0000463 (AEO) | X | | | | Same as Ex. 229 |
| 232 | BUNGIE_WDWA_0000606-7 | X | | | | |
| 234 | Mann Declaration Exhibit A (DKT#191-1) | X | | | | |
| 235 | Mann Declaration Exhibit B (DKT#191-2) | X | | | | |

bungienmtlawfiles.com

USDC Western District of Washington-Seattle Case No. 2:21-cv-811

**TABLE OF DEFENDANTS' TRIAL EXHIBITS - NOVEMBER 9, 2023**

| Exhibit # | Description | Admissibility Stipulated | Authenticity Stipulated / Admissibility Disputed | Authenticity Disputed | Admitted (for Court use) | Objection Basis / Notes |
|---|---|---|---|---|---|---|
| 236 | Mann Declaration Exhibit C (DKT#191-3) | X | | | | |
| 237 | Mann Declaration Exhibit D (DKT#191-4) | X | | | | |
| 238 | Kaiser Declaration (DKT#36) | X | | | | |
| 239 | Kaiser Declaration (DKT#66) | X | | | | |
| 240 | Kaiser Declaration (DKT#158) | X | | | | |
| 241 | Kaiser Declaration Exhibit 2 (AEO) (DKT#159) | X | | | | Same as TX 136 |
| 242 | Kaiser Declaration (DKT#183) | X | | | | |
| 243 | BUNGIE_JAMS_0000060 | X | | | | Same as TX 214 |
| 244 | BUNGIE_JAMS_0001026 | X | | | | |
| 245 | BUNGIE_JAMS_0001059 | X | | | | Same as TX 95 |
| 246 | BUNGIE_JAMS_0001061-2 | X | | | | |
| 247 | BUNGIE_JAMS_0001153 | X | | | | |
| 248 | BUNGIE_JAMS_0001383 | X | | | | |
| 249 | BUNGIE_JAMS_0000720 | X | | | | Same as TX 218 |
| 250 | BUNGIE_JAMS_0000060 | X | | | | Same as TX 214 |
| 251 | BUNGIE_JAMS_0000060 | X | | | | Same as TX 214 |
| 252 | BUNGIE_JAMS_0000060 | X | | | | Same as TX 214 |
| 253 | Arbitration Exhibit PDG0004 | | | X | | Authenticity.  Hearsay (801).  Relevance (401). |
| 254 | Arbitration Exhibit PDG0006 | | | X | | Authenticity.  Hearsay (801).  Relevance (401). |
| 255 | Arbitration Exhibit PDG0014a | | | X | | Authenticity.  Hearsay (801).  Relevance (401). |
| 256 | Arbitration Exhibit PDG0014b | | | X | | Authenticity.  Hearsay (801).  Relevance (401). |
| 257 | Arbitration Exhibit PDG0015 | | | X | | Authenticity.  Hearsay (801).  Relevance (401). |
| 258 | Arbitration Exhibit PDG0018 | | | X | | Authenticity.  Hearsay (801).  Relevance (401). |
| 259 | Arbitration Exhibit PDG0066 | | | X | | Authenticity.  Hearsay (801).  Relevance (401).  Same as TX208 |
| 260 | Arbitration Exhibit PDG0087 | | | X | | Authenticity.  Hearsay (801).  Relevance (401). |
| 261 | | | | | | |
| 262 | | | | | | |
| 263 | | | | | | |
| 264 | | | | | | |
| 265 | | | | | | |
| 266 | | | | | | |
| 267 | | | | | | |

# APPENDIX C
# FILED UNDER SEAL