UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

        Plaintiff,

v.

AIMJUNKIES.COM, et al.,

        Defendants.

C21-0811 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motions in limine, docket no. 204, are GRANTED in part, DENIED in part, and DEFERRED in part as follows:

    1.1 Plaintiff's motion to instruct the jury that the Arbitration Award's finding that Plaintiff owns copyrights in *Destiny 2* and *Destiny 2: Beyond Light*, is true is GRANTED in part and DENIED in part. The parties have stipulated that Plaintiff owns copyrights in *Destiny 2* and *Destiny 2: Beyond Light*. *See* Admitted Fact 3, Proposed Pretrial Ord. at 5 (docket no. 227). The Court will not instruct the jury that this finding was made by the Arbitrator.

    1.2 Plaintiff's motion to instruct the jury that the Arbitration Award's finding that Defendant May developed the Cheat Software sold on AimJunkies.com while working with and for the benefit of the other Defendants, is true is DENIED. The Arbitrator did not make this precise finding.

    1.3 Plaintiff's motion to instruct the jury that the Arbitration Award's finding that to operate, the Cheat Software necessarily creates (a) unauthorized copies of the *Destiny 2* and *Destiny 2: Beyond Light* code and (b) unauthorized

MINUTE ORDER - 1

derivative works of *Destiny 2* and *Destiny 2: Beyond Light*, is true is DENIED. Any such finding was not necessary to the Arbitrator's Final Award.

       1.4     Plaintiff's motion to instruct the jury that the Arbitration Award's finding that the Cheat Software was designed to circumvent the protections in place in *Destiny 2* and *Destiny 2: Beyond Light* and that the Cheat Software loader was designed to circumvent protections by injecting code into the *Destiny 2* and *Destiny 2: Beyond Light* programs without detection in violation of 17 U.S.C. § 1201(b), is true is DEFERRED to the Pretrial Conference.

       1.5     Plaintiff's motion to instruct the jury that the Arbitration Award's finding that Defendants willfully violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201, through their development and sale of the Cheat Software, is true is DENIED. The issue of willfulness is not relevant to the issues remaining for trial.

       1.6     Plaintiff's motion to instruct the jury that the Arbitration Award's finding that Defendants sold at least 1,316 copies of the Cheat Software, is true is GRANTED in part and DENIED in part. Defendants concede that they sold no more than about 1,500 copies of the Cheat Software. *See* Defs.' Resp. at 9–10 (docket no. 231). The Court will not instruct the jury that this finding was made by the Arbitrator. The Court will address at the Pretrial Conference whether the parties can agree on the number of copies sold by Defendants.

       1.7     Plaintiff's motion to instruct the jury that the Arbitration Award's finding that Defendant May, acting in concert with and for the benefit of Defendants, breached Plaintiff's Limited Software License Agreement multiple times by reverse engineering *Destiny 2* and *Destiny 2: Beyond Light*, which the Limited Software License Agreement expressly prohibits, is true is DENIED. This finding is not relevant to Plaintiff's sole remaining claim for copyright infringement.

       1.8     Plaintiff's motion to instruct the jury that Defendants spoliated evidence is GRANTED in part. The Court will instruct the jury consistent with this Court's Order, docket no. 216; the Court will not advise the jury about any of Judge Cox's findings.

       2.1     Plaintiff's motion to preclude Defendants from calling Plaintiff's General Counsel, Don McGowan, as a witness is GRANTED.

       2.2     Plaintiff's motion to preclude Defendants from introducing evidence or testimony regarding Plaintiff's alleged breaches of Phoenix Digital Group LLC's Terms of Service is GRANTED.

2.3 Plaintiff's motion to preclude Defendants from introducing any evidence or testimony related to Defendants' withdrawn expert Scott Kraemer is DEFERRED to the Pretrial Conference.

2.4 Plaintiff's motion to preclude Defendants from introducing testimony regarding how the Cheat Software or Cheat Loader Software operate on a programming level is DENIED.

9. Plaintiff's motion to preclude any identifying information as to the witness designated in these proceedings as John Doe is DEFERRED to the Pretrial Conference.

(2) Defendants' motions in limine, docket no. 212, are GRANTED in part, DENIED in part, and DEFERRED in part as follows:

1. Defendants' motion to preclude testimony or evidence referencing the Arbitration Proceedings and Arbitration Award is GRANTED.

2. Defendants' motion to preclude testimony or evidence referencing pre-trial discovery matters, including motions for sanctions and sanctions awards, is GRANTED in part to any sanctions award except as provided in this Court's Order, docket no. 216, related to spoliation.

3. Defendants' motion to preclude reference to the word "Cheat" or phrase "Cheat Software" is DENIED.

4. Defendants' motion to preclude the expert testimony of Dr. Edward Kaiser, Mr. Steven Guris, and Mr. Drew Voth that exceeds the scope of their expert reports or deposition testimony is GRANTED.

5. Defendants' motion to preclude the expert testimony of late disclosed expert Mr. Nate Buckmiller is GRANTED in part and DEFERRED in part to the Pretrial Conference. Mr. Buckmiller will not be allowed to testify as an expert witness. The Court DEFERS to the Pretrial Conference a determination on whether and to what extent, if any, Mr. Buckmiller will be allowed to testify as a fact witness.

6. Defendants' motion to preclude testimony or evidence referencing Plaintiff's litigation against other non-parties is GRANTED.

7. Defendants' motion to exclude reference to, or admission of, Plaintiff's source code not produced in discovery is DEFERRED to the Pretrial Conference. It is not clear what source code Defendants are alleging was not produced in discovery.

MINUTE ORDER - 3

8. Defendants' motion to preclude testimony or evidence regarding theories of liability based on the "Loader" software rather than the Software alleged in the Amended Complaint is DENIED.

9. Defendants' motion to exclude specified portions of Defendant Schaefer's deposition video or transcript identified in Plaintiff's pre-trial disclosures is DENIED. Defendant Schaefer is an individual defendant in this case and the Rule 30(b)(6) designee of Defendant Phoenix Digital Group LLC.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of November, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 4