THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY,<br><br>               Defendants. | No. 2:21-cv-00811<br><br>**PLAINTIFF BUNGIE, INC.'S MOTION FOR RECONSIDERATION**<br><br>NOTE ON MOTION CALENDAR<br>November 16, 2023 |

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164512306.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.      INTRODUCTION

In its Minute Order concerning Plaintiff and Defendants' Motions in *Limine* (the "Order")

(Dkt. No. 241), this Court entered the following two orders relevant to this motion:

> 1.2.   Plaintiff's motion to instruct the jury that the Arbitration
> Award's finding that Defendant May developed the Cheat Software
> sold on AimJunkies.com while working with and for the benefit of
> the other Defendants, is true is DENIED. The Arbitrator did not
> make this precise finding.
>
> 1.3.   Plaintiff's motion to instruct the jury that the Arbitration
> Award's finding that to operate, the Cheat Software necessarily
> creates (a) unauthorized copies of the Destiny 2 and Destiny 2:
> Beyond Light code and (b) unauthorized derivative works of
> Destiny 2 and Destiny 2: Beyond Light, is true is DENIED. Any
> such finding was not necessary to the Arbitrator's Final Award

Pursuant to Local Civil Rule 7(h)(1), Plaintiff Bungie, Inc. ("Bungie") respectfully moves

the Court to reconsider paragraphs 1.2 and 1.3 of its Order.  Bungie moves for reconsideration on

the grounds that paragraphs 1.2 and 1.3 are contrary to the plain text of Judge Ronald Cox's (Ret.)

Final Award (Dkt. No. 89-1) and thus constitutes manifest error.

As to paragraph 1.2, Judge Cox found specifically and repeatedly that (a) James May

developed the Cheat Software, (b) that the Cheat Software was sold on the AimJunkies.com

website, and (c) May acted in concert with and for the benefit of the remaining Defendants.

As to paragraph 1.3, Judge Cox's finding that the Cheat Software necessarily creates

unauthorized copies of *Destiny 2* and unauthorized derivative works was necessary to Judge Cox's

ruling.  Judge Cox needed to find that Defendants trafficked in technology that circumvents

Bungie's measures **that protect a right of Bungie under copyright law**.  Judge Cox found that

the Cheat Software circumvents these measures **because** the Cheat Software produces a result that

infringes Bungie's rights under copyright law to copy and create derivative works based on *Destiny

2.*

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION – 1
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164512306.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**II.      DISCUSSION**

**A.      Legal Standard**

To succeed on a motion for reconsideration, the moving party must show manifest error in the prior ruling.  *United Nat. Foods, Inc. v. Int'l Bhd. of Teamsters, Loc. 117 & Loc. 313*, No. 2:19-CV-01736-RAJ, 2020 WL 6709634, at \*1 (W.D. Wash. Nov. 16, 2020) (quoting Local Rules W.D. Wash. LCR 7(h)(1)); Local Rules W.D. Wash. LCR 7(h)(1); *see also Miller v. Lehman*, No. C04-0671C, 2005 WL 8166021, at \*1 (W.D. Wash. May 20, 2005) (granting motion for reconsideration in the case of manifest error in a prior ruling).

In the Final Award, Judge Cox made numerous findings relevant to Defendants' liability on Bungie's remaining federal claim for copyright infringement.  As previously held by this Court, Judge Cox's findings are binding on these proceedings provided that (1) the issue at stake [was] identical to the one alleged in the prior litigation; (2) the issue [was] actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in the earlier action.  Dkt. No. 201 (*citing Spivak v. Alphabet Inc.*, No. C20-1480, 2021 WL 535211, at \*7 (W.D. Wash. Feb. 12, 2021)); *see also NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019).

**B.      May developed the Cheat Software sold on AimJunkies.com while working with and for the benefit of the other Defendants.**

In its Order, the Court denied Bungie's request to instruct the jury that "May developed the Cheat Software sold on AimJunkies.com while working with and for the benefit of the other Defendants," explaining that in its view, "the Arbitrator did not make this precise finding."  Dkt. No. 241 at 1.  But the plain language of the Final Award is clear, and Judge Cox did make such a finding—and in fact, did so repeatedly.

*First*, the Final Award was clear that May "developed the Cheat Software sold on AimJunkies.com."  Specifically, Judge Cox found that:  "May testified that on many occasions, he connected reverse engineering tools to the *Destiny 2* process in order to reverse engineer it and

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION – 2
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164512306.2

**develop a cheat for the game.**"  Final Award at 11.  By "the game," Judge Cox was clearly

referring back to *Destiny 2*, which is the preceding subject.  *Id*.  He made this even more clear on

the next page stating: "May reverse engineered *Destiny 2* in order to help develop a cheat for

*Destiny 2* that Phoenix [Digital] sold on its website." *Id.* at 12 (emphasis added).  Judge Cox found

that May developed a *Destiny 2* cheat that Phoenix Digital sold on its website.

