THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-00811 <br><br> PRETRIAL ORDER |

Plaintiff Bungie, Inc. ("Bungie" or "Plaintiff") and Defendants AimJunkies.com, Phoenix Digital Group, LLC ("Phoenix Digital"), David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively, "Defendants") submit the following Pretrial Order.

## I.    JURISDICTION

Jurisdiction is vested in this court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and is based on the fact that this action arises under the Copyright Act (17 U.S.C. § 501, *et seq.*).

PRETRIAL ORDER
(No. 2:21-cv-00811) –1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

## II.   CLAIMS AND DEFENSES

Bungie will pursue the following claims for relief at trial:

1. Direct, vicarious, and contributory copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.*, due to Defendants' development, sale, and distribution of certain cheat software for Bungie's *Destiny 2* and *Destiny 2: Beyond Light*[1] video games (the "Cheat Software").

Defendant James May will pursue the following counterclaim at trial:

2. Circumvention of Technological Measures under 17 U.S.C. § 1201(a) due to Bungie's unauthorized access to Mr. May personal beyond limits permitted by Mr. May.

Defendants will pursue the following defenses at trial:

3. No software created, developed, marketed, advertised, sold or otherwise distributed by Defendants infringes any copyright of Bungie.

4. Defendant James May is not, and never has been, a member, owner, officer, director, employee or otherwise had a controlling interest in Phoenix Digital and is not responsible or liable for any activities carried on by Phoenix Digital.

5. The software at issue here was created by parties other than Defendants.

6. Defendants did not have access to the software Bungie accuses them of copying.

7. Bungie cannot show "substantial similarity" between any software distributed by Phoenix Digital and the copyrighted works asserted by Bungie in this action.

8. Phoenix Digital's distribution of the software at issue in this case did not cause harm or damage to Bungie.

---

[1] Unless otherwise specified, collectively hereafter referred to as, "*Destiny 2*."

PRETRIAL ORDER
(No. 2:21-cv-00811) –2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

|   |   |
|---|---|
| 1 | Defendants will pursue the following affirmative defenses at trial: |
| 2 | ~~9.     Plaintiff's Amended Complaint fails to state claims for which relief may be granted.~~ |
| 3 | ~~10.    Plaintiff's claims for copyright infringement are barred under the clear holding of~~ |
| 4 | ~~the Ninth Circuit Court of Appeals in *MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629~~ |
| 5 | ~~F.3d 928 (9th Cir. 2010), that, *as a matter of law*, alleged breaches of covenants in a copyright~~ |
| 6 | ~~license are *not* acts of copyright infringement.~~ |
| 7 | ~~11.    Plaintiff's claims for copyright infringement are barred under the clear holding of~~ |
| 8 | ~~the Ninth Circuit Court of Appeals in *Lewis Galoob Toys, Inc. v. Nintendo of America*, 964 F.2d~~ |
| 9 | ~~965 (9th Cir. 1992) that, *as a matter of law*, the use of software resident on the computer of a game~~ |
| 10 | ~~player to enhance the player's performance of the game does *not* unlawfully create a "derivative~~ |
| 11 | ~~work" or otherwise infringe a copyright.~~ |
| 12 | ~~12.    All claims for "statutory damages," "enhanced damages," "attorneys' fees" or other~~ |
| 13 | ~~relief under 17 U.S.C. §§ 505, 505 are barred under 17 U.S.C. §§ 412 and the clear holding of the~~ |

Defendants will pursue the following affirmative defenses at trial:

~~9.     Plaintiff's Amended Complaint fails to state claims for which relief may be granted.~~

~~10.    Plaintiff's claims for copyright infringement are barred under the clear holding of the Ninth Circuit Court of Appeals in *MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629 F.3d 928 (9th Cir. 2010), that, *as a matter of law*, alleged breaches of covenants in a copyright license are *not* acts of copyright infringement.~~

