THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' RESPONSE TO BUNGIE'S MOTION FOR RECONSIDERATION**<br><br>**Note on Motion Calendar: November 16, 2023**<br><br>**Oral Argument Requested** |

In accordance with the Court's request at the November 17, 2023 pre-trial conference that Defendants respond to Bungie's Request for Reconsideration (DKT#243), Defendants state as follows:

**A. Bungie's Motion Fails To Comply With This Court's Directive That Motions For Reconsideration Are Disfavored And Require a Clear and Compelling Showing of "Manifest Error."**

This Court properly denied Bungie's Motion in Limine No. 1, Sub-parts 2 and 3. Bungie does not and cannot establish the "manifest error in the prior ruling" needed to properly grant such a request and eviscerate the Court's prior rulings.

Local Civil Rule 7(h)(1) is clear and direct: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of

Opposition to Bungie Request for Reconsideration
Cause No. 21-CV-0811-TSZ
Page 1

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900

manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Bungie makes no effort whatsoever to argue that there are "new facts or legal authority" to justify reconsideration, and the only argument Bungie makes is that this Court committed "manifest error" in its prior ruling. The Court made no such error. On the contrary, the Court *correctly* recognized that the issues supposedly decided during arbitration were *not* necessary for the arbitration decisions and that the Court could properly deny issue preclusive effects as to such purported "rulings."

No doubt recognizing that it has no actual evidence of copyright infringement on the part of the Defendants, Bungie hopes, instead, to bamboozle this Court into ruling that, because Arbitrator Cox had somehow already determined that Defendants infringed Bungie's copyright and that Defendant James May was one of the culprits, Bungie need not prove copyright infringement at trial, and can go directly to the "damages" stage.

Bungie's "request for reconsideration" in this regard is, in essence, an untimely and legally deficient request that this Court reconsider its September 7, 2023 Order (DKT#193) properly denying Bungie's motion for summary judgment in its favor on the question of copyright infringement. In its Order, this Court properly ruled that issues of material fact existed, noting that, "Dr. Kaiser concedes...that Bungie has never examined the software code for the Aimjunkies cheat software." Faced with these clear problems, Bungie transparently hopes to avoid them by claiming, falsely, that copyright infringement was proved during the arbitration and a trial in this Court on that issue is unnecessary. This is a desperate, last-minute and obvious "Hail Mary" on the part of Bungie that should not be favored by this Court.

**B.   The Supposed "Findings" Bungie Hopes To Ram Through Here Were Not Necessary To The Issues Decided In Arbitration**

Relying on clear sophistry and convoluted reasoning, Bungie attempts to show that the Arbitrator, *who was in no way charged with deciding Bungie's copyright*

Opposition to Bungie Request for Reconsideration  
Cause No. 21-CV-0811-TSZ
Page 2

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900

*infringement claim,* nevertheless somehow necessarily decided that Defendants did, indeed, infringe Bungie's claimed copyright. This is nonsense.

First, as a matter of law, "circumvention of technological measures" under 17 U.S.C. § 1201 exists independently of copyright infringement under 17 U.S.C § 501 and does not require any underlying copyright infringement in order for there to be liability. On its face, the "circumvention" statute proscribes, "circumvent[ing] a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a). On the other hand 17 U.S.C § 501 which proscribes copyright infringement provides that, "Anyone who violates any of the exclusive rights of the copyright owner...is an infringer of the copyright." In short, the copyright infringement statute proscribes infringing one of the "exclusive rights" of copyright holders, whereas the "circumvention" statutes proscribe defeating one or more "technological measures" put in place to prevent unauthorized *access* to a copyrighted work. "Circumvention" does not require proof or demonstration of copyright infringement, and it was in no way essential that the Arbitrator consider or make any findings relevant to copyright infringement (such as whether the "cheat software" copies any code or makes "derivative works," etc.). The sole question at arbitration in this regard was whether the accused "cheat software" bypasses, defeats or otherwise "circumvents" any "technological measures" Bungie had in place to restrict access to its *Destiny 2* game. Again, the arbitrator was never asked or even authorized to determine issues related to copyright infringement, and the question actually before him, namely did Defendants "circumvent" any "technological measures," did not, and does not turn on whether there was copyright infringement.

Second, Bungies' never-before-stated admission that it needed to prove copyright infringement in order to prove "circumvention" is, if true, a further indication that Bungie brought weak, unsupportable claims in its crusade against Defendants and that it never had evidence of "circumvention" in the first place. Bungie now apparently *concedes* that it had no actual evidence of any "circumvention" of technological measures it put in place, and instead argues – for the very first time –

Opposition to Bungie Request for Reconsideration  
Cause No. 21-CV-0811-TSZ — Page 3

Mann Law Group PLLC  
403 Madison Ave. N. Ste. 240  
Bainbridge Islande, WA 98110  
Phone: 206.436.0900

that it always intended to prove "circumvention" by demonstrating copyright infringement.  If the questions of copyright infringement and circumvention were as intertwined as Bungie now claims, Bungie had no business referring its "circumvention" claim to arbitration in the first place.  In particular, the very "Limited Software License Agreement" Bungie relies on (DKT# 34-1, pp. 18-27) itself provides that certain intellectual property claims, such as "claims for...copyright infringement," are not subject to the mandatory arbitration clause of the agreement.

