THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIMJUNKIES.COM; PHOENIX DIGITAL GROUP, LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | No. 2:21-cv-00811 <br><br> PLAINTIFF BUNGIE, INC.'S OBJECTIONS TO THE COURT'S PROPOSED JURY INSTRUCTIONS |

Pursuant to the Court's November 27, 2023 email, Plaintiff Bungie, Inc. ("Bungie" or "Plaintiff") submits the following objections to the Court's proposed jury instructions.

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. OBJECTION NO. 1

**The Court's Proposed Language:**

INSTRUCTION NO. 13

<u>Summary of Claims</u>

(1) Plaintiff Bungie, Inc. ("Bungie") makes the following claim, on which it bears the burden of proof by a preponderance of the evidence:

Bungie claims that Defendants Aimjunkies.com, Phoenix Digital Group, LLC, David Schaefer, Jordan Green, Jeffrey Conway, and James May directly, vicariously, and/or contributorily infringed Bungie's copyrights associated with its Destiny 2 and Destiny 2: Beyond Light video games in connection with Defendants' development, sale, distribution, and advertising of certain cheat software for Bungie's Destiny 2 and Destiny 2: Beyond Light video games (the "Cheat Software").

Bungie brings this claim under federal law.

(2) Defendants deny Bungie's claim and, further, deny the nature and extent of Bungie's damages. Defendants also assert affirmative defenses on which they bear the burden of proof by a preponderance of the evidence.

(3) James May asserts a counterclaim, on which he bears the burden of proof by a preponderance of the evidence:

May claims Bungie circumvented technological measures as a result of Bungie's unauthorized access to May's personal computer beyond limits authorized by May, in violation of federal law. Bungie denies May's counterclaim and, further, denies the nature and extent of May's damages. Bungie also asserts an affirmative defense on which it bears the burden of proof by a preponderance of the evidence.

The foregoing is merely a summary of the claims and defenses of the parties. You are

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence. These claims and defenses have been outlined solely to aid you in understanding the issues.

**SOURCE: 9th Cir. Model Instr. 1.5 & 1.8.**

**Bungie's Proposed Language & Objection:**

INSTRUCTION NO. 13

Summary of Claims

(1) Plaintiff Bungie, Inc. ("Bungie") makes the following claim, on which it bears the burden of proof by a preponderance of the evidence: Bungie claims that Defendants Aimjunkies.com, Phoenix Digital Group, LLC, David Schaefer, Jordan Green, Jeffrey Conway, and James May directly, vicariously, and/or contributorily infringed Bungie's copyrights associated with its Destiny 2 and Destiny 2: Beyond Light video games in connection with Defendants' development, sale, distribution, and advertising of certain cheat software for Bungie's Destiny 2 and Destiny 2: Beyond Light video games (the "Cheat Software"). Bungie brings this claim under federal law.

Defendants deny Bungie's claim and, further, deny the nature and extent of Bungie's damages. Defendants also assert affirmative defenses on which they bear the burden of proof by a preponderance of the evidence.

(2) James May asserts a counterclaim, on which he bears the burden of proof by a preponderance of the evidence: May claims Bungie circumvented technological measures as a result of Bungie's unauthorized access to May's personal computer beyond limits authorized by May, in violation of federal law.

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Bungie denies May's counterclaim and, further, denies the nature and extent of May's damages. Bungie also asserts an affirmative defense on which it bears the burden of proof by a preponderance of the evidence.

The foregoing is merely a summary of the claims and defenses of the parties. You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence. These claims and defenses have been outlined solely to aid you in understanding the issues.

**SOURCE: 9th Cir. Model Instr. 1.5 & 1.8.**

**Objection**: Bungie proposes re-formatting (removing extra paragraph breaks) the instruction as indicated above to clarify each party's burden, claims, and defenses. Bungie's proposal does not alter the language of the Court's instruction.

