THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' MOTION TO STAY EXECUTION OF ARBITRATION JUDGMENT**<br><br>**Note on Motion Calendar: December 29, 2023**<br><br>**Oral Argument Requested** |

For reasons stated herein, Defendants, by and through their undersigned counsel, respectfully move pursuant to Fed.R.Civ.P. 62(b) that the Court stay enforcement of the Partial Judgment By Court (DKT#141) issued June 23, 2023 and waive the bond requirement of Rule 62(b).

This request is made in light of the following:

**INTRODUCTION AND BACKGROUND**

Defendants are (1) a now largely inactive limited liability company and (2) four individuals of limited means. Trial in this matter, in which Defendants fully expect to prevail, was scheduled to begin December 4, 2023. On December 1, 2023, trial was postponed by the Court and a new trial date has not yet been set.

Clearly hoping to interfere with Defendants' ability to defend themselves and pressure them into unconditional surrender, Bungie has recently initiated several state court actions to

enforce the $4,396,222 Partial Judgment (DKT#141) issued by this Court on June 23, 2023 that, in turn, was based on the flawed "Final Arbitration Award" issued following arbitration of ancillary claims made by Bungie against Defendants. These enforcement efforts have included efforts to attach assets and prevent Defendants access to the very limited means they have at their disposal.

As Bungie well knows following its extensive "scorched earth" discovery in this matter, Defendants simply do not have anywhere near the assets needed either to satisfy the $4.3 Million judgment against them or to post a supersedeas bond in that amount. Bungie's purported enforcement actions have nothing to do with actually collecting funds from Defendants and instead have everything to do with threatening and badgering Defendants into agreeing to Bungie's preposterous settlement terms, dropping Defendant May's meritorious counterclaim, and precluding Defendants from seeking their attorneys' fees in the likely event they prevail at trial.

The underlying Partial Judgment is itself the subject of a pending appeal before the Ninth Circuit wherein initial briefing has already been filed and will likely be completed by early February, 2024. The appeal is not frivolous or filed for purposes of delay but, instead, is based on the clear and undeniable failure of the Arbitrator to follow the clear rules of arbitration he was contractually obligated, and paid, to follow. Such is a recognized and established ground to set aside an arbitration award.

By this motion, Defendants respectfully ask that this Court stay Bungie's clearly disingenuous enforcement efforts pending the outcome of both the trial in this case and the appeal of the Partial Judgment. Given that Defendants are not, and never will be able to satisfy the Partial Judgment against them, there can be no harm to Bungie in not getting funds Bungie will never be able to get anyway. Permitting Bungie's clearly tactical enforcement efforts to proceed will have the effect of threatening Defendants' few remaining meager assets and, in the case of Defendant Jeffrey Conway who is in poor health, threatening his very health and life.

Motion to Stay Enforcement of Partial Judgment
Cause No. 21-CV-0811-TSZ
Page 2
Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

As this case is very likely to be resolved on the merits in the next few weeks or months, as will the appeal of the Partial Judgment, maintaining the status quo by staying Bungie's enforcement efforts will not harm Bungie in the least and will avoid a major injustice against Defendants.   For these and other reasons set out below, Defendants respectfully ask that this Court stay Bungie's efforts to enforce the June 23, 2023 Partial Judgment.[1]

**ARGUMENT**

**A.      Legal Standard**

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay pending appeal as of right by providing a supersedeas bond approved by the Court.  However, the Court also has wide discretion to modify or waive the bond requirement for a stay. See *Kranson v. Fed. Express Corp.,* No. 11-cv-05826-YGR,2013 WL 6872495, at * 1 (N.D. Cal. Dec. 31, 2013)(citing *Dillon v. City of Chi.,* 866 F.2d 902, 904 (7th Cir. 1988); *Arban v. W. Publ'g Corp.,* 345 F.3d 390, 409(6th Cir. 2003)); *Intl Telemeter, Corp. v. Hamlin Intl Corp.,* 754 F.2d 1492, 1495 (9th Cir. 1985).

