THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**DEFENDANTS' MOTION TO COMPEL PAYMENT OF EXPERT WITNESS DEPOSITION FEE**<br><br>**Note on Motion Calendar: January 12, 2024** |

Pursuant to Fed.R.Civ.P. 26(b)(4)(E), Defendants Phoenix Digital Group LLC and James May, by and through their undersigned counsel, respectfully request that the Court order Plaintiff Bungie, Inc., to pay the reasonable fees of Defendants' Expert, Brad A LaPorte, incurred in connection with preparing and appearing for his September 28, 2023 deposition taken at the insistence of Bungie.

This request is made in light of the following:

**BACKGROUND FACTS**

1.  On August 25, 2023, Bungie served its subpoena instructing Defendants' Expert, Mr. Brad LaPorte, to appear for deposition in this case. On August 30, 2023, Bungie served an additional subpoena calling upon Mr. LaPorte to produce various categories of documents prior to and in connection with the deposition Bungie would take of Mr. LaPorte. A true and correct copy of Bungie's August 25, 2023 subpoena to Mr. LaPorte is attached as **Exhibit A.**

Motion to Compel Payment of Expert Witness Fee
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

2. Bungie never indicated that it would not use the entire seven hours of deposition time available to it under Fed.R.Civ.P. 30(d)(1), and Mr. LaPorte, accordingly, prepared for what he reasonably expected would be a full day deposition.

3. On September 28, 2023, Mr. LaPorte appeared for deposition as directed and answered all questions presented to him over the course of an approximately five hour deposition.

4. On October 12, 2023, Mr. LaPorte issued his bill for his time spent in preparing for the deposition, appearing for the deposition and reviewing the deposition transcript. A true and correct copy of Mr. LaPorte's bill is attached as **Exhibit B.**

5. On October 27, 2023, Mr. LaPorte emailed his bill to Bungie's counsel requesting payment. Latter that day, Bungie's counsel responded that they would not be paying Mr. LaPorte's bill claiming that Mr. LaPorte spent, "[an] inordinate amount of time preparing for the deposition and transcript review after the deposition," and that, "to the extent any fees are found to be reasonable, they will be offset against the amounts owed by Defendants to Bungie, including the attorneys' fees expended in connecton with Defendants' prior expert, Mr. Kraemer." Based on these claims, Bunge stated unequivocally that, "Bungie does not believe it owes any payments to Mr. LaPorte or Defendants at this time." A true and correct copy of Bungie's October 27, 2023 email is attached as **Exhibit C**.

6. On October 31, 2023 this Court ordered that Defendants pay Bungie $12,500 in attorneys fees incurred in connection with taking the depositions of Defendant David Schaefer and Defendants' former expert, Scott Kraemer **(Dkt#215)**.

7. At the final pre-trial conference held before the Court on November 17, 2023, Defendants' undersigned counsel, on the record, tendered to Bungie's counsel a check payable to Bungie, Inc., in the amount of $12,500 in full satisfaction of the Court's prior order that Defendants pay this amount to Bungie.

8. Subsequent to November 17, 2023, Bungie, despite numerous requests and citation of relevant law, has continued to refuse to pay *any* portion of Mr. LaPorte's outstanding bill for time properly spent in preparing for and attending the deposition demanded by Bungie, Inc.

Motion to Compel Payment of Expert Witness Fee
Cause No. 21-CV-0811-TSZ    Page 2

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

**ARGUMENT**

The law is clear that parties, such as Bungie, seeking to depose an expert witness, such as Mr. LaPorte, retained to opine on behalf of an opposing party, are *required* to pay the expert's reasonable fees and expenses incurred in preparing for and appearing for the deposition. Indeed, Fed.R.Civ.P. 26(b)(4)(E) expressly states that, " Unless manifest injustice would result, the court *must require* that the party seeking discovery: (i) *pay the expert* a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)…" (emphasis supplied). Under the express language of the Rule, such payment is not optional, and the rule, on its face, requires payment to "the expert," not reimbursement to the opposing party.

Here, given that Bungie apparently can easily afford to pay its lawyers $17,000 to take a three-hour, third deposition of Mr. Schaefer see Dkt#143) and $35,652 to take the deposition of Defendants' prior expert, Mr. Kraemer (see, Dkt#192) it is difficult to see how it would be "manifestly unjust" to require Bungie to pay Mr. LaPorte his comparatively modest fee of $600/hour in preparing for and participating in what he reasonably expected could and would be a full day deposition. Bungie has not pleaded financial hardship nor can it, in light of the fact that it has already incurred fees and expenses wildly disproportionate to the limited "damages" it can ask for in the unlikely event it prevails at trial.

Nor can Bungie reasonably claim that any amount it owes Mr. LaPorte is "offset" by any amount Defendants supposedly owe Bungie.

First, whether Defendants do or do not owe anything to Bungie has nothing to do with the fact that, under the clear language of Fed.R.Civ.P. 26(b)(4)(E), Bungie is required to pay, "the expert," namely Mr. LaPorte himself, rather than reimburse Defendants after they have paid Mr. LaPorte. In short, Mr. LaPorte is an innocent third party who, at Bungie's direction and insistence, made himself available for a deposition Bungie required of him. Mr. LaPorte has properly complied with Bungie's requests with the understanding that Bungie would compensate him for his time, and any ancillary dealings or issues between Bungie and

Motion to Compel Payment of Expert Witness Fee
Cause No. 21-CV-0811-TSZ         Page 3

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

Defendants *do not* relieve Bungie of its obligations to Mr. LaPorte and do not serve as a basis for Mr. LaPorte to understand that Bungie would not honor its obligations toward him.

