THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY EXECUTION OF ARBITRATION JUDGMENT**<br><br>**Note on Motion Calendar: December 29, 2023**<br><br>**Oral Argument Requested** |

In further support of their Motion to Stay Execution of Arbitration Judgment, Defendants, by and through their undersigned counsel, state as follows.

1. Bungie grossly misstates the facts. As this Court well knows, Bungie has already conducted scorched earth discovery into, among other things, the financial condition of all Defendants. Among other things, Bungie has conducted third-party discovery of Defendants' payment processors, PayPal and Stripe, and has obtained detailed financial records showing not only monies received during the relevant time period (i.e., November, 2019 through February, 2021) but from the *entir*e time period over which Phoenix Digital conducted business. It is on the basis of revenues received long before November, 2019 that Bungie makes the claim that, "Defendants earned enormous revenues developing, marketing, and selling video game cheat software on their network of websites." What revenues Phoenix Digital received more than ten years ago is not relevant to, or indicative of, the current financial condition of the Defendants.

Reply in Support of Motion to Stay Enforcement of Partial Judgment
Cause No. 21-CV-0811-TSZ

Page 1

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

2. Bungie also conveniently fails to mention that, as it well knows, the bulk of the revenues are immediately paid to the third-party developers of the "cheat" products Phoenix Digital distributed and were never the property of Phoenix Digital. Bungie's claim that Defendants are somehow sitting on a pile of money they have somehow managed to hide, despite the millions of dollars Bungie has already spent on discovery in this, at best, $40,000 case defies reality and common sense.

3. As Bungie also knows, the various bank accounts owned and operated by all Defendants, whether corporate or personal, have already been disclosed to Bungie long ago and Bungie has been perfectly free to conduct third-party discovery as to them. Indeed, Mr. Schaefer during one of his many depositions, invited Bungie to conduct such third-party discovery if Bungie did not believe his testimony. Bungie already knows that Defendants have no substantial assets, and that what little they had has been more than overshadowed by the costs of this action.

4. In addition to the foregoing, Phoenix Digital has already produced its tax records for the relevant period. These tax records show a modest profit for one of the relevant years and a loss for the subsequent year. As this Court is well-aware, such tax records, filed with the Internal Revenue Service, bring with them the possibility not only of fines but of prison sentences in the event they are fraudulent or otherwise knowingly inaccurate. None of these records indicates the revenues Bungie claims. Bungie has had these tax records for well over one year and has had ample opportunity to seek further discovery as to them. Bungie's unsupported claim that Defendants have not been truthful as to their finances is belied by the tax records they have filed under pain of criminal prosecution in the event they were false.

5. Bungie has also been aware (as has this Court) that the "Aimjunkies.com" website once operated by Phoenix Digital was sold to an overseas purchaser in May, 2022 for a purchase price of $7,000. Bungie is, and has been, aware that Phoenix Digital has not operated the "Aimjunkies.com" website for more than one-and-one-half years and that, largely as a result of this lawsuit, has not been engaged in distributing "cheat" software of any kind since shortly after this case was filed. Again, Bungie is well aware of this and has already conducted extensive discovery into each of the Defendants finances and sources of income.

Reply in Support of Motion to Stay Enforcement of
Partial Judgment
Cause No. 21-CV-0811-TSZ

Page 2

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

6. To the extent Bungie argues that, even if the above is true, it has not been established by way of sworn declarations, Defendants respond, (1) such is unnecessary given the sworn testimony and sworn discovery responses already provided by Defendants, and (2) should the Court require or request such declarations, Defendants will be happy to provide them. Indeed, Defendants are agreeable to an evidentiary hearing on this Motion should the Court so request or deem it helpful.

7. As to the applicable law, this Court enjoys "wide discretion" whether to grant a stay under Federal Rule of Civil Procedure 62(d) and waive the bond requirement thereof. *See, Kranson v. Fed. Express Corp., No. 11-cv-05826-YGR, 2013 WL 6872495, at * 1 (N.D. Cal. Dec. 31, 2013)(citing Dillon v. City of Chi., 866 F.2d 902, 904 (7th Cir. 1988); Arban v. W. Publ'g Corp., 345 F.3d 390, 409(6th Cir. 2003)); Intl Telemeter, Corp. v. Hamlin Intl Corp., 754 F.2d 1492, 1495 (9th Cir. 1985). See also, Townsend v. Holman Consulting Corp.,* 881 F.2d 788, 796-97 (9th Cir. 1989), vacated on reh'g on other grounds, 914 F.2d 1136 (9th Cir. 1990) ("the district court has broad discretionary power to waive the bond requirement if it sees fit"). Bungie has not cited, nor can it cite, any authority that it would be an abuse of discretion for this Court to grant the relief requested by Defendants. Again, this Court has wide discretion whether to grant the relief requested by Defendants, and Defendants urge that this Court do so in order to prevent manifest injustice.

8. Bungie's arguments consist largely of the now familiar and tiresome claims, (1) that Judge Cox issued an Arbitration Award in Bungie's favor and (2) this Court has accepted Bungie's argument that some of the Defendants "spoliated" evidence. Indeed, in opposition to Defendants' instant motion, Bungie has, once again, filed approximately fifteen exhibits, the bulk of them under seal, even though these exhibits have already been filed with the Court on numerous occasions before and could simply have referred to under their existing docket numbers. It is apparent that Bungie's strategy at this point is simply to smear Defendants and hope this Court will ignore its principal role of seeking a just result.

9. In view of the clear facts that Defendants have virtually no income or assets and that Bungie can never hope to collect anywhere near the full amount of the Arbitration Award (which is still subject to a pending appeal), it is clear that the true purpose behind Bungie's collection efforts are to disrupt Defendants' already disrupted lives and interfere

Reply in Support of Motion to Stay Enforcement of Partial Judgment
Cause No. 21-CV-0811-TSZ
Page 3

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

with their ability even to provide for their defense in this action. This is further evidenced by the fact that, despite its clear obligation to do so under Fed.R.Civ.P. 26(b)(4)(E), Bungie has brazenly refused to pay *any* of the fees billed by Defendants' expert, Mr. Brad LaPorte, in connection with preparing and appearing for a deposition demanded by Bungie itself. (See Dkt#271.) This is a transparent ploy by Bungie to chase away Defendants' expert by denying him the fees he is owed. Bungie's supposed "collection" efforts, which have no hope for success, are simply another tactic on the part of an apparently concerned Bungie to interfere with Defendants' ability to represent themselves effectively and have their day in court.

10. As noted, this Court has wide discretion whether to grant the relief Defendants seek through their motion. The available alternatives are: (1) to permit Bungie to continue its hopeless charade of searching for assets that are not there while freezing Defendants' bank accounts to preclude them from paying what little they can toward their defense in this case, or (2) maintain the status quo by staying enforcement of the judgment for the short time remaining before this case is tried and the pending appeal is heard. In the interests of justice, Defendants request that this Court exercise its discretion to grant a stay and enable them to proceed on the merits.

For all the foregoing reasons, Defendants motion to stay should be granted.

Dated December 29, 2023.

> */s/ Philip P. Mann*
> Philip P. Mann, WSBA No: 28860
> **Mann Law Group PLLC**
> 403 Madison Ave. N. Ste. 240
> Bainbridge Island, Washington 98110
> Phone (206) 436-0900
> phil@mannlawgroup.com
> Attorneys for Defendants

I certify that this memorandum contains 1482 words, in compliance with the Local Civil Rules.

Reply in Support of Motion to Stay Enforcement of Partial Judgment
Cause No. 21-CV-0811-TSZ
Page 4

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206.436.0900