THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

    Plaintiff,

v.

AIMJUNKIES.COM; PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY,

    Defendants.

No. 2:21-cv-00811

PLAINTIFF BUNGIE, INC'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PAYMENT OF EXPERT WITNESS DEPOSITION FEE

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND .............................................................................................................. 1

III.  ARGUMENT .................................................................................................................... 3

    A.   Defendants' requested fees are unreasonable and consist primarily of unrecoverable preparation and transcript review time. ........................................... 5

        1.   Mr. LaPorte's deposition preparation and transcript review time is not recoverable. ....................................................................................... 5

        2.   It would be manifestly unjust to force Bungie to pay for Mr. LaPorte's fees. ........................................................................................ 8

    B.   Any fees owed by Bungie should be offset against Bungie's award. ..................... 9

IV.   CONCLUSION ............................................................................................................... 11

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – i
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*3M Co. v. Kanbar*,
   No. C06-01225JWHRL, 2007 WL 2972921 (N.D. Cal. Oct. 10, 2007)............................4, 6, 7

*Chicago United Indus., Ltd. v. City of Chicago*,
   No. 05 C 5011, 2011 WL 4383007 (N.D. Ill. Sept. 20, 2011)................................................7, 8

*Eastman v. Allstate Ins. Co.*,
   No. 14CV00703WQHWVG, 2016 WL 795881 (S.D. Cal. Feb. 29, 2016) .........................4, 6

*Eclipse Grp. LLP v. Target Corp.*,
   No. 15CV1411-JLS (BLM), 2017 WL 5885544 (S.D. Cal. Nov. 29, 2017)....................4, 6, 7

*Est. of Harvey v. Jones*,
   No. C05-1170RSM, 2006 WL 8454886 (W.D. Wash. Sept. 8, 2006) ............................3, 4, 10

*Garcia v. Pueblo Country Club*,
   299 F.3d 1233 (10th Cir. 2002) .................................................................................................7

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425
   (N.D. Ill. Oct. 20, 2011) ............................................................................................................8

*Mendez v. Unum Provident Corp.*,
   No. C04-1312JWHRL, 2005 WL 1774323 (N.D. Cal. July 26, 2005) .....................................7

*Miller v. Sawant*,
   No. C18-506 MJP, 2023 WL 4027592 (W.D. Wash. June 15, 2023) .....................................10

*Nilssen*, No. 01 C 3585, 2007 WL 257711 .......................................................................................8

*Rock River Commc'ns, Inc. v. Universal Music Grp.*,
   276 F.R.D. 633 (C.D. Cal. 2011)......................................................................................4, 6, 7, 9

*Ruiz v. Affinity Logistics Corp.*,
   No. 05CV2125 JLS (CAB), 2008 WL 11318289 (S.D. Cal. May 23, 2008) ...........................3

*Script Security Solns., LLC v. Amazon.com, Inc.*,
   No. 2:15-CV-1030, WCB, 2016 WL 6649721 (E.D. Tex. Nov. 10, 2016)...............................8

*Se-Kure Controls*, 873 F. Supp. 2d.................................................................................8, 10, 11

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – ii
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Tibble v. Edison Int'l*,
    No. CV 07-5359 SVW AGRX, 2011 WL 3759927 (C.D. Cal. Aug. 22, 2011),
    *aff'd* 520 F. App'x 499 (9th Cir. 2013) ........................................................................ 9, 11

**RULES**

Fed. R. Civ. P. 30(d) ........................................................................................................... 8

Rule 26 ................................................................................................................... passim

Rule 26(b)(4) ....................................................................................................................... 9

Rule 26(b)(4)(E) .................................................................................................................. 3

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – iii
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

## I. INTRODUCTION

Defendants' requested expert fees are wholly unreasonable, and their motion should be denied.

