01
02
03
04
05
06
07  UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
08
09  BUNGIE, INC.,

10          Plaintiff,

11      v.                                C21-0811 TSZ

12  PHOENIX DIGITAL GROUP LLC;
DAVID SCHAEFER; JORDAN        COURT'S JURY INSTRUCTIONS
13  GREEN; JEFFREY CONWAY; and
JAMES MAY,
14
           Defendants.
15
16
17      DATED this 23rd day of May, 2024.
18
19
20  
21      Thomas S. Zilly
    United States District Judge
22

INSTRUCTION NO. 1

<u>Duty of Jury</u>

Members of the Jury:   Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.   These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, <u>i.e.</u>, what plaintiffs must prove to make their case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.   To those facts you must apply the law as I give it to you.   You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions or anything I might have said or done that I have an opinion regarding the evidence or what verdict you should return.   That is a matter entirely for you to decide.

INSTRUCTION NO.  2

<u>Conscious and Unconscious Bias</u>

It is important that you discharge your duties without discrimination, meaning that bias regarding race, color, religious beliefs, national origin, sexual orientation, gender, or any disability of a party, a witness, or a lawyer should play no part in the exercise of your judgment throughout the trial.   These are called "conscious biases."

There is, however, another more subtle tendency at work about which we must all be aware.   This part of human nature is understandable but must play no role in your service as jurors.   In our daily lives, there are many issues that require us to make quick decisions and then move on.   In making these daily decisions, we may well rely upon generalities, even what might be called biases or prejudices.   That may be appropriate as a coping mechanism in our busy daily lives but bias and prejudice can play no part in any decisions you might make as a juror.   Your decisions as jurors must be based solely upon an open-minded, fair consideration of the evidence that comes before you during trial.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO.  3

<u>Burden of Proof</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.   You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO.  4

Evidence

The evidence you are to consider in deciding what the facts are consists of (1) the sworn testimony of witnesses; (2) the exhibits that are admitted into evidence; and (3) any facts to which all the lawyers have agreed.

INSTRUCTION NO.  5

<u>Stipulated Facts</u>

The parties have agreed, or stipulated, to the following facts.   You must therefore treat these facts as having been proved.   You should consider these facts in addition to those facts that were proved to you at trial.

1.   *Destiny 2* is a shared-world first-person shooter video game created and owned by Bungie.

2.   *Destiny 2* was released in September 2017 and has an estimated player base of over 30 million players.

3.   Bungie owns all rights, title, and interest in the copyrights to *Destiny 2* and *Destiny 2: Beyond Light*, including U.S. copyright registrations for the computer software (Reg. Nos. TX 8-933-655 and TX 8-933-658) and audiovisual works (Reg. Nos. PA 2-282-670 and PA 2-280-030).   These registrations cover the entirety of the *Destiny 2* and *Destiny 2: Beyond Light* source code, object code, and audiovisual works.

4.   *Destiny 2* was first published on September 9, 2017.   Bungie's copyright registration TX 8-933-655 was registered on February 9, 2021, and Bungie's copyright registration PA 2-282-670 was registered on March 23, 2021.

5.   *Destiny 2: Beyond Light* was first published on November 10, 2020.   Bungie's copyright registration TX 8-933-658 was registered on February 9, 2021, and Bungie's copyright registration PA 2-280-030 was registered on February 10, 2021.

6.   Schaefer, Green, and Conway formed and became equal 1/3 owners of Phoenix Digital in 2012.

7.   Schaefer, Green, and Conway each had full control and authority to manage Phoenix Digital while they were members.

INSTRUCTION NO. 5 (page 2)

8.     Schaefer personally controlled every aspect of the sale of cheat software, including communicating with cheat software developers, deciding whether to sell a cheat, allocating profits from sales, and deciding when to stop selling a cheat.

9.     On or around December 17, 2019, Phoenix Digital began distributing the first version of the Cheat Software with only the "Extra-Sensory Perception" ("ESP") feature.

