UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY, <br><br> Defendants. | C21-0811 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' trial motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) is DENIED. Drawing all reasonable inferences in favor of Plaintiff, there was a legally sufficient basis in the record for the jury to find for Plaintiff on its copyright infringement claim. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000).

(2) In light of the jury's verdict, docket no. 299, Plaintiff's trial motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) is STRICKEN as moot. *See* Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment ("a jury verdict for the moving party moots" a Rule 50 motion "made at the close of the evidence"); *see also Madrigal v. Allstate Indem. Co.*, No. CV 14-4242, 2015 WL 12748272, at *2 (C.D. Cal. Dec. 7, 2015).

(3) Attached as Exhibit A to this Minute Order is the Court's proposed judgment. The Court will award post judgment interest and has, in its discretion, concluded that prejudgment interest is also warranted in this case. *See Polar Bear*

MINUTE ORDER - 1

*Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 716–18 (9th Cir. 2004).  The rate of prejudgment interest will be the same as the statutory rate of post judgment interest, absent a showing that substantial evidence supports a departure from that rate.  *See Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007).  The parties are DIRECTED to file any objections to the Court's proposed judgment no later than June 10, 2024.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 31st day of May, 2024.

                    Ravi Subramanian
                    Clerk

                    s/Laurie Cuaresma
                    Deputy Clerk

# EXHIBIT A

MINUTE ORDER - 3

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHOENIX DIGITAL GROUP LLC; DAVID SCHAEFER; JORDAN GREEN; JEFFREY CONWAY; and JAMES MAY,<br><br>　　　　　　Defendants. | (PROPOSED) JUDGMENT IN A CIVIL CASE<br><br>CASE NO. C21-0811 TSZ |

__X__　**Jury Verdict**. This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__X__　**Decision by Court**. This action came on for consideration before the court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

The Court having granted summary judgment against defendant Phoenix Digital Group LLC ("Phoenix Digital") and in favor of plaintiff Bungie, Inc. ("Bungie") with respect to Phoenix Digital's breach of contract counterclaim (First Amended Counterclaim of Phoenix Digital Group LLC), *see* Order at 12 (docket no. 201), having granted summary judgment against defendant James May and in favor of Bungie on May's Computer Fraud and Abuse Act counterclaims brought under 18 U.S.C. § 1030 (First, Second, and Third Amended Counterclaims of James May), *see id.*, having dismissed with prejudice Phoenix Digital's Digital Millenium Copyright Act ("DMCA") counterclaim brought under 17 U.S.C. § 1201(a) against Bungie (Second Amended Counterclaim of Phoenix Digital), *see* Minute Order. (docket no. 84), Bungie having voluntary withdrawn its trademark infringement and false designation of origin claims (Causes of Action Two & Three), *see* Pl.'s Trial Br. at 2 n.2 (docket no. 220), and the jury having rendered a verdict in favor of Bungie and against Defendants on Bungie's copyright infringement claim (Cause of Action One), *see* Verdict (docket no. 299), and against May and in favor of

Bungie on May's DMCA counterclaim brought under 17 U.S.C. § 1201(a) (Fourth Amended Counterclaim of James May), *see id.*, now therefore, judgment is hereby ENTERED in favor of Bungie and against: (1) defendant Phoenix Digital Group LLC in the amount of $20,000; (2) defendant David Schaefer in the amount of $10,802.50; (3) defendant Jordan Green in the amount of $10,802.50; (4) defendant Jeffrey Conway in the amount of $10,802.50; and (5) defendant James May in the amount of $10,802.50.  Bungie may tax costs in the manner set forth in Local Civil Rule 54(d).

Phoenix Digital Group LLC, David Schaefer, Jordan Green, Jeffrey Conway, and James May (collectively the "Defendants") are ORDERED to pay prejudgment interest to Bungie on the amounts owed from June 15, 2021, the date this case was filed, through the date of this Judgment at the rate allowed under 28 U.S.C. § 1961.

Defendants are ORDERED to pay Bungie post judgment interest on the amounts owed from the date of this Judgment through the date of final payment at the rate allowed under 28 U.S.C. § 1961.

Defendants are ORDERED to destroy all copies of *Destiny 2* or any derivative work thereof in their possession or control.

In addition, Defendants and their officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Defendants are hereby permanently enjoined from:

(1) Infringing, inducing, or enabling others to infringe Bungie's copyrights;

(2) Creating, writing, developing, advertising, promoting, and/or offering for sale or otherwise any software that infringes Bungie's copyrights; and

(3) Aiding or assisting another person or entity in any of the activities described in (1) and (2).

## BINDING EFFECT

IT IS FURTHER ORDERED that this Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

MINUTE ORDER - 5