THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; and JAMES MAY, an individual,<br><br>Defendants. | Cause No. 2:21-cv-0811 TSZ<br><br>**REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR FOR A NEW TRIAL**<br><br>**Note on Motion Calendar: August 2, 2024**<br><br>**Oral Argument Requested** |

In further support of their Motion for Judgment As A Matter Of Law under Rule 50, Fed.R.Civ.P., and/or in the alternative for a new trial under Rule 59, Fed.R.Civ.P., Defendants hereby state as follows:

**A.    There is no harm or "Prejudice" To Bungie**

As to Plaintiff Bungie, Inc.'s claim that Defendants have exceeded the word limitation of the Local Rules, the complexities of the issues, as well as the nature of the claims made at trial, justify whatever "excess" length is claimed.  In particular, had they chosen to do so, each Defendant could individually have filed a separate motion, which collectively would have greatly exceeded the length of the combined motion filed by all Defendants.  Second, much of Defendants' brief consists of direct quotes of the actual trial testimony, which was presented in this manner for the convenience of the Court and to avoid requiring the Court to refer instead to the trial transcript excerpts presented as exhibits to the subject motion.  Finally, to

Mᴀɴɴ Lᴀᴡ Gʀᴏᴜᴘ ᴘʟʟᴄ
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

the extent Bungie claims it has suffered "prejudice," Defendants have no objection to Bungie's filing a supplemental brief of whatever length it wants to address issues it believes it was prevented from addressing adequately in the Opposition it has filed.

**B.      Bungie's Opposition Reflects A Serious Misunderstanding Of What Constitutes "Direct" Evidence**

This Court's Jury Instruction No. 7 states that "Direct Evidence" is "direct proof of a fact, such as testimony by a witness about what the witness personally saw, heard or did." Bungie's claim that Dr. Kaiser provided "direct evidence" of copying is farcical.  Indeed, what constitutes "direct evidence" in a copyright case is well-settled in law:  "'Direct evidence of copying ... includes evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants.'" *Sumner Co. v. Jordan,* 3:21-cv-0127-HRH, 14 (D. Alaska Feb. 22, 2023)  2023 U.S. Dist. LEXIS 29562,  2023 WL 2162062.  No such "direct evidence" was ever offered or introduced at trial.

It is telling that nowhere in Bungie's Opposition does Bungie quote any actual trial testimony.  The reason for this is obvious: the testimony Bungie cites to in the transcripts it submitted as exhibits does not actually say what Bungie claims.  In particular, Dr. Kaiser *never* testified that he personally observed the behavior, actions or activities of *any* of the Defendants, much less those of Mr. May.  Nor could he.  Dr. Kaiser's own, unrefuted trial testimony was that he not only never observed any of the Defendants, he did not even become personally aware of the "cheat software" at issue until nearly four months *after* this case was filed, more than eight months after the "cheat software" was removed from the market place, and nearly two years after the "cheat software" had first been introduced.  (See Kaiser  May 19, 2022 Declaration, TX-128 stating that he, "first learned of the Cheat Software on October 13, 2021.")  By his own admission, Dr. Kaiser had no personal knowledge of what any of the Defendants, including Mr. May, did, and no foundation was or could have been laid to

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

establish any such personal knowledge.  Dr. Kaiser simply did not, and could not, present any "direct evidence" of copying.

The purported "direct evidence" Dr. Kaiser supposedly provided reveals that it consists of nothing more than Dr. Kaiser's "belief" that the source code and object code of the *Destiny 2* game "must" have been copied.  Not only is this claim wholly unsupported by any "party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants," as required by established law, Defendant Jordan Green testified at trial, without challenge, that he, himself, had created cheats without copying any code of the underlying game.  Nowhere did Bungie even challenge this testimony, much less show it was false.

**C.     Bungie's Attempts To Distinguish *Galoob* Are Unavailing**

Despite its age, the Ninth Circuit holding in *Lewis Galoob Toys, Inc. v. Nintendo of America,* 964 F.2d 965 (9th Cir. 1992) has never been overruled and remains good law.  At trial Dr. Kaiser testified that Bungie was not claiming the "cheat software" copied any of the images covered by Bungie's copyrights on the audio-visual aspects of *Destiny 2,* and he admitted, as he had to, that the various graphics generated by the "cheat software" make no actual or permanent changes to the audio-visual displays contained in *Destiny 2.*  The holding in *Galoob* remains good law and controls here.

