**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

BUNGIE, INC., a Delaware corporation,

          Plaintiff-Appellee,

v.

AIMJUNKIES.COM, a business of unknown classification; PHOENIX DIGITAL GROUP LLC, an Arizona limited liability company; JEFFREY CONWAY, an individual; DAVID SCHAEFER, an individual; JORDAN GREEN, an individual; JAMES MAY, an individual,

          Defendants-Appellants.

</td><td>

No.   23-35468

D.C. No. 2:21-cv-00811-TSZ

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted August 20, 2024[**]
Portland, Oregon

Before:  NGUYEN and JOHNSTONE, Circuit Judges, and EZRA,[***] District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Judge.

Bungie, Inc. ("Bungie") filed suit against Appellants Aimjunkies.com, Phoenix Digital Group LLC, Jeffrey Conway, David Schaefer, Jordan Green, and James May (collectively, "AimJunkies").  AimJunkies moved to refer six of Bungie's nine causes of action to binding arbitration in accordance with Bungie's Limited Software License Agreement.  Bungie's other claims remain pending before the District Court.

The Honorable Ronald E. Cox was the JAMS-appointed arbitrator.  Judge Cox (the "Arbitrator") issued a Final Arbitration Award in the amount of $4,396,222 against AimJunkies.  The District Court confirmed the arbitration award.

We have jurisdiction pursuant to 9 U.S.C. § 16(a), and this Court reviews questions of law de novo and factual findings for clear error.  *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 948 (1995).

AimJunkies contend that the Arbitrator violated JAMS Rule 22(e), which provides that an "[a]rbitrator shall receive and consider relevant deposition testimony recorded by transcript or videotape."  AimJunkies argue that the Arbitrator denied them the ability to use prior deposition testimony for impeachment purposes, and that the Arbitrator disallowed testimony from a prior deposition.  They contend that the district court should have vacated the arbitration

award pursuant to 9 U.S.C. § 10(a)(3), which provides for vacating awards "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."  Alternatively, AimJunkies contend that the district court should have vacated the award under § 10(a)(4), which provides for vacating awards "where the arbitrators exceeded their powers."

An arbitration award can be vacated under 9 U.S.C. § 10(a)(3) only if an Arbitrator's error was "in bad faith or so gross as to amount to affirmative misconduct," *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 (1987), and thus deprived the parties of a "fundamentally fair" hearing, *Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016).  We do not review the correctness of the arbitrator's procedural rulings; fundamental fairness requires only that the arbitrator "give each of the parties to the dispute an adequate opportunity to present its evidence and arguments."  *Sunshine Mining Co. v. United Steelworkers of Am.*, 823 F.2d 1289, 1295 (9th Cir. 1987).

Vacatur under § 10(a)(4) "is a high standard."  *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)).  The arbitral award must "exhibit[] a manifest disregard of law" or be "completely irrational."  *Id.*

Bungie's case relied in part on the testimony of Dr. Edward Kaiser, Bungie's principal witness.  Bungie called Dr. Kaiser during its case in chief before the Arbitrator.  On cross-examination, AimJunkies' counsel asked Dr. Kaiser if he recalled being deposed in both his personal capacity and as Bungie's corporate representative.  AimJunkies' counsel then asked, "Do you recall when I asked you to identify all the technological measures that Bungie contends were compromised by [Appellant] Phoenix Digital?"  Bungie's counsel objected "to the form of [the] question" because AimJunkies did not include any Digital Millennium Copyright Act ("DMCA") topics in its Federal Rule of Civil Procedure 30(b)(6) deposition notice to Bungie.  Therefore, Bungie's counsel argued, Dr. Kaiser's "[Rule] 30(b)(6) testimony explicitly did not include anything on the [DMCA] violation" because he was not required to be prepared on those topics.  The Arbitrator sustained the objection to form and invited AimJunkies' counsel to "[a]sk another question."  AimJunkies argue that this action amounted to the Arbitrator violating JAMS Rule 22(e) by excluding and refusing to consider material evidence.

The District Court did not err in confirming the arbitration award.  The Arbitrator did not disallow any relevant testimony in instructing AimJunkies' counsel to ask another question during the hearing.  It is common practice to ask counsel to ask another question or rephrase a question in response to an objection to form.  The Arbitrator did not entirely dismiss AimJunkies' attempt or ability to

impeach Dr. Kaiser.  For example, AimJunkies' counsel could have tried to rephrase its question, question Dr. Kaiser about his transcripts, or read Dr. Kaiser's transcripts into the record to impeach Dr. Kaiser.  AimJunkies' counsel did not attempt to do so.  Instead, counsel abandoned the line of questioning entirely.  This in no way amounts to an error under § 10(a)(3), especially not an error that was "in bad faith or so gross as to amount to affirmative misconduct," *United Paperworkers*, 484 U.S. at 40, and thus deprived the parties of a "fundamentally fair" hearing, *Move, Inc.*, 840 F.3d at 1158.  Nor did the Arbitrator exhibit "a manifest disregard of law" or make a "completely irrational" award so as to commit an error under § 10(a)(4).  *HayDay Farms*, 55 F.4th at 1240.[1]

**AFFIRMED.**

---

[1] The motion to stay enforcement of the arbitration award (Dkt. No. 26) is denied as moot.