There was also only one *Destiny 2* cheat at issue in the arbitration, which is the same one

at issue here.  And Defendants only sold one *Destiny 2* cheat.  So the *Destiny 2* cheat that May

developed and was sold by Phoenix Digital is *necessarily* the same one at issue here.  Judge Cox

clearly so found:

> One of the terms of the LSLA prohibited a licensee from reverse
> engineering of Destiny 2. Nevertheless, this is exactly what May did
> a number of times. **This activity allowed Phoenix to modify and
> sell through its website, Aimjunkies.com, a beta version of a
> cheat for Destiny 2**. The beta version of the cheat was followed by
> revisions that included "ESP" and then the full Destiny 2 cheat. Over
> the course of, at least, the next year, May engaged in the
> unauthorized access of Destiny 2 many times. Phoenix sales of **these
> various versions of the cheat** continued throughout this period as
> well.

Final Award at 6-7, ¶ 12 (emphasis added).

In other words, the same cheat that May developed and sold through Aimjunkies.com was

at issue in the arbitration and is at issue here. That's the first part of the requested instruction.

**Second**, the Final Award was clear that May developed the cheat "while working with and

for the benefit of the other Defendants."  Specifically, Judge Cox held that "May testified that on

many occasions, he connected reverse engineering tools to the *Destiny 2* process in order to reverse

engineer it and develop a cheat for the game." Final Award at 11.  In the **next** paragraph, Judge

Cox made clear that "May's actions were also **done in concert with and for the benefit of

respondents**." *Id.* at 12 (emphasis added). Two sentence later, Judge Cox confirms that the

"actions" being referred to are the development of the Cheat Software holding that "May reverse

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION – 3
(No. 2:21-cv-00811)

164512306.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    engineered *Destiny 2* in order to help develop a cheat for *Destiny 2* that Phoenix sold on its

2    website." *Id.*

3          That satisfies the second part of Bungie's requested instruction: that May developed the

4    Cheat Software "**while working with and for the benefit of the other Defendants**." *Id.* at 12.

5          Judge Cox made several other findings that support this position.  For instance, he held that

6    May "**acted in concert with Phoenix [Digital] and its owners** on matters giving rise to the claims

7    that are the subject of this proceeding." *Id.* at 5.  Judge Cox further found that May's reverse

8    engineering of *Destiny 2* "allowed Phoenix [Digital] to modify and sell through its website,

9    AimJunkies.com, a beta version of a cheat for *Destiny 2*" and subsequent versions of the Cheat

10   Software." *Id.* at 6-7.  And Judge Cox addressed and rejected Defendants' argument that May was

11   not an agent of Phoenix Digital, finding that "the evidence shows otherwise" because he

12   "repeatedly attacked" Bungie's defenses using "proprietary signature authority of Phoenix

13   [Digital] to attain his objectives. *Id* at 15; *see also id.* at 16 ("[T]he evidence also shows that [May

14   breached the LSLA multiple times by reverse engineering *Destiny 2*] in concert with Phoenix

15   [Digital] and its owners.").

16         Judge Cox therefore found the specific facts supporting Bungie's request for issue

17   preclusive effect of the finding that "May developed the Cheat Software sold on AimJunkies.com

18   while working with and for the benefit of the other Defendants."  Bungie requests that the Court

19   grant its motion for reconsideration on this issue.

20         **C.    To operate, the Cheat Software necessarily creates (a) unauthorized copies of
               the Destiny 2 code and (b) unauthorized derivative works.**
21
22         The Court also denied Bungie's request to instruct the jury that, "in order to operate, the

23   Cheat Software necessarily creates (a) unauthorized copies of the *Destiny 2* and *Destiny 2: Beyond

     *Light* code and (b) unauthorized derivative works of *Destiny 2* and *Destiny 2: Beyond Light*,"
24
25   holding that "any such finding was not necessary to the Arbitrator's Final Award."  Dkt. No. 241.