~~11.    Plaintiff's claims for copyright infringement are barred under the clear holding of the Ninth Circuit Court of Appeals in *Lewis Galoob Toys, Inc. v. Nintendo of America*, 964 F.2d 965 (9th Cir. 1992) that, *as a matter of law*, the use of software resident on the computer of a game player to enhance the player's performance of the game does *not* unlawfully create a "derivative work" or otherwise infringe a copyright.~~

~~12.    All claims for "statutory damages," "enhanced damages," "attorneys' fees" or other relief under 17 U.S.C. §§ 505, 505 are barred under 17 U.S.C. §§ 412 and the clear holding of the Ninth Circuit Court of Appeals in *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008) that, "to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement," and that, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412."~~

13.    Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie through the unauthorized, clandestine accessing and downloading of information contained in private files on the personal computer of Defendant James May.

14.    Plaintiff's claims are barred by the doctrine of unclean hands in that they are based on information illegally and unlawfully obtained by Bungie, Inc., through breach of the Terms of Service of Defendant Phoenix Digital Group LLC.

PRETRIAL ORDER
(No. 2:21-cv-00811) –3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

15. Plaintiff is precluded from recovering any damages that could have been avoided through the exercise of reasonable care and due diligence.

Bungie will pursue the following defenses at trial:

16. None of the works allegedly accessed by Bungie are works protected by copyright, pursuant to 17 U.S.C. § 1201(a)(1)(A).

17. Bungie did not circumvent any of May's technological measures that protect any files on his computer as defined in 17 U.S.C. § 1201(a)(3)(A).

Bungie will pursue the following affirmative defenses at trial:

18. ~~By accepting Bungie's Limited Software License Agreement ("LSLA") and Privacy Policy, May authorized Bungie to collect information about his use of the Bungie Services, actions taken within the Bungie Services, and his device, including his computer. The information that May alleges Bungie collected from May's device is the type of information that May authorized Bungie to collect. May consented to Bungie's alleged access of May's computer, files, information, data, and/or copyrighted work(s).~~

19. ~~By accepting Bungie's Limited Software License Agreement ("LSLA") and Privacy Policy, May authorized Bungie to collect information about his use of the Bungie Services, actions taken within the Bungie Services, and his device, including his computer. The information that May alleges Bungie collected from May's device is the type of information that May authorized Bungie to collect. May granted Bungie a license to access May's computer, files, information, data, and/or copyrighted work(s).~~

20. In the Final Award (Dkt. No. 89-1), Counterclaimants were found to have violated the DMCA (17 U.S.C. §§ 1201(a), 1201(b)(1)) and the Washington Consumer Protection Act (RCW 19-86-020), and were found liable for breach of contract and tortious interference with a contract in connection with their development, sale, and distribution of Defendants' Cheat

PRETRIAL ORDER
(No. 2:21-cv-00811) –4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

Software.  The actions that form the basis of May's counterclaim—including May's surreptitious attempts to reverse engineer *Destiny 2* using reverse engineering tools provided and signed by Phoenix Digital—arise from May's development, sale, and distribution of Defendants' Cheat Software and Bungie's subsequent investigation of May's unlawful conduct.  May's counterclaim is barred by the doctrine of unclean hands.

### III.   ADMITTED FACTS

The following facts are admitted by the parties:

1. *Destiny 2* is a shared-world first-person shooter video game created and owned by Bungie.

2. *Destiny 2* was released in September 2017 and has an estimated player base of over 30 million players.

3. Bungie owns all rights, title, and interest in the copyrights to *Destiny 2* and *Destiny 2: Beyond Light*, including U.S. copyright registrations for the computer software (Reg. Nos. TX 8-933-655 and TX 8-933-658) and audiovisual works (Reg. Nos. PA 2-282-670 and PA 2-280-030).