Nor was it necessary for the Arbitrator to make any finding that Mr. May personally engaged in "copyright infringement."  The Arbitrator simply (and incorrectly) "found" that Mr. May, "acted in concert with Phoenix [Digital] and its owners on matters giving rise to the claims that are the subject of this proceeding," which is an extremely vague finding that can mean almost anything.  What the Arbitrator does not say is that Mr. May engaged in any acts of copyright infringement, which is the sole claim being asserted by Bungie here.  Again, whether the "cheat software" at issue here infringes Bungie's copyrights was not before the Arbitrator, nor was the question of whether Mr. May, himself, engaged in any copyright infringement.  This Court was absolutely correct to rule that, "The Arbitrator did not make this precise finding."  Not only did the Arbitrator not, "make this precise finding," as established below, we was not authorized to make any such finding and lacked power to do so.

### C. The Arbitrator Was Not Authorized, And Had No Power, To Consider And Decide Copyright Infringement Claims

The reason for Bungies reconsideration request is clear.  Bungie lacks evidence of copyright infringement and will not be able to prove such a claim at trial.  Accordingly, Bungie blatantly attempts to claim that Arbitrator Cox has already decided critical copyright infringement questions in Bungie's favor and, therefore, this Court not only should but *must* instruct the Jury to find copyright infringement.  In fact, Bungie's proposed jury instructions do just that.  (*See,* e.g., Bungie proposed instructions V.4 – V.8 containing, among other things, an order to the jury that, "You

Opposition to Bungie Request for Reconsideration
Cause No. 21-CV-0811-TSZ                Page 4

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA  98110
Phone:  206.436.0900

are further instructed to find that in order for the Cheat Software to operate, it necessarily creates unauthorized copies of the Destiny 2 code and unauthorized derivative works." In light of such an instruction, why bother having a trial?) Again, Bungie is desperate to rely on such transparent and dubious shortcuts because it recognizes it cannot prove its case at trial. Not only is this specious nonsense, it attributes to the Arbitrator far more authority and power than he legitimately had.

Significantly, the question of copyright infringement was *not* referred to arbitration but remained the province of this Court. Indeed, under clearly established statutory law, questions of copyright infringement remain under the exclusive jurisdiction of the federal courts. *See,* 28 U.S.C. § 1338(a). Indeed, Arbitrator Cox in his Final Arbitration Award addresses *only* claims for (1) "Circumvention," (2) "Trafficking," (3) "Breach of Contract," (4) "Tortious Interference," (5) "Consumer Protection Act," and (6) "Spoliation." None of these claims expressly decided by the Arbitrator constitutes copyright infringement and the Arbitrator did not decide it. Nor could he. Under the terms of the Bungie Limited Software License Agreement, the Demand for Arbitration, the parties' agreement with the Arbitrator and the Arbitrator's agreement with the parties, the Arbitrator had no authority to decide, either directly or indirectly the material issues giving rise to alleged copyright infringement.

As noted by the very jury instructions Bungie proposes, Bungie fully intends to claim and argue that the supposed "factual issues" decided in arbitration *necessarily* result in copyright infringement and, therefore, it need not actually present evidence and prove anything at trial. This Court should not be a party to any such chicanery.

**D.    This Court Has Wide Discretion To Deny Bungie's Request**

As noted in Defendants' opposition to Bungie's motions in limine (DKT#231), issue preclusion does not apply unless the "issue" decided in an earlier case was essential and necessary to the disposition of the claim in the earlier case. As held by this court, issue preclusion, "bars a party from relitigating an issue if (1) the issue at stake is *identical* to the one alleged in the prior litigation; (2) the issue was *actually*

Opposition to Bungie Request for Reconsideration
Cause No. 21-CV-0811-TSZ                Page 5

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900

*litigated* in the prior litigation; and (3) *the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action.*" See, *Certain Underwriters at Lloyd's, London v. Pettit,* No. C17-259RSM, 2018 U.S. Dist. LEXIS 33840, at *1 (W.D. Wash. Mar. 1, 2018) (emphasis supplied), citing *Clark v. Bear Stearns Co., Inc.,* 966 F.2d 1318 (9th Cir. 1992). None of these factors exists here. Bungie's novel claim that, in order to prove "circumvention" it needed to prove "copyright infringement" is a last-minute, desperate and false claim that it concocted for the very first time in seeking reconsideration of this Court's correct rulings on Bungie's motions in limine. Bungie never made any such claim during the arbitration and such a claim appears nowhere in any of the pleadings and briefing filed in connection therewith.

Finally, and again, this Court has wide discretion not to find "issue preclusion," particularly where, as here, it is "unclear" (to put it mildly) what actual "issues" were supposedly litigated in the arbitration below, whether those issues were, "a critical and necessary part of the judgment in the earlier action," and where none of the issues before the arbitrator involved copyright infringement. For these additional reasons, Bungie has not demonstrated, nor can it demonstrate, that this Court committed "manifest error" in its November 15, 2023 Orders on Bungie's motions in limine.

## CONCLUSION

For all these reasons, Bungie's motion for reconsideration should be denied.

Dated November 21, 2023.

        */s/ Philip P. Mann*
        Philip P. Mann, WSBA No: 28860
        **Mann Law Group PLLC**
        403 Madison Ave. N. Ste. 240
        Bainbridge Island, Washington 98110
        Phone (206) 436-0900
        phil@mannlawgroup.com
        Attorneys for Defendants

I certify that this memorandum contains 1977 words in compliance with the Local Civil Rules.

Opposition to Bungie Request for Reconsideration
Cause No. 21-CV-0811-TSZ
Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Islande, WA 98110
Phone: 206.436.0900