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II. OBJECTION NO. 2

**The Court's Proposed Language:**

INSTRUCTION NO. 14

<u>Copyright Infringement</u>

Bungie claims ownership of a copyright and seeks damages against Defendants for copyright infringement. Bungie contends that each Defendant is liable for direct, vicarious, and/or contributory infringement. You must decide whether any infringement occurred and by which, if any, defendant, with all of you agreeing on which Defendant or Defendants:

**DEFINITION AND FUNCTION OF A COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program. Video games and many of the individual elements of video games – music, art, images, code, etc. – are copyrightable.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**HOW COPYRIGHT IS OBTAINED**

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may apply to register the copyright by

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, Bungie contends that Defendants have infringed Bungie's copyrights in Destiny 2 and all expansions, including *Destiny 2: Beyond Light*, including without limitation, in its computer software (collectively, the "*Destiny 2* Copyrighted Works"). The parties have stipulated, and you are instructed to find, that Bungie owns copyrights in the *Destiny 2* Copyrighted Works. Additionally, Bungie has the burden of proving by a preponderance of the evidence that the Defendants copied original expression from the copyrighted work or works.

## PROOF OF COPYING

To prove that a Defendant or Defendants copied the *Destiny 2* Copyrighted Works, Bungie may show that a Defendant or Defendants had access to the *Destiny 2* Copyrighted Works and that there are substantial similarities between the Defendants' Cheat Software and the *Destiny 2* Copyrighted Works.

## DIRECT INFRINGEMENT

One who reproduces, publicly distributes, publicly performs, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright directly infringes the copyright. Copyright may also be infringed vicariously or contributorily.

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## VICARIOUS INFRINGEMENT

A person is vicariously liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

A person is contributorily liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## SECONDARY INFRINGEMENT

Vicarious and contributory copyright infringement are collectively referred to as secondary copyright infringement.

**SOURCE: 9th Cir. Model Instruction 17.1; Lilith Games (Shanghai) Co. v. UCool, Inc., No. 15-CV-01267-SC, 2015 WL 5591612, at *5 (N.D. Cal. Sept. 23, 2015) (explaining that "video games, are protected under copyright law as literary works" as including "both literal and non-literal elements.")**

**Bungie's Proposed Language & Objection:**

INSTRUCTION NO. 14

Copyright Infringement

Bungie claims ownership of a copyright and seeks damages against Defendants for copyright infringement. Bungie contends that each Defendant is liable for direct, vicarious, and/or contributory infringement. You must decide whether any infringement occurred and by which, if any, defendant, with all of you agreeing on which Defendant or Defendants:

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**DEFINITION AND FUNCTION OF A COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program. Video games and many of the individual elements of video games – music, art, images, code, etc. – are copyrightable.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**HOW COPYRIGHT IS OBTAINED**

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. <u>Because both source code and object code constitute two representations of the same work, the owner of a copyright in computer program may elect to submit either as part of its deposit copy for its copyright registration. Both source code and object code are protected by a copyright registration for a computer program. A copyright owner is only required to submit an identifying portion—at least</u>

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

<u>the first and last 25 pages of such code—as part of its deposit copy. This identifying portion provides for copyright protection for the work as a whole, and not merely the excerpts of that work deposited with the Copyright Office.</u>

### PLAINTIFF'S BURDEN OF PROOF

In this case, Bungie contends that Defendants have infringed Bungie's copyrights in Destiny 2 and all expansions, including *Destiny 2: Beyond Light*, including without limitation, in its computer software (collectively, the "*Destiny 2* Copyrighted Works"). The parties have stipulated, and you are instructed to find, that Bungie owns copyrights in the *Destiny 2* Copyrighted Works. Additionally, Bungie has the burden of proving by a preponderance of the evidence that the Defendants copied original expression from the copyrighted work or works.

### PROOF OF COPYING

To prove that a Defendant or Defendants copied the *Destiny 2* Copyrighted Works, Bungie may show that a Defendant or Defendants had access to the *Destiny 2* Copyrighted Works and that there are substantial similarities between the Defendants' Cheat Software and the *Destiny 2* Copyrighted Works.

### DIRECT INFRINGEMENT

One who reproduces, publicly distributes, publicly performs, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright directly infringes the copyright. Copyright may also be infringed vicariously or contributorily.

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## VICARIOUS INFRINGEMENT

A person is vicariously liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

A person is contributorily liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## SECONDARY INFRINGEMENT

Vicarious and contributory copyright infringement are collectively referred to as secondary copyright infringement.