The relevant factors in deciding whether to modify or eliminate the bond requirement are:

> (1) the complexity of the collection process; (2)the amount of time required to obtain a judgment after it is affirmed on appeal; (3)the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Kranson,* 2013 WL 6872495, at * 1 (quoting *Dillon,* 866 F.2d at 904-OS)(citing *Cotton ex rel. McClure v. City of Eureka,* 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012)).  Stated

---

[1]      To be clear, Defendants long ago ceased the activities Bungie complains of in its various actions against Defendants, and Defendants, by this motion, seek only to stay Bungie's efforts to seize Defendants' few remaining assets.  Defendants do not seek relief from the injunctive aspects of the Partial Judgment and have no intention of resuming the activities complained of by Bungie.

Motion to Stay Enforcement of Partial Judgment
Cause No. 21-CV-0811-TSZ

Page 3

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

otherwise, a waiver of the bond requirement may be appropriate where: "(1) `the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money'; and (2) `the opposite case,...where the requirement would put the defendant's other creditors in undue jeopardy.'" *Cotton ex rel. McClure v. City of Eureka, Cal.,* 860 F. Supp.2d 999, 1027(N.D. Cal. 2012); *see also, Century 21 Real Estate LLC v. All Prof'l Realty, Inc.,* 889 F. Supp.2d 1198, 1242 (E.D. Cal. 2012)(the second factor in *Cotton* on waiver of bond requirement can also be read as "the requirement is impracticable because it would, for example, force appellant into bankruptcy or paralyze the business").

**B.      The Court Should Waive The Requirement For A Supersedeas Bond And Stay Execution Of The Partial Judgment As To All Defendants.**

The Court may, in its discretion, waive the posting of the bond. *See, e.g., William Consalo & Sons Farms, Inc. v. Drobnick Distrib., Inc.,* No. CV-10-00049-TUC-CKJ, 2013 WL 12366637, at *1–2 (D. Ariz. Oct. 9, 2013) ("district courts have the inherent authority to stay the execution of a judgment without requiring that any bond be posted, or by requiring some alternate form of security").  *See, also Townsend v. Holman Consulting Corp.,* 881 F.2d 788, 796-97 (9th Cir. 1989) (opinion vacated, amended and superseded on other grounds) (stating in dicta that "the district court has broad discretionary power to waive the bond requirement if it sees fit").

Here, Defendants simply do not have assets sufficient to satisfy the $4.3 Million Partial Judgment.  Bungie clearly knows this and there has been absolutely no suggestion or evidence to the contrary.  Similarly, without substantial assets to provide as security, Defendants cannot reasonably be expected to obtain a supersedeas bond, and no reasonable bond issuer would be expected to provide one.  Again, the clear and undeniable purpose behind Bungie's recent efforts to initiate collection actions against the corporate and individual Defendants here is to tie up what few assets they have, threaten the loss of what little property they have, and foster dissent and disagreement among the Defendants regarding their respective interests and approach to their defense in this action.

Should Bungie's collection efforts be permitted to proceed, Defendants, who are unable to secure counsel to defend them in the various collection actions Bungie has filed,[2]

2       Defendants' undersigned counsel is neither competent to defend the collection matters filed by Bungie nor licensed to appear in the foreign state courts in which they have been filed.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

will likely face personal bankruptcy, loss of their homes or apartments and be left without sufficient funds even to travel to Seattle and attend their own trial.  It is the policy of the law to prevent such a result, and this Court should neither foster nor be a party to any such unjust result.  *See, e.g., Olympia Equip. Leasing Co. v. Western Union Tel. Co*., 786 F.2d 794, 799-800 (7th Cir. 1986).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Bungie's efforts to execute or otherwise enforce the June 23, 2023 Partial Judgment be stayed as to all of the Defendants in this matter pending the outcome of the still pending case and the pending appeal of that Partial Judgment   Such action by this Court is respectfully requested.

Dated December 14, 2023.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 1633 words, in compliance with the Local Civil Rules.

Motion to Stay Enforcement of Partial Judgment
Cause No. 21-CV-0811-TSZ                                    Page 5

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900