Second, and given that Defendants have long ago tendered full payment to Bungie of the $12,500 this Court ordered Defendants to pay, any claim by Bungie that the payment to Mr. LaPorte should be "offset" by amounts supposedly due from Defendants is illusory. The fact remains that Defendants have paid in full the amount ordered to be paid by this Court in its October 31, 2023 Order.

Nor can Bungie reasonably claim that Mr. LaPorte's bill is either unreasonable or excessive.

As set out in Defendants' Opposition to Bungie's Motion to Strike Expert Testimony of Brad LaPorte, (Dkt#202, pp. 3 and 4), Mr. LaPorte has substantial technical training in the relevant field, and has nearly twenty years of relevant experience as well. He has long served as an expert witness and has charged and collected his $600/hour fee before. The reasonableness of his fees is demonstrated by the open market which has retained him and paid him the fees he has charged.

Mr. LaPorte's rate of $600/hour is by no means excessive or outrageous for experts of his skill and experience. Indeed, it is *less* than the rate charged by the most junior lawyer representing Bungie in this case, and only slightly more than *one-half* the $1145/hour rate charged by Bungie's senior counsel in this case. Indeed, his hourly fee is $150 per hour *less* than the $750/Hour charged by Bungie's expert, Mr. Steven Guris, who, by his own admission in his expert report, apparently has only 3 years of relevant experience in contrast to the 18+ years of relevant experience possessed by Mr. LaPorte.

Bungie has nowhere established that Mr. LaPorte's $600/hour rate is excessive or unreasonable, and, in fact, Defendants are not aware that Bungie has even seriously made such a claim.

Similarly, established case law holds that it is *not* "unreasonable" for an expert to spend three hours preparing for each hour of expected deposition testimony. Indeed, in *L.G.*

Motion to Compel Payment of Expert Witness Fee
Cause No. 21-CV-0811-TSZ

Page 4

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA 98110
Phone: 206.436.0900

*Elec. U.S.A., Inc. v. Whirlpool Corp.,* No. 08-C-0242, 2011 WL 5008425, at * 5 (N.D. Ill. Oct. 20, 2011) (copy attached as **Exhibit D**) it was firmly established that a ratio of three hours of preparation time to one hour of deposition time is deemed reasonable in complex cases. In the words of the court in *L.G. Elec. U.S.A., Inc.,* "In this district, courts look to the preparation time in relation to the deposition time to determine whether the preparation time was reasonable," citing *Chicago United Indus., Ltd. v. City of Chicago,* No. 05 C 5011, 2011 U.S. Dist. LEXIS 106523, 2011 WL 4383007, at * 2 (N.D. Ill. Sept. 20, 2011). Continuing, the court stated, "These courts have reasonably concluded that a ratio of 3 to 1 preparation to deposition time is reasonable in complex cases such as this one," citing, *Nilssen v. Osram Sylvania, Inc.,* No. 01 C 3585, 2007 U.S. Dist. LEXIS 5792, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007).

The "three-to-one" ratio recognized by the court in *L.G. Elec. U.S.A., Inc.,* has been adopted by other courts as a reasonable rule of thumb for assessing whether time spent by an expert in preparing for a deposition is reasonable and compensable under Fed.R.Civ.P. 26(b)(4)(E). See, *Se–Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.,* 873 F. Supp. 2D 939, 956 (N.D. Ill. 2012); *Nilssen v. Osram Sylvania, Inc.,* No. 01 C 3585, 2007 WL 257711, at *5 (N.D.Ill. Jan.23, 2007). Here, Mr. LaPorte spent 21 hours preparing for what could have more than 8 hours of total elapsed time fro his deposition, which, if anything, is less than a three to one ratio.

Bungie has not demonstrated that it was unreasonable for Mr. LaPorte to spend the time he spent in preparing for his deposition. Nothing in Bungie's subpoena specifies or suggests that the deposition would be other than a wide-ranging examination as to *everything* Mr. LaPorte has or would do in connection with this case. Mr. LaPorte therefor was perfectly justified in reviewing *everything* he might reasonably be questioned regarding all aspects of

Motion to Compel Payment of Expert Witness Fee
Cause No. 21-CV-0811-TSZ                    Page 5

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900

the case as well as his professional qualifications and, possibly, collateral attacks on his professional interests.[1]

For all these reasons, Bungie has not established, and cannot establish, that Mr. LaPorte is not entitled to be compensated for the time he has reasonably spent in preparing for and attending the deposition demanded of him by Bungie itself. Under Fed.R.Civ.P. 26(b)(4)(E), Bungie should be ordered to pay Mr. LaPorte his bill for services rendered in connection with the deposition Bungie noticed and conducted.

## CERTIFICATION UNDER RULE 26(C)(1)

On December 21, 2023, Plaintiff's counsel, Mr. William Rava and I spoke by telephone regarding these issues but, despite our best efforts, were unable to resolve and reach agreement concerning them.

Dated December 28, 2023.

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum contains 1951 words, in compliance with the Local Civil Rules.

---

[1] This Court will recall that the deposition of Defendants' prior expert, Mr. Kraemer included inquiries into his relationship and agreements with his employer and none too subtle threats against his continued employment should he continue to serve as Defendants' expert.

Motion to Compel Payment of Expert Witness Fee
Cause No. 21-CV-0811-TSZ    Page 6

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Seattle, WA  98110
Phone:  206.436.0900