Defendants request that Bungie pay $18,000 for the thirty hours Defendants' expert, Brad LaPorte, purportedly expended in connection with his five-hour deposition, most of which was spent "preparing," despite that his report contained just nine paragraphs of opinions, and most of those were excluded as relevant only to a now-dismissed counterclaim based on an illegal contract. Indeed, Defendants seek to recover nearly the same amount in fees for Mr. LaPorte's deposition as Defendants paid him to prepare the expert report.

Defendants also demand that Bungie pay their expert bill ***despite currently owing Bungie $4,396,222***. If Mr. LaPorte's time is found to be reasonable and reimbursable, it should thus be offset against and count as payment towards Defendants' judgment debt to Bungie.

## II. BACKGROUND

On June 12, 2023, Defendants served the expert report of Scott Kraemer. Mr. Kraemer's report was short—seven pages, only two of which contain Mr. Kraemer's opinions. Dkt. 200 (Rava Decl.), Ex. 1 (Kraemer Report). In preparing his report, Mr. Kraemer reviewed less than 30 documents. *Id.* at 4-5 (listing documents reviewed). Bungie analyzed Mr. Kraemer's report, served discovery requests relevant to Kraemer's purported qualifications and basis for his opinions, and deposed Kraemer on June 23, 2023. Mr. Kraemer later withdrew as an expert witness.

Defendants thereafter moved to substitute Mr. LaPorte for Mr. Kraemer. Dkt. No. 148. The Court allowed the substitution with the express limitation that "LaPorte's opinions…shall be limited to those expressed in Kraemer's June 12, 2023 Expert Report and June 23, 2023 deposition testimony." Dkt. No. 180 p. 1. Defendants served LaPorte's report on August 28, 2023. Marcelo Decl., Ex. 1 (LaPorte Report). Mr. LaPorte's report contained even less information than Mr. Kraemer's—only nine paragraphs of opinions across two pages. *Id.* at 7-8. Mr. LaPorte, too,

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 1
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

1  relied on an extremely limited universe of documents in preparing his report, reviewing just 28
2  documents. *Id.* at 5-6.

3        Mr. LaPorte focused on Phoenix Digital's sole remaining counterclaim that Bungie
4  breached Phoenix Digital's Terms of Service. *Id.*; Marcelo Decl., Ex. 2 (LaPorte Dep. Tr.) at
5  94:12-16 ("Q.  Were you asked to provide any expert opinions regarding whether Bungie
6  circumvented any of May's technological protection measures to access any files on his computer?
7  A.  No."). Soon after serving Mr. LaPorte's report, however, Phoenix Digital's counterclaim was
8  dismissed because its Terms of Service "apply to the use of illegal goods" and so are "void as
9  illegal and unenforceable." Dkt. 201 (Order on Summary Judgment) at 11-12. Thus, as
10 Defendants' counsel recognized, "much of what Mr. LaPorte is going to testify to is moot."
11 Marcelo Decl., Ex. 3 (Pretrial Hearing Tr.) at 4:6-8.

12       After Phoenix Digital's counterclaim was dismissed, only one counterclaim remains:
13 Mr. May's DMCA claim regarding circumvention of technological measures. Mr. LaPorte,
14 however, did not opine regarding that counterclaim. *See* LaPorte Dep. Tr. at 94:12-16 ("Q.  Were
15 you asked to provide any expert opinions regarding whether Bungie circumvented any of May's
16 technological protection measures to access any files on his computer? A.  No."); 86:17-19 ("Q.
17 Were you engaged by James May to provide any opinions at all?  A.  No."); 166:8-23 (LaPorte
18 never spoke to May, looked at May's computer, or remotely accessed May's computer, nor did he
19 know the specifications of May's machine). At the Pretrial Conference, Defendants' counsel
20 conceded Defendants only intended to introduce *two sentences* from Mr. LaPorte's report at trial.
21 Marcelo Decl., Ex. 3 (Pretrial Hearing Tr.) at 9:16-11:8 ("So what Mr. LaPorte is testifying to is a
22 very narrow issue. He's saying those systems drivers that Bungie accessed are not attached to the
23 game, they're not related to the game."). Defendants' counsel also admitted that Mr. LaPorte's
24 testimony would be unnecessary and duplicative of testimony Mr. May intends to provide. *Id.* at
25 10:20-11:8 ("If Mr. May can testify to the same effect . . . we probably don't need Mr. LaPorte.").
26