10.     On or around December 23, 2019, Phoenix Digital began distributing a second full version of the Cheat Software with new features, including "AIMBOT" and "One Position Kill" ("OPK").

11.     The Cheat Software's ESP feature allows users to see other *Destiny 2* players and non-player characters through solid walls by displaying a distinct box around the other players, displaying the players' names, and the distance between the cheating and non-cheating players.

12.     The Cheat Software's AIMBOT feature allows cheaters to automatically aim at other *Destiny 2* player and non-player characters with little to no input (i.e., movement of the mouse and/or joystick) by the cheater.

13.     The Cheat Software's OPK feature allows cheaters to either respawn at or move (teleport) to the same space in *Destiny 2* so that the cheater's abilities would be more effective at defeating those opponents, accelerate the rate at which cheaters accumulate rewards and accolades.

14.     May accepted Bungie's Limited Software License Agreement ("LSLA") in October 2019 and the Bungie's Privacy Policy that applies to his access to and use of *Destiny 2*, and agreed to each subsequent version of Bungie's LSLA in effect between October 2019 and May 2021.

INSTRUCTION NO. 5 (page 3)

15.     May does not own U.S. copyright registrations for any files on his computer that were allegedly accessed by Bungie.

16.     During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000409.

17.     During the course of this litigation, Bungie produced the document bearing document production control number BUNGIE_WDWA_0000367.

INSTRUCTION NO. 6

<u>What is Not Evidence</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.   Certain things are not evidence and you may not consider them in deciding what the facts are.   I will list them for you:

1.      Arguments and statements by lawyers are not evidence.   The lawyers are not witnesses.   What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Objections by lawyers are not evidence.   Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you might have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO.  7

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you might have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness's testimony;

6.     the reasonableness of the witness's testimony in light of all the evidence; and

7.     any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

Sometimes a witness might say something that is not consistent with something else he or she said.   Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.   Also, two people might

01        INSTRUCTION NO. 8 (page 2)

02

03   see the same event but remember it differently. You may consider these differences, but do not

04   decide that testimony is untrue just because it differs from other testimony.

05        If you decide, however, that a witness has deliberately testified untruthfully about

06   something important, you may choose not to believe anything that witness said.   On the other

07   hand, if you think the witness testified untruthfully about some things but told the truth about

08   others, you may accept the part you think is true and ignore the rest.

09

10        The weight of the evidence presented by each side does not necessarily depend on the

11   number of witnesses who testify.   What is important is how believable the witnesses were, and

12   how much weight you think their testimony deserves.

13

14

15

16

17

18

19

20

21

22

INSTRUCTION NO. 9

<u>Spoliation of Evidence</u>

Spoliation is the destruction or significant alteration of evidence, or failure to preserve evidence, in pending or reasonably foreseeable litigation.   Spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.

Phoenix Digital, Mr. Schaefer, Mr. Conway, and Mr. Green (the "Phoenix Digital Defendants") deleted: (1) records of the Cheat Software, including access to the Cheat Software, from the AimJunkies.com website, (2) records relating to forum messages regarding the Cheat Software, (3) records relating to sales of the Cheat Software, including financial records relating to the sales records and records from various payment processors and for Bitcoin transactions and records of Bitcoin transactions with the individual referred to as Andreas Banek, (4) the Loader Software and any documents relating to the Loader Software, and (5) images allegedly from *Destiny 2* used in the marketing of the Cheat Software.   The Phoenix Digital Defendants also failed to preserve any archival information or records from AimJunkies.com prior to the website's alleged sale.

The Phoenix Digital Defendants had a duty to preserve this evidence.

The Phoenix Digital Defendants intentionally took steps to delete or otherwise render inaccessible this relevant evidence after their duty to preserve evidence triggered and did so with an intent to deceive Bungie or otherwise interfere with Bungie's ability to proceed to trial.

Defendant James May wiped four hard drives that he alleges Bungie improperly accessed in relation to this suit.