**D.     There Is No Evidence Whatsoever That Mr. May Ever Succeeded In Creating A Working "Cheat"**

As to Bungie's claim that Trial Exhibit 56 (which documents the various occasions on which Bungie surveilled Mr. May's computer) somehow proves that Mr. May copied the code of the *Destiny 2* game to create a cheat for the game, the unrefuted testimony at trial is that this exhibit shows show the various occasions on which Mr. May *unsuccessfully* attempted to reverse engineer the game *and makes no evidentiary showing whatsoever* that Mr. May ever succeeded in developing a cheat for the game.  Mr. May denied at trial ever doing so, and Bungie offered no evidence whatsoever to show that he did.  Indeed, Bungie *itself* offered

Exhibit 56 as a listing of the various times Mr. May was detected trying to access the *Destiny 2* game and was promptly and unceremoniously ejected from the platform.  Again, there is absolutely no evidence in the trial record to show that Mr. May ever got past the very first step of analyzing *Destiny 2,* much less created a successful "cheat" for the game.  There is absolutely no evidence in the record for a reasonable jury to conclude otherwise.

**E.    Defendants Did Not, And Could Not Prevent Bungie From Obtaining The Code Of The Accused "Cheat Software"**

At trial, Defendants testified consistently and without challenge that they did not create the "cheat software" at issue and that they never had it in their possession.  In particular, Defendants Green, Conway and May each testified that they did not create the subject "cheat software."  None of these witnesses was forced to back down on his testimony during cross-examination, and their testimony remains wholly unrefuted.

Defendant Schaefer testified that the subject "cheat software" was created by a Ukrainian or Russian individual named, "Andreas Banek," and that, when a subscriber pays for the "cheat software," it is downloaded directly from a server maintained by Mr. Banek, not by any of the individuals.  Mr. Schaefer confirmed that none of the Defendants ever had the "cheat software" in their possession nor had they ever even seen it.  Despite ample opportunity to do so, Bungie never sought discovery from Mr. Banek and never even seriously attempted to show, much less prove, that Defendants ever possessed or had access to the "cheat software" at issue.

Based on these undisputed facts, there is absolutely no basis or evidence for Bungie's claim that, "Defendants' spoliation" precluded Bungie from introducing into evidence the alleged infringing software required under the holding in *Antonick.*  Given that there was absolutely no evidence or admission at trial that Defendants ever had the "cheat software," Defendants simply could not produce what they *never had*.

Furthermore, the unrefuted testimony at trial was that Phoenix Digital, at the express request and demand of Bungie, voluntarily removed the subject "cheat software" from its

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

product listing shortly after receiving Bungie's November 4, 2020 cease and desist letter and took immediate steps to remove the "cheat software" from the marketplace, which was ultimately achieved by early February, 2021.  Finally, it was undisputed at trial that Bungie *itself* succeeded in obtaining a copy of the "cheat software" from the Phoenix Digital "Aimjunkies" site on January 3, 2021 while the product was still available.  Although Bungie claimed the "cheat software" it downloaded stopped working, Bungie never claimed at trial or otherwise that it no longer had a copy of the "cheat software" it downloaded.  Indeed, Dr. Kaiser testified at trial that, "We still have all the diagnostics and all the records"[1] of the review Bungie purportedly made of the "cheat software" it downloaded on January 3, 2021.  Yet *none* of these "diagnostics" and "records" were offered as evidence at trial.

The inescapable conclusion is that Bungie *did* review the subject "cheat software" and found it did not copy any Bungie work.