26

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION – 4
(No. 2:21-cv-00811)

164512306.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    But Judge Cox's finding that "[t]o operate, the cheats necessarily create unauthorized

2   copies of the *Destiny 2* code and unauthorized derivative works" was necessary to his finding of

3   Defendants liable under 17 U.S.C. § 1201(b).  Final Award at 13; *see also* Dkt. No. 201 at 11

4   (holding that the Cheat Software and loader were found to be illegal at the arbitration and giving

5   Judge Cox's finding preclusive effect in this case).  An element of a DMCA claim under this

6   section required that Bungie show any of the three following criteria:

7       • The Cheat Software "is primarily designed or produced for the purpose of

8         circumventing a technological measure that **effectively protects a right of a**

9         **copyright owner under this title** in a work or a portion thereof,"

10      • The Cheat Software "has only limited commercially significant purpose or use

11        other than to circumvent a technological measure that **effectively protects a right**

12        **of a copyright owner under this title** in a work or a portion thereof," or

13      • The Cheat Software "is marketed by that person or another acting in concert with

14        that person with that person's knowledge for use in circumventing a technological

15        measure that **effectively protects a right of a copyright owner under this title** in

16        a work or a portion thereof."

17   Final Award at 13; 17 U.S.C. § 1201(b)(1)(A)-(C).

18      Thus, it was necessary for Bungie to show, and Judge Cox to find, that the Cheat Software

19   circumvented technological measures that protect a **right** of Bungie under copyright law in *Destiny*

20   *2* and *Destiny 2: Beyond Light*—i.e., the right to copy and/or the right to create derivative works.

21   *Id.*

22      Judge Cox found that Bungie proved that the Cheat Software circumvented Bungie's

23   protections against unauthorized copying or creation of derivative works **because the Cheat**

24   **Software "necessarily create[s] unauthorized copies of the *Destiny 2* code and unauthorized**

25   **derivative works**."  Final Award at 13.  This was a two step process.

26

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION – 5
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164512306.2

1    First, Judge Cox held that "Bungie employs robust methods to protect [*Destiny 2*]."  *Id*. at

2    11.  Then, Judge Cox needed to determine if Defendants circumvented those measures. Ultimately,

3    he found that Bungie had proven circumvention because, Defendants (and their software) **were**

4    **able to do what the measures protected against**:  **copying code and making derivative works.**

5    *Id.* at 13.

6    In other words, Judge Cox found that because Bungie has measures in place to prevent

7    copying and creation of unauthorized derivative works, and because—**despite those**

8    **protections**—the Cheat Software and loader were still able to make copies and derivative works,

9    they necessarily must have circumvented the technological protection measures Bungie had in

10   place to prevent that.  Thus were Defendants liable under 17 U.S.C. § 1201(b).  *Id.*  Without a

11   finding that the Cheat Software and loader copied code and made derivative works, there could be

12   no finding of circumvention in this case.

13   To be clear, that is not to say that circumvention cannot be proven in any other way.

14   However, **in this case**, the evidence showed the Cheat Software and loader operated by copying

15   the *Destiny 2* code and creating derivative works, and that factual finding was a **necessary** part of

16   Judge Cox's holding.

17   Furthermore, Judge Cox's reasoning is entirely consistent with how other courts have

18   found violations of 17 U.S.C. § 1201(b).  *Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 931, 941

19   (N.D. Cal. 2009) is one such case.  There, the court found a § 1201(b) violation because, after

20   using the defendant's circumvention device, the result was "an unauthorized copy" of the

21   plaintiff's copyrighted software.  *Id.*  In *Apple*, the court held that because the plaintiff had

22   protections in place to prevent accessing the copyrighted work, and because the defendants'

23   technology was still able to make copies of that work, there must have been circumvention.  *Id.*

24   Judge Cox made the same finding in the arbitration: after using the Cheat Software, the result on

25   a cheater's computer were unauthorized copies of *Destiny 2* and unauthorized derivative works.

26   Final Award at 13.  This finding was thus **essential** for the Arbitrator's finding of liability.  Because

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION – 6
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164512306.2

1    the other elements for issue preclusion are also met, this issue therefore me be given preclusive

2    effect in this case.

3                    **III.    CONCLUSION**

4          For these reasons, Bungie's Motion for Reconsideration should be granted.

5

6          I certify that this memorandum contains 2,098 words, in compliance with the Local Civil

7    Rules.

8

9

10   Dated: November 16, 2023                    By:  *s/ William C. Rava*
                                                      William C. Rava, Bar No. 29948
11                                                    Christian W. Marcelo, Bar No. 51193
                                                      Jacob P. Dini, Bar No. 54115
12                                                    **Perkins Coie LLP**
                                                      1201 Third Avenue, Suite 4900
13                                                    Seattle, Washington 98101-3099
                                                      Telephone: +1.206.359.8000
14                                                    Facsimile: +1.206.359.9000
                                                      WRava@perkinscoie.com
15                                                    CMarcelo@perkinscoie.com
                                                      JDini@perkinscoie.com
16

17                                                    *Attorneys for Plaintiff Bungie, Inc..*

18

19

20

21

22

23

24

25

26

BUNGIE, INC.'S MOTION
FOR RECONSIDERATION – 7
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164512306.2