4. *Destiny 2* was first published on September 9, 2017.  Bungie's copyright registration TX 8-933-655 was registered on February 9, 2021, and Bungie's copyright registration PA 2-282-670 was registered on March 23, 2021.

5. *Destiny 2: Beyond Light* was first published on November 10, 2020.  Bungie's copyright registration TX 8-933-658 was registered on February 9, 2021, and Bungie's copyright registration PA 2-280-030 was registered on February 10, 2021.

6. Schaefer, Green, and Conway formed and became equal 1/3 owners of Phoenix Digital in 2012.

7. Schaefer, Green, and Conway each had full control and authority to manage Phoenix Digital while they were members.

PRETRIAL ORDER
(No. 2:21-cv-00811) –5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

8. Schaefer personally controlled every aspect of the sale of cheat software, including communicating with cheat software developers, deciding whether to sell a cheat, allocating profits from sales, and deciding when to stop selling a cheat.

9. On or around December 17, 2019, Phoenix Digital began distributing the first version of the Cheat Software with only the "Extra-Sensory Perception" ("ESP") feature.

10. On or around December 23, 2019, Phoenix Digital began distributing a second full version of the Cheat Software with new features, including "AIMBOT" and "One Position Kill" ("OPK").

11. The Cheat Software's ESP feature allows users to see other *Destiny 2* players and non-player characters through solid walls by displaying a distinct box around the other players, displaying the players' names, and the distance between the cheating and non-cheating players.

12. The Cheat Software's AIMBOT feature allows cheaters to automatically aim at other *Destiny 2* player and non-player characters with little to no input (i.e., movement of the mouse and/or joystick) by the cheater.

13. The Cheat Software's OPK feature allows cheaters to either respawn at or move (teleport) to the same space in *Destiny 2* so that the cheater's abilities would be more effective at defeating those opponents, accelerate the rate at which cheaters accumulate rewards and accolades.

14. May accepted Bungie's Limited Software License Agreement ("LSLA") in October 2019 and the Bungie's Privacy Policy that applies to his access to and use of *Destiny 2*, and agreed to each subsequent version of Bungie's LSLA in effect between October 2019 and May 2021.

15. May does not own U.S. copyright registrations for any files on his computer that were allegedly accessed by Bungie.

16. During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000409.

PRETRIAL ORDER
(No. 2:21-cv-00811) –6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

17. During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000367.

### IV. ISSUES OF LAW

**A.  Agreed Issues of Law**

The following are the issues of law to be determined by the court:

1. Which findings of fact and law as found by Judge Cox in the Final Award (Dkt. No. 89-1), as confirmed and entered by this Court, are binding in this proceeding? These findings include but are not limited to the following:

   a. *Destiny 2* is Bungie's copyrighted work. Final Award at 11.

   b. Defendants obtained unauthorized access to the *Destiny 2* software. *Id.* at 17.

   c. To operate, the Cheat Software necessarily creates unauthorized copies of *Destiny 2* code and unauthorized derivative works. *Id.* at 13.

   d. The cheat loader distributed by Defendants was designed to circumvent protections of *Destiny 2* by injecting code into the *Destiny 2* program without detection. *Id.* at 14.

   e. May connected reverse engineering tools to the *Destiny 2* game engine in order to reverse engineer *Destiny 2* and develop the Cheat Software that was sold on AimJunkies.com. May did so in concert with and for the benefit of the Phoenix Digital Defendants, and was the agent of these Defendants. *Id.* at 12.

   f. Defendants' violations of the DMCA anticircumventiuon statute were willful.

   g. Defendants sold at least 1,316 copies of the Cheat Software.

   h. May breached Bungie's Limited Software License Agreement by reverse engineering *Destiny 2*.

2. Does Bungie's purported circumvention of May's technological protection measures by "misleading" May legally constitute circumvention as defined in 17 U.S.C. § 1201(a)(3)(A)?