**SOURCE: 9th Cir. Model Instruction 17.1; Lilith Games (Shanghai) Co. v. UCool, Inc., No. 15-CV-01267-SC, 2015 WL 5591612, at *5 (N.D. Cal. Sept. 23, 2015) (explaining that "video games, are protected under copyright law as literary works" as including "both literal and non-literal elements.") <u>Sega Enters. Ltd. v. Accolade, Inc., 977 F.2d 1510, 1520 (9th Cir. 1992); GCA Corp. v. Chance, No. C-82-1063-MHP, 1982 WL 1281, at *2 (N.D. Cal. Aug. 31, 1982); Serrala US Corp. v. Paschke, No. 3:21CV907-TKW-ZCB, 2022 WL 19333270, at *3 (N.D. Fla. Sept. 28, 2022); 37 C.F.R. § 202.20(c)(2)(vii)(A)).</u>**

**Objection**: Bungie proposes adding the above underlined text to the scope of Bungie's copyright protections in its computer program, specifically that its submission of an "identifying excerpt" of its computer code—the first and last 3,000 lines (more than the required first and last 25 pages)—as a deposit copy with the Copyright Office provides for copyright protection for the computer program as a whole, including all of its code (source code and object code), and not

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

merely the excerpts deposited with the Copyright Office. *See Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1520 (9th Cir. 1992) ("The statutory language [of the Copyright Act], read together with the CONTU report, leads inexorably to the conclusion that the copyright in a computer program extends to the object code version of the program."); *GCA Corp. v. Chance*, No. C-82-1063-MHP, 1982 WL 1281, at *2 (N.D. Cal. Aug. 31, 1982) ("Because the object code is the encryption of the copyrighted source code, the two are to be treated as one work; therefore, copyright of the source code protects the object code as well."); *Serrala US Corp. v. Paschke*, No. 3:21CV907-TKW-ZCB, 2022 WL 19333270, at *3 (N.D. Fla. Sept. 28, 2022) ("[I]t is immaterial whether Plaintiff submitted source code or object code for its registration of the Corestone Solution … because source code and object code are two representations of the same work, and because copyright protection encompasses the work, not merely the excerpts of that work deposited with the Copyright Office, a registration using object code would allow a plaintiff to bring suit for infringement of source code and vis-versa."); *see also id*. at *3 n.5 ("Defendants' contention that a plaintiff can only bring suit regarding the actual material it deposited with the Copyright Office is particularly illogical in the computer program context because the deposit is only intended to be an "identifying portion" of the program's code, not the entirety of it.") (citing 37 C.F.R. § 202.20(c)(2)(vii)(A)); 37 C.F.R. § 202.20(c)(2)(vii)(A) (for computer program copyright registrations, only "the first and last 25 pages or equivalent units of source code" are required to be provided for deposit copies to the Copyright Office).

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## III.  OBJECTION NO. 3

**The Court's Proposed Language:**

INSTRUCTION NO. 15

May's Counterclaim

Circumvention of Technological Measures

Defendant James May alleges that Bungie unlawfully accessed his computer and personal files, in violation of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention provisions. May has the burden of proving each of the following by a preponderance of the evidence:

(1) May used one or more technological measure which effectively controlled access to;

(2) a work protected under the Copyright Act; and

(3) that Bungie circumvented those technological measure(s).

A technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work. To "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner.

If you find that May has proved each of these elements, your verdict should be for May on this counterclaim. If, on the other hand, May has failed to prove any of these elements, your verdict should be for Bungie on May's counterclaim.

**SOURCES: 17 U.S.C. § 1201 (a)(1) & (a)(3).**

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Bungie's Proposed Language & Objection:**

INSTRUCTION NO. 15

<u>May's Counterclaim</u>

<u>Circumvention of Technological Measures</u>

Defendant James May alleges that Bungie unlawfully accessed his computer and personal files, in violation of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention provisions. May has the burden of proving each of the following by a preponderance of the evidence:

(1) May used one or more technological measure which effectively controlled access to;

(2) a work protected under the Copyright Act; and

(3) that Bungie circumvented those technological measure(s).

A technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work. To "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner. <u>However, misleading a copyright holder or using deception in order to gain access to a copyright-protected work does not constitute "circumvention" under the DMCA. Additionally, the mere accessing of files alone is not "circumvention of technological measures"; rather, it is the defeating of digital measures guarding copyrighted material.</u>

If you find that May has proved each of these elements, your verdict should be for May on this counterclaim. If, on the other hand, May has failed to prove any of these elements, your verdict should be for Bungie on May's counterclaim.