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 2
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

1   Thus, other than the extremely narrow issue Defendants identified at the Pretrial Conference,
2   Mr. LaPorte's expert report was excluded. Dkt. 242; Pretrial Hearing Tr. at 9:16-11:8.

3   On September 28, 2023, Bungie deposed Mr. LaPorte for five hours. Mot. at 3. Yet
4   Defendants seek to recover fees for **thirty** hours Mr. LaPorte allegedly spent preparing for and
5   participating in the deposition, as well as for "transcript review" after the deposition. Mot., Ex. B
6   (LaPorte invoice). Of those thirty hours, Mr. LaPorte claims twenty-one were spent on "deposition
7   preparation" and "review of case files," but neither he nor Defendants provide any other details of
8   how that time was spent. *Id.* Seven hours were identified as being for "deposition coordination,
9   setup and delivery." *Id.* And two hours were listed for "transcript review" after the deposition. *Id.*
10  Mr. LaPorte did not submit an errata after his deposition. Through their motion, Defendants request
11  payment of $18,000 for the five-hour deposition.

12  While noting that the time Mr. LaPorte spent on preparing for his deposition and reviewing
13  his transcript were both unreasonable and not recoverable, Bungie offered to pay for the entire
14  seven hours Mr. LaPorte billed for the deposition itself (despite that the deposition was only five
15  hours long), a total of $4,200. Marcelo Decl., Ex. 4 (email with counsel).[1] Defendants refused
16  Bungie's offer and filed this motion.

17                          **III.   ARGUMENT**

18  Under Rule 26(b)(4)(E), parties are required to pay an expert's "reasonable fee" for the
19  time an expert spent in a deposition unless "manifest injustice" would result. Defendants, as the
20  party seeking payment for their expert's deposition fees, have the burden of demonstrating the
21  requested fees are reasonable. *See Ruiz v. Affinity Logistics Corp.*, No. 05CV2125 JLS (CAB),
22  2008 WL 11318289, at *2 (S.D. Cal. May 23, 2008); *see also Est. of Harvey v. Jones*, No. C05-
23  1170RSM, 2006 WL 8454886, at *1 (W.D. Wash. Sept. 8, 2006) ("plaintiff has failed to
24  demonstrate that Dr. Spitz's fee is reasonable").

---

[1] Given Bungie's offer to pay for the seven hours Mr. LaPorte billed to attend his deposition, Defendants claim that Bungie "has continued to refuse to pay *any* portion of Mr. LaPorte's outstanding bill" is clearly false. Mot. at 2 ¶ 8.

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 3
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

"Federal courts determining the reasonableness of an expert's requested fee generally weigh several factors, including: (1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters." *Est. of Harvey v. Jones*, No. C05-1170RSM, 2006 WL 8454886, at *1 (W.D. Wash. Sept. 8, 2006). "In addition, courts consider any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Id.*