Mr. May had a duty to preserve this evidence.

Mr. May intended to deprive Bungie of the evidence that he destroyed.

INSTRUCTION NO. 9 (page 2)


You may presume that the records and information deleted, destroyed, or otherwise rendered inaccessible by Defendants' intentional actions after their duty to preserve evidence arose were unfavorable to Defendants.

INSTRUCTION NO.  10

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 11

<u>Notes</u>

Whether or not you took notes during the trial, you should rely on your own memory of the evidence.   Notes are only to assist your memory.   You should not be overly influenced by your notes or those of other jurors.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 12

<u>Corporations and Limited Liability Companies</u>

<u>Fair Treatment</u>

The fact that some parties are corporations and limited liability companies should not affect your decision.   All parties are equal before the law, and a corporation or limited liability company is entitled to the same fair and conscientious consideration by you as any other party.

A corporation can act only through its directors, officers, or employees.   Similarly, a limited liability company can act only through its members, managers, or employees.   Thus, a corporation is responsible for the acts of its directors, officers, and employees, and a limited liability company is responsible for the acts of its members, managers, and employees.

INSTRUCTION NO. 12A

<u>CORPORATE OFFICER LIABILITY</u>

An officer of a corporation or limited liability company is personally liable if he uses the corporation or company to carry out any willful copyright infringement or if he derives financial benefit from the infringing activity.

INSTRUCTION NO. 13

<u>Summary of Claims</u>

(1)     Plaintiff Bungie, Inc. ("Bungie") makes the following claim, on which it bears the burden of proof by a preponderance of the evidence:

Bungie claims that Defendants Aimjunkies.com, Phoenix Digital Group, LLC, David Schaefer, Jordan Green, Jeffrey Conway, and James May directly, vicariously, and/or contributorily infringed Bungie's copyrights associated with its *Destiny 2* and *Destiny 2: Beyond Light* video games in connection with Defendants' development, sale, distribution, and advertising of certain cheat software for Bungie's *Destiny 2* and *Destiny 2: Beyond Light* video games (the "Cheat Software").   Bungie brings this claim under federal law.

Defendants deny Bungie's claim and, further, deny the nature and extent of Bungie's damages.   Defendants also assert affirmative defenses on which they bear the burden of proof by a preponderance of the evidence.

(2)     James May asserts a counterclaim, on which he bears the burden of proof by a preponderance of the evidence.   May claims Bungie circumvented technological measures as a result of Bungie's unauthorized access to May's personal computer beyond limits authorized by May, in violation of federal law.   Bungie denies May's counterclaim and, further, denies the nature and extent of May's damages.   Bungie also asserts an affirmative defense on which it bears the burden of

INSTRUCTION NO. 13 (page 2)

proof by a preponderance of the evidence.

The foregoing is merely a summary of the claims and defenses of the parties.   You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence.   These claims and defenses have been outlined solely to aid you in understanding the issues.   Bungie brings its copyright infringement claim against more than one Defendant.   You must decide this claim as to each Defendant separately.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 14

<u>Copyright Infringement</u>

Bungie claims ownership of copyrights and seeks damages against Defendants for copyright infringement.   Bungie contends that each Defendant is liable for direct, vicarious, and/or contributory infringement.   You must decide whether any infringement occurred and by which, if any, defendant, with all of you agreeing on which Defendant or Defendants.

**DEFINITION AND FUNCTION OF A COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.   Video games and many of the individual elements of video games – music, art, images, code, etc. – are copyrightable.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.   An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

INSTRUCTION NO. 14 (page 2)

## HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.   The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.   After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, Bungie contends that Defendants have infringed Bungie's copyrights in *Destiny 2* and all expansions, including *Destiny 2: Beyond Light*, including without limitation, in its computer software and audiovisual material (collectively, the "*Destiny 2* Copyrighted Works").   The parties have stipulated, and you are instructed to find, that Bungie owns copyrights in the *Destiny 2* Copyrighted Works.   Additionally, Bungie has the burden of proving by a preponderance of the evidence that the Defendants copied original expression from the copyrighted work or works.