As to any claim that Mr. May somehow "spoliated" evidence and kept Bungie from obtaining a copy of the (non existent) "cheat software" Bungie accuses him of creating, Bungie's own Trial Exhibit 56 shows Bungie was monitoring Mr. May's computer at least as early as October 2, 2019 and continued doing so as late as May 25, 2021.  All this occurred *well before* any claim can be made that Mr. May had an obligation to preserve evidence.  Furthermore, this spans the entire time the "cheat software" was available on the Aimjunkies site.  If there were such "cheat software" created by Mr. May (and there was not) it should easily have been found by Bungie and introduced into evidence.  Bungie simply cannot blame Mr. May for its own failure to introduce required evidence.

Despite the undisputed fact that Bungie *did* in fact have a copy of the "cheat software," any alleged "spoliation" on the part of Defendants does not, and cannot explain why Bungie could not have introduced at trial the copy of the "cheat software" it undeniably obtained on January 3, 2021.   Nor can any such claim explain Bungie's failure to introduce at

---

1  See, Trial Transcript p. 116, line 6, Mann Supplemental Declaration, Exhibit G.

Defendants' Reply in Support of Renewed Motion
For JMOL                                                       Page 5
Cause No. 21-CV-0811-TSZ

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

trial the source code and object code for its own *Destiny 2* game which it unquestionably had in its possession and that the holding in *Antonick* required be introduced into evidence.

The fact of the matter is that Bungie did have a copy of the "cheat software" and, for reasons of its own (possibly because inspection showed there was, in fact, no "copying") elected not to introduce it into evidence.  Bungie cannot credibly blame Defendants for not introducing into evidence (1) the "cheat software" Bungie undeniably obtained from the Aimjunkies website on January 3, 2021 or (2) its own code for its own *Destiny 2* game as required by *Antonick*.

**F.    There Is No Evidence Mr. May "Spoliated" Relevant Evidence**

Bungie has not established, nor can it, that Mr. May "spoliated" evidence by repairing his own computer equipment that Bungie had compromised and infected.  Again, the facts established at trial are clear and not subject to dispute.

Mr. May clearly and consistently testified without challenge that, because of suspicious symptoms exhibited by his computer system in May/June of 2022, he ultimately wiped the Microsoft Operating System from his computer and reinstalled a "clean" version of it.  He further testified without challenge that he did so only after making copies of his various files, that he preserved all such files without alteration, and that, when later requested by Bungie, produced all such requested files to Bungie.  Mr. May specifically testified without challenge that he re-installed the operating system in May/June of 2022, and that it was not until July 25, 2022 that Bungie first produced the document (Trial Exhibit 56) indicating that Bungie was surreptitiously accessing his computer.

No evidence was adduced at trial that Mr. May engaged in any sort of effort to destroy evidence, nor has Bungie made any sort of effort to establish how, if at all, the Microsoft Operating System wiped from Mr. May's computer could possibly have any relevance to this matter, given that Bungie apparently does not and cannot deny that it did, indeed, access Mr. May's computer as alleged in Mr. May's counterclaim and confirmed by Bungie's own Trial Exhibit 56.

Defendants' Reply in Support of Renewed Motion
For JMOL                                                        Page 6
Cause No. 21-CV-0811-TSZ

Mᴀɴɴ Lᴀᴡ Gʀᴏᴜᴘ ᴘʟʟᴄ
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

Although this Court ordered sanctions against the Defendants based on Bungie's pre-trial claims of "spoliation," once the evidence was heard and the facts were established at trial, it was error for this Court, at Bungie's insistence, to provide the spoliation instruction it did.  Nor can Bungie credibly claim, as it does, that because there might have been other reasons the Jury ruled against Mr. May, the instruction was "harmless."  Again, the spoliation instruction actually given amounts to nothing less than the presiding trial judge *himself* falsely instructing the jury that Mr. May is dishonest, untrustworthy and someone who willfully destroyed "evidence unfavorable to him."  This is simply not the case and Mr. May deserves a new trial.

**CONCLUSION**

For all the forgoing reasons, Defendants' Motions should be granted in their entirety.

Dated July 31, 2024.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendants

I certify that this memorandum, exclusive of the caption and signature block, contains 2084 words in compliance with the Local Civil Rules.

Defendants' Reply in Support of Renewed Motion
For JMOL                                                    Page 7
Cause No. 21-CV-0811-TSZ

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900