PRETRIAL ORDER
(No. 2:21-cv-00811) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

3. Is Bungie entitled to its actual damages and any of Defendants' profits from their infringement not taken into account in computing actual damages under 17 U.S.C. § 504?

4. Is Bungie entitled to its requested permanent injunctive relief under 17 U.S.C. § 502?

5. Is any party entitled to recover their reasonable attorneys' fees as the "prevailing party" under 17 U.S.C. § 505?

**B.     Defendants' Proposed Issue of Law**

6. Whether violation of the Bungie LSLA for use of "cheat" software constitutes copyright infringement under Ninth Circuit law.

## V.     EXPERT WITNESSES

Bungie shall be limited to the following four expert witnesses, and each will or may testify concerning the following issues:

1. Dr. Edward Kaiser, 550 106th Avenue NE, Suite 207, Bellevue, WA 98004-5088, will testify as an expert witness concerning Bungie's *Destiny 2* software code, the *Destiny 2* game engine, the creation and operation of Defendants' Cheat Software, users of Defendants' Cheat Software, complaints from non-cheating players about Defendants' Cheat Software, and Bungie's harm, as is more particularly set forth in Bungie's Rule 26(a)(2) disclosures, and as a fact witness regarding Bungie's purchase and operation of Defendants' Cheat Software, and Bungie's intellectual property rights in *Destiny 2*.

2. Steven Guris, 134 Summer Crest Pl. SW, Marietta, GA 30060, will testify concerning the operation and his analysis of Defendants' cheat loader software and the harm to Bungie caused by cheat software, as is more particularly set forth in Bungie's Rule 26(a)(2) disclosures and the written report prepared by Mr. Guris.

3. Drew E. Voth, 1111 3rd Avenue, Suite 2450, Seattle, WA 98101, will testify concerning Defendants' profits from sales of the Cheat Software ~~and rebut the testimony of David~~

PRETRIAL ORDER
(No. 2:21-cv-00811) –8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

~~Schaefer regarding the value of Phoenix Digital,~~ as is more particularly set forth in Bungie's Rule 26(a)(2) disclosures and the written reports prepared by Mr. Voth.

4.  Nate Buckmiller, Bungie's Director of Financial Systems & Reporting, 550 106th Avenue NE, Suite 207, Bellevue, WA 98004-5088, may testify (possible witness only) regarding the significant negative effect of cheat software, including Defendants' Cheat Software, on the gameplay of *Destiny 2* and the impact on player retention, as well as the harm caused by cheat software, including Defendants' Cheat Software, to Bungie.

Defendants shall be limited to one expert witness, who will testify concerning the following issues:

1.  Brad A LaPorte, 331 Zenith Lane, Juno Beach, FL 33408, will testify as to the opinions stated in his Expert Report served August 28, 2023 as well as the grounds and other bases for those opinions.

### VI. OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**On behalf of Bungie:**

1.  David Schaefer, 5669 Snell Ave., #433, San Jose, California 95123, will testify, including as the corporate representative of Phoenix Digital, concerning Defendants' creation, development, advertising, distribution, and sale of the Cheat Software, Defendants' direct and secondary infringement of Bungie's copyrights in *Destiny 2*, Defendants' revenue and profits from the sale of the Cheat Software, Defendants' spoliation of evidence in this matter, and other matters pertinent in this action, including those set forth in his depositions.

2.  Jordan Green, 2839 SW Dickinson Street, Portland, Oregon 97219, may testify (possible witness only) concerning Defendants' creation, development, advertising, and sale of the Cheat Software, Defendants' direct and secondary infringement of Bungie's copyrights in *Destiny*

PRETRIAL ORDER
(No. 2:21-cv-00811) –9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

*2*, Defendants' revenue and profits from the sale of the Cheat Software, Defendants' spoliation of evidence in this matter, and other matters pertinent in this action, including those set forth in his depositions.