**SOURCES:** 17 U.S.C. § 1201 (a)(1) & (a)(3)

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Objection**: Bungie proposes adding the above underlined text to clarify what acts do not constitute a "circumvention" of technological measures under the DMCA. As Bungie's proposed instruction makes clear, misleading a copyright holder or using deception in order to gain access to a copyright-protected work would not constitute a "circumvention" under the DMCA, and the mere accessing of files alone is not "circumvention of technological measures." *Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 464 (E.D.N.Y. 2012) (denying plaintiff leave to file second amended complaint with DMCA claim in which plaintiff alleged defendant obtained access to decrypted signals through "fraud and deceit"); *see, e.g.*, *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288, 2015 WL 13022288, at *8 (N.D. Cal. Aug. 19, 2015) (granting motion to dismiss DMCA claim where only alleged act of circumvention was unauthorized distribution of otherwise genuine software license keys). Instead, it is only the defeating of digital measures guarding copyrighted material that exposes a party to liability. *See Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, No. CV 22-0299-MWF (JCX), 2022 WL 18213536, at *6 (C.D. Cal. Dec. 6, 2022) ("the clear focus of the provision is not keyed just to the technical measure protecting the copyrighted work, but rather it is focused on the circumvention of such measures to gain access to copyrighted work.").

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## IV. OBJECTION NO. 4

**The Court's Proposed Language:**

INSTRUCTION NO. 16C

<u>Measure of Damages – May's Counterclaim</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for May on May's DMCA counterclaim, you must determine the measure of damages May is entitled to receive. May has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate May for any injury you find was caused by Bungie and any profits of Bungie that are attributable to any violations of the DMCA and that are not taken into account when computing May's "Actual Damages."

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**SOURCES: 9th Cir. Model Instr. 5.1; 17 U.S.C. § 1201(c)(2).**

**Objection:** 17 U.S.C. § 1203(c)(2)—and not 17 U.S.C. § 1201(c)(2)—provides for the recovery of damages or profits available for violations of Sections 1201 or 1202.

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## V.   OBJECTION NO. 5

**Bungie's Proposed Supplemental Instruction & Objections to Exclusion:**

INSTRUCTION NO. 14D

Copyright Interests – Derivative Works

<u>A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.</u>

**SOURCES:** 9th Cir. Model Instr. 17.15

**Objection:** Bungie proposes the inclusion of an instruction concerning derivative works. Given the complexity of this topic and likely unfamiliarity to most jurors, Bungie believes an instruction on derivative works would be helpful to jurors in analyzing Bungie's claim for copyright infringement, particularly in light of Bungie's arguments that Defendants' Cheat Software, in operating, creates an unauthorized derivative work, and thereby infringes Bungie's copyrights. This instruction follows the relevant portions of the Ninth Circuit Model Instruction 17.1.

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 16

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## VI. OBJECTION NO. 6

**Bungie's Proposed Supplemental Instruction & Objections to Exclusion:**

<u>INSTRUCTION NO. 14E</u>

<u>Copyright – Defined</u>

<u>Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:</u>

<u>[1.]     reproduce the copyrighted work in copies;</u>

<u>[2.]     prepare derivative works based upon the copyrighted work; and</u>

<u>[3.]     distribute copies of the copyrighted work to the public by sale or other transfer of ownership.</u>

<u>Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.</u>

<u>It is the owner of a copyright who may exercise these exclusive rights.</u>  ~~The term "owner" includes [the author of the work] [an assignee] [an exclusive licensee].~~  <u>In general, copyright law protects against reproduction, adaptation, and public distribution of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.</u>

**SOURCES:** 9th Cir. Model Instr. 17.2.

**Objection:** Bungie proposes including an instruction concerning the definition of copyright. An instruction on the scope of exclusive rights held by a copyright holder would be helpful to jurors in analyzing Bungie's claim for copyright infringement, particularly as it relates the exclusive right to create derivative works, which Bungie alleges Defendants have infringed. The only proposed modification made to the Ninth Circuit's Model Instruction 17.2 was to

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  remove the definition of "owner," because Bungie's ownership of the *Destiny 2* Copyrighted Works has been stipulated to by the parties.

DATED: December 4, 2023

By: *s/William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

BUNGIE'S OBJECTIONS
TO THE COURT'S PROPOSED
JURY INSTRUCTIONS
(No. 2:21-cv-00811) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000