Except in complex cases or where there are other extenuating circumstances, both preparation and transcript review time are routinely excluded from recoverable costs under Rule 26. *See Rock River Commc'ns, Inc. v. Universal Music Grp.*, 276 F.R.D. 633, 635 (C.D. Cal. 2011) (providing in-depth analysis of why preparation time should not be recoverable and excluding expert time spent reviewing transcript and preparing for deposition where expert spent seven hours preparing for a 3-hour deposition); *Eclipse Grp. LLP v. Target Corp.*, No. 15CV1411-JLS (BLM), 2017 WL 5885544, at *3 (S.D. Cal. Nov. 29, 2017) (rejecting time expert spent preparing for deposition and reviewing transcript where expert spent two hours preparing for a 1-hour deposition); *Eastman v. Allstate Ins. Co.*, No. 14CV00703WQHWVG, 2016 WL 795881, at *6 (S.D. Cal. Feb. 29, 2016) ("The Court therefore holds that fee-shifting for expert preparation is the exception, not the rule, and is only required in extenuating circumstances."); *3M Co. v. Kanbar, No*. C06-01225JWHRL, 2007 WL 2972921, at *3 (N.D. Cal. Oct. 10, 2007) (denying motion to compel recovery of expert's deposition preparation time where the case was not "especially complex" and there were no extenuating circumstances).

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 4
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

A.   **Defendants' requested fees are unreasonable and consist primarily of unrecoverable preparation and transcript review time.**

Defendants have failed to meet their burden to show their request for $18,000—to cover thirty hours of time billed in connection with a five-hour deposition—is reasonable. Defendants do not address the factors considered by courts in determining reasonableness, and offer no evidentiary support for their argument. Defendants do nothing to address the nature, quality, and complexity of Mr. LaPorte's report. Defendants also offer no evidence or argument that Mr. LaPorte actually charged Defendants the amount they request Bungie pay. And while Defendants claim that Mr. LaPorte "has long served as an expert witness" and has charged $600 per hour previously, they offer no support for this claim. Mot. at 4. Indeed, Mr. LaPorte has not "long served as an expert witness," and has instead only served as an expert in three other cases. Marcelo Decl., Ex. 1 at 9. Likewise, while Defendants compare Mr. LaPorte's rate to that of Bungie's expert, Stephen Guris, there is a stark contrast in the work provided by those experts. Mr. Guris provided a 155-paragraph report containing a highly detailed analysis of Defendants' software. Dkt. No. 160, Ex. 6 (Guris Report). That report bears no similarity to Mr. LaPorte's nine paragraphs of opinions. Mr. LaPorte's invoice, too, is bereft of any details or support indicating the time he spent was reasonable offering only general descriptions that he spent 21 hours on "deposition preparation" and "review of case files." Mot., Ex. B.

Defendants have not met their burden to show the requested fees are reasonable, nor have they even seriously tried to. To the contrary, the circumstances show the fees are clearly *not* reasonable.

1.   **Mr. LaPorte's deposition preparation and transcript review time is not recoverable.**

The majority of the fees Defendants seek to have Bungie cover—twenty-three of the thirty hours—is for time purportedly spent preparing for the deposition or reviewing the transcript of the deposition. *Id*. Courts in this Circuit routinely find that such preparation and transcript review time are not recoverable under Rule 26, unless the subject matter is particularly complex or there are

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 5
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

other extenuating circumstances. *See Rock River*, 276 F.R.D. at 635 (excluding expert time spent reviewing transcript and preparing for deposition); *Eclipse*, No. 15CV1411-JLS (BLM), 2017 WL 5885544, at *3 (same); *Eastman*, No. 14CV00703WQHWVG, 2016 WL 795881, at *6 ("The Court therefore holds that fee-shifting for expert preparation is the exception, not the rule, and is only required in extenuating circumstances."); *3M Co.*, No. C06-01225JWHRL, 2007 WL 2972921, at *3 (denying motion to compel recovery of expert's deposition preparation time where the case was not "especially complex" and there were no extenuating circumstances).