## PROOF OF COPYING

To prove that a Defendant or Defendants copied the *Destiny 2* Copyrighted Works, Bungie may show that a Defendant or Defendants had access to the *Destiny 2* Copyrighted Works and

INSTRUCTION NO. 14 (page 3)

that there are substantial similarities between the Defendants' Cheat Software and the *Destiny 2* Copyrighted Works.

## DIRECT INFRINGEMENT

One who reproduces, publicly distributes, publicly performs, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright directly infringes the copyright.   Copyright may also be infringed vicariously or contributorily.

## VICARIOUS INFRINGEMENT

A person is vicariously liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

A person is contributorily liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## SECONDARY INFRINGEMENT

Vicarious and contributory copyright infringement are collectively referred to as secondary copyright infringement.

INSTRUCTION NO. 14A

Direct Copyright Infringement – Elements – Ownership and Copying


Bungie contends that a Defendant or Defendants directly infringed Bungie's copyrights. Bungie has the burden of proving by a preponderance of the evidence the following elements for direct copyright infringement:

1. Bungie is the owner of a valid copyright; and

2. Defendant or Defendants copied original expression from the *Destiny 2* Copyrighted Works.

INSTRUCTION NO. 14B

<u>Vicarious Infringement</u>

Bungie contends that a Defendant or Defendants are vicariously liable under the Copyright Act for the infringing acts of a third party.   Bungie has the burden of proving each of the following elements by a preponderance of the evidence:

1.      A third party directly infringed one or more of Bungie's copyrights;

2.      A Defendant or Defendants directly benefitted financially from the infringing acts of such third party;

3.      A Defendant or Defendants had the right and ability to supervise and control the infringing acts of such third party; and

4.      The Defendant or Defendants failed to exercise that right and ability to supervise and control such third party.

INSTRUCTION NO. 14C

<u>Contributory Infringement</u>

A defendant may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally and materially contributed to that infringing activity.

Bungie contends that Defendants are contributorily liable under the Copyright Act for the infringing acts of a third party.   Bungie has the burden of proving each of the following elements by a preponderance of the evidence in connection with the issue of contributory infringement:

1.      A third party directly infringed one or more of Bungie's copyrights;

2.      A Defendant or Defendants knew or had reason to know of the infringing activity of such third party; and

3.      A Defendant or Defendants intentionally induced or materially contributed to the infringing acts of such third party.

COURT'S JURY INSTRUCTIONS

01 INSTRUCTION NO. 14D

02 Bungie's Copyright Infringement Theories

03

04   Bungie asserts that a Defendant or Defendants are liable for copyright infringement

05 under one or more theories.   If you find by unanimous agreement that Bungie has proven by a

06 preponderance of the evidence either (a) its direct infringement theory, (b) its vicarious

07 infringement theory, and/or (c) its contributory infringement theory as to any Defendant or

08 Defendants, with each of you agreeing as to (a), (b), and/or (c) as to each Defendant or

09 Defendants, then your verdict should be for Bungie as to that Defendant or Defendants on

10 Bungie's copyright infringement claim.

11

12   If you find that Bungie has not proven by a preponderance of the evidence any

13 infringement as to a Defendant or Defendants, then your verdict should be for that Defendant

14 or Defendants on Bungie's copyright infringement claim.

15

16

17

18

19

20

21

22

INSTRUCTION NO. 15

<u>May's Counterclaim</u>

<u>Circumvention of Technological Measures</u>

Defendant James May alleges that Bungie unlawfully accessed his computer and personal files, in violation of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention provisions.   May has the burden of proving each of the following by a preponderance of the evidence:

(1) May used one or more technological measure which effectively controlled access to;

(2) a work protected under the Copyright Act; and

(3) that Bungie circumvented those technological measure(s).

A technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.   To "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner.   The mere accessing of files alone is not "circumvention of technological measures."   "Circumvention of technological measures" is only the defeating of digital measures guarding copyrighted material.

01                          INSTRUCTION NO. 15 (page 2)

02

03          If you find that May has proved each of these elements, your verdict should be for May

04   on this counterclaim.   If, on the other hand, May has failed to prove any of these elements,

05   your verdict should be for Bungie on May's counterclaim.

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

INSTRUCTION NO. 15A

<u>Work Protected by Copyright</u>


Because none of the works that Defendant May alleges Bungie accessed are registered with the U.S. Copyright Office, Defendant May must show that the work(s) Bungie allegedly accessed are protected by the Copyright Act.   In order to do so, Defendant May must show by a preponderance of the evidence that the work(s) are original work(s) of authorship falling within the categories of copyrightable subject matter set forth in 17 U.S.C. § 102(a).   Under Section 102(a) of the Copyright Act, copyright protection extends to original works of authorship, fixed in a tangible medium of expression, including computer programming.

While an original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others with the owner's permission, only the original parts of that work are protectable.   It is not enough for Defendant May to show that he (or another person or entity) independently created a certain number of lines of code in order to prove that the works allegedly accessed by Bungie were protected by the Copyright Act.   Defendant May must show that the original parts were independently developed by Defendant May (and not copied from another work) and involves at least some minimal amount of creativity.

INSTRUCTION NO. 16

<u>Measure of Damages – Plaintiff's Claim</u>

It is the duty of the Court to instruct you about the measure of damages.   By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.   If your verdict is for Bungie on its copyright infringement claim as to a Defendant or Defendants, Bungie is entitled to recover any profits of such Defendant or Defendants attributable to the infringement.

It is for you to determine, based upon the evidence, what damages, if any, have been proved.   Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 16A

<u>Damages – Plaintiff's Claim – Defendants' Profits</u>

If your verdict is for Bungie on its copyright infringement claim as to a Defendant or Defendants, Bungie is entitled to an award of any profits of that Defendant or Defendants attributable to the infringement claim.

You may make an award of the Defendant's or Defendants' profits only if you find that Bungie showed a causal nexus between the infringement and the profits generated indirectly from the infringement.

Profit is determined by subtracting all expenses from gross revenue.

Gross revenue is all of the receipts from the sale of the Cheat Software.   Bungie has the burden of proving the gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the gross revenue.   Defendants have the burden of proving the expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the Cheat Software is attributable to factors other than use of the *Destiny 2* Copyrighted Works, all of the profit is to be attributed to the infringement.   Defendants have the burden of proving the portion of the profit, if any, attributable to factors other than infringement the *Destiny 2* Copyrighted Works.

INSTRUCTION NO. 16B

<u>Measure of Damages – May's Counterclaim</u>

It is the duty of the Court to instruct you about the measure of damages.   By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for May on May's DMCA counterclaim, you must determine the measure of damages May is entitled to receive.   May has the burden of proving damages by a preponderance of the evidence.   Damages means the amount of money that will reasonably and fairly compensate May for any "Actual Damages" you find was caused by Bungie and any profits of Bungie that are attributable to any violations of the DMCA and that are not taken into account when computing May's "Actual Damages."

It is for you to determine what damages, if any, have been proved.   Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 16C

<u>Mitigation</u>

A party has a duty to use reasonable efforts to mitigate damages.   To mitigate means to avoid or reduce damages.

INSTRUCTION NO. 17

<u>Deliberation</u>

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.   It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

This being a civil case, all of you must agree upon a verdict.   When you have so agreed, fill in the proper form of verdict to express the results of your determination.   The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

INSTRUCTION NO. 18

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.   Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 19

<u>Communication with Court</u>


        If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me except by a signed writing.   I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

        If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.   You may continue your deliberations while waiting for the answer to any question.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 20

<u>Verdict</u>

After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.

COURT'S JURY INSTRUCTIONS