3.      Jeffrey Conway, 8837 W. Vernon, Phoenix, Arizona 85037, may testify (possible witness only) concerning Defendants' direct and secondary infringement of Bungie's copyrights in *Destiny 2*, Defendants' revenue and profits from the sale of the Cheat Software, Defendants' spoliation of evidence in this matter, and other matters pertinent to this action, including those set forth in his depositions.

4.      James May, 2217 Polo Park Drive, Dayton, Ohio 45439, will testify concerning Defendants' creation, development, advertising, and sale of the Cheat Software, Defendants' direct and secondary infringement of Bungie's copyrights in *Destiny 2*, Defendants' revenue and profits from the sale of the Cheat Software, Mr. May's computer and files allegedly accessed by Bungie, Mr. May's consent to Bungie's purported access to his computer, Defendants' spoliation of evidence in this matter, and other matters pertinent to this action, including those set forth in his depositions.

5.      Jason Hahn, 1745 Juniper Hammock Street, Winter Garden, Florida 34787-2215, may testify (possible witness only, via deposition), regarding Defendants' business, documents he produced in response to Bungie's subpoena to him, and other matters pertinent to this action, including those set forth in his deposition.

~~6.      Ronita Murray, 7700 Eastport Parkway, La Vista, Nebraska 98128, may testify (possible witness only) regarding documents produced by PayPal, Inc. in response to Bungie's subpoena to PayPal, Inc.~~

~~7.      Stripe Inc. representative, physical address unknown, may testify (possible witness only) regarding documents produced by Stripe Inc. in response to Bungie's subpoena to Stripe Inc.~~

Bungie may also call any witness identified on Defendants' witness list.

PRETRIAL ORDER
(No. 2:21-cv-00811) –10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

Bungie reserves the right to call additional witnesses who may not be identified here for purposes of rebuttal or impeachment.

**On behalf of Defendants:**

1. David Schaefer, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave. N. Ste. 240, Bainbridge Island, WA 98110, will testify as to the operation of Phoenix Digital including its business model. He will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He will further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused harm to Phoenix Digital. Mr. Schaefer will also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

2. James May, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave. N. Ste. 240, Bainbridge Island, WA 98110, will testify that he is not and has never been a part of Phoenix Digital and had nothing to do with the alleged, "cheat" software that is the subject matter of this lawsuit, including, but not limited to, the creation, development and/or distribution of the software. Mr. May will testify that he has never received any of the proceeds from distribution or sale of the subject software. Mr. May will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that he helped develop or otherwise "created" the subject software. Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He will further testify as to how Bungie, without his authorization, unlawfully accessed his private computer files and caused harm to him. Mr. May will also testify as to all accusations that may be made against him at trial by Bungie.

3. Jordan Green, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave. N. Ste. 240, Bainbridge Island, WA 98110, may testify (possible witness only) as to the operation of Phoenix Digital Group including its business model. He will deny the various unfounded

PRETRIAL ORDER
(No. 2:21-cv-00811) –11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He may further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused harm to Phoenix Digital. Mr. Green may also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

4. Jeffrey Conway, c/o Philip P. Mann, Mann Law Group PLLC, 403 Madison Ave. N. Ste. 240, Bainbridge Island, WA 98110, may testify (possible witness only) as to the operation of Phoenix Digital Group including its business model. He will deny the various unfounded accusations made by Bungie in this case, including but not limited to Bungie's unfounded accusations that Phoenix Digital "copied" any copyrighted materials of Bungie and/or infringed Bungie's trademarks. He may further testify as to how Bungie violated the Aimjunkies/Phoenix Digital terms of service and caused harm to Phoenix Digital. Mr. Conway may also testify as to all accusations that may be made against him and/or Phoenix Digital at trial by Bungie.