Here, no extenuating circumstances warrant recovery of Mr. LaPorte's excessive preparation time. Mr. LaPorte's expert report consisted of just nine pages, of which only two contain his opinions. Marcelo Decl., Ex. 1 at 7-8. Mr. LaPorte only reviewed 28 documents in preparing his report. *Id.* at 5-6. And he did not conduct any digital forensics or analysis "outside of reading" those 28 documents. LaPorte Dep. Tr. at 65:9-66:7 (Mr. LaPorte did not "conduct an analysis as part of preparing [his] report . . . other than reading the materials provided" and relying on his experience). In other words, to prepare his report, Mr. LaPorte simply read 28 documents and, applying his "experience," wrote nine paragraphs of opinions regarding those documents. Despite the simplicity of his report, Mr. LaPorte apparently billed nearly the same amount of time drafting it as he did preparing to be deposed about it. *Id.* at 86:25-87:3 (Mr. LaPorte billed Defendants $22,000 leading up to his deposition).

Mr. LaPorte's deposition also occurred just one month after his expert report was served. There is no reason Mr. LaPorte would need to extensively re-review the 28 documents he relied on in preparing his report just a month earlier. *Eclipse*, 2017 WL 5885544, at *3 (holding that five months elapsing between preparation of expert report and deposition did not create extenuating circumstances that warranted shifting payment of deposition preparation fees); *Eastman*, 2016 WL 795881, at *6 (finding no extenuating circumstances where the gap in time between the expert's last involvement with the case and the deposition was not especially great and where despite there being voluminous records, the experts should have had a good sense of what the key documents

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 6
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

and issues were). Nor do Defendants explain why Mr. LaPorte would need *21 hours* to re-review the limited set of documents.

The time Mr. LaPorte spent reviewing his deposition transcript is also not recoverable. *Rock River*, 276 F.R.D. at 635; *Eclipse*, No. 15CV1411-JLS (BLM), 2017 WL 5885544, at *3; *Mendez v. Unum Provident Corp.*, No. C04-1312JWHRL, 2005 WL 1774323, at *3 (N.D. Cal. July 26, 2005) ("this court concludes that defendants should not be required to pay for costs or time involved in Prater's review of the deposition"); *see also Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("[a] deposition is not a take home examination."). This is especially true here where Mr. LaPorte did not provide an errata and there is no indication that reviewing his transcript was necessary.

Notably, Defendants offer no authority to support their request for fees expended in reviewing a transcript. And the cases Defendants rely on to support their request for the fees expended in preparing for the deposition—which consist *exclusively* of cases from the Northern District of Illinois—are inapposite. *See* Mot. at 5. First, each of the out-of-circuit cases cited by Defendants involved a request for fees and costs by the prevailing party. *Id.* That is not the circumstance here, where Defendants have already lost most of the claims at issue in this case, with the remainder to be decided at trial. Additionally, unlike the cases relied on by Defendants, Mr. LaPorte's report—in which he merely "read[] the materials provided" and applied his "experience"—is not complex and does not justify the recovery of preparation time. As even Defendants' cited case holds, where a deposition is not complex, "the 'reasonable' compensation for deposition preparation time [may] be zero or a nominal amount." Mot. at 5 (citing *Chicago United Indus., Ltd. v. City of Chicago*, No. 05 C 5011, 2011 WL 4383007, at *2 (N.D. Ill. Sept. 20, 2011)); *see also 3M Co.*, No. C06-01225JWHRL, 2007 WL 2972921, at *3.

Defendants erroneously claim that a 3:1 ratio of deposition preparation time to deposition time is a "reasonable rule of thumb." Mot. at 5. Not so. Courts that apply this ratio at all do so when warranted by the "circumstances such as the complexity of the case and the number of

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 7
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

documents the expert is expected to review." *Script Security Solns., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030, WCB, 2016 WL 6649721, at *6 (E.D. Tex. Nov. 10, 2016). Indeed, each case Defendants rely on confirm that in the Northern District of Illinois, the 3:1 ratio applies only "in complex cases." Mot. at 5 citing *Nilssen*, No. 01 C 3585, 2007 WL 257711, at *5 (shifting preparation times based on the "extensive document review required, the complexity of the issues, and the breadth of the expert's report"); *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *5 (N.D. Ill. Oct. 20, 2011) ("courts have reasonably concluded that a ratio of 3 to 1 preparation to deposition time is reasonable in complex cases such as this one"); *Chicago United Industries*, No. 05 C 5011, 2011 WL 4383007, at *2 (case was "more complicated" than a patent infringement case); *Se-Kure Controls*, 873 F. Supp. 2d at 956 (expert in patent involving "very complex and technical issues"). As discussed extensively above, Defendants have failed to show that the circumstances in this case justify the award of any deposition preparation time, let alone at a 3:1 ratio.[2]