~~5. Donald McGowan, c/o William Rava, Perkins Coie LLP, 1201 Third Ave., Suite 4900, Seattle, WA 98101, will testify as to public statements he has made on behalf of Bungie concerning Bungie's desire and efforts to combat "cheating" in Destiny 2.~~

6. John Doe,[2] 550 106th Avenue NE, Suite 207, Bellevue, WA 98004, will testify as to his acquisition of software from the "Aimjunkies" website, including but not limited to his use of an assumed name in doing so and his agreement to the Aimjunkies/Phoenix Digital Terms of Service in so doing. John Doe will also testify as to the circumstances under which he was instructed or otherwise induced to perform these acts on behalf of Bungie.

~~7. Dr. Edward Kaiser (will testify) (Adverse Witness) 550 106th Avenue NE, Suite 207, Bellevue, WA 98004-5088. Dr. Kaiser will testify that he never saw, used, analyzed or otherwise inspected the software at issue in this action.~~

---

[2] "John Doe" refers to the individual whose identifying information is protected from disclosure pursuant to the Court's May 2, 2023 Order granting Bungie's motion for protective order. Dkt. No. 126. ~~The continued protection of John Doe's identifying information is the subject of Bungie's Motion in Limine. Dkt. No. 204.~~

PRETRIAL ORDER
(No. 2:21-cv-00811) –12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

8.   Mr. Steven Guris (possible witness only) (Adverse Witness) 550 106th Avenue NE, Suite 207, Bellevue, WA 98004-5088.  Mr. Guris may testify that he never saw, used, analyzed or otherwise inspected the software at issue in this action.

Defendants may also call any witness identified on Plaintiff's Witness list.

Defendants reserve the right to call additional witnesses who may not be identified here for purposes of rebuttal or impeachment.

## VII.   EXHIBITS

The parties shall file an amended exhibit list by Wednesday, November 29, 2023, by Noon.

~~Bungie's exhibit list, including Defendants' stipulations, and authenticity and/or evidentiary objections are attached hereto as **Appendix A**.~~

~~Defendants' exhibit list, including Bungie's stipulations, and authenticity and/or evidentiary objections are attached hereto as **Appendix B**.~~

~~Bungie's deposition designations are attached as **Appendix C**.~~

## VIII.   ACTION BY COURT

(a)   This case is scheduled for trial before a jury on December 4, 2023, at 9:00 a.m.

(b)   Trial briefs shall be submitted to the Court on or before November 9, 2023.

(c)   Jury instructions requested by either party shall be submitted to the Court on or before November 9, 2023.  Suggested questions of either party to be asked of the jury by the Court on voir dire shall be submitted to the Court on or before November 9, 2023.

PRETRIAL ORDER
(No. 2:21-cv-00811) –13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028

1  This order has been approved by the parties as evidenced by the signatures of their counsel.

2  This order shall control the subsequent course of the action unless modified by a subsequent order.

3  This order shall not be amended except by order of the Court pursuant to agreement of the parties

4  or to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2023.

                                                          Thomas S. Zilly
                                                          United States District Judge

Dated: November 9, 2023

| By: *s/Jacob P. Dini* | By: *s/Philip P. Mann* |
|---|---|
| William C. Rava, Bar No. 29948 | Philip P. Mann, WSBA No. 28860 |
| Christian W. Marcelo, Bar No. 51193 | **Mann Law Group PLLC** |
| Jacob P. Dini, Bar No. 54115 | 403 Madison Ave., Ste 240 |
| **Perkins Coie LLP** | Bainbridge Island, Washington 98110 |
| 1201 Third Avenue, Suite 4900 | Phone (206) 436-0900 |
| Seattle, Washington 98101-3099 | phil@mannlawgroup.com |
| Telephone: +1.206.359.8000 | |
| Facsimile: +1.206.359.9000 | *Attorneys for Defendants* |
| WRava@perkinscoie.com | |
| CMarcelo@perkinscoie.com | |
| JDini@perkinscoie.com | |

*Attorneys for Plaintiff Bungie, Inc.*

PRETRIAL ORDER
(No. 2:21-cv-00811) –14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164435028