Defendants failed to meet their burden to show Mr. LaPorte's fees are reasonable—they do not offer any evidence at all in that regard. It is clear, instead, that Mr. LaPorte's requested fees in preparing for the deposition and reviewing the deposition transcript are exorbitant, unreasonable, and unrecoverable. Defendants' motion should be denied.

 2.     **It would be manifestly unjust to force Bungie to pay for Mr. LaPorte's fees.**

In addition to the requested fees being unreasonable, it would be manifestly unjust to require Bungie to pay those fees.

First, Mr. LaPorte's report focuses exclusively on Phoenix Digital's now-dismissed counterclaim for breach of Phoenix Digital's Terms of Service. LaPorte Dep. Tr. at 94:12-16 ("Q.

---

[2] Defendants also erroneously claim that Mr. LaPorte's preparation time falls within the 3:1 ratio. Mot. at 5. It does not. The deposition lasted five hours (Mot. at 3) but Mr. LaPorte allegedly spent 21 hours preparing. Defendants claim that the 3:1 ratio applies to the amount of time the deposition *could* have lasted is nonsensical. Under that theory, every expert deposed in any case would be automatically entitled to recover for 21 hours of preparation time because their deposition *could* last seven hours. Fed. R. Civ. P. 30(d).

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 8
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

Were you asked to provide any expert opinions regarding whether Bungie circumvented any of May's technological protection measures to access any files on his computer? A. No."). The Court dismissed that counterclaim because Defendants' Terms of Service "apply to the use of illegal goods" and so are "void as illegal and unenforceable." Dkt. 201 at 11-12. So it is that the majority of Mr. LaPorte's testimony is also irrelevant. Indeed, Defendants concede that there are only two sentences of Mr. LaPorte's report that remain relevant, which they also concede is duplicative of Mr. May's intended testimony and so unnecessary. Pretrial Hearing Tr. at 9:16-10:11:8 (identifying two sentences Mr. LaPorte may testify regarding in his report); *id.* at 10:20-11:8 ("If Mr. May can testify to the same effect . . . we probably don't need Mr. LaPorte.").

Bungie should not be forced to support Defendants' efforts to enforce an illegal and void contract by paying their expert, especially where the opinions were ultimately excluded from trial. Such a result would be manifestly unjust.

Second, requiring Bungie to pay for the fees charged by Mr. LaPorte would be against the purpose behind Rule 26(b)(4). As noted in the Advisory Committee Notes, one of the reasons fee shifting to the deposing party exists is because "[t]he requirement ... of a complete and detailed report of the expected testimony of certain forensic experts may … eliminate the need for some such depositions or at least reduce the length of the depositions." *See Rock River*, 276 F.R.D. at 635 citing Advisory Committee Note to 1993 Amendment to Fed.R.Civ.P. 26. Here, however, Mr. LaPorte did not provide a "complete and detailed report." His report consists merely of high-level conclusions, with little explanation of methodology and no analysis. *See* Ex. 1 at 7-8. This failure to provide a complete and detailed report made a deposition necessary, and likely lengthened the amount of time necessary for his deposition. Requiring Bungie to pay for these expenses created by Mr. LaPorte's summary level report would also be manifestly unjust.

**B.      Any fees owed by Bungie should be offset against Bungie's award.**

If Bungie is required to pay any of the fees requested by Defendants, that amount should be offset against Bungie's partial judgment against Defendants, or deferred until judgment is

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 9
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

entered in the remainder of this proceeding. Dkt. No. 141. "[T]he general rule is that a judgment for costs for one party may be set off against a judgment for another in the same action." *Tibble v. Edison Int'l*, No. CV 07-5359 SVW AGRX, 2011 WL 3759927, at *3 (C.D. Cal. Aug. 22, 2011), aff'd, 520 F. App'x 499 (9th Cir. 2013). Such offsets have been applied in this District to expert fees recoverable under Rule 26. *See Miller v. Sawant*, No. C18-506 MJP, 2023 WL 4027592, at *2 (W.D. Wash. June 15, 2023) (offsetting expert expenses owed to Defendant under Rule 26 for expert's deposition "by the amount Defendant was ordered to pay Plaintiffs by the Ninth Circuit."). Defendants' cited authority also supports using expert fees as a credit to offset amounts owed by the parties. Mot at 5 citing *Se-Kure Controls*, 873 F. Supp. 2d at 950-51, 959 (crediting amount owed to plaintiff under Rule 26 in connection with the deposition of plaintiff's experts against defendant's costs as prevailing party).

Defendants resist an offset arguing that fees are to be paid directly to Mr. LaPorte. But they fail to cite a single case where payment is required to be made directly to an opposing party's expert. Indeed, each of the cases cited by all parties hold that payments are made to the *opposing party*. That makes sense, of course. Mr. LaPorte is not a party to this case, and he is not a party to the underlying motion requesting payment. This position is further confirmed by the fact that one of the factors courts look at to determine reasonableness of an expert's fees is "the fee actually being charged by the expert to the party who retained him[.]" *Estate of Harvey*, No. C05-1170RSM, 2006 WL 8454886, at *1. If opposing experts could bill an opposing party directly, this factor would make no sense. Likewise, courts commonly offset expert deposition fees against other amounts owed from one party to another party. *Miller*, No. C18-506 MJP, 2023 WL 4027592, at *2; *Se-Kure Controls*, 873 F. Supp. 2d at 950-51, 959. Again, this would not be possible if the fees were owed directly to the opposing expert.

If Bungie is required to pay any of the fees charged by Mr. LaPorte, that payment would go to Defendants and should be merely credited against the $4,396,222 they currently owe Bungie

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 10
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

under the partial judgment against Defendants in this matter.[3] Alternatively, the fee shifting should be deferred until judgment is entered in the remainder of this proceeding. Then, if Bungie succeeds on its claims, any reasonable fees may be offset against its damages award. And, in the unlikely event Mr. May succeeds on his counterclaim, any damages award, costs or fees can be properly offset against Bungie's judgment against Mr. May. *See Tibble*, No. CV 07-5359 SVW AGRX, 2011 WL 3759927, at *3 (offsetting defendants' costs as prevailing party against plaintiffs' award of partial attorney's fees); *Se-Kure Controls*, 873 F. Supp. 2d at 950-51, 959 (crediting amount owed to plaintiff under Rule 26 in connection with the deposition of plaintiff's experts against defendant's costs as prevailing party).

## IV.   CONCLUSION

For the foregoing reasons, Bungie respectfully requests that the Court deny Defendants' motion.

I certify that this memorandum contains 3,793 words, in compliance with the Local Civil Rules.

Dated: January 8, 2024

By: s/*William C. Rava*
William C. Rava, Bar No. 29948
Christian W. Marcelo, Bar No. 51193
Jacob P. Dini, Bar No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
JDini@perkinscoie.com

---

[3] For instance, the Court can enter an order for partial satisfaction of judgment of the previously entered partial judgment.

BUNGIE'S OPP'N TO DEFS.' MOT. TO COMPEL – 11
(No. 2:21-cv-00811)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on January 8, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: January 8, 2024

                                          s/ *Brooke A. Harkness*
                                          Brooke Harkness

CERTIFICATE OF SERVICE
(No. 2:21-cv-00811)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

165017413.2